CASE NO. 15-17269

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MANUEL de JESUS ORTEGA MELENDRES, *et al.*,
Plaintiffs - Appellees

v.

MICHAEL ZULLO,   Movant - Appellant

v.

MARICOPA COUNTY; JOSEPH M. ARPAIO,
Sheriff of Maricopa County, Arizona; *et al.*,
Defendants – Appellees

From the United States District Court
For the District of Arizona
The Honorable G. Murray Snow, Presiding
Case No. CV-07-2513

# APPELLANT MICHAEL ZULLO'S MOTION TO EXPEDITE APPEAL

Larry Klayman, Esq.
Klayman Law Firm
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Appellant – Movant Michael Zullo

i

Pursuant to Circuit Rule 27-12, Movant-Appellant Michael Zullo hereby respectfully moves the Court to expedite the briefing schedule for this appeal and moves for a stay of the order in the case below as provided by Circuit Rule 27-12.

There is good cause to expedite the briefing schedule and schedule for oral argument as required by Circuit Rule 27-12.

The Movant-Apellant Michael Zullo is not a party to the case, but was nevertheless threatened by the Plaintiffs-Appellees and by the presiding judge, the Honorable G. Murray Snow, with criminal prosecution while being called as a deposition witness and trial witness in the case below, and while his documents, records, and information were seized by subpoena. After the Plaintiffs-Appellees' and Judge Snow's repeated suggestions and not-so-subtle requests that criminal prosecution should be initiated to include criminal prosecution of Zullo, mentioning him explicitly by name, Zullo desired legal advice, counsel, and representation for his participation in the case.

The Plaintiffs-Appellees and Judge Snow gratuitously, in advance of any testimony, set forth in detail their arguments for criminal prosecution of Zullo and others. The Defendants made a proffer in January 2015 to accept a finding of civil contempt and dispense with the hearings, but Judge Snow insisted upon spending nearly all of 2015 on hearings that could have been avoided by merely accepting the Defendants' proffer of accepting a finding of civil contempt.

1

As a result, by the time Zullo faced giving testimony he had every reason to expect a need for the protection of legal counsel and a need to invoke his Fifth Amendment rights against self-incrimination. A reasonably-prudent person would conclude that Judge Snow's primary goal in ignoring the proffer of civil contempt might probably be to lay the groundwork for a criminal referral of criminal contempt. Explicit statements by Judge Snow and the Plaintiffs-Appellees telegraphed this goal. Early in 2015, Judge Snow invited the US Attorney in Arizona to send a federal prosecutor from the U.S. Attorney's office to monitor the hearings and proceedings for the purpose of exploring criminal prosecution of Sheriff Arpaio and others, later explicitly named to include Zullo.

Yet Zullo was led to believe that he was represented by attorneys for Maricopa County, Arizona, and/or the Maricopa County Sheriff's Office ("MCSO"). Discovery that the County's legal team was not representing Zullo emerged largely because of Zullo's deposition being scheduled very late in the proceedings, only the week before his scheduled testimony in the contempt of court evidentiary hearings. As the date approached for his deposition, the absence of any activity as legal preparation for his deposition by the County's legal team revealed that there was confusion about their role in relation to Zullo.

Both the County's legal team and the Honorable G. Murray Snow acknowledged in open court in the U.S. District Court for the District of Arizona

below ("District Court") that there had been confusion as to whether Zullo was represented or not by Maricopa County's legal team. When directed by Judge Snow to clarify this issue in open court, attorneys for the Defendants deferred in providing Judge Snow an answer and asked the Court for time to review the issue and report back to the Court later. In other words, even the legal team for Maricopa County was not sure if they represented Zullo or not as his attorneys and had to research the issue and report back to the District Court with clarification.

Thus, the Movant-Appellant's belief that he was represented was reasonable, caused by others and factors beyond his control, and sincerely-held. His belief was shared by professional attorneys appearing in the case. Zullo did nothing to cause the problem. Zullo is not an attorney but there are dozens of attorneys in the case.

Movant-Appellant Michael Zullo has in recent time periods led a project of the MCSO, the "Cold Case Posse," under the authority and direction of MCSO and MCSO's official agency head, Maricopa County Sheriff Joseph Arpaio ("Sheriff Arpaio"). Working under the authority of MCSO and Sheriff Arpaio, Zullo believed that he was included in the legal representation provided for MCSO, while being called as a witness about MCSO business, which reasonable belief was shared by the attorneys in the case.

Zullo asked Maricopa County to fulfill its legal obligation to defend him as acting on behalf of and under the authority of MCSO by providing an attorney, but

3

the County refused and Judge Snow did not enable or accommodate Zullo's efforts to be represented by counsel.

