CASE NO. 15-17269

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

MANUEL de JESUS ORTEGA MELENDRES, *et al.*,
Plaintiffs - Appellees

v.

MICHAEL ZULLO,    Movant - Appellant

v.

MARICOPA COUNTY; JOSEPH M.  ARPAIO,
Sheriff of Maricopa County, Arizona; *et al.*,
Defendants – Appellees

From the United States District Court
For the District of Arizona
The Honorable G.  Murray Snow, Presiding
Case No. CV-07-2513

**<u>APPELLANT  MICHAEL  ZULLO'S  STATEMENT  ON  APPELLATE
JURISDICTION  IN  RESPONSE  TO  ORDER  SHOW  CAUSE</u>**

Larry Klayman, Esq.
Klayman Law Firm
2020 Pennsylvania Ave.  NW, Suite 800
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com

Attorney for Appellant – Movant Michael Zullo

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... *iii*

I.    INTRODUCTION ............................................................... 1

II.   ARGUMENT:  ORDERS ARE FINAL AND APPEALLABLE ..... 2

A. PRECEDENT IDENTIFIED DOES NOT APPLY HERE ............... 2

B. THIS COURT HAS ALREADY REJECTED *NATIONAL MORTGAGE EQUITY CORP.*AS TO THIRD PARTIES ............... 4

C. VIOLATION OF WITNESS PRIVILEGE JUSTIFIES IMMEDIATE APPEAL OF COLLATERAL ORDER ................... 6

D. APPELLATE JURISDICTION ALSO CONFIRMED BY *UNITED STATES V. GRIFFIN* IN THIS NINTH CIRCUIT ........... 7

E. APPELLANT DOES NOT APPEAL IMPACT UPON UNDERLYING LIGITATION, BUT HARM TO HIMSELF ...... 10

F. COLLATERAL ORDER DOCTRINE MAKES ORDERS IMMEDIATELY APPEALABLE ................................................. 12

G. PERLMAN RULE ....................................................................... 12

H. FINAL ORDER WAS ISSUED IN 2013 ................................... 14

III.   CONCLUSION ............................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*In re Nat'l Mortgage Equity Corp. Mortgage Pool Certifications Litigation*, 857 F.2d 1238, 1240 (9th Cir. 1988)....................................................... 1, 3, 4, 5, 11, 12

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 105, 130 S. Ct. 599, 175 L.Ed.2d 458, 78 U.S.L.W. 4019 (2009) ............................................................12

*Perlman v. United States*, 247 U.S. 7, 12-13, 38 S.Ct. 417, 419-20, 62 L.Ed. 950 (1918)........................................................................................................ 12, 13

*United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006).................... 7, 8, 9, 10

*United States v. Krane*, 625 F.3d 568, 571-573 (9th Cir. 2010)........... 4, 5, 6, 11, 13

## I.    INTRODUCTION

The Movant-Apellant Michael Zullo hereby responds to the question raised as to appellate jurisdiction raised by the order to show cause of the Clerk of the Court (by Deputy Clerk MF) dated December 17, 2015.

By order of the Clerk, the Court raised the question as to whether the Movant-Appellant Michael Zullo appeals from orders that are not final or appealable, citing to *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certifications Litigation*, 857 F.2d 1238, 1240 (9th Cir. 1988). That precedent holds that "an order compelling discovery against a non-party is not appealable until after a final judgment." *Id.*

The Clerk's Order questioning appellate jurisdiction categorizes the appeal as purely a discovery dispute. That is a misapprehension of Appellant Zullo's appeal. In fact, Appellant Zullo is primarily appealing the denial of his right to counsel and the opportunity to properly invoke his Fifth Amendment rights against self-incrimination. This is not a discovery dispute but concerns Appellant Zullo being denied his constitutional, civil, and legal rights as a third party.

Zullo plainly attempted to protect himself on his own, without a lawyer, by invoking his Fifth Amendment rights literally hundreds of times over two days' of questioning. Zullo required the advice of counsel to know what to do after the trial judge continued to allow a massive barrage of abusive questioning of Zullo and

1

allowed Plaintiffs – Appellees' counsel to continue bombarding Zullo with hundreds of questions over two days following Zullo's demonstrated desire to invoke his Fifth Amendment rights, and despite Zullo having invoked the privilege hundreds of times over two days.

