No. 15-17269

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**MANUEL DE JESUS ORTEGA MELENDRES, ET AL.,**

*Plaintiffs-Appellees*

**v.**

**MICHAEL ZULLO,**

*Movant-Appellant*

and

**MARICOPA COUNTY; JOSEPH M. ARPAIO,**

*Defendant-Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## 2:07-cv-02513-GMS
### The Honorable G. Murray Snow
### United States District Judge

## PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT MICHAEL ZULLO'S STATEMENT ON APPELLATE JURISDICTION RE ORDER TO SHOW CAUSE

**Stanley Young**
**Michelle L. Morin**
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
syoung@cov.com
mmorin@cov.com

**Cecillia D. Wang**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
cwang@aclu.org

*Attorneys for Plaintiffs-Appellees*
*MANUEL DE JESUS ORTEGA MELENDRES, ET AL.*

**Andre Segura**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654
asegura@aclu.org

**Annie Lai**
401 E. Peltason Dr.
Law 4800-P
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066
alai@law.uci.edu

**Dan Pochoda**
ACLU FOUNDATION OF ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
dpochoda@acluaz.org
jlyall@acluaz.org

**Jorge Martin Castillo**
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
jcastillo@maldef.org

*Attorneys for Plaintiffs-Appellees*

***MANUEL DE JESUS ORTEGA MELENDRES, ET AL.***

# TABLE OF CONTENTS

Page

PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT MICHAEL
ZULLO'S STATEMENT ON APPELLATE JURISDICTION ................... 1

FACTUAL BACKGROUND ....................................................................... 2

SUMMARY OF ARGUMENT ................................................................. 6

ARGUMENT .......................................................................................... 9

I.      Zullo's Appeal Is Moot, As He Has Already Testified, and the Jones
        Skelton Firm Has Already Produced the Documents That He Provided
        To That Firm. ................................................................................. 9

II.     Zullo's Appeal Should Also Be Dismissed Because Zullo Has Not
        Met the Requirements to Confer Jurisdiction Over This Non-Party
        Appeal. ........................................................................................... 13

III.    The *Perlman* Exception Does Not Apply to Create Jurisdiction
        Because Jones Skelton Is Not a "Disinterested Custodian," the
        Produced Documents Were Not Zullo's, and the Produced Documents
        Are Not Alleged To Be Privileged. ............................................... 14

CONCLUSION ..................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bellis v. United States*,
    417 U.S. 85 (1974)...........................................................................16

*Calderon v. Moore*,
    518 U.S. 149 (1996).........................................................................7

*David v. Hooker, Ltd.*,
    560 F.2d 412 (9th Cir. 1977) ....................................................7, 13

*Estate of Domingo v. Republic of the Philippines*,
    808 F.2d 1349 (9th Cir. 1987) .......................................................13

*Federal Ins. Co.v. Maine Yankee Atomic Power Co.*,
    311 F.3d 79 (1st Cir. 2002).............................................................12

*Hilao v. Estate of Marcos*,
    393 F.3d 987 (9th Cir. 2004) .........................................................13

*In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Litig.*
    (*"In re NMEC II"*),
    857 F.2d 1238 (9th Cir. 1988) .............................................7, 12, 14

*In re Nat'l Mortgage Equity Corp. Mortgage Pool Certifications*
    *Litig.* (*"In re NMEC I"*),
    821 F.2d 1422 (9th Cir. 1987) .............................................7, 10, 12

*In re Subpoena Served on Cal. Pub. Util. Comm'n*,
    813 F.2d 1473 (9th Cir. 1987) .......................................................13

*Martinez v. Wilson*,
    32 F.3d 1415 (9th Cir. 1994) .........................................................10

*Melendres v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015) .........................................................1

*Newton v. National Broadcasting Co.*,
    726 F.2d 591 (9th Cir. 1984) ...................................................10, 13

*Perlman v. United States*,
247 U.S. 7 (1918) .......................................................................................*passim*

*Perry v. Schwarzenegger*,
602 F.3d 976 (9th Cir. 2010) ................................................................7, 13

*Ruvalcaba v. City of Los Angeles*,
167 F.3d 514 (9th Cir. 1999) .......................................................................9