Zullo objected to appearing at a deposition or giving testimony at the evidentiary hearing without being represented by counsel, particularly discovering only at the last minute that he has no attorney, and asserted his Fifth Amendment rights over his documents and records and his testimony. Zullo formally notified the District Court and the parties in advance by filing a motion for an extension of time for his testimony so that he could obtain legal representation.[1] However, Judge Snow denied the request and refused to recognize or protect Zullo's rights.

Despite providing notice in advance that he was invoking his Fifth Amendment rights, the Movant-Appellant Michael Zullo was forced to testify in violation of his rights, even after he invoked his Fifth Amendment rights literally hundreds of times. In disregard of Zullo's clear desire to have legal counsel and invoke his Fifth Amendment rights, Judge Snow compelled the Movant-Appellant to remain on the stand, without legal representation to object to questioning or navigate the process, for nearly a day and a half while being bombarded with accusatory, harassing and inflammatory questions. In withstanding such a barrage of questioning for more than a day, any witness in Zullo's position would need the

---

[1] Note that the Plaintiffs-Appelles and Judge Snow have fragmented the evidentiary hearing, spread on various days from April to November, so it would not have disrupted the already-fragmented and extended hearing schedule to allow Zullo time to arrange an attorney.

4

advice of counsel, to know how to continue to assert his Fifth Amendment rights, how to communicate his election and choices to the District Court and Plaintiffs-Appellees' counsel, and to know what he can and cannot do in asserting his rights.

But now the matter continues. The Plaintiffs-Appellees are calling for the use of that information to initiate criminal prosecution of Zullo and others. His documents and records have been acquired and released in violation of his rights. Prompt action is required to limit the damage to the Movant-Appellant from the violation of his rights. However, the case below will be over before the Court can provide relief if this Court does not act promptly. The trampling of his rights should be over-turned and the use of his testimony, documents, and records vacated and any use prohibited.

Finally, in compliance with Circuit Rule 27-12, given the large number of parties, interested parties, and others involved in or following the case, all of the hearings in the case below have been transcribed by the court reporter and are already available immediately. The Movant-Appellant is ordering the transcripts contemporaneous with this motion.

Also in compliance with Circuit Rule 27-12, Movant-Appellant, by counsel, requested the position of the parties on the motion. A lead attorney for the Plaintiffs below, Appellees, Stanly Young of Covington & Burling responded that the Plaintiffs would not join in the motion but generally expressed opposition to

5

the appeal in general. Even though the case below concerns traffic stops prior to 2007 that lasted a few hours and ended long ago, Stanley Young for the Plaintiffs-Appellees objected here to the Movant-Appellant asserting his constitutional and civil rights on the grounds that his testimony has already occurred. A lead attorney for Defendant below Maricopa County, Richard Walker, responded that Maricopa County takes no position on the motion to expedite.

Dated: December 2, 2015          Respectfully submitted,

                                              /s/ *Larry Klayman*
                                              Larry Klayman, Esq.
                                              Klayman Law Firm
                                              D.C. Bar No. 334581
                                              2020 Pennsylvania Avenue N.W., Suite 800
                                              Washington, DC 20006
                                              Telephone: (310) 595-0800
                                              Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

     I hereby certify that on December 2, 2015, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the Ninth Circuit's CM/ECF system, causing it to be served upon the following counsel of record in the case through CM/ECF:

                 Stanley Young, Esq.
                 Andrew Carl Byrnes, Esq.
                 333 Twin Dolphin Road
                 Redwood Shores, CA 94065
                 syoung@cov.com
                 650-632-4700
                 Attorneys for Plaintiffs
                 (Service via Email)

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
dpochoda@acluaz.org
602-650-1854
Attorney for Plaintiffs
(Service via Email)

Cecilia D. Wang
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P. Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, AZ 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Mr. John Masterson
Mr. Justin M. Ackerman
Mr. Joseph J. Popolizio
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728
Telephone: 602-263-1700
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.
New York, NY 10004
asegura@aclu.org
212-549-2676
Attorney for Plaintiffs
(Service via Email)

Anne Lai
UCI School of Law
401 E. Peltason Drive. Suite 3500
Irvine, CA 92616
alai@law.uci.edu

949-824-9894
(Service via Email)

Jorge M. Castillo
MALDEF
634 S. Spring Street, 11th Fl.
Los Angeles, CA 90014
jcastillo@maldef.org
213-629-2512
Attorney for Plaintiffs
(Service via Email)

Richard K. Walker
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
480-483-6336
Attorney for Defendant Maricopa County
(Service via Email)

/s/ *Larry Klayman*
Larry Klayman, Esq.
Klayman Law Firm
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 800
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com