Without the safeguard and protection of counsel, the average lay person would not be likely to know what to do. If Zullo had had legal representation as he asked and was working to arrange, Zullo's attorney would have been able to object and move to halt the abuse of Zullo's constitutional, civil, and legal rights.

Meanwhile, post-judgment evidentiary hearings came to a close on November 13, 2015. Appellant Zullo's two days of testimony were almost the last days of evidentiary hearings spread throughout the year of 2015. Closing arguments were heard starting on November 20, 2015. As a result, presumably the trial court judge, the Honorable G. Murray Snow is currently writing his final order in the case. Appellant Zullo seeks a decision here now protecting his legal rights before further damage is done to his constitutional, civil, and legal rights.

## II.    ARGUMENT:  ORDERS ARE FINAL AND APPEALLABLE

### A. PRECEDENT IDENTIFIED DOES NOT APPLY HERE

The precedent which prompted the Court's question as to appellate jurisdiction does not apply at all to this type of case.

As explained below, the precedent of the U.S. Court of Appeals for the

Ninth Circuit ("Ninth Circuit" or "this Circuit") named in the Clerk's Order *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certifications Litigation* is limited only to an appeal by a party already named in the underlying litigation. A party will have a later opportunity to appeal from the final order in the case. By contrast, a third party will not have that opportunity to appeal from the final order later.

While *National Mortgage Equity Corp.* did arise from a subpoena to a third party, ***it was an actual party in that litigation who sought to appeal*** – not the third party witness. The party in the ongoing litigation who was appealing would have a chance to appeal later from the impact upon the named party's case.

The Ninth Circuit in *National Mortgage Equity Corp.* explicitly based its analysis there on the proposition that an actual, named party to the case will always have a full opportunity later to appeal, upon the final order in a case. The precedent explains its departure from the Perlman Rule governing appeals from collateral orders:

> "The [Perlman] rule is designed to provide for review 'where denial of immediate review would render impossible any review whatsoever of an individual's claim.' *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)."

Here, the Appellant is not a party to the underlying litigation, does not appeal concerning the impact on the underlying case from the orders appealed from, and – not being a party – cannot postpone an appeal until after the final order

3

in the proceedings.

## B. THIS COURT HAS ALREADY REJECTED *NATIONAL MORTGAGE EQUITY CORP.* AS TO THIRD PARTIES

The Ninth Circuit has already rejected application of *National Mortgage Equity Corp.* to third party appellants, in *United States v. Krane*, 625 F.3d 568, 571-573 (9th Cir. 2010). Therefore, the precedent upon which the Clerk's Order questions appellate jurisdiction is not good law on these facts, as the Ninth Circuit clarified:

> Further, in this case, neither the privilege holder nor the custodian of the relevant documents ***are parties*** to the underlying criminal proceedings. Thus, for all practical purposes, ***this appeal is Quellos's only opportunity*** to seek review of the district court's order adverse to its claims of attorney-client privilege.
>
> For all these reasons, we conclude that, under the Perlman rule and 28 U.S.C. § 1291, we have jurisdiction to hear Quellos's claims.

*United States v Krane*, 625 F.3d 568 at 573 (emphases added).

*United States v. Krane* controls this case on all fours, where as *National Mortgage Equity Corp.* is not applicable.

> This interlocutory appeal presents, inter alia, the question of whether the Perlman rule survives *Mohawk Industries, Inc. v. Carpenter*, ---U.S. ----, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009). Under these circumstances, we conclude that it does, and that we have jurisdiction over this appeal.

*Krane*, 625 F.3d 568 at 570.  And, further:

> However, we maintain jurisdiction over this interlocutory
> appeal under the so-called Perlman rule. See *Perlman v.
> United States*, 247 U.S. 7,  38 S.Ct. 417,  62 L.Ed. 950
> (1918).  Under Perlman, "a discovery order directed at a
> 'disinterested third-party custodian of privileged
> documents' is immediately appealable because 'the third
> party, presumably lacking a sufficient stake in the
> proceeding, would most likely produce the documents
> rather than submit to a contempt citation.' " *Griffin*, 440
> F.3d at 1143 (quoting United States v. Austin, 416 F.3d
> 1016, 1024 (9th Cir.2005)). Here, Skadden is such a
> disinterested third party. Therefore, as both parties agree,
> we have appellate jurisdiction under the Perlman rule.