*Truckstop.net, LLC v. Sprint Corp.*,
547 F.3d 1065 (9th Cir. 2008) ...................................................................11

*United States v. Griffin*,
440 F.3d 1138 (9th Cir. 2006) ........................................................8, 11, 15

*United States v. Krane*,
625 F.3d 568 (9th Cir. 2010) .....................................................7, 10, 15

*United States v. Ryan*,
402 U.S. 530 (1971) ...........................................................................7, 13, 15

*Wilson v. O'Brien*,
621 F.3d 641 (7th Cir. 2010) ...............................................................13, 15

*Zixiang Li v. Kerry*,
710 F.3d 995 (9th Cir. 2013) .......................................................................9

## Other Authorities

Fed. R. App. P. 27-1 .........................................................................................19

Fed. R. App. P. 27(d) .......................................................................................19

**PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT MICHAEL ZULLO'S STATEMENT ON APPELLATE JURISDICTION**

This is an appeal by non-party Movant-Appellant Michael Zullo ("Zullo"), who was a third-party witness in a civil contempt hearing against Defendant-Appellee Sheriff Joseph Arpaio ("Sheriff Arpaio") of the Maricopa County Sheriff's Office ("MCSO") and other alleged contemnors.[1] Plaintiffs-Appellees ("Plaintiffs") subpoenaed Zullo to testify at deposition and during the contempt hearing; Plaintiffs also subpoenaed production of certain MCSO documents in Zullo's possession, which Zullo then provided to Sheriff Arpaio's counsel, the law firm of Jones Skelton & Hochuli, PLC ("Jones Skelton"). The information Plaintiffs sought from Zullo centered on an investigation that he conducted, along with a confidential informant and MCSO detectives, while working as a volunteer member of Sheriff Arpaio's "Cold Case Posse." Jones Skelton ultimately produced the documents to Plaintiffs, and Zullo has appeared and testified at depositions and during the hearing. Zullo now appeals certain discovery orders pertaining to his testimony and to the documents that he provided to Jones Skelton.

---

[1] The civil contempt proceeding is in a civil rights case against Arpaio and Maricopa County relating to MCSO's unconstitutional racial profiling and detentions of Latino persons based solely on suspicion of illegal presence in the country. Pursuant to its findings and conclusions after a bench trial, the District Court ordered, and this Court upheld, a number of injunctive remedies for MCSO's constitutional violations. The District Court continues to monitor and enforce those injunctive provisions. *See Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015).

1

## FACTUAL BACKGROUND

Plaintiffs first noticed service of a subpoena on Zullo to testify at deposition in relation to the contempt proceedings on September 1, 2015. Ex. 1 (Sept. 1, 2015 Notice of Deposition, ECF No. 1298); Ex. 30 (Docket sheet, No. 07-cv-2513). After counsel for Sheriff Arpaio informed Plaintiffs that they would not accept service for Zullo, Plaintiffs also personally served Zullo with subpoenas demanding his appearance for deposition, as well as the production of documents in Zullo's possession. Ex. 2 (Sept. 25, 2015 Notice of Service, ECF No. 1396). Sheriff Arpaio moved to quash the document subpoena, and in response, Plaintiffs amended and narrowed the subpoena's document requests. Ex. 4 (Sept. 29, 2015 Response to Motion to Quash, ECF No. 1415). Plaintiffs also re-served the narrowed subpoena on Zullo. Ex. 5 (Oct. 7, 2015 Amended Notice of Service, ECF No. 1446).

In response, Zullo gave documents to Jones Skelton for purposes of compliance with the subpoena, some of which Jones Skelton produced to Plaintiffs. Ex. 6 (Oct. 20, 2015 Notice of Partial Compliance with Subpoena, ECF No. 1478). After a stoppage in the production due to Zullo's instruction, *see id.*, Plaintiffs then served Jones Skelton with a subpoena demanding production of the remaining documents in Jones Skelton's possession. Ex. 7 (Oct. 21, 2015 Notice of Service, ECF No. 1482).