*Krane*, 625 F.3d 568  at 572.

> *National Mortgage Equity Corp.* further found that:

> The essential character of any litigation over a
> discovery order and the circumstances under which the
> order is issued, as in this case, ***render it merely a step in
> the civil proceeding.*** Id. at n. 17. Moreover, any unfair
> use of the information or documents produced as a result
> of an improper order ***can be corrected on appeal from
> final judgment in the case***. Denial of an immediate
> appeal does not "render impossible any review
> whatsoever." Ryan, 402 U.S. at 533, 91 S.Ct. at 1582.
> Thus, we conclude that the Perlman rule does not apply
> to render appealable discovery orders issued in an
> ongoing civil case.

*Id.,* 857 F.2d at 1240 (emphases added).

> *Perlman* and *Mohawk* are not in tension. When
> assessing the jurisdictional basis for an interlocutory
> appeal, we have considered the *Perlman* rule and the
> *Cohen* collateral order exception separately, as distinct
> doctrines. See, e.g., *Griffin*, 440 F.3d at 1141-43; *Austin*,

> 416 F.3d at 1024 (after assessing the collateral order
> doctrine's potential applicability, describing the Perlman
> rule as "an alternative jurisdictional basis to review the
> District Court's order"); *United States v. Amlani*, 169
> F.3d 1189, 1191-92 & 1192 n. 2 (9th Cir.1999); see also
> *United States v. Myers*, 593 F.3d 338, 345-48 (4th
> Cir.2010) (assessing the Perlman rule and Mohawk's
> effect on Cohen's collateral order doctrine separately).

*Krane*, 625 F.3d 568 at 572.

As a result, the question turns upon whether a named party is appealing from a discovery dispute concerning a third party – when the named party will have the opportunity to appeal from the litigation's final order or whether a third party who will not have the opportunity to appeal from the case's final order appeals from his or her own interests. In the latter case, the third party is not appealing with regard to the impact upon the outcome of the case, but is appealing from the injury directly to the third party himself or herself.

## C. VIOLATION OF WITNESS PRIVILEGE JUSTIFIES IMMEDIATE APPEAL OF COLLATERAL ORDER

As this Ninth Circuit has made clear, the violation of a legal privilege of a witness can be a collateral order justifying immediate appeal:

> We have previously invoked the collateral order doctrine
> to review pretrial orders that conclusively resolved
> important issues involving claims of privilege in habeas
> corpus cases. In *Bittaker v. Woodford*, 331 F.3d 715, 717
> (9th Cir.2003) (en banc), the district court had entered an
> interlocutory protective order holding that a habeas
> petitioner who had brought an ineffective assistance of
> counsel claim had not thereby waived his attorney-client

6

privilege in the event his petition was successful and he
was later brought to trial in state court on the same
criminal charges. We held that we had jurisdiction to
review that order. Id. at 717-18; see also *Osband v.
Woodford*, 290 F.3d 1036, 1039-41 (9th Cir.2002);
*Wharton v. Calderon*, 127 F.3d 1201, 1203-04 (9th
Cir.1997). In this case, as in Bittaker, the defendant has
raised "specific privilege claims," and there exists a "real
possibility. . . that privileged information would be
irreparably leaked" to the government if it turns out that
the district court erred. *Austin*, 416 F.3d at 1023
(describing Bittaker).

*United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006).

## D. APPELLATE JURISDICTION ALSO CONFIRMED BY *UNITED STATES V. GRIFFIN* IN THIS NINTH CIRCUIT

Similarly, even in a criminal context, in which the risk of delay is strongly

disfavored, appellate jurisdiction exists for this appeal from a collateral order.  This

Circuit decided in *United States v. Griffin*:

### 1. Collateral Order Doctrine

In *Cohen v. Beneficial Industrial Loan Corp.*, 337
U.S. 541, 546-47,  69 S.Ct. 1221,  93 L.Ed. 1528 (1949),
the Supreme Court held that a "small class" of pretrial
decisions are appealable collateral orders. Under *Cohen*,
an interlocutory decision is appealable as a "collateral
order" when it "(1) conclusively determine[s] the
disputed question, (2) resolve[s] an important issue
completely separate from the merits of the action, and (3)
is effectively unreviewable on appeal from a final
judgment." *Sell v. United States*, 539 U.S. 166, 176,  123
S.Ct. 2174,  156 L.Ed.2d 197 (2003) (internal quotation
marks omitted). ….