2

Zullo appeared for his Oct. 23, 2015 scheduled deposition, representing himself, and he gave limited testimony, largely refusing to answer substantive questions and citing his Fifth Amendment privilege against self-incrimination. Ex. 15 (Oct. 23, 2015 Zullo Deposition Tr., ECF No. 1507-2). On October 26, the parties and the District Court held a telephonic status conference regarding Zullo's deposition and Plaintiffs' request for production of the documents that remained in Jones Skelton's possession and that had not yet been produced. Ex. 32 (Oct. 26, 2015 Telephonic Conference Tr.). Zullo had stated that he had been led to believe that he was represented individually by Jones Skelton, but had discovered, in the days prior to his October 23, 2015 deposition, that this was not the case; Zullo asked for a delay to allow him to consult separate counsel before answering substantive questions at his deposition. *See* Ex. 15 (Oct. 23, 2015 Zullo Deposition Tr.) at 9, 15-16, 19; Ex. 32 (Oct. 26, 2015 Telephonic Conference Tr.) at 7-8. The District Court ordered briefing from Zullo and from the parties on these issues. Ex. 8 (Oct. 26, 2015 Order, ECF No. 1490); *see* Ex. 32 (Oct. 26, 2015 Telephonic Conference Tr.). Zullo then filed a motion for a 30-day extension of time to retain counsel, stating that he needed "time to work out with the County paying for representation." Ex. 9 (Oct. 28, 2015 Motion for Extension of Time, ECF No. 1501) at 1. Plaintiffs opposed Zullo's motion. Exs. 13-23 (Oct. 30, 2015 Plaintiffs' Response, ECF Nos. 1507, 1507-1 through 1507-10), and the County also

responded, stating that although "a major thrust of Mr. Zullo's motion appears to be to have the Court grant him time to make arrangements with Maricopa County to pay for [him] to retain counsel in this civil case . . . . the County does not consider Mr. Zullo to be eligible to have counsel provided for him in this matter at County expense." Ex. 11 (Oct. 30, 2015 County Response, ECF No. 1503) (internal quotation marks and citation omitted). The District Court therefore denied Zullo's motion for a 30-day extension to discuss having the County pay for his counsel. Ex. 12 (Oct. 30, 2015 Order, ECF No. 1506). Zullo also filed a motion for a protective order to prevent the production to Plaintiffs of the remaining documents that Zullo had handed over to Jones Skelton, and moved to stay the District Court proceedings. Ex. 24 (Oct. 30, 2015 Motion for Protective Order, ECF No. 1508); Ex. 25 (Nov. 2, 2015 Notice of Appeal, ECF No. 1510). Plaintiffs opposed both of these motions. Ex. 26 (Nov. 2, 2015 Plaintiffs' Further Response, ECF No. 1511).

On November 3, 2015, the District Court again held a telephonic status conference with the parties and Zullo. Ex. 34 (Nov. 3, 2015 Telephonic Conference Tr.). During the conference, the District Court denied Zullo's request that it wait for 30 additional days for Zullo to find a lawyer, citing (among other things) the fact that Zullo had known since October 20, two weeks before, that he was not represented by Jones Skelton and would need to retain his own counsel if

he wished. The District Court nevertheless granted Zullo until November 6, 2015 to file any further response to Plaintiffs' opposition to his motion for a protective order regarding the documents in Jones Skelton's possession. *Id.* at 11. After additional oral argument, the Court denied Zullo's motions and ordered Jones Skelton to produce the remaining documents to Plaintiffs. Ex. 35 (Nov. 6, 2015 Motion Hearing Tr.); Ex. 28 (Nov. 6, 2015 Order, ECF No. 1527). Jones Skelton complied with that order and produced the documents.

Plaintiffs then served an amended deposition subpoena on Zullo, Ex. 27 (Nov. 3, 2015 Second Amended Notice, ECF No. 1517), and took Zullo's continued deposition. Again, Zullo largely refused to answer questions, invoking his Fifth Amendment privilege. Ex. 29 (Nov. 9, 2015 Zullo Deposition Tr., ECF No. 1532-2). Meanwhile, the civil contempt evidentiary hearing against Sheriff Arpaio and others, which had commenced in April 2015 and resumed on September 24, 2015, continued, with evidence concluding on November 13, 2015. Ex. 30 (Docket sheet). While on the witness stand during that hearing, Zullo at first invoked the Fifth Amendment while being questioned by Plaintiffs' attorney, but then, during examination by Sheriff Arpaio's attorney, changed his mind and voluntarily testified substantively and at length. Ex. 36 (Nov. 10, 2015 Evidentiary Hearing Tr.) at 4067, 4283-4296; Ex. 37 (Nov. 12-13, 2015 Evidentiary Hearing Tr.) at 4311-4555.