7

First, the district court's order "conclusively determine[s] the disputed question" whether the government is entitled to read the communications between Griffin and his wife for which the privilege had been claimed. Further, the issue of privilege has been "fully developed" in two rounds of briefing before the special master and the district court. *Austin*, 416 F.3d. at 1020. Although the district court's order leaves open the possibility of Griffin's raising an evidentiary objection in future judicial proceedings, the disputed question before us is whether the government may read the letters. It is not whether it may use them as evidence in a judicial proceeding. Griffin has therefore satisfied the first *Cohen* requirement.

*Id.,* 440 F.3d at 1141-1142.  Similarly,

We first consider if the District Court's order is "tentative, informal or incomplete" because "[s]o long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen*, 337 U.S. at 546,  69 S.Ct. 1221.

*United States v. Austin*, 416 F.3d 1016, 1020 (9th Cir. 2005).

For the District Court's order to fall under the collateral order doctrine, it must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69,  98 S.Ct. 2454,  57 L.Ed.2d 351 (1978) (footnote and citations omitted).

*Id.*, 416 F.3d at 1020.  Moreover, as to the second factor of analysis:

Second, appellate review would resolve an important issue "completely separate from the merits of the action." We have held that claims of attorney-client

and joint defense privilege qualify as "important" issues under Cohen. Id. at 1021. The marital communications privilege is designed to "protect[ ] . . . marital confidences, regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails." *Wolfle v. United States*, 291 U.S. 7, 14, 54 S.Ct. 279, 78 L.Ed. 617 (1934). ….

Griffin's "privilege claim is independent of . . . criminal liability" because he does not challenge the merits of the charges against him in this appeal. *Austin*, 416 F.3d at 1021. In addition, Griffin's claim that the marital communications privilege precludes the disclosure of his letters "does not require a showing of prejudice to the defense as a necessary element that can be adequately reviewed only after the conclusion" of his criminal trial. Id. (holding that no showing of prejudice is required in review of district court order finding joint defense privilege inapplicable to certain conversations). Griffin thus has satisfied Cohen's second requirement.

*United States v. Griffin*, 440 F.3d at 1142.

To meet the second requirement, Defendants must show that appellate review will "resolve an important issue completely separate from the merits of the action[.]" *Coopers & Lybrand*, 437 U.S. at 468, 98 S.Ct. 2454. Resolution of the issue, therefore, must "not simply [be] a `step toward final disposition of the merits of the case (which would) be merged in final judgment[.]'" *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. 1221).

*United States v. Austin*, 416 F.3d at 1021. Concerning the third factor for analysis:

Third, if we decline to hear Griffin's appeal at this time, and if he is correct in his assertion of privilege, by

9

the time of trial he will have suffered "the very harm that he seeks to avoid," *Sell*, 539 U.S. at 176-77, 123 S.Ct. 2174, namely erroneous disclosure of privileged material.

*Id.,* 440 F.3d at 1142. Moreover:

> Collateral orders are therefore limited to those situations where the right asserted is "one that must be upheld prior to trial if it is to be enjoyed at all," id. at 270, 102 S.Ct. 3081, or "when the practical effect of the order will be irreparable by any subsequent appeal." *DiBella*, 369 U.S. at 126, 82 S.Ct. 654.
>
> …. As in *Bittaker*, Griffin has shown a "real possibility" that he will be irreparably harmed by the disclosure of these letters pursuant to the district court's order. Griffin has therefore satisfied the third and final *Cohen* requirement.

*United States v. Griffin*, 440 F.3d at 1143.

## E. APPELLANT DOES NOT APPEAL IMPACT UPON UNDERLYING LIGITATION, BUT HARM TO HIMSELF

Further establishing that Appellant Zullo's has a right to immediately appeal independently from the progress of the underlying litigation, Zullo appeals for the injury to himself and his own civil, constitutional, and legal rights. Appellant Zullo is not appealing about the effect on the underlying case from the abridgement of his legal rights. Appellant Zullo's appeal is not about how the underlying case may progress affected by his testimony or what the final outcome might be.