5

Zullo appealed the District Court's orders relating to his testimony and provision of documents. Dkt. 1 (Nov. 17, 2015 Docketing Notice and Time Schedule Order); *see also* Ex. 25 (Notice of Appeal). On December 2, 2015, Zullo moved to expedite his appeal. Dkt. 10. Prior to further briefing in relation to the motion to expedite, this Court ordered that Zullo either show cause why this case should not be dismissed for lack of jurisdiction, or voluntarily dismiss the appeal, and stayed further briefing and pending motions. Dkt. 12, Order. On December 28, 2014, Zullo filed his Statement on Appellate Jurisdiction, in which Zullo admits that he is not a party and "does not appeal concerning the impact on the underlying case from the orders appealed from." Statement at 3. He further states that his "appeal is not about a discovery dispute," but rather concerns "injury to his own rights as a non-party to the case." Statement at 10.

Plaintiffs provide this response pursuant to the Court's Order directing that a response may be filed within 10 days after service of Zullo's Statement. Dkt. 12 at 2. Because Zullo fails to show that his appeal is not moot, and further fails to show how this Court has jurisdiction, the appeal should be dismissed for lack of jurisdiction.

## SUMMARY OF ARGUMENT

Zullo fails to demonstrate that this Court has jurisdiction to consider the merits of his appeal for three reasons. First, the appeal is moot. Zullo has already

6

appeared at the contempt hearing to which he was subpoenaed, decided to cease invoking the Fifth Amendment, and provided lengthy substantive testimony. Jones Skelton has already produced all the documents in question (and Zullo testified about many of them at the hearing). By virtue of these "intervening event[s]," this Court "cannot grant any effectual relief." *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)); *see also In re Nat'l Mortgage Equity Corp. Mortgage Pool Certifications Litig.*, 821 F.2d 1422, 1425 (9th Cir. 1987) (*"In re NMEC I"*) (declining to exercise jurisdiction where NMEC had already produced the requested documents); *In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Litig.*, 857 F.2d 1238, 1239 n.1 (9th Cir. 1988) (*"In re NMEC II"*) (distinguishing appeal that had not become moot due to any compliance with discovery orders).

Second, Zullo has not satisfied the requirements for non-party appellate jurisdiction, as he did not refuse to comply with any subpoena or order of the District Court, and has not been held in contempt. *See, e.g.*, *Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010) (non-party appellants can obtain appellate review "only by electing to ignore the order and appealing any ensuing contempt citation"); *David v. Hooker, Ltd.*, 560 F.2d 412, 416 (9th Cir. 1977) (same); *United States v. Ryan*, 402 U.S. 530, 532-33 (1971) (same).

Third, the exception to the general rule prohibiting interlocutory appeals of discovery orders articulated in *Perlman v. United States*, 247 U.S. 7 (1918), and subsequent cases, does not apply. The so-called "*Perlman* exception" holds that a non-party who objects to and asserts a privilege against the production of documents may appeal an order commanding a disinterested third party custodian (*e.g.*, the non-party objector's accountant or former attorney, or a special master) to produce those documents. *See, e.g.*, *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006) ("a discovery order directed at a 'disinterested third-party custodian of privileged documents' is immediately appealable because 'the third party, presumably lacking a sufficient stake in the proceeding, would most likely produce the documents rather than submit to a contempt citation.'") (citations omitted). The *Perlman* exception does not create jurisdiction here, for three reasons: Jones Skelton was not a "disinterested custodian" but rather counsel to Sheriff Arpaio; the documents that Zullo provided to Jones Skelton did not belong to Zullo, but to Sheriff Arpaio and MCSO; and neither Zullo nor anyone else claimed or could ever claim attorney-client privilege as to these documents, which do not involve counsel and do not contain or arise from any confidential communications relating to the giving of legal advice.