Appellant Zullo's appeal is not about a discovery dispute but about the injury to his own rights as a non-party to the case. Zullo believed the attorneys for

10

the Defendants below represented him and then discovered days before his deposition, a week before his testimony in court, through no fault of his own, that he was not represented by any attorney. Zullo requested an extension of time to obtain an attorney and appointment of an attorney by Maricopa County, Arizona. The trial judge allowed the Plaintiffs below to ask Zullo hundreds of questions over two days, although Zullo invoked his Fifth Amendment rights hundreds of times. Having requested the assistance of counsel and then invoking his rights, Zullo clearly intended to do correctly what the law allowed.

The trampling of Zullo's constitutional, civil, and legal rights cannot be cured by how the trial judge crafts the final order. This is the scenario addressed in *United States v. Krane*. The injury to a third party is immediately appealable because the injury is fully complete and not subject to cure within the final order. Zullo is not a party and is not the subject of, nor has a stake in, the final judgment.

By contrast, in a mere discovery dispute, a trial judge could end up curing problems complained of by a party when making decisions about reaching the final outcome of the litigation. This is the scenario in *National Mortgage Equity Corp.* cited by the Clerk, in which a party is the Appellant. In that scenario, the discovery orders are not final as to the parties until the trial judge crafts the final order. Then the named party can appeal from the outcome of the case.

Here, Zullo is not appealing the effect upon the underlying litigation, but the

11

impact upon his own rights.  It is not that the mistreatment of Zullo may influence

the outcome of the underlying litigation which is at issue but that Zullo's own

personal rights have already been abridged and harmed. **

## F.  COLLATERAL ORDER DOCTRINE MAKES ORDERS IMMEDIATELY APPEALABLE

The Movant-Appellant Michael Zullo's appeal is appealable as a "collateral

order."  The orders at issue

> qualify as an immediately appealable collateral order
> within the meaning of *Cohen*, 337 U.S. 541,  69 S.Ct.
> 1221,  93 L.Ed. 1528. "Under Cohen," the Court of
> Appeals explained, "an order is appealable if it (1)
> conclusively determines the disputed question; (2)
> resolves an important issue completely separate from the
> merits of the action; and (3) is effectively unreviewable
> on appeal from a final judgment."  541 F.3d 1048, 1052
> (2008) (per curiam).

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 105, 130 S. Ct. 599, 175
L.Ed.2d 458, 78 U.S.L.W. 4019 (2009)


## G. PERLMAN RULE

The normal, governing rule from *Perlman v. United States*, 247 U.S. 7, 12-

13, 38 S.Ct. 417, 419-20, 62 L.Ed. 950 (1918) is that a collateral order – as to a

third party – is appealable.  The precedent which causes the Court to question

appellate jurisdiction, *National Mortgage Equity Corp.,* is explicit that its rule is an

exception from the U.S. Supreme Court's Perlman Rule.

As an exception to the broad governing rule established by the Supreme

Court, the rule of *National Mortgage Equity Corp.* must be narrowly construed.

> The Perlman rule survives the Supreme Court's recent
> decision in *Mohawk Industries, Inc. v. Carpenter*, ---
> U.S. ----,  130 S.Ct. 599,  175 L.Ed.2d 458 (2009). In
> *Mohawk*, the Supreme Court held that "disclosure orders
> adverse to the attorney-client privilege" are not subject to
> interlocutory review under the *Cohen* "collateral order"
> exception to the final-judgment rule of 28 U.S.C. § 1291.
> 130 S.Ct. at 609. See *Cohen v. Beneficial Indus. Loan
> Corp.*, 337 U.S. 541,  69 S.Ct. 1221,  93 L.Ed. 1528
> (1949).

*Krane*, 625 F.3d at 572.