In short, Zullo has suffered no appealable injury. He is not a party to the District Court proceedings, no orders or judgments have issued against him with

which he has not complied, and there are no District Court orders pending against either Zullo or any holder of the documents that Zullo gave to Jones Skelton. Should Zullo wish to take up the issue of any alleged violation of his rights by the Jones Skelton firm, or in relation to a future criminal proceeding, those matters should be addressed separately, and have nothing to do with the case below. This appeal should be dismissed.

## ARGUMENT

**I.  Zullo's Appeal Is Moot, As He Has Already Testified, and the Jones Skelton Firm Has Already Produced the Documents That He Provided To That Firm.**

"If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Zixiang Li v. Kerry*, 710 F.3d 995, 1001 (9th Cir. 2013) (citing *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999)). This appeal would fail on the merits, if the Court could hear them. But the appeal should be dismissed outright because it presents no justiciable claims. Zullo has already testified (including with respect to the documents he provided to Sheriff Arpaio's counsel and which were then produced to Plaintiffs), and there are no District Court orders pertaining to Zullo remaining for this Court to vacate or stay. No privileges that Zullo might seek to assert remain to be protected, in view of his own voluntary disclosures during his testimony after his decision to cease invoking the Fifth Amendment. *See In re*

*NMEC I*, 821 F.2d at 1424 ("Any evidentiary privilege . . . is liable to being irretrievably breached once the material for which the privilege is claimed has been disclosed.") (quoting *Newton v. National Broadcasting Co.*, 726 F.2d 591, 593 (9th Cir. 1984)). At this stage in the litigation, this Court "cannot grant any effectual relief," and the case is moot. *Krane*, 625 F.3d at 574 (citation omitted); *see also Martinez v. Wilson*, 32 F.3d 1415, 1419 (9th Cir. 1994) (case is moot where "events have largely overtaken [the] litigation").

This Court has not hesitated to dismiss similar appeals when events render a controversy moot. For example, in *Krane*, jurisdiction might have existed, pursuant to the *Perlman* exception, over non-party employer Quellos's interlocutory appeal of a pretrial subpoena issued against its former counsel Skadden in relation to allegedly privileged documents in Skadden's possession, because Skadden would be likely to forgo suffering a contempt citation and appealing, in favor of disclosure of the documents—an event which would have deprived Quellos of the opportunity to challenge the subpoena. *Krane*, 625 F.3d at 572-73 ("Under *Perlman*, a discovery order directed at a disinterested third-party custodian of privileged documents is immediately appealable because the third party, presumably lacking a sufficient stake in the proceeding, would most likely produce the documents rather than submit to a contempt citation") (internal quotation marks and citation omitted). However, Quellos's appeal was mooted by the guilty plea of

10

the defendants (Quellos employees) and the resulting vacation of the underlying criminal trial for which the documents were subpoenaed. *Id*. at 573-74. *See also Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065 (9th Cir. 2008) (district court's decision that e-mail was not protected by attorney-client privilege and was properly disclosed was not appealable where e-mail had already been disclosed).

*Griffin*, a case upon which Zullo relies, Statement at 7-10, is distinguishable (among other reasons) because the facts of that case demonstrated a live dispute. In that case, the defendant Griffin moved the district court to prevent the production of certain materials, then obtained a stay of the order to produce the documents and brought an interlocutory appeal, *before* the materials in question were produced. *Griffin*, 440 F.3d at 1140-42. That is not the case here, where Zullo has already testified and the documents that Zullo provided to Jones Skelton have already been produced.

Nor does the *Perlman* exception to the rule against interlocutory appeals of certain discovery orders create jurisdiction for this Court prospectively to protect Zullo's legal rights with respect to future uses of information he has already disclosed. Fashioning the remedy Zullo now seeks, namely, "a decision here now protecting his legal rights before further damage is done to his constitutional, civil, and legal rights," Statement at 2, does not fall within the scope of the *Perlman* exception, as *Perlman* "applies only if its application will *prevent* disclosure of

11

privileged information." *In re NMEC I*, 821 F.2d at 1424 (rejecting suggestion that the panel should direct the district court to issue a protective order preventing the use of the material in the instant and related proceedings to "control the damage" by limiting the use of alleged privileged information) (emphasis added). "Review is not available to determine whether previously disclosed material should be the subject of a protective order or whether the material is admissible at trial." *Id.*