As similarly explained by this Ninth Circuit:

> 2. The Perlman Rule
> The Supreme Court's decision in *Perlman v.
> United States*, 247 U.S. 7,  38 S.Ct. 417,  62 L.Ed. 950
> (1918), provides an alternative jurisdictional basis for
> reviewing the district court's interlocutory order. In
> Perlman, the Supreme Court held that it had jurisdiction
> to review a district court order permitting the United
> States Attorney to obtain Perlman's personal documents,
> which had been deposited with the clerk of the court. Id.
> at 13,  38 S.Ct. 417. The Court rejected the government's
> contention that the order was not a final decision for
> purposes of appeal. It held that Perlman, who "was
> powerless to avert the mischief of the order," should not
> be required to "accept its incidence and seek a remedy at
> some other time and in some other way." Id. We have
> interpreted Perlman to mean that a discovery order
> directed at a "disinterested third-party custodian of
> privileged documents" is immediately appealable
> because "the third party, presumably lacking a sufficient
> stake in the proceeding, would most likely produce the

13

documents rather than submit to a contempt citation."
*Austin*, 416 F.3d at 1024; see also *United States v.*
*Amlani*, 169 F.3d 1189, 1192 (9th Cir.1999) (same);
*United States v. Doe (In re Grand Jury Proceedings*
*Grand Jury No. 97-11-8)*, 162 F.3d 554, 555 n. 2 (9th
Cir.1998) (same).

The district court order in this case is directed at
the special master, a disinterested third-party custodian of
allegedly privileged documents. The special master, who
has no personal stake in the proceedings, cannot be
expected to flout the district court's order and risk a
contempt citation to facilitate an immediate appeal for
Griffin's benefit. Therefore, in the alternative, we hold
that we may review the district court's interlocutory order
under the Perlman rule.

*United States v. Griffin*, 440 F.3d 1138, 1143-44 (9th Cir. 2006).

## H. FINAL ORDER WAS ISSUED IN 2013

In addition, the final order in this case was issued on October 2, 2013.

Where the Court focuses on the appealability of an order as final or not, it might be

pertinent for that analysis to recall that the final judgment in the case was entered

on October 2, 2013.  The post-judgment proceedings now occurring are upon an

order to show cause against persons other than Appellant Zullo.  Despite efforts of

the Plaintiffs-Appellees to suggest that they might peer into the Defendants-

Appellees minds by learning more about Zullo's work, Zullo himself is not named

in any way directly or indirectly as a subject of the alleged contempt.

## III.   **CONCLUSION**

Therefore, the Movant-Appellant Michael Zullo, by counsel, respectfully submits this legal brief on appellate jurisdiction in response to the Clerk's Order that the Appellant show cause as to why the Appellant appeals from an appealable order of the trial court.  The precedents of this Ninth Circuit demonstrate that where – as here – a third-party witness appeals for injury to his own rights and not for the outcome of the underlying litigation, immediate appeal is proper under the Perlman Rule and the Collateral Order Doctrine.

Dated:  December 28, 2015               Respectfully submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
Klayman Law Firm
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 800
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2015, I electronically filed the foregoing brief on appellate jurisdiction with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the Ninth Circuit's CM/ECF system, causing it to be served upon the following counsel of record in the case through CM/ECF:

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road

Redwood Shores, CA 94065
syoung@cov.com
650-632-4700
Attorneys for Plaintiffs
(Service via Email)

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
dpochoda@acluaz.org
602-650-1854
Attorney for Plaintiffs
(Service via Email)

Cecilia D. Wang
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P. Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, AZ 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue

Phoenix, AZ 85003
miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, AZ 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County
Sheriff's Office
(Service via Email)

Mr. John Masterson
Mr. Justin M. Ackerman
Mr. Joseph J. Popolizio
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728
Telephone: 602-263-1700
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.
New York, NY 10004
asegura@aclu.org
212-549-2676
Attorney for Plaintiffs
(Service via Email)

Anne Lai
UCI School of Law
401 E.  Peltason Drive.  Suite 3500
Irvine, CA 92616
alai@law.uci.edu
949-824-9894
(Service via Email)

Jorge M.  Castillo
MALDEF
634 S. Spring Street, 11th Fl.
Los Angeles, CA 90014
jcastillo@maldef.org
213-629-2512
Attorney for Plaintiffs
(Service via Email)

Richard K.  Walker
WALKER & PESKIND, PLLC
16100 N.  71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
480-483-6336
Attorney for Defendant Maricopa County
(Service via Email)

/s/ *Larry Klayman*
Larry Klayman, Esq.
Klayman Law Firm
D.C. Bar No. 334581
2020 Pennsylvania Avenue N.W., Suite 800
Washington, DC 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com