This Court has even distinguished between moot and non-moot appeals in the same litigation, dismissing appeals where appropriate due to mootness, while retaining jurisdiction to hear others (though rejecting jurisdiction on other grounds). *Compare In re NMEC I*, 821 F.2d at 1424 (dismissing interlocutory appeal relating to testimony already provided and documents already produced as moot) and *In re NMEC II*, 857 F.2d at 1239 n.1 (finding subsequent appeal in same case was not moot, where communications and documents in question had not yet been disclosed, though appeal was dismissed for lack of jurisdiction because the *Perlman* exception did not apply to an appeal by a party in an ongoing civil litigation). The Court should conduct the same analysis here, and dismiss this appeal as moot.[2]

---

[2] Other Circuits have also dismissed non-party appeals as moot following the non-parties' acquiescence in discovery. *See, e.g.*, *Federal Ins. Co. v. Maine Yankee Atomic Power Co.*, 311 F.3d 79, 81 (1st Cir. 2002) ("appellants' acquiescence in the discovery compelled by the subpoenas deprives this court of jurisdiction over (continued...)

**II.    Zullo's Appeal Should Also Be Dismissed Because Zullo Has Not Met the Requirements to Confer Jurisdiction Over This Non-Party Appeal.**

It is a long-standing rule that discovery orders issued to non-parties such as Zullo are not reviewable final orders, and are generally not appealable unless the non-party refuses to comply with the order and is then held in contempt. *Ryan*, 402 U.S. at 532-33 (order compelling document production by non-party is generally not appealable, absent non-compliance with the order); *Perry*, 602 F.3d at 979 (same); *Estate of Domingo v. Republic of the Philippines*, 808 F.2d 1349, 1350 (9th Cir. 1987) (same); *cf. Hilao v. Estate of Marcos*, 393 F.3d 987, 994 (9th Cir. 2004) (finding non-party Philippines had no standing to appeal settlement and funds transfer orders issued against individual parties and financial institutions, where Philippines argued that it was threatened with contempt sanctions as a result of potential violation of the orders, but orders were not binding on the Philippines and did not require the Philippines to do anything). "To obtain a right of review, the non-party must refuse to comply with the order, and the district court must find the non-party to be in contempt and apply sanctions against him." *Hooker, Ltd.*, 560 F.2d at 416; *In re Subpoena Served on Cal. Pub. Util. Comm'n*, 813 F.2d 1473, 1476 (9th Cir. 1987) (same); *see also Newton v. Nat'l Broad. Co.*, 726 F.2d

---

their appeal"); *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010) (dismissing appeal as moot where witness had answered questions at deposition, revealing the assertedly privileged information, so that no appeal could relieve him of the choice between disclosing and standing in contempt).

591, 593 (9th Cir. 1984) (per curiam) (discussing requirement of contempt citation prior to non-party appeal).

Those conditions are absent here. There has been no finding of contempt or any other sanction issued against Zullo. The document production order was issued to Sheriff Arpaio's counsel at Jones Skelton, not to Zullo. Zullo complied with deposition and trial subpoenas by appearing and providing his testimony—after having weeks to secure counsel prior to the District Court's denial of his request for still more time—but there was no court order compelling him to do anything. *See* Ex. 35 (Nov. 6, 2015 Motion Hearing Tr.) at 12-17; Ex. 28 (ECF No. 1527). Thus, the District Court's orders that Zullo purports to appeal are not appealable.

### III. The *Perlman* Exception Does Not Apply to Create Jurisdiction Because Jones Skelton Is Not a "Disinterested Custodian," the Produced Documents Were Not Zullo's, and the Produced Documents Are Not Alleged To Be Privileged.

Zullo relies on *Perlman* to support his blanket statement that "a collateral order – as to a third party – is appealable." Statement at 12. But this argument misstates the *Perlman* exception to the general rule against interlocutory appeal of discovery orders issued against third parties. *Perlman* applies to orders to produce documents (not to subpoenaed testimony), and simply holds that a non-party who objects to and asserts a privilege against the production of documents may appeal an order commanding a disinterested third party custodian to produce those documents. *See, e.g.*, *In re NMEC II*, 857 F.2d at 1240. The *Perlman* exception is

14

based on the premise that, presumably, a disinterested custodian would not risk a citation for contempt simply to allow the holder of the alleged privilege to seek immediate judicial review. *See, e.g.*, *Ryan*, 402 U.S. at 533-34 (discussing *Perlman*); *Krane*, 625 F.3d at 572 (same); *Griffin*, 440 F.3d at 1143 (same); *Wilson v. O'Brien*, 621 F.3d at 642 (same). "By contrast, when an order of disclosure is directed against a person whose legal interests are affected, that person *has* a means to obtain appellate review: refuse to comply, be subjected to sanctions in contempt, and then appeal from the sanctions." *Id.* at 642-43.

*Perlman* does not apply here for a number of reasons. To the extent Zullo wishes to appeal discovery orders issued against himself, there are none in the record (and *Perlman* would not apply). To the extent he wishes to appeal the denial of his motions to delay the contempt hearing and his testimony in that hearing, *Perlman* again would not apply, because, in order to establish appellate jurisdiction, Zullo was required to refuse to testify, and to risk being sanctioned for contempt as a result of that refusal. *Ryan*, 402 U.S. at 532-33. He did not do that. To the extent Zullo's appeal seeks to challenge the document production order issued against Jones Skelton, *Perlman* does not apply because Zullo's and Jones Skelton's interests with respect to that document production were congruent. Jones Skelton, on the Sheriff's behalf, filed a motion to quash the initial document subpoena against Zullo. Ex. 3 (Defendant Arpaio's Motion to Partially Quash

15

Plaintiffs' Subpoena to Produce Documents, Information or Objects Re: Michael Zullo, ECF No. 1411). Thus, Jones Skelton, as Sheriff Arpaio's attorney, was not a "disinterested custodian" within the meaning of the *Perlman* exception, because it also had an interest in the non-disclosure of the documents.

The *Perlman* exception also does not apply because the documents at issue did not even belong to Zullo. They actually belonged to MCSO and its head Sheriff Arpaio, as they were documents generated during an MCSO investigation that Zullo conducted under the direction and control of, and with funding by, MCSO. Ex. 28 (Nov. 6, 2015 Order, ECF No. 1527) at 4-6; Exs. 31, 33 (Oct. 28, 2015 Tr. at 3717-23, 3732-35; Apr. 23, 2015 Tr. at 644-653); *see also* Ex. 20 at 4 ("The 'Seattle Operation' investigation was being conducted by MCSO and not the Cold Case Posse.") (admitted into evidence as Ex. 2946, *see* Ex. 36 at 4068). These were not Zullo's own documents, but documents he possessed on MCSO's behalf only in his representative capacity. *Bellis v. United States*, 417 U.S. 85, 88 (1974) ("an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally."). Sheriff Arpaio and MCSO, the owner of any privilege that might be asserted against the document's production by Jones Skelton, never claimed, and could not claim, that attorney-client or any other privilege should apply to these documents, since they do not contain or arise from

16

any confidential communications with counsel relating to legal advice. The *Perlman* exception does not apply for this reason, as well. In short, *Perlman* does not provide a blanket exception allowing a non-party to obtain appellate review of any collateral discovery orders that it wishes to contest, but only allows appellate review under specific conditions. Zullo has not satisfied those conditions.

## CONCLUSION

For all these reasons, the appeal is moot, this Court does not have jurisdiction, and the appeal should be dismissed.

Dated: January 7, 2016

By /s/ *Michelle L. Morin*
Stanley Young
syoung@cov.com
Michelle L. Morin
mmorin@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Dan Pochoda
dpochoda@acluaz.org
ACLU FOUNDATION OF
ARIZONA
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Annie Lai
alai@law.uci.edu
401 E. Peltason, Suite 3500

Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecillia D. Wang
cwang@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Andre Segura
asegura@aclu.org
ACLU FOUNDATION
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge Martin Castillo
jcastillo@maldef.org
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 27-1, the attached brief is in

compliance with Fed. R. App. P. 27(d) and does not exceed 20 pages.


Date: January 7, 2016                    */s/ Michelle Morin*_____
                                         MICHELLE MORIN

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: January 7, 2016                    */s/ Michelle Morin*
                                         MICHELLE MORIN