# Manuel De Jesus Ortega Melendres, Et Al.
## 15-17269 Index of Exhibits

| Exhibit | Date | Description |
|---|---|---|
| 1 | 09/01/2015 | No. CV07-2513, ECF No. 1298 - Notice of Deposition of Michael Zullo |
| 2 | 09/25/2015 | No. CV07-2513, ECF No. 1396 - Notice of Service of Subpoena Commanding Deposition Testimony and the Production of Documents |
| 3 | 09/29/2015 | No. CV07-2513, ECF No. 1411 - Defendant Arpaio's Motion to Partially Quash Plaintiffs' Subpoena to Produce Documents, Information, or Objects Re: Michael Zullo |
| 4 | 09/29/2015 | No. CV07-2513, ECF No. 1415 - Plaintiffs' Response to Defendants' Motion to Quash Subpoena |
| 5 | 10/07/2015 | No. CV07-2513, ECF No. 1446 - Amended Notice of Service of Subpoena Commanding Deposition Testimony |
| 6 | 10/20/2015 | No. CV07-2513, ECF No. 1478 - Notice of Partial Compliance with Subpoena Served on and Lack of Authority to Accomplish Additional Production from Michael Zullo |
| 7 | 10/21/2015 | No. CV07-2513, ECF No. 1482 - Notice of Service of Subpoena to Produce Documents, Information, or Objects |
| 8 | 10/26/2015 | No. CV07-2513, ECF No. 1490 - Order re Zullo Motion for Protective Order Asserting Fourth and/or Fifth Amendment Defenses |
| 9 | 10/28/2015 | No. CV07-2513, ECF No. 1501 - Motion for Extension of Time to Retain Counsel |
| 10 | 10/30/2015 | No. CV07-2513, ECF No. 1502 - Order re Response to Motion for Extension of Time to Retain Counsel |
| 11 | 10/30/2015 | No. CV07-2513, ECF No. 1503 - Defendant Maricopa County, Arizona's Response to Michael Zullo's Motion for Extention of Time to Retain Counsel |
| 12 | 10/30/2015 | No. CV07-2513, ECF No. 1506 - Order Denying Motion for Extension of Time to Retain Counsel |
| 13 | 10/30/2015 | No. CV07-2513, ECF No. 1507 - Plaintiffs' Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 14 | 10/30/2015 | No. CV07-2513, ECF No. 1507-1 - Declaration of Stanley Young in Support of Plaintiffs' Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 15 | 10/30/2015 | No. CV07-2513, ECF No. 1507-2 - Exhibit A to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 16 | 10/30/2015 | No. CV07-2513, ECF No. 1507-3 - Exhibit B to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |

# Manuel De Jesus Ortega Melendres, Et Al.
# 15-17269 Index of Exhibits

| Exhibit | Date | Description |
|---|---|---|
| 17 | 10/30/2015 | No. CV07-2513, ECF No. 1507-4 - Exhibit C to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 18 | 10/30/2015 | No. CV07-2513, ECF No. 1507-5 - Exhibit D to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 19 | 10/30/2015 | No. CV07-2513, ECF No. 1507-6 - Exhibit E to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 20 | 10/30/2015 | No. CV07-2513, ECF No. 1507-7 - Exhibit F to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 21 | 10/30/2015 | No. CV07-2513, ECF No. 1507-8 - Exhibit G to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 22 | 10/30/2015 | No. CV07-2513, ECF No. 1507-9 - Exhibit H to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 23 | 10/30/2015 | No. CV07-2513, ECF No. 1507-10 - Exhibit I to Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel |
| 24 | 10/30/2015 | No. CV07-2513, ECF No. 1508 - Motion Pro Se for Protective Order |
| 25 | 11/02/2015 | No. CV07-2513, ECF No. 1510 - Notice of Appeals by Mike Zullo and Request to Stay |
| 26 | 11/02/2015 | No. CV07-2513, ECF No. 1511 - Plaintiffs' Further Response in Opposition to Michael Zullo's Motion Pro Se for Protective Order |
| 27 | 11/03/2015 | No. CV07-2513, ECF No. 1517 - Second Amended Notice of Service of Subpoena Commanding Deposition Testimony |
| 28 | 11/06/2015 | No. CV07-2513, ECF No. 1527 - Order Denying Mike Zullo Motion for Protective order and Motion to Stay |
| 29 | 11/10/2015 | No. CV07-2513, ECF No. 1532-2 - Exhibit B to Plaintiffs' Motion to Admit Certain Exhibits Based on Michael Zullo's Invocation of His Fifth Amendment Right Not to Testify |
| 30 | | No. CV07-2513, Docket Sheet |
| 31 | 04/23/2015 | No. CV07-2513, April 23, 2015, Evidentiary Hearing Transcript (Pages 512-517, 644-653) |
| 32 | 10/26/2015 | No. CV07-2513, October 26, 2015, Telephonic Conference Transcript |
| 33 | 10/28/2015 | No. CV07-2513, October 28, 2015, Evidentiary Hearing Transcript (Pages 3698-3704, 3717-3723) |

## Manuel De Jesus Ortega Melendres, Et Al.
## 15-17269 Index of Exhibits

| Exhibit | Date | Description |
|---------|------|-------------|
| 34 | 11/03/2015 | No. CV07-2513, November 3, 2015 Telephonic Conference Transcript |
| 35 | 11/06/2015 | No. CV07-2513, November 6, 2015 Motion Hearing Transcript |
| 36 | 11/10/2015 | No. CV07-2513, November 10, 2015 Evidentiary Hearing Transcript (Pages 4064-4068, 4283-4297) |
| 37 | 11/12-13/2015 | No. CV07-2513, November 12-13, 2015 Evidentiary Hearing Transcripts (Pages 4298-4303, 4311-4555) |

# EXHIBIT 1

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, | ) CV-07-2513-PHX-GMS |
| Plaintiffs, | ) **NOTICE OF DEPOSITION OF** |
| v. | ) **MICHAEL ZULLO** |
| Joseph M. Arpaio, *et al.*, | ) |
| Defendants. | ) |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Michelle L Morin (*Pro Hac Vice*)
mmorin@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley (*Pro Hac Vice*)
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

1  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure

3  30(a), the deposition of Michael Zullo, in his individual and official capacity in the

4  Sheriff's Department of Maricopa County, Arizona, will be taken by Plaintiffs in

5  *Manuel de Jesus Ortega Melendres, et al. v. Joseph M. Arpaio, et al.,* on October 7,

6  2015.  The deposition will be taken at Legal Video Specialists, 3033 N. Central

7  Avenue, Suite 100, Phoenix, Arizona, 85012, beginning at 1:00 p.m. for a period of up

8  to four hours, before an officer authorized by law to administer oaths.

9        PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(3)(A) of the

10  Federal Rules of Civil Procedure, deposing party intends to cause the proceedings to

11  be recorded stenographically and they may be videotaped.

12        RESPECTFULLY SUBMITTED this 1st day of September, 2015.

13

14                        By: /s/ Cecillia D. Wang

15                        Cecillia D. Wang (*Pro Hac Vice*)
                          Andre I. Segura (*Pro Hac Vice*)
16                        ACLU Foundation
                          Immigrants' Rights Project
17

18                        Daniel Pochoda
                          ACLU Foundation of Arizona
19

20                        Anne Lai (*Pro Hac Vice*)

21                        Stanley Young (*Pro Hac Vice*)
                          Tammy Albarran (*Pro Hac Vice*)
22                        Hyun S. Byun (*Pro Hac Vice*)
                          Priscilla G. Dodson (*Pro Hac Vice*)
23                        Lauren E. Pedley (*Pro Hac Vice*)
                          Michelle L Morin (*Pro Hac Vice*)
24                        Covington & Burling, LLP
25
                          Jorge M. Castillo (*Pro Hac Vice*)
26                        Mexican American Legal Defense and
                          Educational Fund
27                        *Attorneys for Plaintiffs*
28

                                    1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2015, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

Dated this 1st day of September, 2015.

/s/ Cecillia D. Wang

# EXHIBIT 2

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., ) | CV-07-2513-PHX-GMS |
| ) | |
| Plaintiff(s), ) | **NOTICE OF SERVICE OF SUBPOENA COMMANDING DEPOSITION TESTIMONY AND THE PRODUCTION OF DOCUMENTS** |
| ) | |
| v. ) | |
| ) | |
| Joseph M. Arpaio, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45(b)(1), Plaintiffs have served the attached subpoenas commanding deposition and trial testimony and intend to serve the attached subpoena for production of documents, electronically stored information, or tangible things, upon Michael Zullo.

RESPECTFULLY SUBMITTED this 25th day of September, 2015.

By: /s/ *Michelle L. Morin*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund
*Attorneys for Plaintiffs*

1

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.


                                    */s/ Michelle L. Morin*

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Michael Zullo
1921 W Morning Vista Ln   Phoenix, AZ 85085-2722

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Legal Video Specialists, 3033 N. Central Avenue, Suite 100, Phoenix, Arizona, 85012 | Date and Time: 10/07/2015 1:00 pm |
|---|---|

The deposition will be recorded by this method: stenography and video

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/22/2015

CLERK OF COURT

OR

_____          s/ Michelle L. Morin
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Manuel de Jesus Ortega Melendres, et al. , who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 07-2513-PHX-GMS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                      *Server's signature*

                                                      _____
                                                      *Printed name and title*

                                                      _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:                                    Michael Zullo

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Sandra Day O'Connor U.S. Federal Courthouse 401 W. Washington St., Phoenix, Arizona 85003-2151 | Courtroom No.: Courtroom 602 |
|---|---|
| | Date and Time: October 8-9, 2015 at 9:00 AM * October 13-14, 2015 at 9:00 AM * |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

*and Oct. 27-30, to remain until completion of testimony and dismissal by the Court.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/23/2015

*CLERK OF COURT*

OR

_____          s/ Michelle L. Morin
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Manuel de Jesus Ortega Melendres, et al.    , who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   07-2513-PHX-GMS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Michael Zullo
1921 W Morning Vista Ln   Phoenix, AZ 85085-2722

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| | |
|---|---|
| Place: jromanow@cov.com OR ACLU Foundation of Arizona, 3707 N. 7th Street, Suite 235, Phoenix, AZ 85014 | Date and Time: 09/30/2015 4:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/23/2015

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | s/ Michelle L. Morin |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
Manuel de Jesus Ortega Melendres, et al. , who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

(650) 632-4700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  07-2513-PHX-GMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

Request #1:

Copies, to be provided in native format with metadata, of all emails, text messages, or other written communications, including any attachments and metadata, and including communications and DOCUMENTS sent to or from personal email accounts such as detmack@gmail.com, 1tick@earthlink.net, dwebb605@gmail.com, and emails and text messages sent using personal smartphones, tablets or other communications devices or MCSO-provided devices, sent to or from YOU, Sheriff Arpaio, Chief Deputy Sheridan, Brian Mackiewicz, Dennis Montgomery a/k/a David Webb, Retired Executive Chief Brian Sands, any employee of Maricopa County Sheriff's Office, or any member of the Cold Case Posse, from December 23, 2011 through the present, that mention or relate to:

> (a) Dennis Montgomery's activities, on behalf of YOU, Sheriff Arpaio, or MCSO, relating to the timeline and diagram provided in the "Joe Arpaio Brief" (attached as Exhibit A)

> (b) the Melendres litigation, the court's orders relating to the litigation, plaintiffs in that litigation and plaintiffs' attorneys in that litigation, and the court-appointed Monitor,

> (c) any investigation conducted by Sheriff Arpaio or MCSO or agents of Sheriff Arpaio or MCSO, or on Sheriff Arpaio's or MCSO's behalf, of Judge Snow or of any judge or elected official, and/or their family members and/or their associates.

Request #2:

Copies, to be provided in native format with metadata, of any work product in your possession regarding items (a)-(c) of Request #1, including all revisions and drafts.

## **DEFINITIONS AND INSTRUCTIONS**

1.     "YOU" is defined to include you, and any person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

2.     "DEFENDANTS" is defined to include the named defendants in this matter, Joseph Arpaio, in his official capacity as the sheriff of Maricopa County, and Maricopa County, and any person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

3. "RELATE" OR "RELATING TO" means evidencing, memorializing, referring, concerning, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, responding or otherwise alluding to or relating to in any way, in whole or in part, the subject matter referred to in the interrogatory.

4. "DOCUMENT" and "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in YOUR possession, custody or control, or in the possession, custody or control of the YOUR attorneys. A draft of a non-identical copy is a separate DOCUMENT within the meaning of this term. Without limiting the term "control," a DOCUMENT is deemed to be within YOUR control if YOU have ownership, possession or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSONS or public or private entity having physical control thereof.

5. "PERSON" means, inclusively, any natural person, proprietorship, partnership, joint venture, trust, group, agency, department, association, corporation or any other entity or organization, and any agent or employee of any of those individual entities.

6. "COMMUNICATION" means any oral or written contact, regardless of method, between two or more persons, organizations, companies, or other business entities, regardless of form, and shall include, without limitation, notes, letters, memoranda, email, facsimile, reports, briefings, telegrams, telex or, by any document, oral contact by such means as face to face meetings and/or telephone conversations, or any form of transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7. Words used in the plural shall be interpreted to include the singular, and words used in the singular shall be interpreted to include the plural.

8. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request all responses that might otherwise be deemed outside the scope.

9. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

2

10.     The use of any masculine or feminine pronoun includes both the masculine and feminine.

# EXHIBIT A

Case 2:07-cv-02513-GMS   Document 1386   Filed 09/28/15   Page 28 of 67

**JOE ARPAIO BRIEF**

**Timeline**

| Date | Description | IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/26/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 602.322.7650 | 202.514.2000 | 5 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34  REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricpoa.gov – mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03  REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricpoa.gov – mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | John Gray Ends Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |

Confidential Information Not to Be Disclosed     Rev 1.3a

MELC199917

**JOE ARPAIO BRIEF**

**Timeline**

| Date | Description | IP Address | Time Call | From Call | To Call | Duration in (Min) |
|---|---|---|---|---|---|---|
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 10 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| | | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| | | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2  10)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

CONFIDENTIAL

---

Confidential Information Not to Be Disclosed                    Rev 1.3a

MELC199918

JOE ARPAIO BRIEF

Timeline

CONFIDENTIAL

Confidential Information Not to Be Disclosed

Rev 1.3a

MELC199919

JOE ARPAIO BRIEF
<u>Timeline</u>



Confidential Information Not to Be Disclosed

Rev 1.3a

MELC199920

## JOE ARPAIO BRIEF

### Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34    REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03    REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |

MELC199921

Case 2:07-cv-02513-GMS   Document 1386   Filed 09/28/15   Page 23 of 67

JOE ARPAIO BRIEF
Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Confidential Information Not to Be Disclosed                    Rev 1.4c

MELC199922

JOE ARPAIO BRIEF
Timeline

Confidential Information Not to Be Disclosed

Rev 1.4c

MELC199923

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 1.4c

MELC199924

**JOE ARPAIO BRIEF**

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|---|---|---|---|---|---|---|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34   Block REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03        REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |

Confidential Information Not to Be Disclosed                    Rev 1.5a

MELC199925

**JOE ARPAIO BRIEF**

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|---|---|---|---|---|---|---|
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/18/10 | Covington Burling Law Firm Call Department of Justice (DOJ) - Not In This Case | | 14:55 | 650.632.4704 | 202.514.6225 | 10 |
| 10/22/10 | Covington Burling Law Firm Call Perkins Coie (John Gray) | | 14:21 | 650.632.4704 | 602.351.8092 | 19 |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| | | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| | | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Confidential Information Not to Be Disclosed                    Rev 1.5a

MELC199926

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 1.5a

MELC199927

JOE ARPAIO BRIEF
Timeline

Confidential Information Not to Be Disclosed

Rev 1.5a

MELC199928

## JOE ARPAIO BRIEF

### Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| | | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| | | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| | | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34   Block REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| 10/15/09 | Maricopa Government - mcao.maricopa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| 10/15/09 | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| | | | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03       REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| 08/15/10 | Maricopa Government - mcao.maricopa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| 08/15/10 | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| | | | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |

---

Confidential Information Not to Be Disclosed                    Rev 2.0

MELC199929

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/18/10 | Covington Burling Law Firm Call Department of Justice (DOJ) - Not In This Case | | 14:55 | 650.632.4704 | 202.514.6225 | 10 |
| 10/22/10 | Covington Burling Law Firm Call Perkins Coie (John Gray) | | 14:21 | 650.632.4704 | 602.351.8092 | 19 |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| 10/23/10 | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| 07/18/12 | US Rep Jon Kyl office call Department of Justice Office Attorney - Amin Aminfar | | 11:14 | 202.224.4521 | 202-307-0652 | 26 |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| 07/24/12 | Covington Burling Law Fim Call to US Rep Jon Kyl office | | 11:58 | 202.662.6000 | 202.224.4521 | 38 |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

MELC199930

JOE ARPAIO BRIEF

<u>Timeline</u>

Confidential Information Not to Be Disclosed

Rev 2.0

MELC199931

JOE ARPAIO BRIEF
Timeline

Confidential Information Not to Be Disclosed

Rev 2.0

MELC199932

Case 2:07-cv-02513-GMS   Document 1380   Filed 09/29/15   Page 44 of 61

# ARPAIO BRIEF



*This Page is Still Under Construction*   rev (1.4c)

MELC199933

# ARPAIO BRIEF



*This Page is Still Under Construction*    *rev (1.5a)*

MELC199934



*This Page is Still Under Construction*   rev (2.0)

MELC199935

**IntelliServe**
*Prompt. Documented. Done.*
*Powered by IntelliQuick*
IntelliServe@IQCanDo.com
1-877-277-3188
Order #: 12673920
Client: Melendres vs. Arpaio

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE COUNTY OF MARICOPA

MANUEL DE JESUS ORTEGA MELENDRES; et al.,

Petitioner/Plaintiff(s),

CASE #: 07-2513-PHX-GMS

vs.

JOSEPH M. ARPAIO; et al.,

Respondent/Defendant(s).

AFFIDAVIT OF SERVICE

___**Jason Stoor**___, the undersigned, certifies under penalty of perjury: I am a certified private process server in the COUNTY OF MARICOPA, I am fully qualified pursuant to the regulations governing Service of Process in the State of Arizona, to serve process in this case, and I received for service the following documents in this action:
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAK IN A CIVIL ACTION; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL**

from ___**AMERICAN CIVIL LIBERTIES UNION OF ARIZONA**___ located in **Phoenix, AZ** on ___9/23/2015___. I personally served copies of the documents listed above on those named below at the place shown, in the manner shown, and on the date and time shown. All services, except where noted, were made in PHOENIX, ARIZONA.

**NAME:** **MICHAEL ZULLO**

| | |
|---|---|
| **DATE & TIME\*:** | 9/24/2015 @ 19:56 |
| **ADDRESS:** | 1921 W Morning Vista Ln, Phoenix, Arizona 85085, |
| **MANNER:** | by serving Michael Zullo, in person. |
| **DESCRIPTION:** | Male, Caucasian, 180lbs, brown hair. |

**STATEMENT OF COSTS**

| | |
|---|---|
| SERVICE | $ 48.00 |
| MILEAGE | $ 66.40 |
| RUSH FEES | $ 35.00 |
| ADD. MILEAGES | $ 32.00 |
| LOCATE | $ |
| POSTAL | $ |
| MVD | $ |
| SKIP TRACE | $ |
| SPEC HANDLING | $ |
| STAKEOUT/WAIT | $ |
| COPIES | $ |
| FEE ADVANCE | $ 187.50 |
| AFFIDAVIT PREP | $ 10.00 |
| **TOTAL** | **$ 378.90** |

Jason Stoor, #8469

State of **ARIZONA**  )
                     ) ss.
County of **MARICOPA** )

Subscribed and sworn before me on **September 25, 2015**.

**NOTARY PUBLIC**

**ALICIA RAMIREZ**
**Notary Public - Arizona**
**Maricopa County**
**My Comm. Expires Aug 29, 2019**

My Commission expires:

\* Time of service is reflected in Military Time.

# EXHIBIT 3

1  John T. Masterson, Bar #007447
   Joseph J. Popolizio, Bar #017434
2  Justin M. Ackerman, Bar #030726
   JONES, SKELTON & HOCHULI, P.L.C.
3  2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
4  Telephone: (602) 263-1700
   Fax: (602) 200-7827
5  jmasterson@jshfirm.com
   jpopolizio@jshfirm.com
6  jackerman@jshfirm.com

7  Attorneys for Defendant Joseph M. Arpaio in his official
   capacity as Sheriff of Maricopa County, AZ

8
                    **UNITED STATES DISTRICT COURT**
9
                        **DISTRICT OF ARIZONA**
10

11  Manuel de Jesus Ortega Melendres, et al.,,          NO. CV 07-02513-PHX-GMS

12                                     Plaintiff,      **Defendant Arpaio's Motion to**
                                                       **Partially Quash Plaintiffs' Subpoena**
13              v.                                      **to Produce Documents, Information,**
                                                       **or Objects Re: Michael Zullo**
14  Joseph M. Arpaio, et al.,,

15                                    Defendant.

16

17          Pursuant to Rule 45, Fed. R. Civ. P., Defendant Arpaio respectfully moves

18  this Court to partially quash the subpoena issued against Michael Zullo for production of

19  documents, information or objects, most of which subjects Mr. Zullo to an undue burden

20  and does not provide a reasonable time for compliance for production of the requested

    materials. Alternatively, Defendant Arpaio respectfully moves the Court to issue a
21
    protective order partially precluding the Plaintiffs from obtaining responses to the
22
    subpoena. This Motion is supported by the following Memorandum of Points and
23
    Authorities.
24
                    **MEMORANDUM OF POINTS AND AUTHORITIES**
25

26  I.    **PLAINTIFFS' UNREASONABLE PRODUCTION REQUEST FROM MR.**
          **ZULLO.**
27
            Mr. Zullo is a posse member of the Maricopa County Sheriff's Office
28

    4512429.1
    9/29/15

("MSCO"). Plaintiffs' counsel issued a subpoena on Mr. Zullo on late September 25, 2015. The subpoena contains three parts. Parts I and II seek deposition and trial testimony of Mr. Zullo. Parts I and II are not at issue in this motion.

Part III seeks all emails, text messages, or other written communications from Mr. Zullo as follows:

Request #1:

Copies, to be provided in native format with metadata, of all emails, text messages, or other written communications, including any attachments and metadata, and including communications and DOCUMENTS sent to or from personal email accounts such as detmack@gmail.com, 1tick@earthlink.net, dwebb605@gmail.com , and emails and text messages sent from personal smartphones, tables or other communications devices or MCSO-provided devices, sent to or from YOU, Sheriff Arpaio, Chief Deputy Sheridan, Brian Mackiewicz, Dennis Montgomery a/k/a David Webb, Retired Executive Chief Brian Sands, any employee of Maricopa County Sheriff's Office, or any member of the Cold Case Posse, from December 23, 2011 through the present, that mention or relate to:

(a) Dennis Montgomery's activities, on behalf of YOU, Sheriff Arpaio, or MCSO, relating to the timeline and diagram provided in the "Joe Arpaio Brief" (attached as Exhibit A)

(b) the Melendres litigation, the court's orders relating to the litigation, plaintiffs in that litigation and plaintiffs' attorneys in that litigation, and the court-appointed monitor,

(c) any investigation conducted by Sheriff Arpaio or MCSO or agents of Sheriff Arpaio or MCSO, or on Sheriff Arpaio's or MCSO's behalf, of Judge Snow or of any judge or elected official, and/or their family members and/or their associates.

Request #2:

Copies, to be provided in native format with metadata, of any work product in your possession regarding items (a)-(c) of Request #1, including all revisions and drafts.

[Ex. A to Plaintiffs' Subpoena (Doc. 1396)]. Moreover, Plaintiffs request Mr. Zullo to produce this information by September 30, 2015 at 4:00 p.m.

Defendant Arpaio takes issue with Part III (hereinafter referred to as Plaintiffs' "production subpoena") and moves the Court to quash this portion of the subpoena, as explained below.

## II.   PLAINTIFFS' PRODUCTION SUBPOENA VIOLATES RULE 45.

Plaintiffs' document request subpoena entirely fails to comply with Fed. R. Civ. P. 45.  On a timely motion, a district court must quash or modify a subpoena that "subjects a person to undue burden" or "fails to allow a reasonable time to comply."  Rule 45(d)(3)(A)(i), (iv), Fed. R. Civ. P.  "To require production of documents prior to trial, the moving party must show that the documents are evidentiary and relevant, and that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Betancourt*, 277 F. App'x 708, 711 (9th Cir. 2008).  Pursuant to Rule 45, Plaintiffs' production subpoena is substantially overbroad, unduly burdensome, and fails to allow a reasonable time to comply.

Plaintiffs request information from "***any*** employee of Maricopa County Sheriff's Office" or "***any*** member of the Cold Case Posse" that relates to their three defined areas of inquiry, since December 23, 2011.  [*See* Ex. A to Plaintiffs' Subpoena (Doc. 1396) (emphasis added)].  First, Plaintiffs' timeframe in their production subpoena is significantly overbroad.  Plaintiffs request that all communications and documents related to their request be produced ***since*** December 23, 2011.  Just taking Plaintiffs' first area of inquiry – Dennis Montgomery – it is patently clear that their request is overbroad, given that MCSO did not have any dealings with Dennis Montgomery until Fall of 2013. *See Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 469 (D.S.D.2011) (In wrongful death suit against meat packer and grocery store alleging they had caused E. coli outbreak in ground beef, meat packer's deposition subpoena to nonparty supplier of beef, which sought information about all of its microbacterial and food safety testing for three-year period prior to outbreak, involved overly broad time period, and thus would be limited to include only 2-month time period during which outbreak had occurred).  Moreover, while the remainder of Plaintiffs' production request may seek relevant evidence or evidence reasonably calculated to lead to relevant evidence, there is no doubt that the records will contain personal, confidential and completely irrelevant information.  In fact, the vast majority of the records sought pursuant to this production request are

believed to consist of information that is both irrelevant and confidential.

Second, Plaintiffs' production request for *all* communications between Mr. Zullo and MCSO and the Cold Case Posse is significantly overbroad. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606 (E.D. Va. 2008) (Subpoena duces tecum seeking emails of non-party witnesses in an action was overbroad, and thus imposed an undue burden on the witnesses, to the extent that it did not limit the documents requested to subject matter relevant to the claims or defenses in the action; the subpoena requested "all" of a witness' emails for a six-week period, which would likely include privileged and personal information unrelated to the action.); *403-411 East 65th Street Corporation v. Ford Motor Co.*, 27 F.Supp. 37, 37 (S.D.N.Y. 1939) (Paragraph of subpoena duces tecum commanding production at an examination before trial, of corporation's employee, of all other evidences and writings in custody of corporation and relating to causes of action set forth in the complaint was required to be quashed because too broad and unreasonable).

Finally, Plaintiffs have given Mr. Zullo *three business days* (at best)[1] to respond to Plaintiffs' production subpoena. Given that Plaintiffs request Mr. Zullo to produce *every* communication he had with MCSO employees and Cold Case Posse members since December 23, 2011, it would require Mr. Zullo to spend *weeks* of his time manually pouring over tens of thousands of emails and other electronic communications to find potentially responsive material. This request is patently unduly burdensome and unreasonable.

Accordingly, pursuant to Rule 45, Plaintiffs' production subpoena is substantially overbroad, unduly burdensome, and fails to allow a reasonable time to comply with their request. Defendant Arpaio, therefore, requests that this Court quash

---

[1] Plaintiffs' filed three subpoenas on September 25, 2015 with this court, but have not indicated that they have served Mr. Zullo. Rather, Plaintiffs' subpoenas state that they "*intend to serve* the attached subpoena for production of documents, electronically stored information, or tangible things, upon Michael Zullo." [Doc. 1396 at 1 (emphasis added)]. Despite this, Plaintiffs' production subpoena still requires Mr. Zullo to respond and produce their requested documents by September 30, 2015 at 4:00 pm.

this portion of Plaintiffs' subpoena.[2]

## III. IN THE ALTERNATIVE, DEFENDANT ARPAIO REQUESTS A PROTECTIVE ORDER.

In addition to Rule 45, or in the alternative, Defendant Arpaio moves the Court for a protective order precluding the Plaintiffs from obtaining responses to their production subpoena. Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" from a party's discovery request. Fed. R. Civ. P. 26(c)(1). As demonstrated above, the documents and information requested in Plaintiffs' production subpoena create an undue burden and expense because production, if possible, will require the full time attention from Mr. Zullo, an MCSO posse member, for weeks at his own expense. Plaintiffs' production subpoena is also demonstrably aimed at annoyance and oppression because it seeks information that is overbroad, in an unreasonable time frame, and seeks that information during the ongoing contempt proceedings. Accordingly, Mr. Zullo alternatively requests the Court to issue a protective order precluding Plaintiffs from obtaining responses to Part III of their subpoena.

## IV. CONCLUSION

For the foregoing reasons, Defendant Arpaio moves to partially quash Plaintiffs' production subpoena due to their overbroad and unduly burdensome production requests regarding Mr. Zullo's communications with MCSO.

---

[2] In addition, Plaintiffs have known for months about Mr. Zullo and his role with MCSO in this action, but failed to ever serve a subpoena on him. Plaintiffs apparently believe they are entitled to rolling discovery in this case with absolutely no limitations or regards to Defendants' rights. Indeed, Plaintiffs' Notice of Subpoenas does not provide any reason as to why this information is relevant let alone why there is good cause that it should be discoverable now, or why it should be produced on such an expedited timetable. Plaintiffs had ample opportunity to discover their requested information, but failed to do so, and now seek to recover this information when proceedings are ongoing, in a further attempt to continue their "trial by fire" litigation tactics.

1    DATED this 29th day of September, 2015.

2                                    JONES, SKELTON & HOCHULI, P.L.C.

3

4                              By  /s/John T. Masterson
                                   John T. Masterson
5                                  Joseph J. Popolizio
                                   Justin M. Ackerman
6                                  2901 North Central Avenue, Suite 800
                                   Phoenix, Arizona  85012
7                                  Attorneys for Defendant Joseph M. Arpaio
                                   and the Maricopa County Sheriff's Office
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/Karen Gawel

# EXHIBIT 4

1   Cecilia D. Wang (*Pro Hac Vice*)
2   cwang@aclu.org
    ACLU Foundation
3   Immigrants' Rights Project
    39 Drumm Street
4   San Francisco, California 94111
    Telephone: (415) 343-0775
5   Facsimile: (415) 395-0950
6
7   Daniel J. Pochoda
    dpochoda@acluaz.org
8   ACLU Foundation of Arizona
    3707 N. 7th St., Ste. 235
9   Phoenix, AZ 85014
    Telephone: (602) 650-1854
10  Facsimile: (602) 650-1376
11
12  *Attorneys for Plaintiffs (Additional attorneys*
    *for Plaintiffs listed on next page)*
13
14              **IN THE UNITED STATES DISTRICT COURT**
15                **FOR THE DISTRICT OF ARIZONA**
16  Manuel de Jesus Ortega Melendres,     )    CV-07-2513-PHX-GMS
    et al.,                               )
17                                        )
18            Plaintiff(s),               )
                                          )    **PLAINTIFFS' RESPONSE**
19        v.                              )    **TO DEFENDANTS' MOTION**
                                          )    **TO QUASH SUBPOENA**
20  Joseph M. Arpaio, et al.,             )
21                                        )
              Defendants(s).              )
22                                        )
                                          )
23  _____      )
24
25
26
27
28

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley (*Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Plaintiffs respond to Defendants' motion to quash as follows.

First, in light of the Court's comments regarding the motion on September 29, 2015, Plaintiffs will agree to amend document request #1 as follows:

Request #1:

Copies, to be provided in native format with metadata, of all emails, text messages, or other written communications, including any attachments and metadata, and including communications and DOCUMENTS sent to or from personal email accounts such as detmack@gmail.com, 1tick@earthlink.net, dwebb605@gmail.com, and emails and text messages sent using personal smartphones, tablets or other communications devices or MCSO-provided devices, sent to or from YOU, Sheriff Arpaio, Chief Deputy Sheridan, Brian Mackiewicz, Dennis Montgomery a/k/a David Webb, ~~Retired Executive Chief Brian Sands, any employee of Maricopa County Sheriff's Office,~~ **or Sgt. Travis Anglin** ~~any member of the Cold Case Posse~~, from ~~December 23, 2011~~ **September 1, 2013** through the present, that mention or relate to:

(a) Dennis Montgomery's activities, on behalf of YOU, Sheriff Arpaio, or MCSO, relating to the timeline and diagram provided in the "Joe Arpaio Brief" (attached as Exhibit A)

(b) the Melendres litigation, the court's orders relating to the litigation, plaintiffs in that litigation and plaintiffs' attorneys in that litigation, and the court-appointed Monitor,

(c) any investigation conducted by Sheriff Arpaio or MCSO or agents of Sheriff Arpaio or MCSO, or on Sheriff Arpaio's or MCSO's behalf, of Judge Snow or of any judge or elected official, and/or their family members and/or their associates.

Second, Plaintiffs' requested return date for these documents is **October 5, 2015**. Plaintiffs erroneously attached with Dkt. 1396, the Notice of Service filed with this Court, an outdated copy of the document subpoena form which included the earlier

1

return date. Plaintiffs asked that the document subpoena be re-served on Mr. Zullo on

September 25, 2015, after filing the Notice of Service as Dkt. 1396, with the amended

return date, *see* Exhibit A (document subpoena sent by undersigned counsel for

service), and were informed that the document had been served that evening. In the

event the new document subpoena erroneously listed the earlier return date, that was

an error.

If these amendments are not satisfactory to Defendants, Defendants' motion

should be denied. Requests for documents in Mr. Zullo's possession that relate to the

so-called "Seattle investigation" are relevant to the topics at issue in this trial and about

which witnesses have testified at length. Documents showing any discussion relating

to this litigation or investigation by Mr. Zullo or others, targeting any judge or elected

official, during the requested time frame, are also material to this Court's

determination of whether the retention of Dennis Montgomery reflects Sheriff

Arpaio's use of Mr. Zullo to target and investigate the Sheriff's perceived opponents,

which will cast light on the activities of Mr. Zullo relative to this Court and this case.

Yet, upon review, it does not appear that Defendants' document productions

have required Mr. Zullo to comprehensively include <u>all</u> responsive correspondence and

documents, including those from personal email accounts of Mr. Zullo and Mr.

Mackiewicz. Rather, it appears that only those emails that the respondents such as Mr.

Zullo or Sgt. Anglin elected to produce have been produced. *See, e.g.*, Ex. B, Anglin

Dep. Tr. 133:12-24:

12] Q. Okay. Going back to your searching for

13] documents, is there a policy on how sheriff's office

14] employees, including yourself, are supposed to search

15] for documents when you get a document request for a

16] litigation like this one?

17] MR. MASTERSON: Form.

18] THE WITNESS: Not to my knowledge.

19] Q. You're not aware of a policy

20] that you followed -- did you follow someone's

21] instruction to you in terms of how you went about your

22] search or was that just on your own sort of logical

23] thinking in terms of what you did?

24] A. Just my desire to be thorough.

Moreover, good cause exists for the expedited return date (of October 5, 2015), because Mr. Zullo's deposition is scheduled to take place on October 7. Just one week ago, on September 22, 2015, counsel for the Sheriff for the first time asked that Plaintiffs file separate third-party subpoenas on Mr. Zullo for purposes of trial and deposition attendance, as opposed to accepting service through MCSO. This representation by counsel for Defendants, as well as the state of Defendants' document productions and the methods by which those productions were gathered, calls into question the extent to which MCSO has and will undertake to produce documents in Mr. Zullo's possession that pertain to the ongoing contempt hearing. And any correspondence in Mr. Zullo's possession, including that from his or Detective Mackiewicz's personal email accounts that have occurred since MCSO produced documents relating to the Seattle investigation in April and May 2015, are highly relevant to the appropriate remedies for Sheriff Arpaio's and Chief Deputy Sheridan's admitted contempt of this Court's orders.

Nonetheless, if the Court wishes to allow Mr. Zullo more time to respond to the subpoena, then Plaintiffs are willing to reschedule the deposition provided that the hearing schedule can accommodate the need to review any documents after their production and to take Mr. Zullo's deposition in anticipation of Mr. Zullo's testimony at the hearing.

For all these reasons, Plaintiffs' amended document request should be adopted, and the document subpoena should not be quashed.

3

1

2          RESPECTFULLY SUBMITTED this 29th day of September, 2015.

3

4                               By: /s/ *Michelle L. Morin*

5                               Cecillia D. Wang (*Pro Hac Vice*)
                                  Andre I. Segura (*Pro Hac Vice*)

6                               ACLU Foundation

7                               Immigrants' Rights Project

8                               Daniel Pochoda

9                               ACLU Foundation of Arizona

10                             Anne Lai (*Pro Hac Vice*)

11                             Stanley Young (*Pro Hac Vice*)
                               Tammy Albarran (*Pro Hac Vice*)

12                             Michelle L. Morin (*Pro Hac Vice*)

13                             Lauren E. Pedley *(Pro Hac Vice)*
                               Hyun S. Byun (*Pro Hac Vice*)

14                             Priscilla G. Dodson (*Pro Hac Vice*)
                               Covington & Burling, LLP

15

16                             Jorge M. Castillo (*Pro Hac Vice*)

17                             Mexican American Legal Defense and
                               Educational Fund

18                             *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.

*/s/ Michelle L. Morin*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          Michael Zullo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: jromanow@cov.com OR ACLU Foundation of Arizona, 3707 N. 7th Street, Suite 235, Phoenix, AZ 85014 | Date and Time: 10/05/2015 4:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          09/25/2015

CLERK OF COURT

                                                              OR

_____          s/ Michelle L. Morin
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Manuel de Jesus Ortega Melendres, et al. _____, who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

(650) 632-4700                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 07-2513-PHX-GMS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

Request #1:

Copies, to be provided in native format with metadata, of all emails, text messages, or other written communications, including any attachments and metadata, and including communications and DOCUMENTS sent to or from personal email accounts such as detmack@gmail.com, 1tick@earthlink.net, dwebb605@gmail.com, and emails and text messages sent using personal smartphones, tablets or other communications devices or MCSO-provided devices, sent to or from YOU, Sheriff Arpaio, Chief Deputy Sheridan, Brian Mackiewicz, Dennis Montgomery a/k/a David Webb, Retired Executive Chief Brian Sands, any employee of Maricopa County Sheriff's Office, or any member of the Cold Case Posse, from December 23, 2011 through the present, that mention or relate to:

(a) Dennis Montgomery's activities, on behalf of YOU, Sheriff Arpaio, or MCSO, relating to the timeline and diagram provided in the "Joe Arpaio Brief" (attached as Exhibit A)

(b) the Melendres litigation, the court's orders relating to the litigation, plaintiffs in that litigation and plaintiffs' attorneys in that litigation, and the court-appointed Monitor,

(c) any investigation conducted by Sheriff Arpaio or MCSO or agents of Sheriff Arpaio or MCSO, or on Sheriff Arpaio's or MCSO's behalf, of Judge Snow or of any judge or elected official, and/or their family members and/or their associates.

Request #2:

Copies, to be provided in native format with metadata, of any work product in your possession regarding items (a)-(c) of Request #1, including all revisions and drafts.

## DEFINITIONS AND INSTRUCTIONS

1.     "YOU" is defined to include you, and any person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

2.     "DEFENDANTS" is defined to include the named defendants in this matter, Joseph Arpaio, in his official capacity as the sheriff of Maricopa County, and Maricopa County, and any person or entity acting or purporting to act on their behalf, at their direction, or under their supervision.

1

3.      "RELATE" OR "RELATING TO" means evidencing, memorializing, referring, concerning, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, responding or otherwise alluding to or relating to in any way, in whole or in part, the subject matter referred to in the interrogatory.

4.      "DOCUMENT" and "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Federal Rule of Civil Procedure 34(a), in its broadest sense, and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in YOUR possession, custody or control, or in the possession, custody or control of the YOUR attorneys.  A draft of a non-identical copy is a separate DOCUMENT within the meaning of this term.  Without limiting the term "control," a DOCUMENT is deemed to be within YOUR control if YOU have ownership, possession or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any PERSONS or public or private entity having physical control thereof.

5.      "PERSON" means, inclusively, any natural person, proprietorship, partnership, joint venture, trust, group, agency, department, association, corporation or any other entity or organization, and any agent or employee of any of those individual entities.

6.      "COMMUNICATION" means any oral or written contact, regardless of method, between two or more persons, organizations, companies, or other business entities, regardless of form, and shall include, without limitation, notes, letters, memoranda, email, facsimile, reports, briefings, telegrams, telex or, by any document, oral contact by such means as face to face meetings and/or telephone conversations, or any form of transmittal of information in the form of facts, ideas, inquiries, or otherwise.

7.      Words used in the plural shall be interpreted to include the singular, and words used in the singular shall be interpreted to include the plural.

8.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request all responses that might otherwise be deemed outside the scope.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

2

10.    The use of any masculine or feminine pronoun includes both the masculine and feminine.

# EXHIBIT A

Case 2:07-cv-02513-GMS Document 1456 Filed 09/29/15 Page 62 of 761

**JOE ARPAIO BRIEF**

Timeline

| Date | Description | IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/26/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 602.322.7650 | 202.514.2000 | 5 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34  REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricpoa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03  REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricpoa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |

Confidential Information Not to Be Disclosed          Rev 1.3a

MELC199917

CONFIDENTIAL

JOE ARPAIO BRIEF

Timeline

| Date | Description | IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|------------|-----------|-----------|---------|-------------------|
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 10 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| | | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| | | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2  10)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Rev 1.3a

MELC199918

JOE ARPAIO BRIEF

<u>Timeline</u>

CONFIDENTIAL

Confidential Information Not to Be Disclosed

Rev 1.3a

MELC199919

JOE ARPAIO BRIEF

Timeline



Rev 1.3a

MELC199920

Case: 2:07-cv-02513-GMS Document 1456 Filed 09/29/15 Page 32 of 61

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34     Block   REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03          REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |

Confidential Information Not to Be Disclosed                    Rev 1.4c

MELC199921

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| | | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| | | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Confidential Information Not to Be Disclosed                    Rev 1.4c

MELC199922

Case 2:07-cv-02513-GMS Document 1156 Filed 09/29/15 Page 23 of 761

JOE ARPAIO BRIEF

Timeline

MELC199923

Case 2:07-cv-02513-GMSD Document 1156 Filed 09/29/15 Page 335 of 761

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 1.4c

MELC199924

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34   Block REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03         REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| | Maricopa Government - mcao.maricopa.gov - mcso.maricopa.gov | 156.42.184.65 | | | | |
| | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |

MELC199925

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/18/10 | Covington Burling Law Firm Call Department of Justice (DOJ) - Not In This Case | | 14:55 | 650.632.4704 | 202.514.6225 | 10 |
| 10/22/10 | Covington Burling Law Firm Call Perkins Coie (John Gray) | | 14:21 | 650.632.4704 | 602.351.8092 | 19 |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| 03/01/13 | Lanny Breuer Resigns from DOJ and rejoins Covington Burling Law Firm | | | | | |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Confidential Information Not to Be Disclosed

Rev 1.5a

MELC199926

Case 2:07-cv-02513-GMSD Document 1416 Filed 09/29/15 Page 263 of 761

JOE ARPAIO BRIEF
Timeline

Confidential Information Not to Be Disclosed

Rev 1.5a

MELC199927

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 1.5a

MELC199928

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|---|---|---|---|---|---|---|
| 2001 - 2008 | Eric Holder Senior Partner Covington Burling Law Firm | | | | | |
| 2001 – 2009 | Lanny Breuer Senior Partner Covington Burling Law Firm | | | | | |
| 02/12/07 | ACLU Files Melendres Lawsuit Against Arpaio | | | | | |
| 06/15/08 | US Department of Justice (DOJ) announces investigation into Joe Arpaio | | | | | |
| 02/01/09 | US Department of Justice (DOJ) - Hires Eric Holder Attorney General US | | | | | |
| 03/15/09 | Arizona Attorney General (AG) Issues Search Warrant Deputy Joel Fox | | | | | |
| 04/20/09 | Lanny Breuer Hired As Assistant AG Criminal Div. - DOJ | | | | | |
| 07/07/09 | Joe Arpaio Announces he will not cooperate with DOJ Investigation | | | | | |
| 07/15/09 | US Federal Judge Mary Murguia recuses herself from the Arpaio case. | | | | | |
| 07/20/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 10 |
| 07/22/09 | Judge G. Murray Snow Assigned To Arpaio Federal Cases (Not Random) | | | | | |
| 07/23/09 | US Department of Justice (DOJ) - Calls Federal Judge G. Murray Snow | | | 202.514.2000 | 602.322.7560 | 32 |
| 09/01/09 | John Gray Starts Intern Clerk Job with Federal Judge G. Murray Snow | | | | | |
| 09/16/09 | Dennis Burke Becomes US Attorney General Arizona | | | | | |
| 09/25/09 | US Department of Justice (DOJ) - Calls Dennis Burke US Attorney Arizona | | 10:43 | 202.514.2000 | 602.514.7500 | 9 |
| 09/26/09 | Judge G. Murray Snow Calls US Department of Justice (DOJ) | | 11:04 | 602.322.7560 | 202.514.2000 | 16 |
| 09/28/09 | Dennis Burke US Attorney - Calls Judge G. Murray Snow | | 11:44 | 602.514.7500 | 602.322.7560 | 6 |
| 09/28/09 | US Department of Justice (DOJ) - Wire Tap #56990-34 Block REDACTED | | | | | |
| 10/15/09 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| 10/15/09 | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| 10/15/09 | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 03/25/10 | Federal Judge Mary Murguia nominated to the 9th Circuit Court Appeals. | | | | | |
| 05/24/10 | US Department of Justice (DOJ) - Civil Rights Calls Federal Judge G. Murray Snow | | | 202.514.6225 | 602.322.7560 | 14 |
| 05/28/10 | DOJ Criminal Division Wire Tap #64402-03 REDACTED | | | | | |
| 08/15/10 | US Gov breached Maricopa all domains, and subdomains | 156.42.184.18 | | | | |
| 08/15/10 | Maricopa Government - mcao.maricopa.gov ~ mcso.maricopa.gov | 156.42.184.65 | | | | |
| 08/15/10 | Mail servers: extmail1.maricopa.gov extmail2.maricopa.gov | 156.42.103.166 | | | | |
| 07/10/10 | Covington Burling Law Firm Take Over Melendres Lawsuit Against Arpaio. | | | | | |
| 09/02/10 | US Department of Justice (DOJ) files suit against Arpaio | | | | | |

Confidential Information Not to Be Disclosed

Rev 2.0

MELC199929

JOE ARPAIO BRIEF

Timeline

| Date | Description | Breach IP Address | Time Call | From Call | To Call | Duration in (Min) |
|------|-------------|-------------------|-----------|-----------|---------|-------------------|
| 09/15/10 | US Department of Justice (DOJ) Call Federal Judge G. Murray Snow | | | 202.307.0652 | 602.322.7560 | 5 |
| 09/15/10 | John Gray Ends Intern Clerk with Federal Judge G. Murray Snow | | | | | |
| 10/01/10 | John Gray Joins Perkins Coie Law Firm | | | | | |
| 10/18/10 | Covington Burling Law Firm Call Department of Justice (DOJ) - Not In This Case | | 14:55 | 650.632.4704 | 202.514.6225 | 10 |
| 10/22/10 | Covington Burling Law Firm Call Perkins Coie (John Gray) | | 14:21 | 650.632.4704 | 602.351.8092 | 19 |
| 10/23/10 | US Government Breached - www.jshfirm.com  mail.jshfirm.com | 216.119.127.142 | | | | |
| 10/23/10 | Service25-us.mimecast.com ; service26-us.mimecast.com | | | | | |
| 10/25/10 | US Department of Justice (DOJ) Calls Perkins Coie (John Gray) | | 16:30 | 202.514.2000 | 602.351.8092 | 8 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Federal Judge Snow Chambers | | 16:42 | 602.351.8092 | 602.322.7560 | 10 |
| 10/25/10 | Perkins Coie Associate  (John Gray) makes call to Maricopa County Cell Phone ++ | | 16:55 | 602.351.8092 | 602.+++ | 4 |
| | | | | | | |
| 01/04/11 | US Federal Judge Mary Murguia approved as 9th Circuit Court of Appeals Judge | | | | | |
| 04/23/11 | Sheriff Arpaio Fires Chief Deputy David Hendershott and Deputy Larry Black | | | | | |
| 08/30/11 | Dennis Burke Resigns As Us Attorney Arizona - Fast and Furious Scandal | | | | | |
| 10/21/11 | Sheriff Arpaio Fires MSCO Captain Joel Fox | | | | | |
| 09/01/11 | US Department of Justice (DOJ) files complaint against Sheriff Arpaio | | | | | |
| 07/18/12 | US Rep Jon Kyl office call Department of Justice Office Attorney - Amin Aminfar | | 11:14 | 202.224.4521 | 202-307-0652 | 26 |
| 07/19/12 | Melendres vs. Sheriff Arpaio Trial Heard by Federal Judge G. Murray Snow | | | | | |
| 07/24/12 | Covington Burling Law Fim Call to US Rep Jon Kyl office | | 11:58 | 202.662.6000 | 202.224.4521 | 38 |
| 06/13/13 | US Department of Justice (DOJ) Joins Melendres Lawsuit with Covington Law Firm | | | | | |
| 10/02/13 | Judge G. Murray Snow Rules in Class Action Lawsuit Against Joe Arpaio | | | | | |

Red - Phone Calls made to or from the Department of Justice
Green - John Gray Interns for Federal Judge G. Murray Snow (2009 - 2010)
Blue - Judge G. Murray Snow Assigned To Arpaio Federal Case

Confidential Information Not to Be Disclosed                    Rev 2.0

MELC199930

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 2.0

MELC199931

JOE ARPAIO BRIEF

Timeline

Confidential Information Not to Be Disclosed

Rev 2.0

MELC199932

Case 2:07-cv-02513-GMS   Document 1415   Filed 07/10/15   Page 44 of 61



## ARPAIO BRIEF

*This Page is Still Under Construction*   rev (1.4c)

MELC199933



ARPAIO BRIEF

G. Murray Snow
Federal Judge Arpaio
Case
07/22/2009

DOJ Calls
G. Murray Snow
07/23/09 (32 min)

DOJ Calls
G. Murray Snow
07/20/09 (10 min)

John Gray
Judge Snow Law Clerk
09/01/09 – 09/15/10

John Gray
Working on
Court Rulings Arpaio

John Gray
Calls Judge Snow
10/25/10
(10 mins)

John Gray
Perkins Coie
Associate Lawyer (AZ)
10/2010 – Present

Covington Burling Law Firm
(05/06/2010)
Steptoe & Johnson
Melendres vs. Sheriff Arpaio
2:07-cv-02513-GMS

DOJ
Jones, Skelton, & Hochuli
DOJ vs. Sheriff Arpaio
2:10-cv-01878-GMS
09/02/10

Department
of Justice
Eric Holder
Lanny Breuer

DOJ Calls
Dennis Burke USA AZ
09/25/09 (9 min)

DOJ Calls
John Gray
10/25/2010 (8 min)

DOJ Calls
G. Murray Snow
05/24/10 (14 min)

G. Murray Snow
Calls DOJ
09/26/2009 (16 min)

DOJ Wiretap #56990-34
G. Murray Snow Orders
09/28/2009

Dennis Burke USA AZ
Calls G. Murray Snow
09/26/2009 (6 min)

DOJ Wiretap # 64402-03
Orders ???
05/28/10

Covington Burling
John Gray
10/22/2010 (19 min)

Covington Burling
DOJ Calls
10/18/2010 (10 min)

John Gray Calls
Maricopa Cell Phone
???
10/25/2010 (4 min)

Government Servers
DOD & CIA & DOJ
Data Harvesting Technology (Nexis)
Fort Washington (James Clapper)

Firewall Breaches
www.Maricopa.gov
Servers
10/15/09

Firewall Breaches
www.Maricopa.gov
Servers
08/15/10

Firewall Breaches
WWW.Jshfirm.com
08/15/10

*This Page is Still Under Construction*   *rev (1.5a)*

MELC199934

# ARPAIO BRIEF



G. Murray Snow
Federal Judge Arpaio
Case
07/22/2009

John Gray
Judge Snow Law Clerk
09/01/09 – 09/15/10

DOJ Calls
G. Murray Snow
07/23/09 (32 min)

DOJ Calls
G. Murray Snow
07/20/09 (10 min)

John Gray
Working on
Court Rulings Arpaio

John Gray
Calls Judge Snow
10/25/10
(10 mins)

John Gray
Perkins Coie
Associate Lawyer (AZ)
10/2010 – Present

Covington Burling Law Firm
(05/06/2010)
Steptoe & Johnson
Melendres vs. Sheriff Arpaio
2:07-cv-02513-GMS

DOJ
Jones, Skelton, & Hochuli
DOJ vs. Sheriff Arpaio
2:10-cv-01878-GMS
09/02/10

Department
of Justice
Eric Holder
Lanny Breuer

DOJ Calls
John Gray
10/25/2010 (8 mins)

DOJ Calls
Dennis Burke USA AZ
09/25/09 (9 min)

DOJ Calls
G. Murray Snow
05/24/10 (14 mins)

G. Murray Snow
Calls DOJ
09/26/2009 (16 min)

DOJ Wiretap #56990-34
G. Murray Snow Orders
09/28/2009

Dennis Burke USA AZ
Calls G. Murray Snow
09/26/2009 (6 min)

DOJ Wiretap # 64402-03
Orders ???
05/28/10

Covington Burling
John Gray
10/22/2010 (19 min)

Covington Burling
DOJ Calls
10/18/2010 (10 min)

John Gray Calls
Maricopa Cell Phone
???
10/25/2010 (4 mins)

US Rep John Kyl
Calls DOJ
07/18/12 (26 min)

Covington Burling
Calls US Rep John Kyl
07/24/12 (38 min)

Government Servers
DOD & CIA & DOJ
Data Harvesting Technology (Nexis)
Fort Washington (James Clapper)

Firewall Breaches
www.Maricopa.gov
Servers
10/15/09

Firewall Breaches
www.Maricopa.gov
Servers
08/15/10

Firewall Breaches
WWW.Jshfirm.com
08/15/10

*This Page is Still Under Construction*   *rev (2.0)*

MELC199935

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Manuel de Jesus Ortega          )
Melendres, et al.,              )
                                )
        Plaintiffs,             )
                                ) No.
vs.                             ) CV-07-2513-PHX-GMS
                                )
Joseph M. Arpaio, et al,        )
                                )
        Defendants.             )
                                )


VIDEOTAPED DEPOSITION OF SERGEANT TRAVIS ANGLIN

Phoenix, Arizona
September 9, 2015
9:05 a.m.


REPORTED BY:
Kellie L. Konicke, RPR
AZ Certified Reporter No. 50223

PREPARED FOR:
ASCII/Copy

1      Q.    -- on the administrative side?

2      A.    Yes, ma'am.

3      Q.    Can you refresh my memory, please, on when that

4  was?

5      A.    I was promoted in 2006, and I was already there

6  as a sergeant, and I believe I left about the end of

7  2008.

8      Q.    Okay.  Thanks.

9            Are you familiar with the Internal Affairs

10  process on the administrative side as it exists today?

11     A.    Not really.  I don't know how much has changed.

12     Q.    Okay.  Going back to your searching for

13  documents, is there a policy on how sheriff's office

14  employees, including yourself, are supposed to search

15  for documents when you get a document request for a

16  litigation like this one?

17            MR. MASTERSON:  Form.

18            THE WITNESS:  Not to my knowledge.

19     Q.    BY MS. MORIN:  You're not aware of a policy

20  that you followed -- did you follow someone's

21  instruction to you in terms of how you went about your

22  search or was that just on your own sort of logical

23  thinking in terms of what you did?

24     A.    Just my desire to be thorough.

25            MS. MORIN:  Okay.  Let's mark 2094.

# EXHIBIT 5

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys
for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al., | ) ) ) | CV-07-2513-PHX-GMS |
| Plaintiff(s), | ) ) | **AMENDED NOTICE OF SERVICE OF SUBPOENA COMMANDING DEPOSITION TESTIMONY** |
| v. | ) ) | |
| Joseph M. Arpaio, et al., | ) ) | |
| Defendants(s). | ) ) ) | |
| _____ | ) | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

1   TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure

3   45(b)(1), Plaintiffs will serve the attached subpoena commanding deposition upon

4   Michael Zullo.

5

6         RESPECTFULLY SUBMITTED this 7th day of October, 2015.

7

8                                    By: /s/ *Michelle L. Morin*

9                                    Cecillia D. Wang (*Pro Hac Vice*)
10                                   Andre I. Segura (*Pro Hac Vice*)
                                     ACLU Foundation
11                                   Immigrants' Rights Project

12                                   Daniel Pochoda
                                     ACLU Foundation of Arizona
13
                                     Anne Lai (*Pro Hac Vice*)
14

15                                   Stanley Young (*Pro Hac Vice*)
                                     Tammy Albarran (*Pro Hac Vice*)
16                                   Michelle L. Morin (*Pro Hac Vice*)
                                     Lauren E. Pedley *(Pro Hac Vice)*
17                                   Hyun S. Byun (*Pro Hac Vice*)
                                     Priscilla G. Dodson (*Pro Hac Vice*)
18                                   Covington & Burling, LLP
19
                                     Jorge M. Castillo (*Pro Hac Vice*)
20                                   Mexican American Legal Defense and
                                     Educational Fund
21                                   *Attorneys for Plaintiffs*
22

23

24

25

26

27

28

                                     1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.


                                            */s/ Michelle L. Morin*

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) |
| *Defendant* | )    (If the action is pending in another district, state where: |
| | )                               ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Michael Zullo
      1921 W Morning Vista Ln Phoenix, AZ 85085-2722

    ☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Legal Video Specialists, 3033 N. Central Avenue, Suite 100, Phoenix, Arizona, 85012 | Date and Time: <br> 10/23/2015 9:00 am |
|---|---|

      The deposition will be recorded by this method:    stenography and video

    ❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/07/2015

               *CLERK OF COURT*

                                           OR

                                                        s/ Michelle L. Morin

                  *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiffs Manuel de Jesus Ortega Melendres, et al.             , who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   07-2513-PHX-GMS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 6

1  John T. Masterson, Bar #007447
   Joseph J. Popolizio, Bar #017434
2  Justin M. Ackerman, Bar #030726
   JONES, SKELTON & HOCHULI, P.L.C.
3  2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
4  Telephone: (602) 263-1700
   Fax: (602) 200-7846
5  jmasterson@jshfirm.com
   jpopolizio@jshfirm.com
6  jackerman@jshfirm.com

7  Attorneys for Defendant Joseph M. Arpaio in
   his official capacity as Sheriff of Maricopa
8  County, AZ

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF ARIZONA

11

12  Manuel de Jesus Ortega Melendres, et al.,     NO. CV 07-02513-PHX-GMS

13                                 Plaintiff,     **NOTICE OF PARTIAL**
                                                  **COMPLIANCE WITH SUBPOENA**
14                                                **SERVED ON AND LACK OF**
          v.                                      **AUTHORITY TO ACCOMPLISH**
15                                                **ADDITIONAL PRODUCTION**
    Joseph M. Arpaio, et al.,                     **FROM MICHAEL ZULLO**
16
                                 Defendant.
17

18

19          Counsel for Defendant Joseph M. Arpaio in his official capacity as Sheriff

20  of Maricopa County, Arizona, has received production from Mr. Michael Zullo that Mr.

21  Zullo has identified as responsive to Plaintiffs' subpoena served on Mr. Zullo. As ordered

22  by the Court, undersigned counsel for Sheriff Arpaio has reviewed this production for

23  privilege and work product and has accomplished a rolling production over the weekend.

24  Undersigned defense counsel provided Plaintiffs with four (4) batches of production by

25  Sunday evening consisting of three thousand six hundred forty-nine (3,649) pages of

26  documentation.

27

28
    4559505.1
    10/20/15

Undersigned defense counsel is in possession of additional material that Mr. Zullo has provided as being responsive to the subpoena. Defense counsel has conducted a review of this additional material, also. However, undersigned defense counsel is being prohibited by Mr. Zullo from producing any additional materials due to the Fourth Amendment, Fifth Amendment and due process protections that Mr. Zullo believes may apply to him and the production of these additional materials. Moreover, undersigned defense counsel is informed that Mr. Zullo is seeking counsel to represent him. Absent further order of the Court after consideration of the concerns/protections raised by Mr. Zullo, undersigned defense counsel is left with no choice but to withhold the production of these additional materials that may be responsive to the Zullo subpoena.

DATED this 20TH day of October, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona 85012
    Attorneys for Defendant Joseph M. Arpaio
    and the Maricopa County Sheriff's Office

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 20th day of October, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Donna Hamel

# EXHIBIT 7

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys
for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **NOTICE OF SERVICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45(b)(1), Plaintiffs will serve the attached subpoena commanding production of documents, information, or objects upon JONES, SKELTON & HOCHULI, P.L.C. and Joseph J. Popolizio.

RESPECTFULLY SUBMITTED this 21st day of October, 2015.

By: /s/ *Michelle L. Morin*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund
*Attorneys for Plaintiffs*

1

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.


_/s/ Michelle L. Morin_

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JONES, SKELTON & HOCHULI, P.L.C. and Joseph J. Popolizio
2901 North Central Avenue, Suite 800, Phoenix, AZ 85012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Documents received from Michael Zullo and withheld from production in the above-captioned litigation, as described in Exhibit A, Dkt. 1478, Notice of Partial Compliance with Subpoena Served on and Lack of Authority to Accomplish Additional Production From Michael Zullo, page 2 ("Undersigned defense counsel is in possession of additional material that Mr. Zullo has provided as being responsive to the subpoena.").

| Place: jromanow@cov.com OR ACLU Foundation of Arizona, 3707 N. 7th Street, Suite 235, Phoenix, AZ 85014 | Date and Time: 10/22/2015 4:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/21/2015

CLERK OF COURT

OR

_____          s/ Michelle L. Morin
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Manuel de Jesus Ortega Melendres, et al. _____ , who issues or requests this subpoena, are:

Michelle L Morin, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, mmorin@cov.com

(650) 632-4700                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  07-2513-PHX-GMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

1   John T. Masterson, Bar #007447
     Joseph J. Popolizio, Bar #017434
2   Justin M. Ackerman, Bar #030726
     JONES, SKELTON & HOCHULI, P.L.C.
3   2901 North Central Avenue, Suite 800
     Phoenix, Arizona  85012
4   Telephone:  (602) 263-1700
     Fax:  (602) 200-7846
5   jmasterson@jshfirm.com
     jpopolizio@jshfirm.com
6   jackerman@jshfirm.com

7   Attorneys for Defendant Joseph M. Arpaio in
     his official capacity as Sheriff of Maricopa
8   County, AZ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | NO. CV 07-02513-PHX-GMS |
| Plaintiff, | **NOTICE OF PARTIAL COMPLIANCE WITH SUBPOENA SERVED ON AND LACK OF AUTHORITY TO ACCOMPLISH ADDITIONAL PRODUCTION FROM MICHAEL ZULLO** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendant. | |

Counsel for Defendant Joseph M. Arpaio in his official capacity as Sheriff of Maricopa County, Arizona, has received production from Mr. Michael Zullo that Mr. Zullo has identified as responsive to Plaintiffs' subpoena served on Mr. Zullo.  As ordered by the Court, undersigned counsel for Sheriff Arpaio has reviewed this production for privilege and work product and has accomplished a rolling production over the weekend. Undersigned defense counsel provided Plaintiffs with four (4) batches of production by Sunday evening consisting of  three thousand six hundred forty-nine (3,649) pages of documentation.

4559505.1
10/20/15

Undersigned defense counsel is in possession of additional material that Mr. Zullo has provided as being responsive to the subpoena. Defense counsel has conducted a review of this additional material, also. However, undersigned defense counsel is being prohibited by Mr. Zullo from producing any additional materials due to the Fourth Amendment, Fifth Amendment and due process protections that Mr. Zullo believes may apply to him and the production of these additional materials. Moreover, undersigned defense counsel is informed that Mr. Zullo is seeking counsel to represent him. Absent further order of the Court after consideration of the concerns/protections raised by Mr. Zullo, undersigned defense counsel is left with no choice but to withhold the production of these additional materials that may be responsive to the Zullo subpoena.

DATED this 20TH day of October, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By  /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Attorneys for Defendant Joseph M. Arpaio
    and the Maricopa County Sheriff's Office

4559505.1
10/20/15

2

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 20th day of October, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Donna Hamel
_____

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al. | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

On October 26, 2015, the Court held a Telephonic Status Conference with the Parties. Pursuant to discussions during the conference and the Court's ruling from the bench,

**IT IS HEREBY ORDERED** that counsel for Sheriff Arpaio shall make a privilege log identifying any documents that should be withheld from Plaintiffs due to privilege, maintain copies of all privileged documents, and provide the log to Plaintiffs by October 28.

**IT IS FURTHER ORDERED** that if Mr. Michael Zullo wishes to file a motion for a protective order asserting Fourth and/or Fifth Amendment defenses to the

production of those documents, he must do so by **October 30, 2015**. If he fails to file such a motion, the Court will order production of all documents to Plaintiffs.

     **IT IS FURTHER ORDERED** that if Mr. Zullo files a motion for a protective order, Plaintiffs' response shall be due by **November 3, 2015**.

     **IT IS FURTHER ORDERED** that Mr. Mel McDonald will communicate with the attorney in Atlanta with whom he has corresponded via email to inform him of these deadlines.

     **IT IS FURTHER ORDERED** that Mr. Joe Popolizio will communicate with Mr. Zullo to inform him of these deadlines.

     **IT IS FURTHER ORDERED** that Mr. Popolizio must inform the Court within a day if he intends to take the position that he represents Mr. Zullo.

     Dated this 26th day of October, 2015.

Honorable G. Murray Snow
United States District Judge

- 2 -

# EXHIBIT 9

1921 W MORNING VISTA LN
PHOENIX AZ 85085-
480-717-6457

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED        LODGED
RECEIVED     COPY

OCT 2 8 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1

2  MANUEL de JESUS ORTEGA
   MELENDRES,
3  on behalf of himself and all others similarly
   situated; *et al.*
4
                    Plaintiff,
5
        v.                                   Civil Action No.
                                             CV-07-2513-PHX-GMS
6  JOSEPH M. ARPAIO, in his individual
   And official capacity as Sheriff of Maricopa
7  County, Arizona; *et al.*

8                   Defendants

9

10       **MOTION FOR EXTENSION OF TIME TO RETAIN COUNSEL**

11       I, Michael Zullo, move this court pro se for a thirty day extension of time to make

12  arrangements with Maricopa County to pay for me to retain counsel in this civil case, as the lawyers

13  for the County, who claim to be representing Sheriff Joseph Arpaio, have just informed me that they

14  have never and are not representing me, despite their having said so in the past and mislead me in

15  this regard.

16

17       Thus, I need time to work out with the County paying for representation by another

18  counsel who is independent and will do the right thing, as the lawyers for the County in my opinion

19  not only have violated rules of ethics and my constitutional rights, but have failed to take actions

20  that were necessary to protect my interests.  Plain and simple, these lawyers have violated my

21  constitutional rights.

22

23       These counsel for the County had no authority to make any representations which relate

24  to me at the hearings of the last few days in particular. I have thus asked them to send to me today a

25  copy of the transcripts of these hearings, so I can give them to counsel that I have consulted with

26  who is considering whether to represent me. They have not sent these transcripts to me despite

27

28

1   apparently making statements against my interests and instead intended to protect themselves and

2   avoid the wrath of this Court.

3           My rights Fourth, Fifth and Sixth Amendment rights have been compromised by

4   counsel for the County and I now need to protect my interests with separate counsel. In addition to

5   violating my Fourth and Fifth Amendment rights, my Sixth Amendment right to counsel has been

6   violated.

7           I understand that the Court had ordered the counsel for the County to prepare a log of

8   the documents that I turned over to them believing, based on their representations, that they were

9   representing me, but now that I have been informed that they do not and have not represented me

10  throughout this case, they have no authority to take any action on my behalf. I do not consent to

11  them listing or turning over documents that they have obtained improperly from me to give to the

12  Court and the Plaintiffs who have threatened me.

13          The lawyer that I had consulted and who is considering whether or not to represent me

14  in this civil case, is lawyer who will not be affected or influenced by the poisonous politics of

15  Phoenix, Arizona, informed me of a case that stands for the view that I am not required to produce a

16  list of and the documents and things to the Court at this time, given my rights related to self-

17  incrimination and other constitutional rights. On a number of occasions, this Court, agreeing with

18  the Plaintiffs, has said that it is considering referring this on-going case to the U.S. Attorney for

19  criminal prosecution. The Court's statements and conduct shows and tells me that this is its

20  objective. The Plaintiffs and their counsel have threatened me, a witness in this case, with having

21  committed crimes in their pleadings, and this Court has apparently given credence to their

22  assertions, as it is conducting what is an investigatory proceeding on matters that have nothing to do

23  with the allegations of contempt toward Sheriff Arpaio and his office in allegedly violating a prior

24  court order on profiling of illegal immigrants, of wish I have no involvement.  The case I am talking

- 2 -

about is *United States v. Hubbell*, 530 U.S. 27 (2000), and involves the United States Supreme Court. In this case, the justices ruled on issues identical to what is involved here:

> The two questions presented concern the scope of a witness' protection against compelled self-incrimination: (1) whether the Fifth Amendment privilege protects a witness from being compelled to disclose the existence of incriminating documents that the Government is unable to describe with reasonable particularity; and (2) if the witness produces such documents pursuant to a grant of immunity, whether 18 U.S.C. § 6002 prevents the Government from using them to prepare criminal charges against him.
>
> ***
>
> [w]e have also made it clear that the act of producing documents in response to a subpoena may have a compelled testimonial aspect. We have held that 'the act of production' itself may implicitly communicate 'statements of fact.' By 'producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.' Moreover, as was true in this case, when the custodian of documents responds to a subpoena, he may be compelled to take the witness stand and answer questions designed to determine whether he has produced everything demanded by the subpoena. The answers to those questions, as well as the act of production itself, may certainly communicate information about the existence, custody, and authenticity of the documents. Whether the constitutional privilege protects the answers to such questions, or protect the act of production itself, is a question that is distinct from the question whether the unprotected contents of the documents themselves are incriminating.

*Id.* at 30, 37.

As a result, I respectfully ask the court to allow me 30 days to consult with the County and to retain counsel in this case to protect my interests. I cannot hire a lawyer if he is not assured of payment with regard to what this Court has decided to make a very complicated and contentious case. The County and its lawyers have incurred considerable liability to me and I trust, preserving my rights to take appropriate legal actions to try to remedy their ethical violations if necessary, that they will now take concrete and quick steps to allow me to protect my constitutional rights by paying for independent counsel that I must now retain.

_(signature)_

Michael Zullo Pro Se

I certify that on October 28, 2015, I mailed and emailed this document to to these lawyers:

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road
Redwood Shores, California 94065


Daniel Pochoda, Esq.
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014


Cecilia D. Wang, Esq.
39 Drumm Street
San Francisco, California


Thomas P. Liddy, Esq.
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85005


Michele M. Iafrate, Esq.
649 North Second Avenue
Phoenix, Arizona 85003

Deborah L. Garner, Esq.
649 North Second Avenue
Phoenix, Arizona 85003


Melvin McDonald, Esq.
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728

1    Andre Segura, Esq.
2    125 Broad Street, 18th Fl.
     New York, New York 10004
3

4

5    Anne Lai, Esq.
     401 E. Peltason Drive. Suite 3500
6    Irvine, California 92616

7

8    Jorge M. Castillo, Esq.
     634 S. Spring Street, 11th Fl.
9    Los Angeles, California 90014

10

11   Richard K. Walker, Esq.
     16100 N. 71st Street, Suite 140
12   Scottsdale, Arizona 85254-2236

13
                                                Michael Zullo
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 10

1

2

3

4

5

6    IN THE UNITED STATES DISTRICT COURT

7    FOR THE DISTRICT OF ARIZONA

8

9    Manuel de Jesus Ortega Melendres, on    No. CV-07-2513-PHX-GMS
     behalf of himself and all others similarly
10   situated; et al.                        **ORDER**

11                      Plaintiffs,

12   and

13   United States of America,

14                      Plaintiff-Intervenor,

15   v.

16   Joseph M. Arpaio, in his official capacity as
     Sheriff of Maricopa County, Arizona; et al.
17
                        Defendants.
18

19        Pending before the Court is the Motion for Extension of Time to Retain Counsel

20   by Michael Zullo, filed on October 28, 2015 (Doc. 1501).

21        **IT IS HEREBY ORDERED** that if any party wishes to respond, the Court

22   requires an expedited response by the end of the business day today.

23        Dated this 30th day of October, 2015.

24

25                                    _____
                                             G. Murray Snow
26                                       United States District Judge

27

28

# EXHIBIT 11

Richard K. Walker, SBN 004159
Charles W. Jirauch, SBN 004219
**WALKER & PESKIND, PLLC**
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
cwj@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337
*Counsel for Defendant Maricopa County, Arizona*

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| Manuel de Jesus Ortega Melendres, et al, | CASE NO.: 2:07-CV-02513-GMS |
|---|---|
| Plaintiffs, | |
| And | **DEFENDANT MARICOPA COUNTY, ARIZONA'S RESPONSE TO MICHAEL ZULLO'S MOTION FOR EXTENSION OF TIME TO RETAIN COUNSEL** |
| United States of America, | |
| Plaintiff-Intervenor, | |
| vs. | [Assigned to Judge G. Murray Snow] |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Defendant Maricopa County ("The County")[1], hereby submits its response to

Michael Zullo's Motion for Extension of Time to Retain Counsel, filed by non-party

---

[1] "Maricopa County" and "The County," as used herein, are intended to refer to that "body politic and corporate" created by Article XII, § 1 of the Arizona Constitution and A.R.S. § 11-202 (A), and to that portion of the government of Maricopa County embodied in the Maricopa County Board of Supervisors, the Maricopa County Manager, and those appointed officials and employees of The County who serve under the supervision and direction of the foregoing. The phrases are not intended, and should not be construed, to refer to any other Maricopa County officer whose office is filled by the

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

contemnor Michael Zullo (Doc. 1501). For the record, the County notes that Mr. Zullo's

motion at several points makes reference to "counsel for the County," when the context

suggests he is, in fact, referring to the counsel for Sheriff Arpaio. To the extent relevant

to the Court's consideration of Mr. Zullo's motion, undersigned counsel advises the

Court that no attorney who has appeared on behalf of the County in this action has ever

made any representation to him that was intended to convey, or could have fairly been

construed as conveying, a suggestion that counsel for the County were representing him,

or could do so in any event.

Further, a major thrust of Mr. Zullo's motion appears to be to have the Court grant

him time "to make arrangements with Maricopa County to pay for [him] to retain counsel

in this civil case . . . ." Zullo Motion at 1. Based on information presently available to

the County and current County policy, the County does not consider Mr. Zullo to be

eligible to have counsel provided for him in this matter at County expense. While the

County respects Mr. Zullo's desire to ensure that his constitutional rights receive

adequate protection and does not oppose a brief extension of time to permit him to secure

legal counsel if he deems it prudent to do so, any portion of such extension that is

premised on the prospect of the County's agreeing to pay the fees of his counsel appears

unwarranted.

DATED this 30th day of October, 2015.

electoral process as provided in the Arizona Constitution (Constitutional Officers), or to
any of the officials and other employees of The County who serve under the supervision
and direction of such Constitutional Officers.

2

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC


By: /s/ Richard K. Walker
Richard K. Walker, Esq.
Charles W. Jirauch, Esq.
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
Attorneys for Defendant Maricopa County,
Arizona

### NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed the Defendant,

Maricopa County, Arizona's Response to Michael Zullo's Motion for Extension of Time

to Retain Counsel, with the Clerk of the Court for filing and uploading to the CM/ECF

system which will send notification of such filing to all parties of record.


/s/ Michelle Giordano

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al. | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

Pending before the Court is the Motion for Extension of Time to Retain Counsel by Michael Zullo. (Doc. 1501.) For the reasons stated below that Motion for Extension is denied; nevertheless, the Court treats the Motion for Extension as a Request for a Protective Order by Mr. Zullo, and directs the Parties to respond thereto.

This contempt matter has been in hearings now for over seven months. The hearing began in April, and was continued, both to allow the Court to rule on Defendants' motion to disqualify, and then to allow the parties sufficient time for Defendants to provide the documents that were previously requested, and to allow sufficient time for the hearings to be resumed consistent with the many persons appearing as parties and specially-appearing non-parties. The hearing resumed on September 24 and continued on

September 25, 29, and 30. It then continued on October 1 and 2, 8 and 9, 13 and 14, and 27 and 28.

Obtaining Mr. Zullo's documents, his deposition, and his hearing testimony has been an ongoing topic since before the resumption of the hearings. In September, Plaintiffs sought Mr. Zullo's individual documents when they did not receive them from MCSO's document productions. Defense counsel indicated on September 22 that such materials should be sought through a third-party subpoena to Mr. Zullo. (Doc. 1415 at 3.) Such a subpoena was issued and served on Mr. Zullo on September 25. (Doc. 1396.) Defendants filed a Motion to Quash the subpoena on September 29. (Doc. 1411.) The Court discussed the Motion to Quash with the parties that same evening after the hearing was concluded. (Doc. 1417 at 1731-1732.) Plaintiffs filed a Response to the Subpoena that same night, (Doc. 1415,) the parties argued the motion the next morning, (Doc. 1422,) and the Court ruled on the Motion to Quash that same day, denying it in all pertinent respects as it had been narrowed by the Plaintiffs. (Doc. 1425.)

On October 6, the parties requested and received a continuance for compliance which was granted, and Mr. Zullo's deposition was scheduled for October 23, which fell between the dates set for hearing. (Doc. 1440.) Mr. Zullo provided the subpoenaed documents to Defense counsel; Defense counsel reviewed the documents for privileged communications and produced at least some documents to Plaintiffs. On October 20, Defense counsel filed notice with this Court that Mr. Zullo had instructed Defense counsel not to deliver some of the documents to Plaintiffs' counsel. Defense counsel further informed that Court on that date that Mr. Zullo had decided to seek counsel. (Doc. 1478). Although Mr. Zullo appeared for his deposition on October 23, he apparently declined to answer questions without the assistance of counsel. This Court thus entered an order on October 26 granting Mr. Zullo until today to file a protective order. That provided Mr. Zullo with at least ten days from the date he first desired to seek counsel, to obtain counsel and assert protection from the order if he wished to do so. On October 28, Mr. Zullo filed a motion for extension with this court in which Mr. Zullo

- 2 -

seeks a halt of thirty days in these proceedings so that he can attempt to get Maricopa County to pay for him to secure separate counsel. The Court denies the motion. These hearings, as Mr. Zullo is well aware, have been resumed for over a month and a half. Mr. Zullo determined he wished to obtain separate counsel no later than October 20. In light of the ongoing hearing, the Court gave him ten days in which to do so. The Court declines to extend the hearing by thirty additional days so that Mr. Zullo can attempt to negotiate with Maricopa County to pay for a separate attorney.

Nevertheless, in his motion to continue, Mr. Zullo cites to *United States v. Hubbell*, 530 U.S. 27 (2000), to assert that his Fifth Amendment rights might be infringed by the compelled production of the documents at issue. It seems to the Court that in light of the criminal issues that have been raised, Mr. Zullo may raise a credible case that the production of documents in his possession might implicate his Fifth Amendment protection against being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Court has been informed that the United States is disinclined to request the Court to grant use immunity. Therefore, the Court directs the parties to treat Mr. Zullo's request for an extension, and the legal authorities it contains, as a Motion for a Protective Order. It directs that any Response to the Motion be filed by November 2.

**IT IS THEREFORE ORDERED** that the Motion for Extension of Time to Retain Counsel by Michael Zullo is treated as a Motion for a Protective Order.

**IT IS FURTHER ORDERED** that parties may respond to the question of whether the Fifth Amendment privilege against testimonial incrimination extends to the documents at issue by November 2.

**IT IS FURTHER ORDERED** that a copy of this order be mailed to Mr. Zullo at the address which he has provided the Court.

Dated this 30th day of October, 2015.

G. Murray Snow
United States District Judge

- 3 -

# EXHIBIT 13

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **RESPONSE IN OPPOSITION TO MICHAEL ZULLO'S MOTION FOR EXTENSION OF TIME TO RETAIN COUNSEL** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

1   Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Rebecca A. Jacobs (*Pro Hac Vice*)
rjacobs@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Plaintiffs oppose Mr. Zullo's motion, Dkt. 1501, for an extension of time to allow him to "make arrangements with Maricopa County to pay for [him] to retain counsel in this civil case."

Mr. Zullo, who is neither a party nor a named contemnor, now claims to have located counsel of his choosing. Dkt. 1501 at 1; *see also* Dkt. 1501 at 2-3. He is entitled to no further accommodation. Mr. Zullo actually has no constitutional right to counsel at all in this civil case. *See, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). He certainly has no right to public financing of such counsel, and the Court need not delay this case in order to allow him to try to obtain it.

Mr. Zullo had ample time to obtain independent counsel, regardless of financing. He states that he has been thinking about potential criminal charges since June of this year. *See* Ex. A, Zullo 10/23/15 Deposition Tr.[1] at 19:3-12 (discussing Ex. C, Dep. Ex. 2934). He has known since at least September 25, 2015 of the need for his deposition and documents in his possession. *See* Dkt. 1415 (attaching document subpoena). He has known since at least October 21, 2015 that, if he desired representation for purposes of his testimony as a third party witness, he would need to seek it independently of Sheriff Arpaio and MCSO. *See* Ex. A, Zullo 10/23/15 Deposition Tr. at 7:20-25. He does not need more time.

_____

[1] All Exhibits referred to herein are attached to the concurrently filed Declaration of Stanley Young. The Oct. 23, 2015 deposition transcript was previously provided to the Court for purposes of an October 26, 2015 Telephonic Status Conference. See Dkt. 1490. For completeness, both exhibits used at that deposition, Exs. B and C (Deposition Exs. 2256 and Ex. 2934), are included with this filing.

1

On the other hand, Mr. Zullo's requested extension would create obstruction and delay in the contempt proceeding. Mr. Zullo's correspondence with Mr. Montgomery indicates that such obstruction and delay may be his goal. *See* Ex. D (May 22, 2015 email chain between dwebb605@gmail.com (Dennis Montgomery) and 1tick@earthlink.net (Mr. Zullo), discussing delay in and potential elimination of the contempt hearing (ZULLO_000125-128)). The Court should not allow Mr. Zullo to continue to delay these already lengthy proceedings, which would increase costs for all parties, waste judicial resources, and delay relief to class members affected by the contempt.

Mr. Zullo's motion also objects to the production by MCSO's and Sheriff Arpaio's counsel of certain documents given to such counsel by Mr. Zullo. Dkt. 1501 at 2; *see also* Dkt. 1478. Plaintiffs have subpoenaed those documents from those counsel. Dkt. 1482. MCSO's and Sheriff Arpaio counsel have provided a log of these documents, attached as Exhibit E.

Mr. Zullo may not prevent the production of these MCSO documents by MCSO's counsel. Mr. Zullo has participated in the Seattle investigation only by authority of Sheriff Arpaio and the MCSO. *See* Oct. 28, 2015 Tr. at 3761:1-14 (Mackiewicz) ("[A]s a Posse member, he [Mr. Zullo] only gets his authority through me [Detective Mackiewicz], so I was not going to let a volunteer make decisions in reference to a criminal investigation that was ultimately going to fall on me."); Apr. 23, 2015 Tr. (Arpaio testimony) at 652:14-15 (stating that Mr. Zullo is subject to Sheriff Arpaio's control); Ex. F (Aug. 5, 2015 Zullo response to ITR 80, stating that Mr. Zullo participated in the Seattle investigation, which "was being conducted by

2

MCSO and not the Cold Case Posse," as an "individual activation" pursuant to MCSO

Posse Program guidelines GJ-27 (MELC662484)).  MCSO paid Mr. Zullo's expenses

for travel for the Seattle investigation.  *See* Ex. G (Sheridan approval for payment to

Mr. Zullo (MELC187428)).  MCSO paid for the time of Mr. Montgomery, with whom

Mr. Zullo conducted most of the email correspondence the production of which is now

is dispute.  See Ex. H (Ex. 2085, listing payments to Mr. Montgomery).  Therefore,

any correspondence or documents Mr. Zullo has relating to the Seattle investigation,

including emails and documents provided by the confidential informant Mr.

Montgomery, are in his possession only in his capacity as a representative and agent of

MCSO.

   Mr. Zullo cannot rely on his personal Fifth Amendment or other privileges to

prevent MCSO from producing MCSO's own documents.  *See, e.g.*, *Bellis v. United

States*, 417 U.S. 85, 88 (1974) (an individual cannot rely upon his personal Fifth

Amendment privilege to avoid producing the records of a collective entity which are in

his possession in a representative capacity, even if these records might incriminate him

personally); *Matter of Witness Before Grand Jury*, 546 F.2d 825, 827 (9th Cir. 1976)

(same); *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 476 (3d Cir.

1979) (same).

   Even if Mr. Zullo could assert a Fifth Amendment privilege to attempt to

preclude MCSO's counsel from producing the documents, he has not done so here.

The proponent of a Fifth Amendment privilege is required to make *some* showing that

the privilege is properly claimed.  *Matter of Grand Jury Empanelled Feb. 14, 1978*,

603 F.2d at 477.  Mr. Zullo has not made that showing, either at his October 23, 2015

1   deposition, *see* Ex. A (transcript), or in his motion (Dkt. 1501).  Rather, Mr. Zullo

2   voluntarily turned over documents to counsel that he knew to be representing MCSO

3   (even if he thought that they also represented him).  Mr. Zullo had previously turned

4   over to the Court's Monitor (through MCSO) other similar documents.  *See, e.g.*, Ex. I

5   (summary of ITR responses, MELC1334929-35, listing Zullo responses to ITR 8 at

6

7   MELC1334930-33).[2]  Production of the documents at issue, consisting of pre-existing,

8   voluntarily created emails and other documents from the Seattle investigation, would

9   not involve testimonial self-incrimination and would therefore not implicate Mr.

10  Zullo's Fifth Amendment rights.  *Fisher v. United States,* 425 U.S. 391, 408-411

11  (1976); *United States v. Osborn*, 561 F.2d 1334 (9th Cir. 1977).

12

13          Nor can Mr. Zullo assert that the documents are subject to any attorney-client

14  privilege.  Sheriff Arpaio's counsel do not represent Mr. Zullo.  Oct. 27, 2015 Tr. at

15  3478:25-3479:11; Oct. 26, 2015 Tr. at 9:9-12; 11:22-11.  Mr. Zullo's statement that

16

17  Sheriff Arpaio's counsel previously told him that they also represented him does not

18  affect his, Sheriff Arpaio's and Sheriff Arpaio's counsel's obligations to produce

19  documents in response to the pending subpoenas and court orders.  Mr. Zullo surely

20  knew that he could not have an attorney-client privilege with Sheriff Arpaio's and

21
    MCSO's attorneys as against Sheriff Arpaio and MCSO themselves, and that Sheriff
22

23  Arpaio and MCSO had obligations to disclose MCSO's own documents under this

24  _____

25  [2] Mr. Zullo's more recent production of documents to MCSO's counsel that had not

26  been provided to the Monitor demonstrates that his earlier production was incomplete
    and that MCSO's compliance with the Court's previous orders was, yet again,
27  deficient.

28

                                          4

Court's orders.

*United States v. Hubbell*, 530 U.S. 27 (2000), is distinguishable and does not govern this case, as the segment quoted by Mr. Zullo at Dkt. 1501, p. 3, makes clear. This case does not involve "incriminating documents that the [party seeking production] is unable to describe with reasonable particularity", and it does not involve documents produced "pursuant to a grant of immunity" and being used "to prepare criminal charges" against the person producing them. The production of MCSO's documents by MCSO's attorneys does not constitute testimonial self-incrimination by Mr. Zullo and implicates no Fifth Amendment concerns.

For all these reasons, Mr. Zullo's motion for extension should be denied, and the documents that are the subject of Dkt. 1478 and 1482 should be ordered produced.[3]

RESPECTFULLY SUBMITTED this 30th day of October, 2015.

By: /s/ *Stanley Young*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda

---

[3] Pursuant to the Court's Order of this date, Dkt. 1502, Plaintiffs are filing this Response at the close of business today. Pursuant to the Court's October 26, 2015 Order, Dkt. 1490, Mr. Zullo was given until this same day to file a motion for protective order. If Mr. Zullo files a further paper today on the issue of the documents that raises additional issues not raised in Dkt. 1501, Plaintiffs reserve the right to file a further paper in response on November 2, 2015, as allowed by the October 26, 2015 Order.

ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Rebecca A. Jacobs (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund
*Attorneys for Plaintiffs*

1

**CERTIFICATE OF SERVICE**

2

3
       I hereby certify that on October 30, 2015 I electronically transmitted the

4
attached document to the Clerk's office using the CM/ECF System for filing and

5
caused the attached document to be served via the CM/ECF System on all counsel of

6
record.

7

8
                                    */s/ Stanley Young*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 14

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al., | ) ) ) | CV-07-2513-PHX-GMS |
| Plaintiff(s), | ) ) | **DECLARATION OF STANLEY YOUNG IN SUPPORT OF RESPONSE IN OPPOSITION TO MICHAEL ZULLO'S MOTION FOR EXTENSION OF TIME TO RETAIN COUNSEL** |
| v. | ) ) ) | |
| Joseph M. Arpaio, et al., | ) ) | |
| Defendants(s). | ) ) ) | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice*)
lpedley@cov.com
Rebecca A. Jacobs (*Pro Hac Vice*)
rjacobs@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

1    I, Stanley Young, declare as follows:

2        1.    I am an attorney licensed to practice in the State of California and am

3    admitted pro hac vice in the United States District Court for the District of Arizona, for

4    purposes of the underlying action, *Ortega Melendres, et al., v. Arpaio, et al.*, No. CV

5    07-2513-PHX-GMS.  I am a partner in the Redwood Shores, California office of

6    Covington & Burling LLP ("Covington").  I make this declaration on personal

7    knowledge except where otherwise indicated.

8        2.    Attached hereto as **Exhibit A** is a true and correct copy of the transcript

9    of the deposition of Michael Zullo, dated October 23, 2015.

10       3.    Attached hereto as **Exhibit B** is a true and correct copy of exhibit 2256

11   to the deposition of Michael Zullo, dated June 29, 2014, bates numbered

12   MELC202132.

13       4.    Attached hereto as **Exhibit C** is a true and correct copy of exhibit 2934

14   to the deposition of Michael Zullo, dated June 12, 2015.

15       5.    Attached hereto as **Exhibit D** is a true and correct copy of an email chain

16   between Dennis Montgomery and Michael Zullo, dated May 22, 2015, as produced to

17   Plaintiffs, bates numbered ZULLO_000125- ZULLO_000128.

18       6.    Attached hereto as **Exhibit E** is a true and correct copy of Defendant's

19   log of items not produced in response to Plaintiffs' Subpoena Duces Tecum directed to

20   Michael Zullo, as served by MCSO counsel, dated October 28, 2015.

21       7.    Attached hereto as **Exhibit F** is a true and correct copy of the response to

22   document request regarding ITR 80, as produced to Plaintiffs, bates numbered

23   MELC662482- MELC662484.

24       8.    Attached hereto as **Exhibit G** is a true and correct copy of a memo from

25   Brian Mackiewicz to Gerard Sheridan regarding investigative travel, dated July 24,

26   2014, as produced to Plaintiffs, bates numbered MELC187428.

27       9.    Attached hereto as **Exhibit H** is a true and correct copy of Plaintiffs'

28   Exhibit 2085, bates numbered MELC199632- MELC199633.

10.    Attached hereto as **Exhibit I** is a true and correct copy of a memo from Bill Knight to Michele Iafrate regarding production of records request delivered Monday April, 27, 2015, dated May 7, 2015, as produced to Plaintiffs, bated numbered MELC1334929- MELC1334935.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. EXECUTED this 30th day of October, 2015, in Redwood Shores, California.

/s/ *Stanley Young*

2

# EXHIBIT 15

# EXHIBIT A

Case 2:07-cv-02513-GMS  Document 1632  Filed 11/03/15  Page 153 of 841

# In The Matter Of:

*Melendres vs.*
*Arpaio*

---

*Michael Zullo*
*October 23, 2015*
*Video Deposition*

---

*Griffin & Associates Court Reporters*
*2398 E. Camelback Road, Suite 260  Phoenix, AZ 85016*
*www.arizonacourtreporters.com*
*602.264.2230*

Original File MZ102315.txt
**Min-U-Script®**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Manuel de Jesus Ortega          )
Melendres, et al.,              )
                                )
            Plaintiffs,         )
                                ) No. CV-07-2513-PHX-GMS
vs.                             )
                                )
Joseph M. Arpaio, et al.,       )
                                )
            Defendants.         )
                                )

VIDEOTAPED DEPOSITION OF MICHAEL ZULLO

Phoenix, Arizona
October 23, 2015
9:00 a.m.

REPORTED BY:
MARISA L. MONTINI, RPR
Certified Reporter
Certificate Number 50176

PREPARED FOR:
ASCII/COPY

(Certified Copy)

2

1                          I N D E X

WITNESS                                              PAGE
2
MICHAEL ZULLO
3
        Examination by Mr. Stanley                    6
4

5

6                        E X H I B I T S

6
NUMBER                                               PAGE
7
2256      E-mail to D. Webb from Dennis dated     17
8             June 29, 2014 (MELC202132)
              (2 pages)
9
2934      Page 9 from a Pleading                   9
10            (1 page)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1            THE VIDEOTAPED DEPOSITION OF MICHAEL ZULLO

2   was taken at 9:00 a.m. on Friday, October 23, 2015, at the

3   Offices of Legal Video Specialists, 3033 North Central

4   Avenue, Suite 100, Phoenix, Arizona, before MARISA L.

5   MONTINI, Certified Reporter, Certificate Number 50176, in

6   and for the County of Maricopa, State of Arizona, pursuant

7   to the Federal Rules of Civil Procedure.

8

9   COUNSEL APPEARING:

10

    For the Plaintiffs:
11                Covington & Burling, LLP
                  By:  Stanley Young, Esq.
12                     Michelle L. Morin, Esq.
                  333 Twin Dolphin Drive
13                Suite 700
                  Redwood Shores, California 94065
14
    For the Defendant Joseph M. Arpaio:
15                Jones, Skelton & Hochuli, P.L.C.
                  By:  John T. Masterson, Esq.
16                2901 North Central Avenue
                  Suite 800
17                Phoenix, Arizona 85012-2703

18  For the Defendants Maricopa County:
                  Walker & Peskind, PLLC
19                By:  Richard K. Walker, Esq.
                  16100 North 71st Street
20                Suite 190
                  Scottsdale, Arizona 85254
21
    For Tom Liddy and Christine Stutz:
22                Broening Oberg Woods & Wilson, PC
                  By:  Terrence P. Woods, Esq.
23                1122 East Jefferson Street
                  Phoenix, Arizona 85034
24

25

4

1    COUNSEL APPEARING (Cont'd.):

2    For the United States of America:
                   United States Department of Justice
3                  By:  Cynthia Coe, Esq.
                   601 D Street Northwest
4                  Suite 5011
                   Washington, DC 20004

5    Also Present:

6                  Craig Onuschak, CLVS
                   Legal Video Specialists
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

                                                    Phoenix, Arizona
 1                                                  October 23, 2015
 2                                                  9:00 a.m.

 3

 4              THE VIDEOGRAPHER:  This is the videotaped

 5      deposition of Michael Zullo -- Zullo taken by the

 6      plaintiffs in Cause Number CV-07-2513-PHX-GMS styled

 7      Manuel de Jesus Ortega Melendres, et al., versus Joseph M.

 8      Arpaio, et al., filed in the United States District Court

 9      for the District of Arizona.

10              Today is October 23rd, 2015, at

11      9 o'clock a.m.  Our location is 3033 North Central Avenue,

12      Phoenix, Arizona.  Marisa Montini is the certified

13      shorthand reporter with Griffin and Associates, 2398 East

14      Camelback Road, Phoenix, Arizona.  Craig Onuschak is the

15      certified legal video specialist with Legal Video

16      Specialists, 3033 North Central Avenue, Phoenix, Arizona.

17              Counsel may state their name, firm and whom

18      they represent, beginning with plaintiffs' counsel,

19      please.

20              MR. STANLEY:  Stanley Young and Michelle

21      Morin, Covington and Burling, for plaintiffs.

22              MS. COE:  Cynthia Coe, Department of

23      Justice, representing the United States.

24              MR. MASTERSON:  John Masterson, Sheriff

25      Arpaio and the individual contemnor.

6

1          MR. WALKER:  Richard Walker of Walker and

2     Peskind appearing on behalf of Maricopa County.

3          MR. WOODS:  Terrence B. Woods.  I represent

4     nonparties Stutz and Liddy.

5          THE VIDEOGRAPHER:  Thank you.

6          You may swear the witness.

7

8                    MICHAEL ZULLO,

9     a witness herein, having been first duly sworn by the

10    Certified Reporter to tell the truth and nothing but the

11    truth, was examined and testified as follows:

12

13                    EXAMINATION

14    BY MR. STANLEY:

15        Q.  Good morning, Mr. Zullo.

16        A.  Good morning.

17        Q.  We introduced ourselves before the deposition,

18    but my name is Stanley Young, and I'm one of the attorneys

19    for the plaintiffs in the lawsuit we're taking in

20    Melendres versus Arpaio.

21             Have you had your deposition taken before?

22        A.  Yes.

23        Q.  How many times?

24        A.  Four or five.

25        Q.  When was the last time you had your deposition

7

1    taken?

2        A.    Two years ago.

3        Q.    What kind of lawsuit was that in?

4        A.    It was litigation over a hard money lending deal.

5        Q.    Are you represented by counsel in this

6    deposition?

7        A.    No, I'm not.

8        Q.    I'll tell you that there was a status conference

9    on October 6 where Joe Popolizio told the Court and the

10   rest of us that he was representing you, at least in some

11   capacity.

12             Is -- was that correct?  Has he ever -- has

13   the Jones, Skelton firm ever represented you?

14             MR. MASTERSON:  Objection; form, foundation.

15             THE WITNESS:  Could I -- could I just

16   clarify something --

17   BY MR. STANLEY:

18       Q.    Sure.

19       A.    -- real quick?

20             I -- I don't want to waive any privilege by

21   answering any questions.  My understanding as of two days

22   ago, there's some kind of cloud about what the County

23   represents me as and what they don't, and up until two

24   days ago, I thought I was going to have representation in

25   this deposition, and it's come to light that I don't.

8

1   That's extremely concerning to me especially given the

2   fact that this was included in a filing, which is more

3   concerning to me than not having a lawyer, the bottom

4   part.

5        Q.   All right.  Well, just so the record is clear, do

6   you mind if we have this --

7        A.   You can have it.  I gave -- that's why I gave it

8   you.

9             MR. STANLEY:  Okay.  Can we mark this as

10  Exhibit Number 1, which is the page that Mr. Zullo just

11  handed to me and was just referring to?

12            MR. WALKER:  And pass it around so we all

13  know what we're talking about.

14            MR. STANLEY:  Sure.  I'll do that before the

15  court reporter marks it.

16            MR. WALKER:  Do you want to see it?

17            MR. WOODS:  Yeah.  I want to take a glance,

18  please.

19            THE VIDEOGRAPHER:  Stan, would you like me

20  to make copies of that?

21            MR. WOODS:  That would be great if we could

22  just copy it for everybody.

23            MR. STANLEY:  Sure.  Let's do that.

24            MR. WALKER:  Why don't we get it marked

25  first.

9

            (Deposition Exhibit Number 2934 was marked

1

2    for identification.)

3            MR. STANLEY:  Maybe we can get the copies

4    made later since I don't plan to ask him questions about

5    that.

6    BY MR. STANLEY:

7        Q.   Mr. Zullo, was it your understanding, prior to

8    two days ago, that the Jones, Skelton firm was

9    representing you and would represent you in this

10   deposition?

11       A.   My understanding was they were representing me in

12   the deposition.  I later learned it was in a very limited

13   capacity, if it even exists at all.

14       Q.   Are you making efforts now to obtain another

15   attorney to represent you?

16       A.   I'm flying out tomorrow morning to go -- he's

17   interviewing me, actually, to see if he's willing to take

18   this thing on.

19       Q.   Well, I do have a number of questions that I'm

20   going to ask you, and you are under a subpoena, and

21   Mr. Masterson is here.  I don't know whether he has

22   anything that he wants to say about this, but we are in

23   the middle of a court proceeding where the timing of your

24   deposition is actually a sensitive issue and it will

25   create a delay for the Court if we -- if we don't go

10

1    forward.

2              Are you willing to go forward and answer

3    questions today?

4        A.   I'm not, sir, and I'm not trying to be an

5    obstructionist.  This isn't something that I had planned

6    to do.  When this came to light, this -- when I -- this

7    was actually done by me the day I received this, and I

8    advised Mr. Popolizio that this really troubled me.  My

9    position is this is an accusation of criminal wrongdoing

10   and a civil process is being used in light of probable

11   cause.  I have an issue with this, and this was supposed

12   to have been addressed at some point and something

13   happened and it never was.  I -- I'm not going to answer a

14   question.  I mean, I don't want to sit here and go, "I'm

15   going to invoke Fifth" because I don't -- it's not that I

16   don't want to cooperate.  I can't cooperate under this, so

17   I guess for all intents and purposes, I'm invoking the

18   Fifth because I'm not going to subject myself to

19   questioning with this kind of intention, this already in

20   the mind-set of a judge.  I can't do that.  I -- I can't

21   do that, and that's what that reflects.  This states the

22   Court.  That's the judge.  It doesn't matter what you guys

23   think.  It matters what he thinks.

24              MS. COE:  Excuse me.  Would it be possible

25   to get the copies of the exhibit passed around before we

1  go further?

2              MR. STANLEY:  Yeah, we can do that.  I'll

3  just state that --

4              MR. MASTERSON:  I'm not sure we're going

5  further, but we'll see.

6              MS. COE:  I know, but I haven't read it yet.

7              THE WITNESS:  It's the footnote, sir, is the

8  troubling part of it.

9  BY MR. STANLEY:

10     Q.   And I'll just clarify for you, in case it's not

11  clear to you, Mr. Zullo, I believe the footnote is

12  actually a brief that our --

13     A.   Yes.

14     Q.   That we filed.

15     A.   Yeah, it is.

16     Q.   You know that.  Okay.

17              MR. STANLEY:  So why don't we -- why don't

18  we wait on a copy, then, if that's okay --

19              MS. COE:  Okay.

20              MR. STANLEY:  -- Ms. Coe.

21              MS. COE:  All right.

22              THE WITNESS:  Well, ma'am -- she's the DOJ.

23  I'd like her to at least read it.

24              MS. COE:  I can just read it if you pass --

25              MR. STANLEY:  Please.  Oh sure.

Michael Zullo - October 23, 2015
Video Deposition

12

1          MS. COE:  -- it down and give me a minute.

2          MR. STANLEY:  Yeah.

3          MS. COE:  I handed it over thinking I was

4   going to get a copy back.

5          MR. WALKER:  What's the exhibit number?

6          THE COURT REPORTER:  2934.

7          MR. WALKER:  Thanks.

8   BY MR. STANLEY:

9     Q.   Well, Mr. Zullo, when I refer in this deposition

10   to the Seattle investigation, I'll be referring to some

11   work that you did with Dennis Montgomery, and at various

12   times, Brian Mackiewicz and Travis Anglin were also

13   involved in that.

14          Do you understand that?

15     A.   I do, sir, but I don't want to answer any

16   questions.

17     Q.   Did Sheriff Arpaio ask you to work on the Seattle

18   investigation in order to look at issues relating to

19   Judge Snow?

20     A.   Sir, I just --

21          MR. MASTERSON:  Form.

22          THE WITNESS:  -- told you I don't want to

23   answer any questions without an attorney here.

24   BY MR. STANLEY:

25     Q.   Well -- and I understand your situation as you've

13

1  explained it.  This deposition was set up earlier.  It's
2  certainly not our fault that you're in the situation that
3  you're in.
4      A.   Uh-huh.
5           MR. STANLEY:  And I don't know whether,
6  Mr. Masterson, you have anything to say on this issue.
7  It's obviously put us in a difficult --
8           MR. MASTERSON:  Well, to some extent -- to
9  some extent it is your fault because it's your document
10  that's accusing him, at least in his opinion, of -- of
11  crimes.  So nobody else in this room is accusing him of
12  crimes except you, at least in his opinion.
13          MR. STANLEY:  That is his opinion.
14          MR. MASTERSON:  I don't represent him beyond
15  the extent of preserving the privilege for my client,
16  Sheriff Arpaio.  So my conversations with Mr. Zullo, of
17  course, are protected as attorney-client privilege, and
18  his communications with Mr. Popolizio are protected as
19  attorney-client privilege, but we don't represent him
20  civilly or more specifically in this case, and taking into
21  consideration his concerns, we do not represent him
22  criminally.  And that seems to be his primary concern here
23  is that he has expressed Fourth Amendment, Fifth Amendment
24  and other due process concerns about this proceeding that
25  he wishes to have counsel for.

14

1    So I'm not going to advise him, but those

2    are the concerns he's expressed, and they seem to have

3    been raised in connection with the document which we're

4    going to have an as exhibit to this deposition. So I

5    don't have any advice for him other than I do understand

6    the concerns he has expressed.

7            MR. STANLEY: Yeah. Well, I guess my

8    concern is with respect to the schedule in this case is

9    that if there had been an issue with respect to his

10   representation, it would have been raised prior to two

11   days ago so we could actually have his deposition and --

12   and proceed with the Court's hearing. So I guess I'm

13   going to register some concern over the fact that, as

14   Mr. Zullo has described, this issue as to his

15   representation did not arise until two days ago, and we

16   had a hearing about this -- or status conference,

17   telephone conference, with the Court on October 6, and

18   this schedule in timing was laid out. So I am concerned

19   that we're going to have an interruption here or a

20   disruption to the Court's schedule that could have been

21   avoided if these things had been addressed earlier.

22           MR. MASTERSON: We could -- I wish we could

23   avoid a lot of things in this case, but we haven't been

24   able to do that. This is yet another one.

25   ///

1   BY MR. STANLEY:

2       Q.   Well, my last question, Mr. Zullo, was whether --

3   and I may reword it a little here -- Sheriff Arpaio had

4   asked you to look into Judge Snow in the course of the

5   Seattle investigation.  Are you refusing to answer that

6   question?

7       A.   I don't want to waive any privilege answering any

8   question, and I know that's something that you guys do.

9   You try to get me to answer a question and then you claim

10  I waived my privilege.  I don't want to waive my

11  privilege.  I'm sympathetic to the Court's calendar, but

12  quite frankly, the Court's calendar doesn't trump my

13  constitutional rights.  That document is bothering me

14  since the day I saw it.  I've raised concerns over that

15  document.  I thought I was going to have counsel here.  I

16  don't have counsel.  I don't have counsel on any level.  I

17  don't know what the ruse is with the County covering.

18  When I wanted to get counsel earlier, I was told if I got

19  counsel, the County wouldn't cover me.  It's just so

20  confusing.  I don't think it make -- it doesn't make any

21  logical sense to me.  So I'm sympathetic to that.  I'm not

22  here because I don't want to cooperate.  I'm just not

23  going to answer a question and waive my privilege.  If

24  you're answering -- if you're asking me one question with

25  the understanding I'm not waiving any privilege, I have no

 1   objection to answering one question for you, but I'm not

 2   waiving my Fifth Amendment privileges.

 3   BY MR. STANLEY:

 4       Q.   Well, let me explore this a little bit to see

 5   what you're comfortable answering and what you're not

 6   comfortable answering, and it may well be that after you

 7   obtain counsel, we'll have to resume the deposition.

 8       A.   Oh, absolutely.  Sure.  Whatever.

 9            MR. WALKER:  With respect, Stan, I think I

10   have to raise an ethical question.  This individual has

11   stated that he's not represented by counsel.  He doesn't

12   want to answer any questions until he has the benefit of

13   advice of counsel, and I think to press him to answer

14   questions under those circumstances raises a significant

15   ethical issue.

16            MR. MASTERSON:  I think the issues are -- I

17   might have the rule wrong -- but somewhere around ER 4.3

18   or 4.4 are probably good places to start with respect to

19   unrepresented persons.  I think Mr. Walker is correct.

20            MR. STANLEY:  Well, Mr. Zullo -- and I

21   understand that.  Mr. Zullo, though, has answered a couple

22   of questions here this morning, so I think I'm entitled to

23   determine what kinds of questions he's willing to answer

24   and what kinds of questions he's not willing to answer,

25   and since we're here and in light of the schedule, I think

1   I would be remiss if I didn't do that.

2   BY MR. STANLEY:

3       Q.   Mr. Zullo, I certainly understand your reluctance

4   or unwillingness to answer questions without having

5   counsel, and I think, depending on what happens -- well, I

6   think we are going to have to schedule another session of

7   this deposition, but I do want to, since we're here, make

8   sure that we test or find out the limits of -- of your

9   unwillingness, and I'm going to do that by showing you a

10  document which was previously marked as Exhibit 2256.

11  It's an e-mail dated June 29, 2014.

12      A.   Mr. Young, can I ask you, are you with Covington

13  or the ACLU?

14      Q.   I'm at Covington and Burling, the law firm.

15      A.   Maybe I should call the ACLU for counsel.  I

16  mean, you guys are trampling the hell out of me here and

17  your client is the defender of civil rights.  So you're

18  asking me to look at documents.  I'm telling you again,

19  now I'm going to tell you for the last time, I am not

20  answering any questions without counsel present.

21      Q.   All right.  Well, let me just ask you this

22  question to test that.

23              Is Exhibit 2256 an e-mail that you received

24  from Mr. Montgomery on June 29, 20 --

25      A.   I'm not going to answer.  I'm not going to look

18

1   at the document.  I want my lawyer.  I need a lawyer.

2       Q.   All right.  Well, it's helpful for me to know

3   that that's what you're going to do.

4           If -- am I correct, then, that if I show you

5   any document in this deposition, you will not look at it

6   and you won't answer questions about it?

7       A.   Mr. Young, you continually try to circumvent my

8   privilege.  I keep telling you I want an attorney before I

9   answer any questions, before I look at any document.  I

10  came here right up until two days ago prepared to sit here

11  and do just that.  Now we have a representation problem,

12  which I'm sure whoever this attorney is going to be is

13  going to raise an issue with the County.  I can tell you

14  that's coming.  I don't know what else they're going to

15  do.  I don't know how long it's going to take.  I'm not

16  trying to stall you.  I just want my rights protected.

17  I'm not the one that accused a witness in a document of

18  criminal activity because that's referring to me.  I

19  didn't do that.  You did it.

20      Q.   Okay.  Well, that document, which is exhibit --

21  whatever it is to this deposition --

22              THE COURT REPORTER:  2934.

23  BY MR. STANLEY:

24      Q.   2034 speaks for itself.

25              MR. MASTERSON:  2034?

19

1           MR. WOODS:  2934.

2    BY MR. STANLEY:

3        Q.   2934, excuse me.  That document speaks for

4    itself.

5                Have you been aware of that document since

6    it was filed?

7        A.   A couple days later I guess.  Whenever I --

8    whenever I got it.  I don't remember when I got it.  It

9    was relatively soon after because I'm the one who

10   highlighted it.  I was like, "What the hell is this?"

11       Q.   Sometime in June, then?

12       A.   I would assume.

13       Q.   All right.  Well -- well, Mr. Zullo, I understand

14   that this weekend you're going to talk to an attorney

15   about representing you in this matter.  I take it from

16   what we said earlier, that once that's done, you are

17   willing to reschedule a deposition time at which you can

18   be advised by your attorney as to whether you should

19   answer questions or not; is that right?

20       A.   That's correct, sir.

21            MR. STANLEY:  Okay.  All right.  Well, in

22   light of that, I think we are going to suspend the

23   deposition.  Does everyone else agree that we can do that

24   and then resume it at a later time?

25            MR. MASTERSON:  I do.

20

1          MR. WALKER:  I do, too.

2          MR. WOODS:  Yes.

3          MS. COE:  Yes.

4          MR. STANLEY:  Okay.  All right.  Well,

5    Mr. Zullo, thank you for your time this morning.  I think

6    it was necessary for us to clarify all of that, and it may

7    be that we will -- and I'll talk to Mr. Masterson and

8    Mr. Popolizio about this -- go to the Court to see what it

9    wants us to do, but thank you very much for your time and

10   apologies for the inconvenience.

11          THE WITNESS:  I apologize, too.  Thank you.

12          THE VIDEOGRAPHER:  The time is 9:19 a.m.

13   This concludes the deposition with Media One.

14          (Whereupon, the proceedings were concluded

15   at 9:19 a.m.)

16

17                        MICHAEL ZULLO

18

19

20

21

22

23

24

25

1  STATE OF ARIZONA          )
                            ) ss.
2  COUNTY OF MARICOPA        )

3        BE IT KNOWN that the foregoing proceedings were
   taken before me; that the witness before testifying was
4  duly sworn by me to testify to the whole truth; that the
   foregoing pages are a full, true, and accurate record of
5  the proceedings, all done to the best of my skill and
   ability; that the proceedings were taken down by me in
6  shorthand and thereafter reduced to print under my
   direction.

7
        I CERTIFY that I am in no way related to any of
8  the parties hereto, nor am I in any way interested in the
   outcome hereof.

9

10       [X]  Review and signature was requested.
         [ ]  Review and signature was waived.
11       [ ]  Review and signature not required.

12
        I CERTIFY that I have complied with the ethical
13 obligations set forth in ACJA 7-206(F)(3) and ACJA 7-206
   J(1)(g)(1) and (2).
14       Dated at Phoenix, Arizona, this 24th day of
   October, 2015.

15

16

17       _____     _____
                   Marisa L. Montini, RPR
18                    Certified Reporter
                   Arizona CR No. 50176

19
              *     *     *     *     *
20

21       I CERTIFY that GRIFFIN & ASSOCIATES, LLC, has
   complied with the ethical obligations set forth in
22 ACJA 7-206 (J)(1)(g)(1) through (6).

23

24       _____
                   GRIFFIN & ASSOCIATES, LLC
                   Registered Reporting Firm
25                  Arizona RRF No. R1005

# EXHIBIT 16

# EXHIBIT B

CASE NO. 2:07-cv-02513-GMS

Manuel de Jesus Ortega Melendres, et al.

VS. Joseph M. Arpaio, et al.

PLAINTIFF'S EXHIBIT 2256

DATE: _____ IDEN.

DATE: _____ EVID.

BY: _____
            Deputy Clerk

10-03-15    EXH #2256
WITNESS Zullo
MARISA L. MONTINI, RPR
CERTIFIED COURT REPORTER #50176

9-18-15     EXH #____
WITNESS _____
MARISA L. MONTINI, RPR
CERTIFIED COURT REPORTER #50176

From:       David Webb
To:         1tick@earthlink.net
Subject:    PROJECT
Date:       Sunday, June 29, 2014 12:11:26 PM

---

**From:** Dennis [mailto:dennis@ncoder.net]
**Sent:** Sunday, June 29, 2014 12:08 PM
**To:** dwebb605@gmail.com
**Subject:** PROJECT

It is obvious that Anglin and his superiors have been trying to shut this project down since its inception.  On one hand Anglin tells not to produce information on  Judge SNOW.  Then I am attacked for not producing information on Judge SNOW.  Too many mixed signals from Anglin.  This job is tough enough, but Anglin telling me not me not to share information with others until he gets the information was outrageous.  Who was I supposed to trust?

Brian has to take orders from his superiors.  Brian has never stop believing in me or the work.  I can assure you Brian was getting the same mixed messages I was. But he must follow the orders of his superiors to survive in MCSO. He has taken a lot of time from his family, and for that I am sorry.

Anglin told by me that Sheridan didn't want to go in front of Judge Snow and be accused of retaliating against the judge.

ANGLIN told me stop work on the BC day one, He told me never to trust Mike Zullo. I was told directly by Anglin not to pass information on to Mike Zullo.

I was not allowed to discuss with Mike zullo what I am being told to do or not to do.

I was setup to fail. To ensure I failed, Anglin or his superiors fed false information to the NEW PHOENIX TIMES.  When that failed, I was hit with the SEATTLE WEEKLY news article.  I had a stroke, and was in ICU when they article was released.

Anglin would not talk to Carl Cameron in front of me.  He knew that promising to deliver data to FOX, and then not do it, would hurt me with FOX.  He accomplished his goal.  Anglin or his superiors then fed false information again to the New Phoenix Times to discredit the data, adding more doubt into Carl Cameron's mind.  Carl Cameron's recent email says it all.

I worked hard to gain credibility with FOXNEWS.  Anglin's plan to destroy my credibility with FOXNEWS succeeded.  Now there is doubt in FOXNEWS about the validity of my accusations I filed with the CIA and DOJ.  I now have a much higher hurdle to overcome with them to regain my redibility.

I will bet you the next article in the New Phoenix Times will be on Brian, to hurt him and kill this project.

I had no chance to succeed.  Obviously some people in MCSO wanted for political reasons to use my work to hurt the sheriff.

I can assure you that I have had only one goal since I began this work, and that was to get the work done!

MELC202132

# EXHIBIT 17

# EXHIBIT C

1    suggested that the MCSO-Montgomery investigation might be an attempt to undermine

2    the Court's authority rather than comply with its lawful orders.[2]  This was particularly

3    problematic in light of the Monitor's recent finding that MCSO was only 29 percent in

4    compliance with the Supplemental Injunction despite the passage of one-and-a-half years.

5            The movants' allegation that the Court "requested that the U.S. Attorney function

6    as his investigator to determine whether criminal contempt of his Preliminary Injunction

7    had occurred" (Mot. at 7) is false.  The Court invited the U.S. Attorney's Office to attend

8    status conferences in this case so that the government would be apprised of the facts and

9    would be in a position to make an independent determination whether to proceed with a

10   criminal contempt prosecution, if the Court were to make a referral in the future.  Tr. of

11   Dec. 4, 2014 at 29:5-9, 29:24-30:3.  Defendants did not object to the presence of a federal

12   prosecutor or even to the Court's suggestion that relevant documents be provided to the

13   U.S. Attorney's Office. *Id.* at 30:4-14.  Moreover, Defendants themselves subsequently

14   sought the participation of the United States Attorney's Office in their efforts to settle the

15   contempt issues.  Tr. of Feb. 26, 2015 at 32:23-34:1, 34:2-6, 34:8-17.  Contrary to the

16   movants' assertion, the U.S. Attorney's Office never declined a referral, as none has

17   yet been made.  Tr. of Mar. 20, 2015 at 28:2-6.

18

19   _____

20   [2] Even more troubling, as the Court noted in a post-hearing status conference, the
     evidence indicates that Dennis Montgomery informed MCSO personnel—with Chief

21   Deputy Sheridan's knowledge—that he was using a database of information
     "harvested by the CIA and confiscated by him" in his investigation, and also purported

22   to be tracking telephone calls between the Court, the Attorney General, the Assistant
     Attorney General, and the U.S. Attorney for the District of Arizona.  Tr. of May 14,

23   2015 at 44:22-45:2, 45:10-16; Wang Decl., Ex. C, F.  This implicates possible
     violations of federal criminal laws by MCSO personnel in the course of the MCSO-

24   Montgomery investigation.  See, e.g., 18 U.S.C. §§ 793(b)-(f) (taking or
     communication of documents relating to national defense); 798 (disclosure of

25   classified information); 1503 (intimidation of federal court and obstruction of justice);
     1509 (obstruction of court orders); 1924 (unauthorized removal of classified

26   information); 2511 (intercepting electronic communications); 2701 (unlawful access to

27   stored communications).

28

                                          9



# EXHIBIT 18

# EXHIBIT D

| | |
|---|---|
| **From:** | David Webb <dwebb605@gmail.com> |
| **Sent:** | Friday, May 22, 2015 2:38 PM |
| **To:** | 'Mike' <1tick@earthlink.net> |
| **Subject:** | Arpaio |

I am not going down this road.  You have no idea how much I was injured and the disabilities I suffer from.

Leave it at that.

---

**From:** Mike [mailto:1tick@earthlink.net]
**Sent:** Friday, May 22, 2015 2:26 PM
**To:** David Webb
**Subject:** Re: Arpaio

Stroke yes. You got within a week of completion and stopped.
How do you explain having a stroke getting within a week and then all of a sudden what it's the stroke again.
Come on Dennis just got to get real with this when you don't finish things that hurt your credibility.


Sent from my iPhone

On May 22, 2015, at 2:16 PM, David Webb <dwebb605@gmail.com> wrote:

> You obviously don't believe I suffered a stroke or you wouldn't be writing what you do.
>
> Take Care
>
>
> ---
> **From:** Mike [mailto:1tick@earthlink.net]
> **Sent:** Friday, May 22, 2015 2:12 PM
> **To:** David Webb
> **Subject:** Re: Arpaio
>
> I think you could have played it different. I need Dennis I still don't have the birth certificate  finished only you could control that. There's no getting around that would have to be the testimony.  Your actions have culpability as well
>
> Sent from my iPhone
>
> On May 22, 2015, at 1:36 PM, David Webb <dwebb605@gmail.com> wrote:
>
> > Arpaio and Sheridan said the data was bogus.  That hurt me, they then implied I was slow playing the work.  They never even mentioned the fact I had a stroke.
> >
> > Ironic the very thing that may have hurt them, may be the thing that ends the Judge Snow contempt hearings.
> >
> > Well they do have to worry about me or the data anymore.
> >
> >
> > ---
> > **From:** Mike [mailto:1tick@earthlink.net]
> > **Sent:** Friday, May 22, 2015 1:28 PM

ZULLO_000125

**To:** David Webb
**Subject:** Re: Arpaio

Dennis they really didn't hurt you ....you got understand we could not corroborate a lot of this. And it was pay on production and you stopped producing. Nothing we could do.

Sent from my iPhone

On May 22, 2015, at 1:17 PM, David Webb <dwebb605@gmail.com> wrote:

> I did not to hurt Sheridan or Arpaio. I don't understand why they decided to hurt me?
>
> They know I have a brain injury, and am struggling just to live.
>
> **From:** Mike [mailto:1tick@earthlink.net]
> **Sent:** Friday, May 22, 2015 1:14 PM
> **To:** 'David Webb'
> **Subject:** RE: Arpaio
>
> yep
>
> **From:** David Webb [mailto:dwebb605@gmail.com]
> **Sent:** Friday, May 22, 2015 1:01 PM
> **To:** 'Mike'
> **Subject:** Arpaio
>
> I would if I sued him. For the amount of money MCSO has spent on the judges court order in the Melendres case, maybe they should have spent some to expose the DOJ and their involvement in Covington.
>
> Out of my wheelhouse. Up to others at this point.
>
> **From:** Mike [mailto:1tick@earthlink.net]
> **Sent:** Friday, May 22, 2015 12:54 PM
> **To:** 'David Webb'
> **Subject:** RE: Arpaio
>
> Not even U will know
>
> **From:** David Webb [mailto:dwebb605@gmail.com]
> **Sent:** Friday, May 22, 2015 12:24 PM
> **To:** 'Mike'
> **Subject:** Arpaio
>
> I don't think it really matters at this point anyway. The fight will turn to the judge, and the rest of this won't matter.
>
> The damage was done to my reputation.
>
> The fact is the data is right, and no one will ever know how Lanny Breuer and the DOJ used NSA/CIA data to win the victory against Arpaio.

**From:** Mike [mailto:1tick@earthlink.net]
**Sent:** Friday, May 22, 2015 12:19 PM
**To:** David Webb
**Subject:** Re: Arpaio

I had that conversation with them yesterday and advised them that that is not what I'm going to testify to
Neither is Brian I talked to him today we're both on the same page.

Sent from my iPhone

On May 22, 2015, at 12:14 PM, David Webb <dwebb605@gmail.com> wrote:

> I do, and am upset that Arpaio and Sheridan claimed it was all junk.
>
> Either way, not much I can do.
>
> It is all about survival for me and my family.
>
> Take Care
>
> **From:** Mike [mailto:1tick@earthlink.net]
> **Sent:** Friday, May 22, 2015 12:10 PM
> **To:** David Webb
> **Subject:** Re: Arpaio
>
> Dennis I want you to know that I do believe you have what you say and if I ever have to testify that is exactly what I'm going to say
>
> Sent from my iPhone
>
> On May 22, 2015, at 12:02 PM, David Webb <dwebb605@gmail.com> wrote:
>
>> The judge will recuse himself now. Either way, the June 16 hearings will be delayed until it the motion is ruled on. Unless the judge recuses himself quickly, this will delay everything.
>>
>> Either way my reputation is just more damaged by this.
>>
>> Tim is still in jail, trying to recuse the judge, and he is at the Supreme Court, not having much luck.
>>
>> Have a nice weekend.
>>
>> **From:** Mike [mailto:1tick@earthlink.net]
>> **Sent:** Friday, May 22, 2015 11:56 AM
>> **To:** David Webb

**Subject:** Re: Arpaio

I think he is fucked

Sent from my iPhone

On May 22, 2015, at 11:42 AM, David Webb <dwebb605@gmail.com> wrote:

> I guess we will see if the Judge recuses himself now that MCSO filed their motion to recuse Judge Snow.
>
> Good Luck

ZULLO_000128

# EXHIBIT 19

# EXHIBIT E

Case 2:07-cv-02513-GMS   Document 1507-6   Filed 10/30/15   Page 2 of 4

LOG OF ITEMS NOT PRODUCED
DEFENDANT JOSEPH M. ARPAIO
Plaintiffs' Subpoena Duces Tecum Directed to Michael Zullo

| BegDoc# | Filename | File Type | From | To | CC | BCC | DateSent | TimeSent | EMail_Subject | Attach | Title |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZULLO_003650 | 2014.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 12/31/2013 | 22:13:52 | 2014 | JoeArpaio.rev1.3a.pdf;Web.Rev1.3a.pdf | |
| ZULLO_003651 | JoeArpaio.rev3.3a.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003655 | Web.Rev1.3a.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003656 | Arpaio.msg | Email | David Webb <dwebb605@gmail.com> | 'Mike' <1tick@earthlink.net> | | | 12/16/2014 | 14:41:12 | Arpaio | | |
| ZULLO_003660 | Arpaio.Timeline.3.0.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003662 | Bank List.m4a | Audio | | | | | | | | | |
| ZULLO_003663 | Cantwell 09-06-2013.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003677 | Certification_of_Examination_of_Data_13Nov2014.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003679 | CIA CHRONICLES REV 1 0.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 9/20/2014 | 17:02:17 | CIA CHRONICLES REV 1.0 | cia.chronicles.REV.1.pdf | |
| ZULLO_003680 | cia.chronicles.REV.1.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003686 | CIA.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | detmack@gmail.com | | 9/14/2014 | 17:02:27 | CIA | | |
| ZULLO_003687 | Dennis.msg | Email | Mike <1tick@earthlink.net> | Larry Klayman <leklayman@gmail.com> | | | 12/21/2014 | 12:22:39 | Dennis | | |
| ZULLO_003693 | Departmental Report.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003695 | DOJ.m4a | Audio | | | | | | | | | |
| ZULLO_003696 | DRAKE.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 9/20/2014 | 18:36:50 | DRAKE | cia.chronicles.REV.2.pdf | |
| ZULLO_003697 | cia.chronicles.REV.2.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003701 | Emailing: TT - MW Description Final Draft May 2002 doc.msg | Email | Brian Mackiewicz - SHERIFFX <B_Mackiewicz@MCSO.maricopa.gov> | Michael Zullo <1tick@earthlink.net> | | | 10/27/2014 | 8:36:16 | Emailing: TT - MW Description Final Draft May 2002.doc | TT - MW Description Final Draft May 2002.doc | |
| ZULLO_003702 | TT - MW Description Final Draft May 2002.doc | Word Document | | | | | | | | | |
| ZULLO_003715 | First Meeting 2.m4a | Audio | | | | | | | | | |
| ZULLO_003716 | First Meeting 1.m4a | Audio | | | | | | | | | |
| ZULLO_003717 | FW IN THE UNITED STATES DISTRICT COURT FOR THE.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 8/22/2014 | 12:02:20 | FW: IN THE UNITED STATES DISTRICT COURT FOR THE | | |
| ZULLO_003721 | FW  Obama (250).msg | Email | Mike <1tick@earthlink.net> | Larry Klayman <leklayman@gmail.com> | | | 1/5/2015 | 18:48:13 | FW: Obama | | |
| ZULLO_003723 | FW  Obama.msg | Email | Mike <1tick@earthlink.net> | detmack@gmail.com | | | 1/5/2015 | 18:47:00 | FW: Obama | | |
| ZULLO_003725 | FW  Phone.msg | Email | Mike <1tick@earthlink.net> | Travis (T_anglin@mcso.maricopa.gov) | | | 1/8/2014 | 16:43:50 | FW: Phone | | |
| ZULLO_003728 | FW  Sony.msg | Email | Mike <1tick@earthlink.net> | detmack@gmail.com | | | 12/16/2014 | 14:37:33 | FW: Sony | | |
| ZULLO_003732 | Fwd  BREAKING NEWS-CIA admits improperly hacking Senate computers in search of Bush-era information.msg | Email | dwebb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 7/31/2014 | 10:27:22 | Fwd: BREAKING NEWS-CIA admits improperly hacking Senate computers in search of Bush-era information | | |
| ZULLO_003733 | Fwd  Flynn.msg | Email | Brian Mackiewicz <detmack@yahoo.com> | 1tick@earthlink.net | | | 12/1/2013 | 14:46:05 | Fwd: Flynn | Flynn.pdf;Untitled attachment 00145.htm | |
| ZULLO_003734 | Flynn.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003739 | Untitled attachment 00145.htm | | | | | | | | | | |
| ZULLO_003740 | Fwd  here is the attachment  .msg | Email | Brian Mackiewicz - SHERIFFX <B_Mackiewicz@MCSO.maricopa.gov> | Michael Zullo <1tick@earthlink.net> | | | 6/6/2014 | 12:00:55 | Fwd: here is the attachment… | Konke victim supp 2.doc;ATT00001.htm | |

Page 1 of 3

DEFENDANTS' 4TH AMEND
LOG OF ITEMS NOT PRODUCED
Plaintiffs' Subpoena Duces Tecum Directed to Michael Zullo

| BegDoc# | Filename | File Type | From | To | CC | BCC | DateSent | TimeSent | EMail_Subject | Attach | Title |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZULLO_003741 | Konke victim supp 2.doc | Word Document | | | | | | | | | INFORMATION: |
| ZULLO_003742 | ATT00001.htm | | | | | | | | | | |
| ZULLO_003743 | Fwd  Response.msg | Email | Brian Mackiewicz - SHERIFFX <B_Mackiewicz@MCSO.maricopa.gov> | Michael Zullo <1tick@earthlink.net> | | | 11/14/2014 | 7:45:56 | Fwd: Response | Certification_of_Examination_of_Data_13Nov2014.pdf; ATT00001.htm | |
| ZULLO_003744 | Certification_of_Examination_of_Data_13Nov2014.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003746 | ATT00001.htm | | | | | | | | | | |
| ZULLO_003747 | MCSO 12-14-2013.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003862 | Obama.msg | Email | David Webb <dwebb605@gmail.com> | 'Mike' <1tick@earthlink.net> | | | 1/5/2015 | 19:18:56 | Obama | | |
| ZULLO_003864 | OZ Timeline.MP3 | Audio | | | | | | | | | |
| ZULLO_003865 | RE  Arpaio.msg | Email | David Webb <dwebb605@gmail.com> | 'Mike' <1tick@earthlink.net> | | | 12/16/2014 | 15:04:55 | RE: Arpaio | | |
| ZULLO_003870 | RE  BLUE CROSS.msg | Email | Mike <1tick@earthlink.net> | 'David Webb' <dwebb605@gmail.com> | | | 2/5/2015 | 17:18:46 | RE: BLUE CROSS | | |
| ZULLO_003873 | RE  CIA Names.msg | Email | Mike <1tick@earthlink.net> | 'David Webb' <dwebb605@gmail.com> | | | 1/20/2015 | 16:42:14 | RE: CIA Names | | |
| ZULLO_003874 | RE  Image.msg | Email | Mike <1tick@earthlink.net> | 'Brian Mackiewicz' <detmack@gmail.com> | | | 10/28/2014 | 19:35:03 | RE: Image | | |
| ZULLO_003875 | RE  Lawsuit.msg | Email | Mike <1tick@earthlink.net> | 'David Webb' <dwebb605@gmail.com> | | | 1/22/2015 | 15:03:20 | RE: Lawsuit | | |
| ZULLO_003878 | RE  Updates.msg | Email | David Webb <dwebb605@gmail.com> | 'Mike' <1tick@earthlink.net> | | | 1/19/2015 | 12:51:33 | RE: Updates | | |
| ZULLO_003881 | RE  Work.msg | Email | Mike <1tick@earthlink.net> | 'David Webb' <dwebb605@gmail.com> | Larry Klayman <leklayman@gmail.com> | | 2/2/2015 | 11:12:55 | RE: Work | | |
| ZULLO_003883 | recorded calls.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003894 | REV 3A.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 9/21/2014 | 19:12:00 | REV 3A | cia.chronicles.REV.3.a.pdf | |
| ZULLO_003895 | cia.chronicles.REV.3.a.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003902 | UPDATED REV 3A.msg | Email | David Webb <dwebb605@gmail.com> | 1tick@earthlink.net | | | 9/21/2014 | 19:23:00 | UPDATED REV 3A | cia.chronicles.REV.3.a.pdf | |
| ZULLO_003903 | cia.chronicles.REV.3.a.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003910 | Watch.msg | Email | David Webb <dwebb605@gmail.com> | 'Mike' <1tick@earthlink.net> | | | 10/13/2014 | 14:56:14 | Watch | | |
| ZULLO_003911 | Wolfe 10-25-2013.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003936 | Cover.pdf | Adobe Document | | | | | | | | | |
| ZULLO_003937 | Section 1.pdf | Adobe Document | | | | | | | | | |
| ZULLO_004566 | Cover.pdf | Adobe Document | | | | | | | | | |
| ZULLO_004567 | Section 1.pdf | Adobe Document | | | | | | | | | |
| ZULLO_004628 | AZ-1.mp4 | Video | | | | | | | | | |
| ZULLO_004629 | AZ-2.mp4 | Video | | | | | | | | | |
| ZULLO_004630 | Backdoor.m4a | Audio | | | | | | | | | |
| ZULLO_004631 | Bank List.m4a | Audio | | | | | | | | | |
| ZULLO_004632 | Camera ID.mpg | Video | | | | | | | | | |
| ZULLO_004633 | DOJ.m4a | Audio | | | | | | | | | |
| ZULLO_004634 | E Mail Packets.MOV | Video | | | | | | | | | |
| ZULLO_004635 | First Meeting 2.m4a | Audio | | | | | | | | | |
| ZULLO_004636 | Frist Meeting 1.m4a | Audio | | | | | | | | | |
| ZULLO_004637 | Interview Still.JPG | Photo | | | | | | | | | |
| ZULLO_004638 | IP Hack Hi...MOV | Video | | | | | | | | | |

Case 2:07-cv-02513-GMS   Document 1507-6   Filed 10/30/15   Page 4 of 4

DEFENDANT JOSEPH M. ARPAIO
LOG OF ITEMS NOT PRODUCED
Plaintiffs' Subpoena Duces Tecum Directed to Michael Zullo

| BegDoc# | Filename | File Type | From | To | CC | BCC | DateSent | TimeSent | EMail_Subject | Attach | Title |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZULLO_004639 | Iphone 2014 021.JPG | Photo | | | | | | | | | |
| ZULLO_004640 | Iphone 2014 023.JPG | Photo | | | | | | | | | |
| ZULLO_004641 | Iphone 2014 031.JPG | Photo | | | | | | | | | |
| ZULLO_004642 | Iphone 2014 032.JPG | Photo | | | | | | | | | |
| ZULLO_004643 | LA Drive 1.m4a | Audio | | | | | | | | | |
| ZULLO_004644 | LA Drive 2.MP3 | Audio | | | | | | | | | |
| ZULLO_004645 | O2 Software.MOV | Video | | | | | | | | | |
| ZULLO_004646 | O2 Timeline.MP3 | Audio | | | | | | | | | |
| ZULLO_004647 | Packet Recon.MOV | Video | | | | | | | | | |
| ZULLO_004648 | Packet Speed Up.MOV | Video | | | | | | | | | |
| ZULLO_004649 | Sheriff-OZ.JPG | Photo | | | | | | | | | |
| ZULLO_004650 | SPEARIT-4.mp4 | Video | | | | | | | | | |
| ZULLO_004651 | SPEARIT-5.mp4 | Video | | | | | | | | | |
| ZULLO_004652 | SPEARIT-6.mp4 | Video | | | | | | | | | |
| ZULLO_004653 | Thin 1.MP3 | Audio | | | | | | | | | |
| ZULLO_004654 | THIN 2 MCSO Sheriff.MP3 | Audio | | | | | | | | | |
| ZULLO_004655 | Thin 2.MP3 | Audio | | | | | | | | | |
| ZULLO_004656 | WB- ID Software SAP.m4a | Audio | | | | | | | | | |
| ZULLO_004657 | Whistle Blower.m4a | Audio | | | | | | | | | |

# EXHIBIT 20

# EXHIBIT F

# MARICOPA COUNTY SHERIFF'S OFFICE

*Memorandum*



Joseph M. Arpaio, Sheriff

| To: | Captain Russ Skinner #898<br>Court Implementation Division | From: | Lee Ann Bohn<br>Chief of Administration |
|---|---|---|---|

| Subject: | Response to Document Request<br>Regarding ITR 80 | Date: | 8/7/15 |
|---|---|---|---|

**REQUEST #: ITR 80**

**REQUEST:**

*"Any and all records, notes, reports, memoranda, financial documents, audits, copies of financial checks, copies or records of cashier checks, records of electronic transfers, and similar accounting for any and all MCSO Posse funds—to include but not limited to 501(c)3 donations—which were directly, constructively or vicariously provided to Posse Member Mike Zullo from January 1, 2012 to present which in any manner are associated with the Seattle Investigation."*

**RESPONSE:**

- Nothing in response to this request. All posse funds are managed by posse volunteers. The Sheriff's Office has no knowledge, oversight, or access to financial reports, documents, audits or any other of the aforementioned documents for posses.

5000-135 R10-93 (MW97 v1.0 5/27/98)

MELC662482

# MARICOPA COUNTY SHERIFF'S OFFICE     *Memorandum*



Joseph M. Arpaio, Sheriff

| **To:** | Captain Russ Skinner #898<br>Court Implementation Division | **From:** | Sgt. Romney #1529<br>Enforcement Support Division |
|---|---|---|---|
| **Subject:** | Response to Document Request<br>Regarding ITR 80 | **Date:** | August 5, 2015 |

**REQUEST #:** ITR 80

**REQUEST:**

*"Any and all records, notes, reports, memoranda, financial documents, audits, copies of financial checks, copies or records of cashier checks, records of electronic transfers, and similar accounting for any and all MCSO Posse funds—to include but not limited to 501(c)3 donations—which were directly, constructively or vicariously provided to Posse Member Mike Zullo from January 1, 2012 to present which in any manner are associated with the Seattle Investigation."*

**RESPONSE:**

- The Enforcement Support Division does not have any documents responsive to the listed request.

**ATTACHMENTS**:

MELC662483



# MARICOPA COUNTY SHERIFF'S OFFICE    *Memorandum*

| | **To:** Captain Russ Skinner #898<br>Court Implementation Division | **From:** Michael Zullo<br>P6980 |
|---|---|---|
| Joseph M. Arpaio, Sheriff | **Subject:** Response to Document Request<br>Regarding ITR 80 | **Date:** 8/5/15 |

**REQUEST #:** ITR 80

**REQUEST:**

*"Any and all records, notes, reports, memoranda, financial documents, audits, copies of financial checks, copies or records of cashier checks, records of electronic transfers, and similar accounting for any and all MCSO Posse funds—to include but not limited to 501(c)3 donations—which were directly, constructively or vicariously provided to Posse Member Mike Zullo from January 1, 2012 to present which in any manner are associated with the Seattle Investigation."*

**RESPONSE:**

- It would be absolutely impossible for the Cold Case Posse or myself to have any involvement on any level with any activity regarding the "Seattle Operation" in calendar year 2012, for the very simple and well documented fact, undeniably confirming the "Seattle Operation" did not commence until late October 2013, some 22 months later.

- Regarding calendar year 2013, it would be impossible for there to have been any involvement on any level for the first 9 months of calendar year 2013, or any time prior to October 2013, for the very simple and well documented fact that the "Seattle Operation" did not commence until late October 2013, some 22 months later.

- Additionally, the subject, persons and related activities involved with the "Seattle Operation" were not known to either myself, the Cold Case Posse or the Maricopa Sheriff's Office prior to October 2013.

- Cold Case Posse members were not aware of the "Seattle Operation" investigation until such information was released by the Press.

- The "Seattle Operation" investigation was being conducted by MCSO and not the Cold Case Posse.

- The Cold Case Posse had NO involvement with the MCSO "Seattle Operation" nor did it provide any support on any level.

- My participation was that of an "individual activation" separate from the branch known as The Cold Case Posse, as prescribed under the general MCSO Posse Program guidelines GJ-27. This activations was not a posse branch activation, therefor no member of the Cold Case Posse or the Cold Case Posse organization was authorized to assist in this matter on any level. No Cold Case Posse activities were conducted in this matter to date. I have no such records.

- ATTACHMENTS:

MELC662484

# EXHIBIT 21

# EXHIBIT G

# MARICOPA COUNTY SHERIFF'S OFFICE    *Memorandum*



| To: | Chief Deputy Gerard Sheridan #496 | From: | Brian Mackiewicz #1227 Detective Threats Management Unit |
|-----|-----|-----|-----|
| Subject: | Investigative Travel | Date: | July 24th, 2014 |

Joseph M. Arpaio, Sheriff

This memorandum is to request approval for Posse Member Michael Zullo to assist me in traveling with a confidential informant. This is in reference to an ongoing criminal investigation being conducted by the Maricopa County Sheriff's Office. I am requesting all cost associated with this travel be paid by the Maricopa County Sheriff's Office.

*M. Zullo is authorized for all travel expenses related to this investigation to be paid by the Maricopa County Sheriff's Office. G.A. Sheridan Chief Deputy 8-15-14*

5000-135 R10-93 (MW97 v1.0 5/27/98)

MELC187428

# EXHIBIT 22

# EXHIBIT H

CASE NO. <u>2:07-cv-02513-GMS</u>

<u>Manuel de Jesus Ortega Melendres, et al.</u>

VS. <u>Joseph M. Arpaio, et al.</u>

PLAINTIFF'S EXHIBIT <u>2085</u>

DATE: _____IDEN.

DATE: _____ EVID.

   BY: _____

Deputy Clerk

Money given to CI # 1437 (Since October 31st, 2013)

| | | |
|---|---|---|
| November 26th, 2013 | - | 400.00 for Thanksgiving (Out of Mike and I own pocket personal money) |
| November 26th, 2013 | - | $2,100.00 for drives and computer supplies |
| December 6th, 2013 | - | 1,000.00 cash for CI Payment for information |
| December 16th, 2013 | - | 2,500.00 cash for CI Payment for information |
| January 11th, 2014 | - | 2,500.00 cash for CI Payment for Information |

Items bought by the Maricopa County Sheriff's Office, Cold Case Posse

| | | |
|---|---|---|
| December 6th, 2014 | - | 2,100.00 for video processing card for computer |

| | | |
|---|---|---|
| Total | - | 8,100.00 | MCSO Funds |
| | | 400.00 | Personal Cash |
| | | 2,100 | Posse Funds |

EXHIBIT: 2085
NAME: ANGLIN
DATE: 9-9-15
Kellie L. Konicke CR50223

MELC199632

November 26, 213          400.00 for Thanksgiving (Out of Pocket personal Money)

December 6th, 2103        1,000 cash for CI

December 16th, 2013       2,500 cash for CI

January 11th, 2014        2,500 cash for CI

January 24, 2014          5,000 cash for CI

January 25, 2014          500.00 Cash for CI

January 29, 2014          4,500 Cash for CI

February 8, 2014          1,700 Cash for CI (1,200 for computer equipment)

February 13' 2014         5,000 cash for CI

February 20, 2014         4,000 Cash for CI

February 25, 2014         5,000 Cash for CI


**Approximately 26,700 dollars, paid up until March 15th, 2014**


Computer Equipment bought for Investigation

November 26th, 2013       2,100 for drives and computer supplies  (Cash)

                          2,100 for Drives shipped to WA

                          600.00 for computer batteries

                          2,100 for drives and computer supplies


**Approximately 6,700 dollars in equipment**

MELC199633

# EXHIBIT 23

# EXHIBIT I

# MARICOPA COUNTY SHERIFF'S OFFICE    *Memorandum*



Joseph M. Arpaio, Sheriff

| To: | Michele Iafrate and Monitoring Team | From: | Bill Knight Deputy Chief Bureau of Internal Oversight |
|---|---|---|---|
| **Subject:** | Production of Records Request Delivered Monday April 27th, 2015 | **Date:** | May 7th, 2015 |

Below is a breakdown of the Court requested documents, by itemized number, supplied to MCSO on April 27th, 2015 and the subsequent response associated with each request. Each Court request is initiated with an "ITR" designation followed by a number. The response by MCSO will be indented and italicized to the ITR designation.

ITR 1: Complete copy of confidential informant file, including payment receipts, purchase receipts, and any memoranda or written documents identifying Dennis Montgomery as a confidential informant or confidential source.

*Confidential informant file was obtained in its entirety, including payment vouchers, for Dennis Montgomery from Sgt. Travis Anglin at the Special Investigations Division on April 27th, 2015. A copy of this file was provided to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015.*

ITR 2: Copies of any memoranda, payment receipts, cashed checks, payment records to or from Dennis Montgomery.

*This was provided to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015 as part of the confidential informant file from ITR 1 obtained from Sgt. Travis Anglin.*

ITR 3: Copies of any memoranda or emails in which Sheriff Arpaio was the recipient, sender or copied in which Dennis Montgomery is the subject or is mentioned in the communication.

*Amy Lake, assistant to Sheriff Arpaio, produced an email string between he and Larry Klayman that is uploaded to the monitoring team document request transfer folder under the file name, "Sheriff email with Klayman ITR 3".*

ITR 4: Copies of any memoranda, contracts, agreements, and any emails between Tim Casey and Dennis Montgomery, and between Tim Casey and individuals hired as investigators associated with the Seattle, Washington activities referred to in the article by Stephen Lemons in the Phoenix New Times, dated June 4, 2014.

*No documents responsive to this request.*

ITR 5: Copies of any materials and work product pertaining to any investigation involving Judge G. Murray Snow by MCSO, its agents or individuals hired by Sheriff Arpaio or agents or counsel for Sheriff Arpaio.

*File was obtained from Chief Deputy Gerard Sheridan on April 27th, 2015 and provided to Monitor Anders and Counsel Michele Iafrate on the same day. This request has been supplemented on May 6th, 2015 by information obtained from Sheriff Arpaio. The information is uploaded to the monitoring team document request transfer folder under the file name, "Grissom files obtained from Arpaio 5-6-15 ITR 5".*

ITR 6: Copies of any materials and work product pertaining to any investigation relating to Attorney General Eric Holder by MCSO, its agents or individuals hired by Sheriff Arpaio or agents or counsel for Sheriff Arpaio.

*No documents responsive to this request please refer to ITR 10, Sgt. Travis Anglin file obtained on April 29th, 2015.*

MELC1334929

ITR 7: The work product of Deputy Mackiewicz, including memoranda, reports, notes, and photographs, from the Seattle, Washington investigation and activities referred to in the article by Stephen Lemons in the Phoenix New Times dated June 4, 2014.

*Deputy Mackiewicz delivered the Seattle case in its entirety both in hard copy and digital form on April 24th, 2015. This information was provided to Monitor Anders and Counsel Michele Iafrate on April 24th (hard copy) and April 27th, 2015 (remainder of digital files on external hard drive).*

ITR 8: The work product of Michael Zullo including memoranda, reports, notes, and photographs, from the investigation and activities conducted in Seattle, Washington, referred to in the article by Stephen Lemons in the Phoenix New Times dated June 4, 2014.

*Mike Zullo delivered two portable thumb drives to my office on May 7th, 2015 at 1330 hours. Mike described the files on the thumb drives are responsive to ITR's 8, 13, 15 and 32. All files were uploaded to a drop box folder for Iafrate and Associates review at 1345 hours. After review they will be sent to MCAO for appropriate bates labeling and then made available to the monitors. The information is currently being bates labeled by the Maricopa County Attorney's Office and will be supplied to the monitors upon my receipt.*

ITR 9: The work product of Dennis Montgomery, including memoranda, reports, notes, and photographs, from the Seattle, Washington investigation and activities referred to in the article by Stephen Lemons in the Phoenix New Times dated June 4, 2014.

*Deputy Mackiewicz delivered all files in the possession of MCSO provided by Dennis Montgomery on an external hard drive. This information was transferred to another external hard drive and provided to Monitor Anders and Counsel Michele Iafrate on April 24th and April 27th, 2015.*

ITR 10: The work product of Sgt. Travis Anglin, including memoranda, reports, notes, and photographs, from the Seattle, Washington investigation and activities referred to in the article by Stephen Lemons in the Phoenix New Times dated June 4, 2014.

*On April 29th, 2015 Sgt. Travis Anglin supplied a portable "thumb" drive with all documentation he had saved regarding this investigation. The information is uploaded to the monitoring team document request transfer folder under the files named, "MELC199492_Copy of Expenditure CI Log Anglin April, MELC199493_Copy of Expenditure CI Log Anglin May, MELC199494_HIDTA Log Anglin February, MELC199495_HIDTA Log Anglin March, MELC199496_January Expenditure Log Anglin – State RICO, MELC199497_Move-in Inspection Form, Travis Anglin ITR 10 13 and 15 4-29-15".*

ITR 11: Complete copy of case file 14CH4914GF, also known as the Seattle Investigation.

*Explanation provided to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015, in writing, regarding the above number scheme. There was no other investigation under this number. This is an internal finance tracking number for expenses incurred regarding the Seattle Case.*

ITR 12: Copies of worksheets and time accounting records for Michael Zullo in his capacity as a posse member.

*No documents responsive to this request.*

ITR 13: Copies of any and all emails between Brian Mackiewicz, Michael Zullo, Sgt. Travis Anglin, Dennis Montgomery, Sheriff Joe Arpaio and Chief Deputy Sheridan from 2012 to the present.

*Sgt. Travis Anglin provided all saved documentation to include emails related to the Seattle investigation. They are provided as described in ITR 10. Chief Deputy Sheridan provided what he had saved regarding this request on April 28th, 2015 and has been uploaded to the monitoring team document request transfer folder under the file name, "MELC198093-198097_Jerry Sheridan Emails ITR 13 and 15 4-28-15 and MELC198163-198180 Sheridan Emails ITR 13 15". MCAO IT provided emails from Sgt. Travis Anglin's email account on April 29th, 2015. The information has been uploaded to the monitoring team document request transfer folder under the file name, "Travis Anglin Emails ITR 13 15 rec by IT 4-29-15". MCSO IT provided emails from Deputy Brian Mackiewicz's email account on April 29th, 2015. Those emails are*

MELC1334930

> *uploaded to the monitoring team document request transfer folder under the file name, "MELC198181-198309_Mackiewicz Emails ITR 13 15". Mike Zullo provided documents as described in ITR 8 above.*

ITR 14: Copy of email sent to Sheriff Arpaio and/or Facebook message or posting mentioned by Chief Deputy Sheridan on April 24th, 2015 that precipitated the Grissom investigation referred to by Sheriff Arpaio in his court testimony of April 23rd, 2015.
> *Documentation supplied under ITR 5, see above.*

ITR 15: Copies of emails, records, journals, reports, briefing notes, text messages, photos, audio/video from all official and personal accounts associated with the Seattle, Washington activities referred to in the article by Stephen Lemons in the Phoenix New Times, dated June 4, 2014, sent or received by Sheriff Arpaio, Chief Deputy Sheridan, Deputy Mackiewicz, Sgt. Travis Anglin, Michael Zullo, and Dennis Montgomery.
> *Deputy Mackiewicz supplied all documentation under ITR 7 and ITR 13 as noted above. Sgt. Travis Anglin supplied all documentation under ITR 10 and ITR 13 as noted above. Sheriff Arpaio supplied all documentation under ITR 3 as noted above. Chief Deputy Sheridan supplied all documentation under ITR 13 as noted above. Mike Zullo provided documents as described in ITR 8 above.*

ITR 16: Copies of any investigation, surveillance, research of any judge and/or their family members and/or their associates, conducted by MCSO, agents of MCSO, or persons contracted, hired or procured, or working pro-bono for Sheriff Arpaio or Chief Deputy Sheridan, MCSO or its attorneys or agents from January 1, 2013 to the present.
> *No documents responsive to this request other than what was provided under ITR 5 noted above.*

ITR 18: The identity of the private investigator mentioned in court by Sheriff Arpaio in his April 23, 2015 court testimony, as having been hired by counsel to conduct an investigation.
> *Documentation supplied under ITR 5 as noted above.*

ITR 20: Payments, gifts, or loans to any contractor relating to the Seattle, Washington activities referred to in the article by Stephen Lemons in the Phoenix New Times, dated June 4, 2014.
> *Documentation supplied under ITR 1 as noted above.*

ITR 21: Payments, gifts, or loans to Dennis Montgomery from 1/1/12 to the present.
> *Documentation supplied under ITR 1 as noted above.*

ITR 22: Payments, gifts, or loans from any MCSO accounts to any individual acting as investigator in the matter referred to in the article by Stephen Lemons in the Phoenix New Times, dated June 4, 2014.
> *Documentation supplied under ITR 1 as noted above.*

ITR 23: Copies of any and all files, folders, databases, and dossiers, in their entirety, that may contain information on opponents, rivals, or adversaries of Sheriff Arpaio.
> *Michele Iafrate will compile and produce documents associated with this request.*

ITR 24: All contracts, agreements, memoranda of understanding and other documentation as it relates to the employment of non-sworn personnel, private investigators, and contractors, including the description of the services to be provided, associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014.
> *Dennis Montgomery CI file provided under ITR 1 as noted above. Michael Zullo posse file was obtained on April 30th, 2015 and is uploaded to the monitoring team document request transfer folder under file name, "MELC198098-198162_Mike Zullo Posse File (1)".*

ITR 25: Identify dates, times, locations, topics of, and personnel attending or participating in any conference, congregation or meeting, to include phone conferences, which was in any way associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014,

MELC1334931

and/or any investigation, research, surveillance of any judge and/or their family members and/or their associates, to include but not limited to law enforcement personnel, volunteers, contractors and private investigators.

> *No documents responsive to this request.*

ITR 26: Assignment history, rotation, promotional history for Sgt. Travis Anglin and Deputy Brian Mackiewicz.

> *Document obtained from personnel services on April 28th, 2015 and uploaded to the monitoring team document request transfer folder under the file name, "MELC198092_Anglin and Mackiewicz job assignment history ITR 26 4-28-15".*

ITR 27: Telephone numbers and carriers, official or personal, if the personal number may have been used for official purposes as they relate to the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, for Dennis Montgomery, Deputy Brian Mackiewicz, Sgt. Travis Anglin, MCSO Counsel, Sheriff Arpaio Counsel, Investigators, Contractors, and Volunteers.

> *Dennis Montgomery    619-508-1964   carrier unknown (personal)*
> *Brian Mackiewicz      602-989-3548   Verizon (office)*
> *Travis Anglin           602-525-1484   Verizon (office)*
> *Mike Zullo             480-717-6453   carrier unknown (personal)*
> *Jason Wittmer         602-309-3606   Verizon (office)*

ITR 28: Addresses for all email accounts, official and personal which may have been used at any time for official reasons, as they relate to the Seattle Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, for Dennis Montgomery, Deputy Brian Mackiewicz, Sgt. Travis Anglin, and Tim Casey.

> *Dennis Montgomery    dwebb605@gmail.com*
> *Brian Mackiewicz      b_mackiewicz@mcso.maricopa.gov detmack@gmail.com*
> *Travis Anglin           t_anglin@mcso.maricopa.gov*

ITR 29: Identify social media accounts which may at any time have been used to communicate any official information, to include photos, video and document copies, as they relate to the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014 for Dennis Montgomery, Deputy Brian Mackiewicz, Sgt. Travis Anglin, and Tim Casey.

> *No documents responsive to this request.*

ITR 30: Names and titles of legal counsel and their firms/employers that were in any way contacted, utilized, resourced or associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons dated June 4, 2014 and/or associated with any investigation, research, surveillance of any judge and/or their family members and/or their associates.

> *Attorney General Thomas Horne          Arizona Attorney General*
> *Assistant Attorney General Andrew Pacheco   Arizona Attorney General*
> *Assistant Attorney General Waters        Arizona Attorney General*
> *Judge Royce C. Lamberth             Senior Judge of the United States District Court for the District of Columbia*
> *David Burnell Smith               Smith Law Firm*
> *Larry Klayman                   Larry Klayman, Attorney at Law*

ITR 31: Personal and professional notes associated with any planning, investigation, meetings, phone calls, interviews, investigative plans (strategy, tactics, to-do lists, persons to be contacted, scheduling logs, journals, and similar) or other forms of communication and documentation associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or associated with any investigation, research, surveillance of any judge and of their family members and/or their associates.

> *Documents supplied under ITR 5, ITR 7, ITR 8, ITR 9, ITR 10, ITR 13, ITR 14 and ITR 15.*

MELC1334932

ITR 32: Policies, procedures, mission statement, training records, corporate filings and financial reports of the Posse Cold Case Unit.

*Cold Case Posse training records were supplied by Sgt. Romney of Enforcement Support on May 6th, 2015 and are uploaded to the monitoring team document request transfer folder under file name, "Active COLD CASE Posse members". Mike Zullo provided documents as described above in ITR 8.*

ITR 33: Names and titles/positions of any law enforcement, investigative, or prosecutorial agencies, local, county, state and federal, which were in any way contacted, utilized, resourced or associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or surveillance of any judge and or their family members and/or their associates, to include but not limited to, government personnel who may have participated in listed activities but in an unofficial or private-person capacity.

*Documentation supplied under ITR 5, ITR 18, ITR 27, ITR 30.*

| | |
|---|---|
| *J. Kirk Wiebe* | *National Security Agency* |
| *Thomas A. Drake* | *National Security Agency* |
| *Kelly M. Smith* | *Federal Bureau of Investigation* |
| *Jason Wittmer* | *Maricopa County Sheriff's Office* |
| *Ismael Fuentes* | *Arizona Attorney General's Office* |

ITR 34: Disclosure of the use of any and all equipment and devices (to include hardware and software) for purposes of tracking, observation, visual and audio surveillance by any government or private entity associated with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or any investigation, research, surveillance of any judge and/or their family members and/or their associates, to include specificity of the equipment, manufacturer, serial number, the owner's name and position/role, and the current location of the equipment.

*No documents responsive to this request.*

ITR 35: Identity of all personnel assigned to what is commonly referred to as the MCSO, SID, task force, or similar entity aka "Ear Unit" since 1-1-2008.

*List provided by Sgt. McWilliams of SID and turned over to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015.*

ITR 36: Record of all assignments, activities, cases, etc. in which the "Ear Unit" has been engaged since 1-1-2008, to date, as they directly, indirectly, officially or unofficially associate with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or associated with an investigation-research-surveillance of any judge and/or their family members and/or their associates.

*On May 5th, 2015 Sgt. McWilliams stated his group "Ear Unit" helped put together a lap top for use by Sgt. Travis Anglin on his travels related to the Seattle, Washington case but had no other involvement.*

ITR 37: Audio, video, photographs, logs, documentation of activity, and any records obtained as a result of a private investigation or surveillance, public agency/government investigation or surveillance, and/or the use by private of public entity of tracking/listening/observing/eavesdropping/recording equipment such as, but not limited to, StingRay or Triggerfish (or similar), electronic tracking devices, eavesdropping devices, as they directly, indirectly, officially or unofficially associate with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or associated with any investigation, research, surveillance of any judge and/or their family members and/or their associates.

*Documents supplied under ITR 5, ITR 7, ITR 8, ITR 9, ITR 10 and request #1 from April 24th, 2015.*

ITR 38: Complete informant file, to include the informant identity and control number assigned to any informant related or associated directly, indirectly, officially or unofficially with the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or associated with any investigation, research, surveillance of any judge and/or their family members and/or their associates.

MELC1334933

CI file provided under ITR 1. There are no other CI's thus no further documentation responsive to this request. Information provided to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015.

ITR 39: All information known about the destruction, relocation, erasure, overwriting, deletion, disposal, or similar activity associated with evidence, records, reports and logs related or associated directly, indirectly, officially or unofficially the Seattle, Washington activities referred to in the Phoenix New Times article by Stephen Lemons, dated June 4, 2014, and/or associated with any investigation, research, surveillance of any judge and/or their family members and/or their associates.

No documents responsive to this request.

ITR 40: Page 20 of the transcribed interview of Attorney Mary Ann McKessy, which was omitted from the transcript supplied by MCSO to monitor on April 24, 2015.

Document supplied to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015.

ITR 41: Memo or email from Chief Deputy Sheridan or other command level officer to PSB regarding circumstances or direction to interview McKessy.

Documentation under request #2 from April 24th, 2015 provided to Monitor Anders and Counsel Michele Iafrate on same date.

ITR 42: Audio and transcript of audio of any and all telephone calls between Sgt. Tennyson and Deputy Brian Mackiewicz, to include the phone call subsequent to Sgt. Tennyson's interview with Mary Ann Mckessy.

Documentation under request #2 from April 24th, 2015 provided to Monitor Anders and Counsel Michele Iafrate on same date.

ITR 43: Complete file of the IA investigation of the complaint made by Mary Ann McKessy on Deputy Brian Mackiewicz.

No administrative PSB investigation has been initiated on this complaint. The Criminal PSB case (still ongoing) was provided under request #2 from April 24th, 2015 to Monitor Anders and Counsel Michele Iafrate on the same date. The Criminal PSB case is further being supplemented due to additional information obtained from McKessy on April 28th, 2015 by Lt. Kim Seagraves. The supplemental information is uploaded to the monitoring team document request transfer folder under the file names "MELC199293_McKessey Ph Call, MELC199292_McKessey 2, MELC199291_McKessey 1, MELC199128-199290_Lt. Seagraves McKessey 3 4-28-15, MELC199076-199127_Lt. Seagraves McKessey 2 4-28-15, MELC199075_Lt. Seagraves McKessey 1 4-28-15 and MELC198782-199074_McKessy Images 04.28.15".

ITR 44: Copies of worksheets and time accounting records for Michael Zullo in his capacity as a posse member.

This is a repeat request of ITR 12. There are no documents responsive to this request.

ITR 45: Video and audio recordings, and transcripts of any interview of Mary Ann McKessy conducted after August 22, 2014.

Lt. Seagraves had further communication with Mary Ann McKessy on April 28th, 2015 along with documentation supplied by McKessy to Seagraves. This information is uploaded to the monitoring team document request transfer folder under the file names "MELC199293_McKessey Ph Call, MELC199292_McKessey 2, MELC199291_McKessey 1, MELC199128-199290_Lt. Seagraves McKessey 3 4-28-15, MELC199076-199127_Lt. Seagraves McKessey 2 4-28-15, MELC199075_Lt. Seagraves McKessey 1 4-28-15 and MELC198782-199074_McKessy Images 04.28.15".

ITR 46: Any and all written communication, including emails, between Lt. Seagraves or any other MCSO member and Mary Ann McKessy, which occurred after 11:07 AM, April 10, 2015.

Lt. Seagraves advised she supplemented a conversation she had with McKessy on page 4 of her report after the date mentioned above. Monitor Anders and Counsel were provided with this supplement as part of request #2 dated April 24th, 2015.

MELC1334934

ITR 47: Copies of any documentation that MCSO has obtained including photos, screen shots, ADP records, emails, phone messages, or social media posts related to CIA-0034.

> *Initial production of records produced and provided to Monitor Anders and Counsel Michele Iafrate on April 24th, 2015 under request #2 from same date. Lt. Seagraves had further communications with Mary Ann McKessy on April 28th, 2015 along with documentation supplied by McKessy to Seagraves. This information is uploaded to the monitoring team document request transfer folder under the file names "MELC199293_McKessey Ph Call, MELC199292_McKessey 2, MELC199291_McKessey 1, MELC199128-199290_Lt. Seagraves McKessey 3 4-28-15, MELC199076-199127_Lt. Seagraves McKessey 2 4-28-15, MELC199075_Lt. Seagraves McKessey 1 4-28-15 and MELC198782-199074_McKessy Images 04.28.15".*

ITR 48: Any and all materials and work product, including memoranda, reports, notes, receipts, records, emails, video and audio related to the Grissom inquiry.

> *Provided to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015 under ITR 5 as noted above.*

ITR 49: Any additional correspondence, including reports, memoranda authored by Jennifer Jones related to CIA-0034 not previously provided to the monitor.

> *Additional documentation supplied to Monitor Anders and Counsel Michele Iafrate on April 27th, 2015.*

MELC1334935

# EXHIBIT 24

1    Michael P Zullo

FILED ___ LODGED
RECEIVED ___ COPY

OCT 3 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MANUEL de JESUS ORTEGA MELENDRES,    )
on behalf of himself and all others  )
similarly situated; et al.           )
                                     )      Civil Action No.
        v.                           )      CV-07-2513-PHX-GMS
                                     )
JOSEPH M. ARPAIO,  in his  individual And )
official  capacity  as Sheriff of Maricopa )
County, Arizona; et al.              )
                                     )
                Defendant

# MOTION Pro SE FOR PROTECTIVE ORDER

I, Michael P. Zullo, move this court pro se to prohibit attorney JOSEPH J. POPOLIZIO and attorneys for Jones, Skelton & Hochuli, P.L.C from releasing any documentation provided by me, released to them,  as stated earlier under United States v. Hubbell, 530 U.S. 27 (2000).

Having just been informed the firm and attorneys for Jones, Skelton & Hochuli now take the position of never having and are not representing me, despite their having said so in the past thereby misleading me in this regard, are now in possession of documentation erroneously obtained from me and therefore have no legal authority to possess it.

Furthermore, under these circumstances attorney JOSEPH J. POPOLIZIO and attorneys for Jones, Skelton & Hochuli,P.L.C have no legal authority to release any information obtained by me under such false pretenses.

1  If they do release my documentation they would again be violating my 4th and 5th

2  Amendment rights, not to mention the clear ethical violation.  This court should not

3  be party to these violations of my Constitutional rights while I seek counsel.

Dated this 30 day of October,  2015

Michael P Gullo Pro Se

1

2

3

I certify that on October 28, 2015, I emailed this document to these lawyers.

4

5  Stanley Young, Esq.
   Andrew Carl Byrnes, Esq.
6  333 Twin Dolphin Road
   Redwood Shores, California  94065
7

8

   Daniel Pochoda, Esq.
9  3707 N. 7th Street, Suite 235
   Phoenix, Arizona 85014
10

11 Cecilia D. Wang, Esq.
   39 Drumm Street
12 San Francisco, California

13

14 Thomas P. Liddy, Esq.
   222 North Central Avenue, Suite 1100 Phoenix, Arizona 85005
15

16

   Michele M. Iafrate, Esq. 649 North Second Avenue
17 Phoenix, Arizona 85003

18

   Deborah L. Garner, Esq. 649 North Second Avenue
19 Phoenix, Arizona 85003

20

   Melvin McDonald, Esq.
21 2901 N. Central Avenue, Suite 800
   Phoenix, Arizona 85012-2728
22

23  Andre Segura, Esq.
   125 Broad Street, 1gth Fl.
24 New York, New York 10004

25

   Anne Lai, Esq.
26 401 E. Peltason Drive.  Suite 3500
   Irvine, California 92616
27

28

1  Jorge M. Castillo, Esq.
   634 S. Spring Street, 11th Fl.
   Los Angeles, California 90014
2

3  Richard K. Walker, Esq.
   16100 N. 71st Street, Suite 140
4  Scottsdale, Arizona  85254-2236

5

6  _____
                    Michael P Zullo
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 25

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 0 2 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  Michael P Zullo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

MANUEL de JESUS ORTEGA MELENDRES,    )
on behalf of himself and all others )
similarly situated; et al.          )
                                    )    Civil Action No.
            v.                      )    CV-07-2513-PHX-GMS
                                    )
JOSEPH M. ARPAIO,  in his  individual And )
official  capacity  as Sheriff of Maricopa )
County, Arizona; et al.             )
                                    )
            Defendant

### NOTICE OF APPEALS BY MIKE ZULLO AND REQUEST TO STAY

I, Michael Zullo, pro se, files this notice that he will appeal the court's orders related to his requested testimony and production of documents by the plaintiffs' counsel including the American Civil Liberties Union, and the law firm of Covington and Burling, which includes a partner who is the brother in law of this court and which this court has ordered millions of dollars of legal fees paid to Covington and Burling, all of which are being paid from public funds belonging to the citizens of Maricopa County, yet the ACLU and Covington and Burling and Maricopa County wish to deny me the same right.

Zullo fears that the court's orders not only show an implicit bias against Zullo, given his association with Defendant Sheriff Joe Arpaio in particular, who the court, as reported in the media, revealed by his wife to destroy, and still an outstanding issue which he himself has yet to confirm or even deny, nor has this court pursued with the same zeal as the inquire into the "Seattle Operation", yet these orders violate Zullo's 5th, 4th and 6th amendment rights.

1   The court has not even allowed me sufficient time to get legal counsel and the means

2   to pay for it, after I was recently informed by legal counsel provided by Maricopa

3   County (who have caused significant liability along with the County to me), that they

4   do not represent me and have never represented me, despite false statements previously

5   that they did to fraudulently induce me to turn over documents.

6

7   Further, the previous statements concerning Zullo's representation were not only made

8   placing Zullo under the belief he was of counsel, the same representations had been

9   made to the Court on the record, giving the Court giving the same erroneous

10   impression.

11

12   Additionally, the very same belief was imparted to Det. Brian Mackiewicz, Chief Deputy

13   Gerald Sheridan and Sheriff Joe Arpaio.  All of which communicated the same

14   understanding.

15

16   In fact, Det. Brian Mackiewicz, Chief Deputy Gerald Sheridan and Sheriff Joseph Arpaio

17   And Sgt. Travis Anglin all had legal representation during this civil process,

18   provided by Jones, Skelton & Hochuli, P.L.C., paid for by the County and yet Zullo in

19   the eleventh hour is mysteriously denied.

20

21   Furthermore, during Zullo's deposition Attorney Stan Young of Covington and Burling

22   stated on the record that the same representations were made to him.

23

24   "Q. I'll tell you that there was a status conference on October 6 where Joe Popolizio

25   told the Court and the rest of us that he was representing you, at least in some

26   capacity".

27

28

1   In addition, a statement was provided by Attorney John Masterson Jones, Skelton &

2   Hochuli, P.L.C. to the Phoenix New Times confirming the same.

3

4   One would think that the court, in the interests of justice and simple fairness, would

5   be concerned that these lawyers have acted unethically and illegally, but this does

6   not appear to be the case.

7

8   While the ACLU has demonstrated sheer contempt for Sheriff Arpaio and anyone like me

9   who is associated with him, the ACLU has also demonstrated it believes in

10   constitutional rights for only those it agrees with in terms of its own agenda.

11

12   In an act of blatant hypocrisy , the ACLU of Utah celebrated the Sixth Amendment

13   Center's recent report which stated that "in Utah's misdemeanor courts, defendants are

14   often actually denied counsel when they are entitled to it, and in Utah's felony

15   courts, systemic deficiencies often lead to constructive denial of counsel."

16

17   Yet, the ACLU as evidenced in its recent filing, now chooses to constructively deny

18   Zullo the same right to counsel it just a week ago openly embraced for others.

19

20   In complete disregard for individual protections, attorneys from the ACLU and

21   Covington & Burling filed a motion opposing Zullo's request for the extension to seek

22   counsel to protect those same rights, unconditionally stating "Mr. Zullo actually has

23   no constitutional right to counsel at all in this civil case."

24

25   Apparently taking the position that the protections afforded by the Bill Of Rights

26   under the United States Constitution are exercisable only in accordance within the

27   ACLU's subjective agenda.  In outright irony, the ACLU states on its website that it

28   seeks to "defend liberty, equality & justice". Just not here.

1    It should be noted that the ACLU has been a plaintiff in a lawsuit challenging the

2    National Security Agency's (NSA) harvesting of Americans' phone records. This one of

3    the very topics being investigated by the Maricopa County Sheriff Office, during the

4    "Seattle Operation" this exact type of information was received.  Now the ACLU takes

5    the opposite position and demonizes the Sheriff and threatens him and his agents with

6    criminal violations for investigation of the same.

7

8    In yet another example of Constitutional disregard, attorney Raffaele Gomez

9    representing the DOJ civil division in this matter, is in fact the very same AUSA

10   providing oversight during the FBI raid on Denise Montgomery's home in early 2006.  It

11   was later determined the FBI violated Montgomery's constitutional rights by giving the

12   court inaccurate information to obtain a warrant to search his house in March 2006.

13

14   U.S. District Judge Philip Pro's order affirmed U.S. Magistrate Valerie Cooke's

15   November ruling that Reno FBI special agent Michael West violated Montgomery's

16   constitutional rights by giving the court inaccurate information to obtain a warrant

17   to search his house in March 2006

18

19   "After examination of his affidavit, his testimony concerning his investigation and

20   the protocols the Department of Justice has implemented for these crimes, this court

21   can only conclude that SA West acted with callous disregard of Montgomery's

22   fundamental Fourth Amendment rights,"

23   Mr. Gomes in in fact very familiar with MR. Montgomery and the sensitive nature of the

24   situation surrounding him.

25

26   It is also of note that other partners of Covington and Burling are the former

27   attorney general of the Obama Justice Department, and Lanny Breuer, who was head of

28   the Obama Justice Department's criminal section. All of whom were referenced in

1  information provided to MCSO, by Mr. Montgomery during the "Seattle Investigation".

2  All now are employed by Covington and Burling.

3

4   I therefore wish to put the court on notice that I will appeal its orders and ask

5  that the court, as a minimum, stay implementation of any orders requiring my testimony

6  and the production of more documents which I provided under false pretenses to the

7  lawyers of the county, Joe Pappalizio, John Masterson and Jones, Skelton & Hochuli,

8  P.L.C. until I can take an appeal to the Ninth Circuit of these illegal rulings.

9

10 To do otherwise would itself be unethical and would further the agendas of the ACLU

11 and Covington and Burling and their clients, who also are committed to destroying

12 Arpaio and persons like me and who have threatened us with criminal prosecution.

13

14 I have consulted with a prominent attorney and need time to retain him if amendable to

15 him, as previously requested. 30 days was a reasonable time given that I need to

16 address issues with County dealing with my representation in the same way as it has

17 for others in this case including retired Chief Brian Sands who retains independent

18 counsel paid for by the County and to mitigate its liability and the damage it and its

19 lawyers have caused to me.

20

21 In the meantime, I should not be ordered to turn over documents and testify, and in

22 any event not until I can appeal and get a decision for the appeals court.

23

24

25

26                                         Dated this 2 day of November, 2015

27                                         Michael P Zullo Pro Se

28

I certify that on October 28, 2015, I emailed this document to these lawyers.

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road
Redwood Shores, California  94065

Daniel Pochoda, Esq.
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014

Cecilia D. Wang, Esq.
39 Drumm Street
San Francisco, California

Thomas P. Liddy, Esq.
222 North Central Avenue, Suite 1100 Phoenix, Arizona 85005

Michele M. Iafrate, Esq. 649 North Second Avenue
Phoenix, Arizona 85003

Deborah L. Garner, Esq. 649 North Second Avenue
Phoenix, Arizona 85003

Melvin McDonald, Esq.
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728

 Andre Segura, Esq.
125 Broad Street, 1gth Fl.
New York, New York 10004

Anne Lai, Esq.
401 E. Peltason Drive.  Suite 3500
Irvine, California 92616

Jorge M. Castillo, Esq.
634 S. Spring Street, 11th Fl.
Los Angeles, California 90014

Richard K. Walker, Esq.
16100 N. 71st Street, Suite 140
Scottsdale, Arizona  85254-2236

Michael P Zullo

# EXHIBIT 26

1  Cecilia D. Wang (*Pro Hac Vice*)
2  cwang@aclu.org
   ACLU Foundation
3  Immigrants' Rights Project
   39 Drumm Street
4  San Francisco, California 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
6
7  Daniel J. Pochoda
   dpochoda@acluaz.org
8  ACLU Foundation of Arizona
   3707 N. 7th St., Ste. 235
9  Phoenix, AZ 85014
   Telephone: (602) 650-1854
10 Facsimile: (602) 650-1376
11
12 *Attorneys for Plaintiffs (Additional attorneys*
   *for Plaintiffs listed on next page)*
13
14            **IN THE UNITED STATES DISTRICT COURT**
15             **FOR THE DISTRICT OF ARIZONA**
16 Manuel de Jesus Ortega Melendres,      )      CV-07-2513-PHX-GMS
   et al.,                                )
17                                        )
                                          )
18            Plaintiff(s),               )      **PLAINTIFFS' FURTHER**
                                          )      **RESPONSE IN OPPOSITION**
19       v.                               )      **TO MICHAEL ZULLO'S**
                                          )      **MOTION PRO SE FOR**
20 Joseph M. Arpaio, et al.,              )      **PROTECTIVE ORDER**
                                          )
21                                        )
            Defendants(s).                )
22                                        )
                                          )
23 _____)
24
25
26
27
28

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley (*Pro Hac Vice*)
lpedley@cov.com
Rebecca A. Jacobs (*Pro Hac Vice*)
rjacobs@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

In response to Michael Zullo's Motion Pro Se for Protective Order, Dkt. 1508, and pursuant to the Court's invitation in its Order, Dkt. 1506, Plaintiffs submit these additional observations regarding *United States v. Hubbell*, 530 U.S. 27 (2000). For the reasons stated in Plaintiffs' October 30, 2015 Response in Opposition to Michael Zullo's Motion for Extension of Time to Retain Counsel, Dkt. 1507 (which is incorporated by reference here), the documents listed on Jones Skelton's log, Dkt. 1507-6, belong to MCSO. Their production by MCSO's attorneys would involve no potential self-incrimination by Mr. Zullo.

But, even if those documents were somehow deemed to be owned by Mr. Zullo, their production by the Jones Skelton firm would still not constitute potential self-incrimination by Mr. Zullo. It is uncontested that, as of now, Jones Skelton does not represent Mr. Zullo. Mr. Zullo has made it clear that Jones Skelton's production would not be on his behalf. The *Hubbell* Court's observation that "that the act of producing documents in response to a subpoena may have a compelled testimonial aspect," 530 U.S. at 36, is therefore irrelevant to the present situation, since Mr. Zullo would not be producing the documents under compulsion of a subpoena. Rather, Jones Skelton would be producing the documents in response to the subpoena directed toward it. A claim by Mr. Zullo that Jones Skelton misled him in order to obtain the documents, which Mr. Zullo makes in Dkt. 1508, would not limit Jones Skelton's obligations under the subpoena served on it in this lawsuit and would not affect the obligation of Sheriff Arpaio and MCSO to produce relevant documents that they, through Jones Skelton, have obtained from Mr. Zullo. *See, e.g.*, *Fisher v. United States*, 425 U.S. 391, 401-414 (1976) (explaining that the Fifth Amendment protects against compelled self-incrimination, not the disclosure of private information); *Couch v. United States*, 409 U.S. 322, 335-36 (1973) (no Fourth or Fifth Amendment claim by taxpayer over documents in accountant's possession can prevail where there exists no legitimate expectation of privacy and no semblance of government compulsion against the person of the accused); *S.E.C. v. Ryan*, 747 F.Supp.2d 355, 363-64

1

(N.D.N.Y. 2010) (court-appointed receiver's access to law firm's files concerning investment company and broker named in Securities and Exchange Commission enforcement action did not implicate broker's Fifth Amendment right against self-incrimination, since court's request to provide discovery was directed to firm rather than broker, firm did not represent broker in instant matter, and business records at issue were voluntarily prepared); *In re Special November 1975 Grand Jury (Subpoena Duces Tecum Issued to Peat, Marwick, Mitchell & Co.)*, 433 F.Supp. 1094, 1096 (N.D. Ill. 1977) (where a grand jury is seeking production of documents, only the person in actual possession of documents may assert a personal privilege not to disclose through a motion to quash or to modify a subpoena; an owner of a document may not assert such a privilege in order to prevent disclosure by another person who is then in possession of the documents in question).[1]

There is also a basic fairness concern. Mr. Zullo, Sheriff Arpaio and Chief Deputy Sheridan have apparently conferred among themselves about their testimony in this case regarding the matters discussed in the documents at issue. See Dkt. 1507-5 at 4 (Mr. Zullo stating, with regard to testimony by Sheriff Arpaio and Chief Sheridan that the information provided by Mr. Montgomery was "junk," that "I had that conversation with them yesterday and advised them that that is not what I'm going to testify to"). It would be inequitable for Mr. Zullo, Sheriff Arpaio and Chief Deputy

---

[1] Mr. Zullo does not have, and has never had, a legitimate expectation of privacy as against Sheriff Arpaio and MCSO in any communications with the Jones Skelton firm, and therefore had no reasonable expectation of independent or disinterested representation of his personal interests by that firm. *See United States v. Ruehle*, 583 F.3d 600 (9th Cir. 2009). Mr. Zullo could not have had any legitimate expectation that Sheriff Arpaio and MCSO would violate their discovery obligations by withholding relevant documents that he gave to them through Jones Skelton. This is particularly true where Mr. Zullo gave those documents to Jones Skelton so that Jones Skelton could do a privilege review and then give any non-privileged documents to Plaintiffs pursuant to Plaintiffs' subpoena to Mr. Zullo. To the extent Mr. Zullo wishes to assert claims of any sort against Jones Skelton or Maricopa County, that is a separate matter and is irrelevant to these proceedings.

2

Sheridan to be able to refer to the documents in order to help shape their testimony in this case without Plaintiffs also being able to see those same documents.

The Court should therefore order Jones Skelton to produce the documents listed on its log, Dkt. 1507-6.


RESPECTFULLY SUBMITTED this 2nd day of November, 2015.


By: /s/ *Stanley Young*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Rebecca A. Jacobs (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund
*Attorneys for Plaintiffs*

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that on November 2, 2015 I electronically transmitted the

4    attached document to the Clerk's office using the CM/ECF System for filing and

5    caused the attached document to be served via the CM/ECF System on all counsel of

6    record.

7

8                                        */s/ Stanley Young*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 27

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al., | ) ) ) | CV-07-2513-PHX-GMS |
| Plaintiff(s), | ) ) | **SECOND AMENDED NOTICE OF SERVICE OF SUBPOENA COMMANDING DEPOSITION TESTIMONY** |
| v. | ) ) | |
| Joseph M. Arpaio, et al., | ) ) | |
| Defendants(s). | ) ) ) | |

1    Additional Attorneys for Plaintiffs:

2
          Andre I. Segura (*Pro Hac Vice*)              Priscilla G. Dodson (*Pro Hac Vice*)
3         asegura@aclu.org                              pdodson@cov.com
          ACLU Foundation                               Covington & Burling LLP
4         Immigrants' Rights Project                    One CityCenter
          125 Broad Street, 17th Floor                  850 Tenth Street, NW
5         New York, NY 10004                            Washington, DC 20001-4956
          Telephone: (212) 549-2676                     Telephone: (202) 662-5996
6         Facsimile: (212) 549-2654                     Facsimile: (202) 778-5996
7
          Anne Lai (*Pro Hac Vice*)                     Jorge M. Castillo (*Pro Hac Vice*)
8         alai@law.uci.edu                              jcastillo@maldef.org
9         401 E. Peltason, Suite 3500                   Mexican American Legal Defense and
          Irvine, CA 92697-8000                         Educational Fund
10        Telephone: (949) 824-9894                     634 South Spring Street, 11th Floor
          Facsimile: (949) 824-0066                     Los Angeles, California 90014
11                                                      Telephone: (213) 629-2512
12                                                      Facsimile: (213) 629-0266

13        Stanley Young (*Pro Hac Vice*)
          syoung@cov.com
14        Michelle L. Morin (*Pro Hac Vice*)
          mmorin@cov.com
15        Hyun S. Byun (*Pro Hac Vice*)
          hbyun@cov.com
16        Covington & Burling LLP
17        333 Twin Dolphin Drive
          Suite 700
18        Redwood Shores, CA 94065-1418
19        Telephone: (650) 632-4700
          Facsimile: (650) 632-4800
20
          Tammy Albarran (*Pro Hac Vice*)
21        talbarran@cov.com
          Lauren E. Pedley (*Pro Hac Vice*)
22        lpedley@cov.com
23        Rebecca A. Jacobs (*Pro Hac Vice*)
          rjacobs@cov.com
24        Covington & Burling LLP
          One Front Street
25        San Francisco, CA 94111
26        Telephone: (415) 591-7066
          Facsimile: (415) 955-6566
27

28

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45(b)(1), Plaintiffs will serve the attached subpoena commanding deposition upon Michael Zullo.

RESPECTFULLY SUBMITTED this 3rd day of November, 2015.

By: /s/ *Stanley Young*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice*)
Rebecca A. Jacobs (*Pro Hac Vice*)
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund
*Attorneys for Plaintiffs*

1    **CERTIFICATE OF SERVICE**

2          I hereby certify that on November 3rd, 2015 I electronically transmitted the

3    attached document to the Clerk's office using the CM/ECF System for filing and

4    caused the attached document to be served via the CM/ECF System on all counsel of

5    record.

6

7

8                                             */s/ Stanley Young*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Manuel de Jesus Ortega Melendres, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  07-2513-PHX-GMS |
| Joseph M. Arpaio, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Michael Zullo
                          1921 W Morning Vista Ln   Phoenix, AZ 85085-2722
                          *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Legal Video Specialists, 3033 N. Central Avenue, Suite 100, Phoenix, Arizona, 85012 | Date and Time: 11/09/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenography and video

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/03/2015

              *CLERK OF COURT*

                                                        OR

_____                    s/ Stanley Young
                                                    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Manuel de Jesus Ortega Melendres, et al. _____ , who issues or requests this subpoena, are:

Stanley Young, Covington & Burling, 333 Twin Dolphin Dr, Ste 700, Redwood Shores, CA 94065, syoung@cov.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  07-2513-PHX-GMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Protective Order of Michael Zullo. (Docs. 1501, 1508.)  Also pending before the Court is Mr. Zullo's Motion to Stay Court Orders Requiring Testimony and Notice of Intent to Appeal.  (Doc. 1510.)  For the following reasons, the Court denies these motions.

## BACKGROUND

Michael Zullo, a member of the Maricopa County Sheriff's Office (MCSO) Cold Case Posse (a volunteer group that acts under the aegis of the MCSO), participated in the "Seattle Investigation" as an "individual activation" pursuant to MCSO Posse Program guidelines GJ-27.  (Doc. 1507-7 at 4.)  Zullo acted under the direction and authority of

MCSO Detective Mackiewicz and was subject to MCSO Sheriff Arpaio's control. (Oct. 28, 2015 Tr. At 37; Apr. 23, 2015 Tr. At 652:14-15.)

The Court issued a subpoena ordering the production of various documents, including some related to Zullo's work for the MCSO on the Seattle Investigation. Defense counsel at Jones, Skelton, & Hochuli has possession of these documents because Zullo had turned them over to such counsel in the belief, he asserts, that they were representing him. (Doc. 1501 at 2.) Zullo has since learned that the attorneys at Jones, Skelton, & Hochuli take the position that they do not represent him and never have represented him. (Doc. 1501 at 1-2; Doc. 1508 at 1.) Relying on his Fifth Amendment privilege against compelled self-incrimination,[1] Zullo seeks a protective order that Joseph Popolizio and the other attorneys at Jones, Skelton, & Hochuli not produce documents that Zullo provided them that are responsive to the subpoena. (Doc. 1501 at 2; Doc. 1508 at 1; Doc 1510 at 5.)

## DISCUSSION

**I.    Mr. Zullo is not being compelled to produce the documents, and as such, his Fifth Amendment rights are not implicated.**

The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment "protects against compelled self-incrimination, not the disclosure of private information." *Fisher v. United States*, 425 U.S. 391, 401 (1976). Compelled self-incrimination is protected by the Fifth Amendment only when it is "testimonial" in character. *United States v. Hubbell*, 530 U.S. 27, 34 (2000). It is well-settled law that "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those

---

[1] Zullo maintains that his "Fourth, Fifth, and Sixth Amendment rights have been compromised by counsel for the County." (Doc. 1501 at 2). However, Zullo provides legal argument regarding his Fourth or Sixth Amendment rights and cites only one case, discussing the Fifth Amendment protection against compelled self-incrimination, *United States v. Hubbell*, 530 U.S. 27 (2000).

documents was not 'compelled' within the meaning of the privilege." *Id.* at 35-36. Where documents are "voluntarily prepared prior to the issuance of [a court order to produce them]," such papers cannot be "said to contain compelled testimonial evidence." *Id.* at 36 (quoting *Fisher*, 425 U.S. at 409-10). A person cannot "avoid compliance with [a] subpoena served on him merely because the demanded documents contain[] incriminating evidence, whether written by others or voluntarily prepared by himself." *Id.*

Nevertheless, "the act of producing documents in response to a subpoena may have a compelled testimonial aspect." *Id.* "[P]roducing the documents tacitly admits their existence and their location in the hands of their possessor," facts which may have "some minimal testimonial significance." *Fisher*, 425 U.S. at 411-12. "Compelled testimony that communicates information that may 'lead to incriminating evidence' is privileged even if the information itself is not inculpatory." *Hubbell*, 530 U.S. at 38. Thus, if a person's *own compelled act of producing documents* (not the *contents* of the documents) communicates information not otherwise known that could lead to incriminating evidence, that person cannot be compelled to produce the documents without a grant of immunity. *Id.* at 44-45.

Nevertheless, a person has no Fifth Amendment privilege in preventing *someone else* from producing documents that incriminate him. *Couch v. United States*, 409 U.S. 322, 328 (1973) ("[T]he Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to information that may incriminate him."). The Supreme Court "has held repeatedly that the Fifth Amendment is limited to prohibiting the use of physical or moral compulsion exerted on the person asserting the privilege." *Fisher*, 425 U.S. at 397. Thus, if a client's lawyer is compelled to produce documents that incriminate the client, this "would not 'compel' the [client] to do anything and certainly would not compel him to be a 'witness' against himself." *Id.* The Fifth Amendment does not apply where "the ingredient of personal compulsion against an accused is lacking." *Id.* (quoting *Couch*, 409 U.S. at 329).

- 3 -

Here, Mr. Zullo is not being compelled to do anything. Zullo drafted the documents at issue voluntarily, prior to the issuance of the subpoena, and he was not under compulsion when he delivered the documents to the attorneys at Jones, Skelton, & Hochuli.[2] Those attorneys are now compelled to produce the documents; Zullo is not compelled to do so. As such, Zullo has no Fifth Amendment claim regarding the production of these documents. *Id.* at 398-99; *see also Johnson v. United States*, 228 U.S. 457, 458 (1913) ("A party is privileged from producing evidence but not from its production.").

## II. Mr. Zullo possessed the documents in a representative capacity for a collective entity, and thus he never had a Fifth Amendment privilege against producing them.

Even if the documents had remained in Mr. Zullo's sole possession, he would nonetheless fail in asserting a Fifth Amendment privilege against compelled self-incrimination because "an individual cannot rely upon the privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally." *Bellis v. United States*, 417 U.S. 85, 88 (1974). "In view of the inescapable fact that an artificial entity can only act to produce its records through its individual officers or agents, recognition of the individual's claim of privilege with respect to the . . . records of the organization would substantially undermine the unchallenged rule that the organization itself is not entitled to claim any Fifth Amendment privilege, and largely frustrate legitimate governmental regulation of such organizations." *Id.* at 90.

To qualify under the collective entity doctrine, an organization must be "an independent entity apart from its individual members[,] . . . relatively well organized and structured and not merely a loose, informal association of individuals," with a "distinct

---

[2] The fact that the attorneys at Jones, Skelton, & Hochuli never represented Mr. Zullo is irrelevant to the Fifth Amendment analysis. Whether the attorneys represented him or not, "by reason of the transfer of the documents to the attorneys, those papers may be subpoenaed without compulsion on" Zullo. *Fisher*, 425 U.S. at 398-99. "The protection of the Fifth Amendment is therefore not available." *Id.*

1   set of organizational records" and members who have "control and access to" those

2   records. *Id.* at 92-93. It is therefore "fair to say that the records demanded are the

3   records of the organization rather than those of the individual." *Id.* at 93. The custodian

4   of such records holds them "in a representative capacity." *Id.* at 97.

5       In 1984, the Ninth Circuit held it to be "well established that an individual may not

6   assert the [F]ifth [A]mendment privilege to avoid producing the records of a collective

7   organization where he possesses such records in a representative capacity." *United States*

8   *v. Malis*, 737 F.2d 1511, 1512 (9th Cir. 1984). Other circuits disagreed,[3] and the

9   Supreme Court, in *Braswell v. United States*, 487 U.S. 99, 100 (1988), dealt squarely

10  with the issue of "whether the custodian of corporate[4] records may resist a subpoena for

11  such records on the ground that the act of production would incriminate him in violation

12  of the Fifth Amendment." The Court concluded that "he may not." *Id.* "[W]ithout

13  regard to whether the subpoena is addressed to the corporation, or . . . to the individual in

14  his capacity as a custodian, a corporate custodian . . . may not resist a subpoena for

15  corporate records on Fifth Amendment grounds." *Id.* at 108-09.

16      The Supreme Court noted that the "act of production" line of cases (*i.e.*, *Fisher*)

17  did not undermine the collective entity rule. *Id.* at 109. Where a member of an

18  organization possesses documents of the organization, "the custodian's act of production

19  is not deemed a personal act, but rather an act of the [organization]." *Id.* "[T]he

20  custodian of corporate records may not interpose a Fifth Amendment objection to the

21  compelled production of corporate records, even though the act of production may prove

22  personally incriminating." *Id.* at 111-12.

23  / / /

24

25  [3] *Braswell v. United States*, 487 U.S. 99, 102 n.2 (1988) (listing cases establishing a circuit split and citing *Malis* as one of the cases on the winning side of the split).

26  [4] A collective entity need not be a corporation, but rather can be any organization, and the *Braswell* decision applies equally to non-corporate collective entities. *Braswell*, 487 U.S.

27  at 104 ("[W]e have long recognized that, for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals. This

28  doctrine—known as the collective entity rule—has a lengthy and distinguished pedigree.").

- 5 -

The Court specifically rejected "the simple expedient of . . . granting the custodian statutory immunity as to the act of production" as it "entails a significant drawback," in that it "shift[s] to the government the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources"—a burden so heavy that it "may result in the preclusion of crucial evidence that was obtained legitimately." *Id.* at 116-117.

Here, Zullo, through his status as a member of the MCSO Cold Case Posse as well as his status by means of the "individual activation" pursuant to MCSO Posse Program guidelines GJ-27, was a member of a collective entity. (Doc. 1507-7 at 4.) All of Zullo's involvement with the Seattle Investigation was under the direction and control of the MCSO. (Oct. 28, 2015 Tr. At 37; Apr. 23, 2015 Tr. At 652:14-15.) The MCSO constitutes an organization for the purposes of the collective entity doctrine; it is "well organized and structured and not merely a loose, informal association of individuals." *Bellis*, 417 U.S. at 92-92. Documents that would be responsive to the Court's subpoena are not Mr. Zullo's personal documents but rather are documents created for the MCSO. Thus, even if Zullo himself were compelled to produce the documents, he "may not interpose a Fifth Amendment objection to the compelled production of [collective entity] records, even though the act of production may prove personally incriminating." *Braswell*, 487 U.S. at 111-12.

**CONCLUSION**

Michael Zullo cannot invoke the Fifth Amendment to prevent the attorneys at Jones, Skelton, & Hochuli from producing documents in response to the Court's subpoena, where he voluntarily prepared the documents and voluntarily gave them to the attorneys, as he is under no compulsion, and as such, the Fifth Amendment does not apply. Moreover, even if he were in sole possession of the documents and the subpoena required him to produce them, he could not invoke the Fifth Amendment to resist the subpoena because he would hold the documents in a representative capacity for a collective entity, and the act of production would be that of the organization, not his own.

1    **IT IS THEREFORE ORDERED** that the Motion for Protective Order of
2    Michael Zullo (Docs. 1501 and 1508) is **DENIED**.

3    **IT IS FURTHER ORDERED** that the Motion to Stay Court Orders Requiring
4    Testimony and Notice of Intent to Appeal of Michael Zullo (Doc. 1510) makes no
5    separate legal argument and is thus also **DENIED**.

6    **IT IS FURTHER ORDERED** that Jones, Skelton, & Hochuli produce to the
7    Court and to all Parties the documents given to its attorneys by Zullo that are responsive
8    to the subpoena.

9    Dated this 6th day of November, 2015.

Honorable G. Murray Snow
United States District Judge

# EXHIBIT 29

**Exhibit B**

**In The Matter Of:**

*Melendres vs.*
*Arpaio*

---

*Mike Zullo*
*Vol. II*
*November 9, 2015*

---

*Griffin & Associates, LLC*
*2398 E. Camelback Road*
*Suite 260*
*Phoenix, AZ 85016*

Original File MZ110915.txt
Min-U-Script® with Word Index

Page 22

```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


Manuel de Jesus Ortega Melendres,    )
et al.,                              )
                                     )
              Plaintiffs,            )
                                     )
         vs.                         ) No. CV-07-02513-PHX-GMS
                                     )
Joseph M. Arpaio, et al.,            )
                                     )
              Defendants.            )
_____)



         VIDEOTAPED DEPOSITION OF MIKE ZULLO

                     VOLUME II



                Phoenix, Arizona
                November 9, 2015
                   9:05 a.m.



REPORTED BY:
CATHY J. TAYLOR, RPR
Certified Reporter
Certificate No. 50111

PREPARED FOR:
ASCII/CONDENSED

 (CERTIFIED COPY)
```

Page 24

**E X H I B I T S** (Cont'd)

| NUMBER | DESCRIPTION | PAGE: |
|---|---|---|
| 2271 | E-mail string (No Bates; MELC202285 - MELC202289) (6 pages) | 73 |
| 2273 | E-mail string (No Bates; MELC201828) (2 pages) | 81 |
| 2274 | E-mail string (No Bates; MELC202148) (2 pages) | 84 |
| 2276 | E-mail string (No Bates; MELC202254 - MELC202255) (3 pages) | 85 |
| 2278 | E-mail string (No Bates; MELC202249 - MELC202250) (3 pages) | 87 |
| 2279 | E-mail string (No Bates; MELC202142 - MELC202145) (5 pages) | 88 |
| 2281 | Compilation of articles (No Bates; MELC730566 - MELC730588; No Bates) (13 pages) (double-sided) | 92 |
| 2714 | Compilation of newspaper clippings (No Bates; MELC1297116 - MELC1297122) (4 pages) | 36 |
| 2858 | Meetings on Sheriff Arpaio's calendar (No Bates; MELC662424 - MELC662437) (15 pages) | 37 |
| 2921 | Document #5 "Check List for Elmer" (Check List for Dennis) (4 pages) | 43 |
| 2939 | Timeline (No Bates; ZULLO_003120 - ZULLO_003125) (4 pages) (double-sided) | 52 |

Page 23

**I N D E X**

WITNESS:                                                  PAGE:

MIKE ZULLO

         Examination by Mr. Young                          30

         Examination by Ms. Johnston                      125


**E X H I B I T S**

| NUMBER | DESCRIPTION | PAGE: |
|---|---|---|
| 2074A | DOJ/Arpaio 2007-2013 (No Bates; MELC199549) (2 pages) | 38 |
| 2074B | Typewritten and handwritten notes by Sheriff Arpaio (No Bates; MELC199550) (2 pages) | 40 |
| 2083 | E-mail string (No Bates; MELC199417) (2 pages) | 42 |
| 2090 | E-mail string (No Bates; MELC202222 - MELC202224) (4 pages) | 75 |
| 2098 | E-mail string (No Bates; MELC202272 - MELC202274) (4 pages) | 46 |
| 2099 | E-mail string (No Bates; MELC198244 - MELC198245) (3 pages) | 106 |
| 2256 | E-mail to 1tick@earthlink.net from David Webb dated June 29, 2014 (No Bates; MELC202132) (2 pages) | 47 |
| 2258 | E-mail string (No Bates; MELC202283) (2 pages) | 54 |
| 2269 | E-mail string (No Bates; MELC2000001 - MELC2000003) (4 pages) | 70 |

Page 25

**E X H I B I T S** (Cont'd)

| NUMBER | DESCRIPTION | PAGE: |
|---|---|---|
| 2959 | E-mail to 1tick@earthlink.net from David Webb dated January 2, 2014 (ZULLO_001546 - ZULLO_001551) (6 pages) | 45 |
| 2960 | E-mail string (ZULLO_002995) (1 page) | 49 |
| 2961 | Maricopa County Sheriff's Office Memorandum to Chief Deputy Gerard Sheridan from Brian Mackiewicz dated July 24, 2014 (MELC187428) (1 page) | 51 |
| 2962 | E-mail to 1tick@earthlink.net from Brian Mackiewicz dated September 4, 2014 (ZULLO_000793 - ZULLO_000818) (13 pages) (double-sided) | 52 |
| 2963 | E-mail to 1tick@earthlink.net from David Webb dated September 10, 2014 (ZULLO_003126 - ZULLO_003128) (3 pages) | 53 |
| 2964 | E-mail string (ZULLO_002647 - ZULLO_002648) (2 pages) | 55 |
| 2965 | E-mail string (ZULLO_002742 - ZULLO_002743) (2 pages) | 56 |
| 2966 | E-mail string (ZULLO_002875 - ZULLO_002876) (2 pages) | 58 |
| 2967 | E-mail string (ZULLO_000090 - ZULLO_000094) (5 pages) | 61 |
| 2968 | E-mail string (ZULLO_002711) (1 page) | 64 |
| 2969 | E-mail string (ZULLO_001764 - ZULLO_001765) (2 pages) | 67 |
| 2970 | E-mail string (ZULLO_002947 - ZULLO_002950) (4 pages) | 68 |

Page 26

```
  1]              E X H I B I T S (Cont'd)
  2]  NUMBER      DESCRIPTION                       PAGE:
  3]  2971        E-mail string (ZULLO_001520 -       72
                  ZULLO_001522) (2 pages)
  4]              (double-sided)
  5]  2972        E-mail string                       92
                    (ZULLO_000125 - ZULLO_000128)
  6]              (4 pages)
  7]  2973        Maricopa County Sheriff's Office    95
                  Memorandum to Captain Russ
  8]              Skinner from Michael Zullo dated
                  6/29/15 (MELC662480) (1 page)
  9]
      2974        Maricopa County Sheriff's Office    96
 10]              Memorandum to Captain Russ
                  Skinner from Michael Zullo dated
 11]              8/5/2015 (MELC677718) (1 page)
 12]  2975        E-mail to Mike from Brian           99
                  Mackiewicz dated August 20, 2015
 13]              (ZULLO_002996) (1 page)
 14]  2976        Article titled Detective:          100
                  Arpaio's Investigation Wasn't
 15]              Focused on Judge (2 pages)
 16]  2977        Audio CD (ZULLO_003715) (1 CD)     102
 17]  2978        Audio CD (ZULLO_003716) (1 CD)     107
 18]  2979        Audio CD (ZULLO_004643) (1 CD)     109
 19]  2980        Audio CD (ZULLO_004644) (1 CD)     113
 20]  2981        Audio CD (ZULLO_004656) (1 CD)     119
 21]  2982        Color photograph (ZULLO_004649)    124
                    (1 page)
 22]
 23]  2983        E-mail string (ZULLO_003874)       129
                    (1 page)
 24]
 25]
```

Page 28

```
  1]  COUNSEL APPEARING (Cont'd):
  2]  For Brian Sands:
  3]      LEWIS, BRISBOIS, BISGAARD & SMITH
            By:  Mr. Craig Murdy
  4]      and  Mr. Dane Dodd
            2929 North Central Avenue
  5]        Suite 1700
            Phoenix, Arizona  85012
  6]
  7]  For the United States of America:
  8]      UNITED STATES DEPARTMENT OF JUSTICE
            By:  Mr. Paul Killebrew
  9]      and  Ms. Maureen Johnston
            950 Pennsylvania Avenue
 10]      5th Floor
            Washington, DC  20530-0001
 11]
 12]
 13]        Also present:  Craig Onuschak, videographer
 14]
 15]
 16]
 17]
 18]
 19]
 20]
 21]
 22]
 23]
 24]
 25]
```

Page 27

```
  1]         THE VIDEOTAPED DEPOSITION OF MIKE ZULLO, VOLUME II,
  2]  was taken at 9:05 a.m., on November 9, 2015, at the Offices
  3]  of LEGAL VIDEO SPECIALISTS, 3033 North Central Avenue,
  4]  Suite 100, Phoenix, Arizona, 85012, before CATHY J. TAYLOR, a
  5]  Certified Reporter in and for the State of Arizona, County of
  6]  Maricopa, pursuant to the Rules of Civil Procedure.
  7]
  8]  COUNSEL APPEARING:
  9]  For Plaintiff(s):
 10]      COVINGTON & BURLING
            By:  Mr. Stanley Young
 11]      and  Ms. Michelle L. Morin
            333 Twin Dolphin Drive
 12]        Suite 700
            Redwood Shores, California  94065
 13]
 14]  For Defendants Maricopa County:
 15]      WALKER & PESKIND
            By:  Mr. Charles W. Jirauch
 16]        16100 North 71st Street
            Scottsdale, Arizona  85254
 17]
 18]  For Defendant Joseph M. Arpaio:
 19]      JONES, SKELTON & HOCHULI
            By:  Mr. John T. Masterson
 20]      and  Mr. Andrew Melvin McDonald
            2901 North Central Avenue
 21]        Suite 800
            Phoenix, Arizona  85012
 22]
 23]
 24]
 25]
```

Page 29

1] (Mr. Dodd not present when proceedings
2] commence.)
3]
4] P R O C E E D I N G S
5]
6] THE VIDEOGRAPHER: This is the videotaped
7] deposition of Michael Zullo taken by the plaintiffs in Cause
8] Number CV-07-2513-PHX-GMS styled Manuel de Jesus Ortega
9] Melendres, et al., vs. Joseph M. Arpaio, et al., filed in the
10] United States District Court for the District of Arizona.
11] Today is November 9th, 2015, at 9:05 a.m.
12] Our location is 3033 North Central Avenue, Phoenix, Arizona.
13] Cathy Taylor is the certified shorthand reporter with
14] Griffin and Associates, 2398 East Camelback Road, Phoenix,
15] Arizona. Craig Onuschak is the certified legal video
16] specialist with Legal Video Specialists, 3033 North Central
17] Avenue, Phoenix, Arizona.
18] Counsel may state their name, firm, and whom
19] they represent beginning with plaintiffs' counsel, please.
20] MR. YOUNG: Stanley Young, Covington &
21] Burling, for plaintiffs.
22] MS. MORIN: Michelle Morin, Covington &
23] Burling, for plaintiffs.
24] MS. JOHNSTON: Maureen Johnston for the
25] Department of Justice.

Page 30

1] MR. KILLEBREW: Paul Killebrew with the
2] Department of Justice.
3] MR. McDONALD: Mel McDonald making a special
4] appearance for Sheriff Arpaio.
5] MR. MASTERSON: John Masterson for
6] Sheriff Arpaio and the individual alleged contemnors.
7] MR. JIRAUCH: Charles Jirauch, Walker &
8] Peskind, on behalf of Maricopa County.
9] MR. MURDY: Craig Murdy on behalf of Brian
10] Sands.
11] THE VIDEOGRAPHER: Thank you.
12] You may swear the witness.
13]
14] MIKE ZULLO,
15] a witness herein, having been first duly sworn to speak the
16] truth and nothing but the truth, was examined and testified
17] as follows:
18]
19] E X A M I N A T I O N
20] BY MR. YOUNG:
21] Q. Good morning, Mr. Zullo.
22] A. Good morning, sir.
23] Q. I will have a number of questions for you today.
24] Are you represented by counsel here?
25] A. No, I'm not.

Page 31

1] Q. Okay. Is there any reason that prevents you from
2] giving complete and truthful testimony today?
3] A. No, sir.
4] Q. Did you do anything to prepare for your deposition?
5] A. No, sir.
6] Q. Are you currently employed?
7] A. Sir, I am going to put forth my Fifth Amendment
8] privilege against self-incrimination and then wish not to
9] answer any questions at this time.
10] Q. What is your e-mail address?
11] A. Sir, I really don't feel comfortable answering any
12] questions at this time.
13] Q. Is your e-mail address 1tick@earthlink.net?
14] A. You've e-mailed me before, sir.
15] Q. Okay. Can I get an answer to that question?
16] Is your e-mail address 1tick@earthlink.net?
17] A. I'm not going to answer any questions, sir.
18] Q. Okay. I'll assume whenever you say you won't
19] answer that you're pleading the Fifth Amendment; is that
20] correct?
21] A. Yeah, that would make it easier.
22] Q. Okay.
23] A. Thank you.
24] Q. Great.
25] Were you asked to work on the Seattle

Page 32

1] investigation by Sheriff Arpaio?
2] A. Pleading the Fifth, sir.
3] Q. Okay. What did Sheriff Arpaio ask you to do with
4] respect to the Seattle investigation?
5] A. Pleading the Fifth, sir.
6] Q. Did you communicate with Sheriff Arpaio throughout
7] the Seattle investigation?
8] A. Pleading the Fifth, sir.
9] Sir, I'd like to take a blanket Fifth
10] Amendment and not answer any questions.
11] Q. Okay.
12] A. Not entertain any questions.
13] Q. Okay. I understand.
14] MR. JIRAUCH: On behalf of the County, we
15] would request that you assert the privilege as to each
16] question so that we have a clear record as to what it is that
17] you're asserting.
18] MR. MASTERSON: Join.
19] MR. KILLEBREW: Join.
20] MR. YOUNG:
21] Q. During the course of this Seattle investigation,
22] how did you communicate with the sheriff?
23] A. Taking the Fifth, sir.
24] Q. Are you still presently communicating with
25] Sheriff Arpaio with respect to the Seattle investigation?

Page 33

1] A. Taking the Fifth, sir.
2] Q. How about Chief Sheridan? Are you still
3] communicating with Chief Sheridan about the Seattle
4] investigation?
5] A. Taking the Fifth, sir.
6] Q. When was the first time you heard about Judge Snow?
7] A. Taking the Fifth, sir.
8] MR. MASTERSON: Form.
9] BY MR. YOUNG:
10] Q. Did Sheriff Arpaio ask you to see whether Dennis
11] Montgomery had information or could get information about
12] Judge Snow?
13] A. Taking --
14] MR. MASTERSON: Form.
15] THE WITNESS: -- the Fifth, sir.
16] BY MR. YOUNG:
17] Q. Brian Mackiewicz has testified that you came up
18] with the idea of searching in Dennis Montgomery's database
19] for information about Judge Snow.
20] Did Sheriff Arpaio ask you to do that?
21] A. Taking --
22] MR. MASTERSON: Form.
23] THE WITNESS: -- the Fifth --
24] MR. MASTERSON: Foundation.
25] THE WITNESS: -- sir.

Page 34

1]     MR. JIRAUCH: Mr. Zullo, could I make a
2] request, and I think I speak for all of the attorneys here
3] today, is that if a lawyer's making an objection, you wait
4] until the lawyer's finished and then plead --
5]     THE WITNESS: Sure.
6]     MR. JIRAUCH: -- the Fifth.
7] It will not affect your --
8]     THE WITNESS: Yeah, absolutely.
9]     MR. JIRAUCH: And I --
10]     THE WITNESS: I apologize.
11]     MR. JIRAUCH: Just as --
12]     THE WITNESS: Yes.
13]     MR. JIRAUCH: -- a courtesy. It's not a
14] problem. I understand. Thank you.
15]     BY MR. YOUNG:
16] Q. Did Sheriff Arpaio tell you that he wanted personal
17] information about Judge Snow?
18]     MR. MASTERSON: Form.
19]     THE WITNESS: Taking the Fifth.
20]     BY MR. YOUNG:
21] Q. Did Sheriff Arpaio tell you that he wanted you to
22] obtain banking information about Judge Snow?
23] A. Taking the Fifth.
24] Q. Did you ever see any information about Judge Snow
25] in what Dennis Montgomery showed you?

Page 35

1] A. Taking the Fifth.
2] Q. After finding information or what you thought was
3] information about Judge Snow in what Dennis Montgomery showed
4] you, did you talk to Sheriff Arpaio about that information?
5] A. Taking the --
6]     MR. MASTERSON: Form. Foundation.
7]     THE WITNESS: Taking the Fifth.
8]     BY MR. YOUNG:
9] Q. Did you tell Sheriff Arpaio that Dennis Montgomery
10] had found information about Judge Snow?
11] A. Taking the Fifth.
12] Q. Did you tell Sheriff Arpaio that Dennis Montgomery
13] had information about Earl Wilcox?
14] A. Taking the Fifth.
15] Q. Are you currently working on a final report as to
16] the Seattle investigation?
17] A. Taking the Fifth.
18] Q. Have you discussed the Melendres lawsuit with
19] Sheriff Arpaio?
20] A. Taking the Fifth.
21]     MR. MASTERSON: Form.
22]     BY MR. YOUNG:
23] Q. Have you discussed the current contempt proceeding
24] with Sheriff Arpaio?
25]     MR. MASTERSON: Form.

Page 36

1]     THE WITNESS: Taking the Fifth.
2]     BY MR. YOUNG:
3] Q. There were a number of documents that we recently
4] received which were not turned over in response to the
5] monitor's document requests earlier this year.
6]     Why did you not give those documents to
7] Chief Knight earlier?
8] A. You know how bad I want to answer your questions?
9] I'm taking the Fifth.
10] Q. Mr. Zullo, you're here pursuant to a subpoena;
11] correct?
12] A. Yes, sir.
13] Q. Okay. Did you provide a number of documents that
14] had been called for in that subpoena to the Jones Skelton law
15] firm?
16] A. I'm taking the Fifth, sir.
17] Q. I'm going to give you a document previously marked
18] as Exhibit 2714.
19]     (Exhibit 2714 marked for identification.)
20]     BY MR. YOUNG:
21] Q. It consists of a number of clippings from
22] newspapers. There's some handwriting on the top of the first
23] page in the right-hand corner that appears to say MZ, and
24] then it appears to have Sheriff Arpaio's initials under it.
25] And throughout, the name Chad Snow is circled.

Page 37

1]     Do you see that?
2] A. No. I'm not even looking at it.
3] Q. Did you ever discuss Chad Snow with Sheriff Arpaio?
4] A. I'm taking the Fifth.
5] Q. Did you receive this document from Sheriff Arpaio?
6] A. Taking the Fifth.
7] Q. Did you ever investigate Chad Snow on behalf of
8] Sheriff Arpaio?
9] A. Taking the Fifth.
10]     MR. MASTERSON: Form.
11]     (Exhibit 2858 marked for identification.)
12]     BY MR. YOUNG:
13] Q. Another document that I've put in front of you is
14] Exhibit 2858. It's already been admitted in evidence in this
15] case, but it refers to a number of meetings that were on
16] Sheriff Arpaio's calendar. There is at least -- there are a
17] couple of meetings that -- that are mentioned that include
18] you, and then there are also some other meetings that mention
19] Brian Mackiewicz. And this is all in connection with the
20] Seattle investigation.
21]     Did you attend those meetings or phone calls
22] with Sheriff Arpaio that are mentioned in Exhibit 2858?
23] A. I'm not even --
24]     MR. MASTERSON: Form.
25]     THE WITNESS: -- looking at it.

1]     Go ahead, sir. I'm sorry.

2]     MR. MASTERSON: Form. Foundation.

3]     THE WITNESS: I'm not even looking at it, so

4] I'm taking the Fifth.

5]     BY MR. YOUNG:

6] Q. I'm now showing you -- or at least putting in front

7] of you Exhibit 2074A.

8]     (Exhibit 2074A marked for identification.)

9]     BY MR. YOUNG:

10] Q. Sheriff Arpaio has testified that Exhibit 2074A was

11] faxed to him by Dennis Montgomery on November 5, 2013.

12]     Were you aware of that fax?

13] A. I'm taking --

14]     MR. MASTERSON: Foundation.

15]     THE WITNESS: I'm taking the Fifth, sir.

16]     Could I ask, could we take a break and go off

17] the record a minute?

18]     MR. YOUNG: Sure.

19]     THE VIDEOGRAPHER: The time is 9:18 a.m.

20] We're now going off record ending media 1.

21]     (Recess from 9:18 a.m. to 9:23 a.m.)

22]     THE VIDEOGRAPHER: The time is 9:23 a.m.

23] We're now back on the record beginning media 2.

24]     MR. YOUNG: We had a discussion off the record

25] now just a moment ago in which we discussed possible ways

1] of -- of getting around having to ask Mr. Zullo various

2] questions I've been asking him, and I -- I suggested that one

3] way of doing it would be perhaps a stipulation to certain

4] documents being admissible and certain facts, and Mr. Jirauch

5] asked that we go back on the record for that purpose.

6]     I don't think I said anything during the break

7] beyond what I just said. And if Mr. Jirauch has a statement,

8] or anyone else has a statement they want to make on the

9] record, this would be the time to do it.

10]     MR. JIRAUCH: No, other than the fact I don't

11] think you said as much as you just said you said, unless I

12] missed something.

13]     MR. YOUNG: Oh, okay.

14]     MR. JIRAUCH: And I'm not sure what documents

15] that you're speaking of, and so -- and I don't know what the

16] question for us on this side of the table is. If you want us

17] to stipulate to the admissibility of documents that we've

18] never seen, I don't know how I can do that.

19]     MR. YOUNG: Okay.

20]     BY MR. YOUNG:

21] Q. All right. Well, as to Exhibit 2074A, did you ask

22] Mr. Montgomery to send that to Sheriff Arpaio?

23] A. Sir, I'm taking the Fifth.

24] Q. Did Sheriff Arpaio ask you to have Mr. Montgomery

25] send him that information?

1] A. I'm taking the Fifth.

2] Q. Did you give either Sheriff Arpaio's fax number or

3] his cell phone number to Mr. Montgomery?

4] A. Taking the Fifth.

5] Q. I'm showing you now -- or putting in front of you

6] Exhibit 2074B, which Sheriff Arpaio has stated are some

7] handwritten notes and typewritten notes prepared by him --

8] no. I'm sorry. Wrong exhibit.

9]     (Exhibit 2074B marked for identification.)

10]     BY MR. YOUNG:

11] Q. Yeah, okay. Well, actually, maybe it's the right

12] exhibit, 2074B, which is the sheriff's handwritten and

13] typewritten notes referring to Judge Snow and Jon Kyl and

14] other people.

15]     Did you ever talk to Sheriff Arpaio about Jon

16] Kyl?

17]     MR. MASTERSON: Form. Foundation.

18]     MR. JIRAUCH: Join.

19]     THE WITNESS: I'm taking the Fifth.

20]     BY MR. YOUNG:

21] Q. Did you ever talk to Judge -- sorry. Strike that.

22]     Did you ever talk to Sheriff Arpaio about

23] whether any relatives of Judge Snow worked for the

24] Covington & Burling law firm?

25] A. I'm taking the Fifth.

1] Q. Did you meet several times with Judge Royce

2] Lamberth of the FISA Court about Dennis Montgomery?

3] A. I'm taking the Fifth.

4] Q. During the course of any meeting with

5] Judge Lamberth, did you present to him certain information

6] that had been provided by Dennis Montgomery?

7] A. Taking --

8]     MR. MASTERSON: Form.

9]     THE WITNESS: -- the Fifth.

10]     Sorry.

11]     BY MR. YOUNG:

12] Q. At some point did you conclude that the information

13] that you had given to Judge Lamberth was incorrect?

14]     MR. MASTERSON: Form.

15]     THE WITNESS: Taking the Fifth.

16]     BY MR. YOUNG:

17] Q. Did you ever have a discussion with Larry Klayman

18] and/or Dennis Montgomery about needing to go back to

19] Judge Lamberth to correct any of the information that had

20] been provided to Judge Lamberth?

21] A. Taking the Fifth.

22]     MR. MASTERSON: Form.

23]     BY MR. YOUNG:

24] Q. Did Mr. Klayman and/or Mr. Montgomery disagree with

25] you on whether you should go back to Judge Lamberth to

1] correct whatever information had been provided to him?
2]     MR. MASTERSON: Foundation.
3]     THE WITNESS: Taking the Fifth.
4]     BY MR. YOUNG:
5] Q. Did you ever go back to Judge Lamberth to correct
6] the information that had been provided to him that Dennis
7] Montgomery had provided to you?
8]     MR. MASTERSON: Form.
9]     THE WITNESS: Taking the Fifth.
10]     BY MR. YOUNG:
11] Q. Did Judge Lamberth say anything that you know of
12] about any alleged wiretap that Judge Snow had ordered of
13] Judge -- of Sheriff Arpaio?
14]     MR. MASTERSON: Form.
15]     THE WITNESS: Taking the Fifth.
16]     BY MR. YOUNG:
17] Q. Mr. Zullo, you sent some text messages to
18] Sergeant Travis Anglin in which you said the sheriff was
19] calling you almost every day wanting updates on what you were
20] finding on Dennis Montgomery; is that true?
21] A. Taking the Fifth.
22] Q. I'm going to show you Exhibit 2083.
23]     (Exhibit 2083 marked for identification.)
24]     BY MR. YOUNG:
25] Q. And in Exhibit 2083, Mr. Montgomery wrote to you

1] with a version of some timelines in this case, Exhibit -- or
2] version 1.5A, and he tells you that Covington is now
3] included, and then he talks about how people are talking ex
4] parte to Judge Snow.
5]     Did -- did you ask Mr. Montgomery to include
6] Covington in one of the timelines that Mr. Montgomery
7] provided to you?
8]     MR. MASTERSON: Form. Foundation.
9]     THE WITNESS: I'm taking the Fifth.
10]     BY MR. YOUNG:
11] Q. Over time, did you come -- come to the conclusion
12] that the information that Mr. Montgomery had provided to you
13] regarding Judge Snow was incorrect?
14]     MR. MASTERSON: Form.
15]     THE WITNESS: Taking the Fifth.
16]     BY MR. YOUNG:
17] Q. Well, Sheriff Arpaio testified that you and
18] Detective Mackiewicz eventually came to the conclusion that
19] Mr. Montgomery had just made it all up; is that correct?
20] A. Taking the Fifth.
21]     MR. MASTERSON: Foundation.
22]     BY MR. YOUNG:
23] Q. Exhibit 2921 is a document entitled Checklist for
24] Elmer.
25]     (Exhibit 2921 marked for identification.)

1]     BY MR. YOUNG:
2] Q. Did you provide that document to Sheriff Arpaio?
3] A. Taking the Fifth.
4] Q. Item 19 reads, quote, "Any and all timelines that
5] you have created to show the relationships and events in
6] reference to the Maricopa County Sheriff Office and the
7] ongoing federal lawsuit," end quote.
8]     Was that a request that you made to
9] Mr. Montgomery?
10] A. Could I ask you to repeat that?
11] Q. Yeah. Item 19 in Exhibit 2921 reads, quote, "Any
12] and all timelines that you have created to show the
13] relationships and events in reference to the Maricopa County
14] Sheriff Office and the ongoing federal lawsuit," end quote.
15] A. Yeah. I'm taking the Fifth.
16]     MR. JIRAUCH: Counsel, I have high -- on the
17] first page highlighting in yellow. Was that on the original,
18] or was that something that was added by your office?
19]     MR. YOUNG: That was not added by our office.
20] I believe this is a -- a piece of a document that the monitor
21] provided to the Court. And it would not be surprising to me
22] if the monitor did the highlighting, but I don't know that.
23]     MR. JIRAUCH: Okay. Thank you.
24]     (Mr. Dodd joins proceedings.)
25]     MR. YOUNG: Okay. And I have a new exhibit

1] that I'm going to ask the court reporter to mark now.
2]     (Exhibit 2959 marked for identification.)
3]     BY MR. YOUNG:
4] Q. So Exhibit 2959 is a document with Bates numbers
5] ZULLO_001546 through 1551, and it has a subject Jon Kyl.
6]     MR. JIRAUCH: I'm sorry, counselor. What was
7] the Exhibit Number again?
8]     MR. YOUNG: 2959.
9]     MR. JIRAUCH: Thank you.
10]     BY MR. YOUNG:
11] Q. It appears to be a timeline -- well, an e-mail --
12] the cover e-mail appears to be from Mr. Montgomery to you
13] dated January 2, 2014. And in it, Mr. Montgomery says to
14] you, quote, "Updated to include calls to and from John Kyl
15] and Covington," end quote.
16]     Did you ask Mr. Montgomery to provide that
17] information?
18]     MR. MASTERSON: Form. Foundation.
19]     THE WITNESS: Taking the Fifth.
20]     (Mr. Murdy leaves proceedings.)
21]     MR. JIRAUCH: Counsel, I'd like to ask a
22] question since this is your exhibit. At 001548 there is a --
23] apparently a coding designated there; red, green, blue. And
24] I see that there's some of these entries that are
25] highlighted.

Page 46

1]      Do you know if the original had that color so
2] that we could determine what it was?
3]      MR. YOUNG: That I don't know. I think we
4] would need to go back to the production that the Jones
5] Skelton firm made and -- and take a look at that.
6]      MR. JIRAUCH: Okay. Thank you.
7]      MR. YOUNG: I don't know that as we sit here.
8]      MR. JIRAUCH: All right.
9]      MR. MASTERSON: What are you looking at?
10]      MR. JIRAUCH: Pardon?
11]      MR. MASTERSON: What is it?
12]      MR. JIRAUCH: Different highlighting. I was
13] just trying to figure out which was which.
14]      BY MR. YOUNG:
15] Q. I'm now giving you Exhibit 2098.
16]      (Exhibit 2098 marked for identification.)
17]      BY MR. YOUNG:
18] Q. Mr. Zullo, is Exhibit 2098 an e-mail exchange
19] between you and Mr. Montgomery that you had in connection
20] with the Seattle investigation?
21] A. I'm not viewing any documents. I've taken the
22] Fifth.
23] Q. Do you have any reason to doubt the authenticity of
24] this document?
25] A. I'm taking the Fifth.

Page 47

1]      MR. MASTERSON: Form. Foundation.
2]      BY MR. YOUNG:
3] Q. In the e-mail string, you told Mr. Montgomery,
4] quote, "Sheriff really put his neck on the line with Rand,"
5] end quote.
6]      Was that Rand Paul?
7] A. I'm taking the Fifth.
8] Q. Okay. The e-mail refers, and this is on page
9] MELC202273, refers to a meeting with Rand on Friday.
10]      Did you have a meeting with Rand -- someone
11] named Rand relating to Mr. Montgomery's work?
12] A. I'm taking the Fifth.
13] Q. I'm going to show you Exhibit 2256, which we also
14] looked at briefly in your last deposition when you were here
15] earlier.
16]      (Exhibit 2256 marked for identification.)
17]      BY MR. YOUNG:
18] Q. Now, in that e-mail to you, which is an e-mail that
19] Mr. Montgomery -- in which Mr. Montgomery forwarded you an
20] e-mail he had previously drafted for himself, he says that
21] he's being attacked for not producing information on
22] Judge Snow.
23]      Was the sheriff attacking Mr. Montgomery for
24] not producing information on Judge Snow?
25]      MR. MASTERSON: Form. Foundation.

Page 48

1]      THE WITNESS: I'm taking the Fifth.
2]      BY MR. YOUNG:
3] Q. Okay. Were you attacking him for pro- -- not
4] producing information on Judge Snow?
5]      MR. MASTERSON: Form.
6]      THE WITNESS: I'm taking the Fifth.
7]      BY MR. YOUNG:
8] Q. Okay. Was Sergeant Anglin trying to tell
9] Mr. Montgomery not to investigate Judge Snow?
10]      MR. MASTERSON: Form. Foundation.
11]      THE WITNESS: I'm taking the Fifth.
12]      BY MR. YOUNG:
13] Q. Okay. Did you have a disagreement with
14] Sergeant Anglin on that issue?
15]      MR. MASTERSON: Form.
16]      THE WITNESS: I'm taking the Fifth.
17]      BY MR. YOUNG:
18] Q. Do you have any reason to doubt that this is an
19] authentic copy, Exhibit 2256, of an e-mail that
20] Mr. Montgomery sent to you on June 29, 2014?
21]      MR. MASTERSON: Foundation.
22]      THE WITNESS: I'm not looking at any
23] documents. I'm taking the Fifth.
24]      BY MR. YOUNG:
25] Q. That e-mail, by the way, is MELC202132.

Page 49

1]      Was this one of the documents that you did
2] provide to the MCSO in response to the monitor's earlier
3] requests for information about the Seattle investigation?
4] A. I'm taking the Fifth.
5] Q. During the course of -- of the Seattle
6] investigation or at any time, have you been aware of anybody
7] impersonating your e-mail address, that is, any e-mails that
8] were either to or from your e-mail address that really were
9] not to or from you?
10] A. I'm taking the Fifth.
11]      MR. MASTERSON: Foundation.
12]      BY MR. YOUNG:
13] Q. So if an e-mail shows it being sent to -- or sent
14] from your 1tick@earthlink.net e-mail address, would you have
15] any reason to doubt that that's an e-mail that you actually
16] did send or receive?
17]      MR. MASTERSON: Foundation.
18]      THE WITNESS: I'm taking the Fifth.
19]      BY MR. YOUNG:
20] Q. Did you ask Sheriff Arpaio to remove
21] Sergeant Anglin from the Seattle investigation?
22] A. I'm taking the Fifth.
23] Q. This is another new exhibit.
24]      (Exhibit 2960 marked for identification.)
25]      (Next page, please.)

---

Page 50

1] BY MR. YOUNG:
2] Q. It's Exhibit 2960, and it's a single page Bates
3] numbered ZULLO_002995.
4] Is this a -- an authentic -- I -- sorry. Is
5] this a true and correct copy of an e-mail exchange that you
6] had with Mr. Montgomery on July 8, 2014?
7] A. Taking the Fifth.
8] Q. Well, in that -- the first e-mail, Mr. Montgomery
9] appears to tell you that Travis, i.e. Travis Anglin, told him
10] to dump the information on Judge Snow but -- which he did,
11] but then he's now redoing that original work to obtain the
12] prior dumped information.
13] Did you have a discussion with Mr. Montgomery
14] about that?
15] MR. MASTERSON: Form.
16] THE WITNESS: I'm taking the Fifth.
17] BY MR. YOUNG:
18] Q. Okay. Did you tell Mr. Montgomery to recover the
19] information on Judge Snow that he had dumped in response to
20] Sergeant Anglin's instruction?
21] A. I'm taking the Fifth.
22] MR. MASTERSON: Form.
23] BY MR. YOUNG:
24] Q. What was the information on Judge Snow that you and
25] Mr. Montgomery were discussing on July 8, 2014?

---

Page 51

1] A. I'm taking the Fifth.
2] Q. Now, in your e-mail back to Mr. Montgomery, you
3] asked him when did Travis Anglin tell Mr. Montgomery to dump
4] the information on Judge Snow; is that right?
5] A. I'm taking the Fifth.
6] Q. Was that information personal identifying
7] information with respect to Judge Snow?
8] A. I'm taking the Fifth.
9] MR. MASTERSON: Form. Foundation.
10] BY MR. YOUNG:
11] Q. Did Mr. Montgomery, in fact, recover the
12] information about Judge Snow that's referred to in this
13] e-mail string?
14] MR. MASTERSON: Foundation.
15] THE WITNESS: I'm taking the Fifth.
16] BY MR. YOUNG:
17] Q. Did you ever see such infor- -- did you ever see
18] such information?
19] A. I'm taking the Fifth.
20] MR. MASTERSON: Form.
21] (Exhibit 2961 marked for identification.)
22] BY MR. YOUNG:
23] Q. Exhibit 2961 is a page MELC187428, and it has a
24] handwritten note on it, which appears to be signed by
25] Chief Sheridan. It's dated August 15, 2014, and it reads,

---

Page 52

1] quote, "M Zullo is authorized for all travel expenses related
2] to this investigation to be paid by the Maricopa County
3] Sheriff's Office," end quote. And the note refers to travel
4] and assistance to Brian Mackiewicz.
5] Did Chief Sheridan authorize the payment to
6] you of all travel expenses related to the Seattle
7] investigation?
8] A. I'm taking the Fifth.
9] Q. I'm putting in front of you Exhibit 2939.
10] (Exhibit 2939 marked for identification.)
11] BY MR. YOUNG:
12] Q. It is an e-mail dated August 24, 2014, from
13] Mr. Montgomery copying you, but to Detective Mackiewicz. It
14] bears the Bates numbers ZULLO_003120 to 3125.
15] Is this a true and correct copy of an e-mail
16] that Mr. Montgomery sent to you and Detective Mackiewicz on
17] August 24, 2014, attaching a timeline?
18] A. I'm taking the Fifth.
19] (Discussion off the record to locate
20] Exhibit 2939.)
21] (Exhibit 2962 marked for identification.)
22] BY MR. YOUNG:
23] Q. Exhibit 2962 is a document consisting of
24] ZULLO_000793 to ZULLO_000818. It is a September 4, 2014,
25] e-mail from Detective Mackiewicz to you with a subject

---

Page 53

1] Elmer's case summary.
2] This is a true and correct copy of a case
3] summary that --
4] (Mr. McDonald leaves proceedings.)
5] BY MR. YOUNG:
6] Q. -- that Detective Mackiewicz sent to you on that
7] date?
8] A. I'm taking the Fifth.
9] Q. That case summary discusses, among other things, a
10] meeting between Sheriff Arpaio and Timothy Blixseth at which
11] you were present, and some other meetings, including with the
12] Arizona Attorney General involving Mr. Montgomery.
13] Are -- are those descriptions of those
14] meetings accurate?
15] A. I'm taking the Fifth.
16] MR. JIRAUCH: Counsel, what page?
17] MR. MASTERSON: Form. Foundation.
18] MR. YOUNG: Various pages in the document.
19] MR. JIRAUCH: Oh, okay. I thought you were
20] referring to something specific.
21] (Exhibit 2963 marked for identification.)
22] BY MR. YOUNG:
23] Q. Exhibit 2963 is a document with Bates number
24] ZULLO_003149 through 3156. It's a September 21, 2014, e-mail
25] from Mr. Montgomery to you with the subject updated Rev 3A.

---

Page 54

1]     Is this a -- an updated whistleblowers
2] chronicle timeline that Mr. Montgomery sent to you on
3] September 21, 2014.
4]     MR. MASTERSON: Form.
5]     THE WITNESS: I'm taking the Fifth.
6]     MR. JIRAUCH: What is that exhibit number,
7] that last one?
8]     MR. MASTERSON: 2963.
9]     MR. JIRAUCH: 63?
10]     MR. MASTERSON: Yes.
11]     MR. JIRAUCH: Thank you.
12]     BY MR. YOUNG:
13] Q.  I'm going to give you a copy of Exhibit 2258.
14]     (Exhibit 2258 marked for identification.)
15]     BY MR. YOUNG:
16] Q.  Exhibit 2258 is an October 30, 2014, e-mail string
17] between you and Mr. Montgomery; correct?
18] A.  I'm taking the Fifth.
19] Q.  Okay. You have no reason to doubt the authenticity
20] of this document; correct?
21] A.  Taking --
22]     MR. MASTERSON: Foundation.
23]     THE WITNESS: Taking the Fifth.
24]     BY MR. YOUNG:
25] Q.  Okay. In his 12:27 p.m. e-mail to you,

Page 55

1] Mr. Montgomery says, quote, "I can see the sheriff being
2] pounded by the court. He should have let" -- "he should have
3] help me finish the work," end quote.
4]     What is the work that Mr. Montgomery is
5] referring to in that e-mail?
6]     MR. MASTERSON: Foundation.
7]     THE WITNESS: I'm taking the Fifth.
8]     BY MR. YOUNG:
9] Q.  Did Mr. Montgomery subsequently resume or continue
10] work that he was doing that would be relevant to the sheriff
11] being pounded by the Court?
12]     MR. MASTERSON: Form.
13]     THE WITNESS: I'm taking --
14]     MR. MASTERSON: Foundation.
15]     THE WITNESS: -- the Fifth.
16]     (Exhibit 2964 marked for identification.)
17]     BY MR. YOUNG:
18] Q.  Exhibit 2964 is another e-mail exchange between you
19] and Mr. Montgomery dated November 4, 2014. It's Bates number
20] ZULLO_002647 to 2648. It says in the middle of the first
21] page in the 3:41 p.m. e-mail that you spoke to the sheriff
22] for two hours today, that is November 4, 2014, and he said to
23] you, quote, "Mike just get him to get me the software and
24] will keep paying him and that's no bullshit," end quote.
25]     Did you have that conversation with

Page 56

1] Sheriff Arpaio on November 4, 2014?
2] A.  I'm taking the Fifth.
3] Q.  Okay.
4]     MR. MASTERSON: Form.
5]     BY MR. YOUNG:
6] Q.  What was the software that you were referring to --
7] or he was referring to?
8] A.  I'm taking the Fifth.
9] Q.  Did Larry Klayman ever threaten you during the
10] course of your dealings with him with respect to
11] Mr. Montgomery?
12]     MR. MASTERSON: Form.
13]     THE WITNESS: I'm taking the Fifth.
14]     (Exhibit 2965 marked for identification.)
15]     BY MR. YOUNG:
16] Q.  Exhibit 2965 is another e-mail string between you
17] and Mr. Montgomery, ZULLO_002742 to 2743.
18]     Is this a true and correct copy of an e-mail
19] exchange you had with Mr. Montgomery on November 5th, 2014?
20] A.  Taking the Fifth.
21] Q.  Now, in -- in the e-mail in the middle of the
22] second page, you said that you had to speak to the sheriff at
23] 4:00 p.m. and that you wanted to know from Mr. Montgomery
24] where he was on the software as of today.
25]     Did you speak with the sheriff then about that

Page 57

1] issue?
2] A.  I'm taking the Fifth.
3] Q.  Then at 3:00 p.m. toward the top of the first page
4] of the e-mail string, you told Mr. Montgomery, quote, "Okay
5] Dennis I'll just tell the sheriff that you're refusing to let
6] us verify the information thanks," end quote.
7]     Did you have that discussion with the sheriff?
8] A.  I'm taking the Fifth.
9] Q.  Was this discussion with Mr. Montgomery in this
10] e-mail string about the banking investigation?
11] A.  Taking the Fifth.
12] Q.  Did you become aware in November 2014 that
13] Mr. Montgomery was a complete and total fraud with respect to
14] the information he had been giving you about the alleged
15] banking inves-- -- the alleged banking data?
16]     MR. MASTERSON: Form. Foundation.
17]     THE WITNESS: Taking the Fifth.
18]     BY MR. YOUNG:
19] Q.  Did you discuss that fact with Sheriff Arpaio?
20] A.  Taking the Fifth.
21]     MR. MASTERSON: Form. Foundation.
22]     BY MR. YOUNG:
23] Q.  On November 14, 2014, Detective Mackiewicz wrote
24] you an e-mail referring to some findings by some former NSA
25] employees that Mr. Montgomery was a complete and total fraud.

Page 58

1] Mr. Mackiewicz then told you, quote, "This is going to burn
2] Klayman and Elmer's house down to the ground," end quote.
3]     And that's actually Exhibit 2266, which has
4] been admitted into evidence in this proceeding.
5]     Did you agree with Mr. -- or
6] Detective Mackiewicz's conclusion that that report would
7] destroy the credibility of Klayman and Elmer?
8]     MR. MASTERSON: Form. Foundation.
9]     BY MR. YOUNG:
10] Q.  Elmer being Mr. Montgomery?
11] A.  I'm taking the Fifth.
12] Q.  Did you discuss that subject with Sheriff Arpaio?
13] A.  Taking the Fifth.
14]     MR. MASTERSON: Form.
15]     (Exhibit 2966 marked for identification.)
16]     BY MR. YOUNG:
17] Q.  Exhibit 2966 is a December 9, 2014, e-mail string
18] between you and Mr. Montgomery, ZULLO_002875 to 2876.
19]     Is that a true and correct copy of an e-mail
20] string that you had with Mr. Montgomery on that date?
21] A.  I'm taking the Fifth.
22] Q.  In that e-mail, you told Mr. Montgomery that he
23] had, quote, "an extremely short window of opportunity to work
24] in and the choice is yours.  All you have to do is produce
25] what you said you were going to produce in exchange for the

Page 59

1] dollars you received," end quote.
2]     What was it that you were asking -- well,
3] strike that.
4]     Were you asking Mr. Montgomery to produce the
5] information that would help verify that his allegations with
6] respect to Judge Snow were correct?
7] A.  I'm taking --
8]     MR. MASTERSON: Form.
9]     THE WITNESS: -- the Fifth.
10]     BY MR. YOUNG:
11] Q.  Were you asking him to produce information
12] verifying that what he was saying with respect to the banking
13] information was correct?
14] A.  I'm taking the Fifth.
15]     MR. MASTERSON: Form.
16]     BY MR. YOUNG:
17] Q.  In the last paragraph of that e-mail, you said to
18] Mr. Montgomery, quote, "I have to stress to you time is of
19] the essence.  We have been instructed to write up our final
20] report and be ready to hand it over to a different agency,"
21] end quote.
22]     Where did you get that instruction?
23] A.  I'm taking the Fifth.
24] Q.  Did you actually contemplate handing over the
25] investigation to a different agency, or was that something

Page 60

1] you were just telling Mr. Montgomery?
2] A.  Taking the Fifth.
3] Q.  Did you discuss that issue with Sheriff Arpaio?
4] A.  Taking the Fifth.
5]     MR. MASTERSON: Form.
6]     BY MR. YOUNG:
7] Q.  Do you have any reason to doubt the authenticity of
8] this December 9, 2014, e-mail exchange?
9]     MR. MASTERSON: Foundation.
10]     THE WITNESS: Taking the Fifth.
11]     MR. JIRAUCH: Counsel, could we take a
12] break --
13]     THE WITNESS: Please.
14]     MR. JIRAUCH: -- at a time that's convenient
15] for you and the witness.
16]     MR. YOUNG: We could take a break now if you
17] want.
18]     MR. JIRAUCH: Whatever's convenient for you
19] and the witness.
20]     MR. YOUNG: Well --
21]     MR. JIRAUCH: Now is -- now is as good --
22]     MR. YOUNG: -- the more breaks we take, the
23] longer this will take.
24]     MR. JIRAUCH: Well, at some point we're going
25] to have to take a break, because my comfort is --

Page 61

1]     MR. YOUNG: Well --
2]     MR. JIRAUCH: -- is being stretched.
3]     MR. YOUNG: -- if -- if your comfort would be
4] advantaged by a break now --
5]     MR. JIRAUCH: It would --
6]     MR. YOUNG: -- I wouldn't --
7]     MR. JIRAUCH: It would.
8]     MR. YOUNG: -- mind taking a break.
9]     MR. JIRAUCH: It would definitely be
10] advantaged.
11]     THE VIDEOGRAPHER: The time is 10:14 a.m.  We
12] are now going off the record ending media 2.
13]     (Recess from 10:14 a.m. to 10:24 a.m.)
14]     (Mr. Dodd and Mr. Killebrew not present when
15] proceedings resume.)
16]     THE VIDEOGRAPHER: The time is 10:24 a.m.
17] We're now back on record beginning media 3.
18]     (Exhibit 2967 marked for identification.)
19]     BY MR. YOUNG:
20] Q.  Mr. Zullo, Exhibit 2967 --
21]     (Mr. Killebrew returns to proceedings.)
22]     BY MR. YOUNG:
23] Q.  -- is a -- an e-mail string dated July --
24] December 16, 2014.  It actually starts on December 15, 2014,
25] between you and Mr. Zullo [sic]; correct?

Page 62

1] A. I'm taking the Fifth, sir.

2] Q. Is Exhibit 2967 a true and correct copy of an

3] e-mail string that you exchanged or had with Mr. Montgomery

4] on December 15 and 16, 2014?

5] A. Taking the Fifth.

6] Q. Okay. Do you have any reason to doubt the

7] authenticity of this e-mail string --

8] MR. MASTERSON: Foundation.

9] BY MR. YOUNG:

10] Q. -- this copy?

11] A. I'm taking the Fifth.

12] Q. In that e-mail string on December 16 at 2:41 p.m.,

13] this is in the middle of page ZULLO_000001, Mr. Montgomery

14] says, quote, "MCSO pursued sensitive information a guy" --

15] "against Judge Snow and we both know it. In fact you

16] produced some of it to the DC judge in August," end quote.

17] Was that a true statement?

18] A. I'm taking the Fifth.

19] MR. MASTERSON: Form.

20] BY MR. YOUNG:

21] Q. Did -- did you discuss information relating to

22] Judge Snow in your meeting involving Mr. Montgomery and

23] Judge Lamberth?

24] A. I'm taking the Fifth.

25] Q. In that same e-mail, Mr. Montgomery says, quote,

Page 63

1] "I'm amazed that" -- "I am amazed that you could recruit some

2] ex NSA people to help you collect more information on

3] Judge Snow," end quote.

4] Did you do that?

5] A. Taking the Fifth.

6] MR. MASTERSON: Form.

7] BY MR. YOUNG:

8] Q. Now, in a later e-mail on December 16, and the time

9] stamp on that is 1:54 -- it's at the bottom of page

10] ZULLO_000090 -- you tell Mr. Montgomery, quote, "LOL" --

11] exclamation points -- "You mean the phony information you

12] handed MCSO about Snow... LOL. Dennis, you don't fool me.

13] You think you do... Making up e-mails as you went along.

14] Please" -- exclamation points, end quotes, and it goes on.

15] Was it your belief at that point that

16] Mr. Montgomery was and had been giving you false information

17] about Judge Snow?

18] A. I'm taking the Fifth.

19] Q. Then Mr. Montgomery tells you, quote, "Go coerce

20] someone else. I am tired of your threats and innuendos. Go

21] back to spying on Judge Snow and the court monitor. Seems

22] like you have no regard for the law," end quote.

23] Was Mr. Montgomery accurate when he said that

24] you had been spying on the court monitor as well as

25] Judge Snow?

Page 64

1] MR. MASTERSON: Form. Foundation.

2] THE WITNESS: I'm taking the Fifth.

3] Excuse me. I'm sorry. It's --

4] BY MR. YOUNG:

5] Q. Okay.

6] A. -- just -- just a joke. I'm -- I'm sorry.

7] Q. Okay. Well, I understand you're taking the Fifth,

8] but these are important questions for us.

9] A. I'm not talking about your questions. It's just

10] this -- this whole e-mail chain is just bullshit.

11] Q. Well, then you responded to Mr. Montgomery at

12] 2:17 p.m., quote, "LOL whatever. You made it all up Dennis.

13] We know it... Nite," end quote.

14] Did that accurately reflect your view as to

15] what Mr. Montgomery had been giving you?

16] A. It is so hard for me to keep taking this Fifth.

17] I don't know where I put myself, Mr. Young, if

18] I answer anything on this. I think that document pretty much

19] tells you where I was as far as he was concerned.

20] Q. Okay.

21] (Exhibit 2968 marked for identification.)

22] BY MR. YOUNG:

23] Q. Exhibit 2968 is a one-page e-mail string

24] ZULLO_002711.

25] Is this a true and correct copy of an e-mail

Page 65

1] exchange that you had with Mr. Montgomery on January 6th,

2] 2015?

3] A. Taking --

4] MR. MASTERSON: Foundation.

5] THE WITNESS: -- the Fifth.

6] BY MR. YOUNG:

7] Q. Okay. In that e-mail string, Mr. Montgomery refers

8] to having a good call with you.

9] Did you have a call with him on that date?

10] A. I'm taking the Fifth.

11] Q. Okay. And then you told Mr. Montgomery, quote,

12] "Yes. Glad the fighting is over," end quote.

13] Do you see that?

14] A. Taking the Fifth, sir.

15] Q. What were you referring to there?

16] A. Taking the Fifth, sir.

17] Q. Did you have a reconciliation of some sort with

18] Mr. Montgomery on January 6th, 2015?

19] A. Taking the Fifth, sir.

20] Q. Did Mr. Montgomery tell you something during that

21] call that led you to believe that it would be productive to

22] continue working with Mr. Montgomery?

23] MR. MASTERSON: Form.

24] THE WITNESS: Taking the Fifth, sir.

25] (Next page, please.)

Case 2:07-cv-01791-DGC Document 819-2 Filed 11/16/21 Page 265 of 841

Melendres vs.                                                                    Mike Zullo – Vol. II
Arpaio                                                                           November 9, 2015

Page 66

1] BY MR. YOUNG:
2] Q. Was Sheriff Arpaio on the call that you had with
3] Mr. Montgomery on January 6th or thereabouts that's
4] referred to in this e-mail string?
5] MR. MASTERSON: Foundation.
6] THE WITNESS: Taking the Fifth.
7] BY MR. YOUNG:
8] Q. All right. How about Detective Mackiewicz?
9] MR. MASTERSON: Foundation.
10] THE WITNESS: Taking the Fifth.
11] BY MR. YOUNG:
12] Q. Did Sheriff Arpaio tell you that you should keep
13] working with Mr. Montgomery as a result of the call that you
14] had with him about this time?
15] MR. MASTERSON: Form. Foundation.
16] THE WITNESS: Taking the Fifth.
17] BY MR. YOUNG:
18] Q. The fighting that you said was over, was that
19] fighting about whether Mr. Montgomery was providing useful
20] information for purposes of your investigation?
21] MR. MASTERSON: Form.
22] THE WITNESS: Taking the Fifth.
23] BY MR. YOUNG:
24] Q. Do you have any reason to doubt the authenticity of
25] Exhibit 2968?

Page 67

1] MR. MASTERSON: Foundation.
2] THE WITNESS: Taking the Fifth.
3] (Exhibit 2969 marked for identification.)
4] BY MR. YOUNG:
5] Q. Exhibit 2969 is a January 7, 2015, e-mail string
6] between you and Mr. Montgomery.
7] Is this a true and correct copy of an e-mail
8] string that you exchanged with Mr. Montgomery on that date?
9] MR. MASTERSON: Foundation.
10] THE WITNESS: Taking the Fifth.
11] BY MR. YOUNG:
12] Q. Okay. Now, that e-mail string also attaches an
13] e-mail to you from Michael Flynn and your response back to
14] Michael Flynn, which you forwarded to Mr. Klayman and
15] Mr. Montgomery; is that correct?
16] A. I'm taking the Fifth.
17] Q. Now, in your January 7, 2015, 3:06 p.m. Mountain
18] Time e-mail to Mr. Flynn -- actually, Mr. Flynn had
19] previously been a lawyer for Mr. Montgomery; correct?
20] A. Yes.
21] Q. Okay. In that e-mail to Mr. Flynn, you wrote that
22] Mr. Montgomery, quote, "is continuing to work with the
23] sheriff's office at this time," end quote.
24] Was that a true statement?
25] A. I'm taking the Fifth.

Page 68

1] Q. Do you have any reason to doubt the authenticity of
2] this e-mail string, Exhibit 2969?
3] A. Taking --
4] MR. MASTERSON: Foundation.
5] THE WITNESS: Taking the Fifth.
6] (Exhibit 2970 marked for identification.)
7] BY MR. YOUNG:
8] Q. Exhibit 2970 is another e-mail exchange between you
9] and Mr. Montgomery, ZULLO_002947 to 2950; correct?
10] A. I'm taking the Fifth.
11] Q. Okay. Is this a true and accurate copy of an
12] e-mail string that you had with Mr. Montgomery on that date?
13] MR. MASTERSON: Foundation.
14] THE WITNESS: Taking the Fifth.
15] BY MR. YOUNG:
16] Q. Okay. Do you have any reason to doubt the
17] authenticity of this e-mail ex- -- string?
18] MR. MASTERSON: Foundation.
19] THE WITNESS: Taking the Fifth.
20] BY MR. YOUNG:
21] Q. At the top of the first page in the e-mail that you
22] wrote to Mr. Montgomery on January 19, 2015, at 12:57 p.m.,
23] you told Mr. Montgomery, quote, "It was me you tried to
24] protect and get you to the judge," end quote.
25] That's Judge Lamberth; correct?

Page 69

1] A. Yes, sir.
2] Q. Okay. And then you said to Mr. Montgomery, quote,
3] "I stop them going to the Feds because it would hurt you. I
4] need things to get this back on track," end quote.
5] Did -- did you stop someone from going to the
6] federal authorities about Mr. Montgomery?
7] A. I'm taking the Fifth, sir.
8] Q. Were you aware at that time that Mr. Montgomery had
9] lied to Judge Lamberth?
10] MR. MASTERSON: Form.
11] THE WITNESS: Taking --
12] MR. MASTERSON: Foundation.
13] THE WITNESS: I'm taking the Fifth, sir.
14] BY MR. YOUNG:
15] Q. Were you trying to ensure that Mr. Montgomery would
16] be able to continue working with you and that's why you did
17] what you could to stop any investigations of Mr. Montgomery?
18] MR. MASTERSON: Form. Foundation.
19] THE WITNESS: I'm taking the Fifth.
20] BY MR. YOUNG:
21] Q. Okay. What were you thinking in writing that
22] e-mail?
23] A. Taking the Fifth.
24] Q. What were you trying to get back on track?
25] A. Taking the Fifth.

Page 70

1] Q. Exhibit 2858, which is the calendar entries of
2] Sheriff Arpaio, says that two days later, on January 21, you
3] had a meeting with the sheriff.
4] Did you discuss this subject matter with him
5] at that time?
6] A. I'm taking the Fifth.
7] Q. Okay.
8] (Exhibit 2269 marked for identification.)
9] BY MR. YOUNG:
10] Q. I've put in front of you what's previously been
11] marked as Exhibit 2269.
12] Is this a true and correct copy of an e-mail
13] string that you had on January 22, 2015, with Mr. Montgomery?
14] A. Taking the Fifth.
15] MR. MASTERSON: Foundation.
16] BY MR. YOUNG:
17] Q. You -- you have no reason to doubt the authenticity
18] of this document; correct?
19] MR. MASTERSON: Foundation.
20] THE WITNESS: Taking the Fifth.
21] BY MR. YOUNG:
22] Q. Now, the January 22, 1:12 p.m., e-mail, which is
23] the bottom of page MELC200001 says -- and this is you talking
24] to Mr. Montgomery, quote, "Met with the Sheriff yesterday and
25] he is hoping we can get you where you need to go," end quote.

Page 71

1] So you did have a meeting with the sheriff on
2] January 21 in which you discussed Mr. Montgomery; correct?
3] A. Taking the Fifth.
4] Q. Okay. And where you and the sheriff hoped you
5] could get Mr. Montgomery, was that immunity from prosecution
6] so that Mr. Montgomery could continue to assist you in your
7] investigation?
8] MR. MASTERSON: Foundation.
9] THE WITNESS: Taking the Fifth.
10] BY MR. YOUNG:
11] Q. In that investigation, you were hoping that
12] Mr. Montgomery would find further verifiable information
13] about Judge Snow; is that correct?
14] A. Hell, no.
15] MR. MASTERSON: Form.
16] THE WITNESS: No. No.
17] BY MR. YOUNG:
18] Q. Okay. What was the information or what was the
19] help that you were hoping to get from Mr. Montgomery at that
20] time?
21] A. What date is that?
22] Q. January 22, 2015.
23] A. It would have to -- that would have to be around
24] Judge Lamberth. Around that date.
25] Q. And what information with respect to Judge Lamberth

Page 72

1] were you --
2] A. Sir, those are privileged -- privileged
3] conversations in the judge's chambers. I'm not going to
4] discuss those.
5] Q. Well, I -- I know you're speaking -- you're
6] representing yourself and you don't have a lawyer. I'll tell
7] you that I don't think that calls for privileged information.
8] A. Okay. Well, I'm taking the Fifth then.
9] Q. Well, what did you discuss with Sheriff Arpaio on
10] January 21, 2015?
11] A. Taking the Fifth.
12] Q. Okay. How long did your meeting with Judge -- with
13] Sheriff Arpaio last?
14] A. Taking the Fifth.
15] Q. Was anyone else there during your meeting with
16] Sheriff Arpaio on January 21, 2015?
17] A. Taking the Fifth.
18] (Exhibit 2971 marked for identification.)
19] BY MR. YOUNG:
20] Q. In Exhibit 2971, which is ZULLO_001520 --
21] MR. MASTERSON: Wait a minute. 71?
22] THE COURT REPORTER: Yes.
23] MR. MASTERSON: Got it. Thank you. Sorry,
24] Stan.
25] (Next page, please.)

Page 73

1] BY MR. YOUNG:
2] Q. You wrote on the second page an e-mail -- on
3] January 26th, 2015, at 10:28 a.m. an e-mail to
4] Mr. Montgomery in which you said, "Ok waiting to get a
5] meeting with the sheriff to discuss that other idea," end
6] quote.
7] What was the other idea that you were waiting
8] to discuss with the sheriff?
9] A. Taking the Fifth.
10] Q. Later in that string at 11:01 a.m. on
11] January 26th, you told Mr. Montgomery that, quote, "as far
12] as I can see without the Sheriff any hope of immunity is
13] dashed," end quote.
14] Why was that your view?
15] A. Taking the Fifth.
16] Q. Okay. I'm handing you now an exhibit that's
17] previously been marked as 2271.
18] (Exhibit 2271 marked for identification.)
19] BY MR. YOUNG:
20] Q. This is an e-mail string that you had with
21] Mr. Montgomery on February 2, 2015; correct?
22] A. Taking the Fifth.
23] Q. Okay. Do you have any reason to doubt that
24] Exhibit 2271 is a true and correct and authentic copy of an
25] e-mail string that you had with Mr. Montgomery on February 2,

Page 74

1] 2015?

2] MR. MASTERSON: Foundation.

3] THE WITNESS: Taking the Fifth.

4] BY MR. YOUNG:

5] Q. On page MELC202288, there's an e-mail that you

6] sent -- it's actually -- I'm sorry -- Mr. Montgomery sent to

7] you on February 2, 2015, at 11:02 a.m., and he refers there

8] to something that is called the BC.

9] That's the birth certificate; correct?

10] A. Taking the Fifth.

11] Q. Okay. And then Mr. Montgomery says to you, quote,

12] "I wasn't doing just the BC. I was also working on the data

13] mining data, for Arpaio," end quote.

14] What was the, quote, data mining data, end

15] quote, that you were discussing with Mr. Montgomery?

16] A. Taking --

17] MR. MASTERSON: Foundation.

18] THE WITNESS: Taking the Fifth.

19] BY MR. YOUNG:

20] Q. Did the data mining data have anything to do with

21] Judge Snow?

22] MR. MASTERSON: Foundation.

23] THE WITNESS: Taking the Fifth.

24] MR. MASTERSON: Form.

25] (Next page, please.)

Page 75

1] BY MR. YOUNG:

2] Q. So at this time, is it fair to say that

3] Mr. Montgomery was doing at least a couple of things for you:

4] One of them involved the birth certificate, and the other

5] involved some data mining project perhaps related to the

6] banking investigation; is that correct?

7] MR. MASTERSON: Form. Foundation.

8] THE WITNESS: I'm taking the Fifth.

9] BY MR. YOUNG:

10] Q. I'm now giving you what was previously marked as

11] Exhibit 2090. It's an e-mail string with Bates numbers

12] MELC202222 through 202224.

13] (Exhibit 2090 marked for identification.)

14] BY MR. YOUNG:

15] Q. Is this a true and correct copy of an e-mail string

16] that you had with Mr. Montgomery on February 2, 2015?

17] A. Taking the Fifth.

18] Q. If you'll look at the beginning of that e-mail

19] string, which has a time stamp of 6:41 p.m. on February 2,

20] Mr. Montgomery sends you a link about the contempt proceeding

21] that we have in this case, and he says, quote, "It looks like

22] Arpaio is trying to solve his differences with Judge Snow."

23] And then after the link, he asks you, quote,

24] "Why keep processing the data then? Seems like it would only

25] upset the judge more if the work was ever disclosed," end

Page 76

1] quote.

2] Was Mr. Montgomery processing some data that

3] would be relevant to the contempt proceeding between

4] Judge Snow and Sheriff Arpaio?

5] MR. MASTERSON: Form. Foundation.

6] THE WITNESS: I'm taking the Fifth.

7] BY MR. YOUNG:

8] Q. Okay. What was the data that Mr. Montgomery was

9] referring to in that e-mail?

10] MR. MASTERSON: Foundation.

11] THE WITNESS: Taking the Fifth.

12] BY MR. YOUNG:

13] Q. Did you concur with him that it would upset the

14] judge more if the work was ever disclosed?

15] MR. MASTERSON: Form. Foundation.

16] THE WITNESS: Taking the Fifth.

17] BY MR. YOUNG:

18] Q. Was that data that Mr. Montgomery was referring to

19] in his discussion with you data relating to Judge Snow's

20] banking information?

21] MR. MASTERSON: Form. Foundation.

22] THE WITNESS: Taking the Fifth.

23] BY MR. YOUNG:

24] Q. Okay. Was the data with reference to a possible

25] conspiracy between Judge Snow and -- and others, including

Page 77

1] the Department of Justice and Covington & Burling?

2] MR. MASTERSON: Form.

3] THE WITNESS: Taking the Fifth.

4] MR. MASTERSON: Foundation.

5] BY MR. YOUNG:

6] Q. In your 6:21 p.m. e-mail back to Mr. Montgomery --

7] and there are a couple of intervening e-mails, but it's on

8] page 202223, you say, quote, "No Dennis I don't think he is

9] solving jack shit I think they're looking to get rid of this

10] bullshit contempt charge. This guy is never going to leave

11] him alone," end quote. [as read]

12] By "this guy," you're referring to Judge Snow;

13] correct?

14] A. Taking the Fifth.

15] Q. Okay. And you're talking about the contempt

16] proceeding in this case; correct?

17] A. Taking the Fifth.

18] Q. Okay. In his response to that, Mr. Montgomery's

19] time stamp 7:29 p.m. on February 2, 2015, Mr. Montgomery

20] writes back to you, quote, "I understand now. So is it your

21] desire to continue processing the data, or should I assume

22] just the BC," end quote.

23] What is that data that he's referring to

24] there?

25] MR. MASTERSON: Foundation.

Page 78

1] THE WITNESS: Taking the Fifth.

2] BY MR. YOUNG:

3] Q. Okay. Then your response a couple of minutes later

4] at 7:32 p.m., which is at the bottom of page 202222, is,

5] quote, "BC to get sheriff back and then we will go for data.

6] I will share plan once I get him back in the game," end

7] quote.

8] Was that the sheriff you were referring to

9] getting back into the game?

10] A. Taking the Fifth.

11] Q. Now, you told Mr. Montgomery that first you would

12] want him to deal with the birth certificate in order to get

13] the sheriff back and then you would go for the data that

14] related to the contempt proceeding with Judge Snow; is that

15] correct?

16] A. Taking the Fifth.

17] Q. Well, then Mr. Montgomery at 8:46 p.m. says, quote,

18] "Okay. That will take time. Need to deconstruct 3 different

19] versions of Adobe (9, 10, and 11) using 2 different formats

20] each. Just complicated. Just hold on to your plan for now,

21] I guess," end quote.

22] And then you say to him, and the time stamp is

23] 8:14 p.m. -- and there must be a difference between Arizona

24] and Washington time -- quote, "This plan is going to kill two

25] birds with one stone," end quote.

Page 79

1] When you said that to Mr. Montgomery, what

2] plan were you referring to?

3] A. Taking the Fifth.

4] Q. Okay. How was that plan going to kill two birds

5] with one stone?

6] A. Taking the Fifth.

7] Q. Okay. Was it your view that Mr. Montgomery could

8] help you with something that would deal both with the birth

9] certificate and with Judge Snow?

10] A. Taking the Fifth.

11] Q. Did Sheriff Arpaio ever tell you that it would

12] upset Judge Snow more if the work you were doing with

13] Mr. Montgomery was ever disclosed?

14] A. Taking the Fifth.

15] MR. MASTERSON: Form.

16] BY MR. YOUNG:

17] Q. Did the sheriff ever tell you to keep the work that

18] you were doing with Mr. Montgomery a secret?

19] MR. MASTERSON: Form.

20] THE WITNESS: Taking the Fifth.

21] BY MR. YOUNG:

22] Q. Okay. Did he ever tell you that you should keep it

23] a secret because it related to Judge Snow?

24] MR. MASTERSON: Form.

25] THE WITNESS: Taking the Fifth.

Page 80

1] BY MR. YOUNG:

2] Q. Sheriff Arpaio testified that he may have talked

3] with you about Judge Snow in that time period in connection

4] with the banking investigation because he knew that you were

5] trying to track down information related to that.

6] Is that -- do you agree with that?

7] MR. MASTERSON: Foundation.

8] THE WITNESS: Taking the Fifth.

9] BY MR. YOUNG:

10] Q. Did you ever discuss with Sheriff Arpaio your view

11] that the contempt charge was bullshit?

12] A. Taking the Fifth.

13] MR. MASTERSON: Form.

14] BY MR. YOUNG:

15] Q. Did you ever discuss the contempt proceeding with

16] Judge -- with Sheriff Arpaio at all?

17] A. Taking the Fifth.

18] Q. Did you and Sheriff Arpaio discuss the possibility

19] of somehow using information that Mr. Montgomery would

20] provide in order to serve as protection against a possible

21] contempt finding by Judge Snow?

22] MR. MASTERSON: Form.

23] THE WITNESS: Taking the Fifth.

24] BY MR. YOUNG:

25] Q. I'm handing you now a previously marked exhibit,

Page 81

1] 2273.

2] (Exhibit 2273 marked for identification.)

3] BY MR. YOUNG:

4] Q. 2273 is a January 11, 2015, e-mail string between

5] you and Mr. Montgomery.

6] Is this a true and correct copy of an e-mail

7] exchange that you had with Mr. Montgomery on February 11,

8] 2015?

9] A. Taking the Fifth.

10] Q. Okay. You have no reason to doubt the authenticity

11] of this document, Exhibit 2273; correct?

12] MR. MASTERSON: Foundation.

13] THE WITNESS: Taking the Fifth.

14] BY MR. YOUNG:

15] Q. In that e-mail string at the bottom, at 11:45 a.m.,

16] you mentioned to Mr. Montgomery that you put in an e-mail to

17] Larry asking for a conference call.

18] That's Larry Klayman; correct?

19] A. Taking the Fifth.

20] Q. And you tell Mr. Montgomery that you, quote, "need

21] to know if you're going to follow through and finish the work

22] that you said you were going to do back in January," end

23] quote.

24] And then you tell him, quote, "We don't have

25] an open-ended time frame here," end quote.

Case 2:07-cv-02513-GMS Document 1 Filed 11/0/1 Page 269 of 841
Melendres vs.
Arpaio

Mike Zullo – Vol. II
November 9, 2015

Page 82

1]      You were trying to hurry Mr. Montgomery so
2]   that he would finish the work that he was doing; correct?
3]   A.  Taking the Fifth.
4]   Q.  Yeah.  Then Mr. Montgomery responded to you that he
5]   was working on it when he had time and that he was packing
6]   and looking for a place to move.  He was telling you at the
7]   time that he was having trouble finding someplace to live,
8]   and that's why he -- in part why he was delayed in getting
9]   back to you; is that right?
10]  A.  Taking the Fifth.
11]  Q.  Okay.  And then he wrote you another e-mail on --
12]  on February 11, 2015, at 1:22:43 p.m., quote, "I presume you
13]  were talking the BC stuff and not Judge Snow info," question
14]  mark, end quote.
15]      What was the Judge Snow info that
16]  Mr. Montgomery referred to in his e-mail back to you?
17]  A.  Taking the Fifth.
18]      MR. MASTERSON:  Foundation.
19]      BY MR. YOUNG:
20]  Q.  Was the Judge Snow info part of what you were
21]  asking him to finish doing?
22]  A.  Taking the Fifth.
23]      MR. MASTERSON:  Form.
24]      BY MR. YOUNG:
25]  Q.  The BC stuff was the birth certificate issue;

Page 83

1]   right.
2]   A.  Taking the Fifth.
3]   Q.  Now, Sheriff Arpaio testified that he presumed that
4]   what you and Mr. Montgomery were talking about in this e-mail
5]   string was information with respect to Judge Snow as to the
6]   banking investigation.
7]      Do you have any reason to disagree with that?
8]      MR. MASTERSON:  Form.  Foundation.
9]      THE WITNESS:  Taking the Fifth.
10]     BY MR. YOUNG:
11]  Q.  You did discuss with Mr. Montgomery your desire to
12]  obtain banking-related information with respect to
13]  Judge Snow; correct?
14]  A.  Taking the Fifth.
15]     MR. MASTERSON:  Form.
16]     BY MR. YOUNG:
17]  Q.  Okay.  Do you have any reason to doubt or disagree
18]  with Detective Mackiewicz's testimony that it was your idea
19]  to have Mr. Montgomery pull up information from his database
20]  about Judge Snow?
21]     MR. MASTERSON:  Form.  Foundation.
22]     THE WITNESS:  Taking the Fifth.
23]     BY MR. YOUNG:
24]  Q.  Exhibit 2274 is a February 27, 2015, e-mail
25]  exchange between you and Mr. Montgomery.

Page 84

1]      (Exhibit 2274 marked for identification.)
2]      BY MR. YOUNG:
3]   Q.  Is that a true and accurate copy of an e-mail
4]   exchange that you had with Mr. Montgomery on that date?
5]   A.  Taking the Fifth.
6]   Q.  You have no reason to doubt the authenticity of
7]   Exhibit 2274; correct?
8]   A.  Taking the Fifth.
9]   Q.  You responded in that e-mail string to
10]  Mr. Montgomery saying it was not that clear yet whether the
11]  contempt proceeding involving Sheriff Arpaio would be
12]  resolved.
13]      Did you discuss that topic with
14]  Sheriff Arpaio?
15]  A.  Taking the Fifth.
16]  Q.  Did you talk to Sheriff Arpaio about your
17]  discussion with Mr. Montgomery on this issue?
18]     MR. MASTERSON:  Form.
19]     THE WITNESS:  Taking the Fifth.
20]     BY MR. YOUNG:
21]  Q.  Did you keep Sheriff Arpaio informed as to the
22]  status of your work with Mr. Montgomery insofar as it related
23]  to Judge Snow?
24]     MR. MASTERSON:  Form.  Foundation.
25]     THE WITNESS:  Taking the Fifth.

Page 85

1]      BY MR. YOUNG:
2]   Q.  Did Sheriff Arpaio ask you to continue your work
3]   with Mr. Montgomery insofar as it related to Judge Snow?
4]      MR. MASTERSON:  Form.  Foundation.
5]      THE WITNESS:  Taking the Fifth.
6]      BY MR. YOUNG:
7]   Q.  You were working in this regard under
8]   Sheriff Arpaio's direction; correct?
9]      MR. MASTERSON:  Form.
10]     THE WITNESS:  Taking the Fifth.
11]     MR. MASTERSON:  Foundation.
12]     BY MR. YOUNG:
13]  Q.  If Sheriff Arpaio had told you to stop
14]  investigating with respect to Judge Snow, you would have
15]  followed that instruction; correct?
16]  A.  Taking the Fifth.
17]     MR. MASTERSON:  Form.
18]     BY MR. YOUNG:
19]  Q.  Exhibit 2276 is an e-mail string that is dated
20]  March 4, 2015.  Actually, it starts on March 3.
21]     (Exhibit 2276 marked for identification.)
22]     BY MR. YOUNG:
23]  Q.  That's also an e-mail string between you and
24]  Mr. Montgomery; correct?
25]  A.  Taking the Fifth.

Page 86

1] Q. Exhibit -- is Exhibit 2276 -- strike that.
2] You have no reason to doubt that Exhibit 2276
3] is an authentic, true and correct copy of an e-mail string
4] that you and Mr. -- well, strike that. Let me take that
5] back. I'll start over again.
6] Exhibit 2276 has some e-mails between you and
7] Mr. Montgomery, but the top of it actually is an e-mail
8] exchange between you and Larry Klayman.
9] Are the e-mails that are set forth in
10] Exhibit 2276 true and correct copies of e-mails that you had
11] with Mr. Montgomery and Mr. Klayman?
12] A. Taking the Fifth.
13] MR. MASTERSON: Form. Foundation.
14] BY MR. YOUNG:
15] Q. Now, in that e-mail string, you on March 3rd,
16] 2015, at 6:10 p.m. told Mr. Klayman that in order to keep
17] this, meaning this investigation, alive for Mr. Montgomery,
18] you needed Mr. Montgomery to finish something; is that right?
19] A. Taking the Fifth.
20] Q. Were you trying to get Mr. Klayman to get
21] Mr. Montgomery to finish the work that he had told you he was
22] doing?
23] A. Taking the Fifth.
24] Q. Were you trying to keep money flowing to
25] Mr. Montgomery for the investigation from the MCSO?

Page 87

1] A. Taking the Fifth.
2] Q. You kept Sheriff Arpaio informed about your
3] discussions on this subject; correct?
4] MR. MASTERSON: Form.
5] THE WITNESS: Taking the Fifth.
6] BY MR. YOUNG:
7] Q. I'm giving you Exhibit 2278, which is an e-mail
8] string dated March 31 and April 1, 2015, between you and
9] Mr. Montgomery.
10] (Exhibit 2278 marked for identification.)
11] BY MR. YOUNG:
12] Q. Is Exhibit 2278 a true and correct copy of that
13] e-mail string?
14] A. Taking the Fifth.
15] Q. You don't have any reason to doubt the authenticity
16] of Exhibit 2278; correct?
17] MR. MASTERSON: Foundation.
18] THE WITNESS: Taking the Fifth.
19] BY MR. YOUNG:
20] Q. In one of your e-mails to Mr. Montgomery, you say,
21] "Can you get to" -- and then there's an -- an FI or an FL.
22] What is that?
23] A. Taking the Fifth.
24] Q. Mr. Montgomery tells you on April 1 at 5:27 p.m.,
25] quote, "Take care of the Sheriff, you have got your hands

Page 88

1] full right now with his problems," end quote.
2] And in your response to that, you tell
3] Mr. Montgomery, quote, "So then it's pretty obvious that
4] Larry has been jerking us off having you do all kinds of
5] bullshit for him while we're still waiting," end quote.
6] Were you complaining to Mr. Montgomery that
7] Larry Klayman was having you -- him do other things that
8] was -- were diverting away effort that you wanted
9] Mr. Montgomery to devote to the things that you were doing?
10] MR. MASTERSON: Form.
11] THE WITNESS: Taking the Fifth.
12] (Exhibit 2279 marked for identification.)
13] BY MR. YOUNG:
14] Q. Exhibit 2279 is an April 20, 2015, e-mail string
15] involving you and Larry Klayman and Mr. Montgomery; correct?
16] A. Taking the Fifth.
17] Q. You have no reason to doubt that this Exhibit 2279
18] is an authentic e-mail string among you and Mr. Klayman and
19] Mr. Montgomery; correct?
20] MR. MASTERSON: Foundation.
21] THE WITNESS: Taking the Fifth.
22] BY MR. YOUNG:
23] Q. In that e-mail string, you were asking
24] Mr. Montgomery to finish the work that he was doing; correct?
25] A. Taking the Fifth.

Page 89

1] Q. Okay. You told Mr. Klayman that Mr. Montgomery
2] needed validation like a drowning man needs oxygen.
3] Was that your effort to obtain some
4] verification of the information that Mr. Montgomery had
5] previously provided to you?
6] A. Taking the Fifth.
7] Q. You provided a deadline to Mr. Montgomery of
8] Wednesday, April 22, 2015. You knew that there was a
9] contempt hearing that was scheduled for that week; correct?
10] A. Taking the Fifth.
11] Q. On page 202143, you told Mr. Klayman that, quote,
12] "Per our phone conversation, I need to know Dennis's
13] intentions on moving forward on a timely basis and honor his
14] agreement with us and set a hard date to complete the paid
15] work on the BC as he agreed to perform," end quote.
16] The BC's the birth certificate; correct?
17] A. Taking the Fifth.
18] Q. Okay. Then you say, quote, "This work has nothing
19] to do with the other issues he is dealing with and as of last
20] month, he was one week away from completion. That week as
21] others came and went," end quote. [as read]
22] Did that other work pertain to Judge Snow?
23] A. Taking the Fifth.
24] Q. On the top of page 202144, you refer in your e-mail
25] to Mr. Montgomery to, quote, "our contact in DC," quote --

Page 90

1] end quote, which you say, quote, "is now very long on the
2] tooth and unproductive for us, as you have again failed to
3] deliver anything as agreed," end quote.
4]     Was that contact in D.C. Judge Lamberth?
5] A.  Taking the Fifth.
6] Q.  Okay.  In that sentence, you refer to an agreement
7] between Mr. Montgomery and the sheriff's office to forego
8] official notification to the contact in D.C.
9]     Did you have an agreement with Mr. Montgomery
10] that you would hold off on notifying Judge Lamberth about the
11] falsities in what Mr. Montgomery had previously said to him?
12]     MR. MASTERSON:  Form.
13]     THE WITNESS:  Taking the Fifth.
14]     BY MR. YOUNG:
15] Q.  Did that agreement to hold off on notifying the
16] D.C. contact ever run out?
17] A.  Taking the Fifth.
18]     MR. MASTERSON:  Form.
19]     BY MR. YOUNG:
20] Q.  Did you talk to Sheriff Arpaio about
21] Mr. Montgomery's work as referenced in this April 20, 2015,
22] e-mail string?
23]     MR. MASTERSON:  Form.  Foundation.
24]     THE WITNESS:  Taking the Fifth.
25]     (Next page, please.)

Page 91

1]     BY MR. YOUNG:
2] Q.  Okay.  You knew that Mr. Klayman also represented
3] Sheriff Arpaio on some other matters; correct?
4] A.  Taking the Fifth.
5] Q.  Okay.
6]     MR. MASTERSON:  Form.
7]     BY MR. YOUNG:
8] Q.  Did you and Sheriff Arpaio ever discuss your
9] discussions with Mr. Klayman with respect to the issues
10] discussed in Exhibit 2279?
11] A.  Taking the Fifth.
12]     MR. MASTERSON:  Form.
13]     BY MR. YOUNG:
14] Q.  Was Sheriff Arpaio part of any of your discussions
15] with Mr. Klayman and/or Mr. Montgomery about these issues?
16]     MR. MASTERSON:  Form.
17]     THE WITNESS:  Taking the Fifth.
18]     BY MR. YOUNG:
19] Q.  How about Chief Sheridan?  Was Chief Sheridan ever
20] part of those discussions?
21] A.  Taking --
22]     MR. MASTERSON:  Form.
23]     THE WITNESS:  -- the Fifth.
24]     BY MR. YOUNG:
25] Q.  Did Sheriff Arpaio ask you to call Larry Klayman or

Page 92

1] contact him in this time frame, late April 2015?
2] A.  Taking the Fifth.
3] Q.  I'm showing you what was previously marked as
4] Exhibit 2281.
5]     (Exhibit 2281 marked for identification.)
6]     BY MR. YOUNG:
7] Q.  On page MELC730572, you have an e-mail to Amy Lake,
8] who works for Sheriff Arpaio, in which you send him [sic] a
9] link to a Phoenix New Times article about a meeting involving
10] Attorney General Tom Horne and Dennis Montgomery.
11]     Why did you do that?
12] A.  Taking the Fifth.
13] Q.  It's dated May 6th, 2015.
14] A.  Taking the Fifth.
15]     (Exhibit 2972 marked for identification.)
16]     BY MR. YOUNG:
17] Q.  Exhibit 2972 is an e-mail string dated May 22,
18] 2015, bearing Bates number ZULLO_000125 to 128.
19]     Is this an e-mail exchange you had with
20] Mr. Montgomery on that date?
21] A.  Taking the Fifth.
22] Q.  Okay.  You -- you have no reason to doubt the
23] authenticity of Exhibit 2972; correct?
24]     MR. MASTERSON:  Foundation.
25]     THE WITNESS:  Taking the Fifth.

Page 93

1]     BY MR. YOUNG:
2] Q.  In that e-mail string, you and Mr. Montgomery have
3] some discussion about the recusal motion that had been filed
4] relating to Judge Snow.  And then he tells you that he's
5] upset that Sheriff Arpaio and Chief Sheridan claim that the
6] information he had provided was junk.  Then at 12:19 p.m. on
7] Friday, May 22, 2015, you said the following to
8] Mr. Montgomery:  Quote, "I had that conversation with them
9] yesterday and advised them that that is not what I'm going to
10] testify to.  Neither is Brian.  I talked to him today we're
11] both on the same page," end quote.
12]     Was that something you were just telling
13] Mr. Montgomery you were -- you had said to Sheriff Arpaio and
14] Chief Sheridan in order to keep Mr. Montgomery talking to
15] you?
16] A.  Taking the Fifth.
17] Q.  Did you actually discuss with Sheriff Arpaio and --
18] and Chief Sheridan that you were planning to testify to about
19] Mr. Montgomery's work?
20] A.  Taking the Fifth.
21]     MR. MASTERSON:  Form.
22]     BY MR. YOUNG:
23] Q.  Were you still interested in May 22, 2015, in
24] keeping Mr. Montgomery working with you?
25] A.  Taking the Fifth.

Page 94

1] Q. Did you tell Sheriff -- Sheriff Arpaio or
2] Chief Sheridan that Mr. Montgomery was unhappy that they had
3] testified the way they had about Mr. Montgomery's work?
4] A. Taking the Fifth.
5] Q. At 1:36 p.m. on May 22, Mr. Montgomery writes to
6] you about Sheriff Arpaio and Chief Sheridan saying that their
7] testimony that the data was bogus hurt him, and then he
8] complains that they implied that he was slow playing the
9] work.
10] And then he says, quote, "Ironic the very
11] thing that may have hurt them may be the thing that ends the
12] Judge Snow contempt hearings," end quote.
13] Did you discuss that with Sheriff Arpaio and
14] Chief Sheridan?
15] MR. MASTERSON: Form.
16] THE WITNESS: Taking the Fifth.
17] BY MR. YOUNG:
18] Q. Okay. Are you still talking to Dennis Montgomery?
19] A. Taking the Fifth.
20] Q. Okay. Is Mr. Montgomery still doing work relating
21] to the banking investigation or Judge Snow or the birth
22] certificate or anything else?
23] MR. MASTERSON: Form. Foundation.
24] THE WITNESS: Taking the Fifth.
25] (Next page, please.)

Page 95

1] BY MR. YOUNG:
2] Q. Now, Sheriff Arpaio's calendar, Exhibit 2858,
3] references a June 29, 2015, appointment between
4] Sheriff Arpaio and yourself.
5] Did you meet with Sheriff Arpaio on that date?
6] A. I'm taking the Fifth.
7] Q. Okay. Did you discuss the Montgomery investigation
8] with Sheriff Arpaio on June 29, 2015?
9] A. Taking the Fifth.
10] Q. Yeah. Did you tell Sheriff Arpaio the status of
11] your work with Mr. Montgomery on that date?
12] A. Taking the Fifth.
13] (Exhibit 2973 marked for identification.)
14] BY MR. YOUNG:
15] Q. Exhibit 2973 is a document that's a response to
16] document request regarding ITR 63. It's a memo from you to
17] Captain Russ Skinner.
18] Is that a true and correct copy of a
19] memorandum that you sent to Captain Skinner on June 29, 2015?
20] A. Taking the Fifth.
21] MR. JIRAUCH: I'm sorry, counsel. What was
22] that number, exhibit number?
23] MR. YOUNG: 2973.
24] MR. JIRAUCH: Thank you.
25] MR. YOUNG: And it's MELC6622480.

Page 96

1] MR. JIRAUCH: Great. Thank you.
2] BY MR. YOUNG:
3] Q. Now, at some point, as shown in this memo, you told
4] Captain Skinner that you would not be providing additional
5] documents with respect to the Seattle investigation; is that
6] right?
7] A. Taking the Fifth.
8] Q. But previous to that, you -- you had provided some
9] documents to others in the MCSO for them to give to the
10] monitor; is that right?
11] A. Taking the Fifth.
12] (Exhibit 2974 marked for identification.)
13] BY MR. YOUNG:
14] Q. Exhibit 2974 is MELC677718. It is an August 5th,
15] 2015, memo from you to Captain Skinner with respect to
16] another document request from the monitor; is that right?
17] A. Taking the Fifth.
18] Q. Is Exhibit 2974 a true and correct copy of a
19] response that you sent to Captain Skinner with respect to a
20] document request that the court monitor had made?
21] A. Taking the Fifth.
22] Q. Okay. And that request, ITR number 8, relates to
23] work product of yourself, including memoranda, reports,
24] notes, and photographs from the investigation and activities
25] conducted in Seattle, Washington, referred to in the article

Page 97

1] by Stephen Lemons in the Phoenix New Times dated June 4,
2] 2014, end quote, which we'll shortcut refer to as the
3] monitor -- the Seattle investigation.
4] Your response to Captain Skinner was, quote,
5] "I have no such records," end quote.
6] That statement was false; correct?
7] A. I'm taking the Fifth.
8] Q. Okay. You, in fact, had records relating to that
9] investigation when you told Captain Skinner that you did not
10] have such records; is that right?
11] A. I'm taking the Fifth.
12] Q. Okay. Why did you tell Captain Skinner that you
13] did not have any such records?
14] A. I'm taking the Fifth.
15] Q. Did Sheriff Arpaio tell you to tell Captain Skinner
16] that you had no such records?
17] A. I'm taking the Fifth.
18] Q. Did you understand that documents that had been
19] sent to your personal e-mail account, your 1tick e-mail
20] account, should, nonetheless, be handed over to
21] Captain Skinner in order to respond to the monitor's document
22] requests?
23] MR. MASTERSON: Form. Foundation.
24] THE WITNESS: Taking the Fifth.
25] (Next page, please.)

Page 98

1]     BY MR. YOUNG:
2] Q. Okay. Did Sheriff Arpaio or Chief Sheridan ever
3]   tell you that you should withhold documents that were from
4]   your 1tick@earthlink.net account?
5] A. Taking the Fifth.
6] Q. In that prior document that we looked at, or at
7]   least I looked at, Exhibit 2973, you referred to a matter
8]   being reviewed by independent third-party counsel and telling
9]   Captain Skinner that you were not going to be giving him
10]   anything at that point.
11]     Who were the third-party counsel?
12] A. Taking the Fifth.
13] Q. Was it Jones Skelton?
14] A. Taking the Fifth.
15] Q. Was it Michele Iafrate?
16] A. No. Taking the Fifth.
17] Q. Okay. I'll tell you, Mr. Zullo, I thought you
18]   might have whispered no before saying you were going to take
19]   the Fifth, and that'll be on video too. So if you're --
20] A. I don't know --
21] Q. Okay.
22] A. -- what I said.
23]     I'm just taking the Fifth in everything you're
24]   asking me here. I've been wanting a blanket Fifth from the
25]   beginning.

Page 99

1] Q. Okay. Well, I understand that, but I -- I do need
2]   to ask you the questions. And you should just know that, you
3]   know, whatever you do or say, you're being filmed right now.
4]   It's actually going to be available --
5] A. I don't --
6] Q. -- for anyone else --
7] A. -- care.
8] Q. -- to look at.
9] A. I really -- yeah --
10] Q. Okay.
11] A. -- it doesn't bother me.
12] Q. Okay.
13]     (Exhibit 2975 marked for identification.)
14]     MR. JIRAUCH: A little color.
15]     BY MR. YOUNG:
16] Q. Exhibit 2975 is Bates number ZULLO_002996, and it
17]   is an August 20, 2015, e-mail from Brian Mackiewicz to you
18]   responding to an e-mail that you apparently sent to him that
19]   contains a screen shot of that footnote that we referred
20]   to -- you referred to last time relating to various criminal
21]   laws that might have been violated in connection with the
22]   Montgomery investigation.
23]     Is this a true and correct copy of an e-mail
24]   exchange that you had on that subject with
25]   Detective Mackiewicz on August 20, 2015?

Page 100

1] A. Taking the Fifth.
2] Q. You don't have any reason to doubt the authenticity
3]   of this document; correct?
4]     MR. MASTERSON: Foundation.
5]     THE WITNESS: Take -- taking the Fifth.
6]     BY MR. YOUNG:
7] Q. Why did you send that to Detective Mackiewicz?
8] A. Taking the Fifth.
9]     (Exhibit 2976 marked for identification.)
10]     BY MR. YOUNG:
11] Q. Exhibit 2976 is a copy of an October 28, 2015,
12]   Associated Press article entitled, quote, "Detective:
13]   Arpaio's Investigation Wasn't Focused on Judge," end quote.
14]   And it's with Jacques Billeaud. It's by Jacques Billeaud --
15]   Billeaud.
16]     Did you talk to Mr. Billeaud around that date?
17] A. I'm taking the Fifth.
18] Q. Okay. At the end of that article, Mr. Billeaud
19]   quotes you as saying, quote, "The man is truly innocent in
20]   this," end quote. And that's referring to Sheriff Arpaio.
21]     Is that an accurate quotation?
22] A. Taking the Fifth.
23] Q. Okay. What did you mean when you said that?
24] A. Taking the Fifth.
25] Q. Okay. Are you still trying to protect

Page 101

1] Sheriff Arpaio in connection with this contempt proceeding
2]   that's currently pending?
3]     MR. MASTERSON: Form.
4]     THE WITNESS: Taking the Fifth.
5]     BY MR. YOUNG:
6] Q. Have you discussed with Sheriff Arpaio in the last
7]   month or two any aspect of your possible testimony or
8]   participation in this proceeding?
9]     MR. MASTERSON: Form.
10]     THE WITNESS: Taking the Fifth.
11]     BY MR. YOUNG:
12] Q. Has Sheriff Arpaio asked you to make a public
13]   statement that he was innocent?
14]     MR. MASTERSON: Form.
15]     THE WITNESS: Taking the Fifth.
16]     BY MR. YOUNG:
17] Q. What else did you say to Jacques Billeaud during
18]   that interview?
19] A. Taking the Fifth.
20] Q. In July 2015, you told Carl Gallup that you thought
21]   Dennis Montgomery had brought a broad base of information to
22]   your investigation.
23]     Did you believe that to be the case?
24] A. Taking the Fifth.
25] Q. Okay. You thought that Dennis Montgomery had

Page 102

1] actually provided at least some information that merited
2] follow-up; is that right?
3] A. Taking the Fifth.
4] Q. When you said that to Carl Gallup, were you
5] referring to the information about Judge Snow?
6] MR. MASTERSON: Form.
7] THE WITNESS: Taking the Fifth.
8] BY MR. YOUNG:
9] Q. All right. I'm going to ask you about some audio
10] recordings. And in order to do that, I'm going to have the
11] court reporter mark copies of CDs. And I'm going to give
12] those to counsel present, and I'm also going to have one
13] marked as an exhibit to the deposition. And I'm going to
14] refer to them by the Bates numbers that they were produced
15] with.
16] And the first one has a Bates number of
17] ZULLO_003715, and I'm going to ask the court reporter to put
18] a label on that for purposes of having an exhibit number in
19] this proceeding.
20] (Exhibit 2977 marked for identification.)
21] BY MR. YOUNG:
22] Q. So this particular audio actually lasts for more
23] than an hour, but I'm going to ask you to listen to the
24] beginning part of it and then ask you to identify --
25] MR. JIRAUCH: Counsel, could we listen to the

Page 103

1] whole thing?
2] MR. YOUNG: I'm sorry?
3] MR. JIRAUCH: Could we listen to the whole
4] thing?
5] MR. YOUNG: I don't think we need to do that
6] today. We might do it later on, but for right now, I just
7] want to ask Mr. Zullo about what the audio is.
8] MR. MASTERSON: Before we start, this is being
9] referenced as the Bates number as opposed to an exhibit
10] number? Is that what we're doing?
11] MR. YOUNG: Well, actually, we have an exhibit
12] number at this point, don't -- what's the Exhibit Number?
13] THE COURT REPORTER: 2977.
14] MR. MASTERSON: Okay.
15] MR. YOUNG: So Exhibit 2977 is an audio that's
16] over an hour long that also when it was produced to us had
17] the Bates number ZULLO_003715.
18] And let's start to play it.
19] (Audio played.)
20] BY MR. YOUNG:
21] Q. Okay. So we played about the first minute and
22] 20 seconds of that audio, and -- and it goes on for some
23] amount of time after that.
24] That's a -- a recording of a conversation
25] between Timothy Blixseth, Sheriff Arpaio, yourself, and

Page 104

1] Detective Mackiewicz that occurred in October 2013; is that
2] right?
3] A. Taking the Fifth.
4] Q. Okay. You recorded that conversation; correct?
5] A. Taking the Fifth.
6] Q. Okay. You recorded that conversation in
7] Sheriff Arpaio's office; correct?
8] A. Taking the Fifth.
9] Q. Okay. Did you inform the other people in that
10] conversation that you had taken that recording?
11] A. Taking the Fifth.
12] Q. You don't have any reason to doubt the authenticity
13] of that recording; correct?
14] A. Taking the Fifth.
15] MR. MASTERSON: Foundation.
16] BY MR. YOUNG:
17] Q. Does Sheriff Arpaio have a recording system in his
18] office?
19] MR. MASTERSON: Foundation.
20] THE WITNESS: Taking the Fifth.
21] BY MR. YOUNG:
22] Q. We're going to skip to a portion in the middle of
23] the recording at about 33 minutes. I'm going to ask you to
24] listen to that, Mr. Zullo.
25] (Audio played.)

Page 105

1] BY MR. YOUNG:
2] Q. All right. That -- what we just listened to was
3] Timothy Blixseth telling Sheriff Arpaio and the others in
4] that meeting that Dennis Montgomery had hacked into Eric
5] Holder's and Lanny Breuer's something, having to do with
6] them.
7] Did you discuss that with Sheriff Arpaio?
8] A. Taking the Fifth.
9] Q. Okay. Part of what you and Sheriff Arpaio were
10] interested in getting from Mr. Montgomery was information
11] that would be relevant to the Department of Justice lawsuit
12] that was then pending against the sheriff's office; correct?
13] MR. MASTERSON: Form. Foundation.
14] THE WITNESS: No. Taking the Fifth.
15] BY MR. YOUNG:
16] Q. Okay. Now, I'll tell you that there was a
17] discussion, I don't know exactly where it is in that
18] recording, where Mr. Blixseth makes the observation that
19] Lanny Breuer then left the Justice Department and went back
20] to the Covington & Burling law firm.
21] You were aware of that at the time; is that
22] right?
23] A. No. Taking the Fifth.
24] Q. Okay.
25] MR. JIRAUCH: I'm sorry.

Page 106

1]    BY MR. YOUNG:
2] Q.  Did you --
3]    MR. JIRAUCH: I'm sorry.  I couldn't hear your
4] answer.
5]    THE WITNESS: I said, "Taking the Fifth."
6]    MR. JIRAUCH: Okay.  Thank you.
7]    BY MR. YOUNG:
8] Q.  Did you discuss that with the sheriff in the
9] October 2013 time period?
10] A.  Taking the Fifth.
11] Q.  There was some discussion about Carl Cameron during
12] that meeting.  Carl Cameron was a journalist for Fox News
13] that Mr. Montgomery was trying to get to run a story with
14] respect to Mr. Montgomery's allegations; correct?
15] A.  Taking the Fifth.
16] Q.  Okay.
17]    MR. MASTERSON: Foundation.
18]    BY MR. YOUNG:
19] Q.  Mr. Montgomery -- Mr. Cameron later came to the
20] conclusion that Mr. Montgomery was unreliable and, therefore,
21] never ran that story; correct?
22]    MR. MASTERSON: Foundation.
23]    THE WITNESS: Taking the Fifth.
24]    BY MR. YOUNG:
25] Q.  Okay.  Did you ever talk to Carl Cameron yourself?

Page 107

1] A.  Taking the Fifth.
2]    (Exhibit 2099 marked for identification.)
3]    BY MR. YOUNG:
4] Q.  So Exhibit 2099 contains an e-mail that you sent to
5] Detective Mackiewicz on July 17, 2014, at 13:52:34.  That's
6] on page MELC198244.  And it contains an e-mail that
7] Mr. Montgomery sent to you forwarding an e-mail from
8] Mr. Cameron to Mr. Montgomery basically telling
9] Mr. Montgomery that Mr. Cameron was not believing what
10] Mr. Montgomery was telling him.
11]    You sent that e-mail on to Mr. --
12] Detective Mackiewicz; correct?
13] A.  Taking the Fifth.
14] Q.  Exhibit 2099 is a true and correct copy of an
15] e-mail string that you sent to Mr. Mackiewicz containing all
16] of that?
17]    There's another e-mail string above that
18] containing -- or between Detective Mackiewicz and Travis
19] Anglin, but I'm not asking about that.  I'm just asking about
20] the part that you sent to Mr. Mackiewicz.
21]    That is authentic; correct?
22]    MR. MASTERSON: Foundation.
23]    THE WITNESS: Taking the Fifth.
24]    (Exhibit 2978 marked for identification.)
25]    (Next page, please.)

Page 108

1]    BY MR. YOUNG:
2] Q.  I'm going to play for you a portion of the next
3] audio exhibit, which has been marked 2978.  It has the Bates
4] number ZULLO_003716.
5]    (Audio played.)
6]    BY MR. YOUNG:
7] Q.  We just played the first minute of that video.
8] That's a shorter video.  It lasts about 20 minutes.  That's
9] an audio, rather.
10]    The -- Exhibit 2978, which bears the Bates
11] number ZULLO_003716, that is another portion of a meeting
12] between Mr. Blixseth, Sheriff Arpaio, yourself, and
13] Detective Mackiewicz, correct, at which the work of Dennis
14] Montgomery is introduced to you all; is that right?
15] A.  Taking the Fifth.
16] Q.  Do you have any reason to doubt the authenticity of
17] that recording?
18]    MR. MASTERSON: Foundation.
19]    THE WITNESS: Taking the Fifth.
20] Q.  Okay.  You kept the recordings that we've listened
21] to of the meeting involving Sheriff Arpaio and Mr. Blixseth
22] and yourself and Detective Mackiewicz; correct?
23] A.  Taking the Fifth.
24] Q.  Okay.  Did you make those recordings yourself?
25]

Page 109

1] A.  Taking the Fifth.
2] Q.  Did you make those recordings using a cell phone?
3] A.  Taking the Fifth.
4] Q.  Have you ever told Sheriff Arpaio that you had
5] those recordings?
6] A.  Taking the Fifth.
7]    MR. MASTERSON: Form.
8]    BY MR. YOUNG:
9] Q.  Did anybody else knew that you had -- know that you
10] had those recordings?
11]    MR. MASTERSON: Form.
12]    THE WITNESS: Taking the Fifth.
13]    (Exhibit 2979 marked for identification.)
14]    MR. JIRAUCH: Counsel, is this last one that
15] we just listened to a continuation of the first meeting?
16]    MR. YOUNG: I think it -- it has a Bates
17] number that is subsequent, but I -- my guess, based on the
18] content, that it is prior to --
19]    MR. JIRAUCH: Ah.
20]    MR. YOUNG: -- the first one.  So this -- and,
21] again, I don't know this since I'm not a witness and --
22]    MR. JIRAUCH: Yeah.
23]    MR. YOUNG: -- but my --
24]    MR. JIRAUCH: No, I understand.
25]    MR. YOUNG: -- deduction based on the content

---

Page 110

1]  is that the sequence is ZULLO_3716 and then ZULLO_3715 --
2]      MR. JIRAUCH: Right.
3]      MR. YOUNG: -- but I can't be sure of that.
4]      MR. JIRAUCH: Thank you.
5]      (Exhibit 2979 marked for identification.)
6]      BY MR. YOUNG:
7]  Q.  All right.  The next audio, and we'll listen to the
8]  first part of it.  It's about 10 minutes and 48 seconds long.
9]  It is Bates numbered ZULLO_004643, and it is Exhibit 2979.
10] And this one does not involve Mr. Blixseth or Sheriff Arpaio.
11] But why don't we take a -- a listen to that.
12]     (Audio played.)
13]     MR. YOUNG: Okay.  Stop.
14]     BY MR. YOUNG:
15] Q.  All right.  We just listened to the first minute
16] and 40 seconds of that.  That's a recording -- and we're
17] talking about Exhibit 2979, ZULLO_004643.  That's a recording
18] of a discussion among you and Mr. Montgomery and some other
19] people; is that right?
20] A.  Taking the Fifth.
21] Q.  Okay.  Did you make that recording?
22] A.  Taking the Fifth.
23] Q.  Okay.  Just before we -- we stopped playing it, it
24] appears that you asked Mr. Montgomery, "Why would they tell
25] you to slow it down?"

---

Page 111

1]      And Mr. Montgomery responded, "That's because
2]  at that time I'm doing Snow stuff," end quote.
3]      What was the Snow stuff that Mr. Montgomery
4]  referred to in his response to you?
5]      MR. MASTERSON: Form.
6]      THE WITNESS: Taking the Fifth.
7]      MR. MASTERSON: Form.  Foundation.
8]      BY MR. YOUNG:
9]  Q.  And your response was an expletive.
10]     Why -- why was your response the way it was?
11] A.  Taking the Fifth.
12] Q.  Okay.  Did you make that recording using a cell
13] phone?
14] A.  Taking the Fifth.
15] Q.  It sounds like maybe you were ordering frozen
16] yogurt at the time.
17]     Were you out and about wandering --
18] A.  No.
19] Q.  -- with Mr. Montgomery?
20] A.  Taking the Fifth.
21] Q.  Okay.  Who else was in that discussion?  There was
22] some other voices there too.
23] A.  Taking the Fifth.
24] Q.  There's a reference in the recording that we just
25] heard to a trip to Los Angeles, perhaps involving Lockheed.

---

Page 112

1]  And there's some reference to cash in that discussion as
2]  well.
3]      What was that about?
4]  A.  Taking the Fifth.
5]  Q.  Okay.  Did Lockheed have any involvement in the
6]  work that you were doing with Mr. Montgomery?
7]  A.  Taking the Fifth.
8]  Q.  Okay.  Was there something in Los Angeles relating
9]  to the work that you were doing with Mr. Montgomery?
10] A.  Taking the Fifth.
11] Q.  Well, let's keep playing the tape.  Actually, we
12] may play the whole thing.  It's only 10 minutes or so long.
13] A.  Could a get a cup of coffee while you're doing
14] that?
15] Q.  Sure.
16]     THE VIDEOGRAPHER: Just going to go off
17] record?
18]     THE WITNESS: You can play it.  It's not like
19] I don't know what's on it.
20]     MR. YOUNG: Okay.  Go ahead.
21]     (Audio played.)
22]     BY MR. YOUNG:
23] Q.  All right.  We went up to about five minutes into
24] the recording, Mr. Zullo.
25]     That's -- that's you talking to

---

Page 113

1]  Mr. Montgomery; right?
2]  A.  Taking the Fifth.
3]  Q.  Okay.  And you told him that he should play it dumb
4]  when they get here and that you will talk to Joe on
5]  Wednesday.
6]      Joe is Sheriff Arpaio?
7]  A.  Taking the Fifth.
8]  Q.  Okay.  And then you said, "We got Klayman Monday."
9]      That's Larry Klayman; right?
10] A.  Taking the Fifth.
11] Q.  Did you tell Sheriff Arpaio after this conversation
12] with Mr. Montgomery that you had found out that
13] Sergeant Anglin had told Mr. Montgomery to stop looking into
14] Judge Snow, and you were going to talk to the sheriff and did
15] talk to the sheriff and convince him that Mr. Montgomery
16] should be allowed to continue?
17]     MR. MASTERSON: Form.
18]     THE WITNESS: Taking the Fifth.
19]     BY MR. YOUNG:
20] Q.  Did this discussion relate to the banking
21] information?
22] A.  Taking the Fifth.
23] Q.  All right.  We have another video -- audio, rather.
24] I keep saying video when I mean audio.
25]     (Exhibit 2980 marked for identification.)

---

---

Page 114

1] BY MR. YOUNG:
2] Q. This is Bates numbered ZULLO_004644. It is
3] Exhibit 2980. It's also about 10-and-a-half minutes long.
4] Maybe a little longer than that. And this one, I'll tell
5] you, appears to be a phone call, but let's -- let's start by
6] playing the beginning of it.
7] (Audio played.)
8] BY MR. YOUNG:
9] Q. Okay. Exhibit 2980 is a recording of a phone call
10] that you had with Mr. Montgomery; correct?
11] A. Taking the Fifth.
12] Q. Okay. You -- Mr. Montgomery tells you about
13] Sheridan saying not to do it.
14] What was it that you were talking about there?
15] A. Taking the Fifth.
16] Q. Is this a true and correct copy of a -- of a phone
17] call that you had -- a true and correct recording of a phone
18] call that you had with Mr. Montgomery?
19] MR. MASTERSON: Foundation.
20] THE WITNESS: Taking the Fifth.
21] BY MR. YOUNG:
22] Q. Okay. Did you record some of your phone calls with
23] Mr. Montgomery as well as some of your meetings?
24] A. Taking the Fifth.
25] Q. Yeah. Did -- did Mr. Montgomery know that you were

---

Page 115

1] recording some of his phone calls?
2] A. Taking the Fifth.
3] Q. All right.
4] MR. MASTERSON: Foundation.
5] BY MR. YOUNG:
6] Q. Well, did you tell Mr. Montgomery that you were
7] recording some of your phone calls with him?
8] A. Taking the Fifth.
9] Q. And, again, this recording also referred to, quote,
10] the L.A. thing, end quote.
11] What was that?
12] A. Taking the Fifth.
13] Q. Did you know of any diversion of funds that had
14] been intended for Mr. Montgomery to some other purpose?
15] MR. MASTERSON: Form.
16] THE WITNESS: Taking the Fifth.
17] BY MR. YOUNG:
18] Q. Did you receive any of the funds that were intended
19] for the Seattle investigation?
20] A. No.
21] Q. Okay. Do you know of anyone else who received
22] funds that were supposed to go to Mr. Montgomery that instead
23] went to someone else?
24] A. No. Taking the Fifth.
25] Q. Was part of what you were discussing with

---

Page 116

1] Mr. Montgomery something that Chief Sheridan indicated that
2] he wanted to happen but he didn't want the MCSO or the MCSO
3] brass to be involved in?
4] MR. MASTERSON: Form. Foundation.
5] THE WITNESS: Taking the Fifth.
6] I have a question. And I don't -- I don't
7] know if it's possible. I don't know -- I don't really
8] understand how all this stuff works.
9] If I were to describe for you the
10] circumstances of that recording -- not the recording itself
11] but the circumstances -- would that waive my privilege?
12] Because you're going off in a direction that it just
13] doesn't -- it doesn't run.
14] BY MR. YOUNG:
15] Q. You know, Mr. Zullo, I can't really advise you on
16] that issue. And you should not be looking to me for advice,
17] because I --
18] A. Well --
19] Q. -- represent --
20] A. -- there's, like, nine of you here, so I was
21] just -- I'm asking it --
22] Q. Well --
23] A. -- because --
24] Q. -- I -- I -- I can speak for myself and, I think,
25] Ms. Morin. And if you want to ask that to others who are

---

Page 117

1] here, you can -- you can do that if you want. I don't want
2] to spend too much time doing that, though, because I want to
3] get this deposition finished.
4] A. No more --
5] Q. But --
6] A. -- than I do.
7] Q. -- go ahead. Feel --
8] A. No, I can't take -- no, I just -- I need -- I
9] don't know -- have a way to clarify that, so...
10] MR. JIRAUCH: Mr. Zullo, I can tell you I'm
11] not a criminal lawyer. I have no experience.
12] THE WITNESS: Right.
13] MR. JIRAUCH: I can tell you a little bit
14] about traffic court, but that's about the extent of it. And
15] so I can't advise --
16] THE WITNESS: Right.
17] MR. JIRAUCH: -- you and wouldn't if I could.
18] I'm just not in a position to do that.
19] MR. KILLEBREW: We're not permitted to --
20] THE WITNESS: Oh --
21] MR. KILLEBREW: -- advise you.
22] THE WITNESS: -- I'm sure you're not. I
23] wasn't even looking at you guys.
24] All right. Let's just keep going.
25] How much longer do you think we have,

---

Page 118

1] counselor?
2] MR. YOUNG: We're -- we're not going to have
3] to do this very much longer.
4] THE WITNESS: Okay.
5] BY MR. YOUNG:
6] Q. I mean, I -- I should state this, Mr. Zullo: You
7] know, it would be my desire for you to have counsel in this.
8] I know the County has said that it does not want to provide
9] counsel or pay for counsel. I know Judge Snow told you last
10] week that if you wanted counsel in this, you -- you would
11] need to arrange for that yourself.
12] Frankly, our preference would be that you get
13] counsel who can give you advice on what questions to answer
14] and what questions not to answer. Our hope would be actually
15] to get answers to more of these questions than we've been
16] getting, but I understand your position. And, you know, we
17] just both have to keep doing what we're doing.
18] A. I appreciate that.
19] Q. Okay.
20] A. Thank you.
21] MR. JIRAUCH: I won't make a self-serving
22] statement like counsel has just done.
23] THE WITNESS: Oh, no. Let's not fight, guys.
24] Come on?
25] MR. JIRAUCH: Oh, it's no fight. Just

Page 119

1] observation.
2] (Exhibit 2981 marked for identification.)
3] BY MR. YOUNG:
4] Q. Okay. We next have an audio recording that's about
5] an hour and 20 minutes long, but we're certainly not going to
6] play the whole thing. But we'll play the beginning of it and
7] then a couple minutes further in. It is Exhibit 2981, and it
8] bears a Bates number ZULLO_004656.
9] MR. JIRAUCH: I'm sorry. I thought the last
10] one was 2981. Did I miss one somewhere? Oops.
11] MR. YOUNG: Yeah. I think 2- -- 2981 is
12] ZULLO-4656. 2980 is ZULLO-4644.
13] MR. JIRAUCH: Okay. Thank you.
14] So what was ZULLO-4643?
15] MR. YOUNG: That was --
16] MR. JIRAUCH: Ah --
17] MR. YOUNG: -- 2- --
18] MR. JIRAUCH: -- 79.
19] MR. YOUNG: Yeah, that was 2979.
20] MR. JIRAUCH: Ah. I never was good at
21] arithmetic or counting.
22] MR. YOUNG: Okay. Are we all straight now?
23] MR. JIRAUCH: Yep.
24] MR. YOUNG: Okay.
25] MR. JIRAUCH: Thank you.

Page 120

1] MR. YOUNG: So let's play the first part of
2] Exhibit 2981, which is ZULLO-4656.
3] (Audio played.)
4] BY MR. YOUNG:
5] Q. Okay. Mr. Zullo, Exhibit 2981 is a recording of a
6] discussion among you, Mr. Montgomery, and
7] Detective Mackiewicz taken in Mr. Montgomery's office or
8] garage while he was showing you some things on his computers;
9] is that correct?
10] A. Taking the Fifth, sir.
11] Q. Okay. Did you make that recording?
12] A. Taking the Fifth, sir.
13] Q. Is that recording a true and accurate recording of
14] that discussion?
15] MR. MASTERSON: Foundation.
16] THE WITNESS: Taking the Fifth, sir.
17] BY MR. YOUNG:
18] Q. I'm going to ask you now to listen to a portion
19] that starts about eight minutes and 50 seconds into the
20] recording.
21] (Audio played.)
22] BY MR. YOUNG:
23] Q. Mr. Zullo, you asked Mr. Montgomery a question
24] about what could you do if you wanted to destroy the life of
25] someone -- someone with the information that Mr. Montgomery

Page 121

1] had.
2] Did you have anyone in particular in mind --
3] A. Oh, God.
4] Q. -- when you asked that question?
5] A. Not -- I'm taking the Fifth.
6] Q. Well, the same question about your question to
7] Mr. Montgomery about financially destroying someone.
8] Did you have anyone in particular in mind when
9] you asked that question?
10] A. Taking the Fifth.
11] Mr. Young, that recording should scare the
12] hell out of you, because it scared the hell out of me.
13] Q. And what was it that scared the hell --
14] A. I'm not going to --
15] Q. -- out of you?
16] A. You're a smart guy. People with that capability.
17] You're -- you're a smart guy.
18] Q. Well, you thought that you might be able to employ
19] that capability against Judge Snow; correct?
20] MR. MASTERSON: Form. Foundation.
21] THE WITNESS: I'm taking the Fifth.
22] BY MR. YOUNG:
23] Q. Well, I'm going to play you a portion starting at
24] about 56 minutes and 30 seconds and ask you some questions
25] about that.

Page 122

1] (Audio played.)
2] BY MR. YOUNG:
3] Q. All right. In that recording -- or that portion of
4] that recording, Exhibit 2981, Mr. Montgomery and you and
5] Detective Mackiewicz are having some discussion about what
6] information you would like to have. And you said that the
7] details on Arpaio's phone would be interesting, and
8] Detective Mackiewicz then said, "Monitor's, Arpaio's,
9] whatever."
10] (Cell phone.)
11] MR. MASTERSON: It's the CIA calling.
12] MR. JIRAUCH: I'm going to let the judge know.
13] BY MR. YOUNG:
14] Q. Did you discuss with Detective Mackiewicz and
15] Mr. Montgomery collecting information about the monitors in
16] this case?
17] A. Taking the Fifth.
18] Q. Okay. Well, as I listen to that, it's -- it
19] sounds, Mr. Zullo, to me that you were interested in getting
20] information from Mr. Montgomery that would implicate
21] somebody, perhaps the federal government or federal
22] officials, in some wrongful act which could then be used on
23] behalf of the sheriff; is that right?
24] MR. MASTERSON: Form.
25] THE WITNESS: Taking the Fifth.

Page 123

1] BY MR. YOUNG:
2] Q. Yeah. All right. Now, we've looked at -- or,
3] actually, we've listened to five different audio recordings.
4] Oh, by the way -- no. Strike that.
5] We've listened to five different audio
6] recordings, Exhibits 2977, 2978, 2979, 2980, and 2981. Those
7] are all authentic copies of recordings that you made of
8] discussions that you had; correct?
9] MR. MASTERSON: Form. Foundation.
10] THE WITNESS: Taking the Fifth.
11] BY MR. YOUNG:
12] Q. Okay. You also made some video recordings of you
13] and Detective Mackiewicz and Mr. Montgomery in his garage or
14] home office; correct?
15] A. Taking the Fifth.
16] Q. Okay. Did you ever discuss with Sheriff Arpaio or
17] Chief Sheridan working with Mr. Montgomery to get information
18] about the court monitors?
19] MR. MASTERSON: Form.
20] THE WITNESS: Taking the Fifth.
21] MR. YOUNG: All right. Mr. Zullo, I think
22] we're going to take a break here, both for personal comfort
23] and also to see whether I have any further questions.
24] THE WITNESS: Sure.
25] MR. YOUNG: So why don't we go off the record

Page 124

1] for 10 minutes or so.
2] THE VIDEOGRAPHER: The time is 12:30 p.m.
3] We're now going off record ending media 3.
4] (Recess from 12:30 p.m. to 12:44 p.m.)
5] THE VIDEOGRAPHER: The time is 12:44 p.m.
6] We're now back on record beginning media 4.
7] BY MR. YOUNG:
8] Q. Mr. Zullo, you took some pictures relating to the
9] various meetings you had with Mr. Montgomery as well;
10] correct?
11] A. I'm taking the Fifth, sir.
12] (Exhibit 2982 marked for identification.)
13] BY MR. YOUNG:
14] Q. Now, Sheriff Arpaio has testified that he did meet
15] with Dennis Montgomery one time at a hotel in the Phoenix
16] area.
17] Exhibit 2982 is a true and correct copy of a
18] photograph that you took of that meeting; is that right?
19] A. I'm taking the Fifth, sir.
20] Q. That is Dennis Montgomery in that photo; right?
21] A. I'm taking the Fifth, sir.
22] Q. And he's there talking to Sheriff Arpaio; correct?
23] A. Taking the Fifth, sir.
24] MR. YOUNG: So at this time, Mr. Zullo, I
25] don't have any further questions for you. I'm sure I would

Page 125

1] if you were able to testify in response to some of the ones I
2] asked earlier, but I certainly reserve the right to ask you
3] to come back. I will tell you that you did answer a couple
4] questions during the course of the deposition, and I -- I
5] recognize that you're representing yourself.
6] I'm going to look at this transcript after
7] we're done here and see whether there's grounds for me to
8] have you come back and answer further questions. I don't
9] know that that's the case, but I do want to let you know that
10] in case I look at it and decide I want to ask you something
11] else.
12] And I -- I also reserve the right to ask you
13] follow-ups based on any further questions that you may be
14] asked today, but thank you for your time.
15] THE WITNESS: Thank you, sir.
16] MR. MASTERSON: Is this photograph
17] Exhibit 2982?
18] THE COURT REPORTER: Yes.
19] MR. MASTERSON: Thank you.
20] MS. JOHNSTON: I'm Maureen Johnston
21] representing the Department of Justice.
22]
23] E X A M I N A T I O N
24] BY MS. JOHNSTON:
25] Q. Mr. Zullo, my name is Maureen Johnston, and I work

Page 126

1] for the Civil Rights Division at the Department of Justice
2] with Mr. Killebrew. And in this litigation, I'm representing
3] the United States of America as the plaintiff intervenor.
4] Now, I know that you have expressed some
5] concern about testifying here today, and I hope that you will
6] be pleased to hear that I'm not going to be asking you any
7] questions about the Dennis Montgomery investigation. I
8] actually want to focus my questions with you today on
9] understanding how it is that you came to be in the Cold Case
10] Posse and also how it is that you came to be sitting here
11] today answering the questions for us without an attorney
12] present.
13] So if we could start with the Cold Case Posse.
14] Just generally, what is the Cold Case Posse?
15] A. Ma'am, I'm not sure if my answering your questions
16] invalidates my Fifth Amendment assertion that I just took. I
17] don't -- I don't know if I could answer any questions.
18] Q. And I can't advise you about that.
19] A. I --
20] Q. I --
21] A. -- apologize. Then I'm going to just error on the
22] side of caution.
23] Q. Okay. I understand.
24] A. Uh-huh.
25] Q. I'm going to continue to ask --

Page 127

1] A. Sure.
2] Q. -- the questions, as Mr. Young did. And if you
3] feel like you can't answer them, then you can make that
4] decision at that time. Thank you.
5] What is -- when was the first time that you
6] met Sheriff Arpaio?
7] A. Taking the Fifth, ma'am.
8] Q. And what was Sheriff Arpaio's role in creating the
9] Cold Case Posse?
10] A. I take the Fifth, ma'am.
11] Q. And you've known Sheriff Arpaio since at least that
12] time, if not before?
13] A. Take the Fifth, ma'am.
14] Q. How many cases have you worked on in your capacity
15] in the Cold Case Posse?
16] A. Take the Fifth, ma'am.
17] Q. Okay. Can you help me understand the difference
18] between the Cold Case Posse and the Volunteer Posse?
19] A. I take the Fifth, ma'am.
20] Q. Is the membership different?
21] A. Take the Fifth, ma'am.
22] Q. Is the funding different?
23] A. Take the Fifth, ma'am.
24] Q. When you became part of the Cold Case Posse, did
25] you swear any sort of oath?

Page 128

1] A. Take the Fifth, ma'am.
2] Q. Did you make any promises to the sheriff in terms
3] of the types of work that you would be doing?
4] A. Take the Fifth, ma'am.
5] Q. Did you promise to keep the sheriff informed about
6] the kind of work that you would be doing?
7] A. Take the Fifth, ma'am.
8] Q. What was your chain of command in the Cold Case
9] Posse?
10] A. Take the Fifth, ma'am.
11] Q. Did you earn money in your capacity as a Cold Case
12] Posse?
13] A. Take the Fifth, ma'am.
14] Q. How did you make a living while you were serving as
15] commander of the Cold Case Posse?
16] A. Take the Fifth, ma'am.
17] Q. I also want to understand a little bit better your
18] relationship with the sheriff. I understand that you have
19] quite a close relationship with him; is that right?
20] MR. MASTERSON: Form.
21] THE WITNESS: Take the Fifth, ma'am.
22] BY MS. JOHNSTON:
23] Q. How often do you talk to the sheriff?
24] A. Take the Fifth, ma'am.
25] Q. Are you still talking to the sheriff about this

Page 129

1] case?
2] A. Take the Fifth, ma'am.
3] MR. MASTERSON: Form.
4] BY MS. JOHNSTON:
5] Q. Did you talk to the sheriff about invoking the
6] Fifth in the deposition here today?
7] A. Take the Fifth, ma'am.
8] Q. You have a lot of loyalty to the sheriff; right?
9] MR. MASTERSON: Form.
10] THE WITNESS: Take the Fifth, ma'am.
11] BY MS. JOHNSTON:
12] Q. I want to show you an e-mail. It's -- the Bates
13] mark is ZULLO_003874.
14] (Exhibit 2983 marked for identification.)
15] BY MS. JOHNSTON:
16] Q. So, Mr. Zullo, what you're looking at is
17] Exhibit 2983, and it's an e-mail that you sent to
18] Detective Mackiewicz on October 28th, 2014.
19] Do you recognize this e-mail?
20] A. I'm going to take the Fifth, ma'am.
21] Q. Is that your e-mail address, 1tick@earthlink.net?
22] A. I'm going to take the Fifth, ma'am.
23] Q. So in this e-mail, at the bottom of the -- of the
24] e-mail, there's a forwarded message from David Webb, who's
25] Dennis Montgomery. And I'm not -- I'm not going to ask you

Page 130

1] about Dennis Montgomery and your interaction with him.
2]   I'm -- I'm mostly concerned with the language
3] that Detective -- or Detective Mackiewicz at the top wrote to
4] you, and I quote, "I will personally burn down his house.  No
5] one threatens u, me, or the boss."
6]   Do you recognize this e-mail?
7] A.  I'm going to take the Fifth, ma'am.
8] Q.  And you responded, quote, "I know."
9] A.  I'm going to take the Fifth, ma'am.
10] Q.  When Detective Mackiewicz wrote, "No one threatens
11] u, me, or the boss," did you understand him to be referring
12] to Sheriff Arpaio?
13]   MR. MASTERSON: Foundation.
14]   THE WITNESS: Take the Fifth, ma'am.
15]   BY MS. JOHNSTON:
16] Q.  Now, Mr. Zullo, I understand that a couple of days
17] prior to the first deposition you were informed that you were
18] not going to be represented by Jones Skelton; is that
19] correct?
20] A.  Take the Fifth, ma'am.
21] Q.  And you said that it came to you as a surprise.
22]   Can you tell me a little bit more about what
23] happened?  How did they inform you that you were not going to
24] be represented by counsel?
25]   MR. MASTERSON: You're -- you're asking a

Page 131

1] question.  Now, this -- this gets into the interesting area
2] of the attorney-client privilege in that we represent the
3] sheriff, and the sheriff holds the privilege.  But with
4] respect to this witness, when we speak to this witness, it's
5] privileged.  Even though we don't specifically represent him
6] civilly or criminally, we represent -- it's a communication
7] with an employee -- well, a volunteer employee of the MCSO.
8] So his communications with us are protected.
9]   MS. JOHNSTON: What I'm asking are the
10] communications in which he was informed that he was not being
11] personally represented.
12]   MR. MASTERSON: Well, but it's still a
13] communication by counsel.
14]   MS. JOHNSTON: Are you -- are you directing
15] him to not answer that question?
16]   MR. MASTERSON: Yes.
17]   MS. JOHNSTON: Okay.
18]   MR. YOUNG: Actually, will Mr. Zullo follow
19] that instruction?
20]   THE WITNESS: I am going to take the Fifth.
21]   MS. JOHNSTON: Okay.  I have no more
22] questions.
23]   MR. JIRAUCH: The County has none at this
24] point.  We'll have to look at the transcript to decide --
25]   MR. MASTERSON: No questions.

Page 132

1]   MR. JIRAUCH: -- whether we have some later.
2]   MR. YOUNG: All right.  Well, Mr. Zullo, just
3] so that you know, we have a call in -- or I have a -- I have
4] sent an e-mail to the Court asking whether Judge Snow has
5] some availability this afternoon.  He indicated to us last
6] week that he might so that we can discuss your situation.
7]   At this point I think that we will want you to
8] continue to reserve tomorrow afternoon --
9]   THE WITNESS: Uh-huh.
10]   MR. YOUNG: -- for possible -- possibly coming
11] into the court.  If we reach a -- a -- a resolution among the
12] parties and with the Court that would change that, we'll
13] certainly let you know.  And so we'll e-mail you -- we have
14] your e-mail address -- with whatever it is we find out.
15]   THE WITNESS: All right.  Thank you.
16]   MR. YOUNG: Oh, yeah.  And, actually, not just
17] tomorrow, but Thursday and Friday, depending on how the
18] witnesses go tomorrow.  And we'll do our best -- I'm sure
19] everybody here will do their best to inform you as to when we
20] might want you to appear.
21]   THE WITNESS: In regards to tomorrow, what is
22] it?  1:00 o'clock?  Is that -- I don't remember what it was.
23]   MR. YOUNG: I think it would be 1:00 o'clock.
24]   THE WITNESS: Okay.
25]   MR. YOUNG: There is another witness who will

Page 133

1] come before you regardless of what happens with you, and I
2] believe he will take the whole morning.
3]         Mr. Masterson, does that sound right?
4]   MR. MASTERSON:  I suspect that is correct.
5]   MR. YOUNG:  Yes.
6]   THE WITNESS:  Okay.  Thank you.
7]   MR. YOUNG:  Okay.  Thank you very much.
8]   THE WITNESS:  Thank you.
9]   MR. JIRAUCH:  Yeah.
10]         THE VIDEOGRAPHER:  The time is 12:55 p.m.
11] This concludes the deposition with media 4.
12]         (Deposition concluded at 12:55 p.m.)
13]
14]                          _____
15]                          (Signature Waived)
16]
17]
18]
19]
20]
21]
22]
23]
24]
25]



Page 134

1] STATE OF ARIZONA      )
                         )      ss.
2] COUNTY OF MARICOPA    )

3]          BE IT KNOWN that the foregoing proceedings were
   taken before me; that the witness before testifying was duly
4] sworn by me to testify to the whole truth; that the foregoing
   pages are a full, true, and accurate record of the
5] proceedings, all done to the best of my skill and ability;
   that the proceedings were taken down by me in shorthand and
6] thereafter reduced to print under my direction.
            I CERTIFY that I am in no way related to any of the
7] parties hereto, nor am I in any way interested in the outcome
   hereof.

8]

9]          [ ] Review and signature was requested.

10]         [X] Review and signature was waived.

11]         [ ] Review and signature not required.

12]

13]         I CERTIFY that I have complied with the ethical
   obligations set forth in ACJA 7-206(F)(3) and ACJA 7-206
14] J(1)(g)(1) and (2).
            Dated at Phoenix, Arizona, this 9th day of
15] November, 2015.

16]                     _____

17]                     CATHY J. TAYLOR, RPR
                           Certified Reporter
18]                      Certificate No. 50111

19]         *       *       *       *       *

20]         I CERTIFY that GRIFFIN & ASSOCIATES, LLC, has

21] complied with the ethical obligations set forth in ACJA

22] 7-206(J)(1)(g)(1) through (6).

23]                     _____

24]                     GRIFFIN & ASSOCIATES, LLC
                         Registered Reporting Firm
25]                      Arizona RRF No. R1005

# EXHIBIT 30

APPEAL,CLASSACT,PROTO,REOPENED,STD

## U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2−07−cv−02513−GMS

Melendres, et al. v. Arpaio, et al
Assigned to: Judge G Murray Snow
Case in other court:  Ninth Circuit, 08−17270
                           Ninth Circuit, 12−15098
                           Ninth Circuit, 13−16285
                           Ninth Circuit, 13−17238
                           Ninth Circuit, 15−15996
                           Ninth Circuit, 15−16440
                           Ninth Circuit, 15−16626
                           Ninth Circuit, 15−17269
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 12/12/2007
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Manuel de Jesus Ortega Melendres**
*on behalf of himself and all others*
*similarly situated*

represented by **David Jeremy Bodney**
Steptoe & Johnson LLP − Phoenix, AZ
Collier Cemter
201 E Washington St., Ste. 1600
Phoenix, AZ 85004−2382
602−257−5200
Fax: 602−257−5299
Email: bodneyd@ballardspahr.com
*TERMINATED: 06/17/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Duff Lyall**
ACLU − Phoenix, AZ
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
602−650−1854
Fax: 602−650−1376
Email: jlyall@acluaz.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jorge Martin Castillo**
MALDEF − Los Angeles, CA
634 S Spring St., 11th Fl.
Los Angeles, CA 90014
213−629−2512
Fax: 213−629−0266
Email: jcastillo@maldef.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julie A Pace**
Ballard Spahr Andrews & Ingersoll LLP
3300 N Central Ave
Ste 1800
Phoenix, AZ 85012
602−798−5477
Fax: 602−798−5595
Email: pacej@ballardspahr.com
*TERMINATED: 05/02/2008*
*LEAD ATTORNEY*

**Kelly Joyce Flood**
ACLU − Phoenix, AZ
P.O. 17148
Phoenix, AZ 85011
602−650−1854
Fax: 602−650−1376
Email: kflood@acluaz.org
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Nancy Anne Ramirez**
MALDEF − Los Angeles, CA
634 S Spring St., 11th Fl.
Los Angeles, CA 90014
213−629−2512
Fax: 213−629−0266
Email: nramirez@maldef.org
*TERMINATED: 06/26/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
Steptoe & Johnson LLP
Collier Ctr
201 E Washington St
Ste 1600
Phoenix, AZ 85004−2382
602−257−5200
Fax: 602−257−5299
Email: pkozinets@steptoe.com
*TERMINATED: 06/17/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron James Lockwood**
Steptoe & Johnson LLP
Collier Ctr
201 E Washington St
Ste 1600
Phoenix, AZ 85004−2382
602−257−5200
Fax: 602−257−5299
Email: alockwood@steptoe.com
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
ACLU − New York, NY
125 Broad St., 18th Fl.
New York, NY 10004
212−549−2676
Email: asegura@aclu.org
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
Covington & Burling LLP
333 Twin Dolphin Dr
Ste 700
Redwood Shores, CA 94065
650−632−4700
Fax: 650−632−4801
Email: abyrnes@cov.com
*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
University of California Irvine School of Law
Immigrants Rights Clinic
401 E Peltrason Dr., Ste. 3500
Irvine, CA 92697
949−824−9894
Fax: 949−824−0066
Email: alai@law.uci.edu
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
Covington & Burling LLP
333 Twin Dolphin Dr., Ste. 700
Redwood Shores, CA 94065
650−632−4700
Fax: 650−632−4800
Email: bsadasivan@cov.com
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
ACLU − San Francisco, CA
Immigrants Rights Project
39 Drumm St.
San Francisco, CA 94111
415−343−0781
Fax: 415−395−0950
Email: ccincotta@aclu.org
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
ACLU − San Francisco, CA
Immigrants Rights Project
39 Drumm St.
San Francisco, CA 94111
415−343−0775
Fax: 415−395−0950
Email: cwang@aclu.org
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Pochoda**
ACLU − Phoenix, AZ
P.O. Box 17148
Phoenix, AZ 85011
602−650−1854
Fax: 602−650−1376
Email: dpochoda@acluaz.org
*ATTORNEY TO BE NOTICED*

**David Hults**
Covington & Burling LLP − San Francisco, CA
1 Front St.
San Francisco, CA 94111
415−591−6000
Fax: 415−591−6091
Email: dhults@cov.com
*TERMINATED: 07/07/2014*

**Gladys Limon**
MALDEF
634 S Spring St
11th Floor
Los Angeles, CA 90014

213−629−2512
Fax: 213−629−0266
Email: glimon@maldef.org
*TERMINATED: 02/04/2011*

**Isaac Pasaret Hernandez**
Hernandez Law Firm PLC
10640 N 28th Dr., Ste. B202
Phoenix, AZ 85029
602−753−2933
Fax: 855−592−5876
Email: isaacphdez@gmail.com
*TERMINATED: 09/17/2009*

**James B Chanin**
Law Offices of James B Chanin
3050 Shattuck Ave.
Berkeley, CA 94705
510−848−4752
Fax: 510−848−5819
Email: jbcofc@aol.com
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
ACLU − Phoenix, AZ
P.O. Box 17148
Phoenix, AZ 85011
602−650−1854
Fax: 602−650−1376
Email: jbendor@acluaz.org
*TERMINATED: 08/24/2015*
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
Maricopa County Attorneys Office
222 N Central Ave., Ste. 1100
Phoenix, AZ 85004
602−506−8541
Email: hartmank@mcao.maricopa.gov
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
Covington & Burling LLP
1 Front St

San Francisco, CA 94111
415−591−6000
Fax: 415−591−6091
Email: khickey@cov.com
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
MALDEF
634 S Spring St
11th Floor
Los Angeles, CA 90014
213−629−2512
Fax: 213−629−0266
Email: kcampbell@maldef.org
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Pedley**

Covington & Burling LLP − San
Francisco, CA
1 Front St., Ste. 35
San Francisco, CA 94111
415−591−6000
Fax: 415−591−6091
Email: lpedley@cov.com
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
Covington & Burling LLP
9191 Towne Centre Dr., 6th Fl.
San Diego, CA 92122
858−678−1807
Fax: 858−678−1600
Email: lgallagher@cov.com
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Louis R Moffa , Jr**
Ballard Spahr Andrews & Ingersoll LLC
Plaza 1000 Ste 500
Main St
Voorhees, NJ 08043−4636
856−761−3493
Fax: 856−761−1020
Email: moffal@ballardspahr.com
*TERMINATED: 05/02/2008*

**Matthew James Steilen ,**
Covington & Burling LLP
1 Front St

San Francisco, CA 94111
415−591−7012
Fax: 415−955−6512
Email: msteilen@cov.com
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Michelle L Morin**
Covington & Burling LLP − Redwood
Shores, CA
333 Twin Dolphin Dr., Ste. 700
Redwood Shores, CA 94065
650−632−4726
Fax: 650−632−4800
Email: mmorin@cov.com
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
ACLU − San Francisco, CA
Immigrants Rights Project
39 Drumm St.
San Francisco, CA 94111
415−343−0778
Fax: 415−395−0950
Email: mramirez@aclu.org
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
Covington & Burling LLP − San
Francisco, CA
1 Front St., Ste. 35

San Francisco, CA 94111
415−591−6000
Fax: 415−591−6091
Email: rjacobs@cov.com
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
ACLU − San Francisco, CA
Immigrants Rights Project
39 Drumm St.
San Francisco, CA 94111
415−343−0776
Fax: 415−395−0950
Email: rgoldfaden@aclu.org
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Stanley Young**
Covington & Burling LLP
333 Twin Dolphin Dr
Ste 700
Redwood Shores, CA 94065
650−632−4704
Fax: 650−632−4804
Email: syoung@cov.com
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
Covington & Burling LLP
1 Front St
35th Floor
San Francisco, CA 94111
415−591−7077
Fax: 415−955−6577
Email: schien@cov.com
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

**Tammy Albarran**
Covington & Burling LLP
1 Front St
35th Floor
San Francisco, CA 94111
415−591−7066
Fax: 415−591−6000
Email: talbarran@cov.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Jessica Quitugua Rodriguez** | represented by | **James Duff Lyall** |
| *on behalf of themselves and all others* | | (See above for address) |
| *similarly situated* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Jorge Martin Castillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joyce Flood**
(See above for address)
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Aaron James Lockwood**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
(See above for address)
*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
(See above for address)
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
(See above for address)
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jeremy Bodney**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**David Hults**
(See above for address)
*TERMINATED: 07/07/2014*

**Gladys Limon**
(See above for address)
*TERMINATED: 02/04/2011*

**Hyun Sik Byun**
Covington & Burling LLP
333 Twin Dolphin Dr., Ste. 700
Redwood Shores, CA 94065
650−632−4707
Fax: 650−632−4807
Email: hbyun@cov.com
*ATTORNEY TO BE NOTICED*

**Isaac Pasaret Hernandez**
(See above for address)
*TERMINATED: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**James B Chanin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
(See above for address)
*TERMINATED: 08/24/2015*

*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Pedley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
(See above for address)
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Matthew James Steilen ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Michelle L Morin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priscilla G Dodson**
Covington & Burling LLP − Washington,
DC
1201 Pennsylvania Ave. NW
Washington, DC 20044−7566
202−662−5996
Fax: 202−778−5996
Email: pdodson@cov.com
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stanley Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
(See above for address)
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

**Tammy Albarran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Pochoda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
(See above for address)
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
(See above for address)
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
(See above for address)
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Nancy Anne Ramirez**
(See above for address)
*TERMINATED: 06/26/2014*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
(See above for address)
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Rodriguez**
*on behalf of themselves and all others*
*similarly situated*

represented by **James Duff Lyall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jorge Martin Castillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joyce Flood**
(See above for address)
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Aaron James Lockwood**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
(See above for address)
*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
(See above for address)
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
(See above for address)
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
(See above for address)

**Daniel Joseph Pochoda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jeremy Bodney**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**David Hults**
(See above for address)
*TERMINATED: 07/07/2014*

**Gladys Limon**
(See above for address)
*TERMINATED: 02/04/2011*

**Hyun Sik Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac Pasaret Hernandez**
(See above for address)
*TERMINATED: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**James B Chanin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
(See above for address)
*TERMINATED: 08/24/2015*
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
(See above for address)
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
(See above for address)
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Pedley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
(See above for address)
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Matthew James Steilen ,**
(See above for address)
*TERMINATED: 12/01/2011*

*ATTORNEY TO BE NOTICED*

**Michelle L Morin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
(See above for address)
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Nancy Anne Ramirez**
(See above for address)
*TERMINATED: 06/26/2014*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Priscilla G Dodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
(See above for address)
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Stanley Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
(See above for address)
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

**Tammy Albarran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Velia Meraz**
*on behalf of themselves and all others
similarly situated*

represented by **James Duff Lyall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jorge Martin Castillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joyce Flood**
(See above for address)
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Aaron James Lockwood**

(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
(See above for address)
*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
(See above for address)
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
(See above for address)
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Pochoda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jeremy Bodney**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**David Hults**
(See above for address)
*TERMINATED: 07/07/2014*

**Gladys Limon**
(See above for address)
*TERMINATED: 02/04/2011*

**Hyun Sik Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac Pasaret Hernandez**
(See above for address)
*TERMINATED: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**James B Chanin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
(See above for address)
*TERMINATED: 08/24/2015*
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
(See above for address)
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
(See above for address)
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
(See above for address)
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Matthew James Steilen ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Michelle L Morin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
(See above for address)
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Nancy Anne Ramirez**
(See above for address)
*TERMINATED: 06/26/2014*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Priscilla G Dodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
(See above for address)
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Stanley Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
(See above for address)
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

Tammy Albarran
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Manuel Nieto, Jr.**
*on behalf of themselves and all others
similarly situated*

represented by **James Duff Lyall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jorge Martin Castillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joyce Flood**
(See above for address)
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Aaron James Lockwood**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
(See above for address)
*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
(See above for address)
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
(See above for address)
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Pochoda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jeremy Bodney**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**David Hults**
(See above for address)
*TERMINATED: 07/07/2014*

**Gladys Limon**
(See above for address)
*TERMINATED: 02/04/2011*

**Hyun Sik Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac Pasaret Hernandez**
(See above for address)
*TERMINATED: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**James B Chanin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
(See above for address)
*TERMINATED: 08/24/2015*
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
(See above for address)
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
(See above for address)
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Pedley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
(See above for address)
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Matthew James Steilen ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Michelle L Morin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
(See above for address)
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Nancy Anne Ramirez**
(See above for address)
*TERMINATED: 06/26/2014*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Priscilla G Dodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
(See above for address)
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Stanley Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
(See above for address)
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

**Tammy Albarran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Somos America**                    represented by  **James Duff Lyall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jorge Martin Castillo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joyce Flood**
(See above for address)
*TERMINATED: 01/21/2014*
*LEAD ATTORNEY*

**Michelle L Morin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron James Lockwood**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Andre Segura**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Carl Byrnes ,**
(See above for address)

*TERMINATED: 08/08/2013*
*ATTORNEY TO BE NOTICED*

**Anne Lai**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bhanu K Sadasivan**
(See above for address)
*TERMINATED: 02/01/2012*

**Caroline Cincotta**
(See above for address)
*TERMINATED: 07/30/2009*
*ATTORNEY TO BE NOTICED*

**Cecillia D Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Pochoda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jeremy Bodney**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**David Hults**
(See above for address)
*TERMINATED: 07/07/2014*

**Gladys Limon**
(See above for address)
*TERMINATED: 02/04/2011*

**Hyun Sik Byun**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac Pasaret Hernandez**
(See above for address)
*TERMINATED: 09/17/2009*
*ATTORNEY TO BE NOTICED*

**James B Chanin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua David R Bendor**
(See above for address)
*TERMINATED: 08/24/2015*
*ATTORNEY TO BE NOTICED*

**Karen J Hartman−Tellez**
(See above for address)
*TERMINATED: 07/31/2009*
*ATTORNEY TO BE NOTICED*

**Kevin Joseph Hickey ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Kristina Michelle Campbell**
(See above for address)
*TERMINATED: 08/12/2009*
*ATTORNEY TO BE NOTICED*

**Lauren Elizabeth Pedley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lesli Rawles Gallagher**
(See above for address)
*TERMINATED: 06/27/2014*
*ATTORNEY TO BE NOTICED*

**Matthew James Steilen ,**
(See above for address)
*TERMINATED: 12/01/2011*
*ATTORNEY TO BE NOTICED*

**Monica M Ramirez**
(See above for address)
*TERMINATED: 07/08/2009*
*ATTORNEY TO BE NOTICED*

**Nancy Anne Ramirez**
(See above for address)
*TERMINATED: 06/26/2014*
*ATTORNEY TO BE NOTICED*

**Peter Shawn Kozinets**
(See above for address)
*TERMINATED: 06/17/2010*
*ATTORNEY TO BE NOTICED*

**Priscilla G Dodson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca A Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Lisa Goldfaden**
(See above for address)
*TERMINATED: 12/12/2011*
*ATTORNEY TO BE NOTICED*

**Stanley Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen C Chien ,**
(See above for address)
*TERMINATED: 05/25/2011*
*ATTORNEY TO BE NOTICED*

**Tammy Albarran**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**United States of America**                    represented by

**Lynnette C Kimmins**
US Attorney's Office
405 W Congress St
Ste 4800
Tucson, AZ 85701−5040
520−620−7300
Fax: 520−620−7169
Email: lynnette.kimmins@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosaleen Tobin OGara**
US Attorneys Office − Tucson, AZ
405 W Congress St., Ste. 4800
Tucson, AZ 85701−4050
520−620−7452
Fax: 520−620−7322
Email: rosaleen.o'gara@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Winsome Gayle**
US Dept of Justice − Civil Rights
(Pennsylvania Ave.)
950 Pennsylvania Ave. NW, Rm. 4037
Washington, DC 20530−0001
202−514−6255
Fax: 202−514−6903
Email: Winsome.Gayle@usdoj.gov
*TERMINATED: 09/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amin Aminfar**
US Dept of Justice
950 Pennsylvania Ave NW
PHB SPL 5427A
Washington, DC 20530
202−307−0652
Fax: 202−514−6903
Email: amin.aminfar@usdoj.gov
*TERMINATED: 04/02/2012*
*ATTORNEY TO BE NOTICED*

**Cynthia Coe**
US Dept of Justice − Civil Rights Division
601 D St. NW, Ste. 5011
Washington, DC 20004
202−353−1121
Email: cynthia.coe@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Edward G Caspar**
US Dept of Justice − Civil Rights
(Pennsylvania Ave.)
950 Pennsylvania Ave. 5th Fl.
Washington, DC 20530−0001
202−514−2000
Fax: 202−514−6273
Email: edward.g.caspar@usdoj.gov
*TERMINATED: 11/09/2015*

**Maureen Johnston**
US Dept of Justice − Office of Civil Rights
600 D St. NW

Washington, DC 20004
202−353−1146
Fax: 202−598−1976
Email: maureen.johnston@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul Killebrew**
US Dept of Justice − Civil Rights
950 Pennsylvania Ave., 5th Fl.
Washington, DC 20530
202−305−3239
Email: paul.killebrew@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Puneet Cheema**
US Dept of Justice − Civil Rights
(Pennsylvania Ave.)
950 Pennsylvania Ave. 5th Fl.
Washington, DC 20530−0001
202−353−7725
Fax: 202−616−4950
Email: Puneet.Cheema2@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Maricopa, County of**                  represented by  **Charles W Jirauch**
Walker & Peskind PLLC
16100 N 71st St., Ste. 140
Scottsdale, AZ 85254
480−483−6336
Fax: 480−483−6337
Email: cwj@azlawpartner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard K Walker**
Walker & Peskind PLLC
SGA Corporate Center
16100 N 71st St., Ste. 140
Scottsdale, AZ 85254
480−483−6336
Fax: 480−483−6337
Email: rkw@azlawpartner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charitie L Hartsig**
Ryley Carlock & Applewhite PA
1 N Central Ave., Ste. 1200
Phoenix, AZ 85004−4417
602−440−4898
Fax: 602−257−9582
*TERMINATED: 08/12/2015*
*ATTORNEY TO BE NOTICED*

**David A Selden**
Cavanagh Law Firm PA
The Viad Tower
1850 N Central Ave
Ste 2400
Phoenix, AZ 85004
602−322−4009

Fax: 602−322−4101
Email: dselden@cavanaghlaw.com
*ATTORNEY TO BE NOTICED*

**Eileen Dennis GilBride**
Jones Skelton & Hochuli PLC
2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−1700
Fax: 602−200−7827
Email: egilbride@jshfirm.com
*ATTORNEY TO BE NOTICED*

**John Michael Fry**
Ryley Carlock & Applewhite PA
1 N Central Ave., Ste. 1200
Phoenix, AZ 85004−4417
602−258−7701
Fax: 602−257−9582
Email: jfry@rcalaw.com
*ATTORNEY TO BE NOTICED*

**Julie A Pace**
The Cavanagh Law Firm PA
The Viad Tower
1850 N Central Ave
Ste 2400
Phoenix, AZ 85004
602−322−4046
Fax: 602−322−4101
Email: jpace@cavanaghlaw.com
*ATTORNEY TO BE NOTICED*

**Michael D Moberly**
Ryley Carlock & Applewhite PA
1 N Central Ave
Ste 1200
Phoenix, AZ 85004−4417
602−258−7701
Fax: 602−257−9582
Email: mmoberly@rcalaw.com
*ATTORNEY TO BE NOTICED*

**Thomas George Stack**
Ryley Carlock & Applewhite PA
1 N Central Ave
Ste 1200
Phoenix, AZ 85004−4417
602−440−4875
Fax: 602−257−6975
Email: tstack@rcalaw.com
*TERMINATED: 11/17/2015*

**Timothy James Casey**
Schmitt Schneck Smyth Casey & Even PC
1221 E Osborn Rd., Ste. 105
Phoenix, AZ 85014−5540
602−277−7000
Fax: 602−277−8663
Email: timcasey@azbarristers.com
*TERMINATED: 04/22/2009*

**Defendant**

represented by

**Joseph M Arpaio**
*in his individual and official capacity as*
*Sheriff of Maricopa County, AZ*

**Andrew Melvin McDonald , Jr.**
Jones Skelton & Hochuli PLC
2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−1700
Fax: 602−200−7847
Email: melmcdonald2@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Thompson Uglietta**
Maricopa County Attorneys Office − Civil
Services Division
222 N Central Ave., Ste. 1100
Phoenix, AZ 85004
602−506−8581
Email: uglietta@mcao.maricopa.gov
*TERMINATED: 05/08/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah L Garner**
Iafrate & Associates
649 N 2nd Ave.
Phoenix, AZ 85003
602−234−9775
Email: dgarner@iafratelaw.com
*TERMINATED: 07/10/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diana Jean Elston**
Jones Skelton & Hochuli PLC
2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−4413
Email: delston@jshfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Arthur Schwab**
Maricopa County Attorneys Office − Civil
Services Division
222 N Central Ave., Ste. 1100
Phoenix, AZ 85004
602−506−0109
Fax: 602−506−8567
Email: schwabd@mcao.maricopa.gov
*TERMINATED: 05/08/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Lawrence Williams**
Schmitt Schneck Smyth & Herrod PC
1221 E Osborn Rd
Ste 105
Phoenix, AZ 85014
602−277−7000
Email: james@azbarristers.com
*TERMINATED: 11/20/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John T Masterson**
Jones Skelton & Hochuli PLC

2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−1700
Fax: 602−200−7846
Email: jmasterson@jshfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph John Popolizio**
Jones Skelton & Hochuli PLC
2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−1700
Fax: 602200−7876
Email: jpopolizio@jshfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin Michael Ackerman**
Jones Skelton & Hochuli PLC
2901 N Central Ave., Ste. 800
Phoenix, AZ 85012
602−263−1740
Email: jackerman@jshfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Marie Iafrate**
Iafrate & Associates
649 N 2nd Ave.
Phoenix, AZ 85003
602−234−9775
Fax: 602−234−9733
Email: miafrate@iafratelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alec R Hillbo**
Ogletree Deakins Nash Smoak & Stewart
PC
2415 E Camelback Rd
Ste 800
Phoenix, AZ 85016
602−778−3700
Fax: 602−778−3750
Email: alec.hillbo@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*

**Drew Metcalf**
Schmitt Schneck Smyth & Herrod PC
1221 E Osborn Rd
Ste 105
Phoenix, AZ 85014−5540
602−277−7000
Fax: 602−277−8663
Email: drewmetcalf@azbarristers.com
*TERMINATED: 08/23/2010*

**Eileen Dennis GilBride**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerry Scott Martin**
Ogletree Deakins Nash Smoak & Stewart
PC − Tucson, AZ

3430 E Sunrise Dr., Ste. 220
Tucson, AZ 85718
602−778−3715
Fax: 602−778−3750
Email: kerry.martin@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*

**Leigh Eric Dowell**
Ogletree Deakins Nash Smoak & Stewart
PC
2415 E Camelback Rd
Ste 800
Phoenix, AZ 85016
602−778−3700
Fax: 602−778−3700
Email: eric.dowell@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*

**Maria Brandon**
Maricopa County Attorneys Office − Civil
Services Division
222 N Central Ave., Ste. 1100
Phoenix, AZ 85004
602−506−8541
Email: brandon@mcao.maricopa.gov
*TERMINATED: 06/16/2011*

**Thomas P Liddy**
Maricopa County Attorneys Office − Civil
Services Division
222 N Central Ave., Ste. 1100
Phoenix, AZ 85004
602−506−8541
Fax: 602−506−8567
Email: liddyt@mcao.maricopa.gov
*TERMINATED: 05/08/2015*
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*TERMINATED: 11/20/2014*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Parties**
*Named as John Does − 1−10 in their*
*individual and official capacities as*
*sheriff's deputies for the County of*
*Maricopa*
*TERMINATED: 09/05/2008*

represented by **Barry D Mitchell**
Mitchell Stein & Carey PC
1 Renaissance Sq.
2 N Central Ave., Ste. 1900
Phoenix, AZ 85004
602−358−0293
Fax: 602−358−0291
Email: barry@mitchellsteincarey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis Ira Wilenchik**
Wilenchik & Bartness PC
2810 N 3rd St., Ste. 103
Phoenix, AZ 85004
602−606−2810
Fax: 602−606−2811
Email: diw@wb−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lee David Stein**
Mitchell Stein & Carey PC
1 Renaissance Sq.
2 N Central Ave., Ste. 1900
Phoenix, AZ 85004
602−358−0292
Fax: 602−358−0291
Email: lee@mitchellsteincarey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maricopa County Sheriff's Office**          represented by     **Ann Thompson Uglietta**
(See above for address)
*TERMINATED: 05/08/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deborah L Garner**
(See above for address)
*TERMINATED: 07/10/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Arthur Schwab**
(See above for address)
*TERMINATED: 05/08/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Lawrence Williams**
(See above for address)
*TERMINATED: 11/20/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Marie Iafrate**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P Liddy**
(See above for address)
*TERMINATED: 05/08/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alec R Hillbo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Drew Metcalf**
(See above for address)
*TERMINATED: 08/23/2010*

**Eileen Dennis GilBride**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julie A Pace**
(See above for address)
*ATTORNEY TO BE NOTICED*

Kerry Scott Martin
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leigh Eric Dowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*TERMINATED: 11/20/2014*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Brett Palmer**<br>*named as MCSO Sgt. Brett Palmer* | represented by **Christopher Thomas Rapp**<br>Ryan Rapp & Underwood PLC<br>3200 N Central Ave<br>Ste 1600<br>Phoenix, AZ 85012<br>602−280−1000<br>Fax: 602−265−1495<br>Email: ctrapp@rrulaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | |
|---|---|
| **Christine Stutz** | represented by **Terrence P Woods**<br>Broening Oberg Woods & Wilson PC<br>PO Box 20527<br>Phoenix, AZ 85036−0527<br>602−271−7705<br>Fax: 602−258−7785<br>Email: tpw@bowwlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | |
|---|---|
| **William Montgomery**<br>*Maricopa County Attorney* | represented by **April Marie Hamilton**<br>Ridenour Hienton PLLC<br>Chase Tower<br>201 N Central Ave., Ste. 3300<br>Phoenix, AZ 85004−1052<br>602−254−9900<br>Fax: 602−254−8670<br>Email: ahamilton@rhlfirm.com<br>*TERMINATED: 11/24/2015*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ernest Calderon**<br>Lowis & Gellen LLP<br>16515 S 40th St., Ste. 143<br>Phoenix, AZ 85048<br>480−219−5284<br>Fax: 623−321−1009<br>Email: ecalderon@lowis−gellen.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | |
|---|---|
| **Maricopa County Attorney's Office** | represented by **April Marie Hamilton**<br>(See above for address) |

*TERMINATED: 11/24/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ernest Calderon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**Michael Zullo**              represented by   **Michael Zullo**
*TERMINATED: 11/18/2015*                       1921 W Morning Vista Ln.
                                               Phoenix, AZ 85085
                                               480−717−6453
                                               PRO SE

**Amicus**

**United States of America**   represented by   **Lynnette C Kimmins**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Maureen Johnston**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Rosaleen Tobin OGara**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Winsome Gayle**
                                               (See above for address)
                                               *TERMINATED: 09/20/2012*
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Amin Aminfar**
                                               (See above for address)
                                               *TERMINATED: 04/02/2012*
                                               *ATTORNEY TO BE NOTICED*

                                               **Ann Elizabeth Harwood**
                                               US Attorneys Office − Phoenix, AZ
                                               2 Renaissance Square
                                               40 N Central Ave., Ste. 1200
                                               Phoenix, AZ 85004−4408
                                               602−514−7500
                                               Fax: 602−514−7760
                                               Email: ann.harwood@usdoj.gov
                                               *TERMINATED: 05/21/2010*
                                               *ATTORNEY TO BE NOTICED*

                                               **Edward G Caspar**
                                               (See above for address)
                                               *TERMINATED: 11/09/2015*

                                               **Elizabeth A Strange**
                                               US Attorneys Office
                                               405 W Congress St
                                               Ste 4800
                                               Tucson, AZ 85701
                                               520−620−7300

Fax: 520−620−7318
Email: elizabeth.strange@usdoj.gov
*ATTORNEY TO BE NOTICED*

**JeYon Jung**
US Dept of Justice
950 Pennsylvania Ave NW
PHB SPL Room 5916
Washington, DC 20530
202−305−1457
Fax: 202−514−6903
Email: jeyon.jung@usdoj.gov
*TERMINATED: 03/16/2012*

V.

**Intervenor**

**Aggrieved and Irreparably Injured**
**Class of United States and Phoenix**
**Citizens**
*TERMINATED: 09/30/2008*

represented by **Aggrieved and Irreparably Injured**
**Class of United States and Phoenix**
**Citizens**
P.O. Box 2811
Phoenix, AZ 85002−2811
(602) 472−9353
PRO SE

**Intervenor**

**Scott Huminski**
*TERMINATED: 08/15/2012*

represented by **Scott Huminski**
2624 S Bahama Dr.
Gilbert, AZ 85295
(480) 243−8184
PRO SE

**Intervenor**

**Dennis L Montgomery**
*TERMINATED: 05/14/2015*

represented by **Jonathon A Moseley**
Freedom Watch Incorporated
2020 Pennsylvania Ave. NW, Ste. 345
Washington, DC 20006
310−595−0800
*LEAD ATTORNEY*

**Larry Klayman**
Freedom Watch Inc
2020 Pennsylvania Ave. NW, Ste. 345
Washington, DC 20006
310−595−0800
*TERMINATED: 05/14/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2007 | 1 | COMPLAINT. Filing fee received: $ 350.00, receipt number 0970000000001606323, filed by Manuel Ortega Melendres.(Moffa, Louis) (Entered: 12/12/2007) |
| 12/12/2007 | 2 | Notice re Civil Cover Sheet by Manuel Ortega Melendres (Moffa, Louis), DOCUMENT FILED IN ERROR, ATTORNEY NOTICED TO REFILE WITH CORRECT PDF DOCUMENT, Modified on 12/14/2007 (LSP). (Entered: 12/12/2007) |
| 12/12/2007 | 3 | MOTION for Admission Pro Hac Vice as to attorney Louis R. Moffa *Jr.* by Manuel Ortega Melendres. (Moffa, Louis) (Entered: 12/12/2007) |

| 12/12/2007 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX065702 as to Louis R Moffa, Jr. (BAS, ) (Entered: 12/12/2007) |
|---|---|---|
| 12/12/2007 | 4 | ORDER pursuant to General Order 05−25 granting 3 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS, )(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 12/12/2007) |
| 12/12/2007 | 5 | Notice re Summons to Joseph M. Arpaio by Manuel Ortega Melendres (Moffa, Louis) (Entered: 12/12/2007) |
| 12/12/2007 | 6 | Notice re Summons to Maricopa County, Arizona by Manuel Ortega Melendres (Moffa, Louis) (Entered: 12/12/2007) |
| 12/12/2007 | | This case has been assigned to the Honorable Mary H. Murguia. All future pleadings or documents should bear the correct case number: CV 07−2513−PHX−MHM. (REK) (Entered: 12/13/2007) |
| 12/12/2007 | 7 | Notice re Magistrate Consent Form (REK) (Entered: 12/13/2007) |
| 12/13/2007 | 8 | Summons Issued as to Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Maricopa)(REK). *** IMPORTANT: You must select "Document and stamps" or "Document and comments" on the print screen in order for the court seal to appear on the summons you print. (Entered: 12/13/2007) |
| 12/13/2007 | 9 | NOTICE TO FILER OF DEFICIENCY re 1 Complaint filed by Manuel de Jesus Ortega Melendres. Description of deficiency: The following required document was not attached: Civil Cover Sheet. (REK) (Entered: 12/13/2007) |
| 12/14/2007 | 10 | SUMMONS Returned Executed by Manuel de Jesus Ortega Melendres. Joseph M. Arpaio served on 12/13/2007. (Moffa, Louis) (Entered: 12/14/2007) |
| 12/14/2007 | 11 | SUMMONS Returned Executed by Manuel de Jesus Ortega Melendres. Maricopa County served on 12/13/2007. (Moffa, Louis) (Entered: 12/14/2007) |
| 01/03/2008 | 12 | MOTION to Dismiss Case *Defendants Arpaio and Maricopa County's Rule 12(b)(6) Motion to Dismiss* by Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) Modified on 1/7/2008, DOCUMENT NOT IN COMPLIANCE WITH LRCiv 7.1(c). ATTORNEY NOTICED, (LSP). (Entered: 01/03/2008) |
| 01/04/2008 | 13 | ANSWER to Complaint by Maricopa County, Joseph M. Arpaio.(Casey, Timothy) (Entered: 01/04/2008) |
| 01/21/2008 | 14 | RESPONSE in Opposition re 12 MOTION to Dismiss Case *Defendants Arpaio and Maricopa County's Rule 12(b)(6) Motion to Dismiss* MOTION to Dismiss Case *Defendants Arpaio and Maricopa County's Rule 12(b)(6) Motion to Dismiss* filed by Manuel de Jesus Ortega Melendres. (Moffa, Louis) (Entered: 01/21/2008) |
| 04/18/2008 | 15 | NOTICE of Attorney Substitution by Julie A Pace (Attachments: # 1 Text of Proposed Order Proposed Order to Notice of Substitution of Counsel with Client Consent)(Pace, Julie) (Entered: 04/18/2008) |
| 05/02/2008 | 16 | ORDER re 15 NOTICE of Attorney Substitution − that Ballard Spahr Andrews & Ingersoll, LLP ("Ballard Spahr") is withdrawn as counsel of record for Pla and that in its place be substituted attorneys David J. Bodney and Peter Kozinets with Steptoe & Johnson, LLP ("Steptoe & Johnson") in this action. Signed by Judge Mary H Murguia on 5/1/08. (KMG) (Entered: 05/02/2008) |
| 07/16/2008 | 17 | MOTION to Amend/Correct *Complaint* by Manuel de Jesus Ortega Melendres. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Bodney, David) (Entered: 07/16/2008) |
| 07/16/2008 | 18 | LODGED Proposed First Amended Complaint re: 17 MOTION to Amend/Correct *Complaint*. Document to be filed by Clerk if Motion to Leave to File or Amend is granted. Filed by Manuel de Jesus Ortega Melendres. (Attachments: # 1 Exhibit A−D)(Bodney, David) (Entered: 07/16/2008) |

| 07/28/2008 | 19 | RESPONSE in Opposition re 17 MOTION to Amend/Correct *Complaint* filed by Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 07/28/2008) |
| 08/07/2008 | 20 | REPLY in Support re 17 MOTION to Amend/Correct *Complaint* filed by Manuel de Jesus Ortega Melendres. (Kozinets, Peter) (Entered: 08/07/2008) |
| 08/14/2008 | 21 | MOTION for Admission Pro Hac Vice as to attorney Nancy Anne Ramirez on behalf of Manuel de Jesus Ortega Melendres. (BAS, ) (Entered: 08/14/2008) |
| 08/14/2008 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX074544 as to Nancy Anne Ramirez. (BAS, ) (Entered: 08/14/2008) |
| 08/14/2008 | 22 | ORDER pursuant to General Order 05−25 granting 21 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS, )(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 08/14/2008) |
| 08/29/2008 | 23 | Minute Order: The Court ORDERS setting this matter for oral argument re: Defendants' Motion to Dismiss 12 and Plaintiffs' Motion to Amend/Correct Complaint 17 on Wednesday, September 24, 2008 at 3:30 p.m. before Judge Mary H Murguia. [This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.](KSP) (Entered: 08/29/2008) |
| 09/03/2008 | 24 | MOTION to Intervene by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. (KMG) (Entered: 09/05/2008) |
| 09/05/2008 | 25 | ORDER signed by Judge Mary H Murguia on 9/5/08. IT IS HEREBY ORDERED granting Plaintiff's Motion for Leave to Amend Complaint. (Dkt.#17); IT IS FURTHER ORDERED denying Defendants 12 (b)(6) Motion to Dismiss as moot. (Dkt.#12).IT IS FURTHER ORDERED vacating the Motion Hearing set on September 24, 2008 at 3:30 p.m. (KSP) (Entered: 09/05/2008) |
| 09/05/2008 | 26 | FIRST AMENDED COMPLAINT against Joseph M. Arpaio, Maricopa County Sheriff's Office, and Maricopa County; Party John Does terminated, filed by Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez, David Rodriguez, Velia Meraz, Manuel Nieto, Jr. and Somos America (Attachments: # 1 Exhibit A − D)(ESL) (Entered: 09/08/2008) |
| 09/09/2008 | 27 | Notice re Summons in a Civil Case by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez re 26 Amended Complaint, (Kozinets, Peter) (Entered: 09/09/2008) |
| 09/09/2008 | 28 | Summons Issued as to Maricopa County Sheriff's Office. (REK). *** IMPORTANT: You must select "Document and stamps" or "Document and comments" on the print screen in order for the court seal to appear on the summons you print. (Entered: 09/09/2008) |
| 09/11/2008 | 29 | SUMMONS Returned Executed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. Maricopa County Sheriff's Office served on 9/10/2008. (Kozinets, Peter) (Entered: 09/11/2008) |
| 09/19/2008 | 30 | RESPONSE in Opposition re 24 MOTION to Intervene *Pursuant to FRCP Rule 22 and FRCP Rule 24* filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Hernandez, Isaac) (Entered: 09/19/2008) |
| 09/24/2008 | 31 | MOTION for Leave to File Excess Pages for Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 09/24/2008) |
| 09/24/2008 | 32 | LODGED Proposed Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint re: 31 MOTION for Leave to File Excess Pages for Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint MOTION for Leave to File Excess Pages for Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint. Document to be filed by Clerk if Motion to |

| | | Leave to File or Amend is granted. Filed by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 09/24/2008) |
|---|---|---|
| 09/24/2008 | 33 | First MOTION for Admission Pro Hac Vice as to attorney Monica M. Ramirez by Manuel de Jesus Ortega Melendres. (Ramirez, Monica) (Entered: 09/24/2008) |
| 09/24/2008 | 34 | First MOTION for Admission Pro Hac Vice as to attorney Robin L. Goldfaden by Manuel de Jesus Ortega Melendres. (Goldfaden, Robin) (Entered: 09/24/2008) |
| 09/24/2008 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX075918 as to Monica M Ramirez. (BAS, ) (Entered: 09/24/2008) |
| 09/24/2008 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX075919 as to Robin Lisa Goldfaden. (BAS, ) (Entered: 09/24/2008) |
| 09/24/2008 | 35 | ORDER pursuant to General Order 05−25 granting 33 Motion for Admission Pro Hac Vice; granting 34 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS, )(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/24/2008) |
| 09/29/2008 | 36 | ORDER granting 31 the defendants Joseph M. Arpaio, Maricopa County, and the Maricopa County Sheriffs Office leave to file their Reply memorandum in a form not to exceed twenty (20) pages. Signed by Judge Mary H. Murguia on 09/26/08.(MHM) (Entered: 09/29/2008) |
| 09/29/2008 | 37 | Joinder re 30 Response in Opposition to Motion, by Defendants Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio filed by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 09/29/2008) |
| 09/29/2008 | 39 | Rule 12(b)(6) MOTION to Dismiss Plaintiffs' First Amended Complaint by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (REW, ) (Entered: 10/02/2008) |
| 09/30/2008 | 38 | ORDER denying Bill Stoller and the Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens' Motion 24 to Intervene Under Rule 22 and24 Fed. R. Civ. P. Motion to Intervene. Signed by Judge Mary H Murguia on 9/29/08.(KMG) (Entered: 09/30/2008) |
| 10/06/2008 | 40 | NOTICE OF INTERLOCUTORY APPEAL to 9th Circuit as to 38 Order on Motion to Intervene by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. (KMG, ) Modified on 10/9/2008 (NOTE: Construed as a Notice of Appeal rather than an Interlocutory Appeal ... See doc#44) (KMG, ). (Entered: 10/07/2008) |
| 10/06/2008 | 41 | OBJECTION re 38 Order on Motion to Intervene by Intervenor Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. (LAD) (Entered: 10/08/2008) |
| 10/06/2008 | 42 | MOTION for Rehearing And Resubmission of Motion to Intervene, MOTION for Issuance of Subpoena for Ray Stern and Possibly Others by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. (same pdf as document 41 ) (LAD) (Entered: 10/08/2008) |
| 10/06/2008 | 43 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Return to Sender, Not Deliverable as Addressed, Unable to Forward. Document number 36 . (LAD) (Entered: 10/09/2008) |
| 10/06/2008 | 44 | NOTICE OF APPEAL to 9th Circuit, as to 38 Order on Motion to Intervene by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. (NOTE: same pleading as document #40)(KMG) (Entered: 10/09/2008) |
| 10/14/2008 | 45 | ORDER entered by Judge Mary H. Murguia on 10/14/08. Motions for reconsideration under Fed.R.Civ.P. 59(e) are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Sist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th |

| | | Cir. 1993), cert. denied, 114 S.Ct. 2742 (1994). Having considered Stoller's request, the Court denies the Motion. No new evidence has been presented, the law regarding intervention remains stable and, because Stollers attempt to intervene lacks all merit, the previous Order could in no sense be considered manifestly unjust. IT IS HEREBY ORDERED denying Stollers Motion for Rehearing And Resubmission of Motion to Intervene. (Dkt.#42.) IT IS FURTHER ORDERED directing the Parties that a stay will not be issued during the pendency of appeal and the case shall proceed as scheduled. (KSP)[This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.] (Entered: 10/14/2008) |
|---|---|---|
| 10/14/2008 | 46 | CERTIFICATE OF RECORD TRANSMITTED TO 9TH CIRCUIT COURT OF APPEALS re 44 Notice of Appeal (KMG) (Entered: 10/14/2008) |
| 10/14/2008 | 47 | Notice of Appeal Notification Form; Notice of Appeal and copy of docket sheet transmitted to Ninth Circuit and all parties re 44 Notice of Appeal (KMG) (Entered: 10/14/2008) |
| 10/14/2008 | 48 | RESPONSE in Opposition re 39 MOTION to Dismiss Case *(Plaintiffs' First Amended Complaint)* filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Kozinets, Peter) (Entered: 10/14/2008) |
| 10/14/2008 | 49 | MOTION for Hearing or Conference re: Rule 16 Conference by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Kozinets, Peter) (Entered: 10/14/2008) |
| 10/20/2008 | 51 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Not Deliverable as Addressed. Unable to Forward. Document number 36. (SAT) (Entered: 10/21/2008) |
| 10/21/2008 | 50 | Ninth Circuit Case Number 08−17270 for 44 Notice of Appeal. (ESL ) (Entered: 10/21/2008) |
| 10/23/2008 | 52 | RESPONSE to Motion re 49 MOTION for Hearing or Conference re: Rule 16 Conference filed by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 10/23/2008) |
| 10/24/2008 | 53 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Not Deliverable as Addressed, Unable to Forward. Document number 44, 46, 47. (LAD) (Entered: 10/27/2008) |
| 11/03/2008 | 54 | REPLY in Support re 49 MOTION for Hearing or Conference re: Rule 16 Conference filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Exhibit A)(Kozinets, Peter) (Entered: 11/03/2008) |
| 11/21/2008 | 55 | ORDER of 9th Circuit: Within 21 days from the date of entry of this order, appellant shall file a motion with this court to proceed in forma pauperis, pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court or otherwise show cause why this appeal should not be dismissed for failure to prosecute. If appellant fails to comply, the appeal will be dismissed. Appeal case number 08−17270, as to 44 Notice of Appeal filed by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens (DNH) (Entered: 11/21/2008) |
| 12/19/2008 | 56 | Minute Order: The Court ORDERS setting this matter for oral argument re: Defendants' Motion to Dismiss 39 on Wednesday, January 14, 2009 at 3:00 p.m. before Judge Mary H Murguia. [This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.](KSP) (Entered: 12/19/2008) |
| 01/14/2009 | 57 | Minute Entry for proceedings held before Judge Mary H Murguia. Court Reporter: Merilyn Sanchez. Appearances: Daniel Pochoda, Kristina Campbell, David Bodney, Peter Kozinets for the plaintiffs. Tim Casey for the defendants. Oral argument re: Defendants' Motion to Dismiss held on 1/14/09. IT IS ORDERED taking this matter under advisement. [This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.](KSP) (Entered: 01/14/2009) |

| 01/15/2009 | 58 | MANDATE of 9th Circuit (Certified Copy), dismissing appeal for failure to respond to the order of this court dated 11/19/08. This order constitutes the mandate of this court; case number 08−17270, as to 44 Notice of Appeal filed by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens (Attachments: # 1 nda)(DMT, ) (Entered: 01/15/2009) |
| --- | --- | --- |
| 01/22/2009 | 59 | Mail Returned as Undeliverable. Mail sent to The Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Return to Sender/ Not Deliverable as Addressed/ Unable to Forward. Document number 58. (REK) (Entered: 01/23/2009) |
| 02/10/2009 | 60 | ORDER denying 39 Motion to Dismiss Case; denying as moot 49 Motion for Hearing. Signed by Judge Mary H Murguia on 2/10/09.(KSP) (Entered: 02/10/2009) |
| 02/13/2009 | 61 | ORDER Rule 16 Case Management Conference set for 3/12/2009 04:00 PM before Judge Mary H Murguia. Signed by Judge Mary H Murguia on 2/11/09. (TLJ) (Entered: 02/13/2009) |
| 02/20/2009 | 62 | *Defendants'* ANSWER to 26 Amended Complaint, by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio.(Casey, Timothy) (Entered: 02/20/2009) |
| 02/23/2009 | 63 | MOTION for Recusal by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Casey, Timothy) (Entered: 02/23/2009) |
| 02/25/2009 | 64 | Notice re of Service of Discovery on Defendants Maricopa County Sheriff's Office and Maricopa County by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 02/25/2009) |
| 02/26/2009 | 65 | REPORT re: Rule 26(f) Planning Meeting by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Kozinets, Peter) (Entered: 02/26/2009) |
| 03/06/2009 | 66 | Minute Order: The Court ORDERS vacating the Rule 16 Scheduling Conference set March 12, 2009 at 4:00 p.m. before Judge Mary H. Murguia pending ruling on Defendant's Motion for Recusal. [This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.](KSP) (Entered: 03/06/2009) |
| 03/11/2009 | 67 | Notice re Notice of Service of Defendants' Rule 26(a)(1) Initial Disclosure Statement by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 03/11/2009) |
| 03/11/2009 | 68 | AMENDED ANSWER to 26 Amended Complaint, by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 03/11/2009) |
| 03/11/2009 | 69 | Notice re NOTICE OF SERVICE OF PLAINTIFFS RULE 26(a)(1) INITIAL DISCLOSURE STATEMENT by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 03/11/2009) |
| 03/12/2009 | 70 | RESPONSE in Opposition re 63 MOTION for Recusal filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Affidavit Declaration of Aaron J. Lockwood)(Kozinets, Peter) (Entered: 03/12/2009) |
| 03/16/2009 | 71 | Notice re Notice of Service of Defendants' First Supplemental Rule 26(a)(1) Disclosure Statement by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 03/16/2009) |
| 03/17/2009 | 72 | Notice re Notice of Service of Defendants' Second Supplemental Disclosure by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 03/17/2009) |
| 03/23/2009 | 73 | REPLY in Support re 63 MOTION for Recusal filed by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Casey, Timothy) (Entered: 03/23/2009) |
| 03/23/2009 | 74 | REPLY in Support re 63 MOTION for Recusal *Amended Reply Memorandum in Support of Defendants' Motion for Recusal* filed by Maricopa County Sheriff's Office, |

| | | Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 03/23/2009) |
|---|---|---|
| 03/27/2009 | 75 | Notice re Notice of Service of Defendants' Third Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 03/27/2009) |
| 03/27/2009 | 76 | Notice re Notice of Service of Defendant MCSO's Discovery Responses to Plaintiff's Discovery by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 03/27/2009) |
| 03/27/2009 | 77 | STIPULATION *To Extend Time By Which Defendant Maricopa County May Answer And Respond to Plaintiffs' Interrogatories and Requests for Production of Documents* by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 03/27/2009) |
| 04/06/2009 | 78 | ORDER granting 77 Stipulation: ORDERED granting dft Maricopa County an extension of time, until and including 4/10/09, to answer or otherwise respond to plas' interrogatories and request for production propounded on dft Maricopa County. Signed by Judge Mary H Murguia on 4/2/2009. (LAD) (Entered: 04/06/2009) |
| 04/09/2009 | 79 | Notice re Notice of Service of Defendants' Fourth Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 04/09/2009) |
| 04/09/2009 | 80 | Notice re Notice of Service of Defendant MCSO's First Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 04/09/2009) |
| 04/10/2009 | 81 | STIPULATION *To Extend Time By Which Defendant Maricopa County May Answer And Respond to Plaintiffs' Interrogatories and Requests for Production of Documents − Second Request* by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 04/10/2009) |
| 04/15/2009 | 82 | ORDER granting 81 Stipulation. Defendant Maricopa County is granted an extension of time, until and including April 24, 2009, to answer or otherwise respond to Plaintiffs Interrogatories and Request for Production propounded on defendant Maricopa County. Signed by Judge Mary H Murguia on 4/13/09. (KSP) (Entered: 04/15/2009) |
| 04/15/2009 | 83 | Notice re of Service of Plaintiffs' First Supplemental Disclosure Statement by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 04/15/2009) |
| 04/20/2009 | 84 | MOTION to Substitute Attorney: Defendant Maricopa County's Application for and Notice of Substitution of Counsel with Client Consent by Defendant Maricopa County. (Attachments: # 1 Exhibit 1 to Application for and Notice of Substitution of Counsel, # 2 Text of Proposed Order)(Moberly, Michael) INCORRECT EVENT SELECTED, THIS ENTRY HAS BEEN MODIFIED FROM APPLICATION to MOTION TO SUBSTITUTE ATTORNEY Modified on 4/21/2009 (ESL, ). (Entered: 04/20/2009) |
| 04/21/2009 | 85 | Notice re Notice of Service of Defendant MCSO's Third Supplemental Responses to Plaintiffs' First Set of Requests for Production and First Supplemental and Amended Answer to Interrogatory No. 16 of Plaintiffs' First Set of Interrogatories by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 04/21/2009) |
| 04/21/2009 | 86 | Notice re Notice of Service of Defendants' Fifth Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Maricopa County, Joseph M. Arpaio (Casey, Timothy) (Entered: 04/21/2009) |
| 04/22/2009 | 87 | ORDER − Pursuant to 84 Motion/Application for and Notice of Substitution of Counsel, IT IS HEREBY ORDERED that Schmitt, Schneck, Smyth & Herrod, P.C. is withdrawn as cnsl of record for Dft Maricopa County only, and that in its place shall be substituted Ryley, Carlock & Applewhite in this action. FURTHER ORDERED that all future pleadings, notices correspondence, and other papers should be served |

| | | on Dft Maricopa County's substituted cnsl at the following address: Michael D. Moberly, John M. Fry, Ryley Carlock & Applewhite, 1 North Central Avenue, Suite 1200, Phoenix, AZ 85004−4417. Attys Michael D Moberly and John Michael Fry added for dft Maricopa County and atty Timothy James Casey terminated. Signed by Judge Mary H Murguia on 4/20/09.(SAT) (Entered: 04/22/2009) |
|---|---|---|
| 04/22/2009 | 88 | Notice re Notice of Service of Defendant Arpaio's Discovery Requests upon Plaintiffs by Joseph M. Arpaio (Casey, Timothy) (Entered: 04/22/2009) |
| 04/23/2009 | 89 | STIPULATION *to Extend Time by Which Defendant May Answer and Respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents (Third Request)* by Maricopa County. (Attachments: # 1 Text of Proposed Order)(Fry, John) (Entered: 04/23/2009) |
| 04/27/2009 | 90 | MOTION for Judgment on the Pleadings by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 04/27/2009) |
| 04/28/2009 | 91 | Notice re Notice of Service of Defendants Arpaio and MCSO's Sixth Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 04/28/2009) |
| 04/28/2009 | 92 | Notice re of Service of Plaintiffs' Second Supplemental Disclosure Statement by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 04/28/2009) |
| 04/29/2009 | 93 | MOTION to Certify Class by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Index of Exhibits to Plaintiffs' Motion for Class Certification, # 3 Exhibit Attachment 1, # 4 Exhibit Attachment 2, # 5 Exhibit Exhibits A−M, # 6 Exhibit Exhibit N, # 7 Exhibit Exhibits O−Z, # 8 Exhibit Exhibits AA−FF, # 9 Exhibit Attachments 3−5)(Kozinets, Peter) (Entered: 04/29/2009) |
| 04/30/2009 | 94 | ORDER granting the parites' 89 Stipulation: That Dft Maricopa County has an extension of time, until and including May 15, 2009, to answer or otherwise respond to Plas' First Set of Interrogatories and First Set of Requests for Production of Documents and Things To Defendant Maricopa County. Signed by Judge Mary H Murguia on 4/27/09. (KMG, ) (Entered: 04/30/2009) |
| 05/08/2009 | 95 | Notice re Notice of Service of Defendants Arpaio and MCSO's Seventh Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 05/08/2009) |
| 05/13/2009 | 96 | RESPONSE in Opposition re 93 MOTION to Certify Class *Separate Motion for Leave to File Surreply & Separate Motion to Strike Information Offered By Plaintiffs* filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 05/13/2009) |
| 05/13/2009 | 97 | MOTION to Strike re Information Offered By Plaintiffs by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 05/13/2009) |
| 05/14/2009 | 98 | RESPONSE in Opposition re 90 MOTION for Judgment on the Pleadings filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Kozinets, Peter) (Entered: 05/14/2009) |
| 05/15/2009 | 99 | Notice re Defendant Maricopa County's Notice of Service_of_Responses_to_Plaintiffs_Interrogatories_and_RFP by Maricopa County (Fry, John) (Entered: 05/15/2009) |
| 05/18/2009 | 100 | RESPONSE to Motion re 93 MOTION to Certify Class filed by Maricopa County. (Moberly, Michael) (Entered: 05/18/2009) |
| 05/18/2009 | 101 | NOTICE of Appearance by Michael D Moberly on behalf of Maricopa County (Moberly, Michael) (Entered: 05/18/2009) |

| 05/20/2009 | 102 | STIPULATION *on First Extension of Time For Plaintiffs and Defendants Arpaio and the MCSO to File or to Serve Certain Pleadings* by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 05/20/2009) |
| 05/21/2009 | 103 | Notice re Notice of Service of Defendants Arpaio and MCSO's Eighth Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 05/21/2009) |
| 05/21/2009 | 104 | ORDER granting 102 Stipulation. IT IS HEREBY ORDERED that Defendants Arpaio and the MCSO are granted an extension through and including June 5, 2009, to file and to serve their reply memorandum in support of their Rule 12(c) Motion for Judgment on the Pleadings.IT IS FURTHER ORDERED that Plaintiffs are granted an extension through and including June 5, 2009, to file and to serve their reply memorandum in support of their Motion for Class Certification.IT IS FURTHER ORDERED that Plaintiffs are granted an extension through and including June 5, 2009, to serve their responses to Defendant Arpaios discovery requests.Signed by Judge Mary H Murguia on 5/21/09. (KSP) (Entered: 05/21/2009) |
| 05/28/2009 | 105 | MOTION to Stay re Proceedings by Maricopa County. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moberly, Michael) (Entered: 05/28/2009) |
| 05/29/2009 | 106 | STIPULATION *on First Extension of Time for Plaintiffs to Respond to Defendants Arpaio and MCSO's Motion for Leave to File Sur−Reply and Motion to Strike Information Offered by Plaintiffs* by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Text of Proposed Order)(Kozinets, Peter) (Entered: 05/29/2009) |
| 06/03/2009 | 107 | ORDER pursuant to 106 Stipulation: Plas are granted an extension through and including 6/5/09, to file and serve their responses to dfts Arpaio and MCSO's Separate Motion for Leave to File Sur−Reply and Separate Motion to STrike Information Offered by plas. Signed by Judge Mary H Murguia on 6/2/2009. (LAD) (Entered: 06/03/2009) |
| 06/05/2009 | 108 | REPLY to Response to Motion re 90 MOTION for Judgment on the Pleadings *Reply Memorandum in Support of Defendants Arpaio and the MCSO's Rule 12(c) Motion for Judgment on the Pleadings* filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Casey, Timothy) (Entered: 06/05/2009) |
| 06/05/2009 | 109 | Notice re Service of Plaintiffs' Responses and Objections to Defendant Arpaio's First Set of Requests for Admissions, Interrogatories and Requests for Production by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 06/05/2009) |
| 06/05/2009 | 110 | REPLY in Support re 93 MOTION to Certify Class −and− *Response in Opposition to Defendants Arpaio and MCSO's Separate Motions to Strike and for Leave to File Sur−Reply* 97 filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Kozinets, Peter) Modified on 6/8/2009 (LAD). *DOCKET TEXT MODIFIED TO ADD DOCUMENT LINKAGE.* (Entered: 06/05/2009) |
| 06/11/2009 | 111 | NOTICE of Deposition of Mayor Phil Gordon, filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Casey, Timothy) (Entered: 06/11/2009) |
| 06/12/2009 | 112 | MOTION to Withdraw *(Defendant Maricopa County's Motion for Leave to Withdraw Its Participation in Defendants' Motion for Recusal)* by Maricopa County. (Fry, John) (Entered: 06/12/2009) |
| 06/15/2009 | 113 | MOTION to File Amicus Curiae *Brief Regarding Defendant Maricopa County's Motion to Stay Proceedings* by United States. (Attachments: # 1 Exhibit United States' Amicus Brief)(Jung, JeYon) (Entered: 06/15/2009) |
| 06/15/2009 | 114 | RESPONSE in Opposition re 105 MOTION to Stay re Proceedings filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Affidavit Declaration of Aaron J. Lockwood)(Kozinets, Peter) (Entered: 06/15/2009) |

| 06/15/2009 | 115 | RESPONSE in Opposition re 105 MOTION to Stay re Proceedings filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 06/15/2009) |
|---|---|---|
| 06/16/2009 | 116 | Notice re Notice of Service of Defendants Arpaio and MCSO's Ninth Supplemental Disclosure by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 06/16/2009) |
| 06/16/2009 | 117 | CERTIFICATE OF SERVICE by Maricopa County Sheriff's Office, Joseph M. Arpaio re 111 Notice of Deposition *of Mayor Phil Gordon* (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 06/16/2009) |
| 06/17/2009 | 118 | RESPONSE to Motion re 113 MOTION to File Amicus Curiae *Brief Regarding Defendant Maricopa County's Motion to Stay Proceedings* filed by Maricopa County. (Fry, John) (Entered: 06/17/2009) |
| 06/18/2009 | 119 | RESPONSE to Motion re 113 MOTION to File Amicus Curiae *Brief Regarding Defendant Maricopa County's Motion to Stay Proceedings* filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Casey, Timothy) (Entered: 06/18/2009) |
| 06/18/2009 | 120 | Notice re Notice of Service of Defendants Arpaio and MCSO's Tenth Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 06/18/2009) |
| 06/23/2009 | 121 | RESPONSE to Motion re 113 MOTION to File Amicus Curiae *Brief Regarding Defendant Maricopa County's Motion to Stay Proceedings* filed by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quituga Rodriguez. (Bodney, David) (Entered: 06/23/2009) |
| 06/25/2009 | 122 | REPLY in Support re 105 MOTION to Stay re Proceedings filed by Maricopa County. (Attachments: # 1 Exhibit A)(Fry, John) (Entered: 06/25/2009) |
| 06/30/2009 | 123 | NOTICE of Deposition of Mayor Phil Gordon, filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Casey, Timothy) (Entered: 06/30/2009) |
| 07/02/2009 | 124 | Notice re re Service of Plaintiff David Rodriguez's Supplemental and Amended Responses to Defendant Arpaio's First Set of Interrogatories and Requests for Production by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Kozinets, Peter) (Entered: 07/02/2009) |
| 07/06/2009 | 125 | Notice re Notice of Service of Defendant MCSO's Fourth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 07/06/2009) |
| 07/07/2009 | 126 | First MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Wang, Cecillia) Modified on 7/7/2009 INCOMPLETE DOCUMENT FILED. THE CERTIFICATE OF GOOD STANDING MUST ACCOMPANY THE MOTION FOR ADMISSION PRO HAC VICE (KMG). (Entered: 07/07/2009) |
| 07/07/2009 | 127 | MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Attachments: # 1 Exhibit Certificates of Good Standing)(Wang, Cecillia) Modified on 7/7/2009 INCORRECT (AND OUT−DATED) CERTIFICATES SUMBITTED. CERTIFICATES OF GOOD STANDING − DATED NO MORE THAN 45 DAYS PRIOR TO SUBMISSION OF THIS APPLICATION IS REQUIRED. (KMG). (Entered: 07/07/2009) |
| 07/07/2009 | 128 | NOTICE TO FILER OF DEFICIENCY re 126 First MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang filed by Velia Meraz, David Rodriguez, Somos America, Manuel Nieto, Jr, Jessica Quitugua Rodriguez, Manuel de Jesus Ortega Melendres. Description of deficiency: Incomplete document filed. The Certificate of Good Standing must accompany the Motion for Admission Pro Hac Vice. Attorney noticed to refile. (KMG, ). (Entered: 07/07/2009) |

| 07/07/2009 | 129 | NOTICE TO FILER OF DEFICIENCY re 127 MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang filed by Velia Meraz, David Rodriguez, Somos America, Manuel Nieto, Jr, Jessica Quitugua Rodriguez, Manuel de Jesus Ortega Melendres. Description of deficiency: Incorrect (and Out−Dated) Certificates Attached to Motion. Attorney Noticed to Refile. (KMG) (Entered: 07/07/2009) |
|---|---|---|
| 07/08/2009 | 130 | NOTICE OF ATTORNEY SUBSTITUTION: Cecillia Wang appearing for David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. Attorney Monica M Ramirez terminated. (Ramirez, Monica) (Entered: 07/08/2009) |
| 07/08/2009 | 131 | Notice re Notice of Service of Defendants Arpaio and MCSO's Eleventh Supplemental Disclosure Statement by Maricopa County Sheriff's Office, Joseph M. Arpaio (Casey, Timothy) (Entered: 07/08/2009) |
| 07/08/2009 | 132 | Notice re Notice of Service of Defendant MCSO's Discovery Requests Upon Plaintiffs by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 07/08/2009) |
| 07/09/2009 | 133 | MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Wang, Cecillia) (Entered: 07/09/2009) |
| 07/10/2009 | 134 | MOTION for Leave to File Supplemental Brief in Support of Their Response in Opposition to Defendant Maricopa County's Motion to Stay Proceedings by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Casey, Timothy) (Entered: 07/10/2009) |
| 07/10/2009 | 135 | LODGED Proposed Defendants Arpaio and the MCSO's Supplemental Brief in Support of Their Response in Opposition to Defendant Maricopa County's Motion to Stay Proceedings re: 134 MOTION for Leave to File Supplemental Brief in Support of Their Response in Opposition to Defendant Maricopa County's Motion to Stay Proceedings. Document to be filed by Clerk if Motion to Leave to File or Amend is granted. Filed by Maricopa County Sheriff's Office, Joseph M. Arpaio. (Casey, Timothy) Modified on 7/14/2009 (SAT). DOCUMENT NOT IN COMPLIANCE WITH LRCiv 7.1(c). ATTORNEY NOTICED. (Entered: 07/10/2009) |
| 07/10/2009 | 136 | MOTION for Admission Pro Hac Vice as to attorney Cecillia D. Wang by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Wang, Cecillia) (Entered: 07/10/2009) |
| 07/13/2009 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX086317 as to Cecillia D Wang. (BAS, ) (Entered: 07/13/2009) |
| 07/13/2009 | 137 | ORDER pursuant to General Order 05−25 terminating 133 Motion for Admission Pro Hac Vice; granting 136 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS, )(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/13/2009) |
| 07/15/2009 | 138 | ORDER granting 63 Motion for Recusal. Signed by Judge Mary H Murguia on 7/15/09. IT IS FURTHER ORDERED directing that the Clerk reassign this case to another judge in the District of Arizona by random lot. (KSP) (Entered: 07/15/2009) |
| 07/15/2009 | 139 | Minute Order That pursuant to the Order issued by Judge Mary H. Murguia on July 15, 2009, this case is hereby reassigned by random draw to Magistrate Judge Lawrence O. Anderson for all further proceedings. All further pleadings/papers should now list the following COMPLETE case number: CV 07−2513−PHX−LOA. (Attachments: # 1 Instructions, # 2 Consent Form) (MAP) (Entered: 07/15/2009) |
| 07/15/2009 | | Magistrate Election Form Deadline (8/4/09) as to all parties. (MAP) (Entered: 07/15/2009) |
| 07/16/2009 | 140 | NOTICE OF ASSIGNMENT AND ORDER that Plaintiffs and Defendants shall file their written election to either consent to magistrate−judge jurisdiction or elect to proceed before a United States district judge on or before 7/27/09. Signed by Magistrate Judge Lawrence O Anderson on 7/16/09. (MAP) Modified on 7/21/2009 |

| | | PAGE 3 LINES 14−15 ARE VACATED PER ORDER #141 ENTERED 7/21/09 (REW, ). (Entered: 07/16/2009) |
|---|---|---|
| 07/21/2009 | 141 | ORDER and NOTICE OF ERRATA. Pending before the Court are seven motions for rulings, three of which are clearly dispositive in nature, 90 , 93 , 105 ; the Court will defer any rulings on the non−dispositive motions until after the parties have either consented to magistrate−judge jurisdiction or elected to proceed before a district judge; on the Court's own motion due to clerical error, vacating the last order in docket 140 , page 3, lines 14−15; Defendants' counsel shall use proper capitalization in all future captions as mandated by LRCiv 7.1(a)(3). Signed by Magistrate Judge Lawrence O Anderson on 7/20/09. (REW, ) (Entered: 07/21/2009) |
| 07/22/2009 | 142 | CERTIFICATE OF SERVICE by Maricopa County Sheriff's Office, Joseph M. Arpaio (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 07/22/2009) |
| 07/22/2009 | 143 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/22/2009) |
| 07/22/2009 | 144 | Minute Order Pursuant to Local Rule 3.8(a), a request has been received for a random reassignment of this case to a District Judge FURTHER ORDERED Case reassigned by random draw to Judge G. Murray Snow. All further pleadings/papers should now list the following COMPLETE case number: CV 07−2513−PHX−GMS. (MAP) (Entered: 07/22/2009) |
| 07/22/2009 | 145 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/23/2009) |
| 07/24/2009 | 146 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/27/2009) |
| 07/27/2009 | 147 | ORDER terminating Dft's 112 Motion for Leave to Withdraw as moot; granting the United States 113 Motion to File Amicus Curiae Brief. Signed by Judge G Murray Snow on 07/27/09.(ESL) (Entered: 07/27/2009) |
| 07/27/2009 | 148 | MOTION for Admission Pro Hac Vice as to attorney Caroline Cincotta on behalf of plaintiffs David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, and Jessica Quitugua Rodriguez. (BAS, ) (Entered: 07/27/2009) |
| 07/27/2009 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX086822 as to Caroline Cincotta. (BAS, ) (Entered: 07/27/2009) |
| 07/27/2009 | 149 | ORDER pursuant to General Order 05−25 granting 148 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS, )(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/27/2009) |
| 07/29/2009 | 150 | Notice re Withdrawal of Counsel by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez (Cincotta, Caroline) (Entered: 07/29/2009) |
| 07/31/2009 | 151 | MOTION to Withdraw as Attorney by David Rodriguez, Velia Meraz, Manuel Nieto, Jr, Somos America, Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez. (Campbell, Kristina) (Entered: 07/31/2009) |
| 07/31/2009 | 152 | NOTICE of Attorney Substitution by Karen J Hartman (Hartman, Karen) (Entered: 07/31/2009) |
| 08/10/2009 | 153 | Notice re Notice of Service by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America *of Plaintiffs' Responses and Objections to Defendant Maricopa County Sheriff's Office's First Set of Interrogatories and Requests for Production to All Plaintiffs* (Bodney, David) (Entered: 08/10/2009) |

| 08/13/2009 | 154 | ORDER denying 105 Motion to Stay; denying 134 Motion for Leave to File a Supplemental Brief. (See document for further details). Signed by Judge G Murray Snow on 8/13/2009. (LAD) (Entered: 08/13/2009) |
|---|---|---|
| 08/24/2009 | 155 | ORDER that the Motion 90 for Judgment on the Pleadings of Dfts Arpaio and the MCSO is DENIED. FURTHER ORDERED that Plas' Motion 93 for Class Certification is DENIED without prejudice to its being reasserted once the issue of standing is resolved. FURTHER ORDERED that the Motion 97 for Leave to File Surreply and to Strike of Dfts Arpaio and the MCSO is DENIED. Signed by Judge G Murray Snow on 8/21/09.(KMG, ) (Entered: 08/24/2009) |
| 09/01/2009 | 156 | NOTICE of Deposition of Jessika Rodriquez, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/01/2009 | 157 | NOTICE of Deposition of David Rodriquez, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/01/2009 | 158 | NOTICE of Deposition of Manuel Ortega Melendres, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/01/2009 | 159 | NOTICE of Deposition of Velia Meraz, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/01/2009 | 160 | NOTICE of Deposition of Manuel Nieto, Jr., filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/01/2009 | 161 | NOTICE of Deposition of Lydia Guzman, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/01/2009) |
| 09/02/2009 | 162 | ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE: Scheduling Conference set for 10/21/2009 09:15 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (See document for full details). Signed by Judge G Murray Snow on 9/1/2009. (LAD) (Entered: 09/02/2009) |
| 09/11/2009 | 163 | MOTION for Admission Pro Hac Vice as to attorney Gladys Limon on behalf of Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 09/11/2009) |
| 09/11/2009 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX088409 as to Gladys Limon. (BAS) (Entered: 09/11/2009) |
| 09/11/2009 | 164 | ORDER pursuant to General Order 05−25 granting 163 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/11/2009) |
| 09/16/2009 | 165 | NOTICE of Deposition of David Rodriquez, filed by Joseph M. Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/16/2009) |
| 09/16/2009 | 166 | NOTICE of Deposition of Deputy Louis Deprietro, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 167 | NOTICE of Deposition of Deputy Carlos Rangel, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 168 | NOTICE of Deposition of Deputy Alberto Armendariz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 169 | NOTICE of Deposition of Deputy Douglas Beeks, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 170 | NOTICE of Deposition of Deputy Cesar Brockman, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |

| | | |
|---|---|---|
| 09/16/2009 | 171 | NOTICE of Deposition of Deputy Michael Kikes, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 172 | NOTICE of Deposition of Sergeant Brett Palmer, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 173 | NOTICE of Deposition of Sergeant Manuel Madrid, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 174 | NOTICE of Deposition of Deputy Chief Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 175 | NOTICE of Deposition of Chief David Hendershott, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/16/2009 | 176 | Notice re Withdrawal of Associate Counsel by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 09/16/2009) |
| 09/17/2009 | 177 | Notice re Defendant Arpaio and MCSO's Cross Notice of Videotaping Certain Depositions Noticed by Plaintiffs by Joseph M. Arpaio, Maricopa County Sheriff's Office re 168 Notice of Deposition, 171 Notice of Deposition, 166 Notice of Deposition, 173 Notice of Deposition, 172 Notice of Deposition, 167 Notice of Deposition, 169 Notice of Deposition, 170 Notice of Deposition (Casey, Timothy) (Entered: 09/17/2009) |
| 09/21/2009 | 178 | *Joint* MOTION and *Stipulation to Dismiss Maricopa County without Prejudice* by Plaintiff Manuel de Jesus Ortega Melendres. (Attachments: # 1 Text of Proposed Order)(Kozinets, Peter) INCORRECT EVENT SELECTED. THIS ENTRY HAS BEEN MODIFIED FROM (Joinder) to (Motion to Dismiss Party) ATTORNEY NOTICED. Modified on 9/24/2009 (ESL, ). (Entered: 09/21/2009) |
| 09/22/2009 | 179 | NOTICE of Deposition of James Pendergraph, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 09/22/2009) |
| 09/25/2009 | 180 | CERTIFICATE OF SERVICE by Joseph M Arpaio, Maricopa County Sheriff's Office (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 09/25/2009) |
| 09/25/2009 | 181 | Notice re Notice of Service of Defendant Arpaio and MCSO's 12th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 09/25/2009) |
| 09/28/2009 | 182 | Notice re of Service of Supplemental Response to Plaintiffs' First Set of Interrogatories to Defendant Maricopa County by Maricopa County (Hartsig, Charitie) (Entered: 09/28/2009) |
| 09/30/2009 | 183 | NOTICE of Appearance by Anne Lai on behalf of Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Lai, Anne) (Entered: 09/30/2009) |
| 10/01/2009 | 184 | Notice re Notice of Service of Defendants Arpaio and MCSO's 13th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/01/2009) |
| 10/01/2009 | 185 | NOTICE of Deposition of Deputy Matt Ratcliff, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/01/2009) |
| 10/01/2009 | 186 | NOTICE of Deposition of Suzanne Ashmore, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/01/2009) |
| 10/02/2009 | 187 | NOTICE of Deposition of Lieutenant Joseph Sousa, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua |

| | | Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/02/2009) |
|---|---|---|
| 10/07/2009 | 188 | NOTICE of Deposition of Sheriff Joseph M. Arpaio, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/07/2009) |
| 10/08/2009 | 189 | Notice re Defendant Arpaio and MCSO's Second Cross Notice of Videotaping Certain Depositions Noticed by Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/08/2009) |
| 10/08/2009 | 190 | Notice re Notice of Service of Defendants Arpaio and MCSO's 14th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/08/2009) |
| 10/08/2009 | 191 | Notice re Notice of Service of Defendant MCSO's Fifth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/08/2009) |
| 10/09/2009 | 192 | Notice re Notice of Service of Defendants Arpaio and MCSO's 15th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/09/2009) |
| 10/09/2009 | 193 | REPORT of Amended Joint Case Management Report by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/09/2009) |
| 10/13/2009 | 194 | ORDER granting 178 Motion to Dismiss Party; dismissing Defendant Maricopa County from this action without prejudice. Plaintiffs and Defendant Maricopa County shall bear their own attorneys' fees and costs regarding Plaintiffs' claims against Defendant Maricopa County only, but not regarding Plaintiffs' claims against Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office. Party Maricopa County terminated. Signed by Judge G Murray Snow on 10/13/09.(DMT, ) (Entered: 10/13/2009) |
| 10/14/2009 | 195 | NOTICE of Deposition of Deputy Ramon Charley Armendariz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 10/14/2009) |
| 10/15/2009 | 196 | Notice re Service of Plaintiffs' Third Supplemental Disclosure Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Lockwood, Aaron) (Entered: 10/15/2009) |
| 10/20/2009 | 197 | MOTION for Protective Order by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Affidavit Certification of Counsel Timothy J. Casey, # 2 Exhibit, # 3 Text of Proposed Order)(Casey, Timothy) (Entered: 10/20/2009) |
| 10/20/2009 | 198 | MOTION to Expedite Ruling on Defendants' Motion for Protective Order by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 10/20/2009) |
| 10/21/2009 | 199 | MOTION to File Amicus Curiae *Memorandum of Law Regarding Defendants' Motion for Protective Order* by United States. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Aminfar, Amin) (Entered: 10/21/2009) |
| 10/21/2009 | 200 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: David Bodney and Peter Kozinets for plaintiffs; Timothy Casey for defendants. Scheduling Conference held on 10/21/2009. Status of the case is discussed and case management deadlines are established. Plaintiffs' Response to Defendants' Motion for Protective Order is due by 10/23/09. Defendants' Reply is due by 10/26/09. The Court signs the Case Management Order this date. Order to follow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/21/2009) |
| 10/21/2009 | 201 | CASE MANAGEMENT ORDER: Discovery due by 2/26/2010. Dispositive motions due by 7/31/2010. (See Order for full details). Signed by Judge G Murray Snow on 10/21/09. (KFZ) (Entered: 10/21/2009) |
| 10/23/2009 | 202 | RESPONSE in Opposition re 197 MOTION for Protective Order, 199 MOTION to File Amicus Curiae *Memorandum of Law Regarding Defendants' Motion for Protective Order Plaintiffs' Response in Opposition to Defendants' Motion for* |

| | | |
|---|---|---|
| | | *Protective Order Re: The Exclusion of Non−Party United States Department of Justice from the Depositions of Defendants Arpaio and MCSO Witnesses −and− Plaintiffs' Non−Opposition to the United States' Motion for Leave to File Amicus Curiae Memorandum of Law Regarding Defendants' Motion for Protective Order* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) Modified on 10/26/2009 INCORRECT EVENT SELECTED. THE CORRECT ENTRY (Response in Opposition to Motion) (KMG). (Entered: 10/23/2009) |
| 10/23/2009 | 203 | Notice re Amended Notice of Deposition of Deputy Ramon Charley Armendariz by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 10/23/2009) |
| 10/23/2009 | 204 | Notice re Amended Notice of Deposition of Lieutenant Joseph Sousa by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 10/23/2009) |
| 10/23/2009 | 205 | Notice re Amended Notice of Videotaped Deposition of Deputy Chief Brian Sands by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 10/23/2009) |
| 10/23/2009 | 206 | Notice re Amended Notice of Videotaped Deposition of Chief David Hendershott by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 10/23/2009) |
| 10/26/2009 | 207 | REPLY in Support re 197 MOTION for Protective Order filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 10/26/2009) |
| 10/28/2009 | 208 | ORDER − IT IS ORDERED granting the United States' 199 Motion for Leave to File Amicus Curiae Memorandum of Law; FURTHER ORDERED granting Dfts' 197 Motion for Protective Order and its 198 Motion for Expedited Ruling on the Motion. Signed by Judge G Murray Snow on 10/28/09. (SAT) (Entered: 10/28/2009) |
| 10/28/2009 | 209 | Amicus Curiae MEMORANDUM of Law Regarding Defendants' 197 MOTION for Protective Order by Amicus United States. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(SAT) (Entered: 10/28/2009) |
| 10/29/2009 | 210 | Notice re Notice of Service of Defendants Arpaio and MCSO's 16th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 10/29/2009) |
| 10/30/2009 | 211 | TRANSCRIPT DESIGNATION AND ORDER FORM by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on October 21, 2009 before Judge Honorable G. Murray Snow. (Kozinets, Peter) (Entered: 10/30/2009) |
| 11/02/2009 | 212 | TRANSCRIPT DESIGNATION AND ORDER FORM by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 10/21/2009 before Judge Hon. G. Murray Snow. (Casey, Timothy) (Entered: 11/02/2009) |
| 11/04/2009 | 213 | NOTICE of Deposition of Lydia Guzman, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 11/04/2009) |
| 11/09/2009 | 214 | Notice re Second Amended Notice of Deposition of Deputy Ramon Charley Armendariz by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 11/09/2009) |
| 11/09/2009 | 215 | Notice re Service of Plaintiff Manuel De Jesus Ortega Melendres' First Supplemental Responses and Objections to Defendant Arpaio's First Set of Requests for Production by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 11/09/2009) |
| 11/10/2009 | 216 | Notice re Defendant Arpaio and MCSO's Third Cross Notice of Videotaping Certain Depositions Noticed by Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/10/2009) |

| 11/10/2009 | 217 | Notice re Notice of Service of Defendant MCSO's Sixth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/10/2009) |
| 11/12/2009 | 218 | Notice re Notice of Service of Defendant MCSO's Seventh Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/12/2009) |
| 11/12/2009 | 219 | Notice re Notice of Service of Defendants Arpaio and MCSO's 17th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/12/2009) |
| 11/12/2009 | 220 | ORDER authorizing Plaintiffs, no later than 11/20/09 to file a pleading requesting sanctions against the Defendants. Defendants shall have until 12/4/09 to file a Response (see order for details). Signed by Judge G Murray Snow on 11/12/09. (TLJ) (Entered: 11/12/2009) |
| 11/13/2009 | 221 | TRANSCRIPT DESIGNATION AND ORDER FORM by United States for proceedings held on October 21, 2009 before Judge Honorable G. Murray Snow. (Aminfar, Amin) (Entered: 11/13/2009) |
| 11/13/2009 | 222 | Notice re Notice of Service of Defendants Arpaio and MCSO's 18th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/13/2009) |
| 11/13/2009 | 223 | Notice re Notice of Service of Defendant MCSO's Eighth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/13/2009) |
| 11/18/2009 | 224 | TRANSCRIPT filed for hearing on Scheduling Conference for dates of 10/21/09 before Judge G. Murray Snow. Court Reporter: Gary Moll. Re 44 Notice of Appeal Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2009. Redacted Transcript Deadline set for 12/21/2009. Release of Transcript Restriction set for 2/16/2010. (Cady, Elizabeth) (Entered: 11/18/2009) |
| 11/18/2009 | 225 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT 224 . (Cady, Elizabeth) (Entered: 11/18/2009) |
| 11/20/2009 | 226 | Notice re Notice of Service of Defendant MCSO's Ninth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/20/2009) |
| 11/20/2009 | 227 | MOTION for Sanctions against Defendants by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit Declaration of Peter S. Kozinets in Support of Plaintiffs' Motion for Sanctions, # 2 Appendix Index of Exhibits, # 3 Exhibit Exhibits A−O, # 4 Text of Proposed Order Proposed Order Granting Plaintiffs' Motion for Sanctions)(Kozinets, Peter) (Entered: 11/20/2009) |
| 11/20/2009 | 228 | Notice re Certification of Moving Counsel in Support of Motion for Sanctions by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 11/20/2009) |
| 11/25/2009 | 229 | Notice re Defendant Arpaio and MCSO's Fourth Cross Notice of Videotaping Certain Depositions Noticed by Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 11/25/2009) |
| 11/30/2009 | 230 | Notice re Service of Plaintiffs' Fourth Supplemental Disclosure Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 11/30/2009) |
| 12/01/2009 | 231 | Notice re Service of Plaintiffs' Second Set of Interrogatories to Defendant Maricopa County Sheriff's Office by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 12/01/2009) |

| | | |
|---|---|---|
| 12/01/2009 | 232 | Notice re Notice of Service of Defendant MCSO's Tenth Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 12/01/2009) |
| 12/02/2009 | 233 | MOTION for Extension of Time To File a Response and Reply to Plaintiffs' Motion for Sanctions by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 12/02/2009) |
| 12/04/2009 | 234 | ORDER granting 233 Defendants' Motion for Extension of Time through and including 12/11/09 to file and serve their Response to Plaintiffs' Motion for Sanctions. ORDER that Plaintiffs shall have an extension of time through and including 12/23/09 to file and serve their reply in support of their Motion for Sanctions. Signed by Judge G Murray Snow on 12/4/09.(TLJ) (Entered: 12/04/2009) |
| 12/11/2009 | 235 | RESPONSE in Opposition re 227 MOTION for Sanctions against Defendants filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1−4, # 2 Exhibit 5−8, # 3 Exhibit 9−12)(Casey, Timothy) (Entered: 12/11/2009) |
| 12/17/2009 | 236 | Notice re Notice of Service of Defendants Arpaio and MCSO's 19th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 12/17/2009) |
| 12/23/2009 | 237 | REPLY in Support re 227 MOTION for Sanctions against Defendants filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit Second Declaration of Peter S. Kozinets in Support of Plaintiffs' Motion for Sanctions, # 2 Appendix Index of Exhibits to Peter S. Kozinets' Second Declaration, # 3 Exhibit Exhibits A−C, # 4 Exhibit Exhibits D−F)(Kozinets, Peter) (Entered: 12/23/2009) |
| 01/04/2010 | | Notice of request for e−notices by RONALD GALLEGOS. (Gallegos, Ronald) (Entered: 01/04/2010) |
| 01/04/2010 | 238 | Notice re Notice of Service of Defendants Arpaio and MCSO's 20th Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 01/04/2010) |
| 01/04/2010 | 239 | Notice re Notice of Service of Defendant MCSO's Responses to Plaintiffs' Second Set of Interrogatories by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 01/04/2010) |
| 01/06/2010 | 240 | Notice re Second Amended Notice of Videotaped Deposition of Chief David Hendershott by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 01/06/2010) |
| 01/12/2010 | 241 | ORDER. This afternoon the Court conferred with the parties telephonically on the Defendants' oral motion to seal the deposition of Mr. Hendershott, currently scheduled for January 19, until such time as Mr. Hendershott testifies at the trial of this matter. The Defendants' motion is denied without prejudice to the Defendant asserting, during the course of the deposition itself, a request for protective order with respect to specific material that Defendants assert to be entitled to protection under Fed. R. Civ. P. 26(b)(3)(5) and 26(c), or specific questions that they assert are not "reasonably calculated to lead to the discovery of admissible evidence." The parties are encouraged to resolve all such matters between themselves through the exercise of sound professional judgment and courtesy. To the extent that such issues nevertheless elude resolution between the parties, the Court has a full calender on the 19th, but will attempt to make itself telephonically available, if necessary, during the course of the day to make such rulings. If the Court is not immediately available to resolve questions of privilege, the parties are instructed to proceed with the deposition on other topics, and save the disputed questions until the Court can be reached. signed on this 12th day of January, 2010 by G. Murray Snow. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 01/12/2010) |
| 01/12/2010 | 242 | Notice re of Service of Plaintiffs' Second Set of Requests for Admission and Requests for Production and Third Set of Interrogatories to Defendant Maricopa County Sheriff's Office by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 01/12/2010) |

| 01/15/2010 | <u>243</u> | Notice re Third Amended Notice of Videotaped Deposition of Chief David Hendershott by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 01/15/2010) |
|---|---|---|
| 01/20/2010 | <u>244</u> | Notice re Service of Plaintiffs' Fifth Supplemental Disclosure Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 01/20/2010) |
| 01/25/2010 | <u>245</u> | Notice re Notice of Service of Defendant MCSO's 11th Supplemental Response to Plaintiffs' First Set of Production of Documents and Things by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 01/25/2010) |
| 01/29/2010 | <u>246</u> | ORDER re <u>227</u> MOTION for Sanctions: setting oral argument for Friday, February 4, 2010 at 11:00 a.m. in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. Each side will be given a maximum of twenty minutes to present their arguments and answer the Courts questions. Signed by Judge G Murray Snow on 1/29/10. (KMG) (Entered: 01/29/2010) |
| 01/29/2010 | <u>247</u> | MOTION to Compel the United States Department of Homeland Securityand/or the United States Immigration and Customs Enforcement to Produce Two Documents and Tender Five Witnesses for Deposition by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # <u>1</u> Affidavit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Text of Proposed Order)(Casey, Timothy) (Entered: 01/29/2010) |
| 02/01/2010 | <u>248</u> | AMENDED ORDER Hearing set as to <u>227</u> MOTION for Sanctions against Defendants: setting oral argument for Thursday, February 4, 2010 at 11:00 a.m. in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. Each side will be given a maximum of twenty minutes to present their arguments and answer the Court's questions.Signed by Judge G Murray Snow on 1/29/10. (KMG) (Entered: 02/01/2010) |
| 02/03/2010 | <u>249</u> | Notice re Notice of Supplemental Legal Authority and Facts in Support of Motion for Sanctions by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re <u>227</u> MOTION for Sanctions against Defendants (Attachments: # <u>1</u> Affidavit Declaration of Aaron J. Lockwood, # <u>2</u> Appendix Index of Exhibits to Aaron J. Lockwood's Declaration in Support of Plaintiffs' Notice of Supplemental Legal Authority and Facts in Support of Motion for Sanctions, # <u>3</u> Exhibit Exhibits A−I)(Kozinets, Peter) (Entered: 02/03/2010) |
| 02/03/2010 | <u>250</u> | Notice re Amended Notice of Deposition of Deputy Michael Kikes by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 02/03/2010) |
| 02/04/2010 | 251 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: David Bodney, Peter Kozinets, Anne Lai, Aaron Lockwood and Daniel Pochada for plaintiffs. Timothy Casey for defendants. Motion Hearing held on 2/4/2010 re <u>227</u> Motion for Sanctions against Defendants filed by Velia Meraz, David Rodriguez, Somos America, Manuel Nieto, Jr, Jessica Quitugua Rodriguez, Manuel de Jesus Ortega Melendres. Argument presented. IT IS ORDERED taking under advisement <u>227</u> Motion for Sanctions. Order to follow. Status Conference set for 3/19/2010 at 9:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 02/04/2010) |
| 02/04/2010 | <u>252</u> | Notice re Defendant Arpaio and MCSO's Fifth Cross Notice of Videotaping Certain Depositions Noticed by Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 02/04/2010) |
| 02/05/2010 | <u>253</u> | TRANSCRIPT DESIGNATION AND ORDER FORM by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 2/4/2010 before Judge Hon. G. Murray Snow. (Kozinets, Peter) (Entered: 02/05/2010) |
| 02/05/2010 | <u>254</u> | Notice re Service of Plaintiffs' Sixth Supplemental Disclosure Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica |

| | | Quitugua Rodriguez, Somos America (Kozinets, Peter) (Entered: 02/05/2010) |
|---|---|---|
| 02/08/2010 | 255 | TRANSCRIPT DESIGNATION AND ORDER FORM by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 02/04/2010 before Judge G. Murray Snow. (Casey, Timothy) (Entered: 02/08/2010) |
| 02/08/2010 | 256 | TRANSCRIPT of Proceedings re: Motion Hearing held on 2/4/2010 before Judge G Murray Snow. Court Reporter: Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/1/2010. Redacted Transcript Deadline set for 3/11/2010. Release of Transcript Restriction set for 5/10/2010. (BAS) (Entered: 02/08/2010) |
| 02/08/2010 | 257 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT 256 (BAS) (Entered: 02/08/2010) |
| 02/11/2010 | 258 | Notice re Notice of Service of Defendants MCSO's Response to Plaintiffs' Second Set of Request for Admission and Requests for Production and Third Set of Interrogatories by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 02/11/2010) |
| 02/11/2010 | 259 | Notice re Service of Plaintiffs' Seventh Supplemental Disclosure Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Lockwood, Aaron) (Entered: 02/11/2010) |
| 02/12/2010 | 260 | RESPONSE in Opposition re 247 MOTION to Compel the United States Department of Homeland Securityand/or the United States Immigration and Customs Enforcement to Produce Two Documents and Tender Five Witnesses for Deposition filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit Exhibit A)(Kozinets, Peter) (Entered: 02/12/2010) |
| 02/12/2010 | 261 | ORDER − IT IS ORDERED granting Plas 227 Motion for Sanctions to the extent that Dfts have destroyed stat sheets that were in existence or came intoexistence after 7/21/2008 with the appropriate adverse inference(s) to be drawn to be determined after discovery closes. FURTHER ORDERED that by 3/4/2010 Dfts shall provide items to Plas as described within this order. FURTHER ORDERED setting a Status Conference for 3/19/2010 at 9:30 a.m. FURTHER ORDERED that Plas may redepose Sheriff Arpaio concerning the contents of his immigration file not previously provided to Plas. Dfts will pay the cost for the court reporter and will pay the reasonable costs incurred by one of Plas' cnsl to prepare for and take the deposition. Signed by Judge G Murray Snow on 2/11/10. (See order for details)(SAT) (Entered: 02/12/2010) |
| 02/16/2010 | 262 | RESPONSE to Motion re 247 MOTION to Compel the United States Department of Homeland Securityand/or the United States Immigration and Customs Enforcement to Produce Two Documents and Tender Five Witnesses for Deposition filed by United States. (Harwood, Ann) (Entered: 02/16/2010) |
| 02/17/2010 | 263 | NOTICE of Deposition of Anabel Avitia, Jerry Cosio and Leopoldo Arteaga, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 02/17/2010) |
| 02/18/2010 | 264 | STIPULATION *Motion for Extension of Time* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Lai, Anne) (Entered: 02/18/2010) |
| 02/18/2010 | 265 | Notice re Notice of Serviice of Defendants Arpaio and MCSO's 21st Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 02/18/2010) |
| 02/19/2010 | 266 | ORDER − The Court, having considered the parties' 264 Stipulated Motion for Extension of Time (First Request) for Defendants to take the deposition of Anabel Avitia, IT IS ORDERED that the deadline to commence and complete the deposition of Anabel Avitia is 3/1/2010. Signed by Judge G Murray Snow on 2/19/10. (SAT) |

| | | (Entered: 02/19/2010) |
|---|---|---|
| 02/19/2010 | 267 | MOTION for Clarification of the Court's February 12, 2010 Order Regarding Plaintiffs' Request for Attorneys' Fees and Costs by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 02/19/2010) |
| 02/19/2010 | 268 | REPLY in Support re 247 MOTION to Compel the United States Department of Homeland Securityand/or the United States Immigration and Customs Enforcement to Produce Two Documents and Tender Five Witnesses for Deposition filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 02/19/2010) |
| 02/19/2010 | 269 | Notice re Service of Plaintiffs' Eighth Supplemental Disclosure Statement and Plaintiff Somos America's Supplemental and Amended Responses to Defendant Arpaio's First Set of Interrogatories by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Lockwood, Aaron) (Entered: 02/19/2010) |
| 02/22/2010 | 270 | MOTION to Strike Plaintiffs' Motion for Clarification and RESPONSE in Opposition re 267 MOTION for Clarification of the Court's February 12, 2010 Order Regarding Plaintiffs' Request for Attorneys' Fees and Costs filed by Joseph M Arpaio, Maricopa County Sheriff's Office. Modified on 2/23/2010 (SAT). INCORRECT EVENT TYPE SELECTED. THIS ENTRY HAS BEEN MODIFIED FROM "RESPONSE IN OPPOSITION" TO "MOTION TO STRIKE". (Entered: 02/22/2010) |
| 02/23/2010 | 271 | REPLY in Support re 267 MOTION for Clarification of the Court's February 12, 2010 Order Regarding Plaintiffs' Request for Attorneys' Fees and Costs filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 02/23/2010) |
| 02/23/2010 | 272 | RESPONSE to Motion re 270 MOTION to Strike filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 02/23/2010) |
| 02/24/2010 | 273 | NOTICE of Deposition of Anabel Avitia, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 02/24/2010) |
| 02/24/2010 | 274 | ORDER – IT IS ORDERED that Dft file a Response on the merits to Plas' 267 MOTION for Clarification (that the Court will treat as a Motion for Reconsideration), such response not to exceed five pages and to be filed by 3/5/2010. FURTHER ORDERED that Plas' may file a Reply not to exceed three pages and to be filed by 3/12/2010. FURTHER ORDERED that to the extent Dft's Response includes a 270 Motion to Strike that Motion is denied. Signed by Judge G Murray Snow on 2/24/10. (SAT) (Entered: 02/24/2010) |
| 02/25/2010 | 275 | MOTION for Protective Order *(unopposed)* by United States. (Attachments: # 1 Text of Proposed Order)(Harwood, Ann) (Entered: 02/25/2010) |
| 02/26/2010 | 276 | Notice re Notice of Service of Defendants Arpaio and MCSO's 22nd Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 02/26/2010) |
| 02/26/2010 | 277 | Notice re Service by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America *of Plaintiffs' Ninth Supplemental Disclosure Statement* (Lockwood, Aaron) (Entered: 02/26/2010) |
| 03/01/2010 | 278 | ORDER granting 275 Unopposed Motion for Protective Order. ORDERED that Immigration and Customs Enforcement (ICE) may disclose to the parties' counsel documents subject to the Privacy Act, 5 U.S.C. section 552(a) and documents containing personal identifying information covered by the law enforcement privilege, subject to the following Protective Order. (See document for full details). Signed by Judge G Murray Snow on 3/1/10.(LAD) (Entered: 03/01/2010) |
| 03/02/2010 | 279 | ORDER granting in part and denying in part 247 Motion to Compel. (See document for further details). Signed by Judge G Murray Snow on 3/1/10.(LAD) (Entered: 03/02/2010) |

| 03/05/2010 | 280 | NOTICE of Deposition of Alonzo Pena, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/05/2010) |
|---|---|---|
| 03/05/2010 | 281 | NOTICE of Deposition of Jason Kidd, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/05/2010) |
| 03/05/2010 | 282 | RESPONSE in Opposition re 267 MOTION for Clarification of the Court's February 12, 2010 Order Regarding Plaintiffs' Request for Attorneys' Fees and Costs filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/05/2010) |
| 03/08/2010 | 283 | RESPONSE to Motion re 227 MOTION for Sanctions against Defendants AND MOTION to Require a Representative of Maricopa County's OET to Attend Scheduling Conference filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Casey, Timothy) Modified on 3/9/2010 TO INCLUDE MOTION (KMG). (Entered: 03/08/2010) |
| 03/08/2010 | 284 | Notice re Notice of Service of Defendant MCSO's 12th Supplemental Response to Plaintiff's First Set of Requests for Production of Documents and Things by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 03/08/2010) |
| 03/12/2010 | 285 | REPLY in Support re 267 MOTION for Clarification of the Court's February 12, 2010 Order Regarding Plaintiffs' Request for Attorneys' Fees and Costs filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Kozinets, Peter) (Entered: 03/12/2010) |
| 03/18/2010 | 286 | REPLY to Response to Motion re 283 MOTION for *Sanctions* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit Third Declaration of Peter S. Kozinets in Support of Plaintiffs' Motion for Sanctions, # 2 Appendix Index of Exhibits to Peter S. Kozinets' Third Declaration in Support of Plaintiffs' Motion for Sanctions, # 3 Exhibit Exhibits A and B)(Kozinets, Peter) (Entered: 03/18/2010) |
| 03/19/2010 | 287 | TRANSCRIPT DESIGNATION AND ORDER FORM by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 03−19−2010 before Judge Hon. G. Murray Snow. (Casey, Timothy) (Entered: 03/19/2010) |
| 03/19/2010 | 288 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: David Bodney, Peter Kozinets, and Daniel Pochada for plaintiffs. Timothy Casey for defendants. Amin Aminfar and Ann Harwood for United States. Thomas K. Irvine is also present. Status Conference held on 3/19/2010. Order to follow. Next Status Conference is set for 7/16/2010 at 9:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 03/19/2010) |
| 03/22/2010 | 289 | ORDER granting Plaintiffs' Motion 267 for Clarification which it elected to treat as a Motion for Reconsideration. The Court will award Plaintiff' reasonable attorneys' fees incurred in bringing their Motion for Sanctions upon Plaintiffs' compliance with LRCiv. 54.2. FURTHER ORDERED reaffirming that, except as otherwise ordered by the Court, the Case Management Order is in force and discovery is closed. The Court vacates the current deadlines for the submission of expert reports. A follow−up Status Conference is set for July 16, 2010 at 9:30 a.m. Prior to the Status Conference the parties will consult on the additional discovery that they deem necessary in light of the newly−identified and disclosed documents. No later than July 13, 2010, the parties will inform the Court as to: (1) the additional discovery that they agree is necessary; and (2) their respective positions with respect to the remaining desired discovery on which they cannot agree. MCSO makes an oral request to file a Motion for an Order to Show Cause against Maricopa County concerning the lately−identified documents. The Court grants the request for the Defendants to file such a motion but further indicates that while some discovery may be appropriate as to the reason for the delay in providing the most recent document disclosure, the Court will not make this case a forum for satellite litigation. The Court denies without prejudice the request that the Court determine who has the right to possess or have access to the documents that are currently in the possession of Maricopa County. Defendants' Motion 283 to Require a Representative of Maricopa County's OET to Attend the March 19, 2010 Scheduling |

| | | Conference is denied as moot. Signed by Judge G Murray Snow on 3/22/10.(KMG) (Entered: 03/22/2010) |
|---|---|---|
| 03/22/2010 | 290 | TRANSCRIPT of Proceedings re: Status Conference held on 03/19/2010 before Judge G Murray Snow. Court Reporter: Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/12/2010. Redacted Transcript Deadline set for 4/22/2010. Release of Transcript Restriction set for 6/21/2010. (BAS) (Entered: 03/22/2010) |
| 03/22/2010 | 291 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT 290 (BAS) (Entered: 03/22/2010) |
| 03/22/2010 | 292 | TRANSCRIPT DESIGNATION AND ORDER FORM by Maricopa, County of for proceedings held on 03/19/10 before Judge Hon. G. Murray Snow. (Moberly, Michael) (Entered: 03/22/2010) |
| 03/26/2010 | 293 | TRANSCRIPT DESIGNATION AND ORDER FORM by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 3/19/2010 before Judge G. Murray Snow. (Kozinets, Peter) (Entered: 03/26/2010) |
| 03/26/2010 | 294 | TRANSCRIPT DESIGNATION AND ORDER FORM by United States for proceedings held on 02/4/2010 before Judge Hon. G. Murray Snow. (Aminfar, Amin) (Entered: 03/26/2010) |
| 03/26/2010 | 295 | TRANSCRIPT DESIGNATION AND ORDER FORM by United States for proceedings held on 03/19/2010 before Judge Hon. G. Murray Snow. (Aminfar, Amin) (Entered: 03/26/2010) |
| 04/02/2010 | 296 | NOTICE of Appearance by Leigh Eric Dowell, Alec R. Hillbo and Kerry S. Martin on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office (Dowell, Leigh) Modified on 4/8/2010 (TLJ). DOCKET TEXT MODIFIED TO REFLECT ADDITIONAL COUNSEL. (Entered: 04/02/2010) |
| 04/08/2010 | 297 | Notice re Notice of Service of Defendant MCSO's 13th Supplemental Response to Plaintiffs' First Set of Requests for Production of Documents and Things by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 04/08/2010) |
| 04/08/2010 | 298 | Notice re Notice of Service of Defendants Arpaio and MCSO's 23rd Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 04/08/2010) |
| 04/08/2010 | 299 | Notice re Notice of Service of Defendants Arpaio and MCSO's Amended 23rd Supplemental Disclosure Statement by Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 04/08/2010) |
| 04/08/2010 | 300 | Notice re Notice of Service of Defendant MCSO's Amended 13th Supplemental Response to Plaintiffs' First Set of Request for Production of Documents and Things by Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 04/08/2010) |
| 05/14/2010 | 301 | MOTION for Court−Assisted Mediation by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 05/14/2010) |
| 05/20/2010 | 302 | RESPONSE in Opposition re 301 MOTION for Court−Assisted Mediation *Defendants' Response in Opposition to Plaintiffs' Motion for Court−Assisted Mediation* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 05/20/2010) |
| 05/21/2010 | 303 | NOTICE OF ATTORNEY SUBSTITUTION: Elizabeth Adair Strange appearing for United States. Attorney Ann Elizabeth Harwood terminated. (Strange, Elizabeth) (Entered: 05/21/2010) |
| 05/25/2010 | 304 | MOTION to Withdraw as Attorney, MOTION to Substitute Attorney: for substitution of Stanley Young, Andrew Byrnes and Stephen Chien of Covington & Burling LLP in place of David J. Bodney, Peter S. Kozinets and Aaron J. Lockwood of Steptoe & Johnson LLP by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, |

| | | David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit LRCiv. 83.3(b)(2) Certification of Counsel, # 2 Text of Proposed Order [Proposed] Order Granting Application for Withdrawal and Substitution of Counsel)(Bodney, David) (Entered: 05/25/2010) |
|---|---|---|
| 05/26/2010 | 305 | MOTION for Admission Pro Hac Vice as to attorney Stanley Young on behalf of plaintiffs Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 05/26/2010) |
| 05/26/2010 | 306 | MOTION for Admission Pro Hac Vice as to attorney Andrew Carl Byrnes on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 05/26/2010) |
| 05/26/2010 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX097286 as to Stanley Young, Andrew Carl Byrnes. (BAS) (Entered: 05/26/2010) |
| 05/26/2010 | 307 | ORDER pursuant to General Order 05−25 granting 305 Motion for Admission Pro Hac Vice; granting 306 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 05/26/2010) |
| 06/01/2010 | 308 | MOTION for Admission Pro Hac Vice as to attorney Stephen C Chien on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 06/01/2010) |
| 06/01/2010 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX097411 as to Stephen C Chien. (BAS) (Entered: 06/01/2010) |
| 06/01/2010 | 309 | ORDER pursuant to General Order 05−25 granting 308 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 06/01/2010) |
| 06/02/2010 | | Notice of request for e−notices by Wade Swanson. (Swanson, Wade) (Entered: 06/02/2010) |
| 06/02/2010 | 310 | Notice re The Parties Joint Notice of the Status of Settlement Discussions by Joseph M Arpaio, Maricopa County Sheriff's Office, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Casey, Timothy) (Entered: 06/02/2010) |
| 06/07/2010 | 311 | ORDER denying 301 Motion for Court−Assisted Mediation without prejudice. Signed by Judge G Murray Snow on 6/4/10.(LAD) (Entered: 06/07/2010) |
| 06/16/2010 | 312 | MOTION for Extension of Time To Produce to Plaintiffs the Archived Emails of the MCSO by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 06/16/2010) |
| 06/17/2010 | 313 | ORDER granting 304 Motion to Withdraw as Attorney. Attorney Aaron James Lockwood; David Jeremy Bodney and Peter Shawn Kozinets terminated; granting 304 Motion to Substitute Attorney. Attorney Young, Byrnes and Chien substituted as counsel for plaintiffs. Signed by Judge G Murray Snow on 6/16/10.(DMT) (Entered: 06/17/2010) |
| 06/23/2010 | 315 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Return to Sender. Not Deliverable As Addressed. Unable to Forward. Document number 313. (HLA) (Entered: 06/28/2010) |
| 06/25/2010 | 314 | RESPONSE to Motion re 312 MOTION for Extension of Time To Produce to Plaintiffs the Archived Emails of the MCSO filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua |

| | | |
|---|---|---|
| | | Rodriguez, Somos America. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Chien, Stephen) (Entered: 06/25/2010) |
| 07/01/2010 | 316 | REPLY in Support re 312 MOTION for Extension of Time To Produce to Plaintiffs the Archived Emails of the MCSO filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 07/01/2010) |
| 07/09/2010 | 317 | ORDER deferring ruling on the 312 Motion for Extension of Time to Produce to Plaintiffs the Archived Emails of the MCSO. Signed by Judge G Murray Snow on 7/8/10.(KMG) (Entered: 07/09/2010) |
| 07/09/2010 | 318 | Notice re the Parties' Touhy Requests by United States of America (Strange, Elizabeth) (Entered: 07/09/2010) |
| 07/09/2010 | 319 | MOTION for Protective Order *Supplanting the Court's Order Dated March 1, 2010 (Unopposed)* by United States of America. (Attachments: # 1 Text of Proposed Order)(Strange, Elizabeth) (Entered: 07/09/2010) |
| 07/12/2010 | 320 | MOTION for Admission Pro Hac Vice as to attorney Tammy Albarran on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 07/12/2010) |
| 07/12/2010 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX098864 as to Tammy Albarran. (BAS) (Entered: 07/12/2010) |
| 07/12/2010 | 321 | ORDER pursuant to General Order 05−25 granting 320 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/12/2010) |
| 07/13/2010 | 322 | STATEMENT of Joint Status Conference Statement by Plaintiff Manuel de Jesus Ortega Melendres. (Young, Stanley) (Entered: 07/13/2010) |
| 07/15/2010 | 323 | NOTICE of Deposition of Alonzo Pena (Amended), filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 07/15/2010) |
| 07/15/2010 | 324 | NOTICE of Deposition of Jason Kidd (Amended), filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 07/15/2010) |
| 07/16/2010 | 325 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Stanley Young, Stephen Chien, Anne Lai, Daniel Pochoda, Nancy Ramirez and Cecilia Wang for plaintiffs. Timothy Casey for defendants. Elizabeth Strange for United States. Status Conference held on 7/16/2010. IT IS ORDERED granting 319 Motion for Protective Order. IT IS FURTHER ORDERED granting 312 Motion for Extension of Time. Defendants shall produce discoverable e−mails by 8/11/2010, as set forth on the record. IT IS FURTHER ORDERED that if the Defendant(s) intend to file an Order to Show Cause or seek other relief against the County in this matter, they have until 8/18/2010 to do so. Status Conference set for 10/1/2010 at 8:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 07/16/2010) |
| 07/16/2010 | 326 | Notice re Filing of Stipulated Protective Order for ICE Depositions by United States of America (Attachments: # 1 Text of Proposed Order)(Strange, Elizabeth) (Entered: 07/16/2010) |
| 07/19/2010 | 327 | TRANSCRIPT DESIGNATION AND ORDER FORM by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on July 16, 2010 before Judge Hon. G. Murray Snow. (Casey, Timothy) (Entered: 07/19/2010) |
| 07/20/2010 | 328 | TRANSCRIPT DESIGNATION AND ORDER FORM by Manuel de Jesus Ortega Melendres for proceedings held on 7/16/2010 before Judge Hon. G. Murray Snow. (Young, Stanley) (Entered: 07/20/2010) |

| 07/20/2010 | 329 | PROTECTIVE ORDER REGARDING THE DEPOSITIONS OF FORMER AND CURRENT ICE EMPLOYEES re 326 Other Notice. Signed by Judge G Murray Snow on 7/20/10. (TLJ) (Entered: 07/20/2010) |
|---|---|---|
| 07/21/2010 | 330 | TRANSCRIPT of Proceedings re: Status Conference held on 07/16/2010 before Judge G Murray Snow. Court Reporter: Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2010. Redacted Transcript Deadline set for 8/23/2010. Release of Transcript Restriction set for 10/19/2010. (BAS) (Entered: 07/21/2010) |
| 07/22/2010 | 331 | TRANSCRIPT DESIGNATION AND ORDER FORM by Joseph M Arpaio for proceedings held on 07/16/2010 before Judge Snow. (Dowell, Leigh) (Entered: 07/22/2010) |
| 07/30/2010 | 332 | STIPULATION *and Proposed Protective Order* by Joseph M Arpaio, Maricopa County Sheriff's Office, Maricopa, County of, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Casey, Timothy) (Entered: 07/30/2010) |
| 08/05/2010 | 333 | PROTECTIVE ORDER pursuant to the parties' Stipulation re 332 the Carve Out MCSO Archived Emails, the Court finds that Plaintiffs' treatment and use of the Maricopa County Sheriff's Office archived "carve−out" emails shall be as directed within this Order. Signed by Judge G Murray Snow on 8/5/10. (NOTE: See Protective Order for full details)(KMG) (Entered: 08/05/2010) |
| 08/11/2010 | 334 | NOTICE re Notice of Service of Defendant MCSO's 14th Supplemental Response to Plaintiffs' First Set of Production of Documents and Things by Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 08/11/2010) |
| 08/11/2010 | 335 | NOTICE re Notice of Defendants Arpaio and the MCSO's Compliance With Court Order Dated July 16, 2010 Re MCSO Archived Emails by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 08/11/2010) |
| 08/13/2010 | 336 | MOTION to Withdraw as Attorney by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Affidavit Rule 83.3(b)(2) Certification, # 2 Text of Proposed Order)(Casey, Timothy) (Entered: 08/13/2010) |
| 08/17/2010 | 337 | MOTION Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibits A thru E)(Dowell, Leigh) (Entered: 08/17/2010) |
| 08/19/2010 | 338 | NOTICE re Service of the United States' Responses to the Parties' Touhy Requests by United States of America. (Strange, Elizabeth) (Entered: 08/19/2010) |
| 08/23/2010 | 339 | ORDER granting 336 Motion to Withdraw as Attorney, and that Schmitt, Schneck, Smyth & Herrod, P.C. and its attorneys are withdrawn as counsel of record for Defendants Joseph M. Arpaio and the Maricopa County Sheriff's Office in this action. FURTHER ORDERD that the firm of Ogletree Deakins Nash Smoak & Stewart PC and its attorneys Alec R. Hillbo, Kerry Scott Martin and Leigh Eric Dowell shall continue to be counsel of record for Joseph M. Arpaio and the Maricopa County Sheriff's Office. Signed by Judge G Murray Snow on 8/23/10.(KMG) (Entered: 08/23/2010) |
| 08/24/2010 | 340 | MOTION for Hearing or Conference re: Status Conference Regarding Representation of MCSO and Sheriff Joe Arpaio by Joseph M Arpaio, Maricopa County Sheriff's Office. (Dowell, Leigh) (Entered: 08/24/2010) |
| 08/25/2010 | 341 | NOTICE of Appearance by Thomas P Liddy on behalf of Joseph M Arpaio (Liddy, Thomas) (Entered: 08/25/2010) |
| 08/25/2010 | 342 | NOTICE of Appearance by David A Selden on behalf of Maricopa County Administration (Selden, David) (Entered: 08/25/2010) |
| 08/25/2010 | 343 | RESPONSE to Motion re 340 MOTION for Hearing or Conference re: Status Conference Regarding Representation of MCSO and Sheriff Joe Arpaio filed by Maricopa County Administration. (Selden, David) Modified on 8/26/2010 CORRECTION: This document is not in compliance with LRCiv 7.1(c) − text |

| | | searchability. Attorney Noticed. (KMG). (Entered: 08/25/2010) |
|---|---|---|
| 08/26/2010 | 344 | NOTICE of Change of Address by Anne Lai (Lai, Anne) (Entered: 08/26/2010) |
| 08/26/2010 | 345 | ORDER Setting a Telephonic Conference on this Motion re 340 MOTION for Status Conference Regarding Representation of MCSO and Sheriff Joe Arpaio: Motion Hearing set for 9/9/2010 at 03:00PM before Judge G Murray Snow. The parties participating are directed to call (602) 322−7650 from a land line no later than five minutes before the hearing. MCSO shall provide the Court, on or before September 2, 2010, with the procedures that it asserts bind the Sheriff's Office with respect to the procurement of professional services. Signed by Judge G Murray Snow on 8/26/10. (KMG) (Entered: 08/26/2010) |
| 08/27/2010 | 346 | NOTICE re Erratum of Notice of Appearance by Joseph M Arpaio. (Liddy, Thomas) (Entered: 08/27/2010) |
| 09/02/2010 | 347 | NOTICE re to Court of Procedure for Selection of Counsel by Maricopa County by Joseph M Arpaio (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Liddy, Thomas) (Entered: 09/02/2010) |
| 09/03/2010 | 348 | RESPONSE to Motion re 337 MOTION Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery filed by Manuel de Jesus Ortega Melendres. (Young, Stanley) (Entered: 09/03/2010) |
| 09/03/2010 | 349 | DECLARATION of Matthew J. Steilen In Support of Plaintiffs' Response to Motion for an Order to Show Cause and for Leave to Take Additional Discovery re 348 Response to Motion by Plaintiff Manuel de Jesus Ortega Melendres. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Young, Stanley) (Entered: 09/03/2010) |
| 09/08/2010 | 350 | MOTION to Strike *SHERIFF'S MOTION re 337 FOR ORDER TO SHOW CAUSE AND FOR LEAVE TO TAKE ADDITIONAL DISCOVERY* by Maricopa County. (Attachments: # 1 Exhibit Exhibits A, B and C)(Selden, David) Modified on 9/9/2010 CORRECTION: as to document linkage. (KMG). (Entered: 09/08/2010) |
| 09/09/2010 | 351 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Stanley Young, Stephen Chien, Nancy Ramirez and Cecilia Wang for plaintiffs. Leigh Eric Dowell for defendants. Thomas Liddy and Richard Stewart, separate counsel entering an appearance on behalf of defendants. David Selden for Maricopa County. Elizabeth Strange for United States. Telephone Conference held on 9/9/2010. Richard Stewart shall file a Notice of Appearance by 9/16/2010. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/09/2010) |
| 09/09/2010 | 352 | Letter dated 9/9/10 from Joseph M Arpaio, Sheriff re counsel. (SAT) (Entered: 09/10/2010) |
| 09/10/2010 | 353 | TRANSCRIPT REQUEST by Maricopa County Administration for proceedings held on September 9, 2010 before Judge G. Murray Snow.. (Selden, David) (Entered: 09/10/2010) |
| 09/10/2010 | 354 | MOTION for Extension of Time to File Response/Reply as to 348 Response to Motion, 349 Declaration,, 350 MOTION to Strike *SHERIFF'S MOTION FOR ORDER TO SHOW CAUSE AND FOR LEAVE TO TAKE ADDITIONAL DISCOVERY* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order Order)(Martin, Kerry) (Entered: 09/10/2010) |
| 09/13/2010 | 355 | MOTION to Change Venue/Transfer Case to Hon. G. Murray Snow by United States of America. (Attachments: # 1 Text of Proposed Order)(Aminfar, Amin) (Entered: 09/13/2010) |
| 09/14/2010 | 356 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Telephonic Status Conference Proceedings held on 09/09/2010, before Judge G Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction |

|  |  | Request due 10/5/2010. Redacted Transcript Deadline set for 10/15/2010. Release of Transcript Restriction set for 12/13/2010. (BAS) (Entered: 09/14/2010) |
|---|---|---|
| 09/15/2010 | 357 | TRANSCRIPT REQUEST of Telephonic Status Conference by Joseph M Arpaio for proceedings held on 09/09/2010 before Judge G. Murray Snow.. (Dowell, Leigh) (Entered: 09/15/2010) |
| 09/15/2010 | 358 | ORDER granting 354 Motion for Extension of Time to File Reply re 337 MOTION Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery − extending the deadline for filing the OSC Reply from Monday, September 13, 2010 until the date on which the Sheriff's Response to the County's Motion to Strike is due, on September 27, 2010. Signed by Judge G Murray Snow on 9/15/10.(KMG) (Entered: 09/15/2010) |
| 09/15/2010 | 359 | MOTION for Admission Pro Hac Vice as to attorney Matthew James Steilen on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 09/15/2010) |
| 09/15/2010 | 360 | MOTION for Admission Pro Hac Vice as to attorney Kevin Joseph Hickey on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 09/15/2010) |
| 09/15/2010 |  | PRO HAC VICE FEE PAID. $ 50, receipt number PHX101339 as to Matthew James Steilen. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/15/2010) |
| 09/15/2010 |  | PRO HAC VICE FEE PAID. $ 50, receipt number PHX101340 as to Kevin Joseph Hickey. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/15/2010) |
| 09/15/2010 | 361 | ORDER pursuant to General Order 05−25 granting 359 Motion for Admission Pro Hac Vice; granting 360 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/15/2010) |
| 09/20/2010 | 362 | RESPONSE to Motion re 337 MOTION Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery filed by Maricopa, County of. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3 (1 of 2), # 4 Exhibit Exhibit 3 (2 of 2))(Selden, David) (Entered: 09/20/2010) |
| 09/27/2010 | 363 | Second MOTION for Extension of Time to File Reply re 337 MOTION Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order Order)(Martin, Kerry) Modified on 9/28/2010 CORRECTION: as to document linkage. (KMG). (Entered: 09/27/2010) |
| 09/28/2010 | 364 | STATUS REPORT Status Conference Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Young, Stanley) (Entered: 09/28/2010) |
| 09/30/2010 | 365 | STATUS REPORT /STATUS CONFERENCE STATEMENT by Joseph M Arpaio. (Liddy, Thomas) (Entered: 09/30/2010) |
| 09/30/2010 | 366 | MOTION for Sanctions and Attorneys' Fees by Maricopa County Administration. (Attachments: # 1 Exhibit Exhibit A to Maricopa County's Motion for Sanctions and Attorneys' Fees, # 2 Exhibit Exhibit B to Maricopa County's Motion for Sanctions and Attorneys' Fees)(Selden, David) (Entered: 09/30/2010) |
| 09/30/2010 |  | Notice of request for e−notices by Winsome G. Gayle. (Gayle, Winsome) (Entered: 09/30/2010) |
| 10/01/2010 | 367 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Stanley Young for plaintiffs. Thomas Liddy and Maria Brandon for defendants. Leigh |

| | | Eric Dowell and Kerry Martin separate counsel for defendants. David Selden for Maricopa County. Elizabeth Strange for United States. Status Conference held on 10/1/2010. Order to follow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/01/2010) |
|---|---|---|
| 10/01/2010 | 368 | ORDER denying as moot the 355 Motion to Change Venue/Transfer Case. Signed by Judge G Murray Snow on 10/1/10.(LAD) (Entered: 10/01/2010) |
| 10/01/2010 | 369 | ORDER − Defendants' Arpaio and MCSO's Second Unopposed Motion for an Extensionof Time to File a Reply in Support of Defendants' Order to Show Cause and Allowing Defendants Leave to Take Additional Discovery (Doc. 363) is denied in part and granted in part. Defendants' Arpaio and MCSO shall have to and including October 8, 2010 in which to file their Reply in Support of the Order to Show Cause (Doc. 337) and file a Response to the Motion to Strike (Doc. 350). The parties shall have to and including November 19, 2010 in which to depose the following Maricopa County Sheriff Officers: (1) Joseph Sousa; (2) Brian Sands; (3) Manuel Madrid; (4) Brett Palmer; (5) Jack MacIntyre; (6) Ramon Armendariz; (7) Carlos Rangel; (8) Sheriff Joe Arpaio; and (9) Chief Deputy David Hendershot. Plaintiffs shall provide full and complete expert disclosures no later than December 22, 2010. Defendants' shall provide full and complete expert disclosures no later than January 21, 2011. Rebuttal expert disclosures, if any, shall be made no later than February 4, 2011.Expert depositions shall be completed no later than March 23, 2011.Dispositive motions shall be filed no later than April 22, 2011. Maricopa County's Motion for Sanctions and Attorneys' Fees (Doc. 366) is denied.Signed by Judge G Murray Snow on 10/1/10.(LAD) (Entered: 10/01/2010) |
| 10/06/2010 | 370 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Return to Sender, Not Deliverable as Addressed, Unable to Forward. Document number 368,369. (MHA) (Entered: 10/07/2010) |
| 10/08/2010 | 371 | REPLY to Response to Motion re 337 MOTION for an Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery AND RESPONSE to Motion re 350 MOTION to Strike MOTION 337 Order to Show Cause and Allowing Defendants' Leave to Take Additional Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibits A−B)(Martin, Kerry) Modified on 10/12/2010 CORRECTION: as to document linkage and text. (KMG). (Entered: 10/08/2010) |
| 10/10/2010 | 372 | REPLY to Response to Motion re 350 MOTION to Strike *SHERIFF'S MOTION FOR ORDER TO SHOW CAUSE AND FOR LEAVE TO TAKE ADDITIONAL DISCOVERY* filed by Maricopa, County of. (Selden, David) (Entered: 10/10/2010) |
| 10/14/2010 | | Notice of request for e−notices by Nina Rivera. (Rivera, Nina) (Entered: 10/14/2010) |
| 10/29/2010 | 373 | NOTICE of Deposition of Detective Ramon Armendariz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 374 | NOTICE of Deposition of Sheriff Joseph M. Arpaio, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 375 | NOTICE of Deposition of Chief Deputy David A. Hendershott, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 376 | NOTICE of Deposition of Chief Deputy John J. MacIntyre, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 377 | NOTICE of Deposition of Sergeant Brett Palmer, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 378 | NOTICE of Deposition of Detective Carlos Rangel, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua |

| | | |
|---|---|---|
| | | Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 379 | NOTICE of Deposition of Chief Deputy Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 10/29/2010) |
| 10/29/2010 | 380 | NOTICE re to Court Concerning Protective Order Regarding the Depositions of Jason Kidd and Alonzo Pena by United States of America. (Strange, Elizabeth) (Entered: 10/29/2010) |
| 11/02/2010 | | Notice of request for e−notices by Nina Rivera. (Rivera, Nina) (Entered: 11/02/2010) |
| 11/05/2010 | 381 | MOTION for Admission Pro Hac Vice as to attorney Lesli Gallagher on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 11/08/2010) |
| 11/05/2010 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX103240 as to Lesli Rawles Gallagher. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 11/08/2010) |
| 11/08/2010 | 382 | ORDER pursuant to General Order 05−25 granting 381 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 11/08/2010) |
| 11/09/2010 | 383 | MOTION for Protective Order by Joseph M Arpaio. (Attachments: # 1 Exhibit No. 1)(Liddy, Thomas) (Entered: 11/09/2010) |
| 11/16/2010 | 384 | ORDER. Last night the court had a telephonic conference with the parties regarding an instruction not to answer in the deposition of Chief Brian Sands. Chief Sands was instructed by his lawyer not to answer a question pertaining to a conversation between Chief Sands and Deputy Chief Jack McIntyre based on the fact that Deputy Chief McIntyre is a licensed attorney in the state and the conversation might have been covered by the attorney−client privilege. Pursuant to Ariz. Rev. Stat. 11−403(A), Deputy Chief McIntyre is not permitted to practice law while he serves as a Deputy Sheriff. Nevertheless, Defendants assert that the privilege in what Chief Sands communicated to Deputy Chief McIntrye belongs to Chief Sands if he had a legitimate belief that he was consulting Deputy Chief McIntyre in the Deputy Chief's capacity as a lawyer. It is not clear, based on the early instruction not to answer, whether Chief Sands was seeking legal advice, and, under all the circumstances, had a legitimate belief that he was consulting Deputy Chief McIntyre in his capacity as a lawyer. "An attorney−client relationship is said to exist when the party divulging confidences and secrets to an attorney believes the he is approaching the attorney in a professional capacity with the intent to secure legal advice." State ex rel. Thomas v. Schneider, 212 Ariz. 292, 299, 130 P.3d 991, 998(App. 2006) quoting Alexander v. Superior Court, 141 Ariz. 157, 162, 685 P.2d 1309, 1314 (1984) (quoting Trinity Ambulance Serv., Inc., v. G& L Ambulance Serv., Inc., 578 F. Supp. 1280, 1283 (1984). Defendant was ordered to permit the Plaintiff to ask questions sufficient to develop whether Chief Sands was communicating with Deputy Chief McIntyre in what he legitimately believed to be an attorney−client communication. Signed by Judge G Murray Snow on November 16, 2010. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 11/16/2010) |
| 11/22/2010 | 385 | TRANSCRIPT REQUEST *for Hearing held on Objections raised in the Deposition of David A. Hendershott* by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 11/19/2010 before Judge Snow.. (Brandon, Maria) (Entered: 11/22/2010) |
| 11/23/2010 | 386 | ORDER denying Defendants' Motion for An Order To Show Cause and Allowing Defendants' Leave to Take Additional Discovery (Doc. 337). FURTHER ORDERED denying as moot Maricopa County's Motion to Strike Sheriff's Motion For Order to Show Cause and For Leave to Take Additional Discovery (Doc. 350). Signed by Judge G Murray Snow on 11/23/10.(KMG) (Entered: 11/23/2010) |

| 11/23/2010 | 387 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on 11/19/2010 before Judge Snow.. (Selden, David) (Entered: 11/23/2010) |
|---|---|---|
| 11/23/2010 | 388 | RESPONSE in Opposition re 383 MOTION for Protective Order filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 11/23/2010) |
| 12/01/2010 | 390 | Mail Returned as Undeliverable. Mail sent to AggrievedandIrreparablyInjuredClassofUnitedStatesandPhoenixCitizens. Reason for return: Return to Sender, Not Deliverable as Addressed, Unable to Forward. Document number 386. (MHA) (Entered: 12/02/2010) |
| 12/02/2010 | 389 | REPLY to Response to Motion re 383 MOTION for Protective Order filed by Joseph M Arpaio. (Liddy, Thomas) (Entered: 12/02/2010) |
| 12/07/2010 | 391 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Telephonic Discovery Dispute Proceedings held on 11/19/2010, before Judge G Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. (Entered: Redaction Request due 12/28/2010. Redacted Transcript Deadline set for 1/7/2011. Release of Transcript Restriction set for 3/7/2011. (BAS) (Entered: 12/07/2010) |
| 12/09/2010 | 392 | ORDER denying the 383 Motion for Protective Order without prejudice. Signed by Judge G Murray Snow on 12/9/10.(KMG) (Entered: 12/09/2010) |
| 12/21/2010 | 393 | NOTICE re Association of Counsel by Joseph M Arpaio *of Timothy J. Casey*. (Liddy, Thomas) (Entered: 12/21/2010) |
| 12/21/2010 | 394 | NOTICE of Appearance by Timothy James Casey on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office (Casey, Timothy) (Entered: 12/21/2010) |
| 12/22/2010 | 395 | NOTICE re Notice of Service of Initial Expert Reports by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 12/22/2010) |
| 01/21/2011 | 396 | NOTICE of Service of dfts' Rule 26(a)(2) Disclosure of Expert Testimony, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) Modified on 1/24/2011 CORRECTION: to correct event. (KMG) (Entered: 01/21/2011) |
| 01/21/2011 | 397 | NOTICE re Notice of Errata by Joseph M Arpaio, Maricopa County Sheriff's Office re 396 Notice of Deposition. (Casey, Timothy) (Entered: 01/21/2011) |
| 01/21/2011 | 398 | NOTICE of Deposition of Robert Stewart, filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 01/21/2011) |
| 01/21/2011 | 399 | NOTICE re Notice of Service of Defendants' Rule 26(a)(2) Disclosure of Expert Testimony by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 01/21/2011) |
| 02/03/2011 | 400 | MOTION to Withdraw as Attorney by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Limon, Gladys) (Entered: 02/03/2011) |
| 02/04/2011 | 401 | ORDER − pursuant to Gladys Limon's 400 Motion to Withdraw as Attorney, IT IS HEREBY ORDERED granting the Motion and allowing Gladys Limon to withdraw as attorney of record for Plaintiffs. Signed by Judge G Murray Snow on 2/4/11.(KMG) (Entered: 02/04/2011) |
| 02/04/2011 | 402 | NOTICE re of Service of Rebuttal Expert Reports by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Hickey, Kevin) (Entered: 02/04/2011) |
| 02/15/2011 | 403 | TRANSCRIPT REQUEST *AND ORDER FORM* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 10/1/2010 before Judge Hon. G. Murray Snow.. (Hickey, Kevin) (Entered: 02/15/2011) |

| 02/15/2011 | [404](#) | NOTICE of Deposition of Ralph B. Taylor, filed by Joseph M Arpaio. (Liddy, Thomas) (Entered: 02/15/2011) |
|---|---|---|
| 02/16/2011 | [405](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 10/01/2010, before Judge G Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 3/9/2011. Redacted Transcript Deadline set for 3/21/2011. Release of Transcript Restriction set for 5/17/2011. (BAS) (Entered: 02/16/2011) |
| 02/17/2011 | [406](#) | TRANSCRIPT REQUEST by Earl Saunders of the US Department of Justice for status conference proceedings held on 10/01/2010 before Judge G Murray Snow. (BAS) (Entered: 02/17/2011) |
| 02/17/2011 | [407](#) | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 10−01−2010 before Judge G. Murray Snow.. (Liddy, Thomas) (Entered: 02/17/2011) |
| 02/28/2011 | [408](#) | NOTICE of Deposition of Steven A. Camarota, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Hickey, Kevin) (Entered: 02/28/2011) |
| 03/31/2011 | [409](#) | ORDER − that Defendants shall file by April 12, 2011 any motion for a protective order demonstrating "compelling reasons" why Plaintiffs should be compelled to file documents it has received from Defendants under seal in conjunction with its dispositive motion. IT IS FURTHER ORDERED that should no such motion be filed Plaintiffs may then publicly file the documents it has received from Defendants in conjunction with its case dispositive motion. FURTHER ORDERED that if Defendants have timely filed such a motion and the Court has not ruled on the motion prior to the deadline for filing case dispositive motions established in this matter, Plaintiffs shall lodge such documents and any parts of any motion based upon them under seal, pending the Court's ruling on Defendants' motion. IT IS FURTHER ORDERED that Defendants will provide Plaintiffs with a privilege log of all documents in the carve−out that have been withheld because they constitute privileged communications relating to this matter by May 31, 2011. Signed by Judge G Murray Snow on 3/31/11. (KMG) (Entered: 03/31/2011) |
| 04/08/2011 | [410](#) | STIPULATION *and Joint Motion for Page Extensions and One Week Extension for Their Respective Motions for Summary Judgment and Responses* by Joseph M Arpaio, Maricopa County Sheriff's Office, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez. (Attachments: # [1](#) Text of Proposed Order)(Casey, Timothy) (Entered: 04/08/2011) |
| 04/12/2011 | 411 | TEXT−ONLY ORDER granting [410](#) Stipulation/Joint Motion. Each party is permitted to file a motion for summary judgment not to exceed 34 pages in length and to file corresponding responses of such length. Parties shall have up to and including April 29, 2011 to file their summary judgment motions. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 04/12/2011) |
| 04/18/2011 | [412](#) | MOTION for Attorney Fees *and Costs and Memorandum in Support of Motion for Fees and Costs* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # [1](#) Declaration of Lesli Rawles Gallagher, # [2](#) Declaration of Anne Lai, # [3](#) Declaration of Daniel J. Pochoda, # [4](#) Text of Proposed Order)(Gallagher, Lesli) (Entered: 04/18/2011) |
| 04/29/2011 | [413](#) | MOTION for Summary Judgment by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # [1](#) Supplement, # [2](#) Exhibit 1−5, # [3](#) Exhibit 6−11, # [4](#) Exhibit 12−16, # [5](#) Exhibit 17−19, # [6](#) Exhibit 20−22, # [7](#) Text of Proposed Order)(Casey, Timothy) (Entered: 04/29/2011) |
| 04/29/2011 | [414](#) | MOTION to Seal *Supplemental Statement of Facts Re: Testimony of ICE Witnesses in Support of Their Motion for Summary Judgment* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # [1](#) Text of Proposed Order)(Casey, Timothy) (Entered: 04/29/2011) |

| 04/29/2011 | 415 | SEALED LODGED Proposed Defendants' Supplemental Statement of Facts Re: Testimony of ICE Witnesses in Support of Their Motion for Summary Judgment re: 414 MOTION to Seal *Supplemental Statement of Facts Re: Testimony of ICE Witnesses in Support of Their Motion for Summary Judgment*. Document to be filed by Clerk if Motion to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1−3)(Casey, Timothy) (Entered: 04/29/2011) |
| --- | --- | --- |
| 04/29/2011 | 416 | MOTION for Sanctions *Plaintiffs' Renewed Motion for Sanctions* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 417 | DECLARATION of Matthew Steilen in Support of Plaintiff's Renewed Motion for Sanctions re 416 MOTION for Sanctions *Plaintiffs' Renewed Motion for Sanctions* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Index and Exhibits 1−4, # 2 Exhibit 5−9, # 3 Exhibit 10−14)(Steilen, Matthew) (Entered: 04/29/2011) |
| 04/29/2011 | 418 | Additional Attachments to Main Document re 417 Declaration, *of Matthew Steilen with Exs 15−19* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 20−25)(Steilen, Matthew) (Entered: 04/29/2011) |
| 04/29/2011 | 419 | Additional Attachments to Main Document re 417 Declaration, *Exhibits 26−29* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Steilen, Matthew) (Entered: 04/29/2011) |
| 04/29/2011 | 420 | MOTION to Certify Class *Renewed Motion for Class Certification* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 421 | MOTION for Partial Summary Judgment by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 422 | STATEMENT of Facts re 421 MOTION for Partial Summary Judgment by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 423 | DECLARATION of Robert L. Stewart in Support of Plaintiffs Motion for Partial Summary Judgment re 421 MOTION for Partial Summary Judgment by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A)(Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 424 | DECLARATION of Ralph B. Taylor in Support of Plaintiffs Motion for Partial Summary Judgment re 421 MOTION for Partial Summary Judgment by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 425 | DECLARATION of Jerry Alfonso Cosio re 422 Statement *of Facts* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Declaration of Lorena Escamilla, # 2 Declaration of Lino Garcia, # 3 Declaration of Daniel Magos, # 4 Declaration of Julio Mora, # 5 Declaration of Garrett Smith, # 6 Declaration of Diona Solis, # 7 Declaration of Jorge Urteaga, # 8 Declaration of Sergio Martinez Villaman)(Young, Stanley) (Entered: 04/29/2011) |
| 04/29/2011 | 426 | DECLARATION of Kevin Hickey In Support of Plaintiffs Motion for Partial Summary Judgment re 421 MOTION for Partial Summary Judgment by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1−4, # 3 Exhibit 5−6, # 4 Exhibit 7−8)(Hickey, Kevin) (Entered: |

| | | 04/29/2011) |
|---|---|---|
| 04/29/2011 | 427 | Additional Attachments to Main Document re 426 Declaration, *EXHIBITS 9−13* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 14−18, # 2 Exhibit 19−23)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 428 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 24−28* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 29−30, # 2 Exhibit 31−32, # 3 Exhibit 33, # 4 Exhibit 34−39)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 429 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 40−44* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 45−49, # 2 Exhibit 50−55, # 3 Exhibit 56−60, # 4 Exhibit 61−63)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 430 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 64−65* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 66−70, # 2 Exhibit 71−75, # 3 Exhibit 76−80)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 431 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 81−85* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 86−90, # 2 Exhibit 91−95, # 3 Exhibit 96−100, # 4 Exhibit 101−105, # 5 Exhibit 106−110, # 6 Exhibit 111−115)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 432 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 116−119* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 120−124, # 2 Exhibit 125, # 3 Exhibit 126−127, # 4 Exhibit 128−129, # 5 Exhibit 130−134)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 433 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 135−139* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 140−144, # 2 Exhibit 145−149, # 3 Exhibit 150−152, # 4 Exhibit 153−156)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 434 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 157−161* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 162, # 2 Exhibit 163−165, # 3 Exhibit 166−169, # 4 Exhibit 170−174, # 5 Exhibit 175−178, # 6 Exhibit 179−183)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 435 | Additional Attachments to Main Document re 426 Declaration, *Exhibits 184−185* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 186, # 2 Exhibit 187−191, # 3 Exhibit 192−195, # 4 Exhibit 196−200, # 5 Exhibit 201−204, # 6 Exhibit 205−208, # 7 Exhibit 209−211, # 8 Exhibit 212, # 9 Exhibit 213)(Hickey, Kevin) (Entered: 04/29/2011) |
| 04/29/2011 | 436 | MOTION for Leave to File Audio/Video Recordings *in Non−Electronic Form* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Hickey, Kevin) (Entered: 04/29/2011) |
| 05/03/2011 | 437 | MOTION For Extension of Time For Certain Motion Responses and Reply Memoranda by Joseph M Arpaio, Maricopa County Sheriff's Office, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 05/03/2011) |
| 05/05/2011 | 438 | RESPONSE to Motion re 412 MOTION for Attorney Fees *and Costs and Memorandum in Support of Motion for Fees and Costs* filed by Joseph M Arpaio, |

| | | Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 05/05/2011) |
|---|---|---|
| 05/09/2011 | 439 | NOTICE of Change of Address by Thomas P Liddy (Liddy, Thomas) (Entered: 05/09/2011) |
| 05/16/2011 | 440 | REPLY to Response to Motion re 412 MOTION for Attorney Fees *and Costs and Memorandum in Support of Motion for Fees and Costs* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Supplemental Declaration of Lesli Rawles Gallagher in Support of Reply)(Gallagher, Lesli) (Entered: 05/16/2011) |
| 05/18/2011 | 441 | ORDER granting 437 Motion and Stipulation for Extension of Time. Defendants have to and including 5/20/2011 to file their responses to 416 Motion for Sanctions, and 420 Motion to Certify Class *Renewed Motion for Class Certification*. Plaintiffs have to and including 6/3/2011 to file their Reply Memoranda. Signed by Judge G Murray Snow on 5/18/2011. (See Order for full details).(KFZ) (Entered: 05/18/2011) |
| 05/18/2011 | 442 | ORDER − granting the Motion 436 and Plaintiffs may file with the Clerk the following audio/video recordings in non−electronic form: 1) Multimedia file, Ex. 20 to Arpaio Dep. I (introduced at Arpaio Dep. I at 47:22−49:8) (footage of Feb. 26, 2007 MCSO news conference) 2) Multimedia file, Ex. 20 to Arpaio Dep. I (introduced at Arpaio Dep. I at 273:7−276:8) (Oct. 9, 2009 FOX News interview by Glenn Beck). 3) ORT 1235 (footage from Oct. 22, 2009 MCSO news conference). Signed by Judge G Murray Snow on 5/18/11.(KMG) (Entered: 05/18/2011) |
| 05/19/2011 | 443 | NOTICE re Lodging and Service of Multimedia Files in Non−Electronic Form by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re 442 Order on Motion for Leave to File,,. (Lai, Anne) (Entered: 05/19/2011) |
| 05/19/2011 | | Multimedia file, Ex. 20 to Arpaio Dep. I. submitted and stored in the Phoenix file room. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CAD) (Entered: 05/19/2011) |
| 05/20/2011 | 444 | RESPONSE in Opposition re 420 MOTION to Certify Class *Renewed Motion for Class Certification* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 05/20/2011) |
| 05/20/2011 | 445 | RESPONSE in Opposition re 416 MOTION for Sanctions *Plaintiffs' Renewed Motion for Sanctions* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 05/20/2011) |
| 05/25/2011 | 446 | NOTICE re OF WITHDRAWAL OF ASSOCIATE COUNSEL STEPHEN CHIEN by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 05/25/2011) |
| 05/31/2011 | 447 | NOTICE re Notice of Service of Defendants' Privilege Log Re Carve−Out E−Mails Pursuant to Court's 03/31/11 Order by Joseph M Arpaio, Maricopa County Sheriff's Office re 409 Order,,,,. (Casey, Timothy) (Entered: 05/31/2011) |
| 06/01/2011 | 448 | ORDER granting 414 Motion to Seal. ORDERED directing the Clerk of the Court to file under seal Defendants' lodged Supplemental Statement of Facts re: Testimony of ICE Witnesses in Support of their Motion for Summary Judgment 415 . Signed by Judge G Murray Snow on 6/1/11.(MAP) (Entered: 06/01/2011) |
| 06/01/2011 | 449 | Sealed Supplemental Statement of Facts re 413 filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1 − 3)(MAP) (Entered: 06/01/2011) |
| 06/03/2011 | 450 | REPLY to Response to Motion re 416 MOTION for Sanctions *Plaintiffs' Renewed Motion for Sanctions* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 06/03/2011) |
| 06/03/2011 | 451 | DECLARATION of Matthew Steilen re 450 Reply to Response to Motion, *Plaintiffs' Renewed Motion for Sanctions* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos |

| | | |
|---|---|---|
| | | America. (Attachments: # 1 Exhibit Index, # 2 Exhibit 30−32, # 3 Exhibit 33−35, # 4 Exhibit 36, # 5 Exhibit 37, # 6 Exhibit 38, # 7 Exhibit 39)(Steilen, Matthew) (Entered: 06/03/2011) |
| 06/03/2011 | 452 | RESPONSE to Motion re 421 MOTION for Partial Summary Judgment filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 06/03/2011) |
| 06/03/2011 | 453 | RESPONSE to Plaintiffs' Statement of Facts 422 ; and in Support of Plaintiffs' Motion for Partial Summary Judgment and Controverting Statement of Facts by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Casey, Timothy) *Modified on 6/6/2011 to correct event.*(KMG). (Entered: 06/03/2011) |
| 06/03/2011 | 454 | REPLY to Response to Motion re 420 MOTION to Certify Class *Renewed Motion for Class Certification* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 06/03/2011) |
| 06/03/2011 | 455 | RESPONSE to Motion re 413 MOTION for Summary Judgment *Plaintiffs Opposition to Defendants Motion for Summary Judgment* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 06/03/2011) |
| 06/03/2011 | 456 | STATEMENT of Facts − Plaintiffs' Responses and Objections to Defendants' Statement of Facts and Supplemental Facts in Opposition to Defendants' Motion for Summary Judgment re 455 Response to Motion for Summary Judgment, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 06/03/2011) |
| 06/03/2011 | 457 | DECLARATION of Anabel Avitia re 456 Statement, *of Facts − Plaintiffs' Responses and Objections to Defendants' Statement of Facts and Supplemental Facts in Opposition to Defendants' Motion for Summary Judgment* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Declaration of Andrew Sanchez, # 2 Declaration of Adolfo Maldonato)(Young, Stanley) (Entered: 06/03/2011) |
| 06/03/2011 | 458 | DECLARATION of Kevin Hickey in Support of Plainitffs Opposition to Defendants Motion for Summary Judgment re 455 Response to Motion for Summary Judgment, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 214−218, # 3 Exhibit 219−225, # 4 Exhibit 226−231, # 5 Exhibit 232−236, # 6 Exhibit 237−240)(Hickey, Kevin) (Entered: 06/03/2011) |
| 06/03/2011 | 459 | MOTION for Leave to File Audio Recording in Non−Electronic Form by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Hickey, Kevin) (Entered: 06/03/2011) |
| 06/06/2011 | 460 | Mail Returned as Undeliverable. Mail sent to Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens. Reason for return: Attempted Not Known; Unable to Forward; Return to Sender. Document number 448. (MHU) (Entered: 06/07/2011) |
| 06/08/2011 | 461 | ORDER granting the Motion 412 and awarding ACLU attorneys' fees in the amount of $2,002.00 and Covington & Burling attorneys' fees in the amount of$70,000.00 and $22,705.00 in costs. Signed by Judge G Murray Snow on 6/8/11.(KMG) (Entered: 06/08/2011) |
| 06/08/2011 | 462 | JUDGMENT on Attorney Fees − Pursuant to the Order dated June 8th 2011 (doc. 461), judgment is entered for Plaintiffs and against Defendants. Awarding ACLU Attorneys' fees in the amount of $2,002.00 and Covington & Burling Attorneys' fees in the amount of $70,000.00 and $22,705.00 in costs. Signed on 6/8/2011. (KMG) (Entered: 06/08/2011) |
| 06/13/2011 | 463 | MOTION for Admission Pro Hac Vice as to attorney Bhanu K Sadasivan on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David |

| | | |
|---|---|---|
| | | Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 06/14/2011) |
| 06/14/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX110600 as to Bhanu K Sadasivan. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 06/14/2011) |
| 06/14/2011 | 464 | ORDER pursuant to General Order 05−25 granting 463 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 06/14/2011) |
| 06/16/2011 | 465 | REPLY to Response to Motion re 413 MOTION for Summary Judgment filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 06/16/2011) |
| 06/23/2011 | 466 | REPLY to Response to Motion re 421 MOTION for Partial Summary Judgment filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 06/23/2011) |
| 06/23/2011 | 467 | *STATEMENT of Facts re 466 Reply to Response to Motion *Plaintiffs' Responses to Defendants' Supplemental Statement 456 of Facts and Reply to Defendants' Responses and Objections to Plaintffs' Separate Statement of Facts In Support of Plaintiffs' Motion for Partial Summary Judgment* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) *Modified on 6/24/2011 to include document relationship re 456 .* (KMG). (Entered: 06/23/2011) |
| 06/23/2011 | 468 | DECLARATION of Kevin Hickey re 466 Reply to Response to Motion *for Partial Summary Judgment* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Index of Exhibits, # 2 Exhibit 45A, # 3 Exhibit 241, # 4 Exhibit 242, # 5 Exhibit 243, # 6 Exhibit 244, # 7 Exhibit 245, # 8 Exhibit 246, # 9 Exhibit 247)(Hickey, Kevin) (Entered: 06/23/2011) |
| 06/27/2011 | 469 | *MOTION for Leave to File Sur−Reply, by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) *Entry modified from motion to strike on 6/28/2011 (ESL). (Entered: 06/27/2011) |
| 06/30/2011 | 470 | ORDER granting 459 Motion for Leave to File − Plaintiffs may file with the Clerk of the Court the following audio/video recordings in non−electronic form: ORT 000370 (audio recording containing March 28, 2007 radio call by Deputy Armendariz). Signed by Judge G Murray Snow on 6/30/2011.(KMG) (Entered: 06/30/2011) |
| 07/01/2011 | | Disk "911 Call from Manuel Nieto Jr. ORT 000370" received and stored in the Phoenix file room. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (CAD) (Entered: 07/01/2011) |
| 07/05/2011 | 471 | *NOTICE of Withdraw of Attorney *Anne Lai* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Lai, Anne) *Modified from Motion on 7/6/2011* (REW). (Entered: 07/05/2011) |
| 07/06/2011 | 472 | *SATISFACTION of Judgment re 461 Order on Motion for Attorney Fees by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pochoda, Daniel) *Modified from Notice on 7/7/2011* (REW). (Entered: 07/06/2011) |
| 07/08/2011 | 473 | RESPONSE to Motion re 469 MOTION for Leave to File *Non−Opposition to Defendants' Motion to Allow Sur−Reply and Opposition to Defendants' Motion to Disregard and Strike Pleadings at Dkt Nos. 467 and 468* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 07/08/2011) |

| 07/14/2011 | 474 | *SATISFACTION OF JUDGMENT re: 461 Order on Motion for Attorney Fees, by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) *Modified on 7/15/2011 to correct event.* (KMG). (Entered: 07/14/2011) |
|---|---|---|
| 07/14/2011 | 475 | MOTION to Withdraw as Attorney by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Order)(Metcalf, Drew) Modified on 7/15/2011 document is not in compliance with LRCiv 7.1(c) − text searchability. (KMG). (Entered: 07/14/2011) |
| 07/15/2011 | 476 | In light of the fact that Mr. Metcalf was previously terminated as attorney of record (see Doc. 339), IT IS ORDERED finding as moot 475 Motion to Withdraw as Attorney. Ordered by Judge G Murray Snow.(ADG)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/15/2011) |
| 12/01/2011 | 477 | ORDER pending before the Court are Defendants' Motion for Summary Judgment Doc. 413 , Plaintiffs' Renewed Motion for Sanctions, Doc. 416 , Plaintiffs' Renewed Motion for Class Certification Doc. 420 , Plaintiffs' Motion for Partial Summary Judgment Doc. 421 , and Defendants' Motion for Leave to File Sur−Reply Doc. 469 . A hearing on these motions is scheduled for Thursday, December 22, at 10:00 a.m. The parties have been informed that the Court would request supplemental briefing on identified issues prior to oral argument. Should parties wish to discuss other issues, they are free to do so. However, the oral argument is scheduled to last only two hours. Each party will receive one hour total for argument, and the above−mentioned issues are of principal interest to the Court. Signed by Judge G Murray Snow on 11/30/2011. (NOTE: See PDF for complete details)(KMG) (Entered: 12/01/2011) |
| 12/01/2011 | 478 | NOTICE re WITHDRAWAL OF ASSOCIATE COUNSEL MATTHEW STEILEN by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Young, Stanley) (Entered: 12/01/2011) |
| 12/01/2011 | 479 | NOTICE re WITHDRAWAL OF ASSOCIATE COUNSEL KEVIN J. HICKEY by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Young, Stanley) (Entered: 12/01/2011) |
| 12/01/2011 | 480 | *** STRICKEN PER MINUTE ORDER 481 *** ORDER − Pending before the Court are Defendants' Motion for Summary Judgment (Doc. 413), Plaintiffs Renewed Motion for Sanctions, (Doc. 416), Plaintiffs' Renewed Motion for Class Certification (Doc. 420), Plaintiffs' Motion for Partial Summary Judgment (Doc. 421), and Defendants' Motion for Leave to File Sur−Reply. (Doc. 469). A hearing on these motions is scheduled for Thursday, December 22, at 10:00 a.m. The parties have been informed that the Court would request supplemental briefing on identified issues prior to oral argument. This Order identifies the topics on which the Court desires supplemental briefing and is issued pursuant to Federal Rules of Civil Procedure 56(f). Should parties wish to discuss other issues, they are free to do so. However, the oral argument is scheduled to last only two hours. Each party will receive one hour total for argument, and the above−mentioned issues are of principal interest to the Court. (See document for full details). Signed by Judge G Murray Snow on 11/30/11. (LAD) Modified on 12/1/2011 (LAD). (Entered: 12/01/2011) |
| 12/01/2011 | 481 | MINUTE ORDER: Order 480 is hereby stricken as duplicative of order 477 . This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LAD) (Entered: 12/01/2011) |
| 12/09/2011 | 482 | ORDER, A hearing on motions 413 , 416 , 420 , 421 , 469 is scheduled for Thursday, December 22, at 10:00 a.m. This Order supplements the Court's previous order discussing issues are to be the subject of oral argument Doc. 477 The parties should be prepared to discuss, or address in their supplemental briefing, the following two issues: 1) Defendants have argued that the class should not be certified in part because it is overbroad. Parties have been asked to discuss whether Martinez−Medina v. Holder,____ F.3d ____, ____ 2011 WL 855791 at *6 (9th Cir. 2001) suggests that Defendants would receive qualified immunity for any Fourth Amendment damages claim prior to the issuance of the decision. Parties are hereby further asked to be prepared to discuss whether civilians stopped after the decision in Martinez−Medina would be able to make valid Fourth Amendment claims for damages. If they believe |

| | | such claims would not be barred by qualified immunity, parties should be prepared to discuss whether certifying a class as to the Fourth Amendment claims would deny those potential Plaintiffs the right to recover such damages. 2) Further, parties are asked to address whether, should no Fourth Amendment class be certified, the Court may issue injunctive relief for the Fourth Amendment claims in light of United States v. Arizona, 641 F.3d 339 (9th Cir. 2011). Signed by Judge G Murray Snow on 12/9/2011. (KMG) (Entered: 12/09/2011) |
|---|---|---|
| 12/12/2011 | 483 | ORDER, Upon the Court's own motion, IT IS HEREBY ORDERED resetting oral argument currently set for December 22, 2011 at 10:00 a.m. to December 22, 2011 at 9:30 a.m. Signed by Judge G Murray Snow on 12/12/2011. (KMG) (Entered: 12/12/2011) |
| 12/12/2011 | 484 | *NOTICE re Attorney Withdrawal by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Wang, Cecillia) *Modified to update prior correction on system on 12/15/2011 (JMO). (Entered: 12/12/2011) |
| 12/15/2011 | 485 | MOTION for Admission Pro Hac Vice as to attorney Anne Lai by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Lai, Anne) (Entered: 12/15/2011) |
| 12/16/2011 | 486 | MOTION for Admission Pro Hac Vice as to attorney Anne Lai by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Lai, Anne) (Entered: 12/16/2011) |
| 12/16/2011 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX116853 as to Anne Lai. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 12/16/2011) |
| 12/16/2011 | 487 | ORDER pursuant to General Order 09−08 terminating 485 Motion for Admission Pro Hac Vice; granting 486 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 12/16/2011) |
| 12/16/2011 | 488 | SUPPLEMENT of Defendants' Supplemental Brief re 482 Order,,,,, by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 12/16/2011) |
| 12/16/2011 | 489 | SUPPLEMENT of Plaintiffs' Pre−Argument Supplemental Briefing re 482 Order,,,,, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 12/16/2011) |
| 12/22/2011 | 490 | Oral Motion for Summary Judgment on Fourth Amendment Claim by Manuel de Jesus Ortega Melendres. (KFZ) (Entered: 12/22/2011) |
| 12/22/2011 | 491 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Stanley Young, Tammy Albarran, Cecilia Wang, Andrew Byrnes, Anne Lai, Daniel Pochoda, and Nancy Rodriguez for plaintiffs. Timothy Casey and Thomas Liddy for defendants. Motion Hearing held on 12/22/2011. Argument is presented. Plaintiff Manuel de Jesus Ortega Melendres makes oral Motion for Summary Judgment on Fourth Amendment Claim. IT IS ORDERED taking the following motions under advisement: 413 Motion for Summary Judgment; 416 Motion for Sanctions; 420 Motion to Certify Class; 421 Motion for Partial Summary Judgment; 469 Motion for Leave to File; and 490 Motion for Summary Judgment. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 12/22/2011) |
| 12/22/2011 | 492 | SUPPLEMENT Defendants' Citation to Authorities by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 12/22/2011) |
| 12/23/2011 | 493 | ORDER Defendants' Renewed Motion for Sanctions Doc. 416 is granted in part, and Plaintiffs will be entitled to adverse inferences at trial. Signed by Judge G Murray Snow on 12/23/2011. (NOTE: See PDF for full details)(KMG) (Entered: 12/23/2011) |

| 12/23/2011 | [494](#) | ORDER: Defendants' Motion for Summary Judgment (Doc. 413 ) is granted in part and denied in part. Summary judgment is granted with regards to Plaintiffs Jessika and David Rodriguez's underlying claims under Claim Two and Claim Three, which are hereby dismissed. Summary judgment is denied with regards to the underlying claims of Plaintiffs Melendres, Nieto, and Meraz under Claim Two and Claim Three. Defendants' motion for summary judgment is denied with regards to Claim One and Claim Four. Plaintiffs' Motion for Class Certification (Doc. 420 ) is granted. The litigation is certified as a class action, with the following defined class for the purposes of the equal protection claim: All Latino persons who, since January, 2007, have been or will be in the future, stopped, detained, questioned or searched by MCSO agents while driving or sitting in a vehicle on a public roadway or parking area in Maricopa County, Arizona. Plaintiffs' Motion for Partial Summary Judgment on Claim One and Claim Four (Doc. 421 ) is denied. Plaintiffs' Motion for Summary Judgment on Claim Two and Claim Three (Doc. 490 ) is denied in part as it relates to the underlying claims, and granted in part as it relates to future enforcement actions of the MCSO. Defendants' Motion for Leave to File Sur−Reply (Doc. 469 ) is dismissed as moot. MCSO and all of its officers are hereby enjoined from detaining any person based only on knowledge or reasonable belief, without more, that the person is unlawfully present within the United States, because as a matter of law such knowledge does not amount to a reasonable belief that the person either violated or conspired to violate the Arizona human smuggling statute, or any other state or federal criminal law. Signed by Judge G Murray Snow on 12/23/11.(SJF) (Entered: 12/23/2011) |
| 01/04/2012 | [495](#) | ORDER Setting Final Pretrial Conference for 3/23/2012 at 01:30 PM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Proposed Pretrial Order due by 3/2/2012 (see order for complete details). Signed by Judge G Murray Snow on 1/4/12. (REW) (Entered: 01/04/2012) |
| 01/04/2012 | [496](#) | TRANSCRIPT REQUEST *and Order Form* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 12/22/2011 before Judge Hon. G. Murray Snow.. (Young, Stanley) (Entered: 01/04/2012) |
| 01/05/2012 | [497](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing Proceedings held on 12/22/2011, before Judge G Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 1/26/2012. Redacted Transcript Deadline set for 2/6/2012. Release of Transcript Restriction set for 4/4/2012. (BAS) (Entered: 01/05/2012) |
| 01/05/2012 | [498](#) | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 12/22/2011 before Judge Hon. G. Murray Snow.. (Casey, Timothy) (Entered: 01/05/2012) |
| 01/09/2012 | [499](#) | NOTICE of Appearance by James Duff Lyall on behalf of Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Lyall, James) (Entered: 01/09/2012) |
| 01/13/2012 | [500](#) | NOTICE OF INTERLOCUTORY APPEAL to 9th Circuit as to 494 Order on Motion for Summary Judgment, Order on Motion to Certify Class, Order on Motion for Partial Summary Judgment, Order on Motion for Leave to File, by Joseph M Arpaio, Maricopa County Sheriff's Office. Filing fee received: $ 455.00, receipt number 0970−6279404 (Casey, Timothy) (Entered: 01/13/2012) |
| 01/13/2012 | [501](#) | Appeal Document by Joseph M Arpaio, Maricopa County Sheriff's Office re 500 Notice of Interlocutory Appeal, *Civil Appeals Docketing Statement*. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 01/13/2012) |
| 01/13/2012 | [502](#) | Representation Statement by Joseph M Arpaio, Maricopa County Sheriff's Office re 500 Notice of Interlocutory Appeal, . (Casey, Timothy) (Entered: 01/13/2012) |
| 01/17/2012 | [503](#) | Ninth Circuit Court of Appeals Case Number 12−15098 for 500 Notice of Interlocutory Appeal. (LAD) (Entered: 01/17/2012) |

| 01/23/2012 | 504 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 12/22/2011 before Judge Hon. G. Murray Snow.. (Casey, Timothy) (Entered: 01/23/2012) |
|---|---|---|
| 01/31/2012 | 505 | CERTIFICATE OF RECORD TRANSMITTED TO 9TH CIRCUIT COURT OF APPEALS re 500 Notice of Interlocutory Appeal. (BAS) (Entered: 01/31/2012) |
| 01/31/2012 | 506 | MOTION for Admission Pro Hac Vice as to attorney Andre I. Segura by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 01/31/2012) |
| 01/31/2012 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX118332 as to Andre Segura. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 01/31/2012) |
| 01/31/2012 | 507 | ORDER pursuant to General Order 09−08 granting 506 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 01/31/2012) |
| 01/31/2012 | 508 | NOTICE re Withdrawal of Associate Counsel Bhanu K. Sadasivan by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Sadasivan, Bhanu) (Entered: 01/31/2012) |
| 03/02/2012 | 509 | PROPOSED FINDINGS OF FACT by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/02/2012) |
| 03/02/2012 | 510 | MOTION in Limine re: Evidence Regarding Alleged MCSO Encounters with Persons Other than the Named Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 03/02/2012) |
| 03/02/2012 | 511 | MOTION in Limine re: Expert Testimony Regarding Subconscious/Unconscious Bias or Subjective Thought or Motivation by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Casey, Timothy) (Entered: 03/02/2012) |
| 03/02/2012 | 512 | MOTION in Limine re: Citizen Letters and Complaints by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 03/02/2012) |
| 03/02/2012 | 513 | NOTICE of Filing − Proposed Pretrial Order filed by Maricopa County Sheriff's Office, Maricopa, County of, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America *(Joint)*. (Gallagher, Lesli) (Entered: 03/02/2012) |
| 03/02/2012 | 514 | Proposed Findings of Fact by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Gallagher, Lesli) (Entered: 03/02/2012) |
| 03/02/2012 | 515 | MOTION in Limine re: TO Exclude Evidence of U.S. Immigration and Customs Enforcement (ICE)'s Alleged Approval of MCSO Activities Pursuant to 287(G) by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Gallagher, Lesli) (Entered: 03/02/2012) |
| 03/02/2012 | 516 | MOTION in Limine re: To Exclude Certain U.S. Immigration and Customs Enforcement (ICE) Witnesses by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Gallagher, Lesli) (Entered: 03/02/2012) |
| 03/02/2012 | 517 | MOTION in Limine re: To Exclude Testimony of Scott Jefferys by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Gallagher, Lesli) (Entered: 03/02/2012) |

| 03/02/2012 | 518 | DECLARATION of Lesli Gallagher re 515 MOTION in Limine re: TO Exclude Evidence of U.S. Immigration and Customs Enforcement (ICE)'s Alleged Approval of MCSO Activities Pursuant to 287(G) , 517 MOTION in Limine re: To Exclude Testimony of Scott Jefferys , 516 MOTION in Limine re: To Exclude Certain U.S. Immigration and Customs Enforcement (ICE) Witnesses by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit Index, # 2 Exhibit A−C, # 3 Exhibit D−E, # 4 Exhibit F−H, # 5 Exhibit I−K)(Gallagher, Lesli) (Entered: 03/02/2012) |
|---|---|---|
| 03/08/2012 | 519 | RESPONSE to Motion re 517 MOTION in Limine re: To Exclude Testimony of Scott Jefferys filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/08/2012) |
| 03/08/2012 | 520 | RESPONSE to Motion re 516 MOTION in Limine re: To Exclude Certain U.S. Immigration and Customs Enforcement (ICE) Witnesses filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 03/08/2012) |
| 03/08/2012 | 521 | RESPONSE in Opposition re 515 MOTION in Limine re: TO Exclude Evidence of U.S. Immigration and Customs Enforcement (ICE)'s Alleged Approval of MCSO Activities Pursuant to 287(G) filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 03/08/2012) |
| 03/09/2012 | 522 | RESPONSE to Motion re 510 MOTION in Limine re: Evidence Regarding Alleged MCSO Encounters with Persons Other than the Named Plaintiffs filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Gallagher, Lesli) (Entered: 03/09/2012) |
| 03/09/2012 | 523 | RESPONSE to Motion re 511 MOTION in Limine re: Expert Testimony Regarding Subconscious/Unconscious Bias or Subjective Thought or Motivation filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Gallagher, Lesli) (Entered: 03/09/2012) |
| 03/09/2012 | 524 | RESPONSE to Motion re 512 MOTION in Limine re: Citizen Letters and Complaints filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Gallagher, Lesli) (Entered: 03/09/2012) |
| 03/09/2012 | 525 | DECLARATION of Lesli Gallagher re 523 Response to Motion, *Expert Testimony Regarding Subconscious/Unconscious Bias or Subjective Thought or Motivation* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit Exhibit Index, # 2 Exhibit A−C)(Gallagher, Lesli) (Entered: 03/09/2012) |
| 03/19/2012 | 526 | MOTION for Admission Pro Hac Vice as to attorney David R Hults on behalf of Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 03/20/2012) |
| 03/20/2012 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX120095 as to David R Hults. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 03/20/2012) |
| 03/20/2012 | 527 | ORDER pursuant to General Order 09−08 granting 526 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 03/20/2012) |
| 03/23/2012 | 528 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Stanley Young, Lesli Gallagher, Cecilia Wang, Andrew Byrnes, Daniel Pochoda, and Nancy Ramirez for plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for defendants. Final Pretrial Conference held on 3/23/2012. Bench Trial set for 7/19/2012 at 8:30 a.m. The Court rules on pending motions as set forth on the record. Order to follow. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 03/23/2012) |

| 03/26/2012 | 529 | ORDER SETTING TRIAL − Bench Trial shall begin on 07/19/12 at 8:30 AM. The Plaintiffs' 510 Motion in Limine re: Evidence Regarding Alleged MCSO Encounters with Persons Other Than the Named Plaintiffs is denied without prejudice; the Defendants' 511 Motion in Limine No. 2 is granted in part and denied in part; Defendants' 512 Motion in Limine No. 3 is denied; Plaintiffs' 515 Motion in Limine to Exclude Evidence of U.S. Immigration and Customs Enforcement's Alleged Approval of MCSO Activities Pursuant to 287(G) is granted in part and denied in part; Plaintiffs' 516 Motion in Limine to Exclude Certain U.S. Immigration and Customs Enforcement Witnesses is granted; Plaintiffs' 517 Motion in Limine Exclude Testimony of Scott Jeffreys is denied. Signed by Judge G Murray Snow on 03/23/12. (ESL) (See attached PDF for complete details) (Entered: 03/26/2012) |
|---|---|---|
| 03/26/2012 | 530 | FINAL PRETRIAL ORDER − that this Proposed Final Pretrial Order jointly submitted by the parties is hereby APPROVED and ADOPTED as the official Pretrial Order of this Court. Signed by Judge G Murray Snow on 03/23/12. (see attached PDF for complete details) (ESL) (Entered: 03/26/2012) |
| 03/29/2012 | 531 | TRANSCRIPT REQUEST by United States of America for proceedings held on 3/23/2012 before Judge Snow.. (Gayle, Winsome) (Entered: 03/29/2012) |
| 03/29/2012 | 532 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Final Pretrial Conference. Proceedings held on 3/23/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 4/19/2012. Redacted Transcript Deadline set for 4/30/2012. Release of Transcript Restriction set for 6/27/2012. (VAR) (Entered: 03/30/2012) |
| 03/30/2012 | 533 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on March 23, 2012 before Judge Hon. G. Murray Snow.. (Casey, Timothy) (Entered: 03/30/2012) |
| 03/30/2012 | 534 | TRANSCRIPT REQUEST *and Order Form* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 3/23/2012 before Judge Hon. G. Murray Snow.. (Young, Stanley) (Entered: 03/30/2012) |
| 04/02/2012 | 535 | NOTICE OF ATTORNEY SUBSTITUTION: Winsome G. Gayle appearing for United States of America. Attorney Amin Aminfar terminated. . (Gayle, Winsome) (Entered: 04/02/2012) |
| 05/10/2012 | 536 | NOTICE of Appearance by Kelly Joyce Flood on behalf of Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Flood, Kelly) (Entered: 05/10/2012) |
| 06/19/2012 | 537 | ORDER The Court is in receipt of Plaintiffs' letter dated June 14, 2012. After considering that letter the Court concludes that further action by the Court is necessary. In light of the following facts and the pending trial date, the Court will schedule a conference to determine whether further proceedings will be necessary before trial. On June 17, 2010, the Steptoe Attorneys withdrew from the case with the Courts permission, and attorneys from the Redwood Shores, California office of Covington & Burling LLP (the "Covington Attorneys") were substituted for them. (Doc. 313). When the Covington Attorneys were substituted for the Steptoe Attorneys, the Court considered whether withdrawing from the case was appropriate under 28 U.S.C. § 455(a). This statute requires that "[a]ny justice judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2006). The Court is disinclined to proceed with this matter without providing all parties the opportunity to take whatever action they deem necessary to represent the interests of their respective clients given the above information. Because such actions could conceivably take more time than is currently available before trial, and involve additional or supplemental proceedings, the Court wishes to confer with the parties concerning any actions they may wish to take in light of the above information. The Court will therefore contact the parties and set a status conference in this matter. Signed by Judge G Murray Snow on 6/19/2012. (KMG) (Entered: 06/19/2012) |

| 06/19/2012 | 538 | ORDER setting a Status Conference for Friday, June 29, 2012 at 1:30 p.m. in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. Any out−of−state counsel who wish to appear telephonically may call my chambers at (602) 322−7650 no later than Monday, June 25, 2012 to make arrangements to appear telephonically. Signed by Judge G Murray Snow on 6/19/2012. (KMG) (Entered: 06/19/2012) |
|---|---|---|
| 06/26/2012 | 539 | ORDER This matter is scheduled for a status conference on Friday, June 29, 2012 at 1:30 p.m. Parties are requested to be ready to discuss the extent, if any, to which Advisory Opinion No. 58 issued by the United States Committee on Codes of Conduct in June of 2009, affects this Court's obligations under 28 U.S.C. § 455(a) (2006). Signed by Judge G Murray Snow on 6/26/2012. (KMG) (Entered: 06/26/2012) |
| 06/29/2012 | 540 | Minute Entry for proceedings held before Judge G Murray Snow. Appearances: Cecilia Wang and Andre Segura (both telephonically), Andrew Byrnes, Kelly Flood and Daniel Pochoda for plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for defendants. Status Conference held on 6/29/2012. (Court Reporter Gary Moll.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 06/29/2012) |
| 06/29/2012 | 541 | NOTICE re Notice of Waiver on Limited Issue by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 06/29/2012) |
| 07/03/2012 | 542 | ORDER affirming that the trial will proceed on July 19, 2012 at 8:30 a.m., as scheduled. Signed by Judge G Murray Snow on 7/3/12. (LFIG) (Entered: 07/03/2012) |
| 07/10/2012 | 543 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 7/19/2012−8/2/2012 before Judge G. Murray Snow.. (Gallagher, Lesli) (Entered: 07/10/2012) |
| 07/12/2012 | 544 | NOTICE TO COURT REPORTER by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America *to Court Reporter*. (Gallagher, Lesli) Modified to include text on 7/13/2012 (KMG). (Entered: 07/12/2012) |
| 07/17/2012 | 545 | NOTICE re Defendants' Notice of Invoking Rule 615 Exclusion of Witnesses by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 07/17/2012) |
| 07/17/2012 | 546 | NOTICE re Plaintiff's Notice of Invoking Rule 615 Exclusion of Witnesses by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Young, Stanley) (Entered: 07/17/2012) |
| 07/18/2012 | 547 | NOTICE of Appearance by Ann Thompson Uglietta on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office. (Uglietta, Ann) (Entered: 07/18/2012) |
| 07/18/2012 | 548 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 07/19/2012−08/02/2012 before Judge Hon. G. Murray Snow.. (Casey, Timothy) (Entered: 07/18/2012) |
| 07/19/2012 | 549 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 1) begun on 7/19/2012. Bench Trial continued to 7/24/2012 at 8:30 AM in Special Proceedings Courtroom, 2nd Floor, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.)(KFZ) (Entered: 07/19/2012) |
| 07/24/2012 | 550 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 2) held on 7/24/2012. Bench Trial continued to 7/25/2012 at 8:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.)(KFZ) (Entered: 07/24/2012) |
| 07/25/2012 | 551 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 3) held on 7/25/2012. Bench Trial continued to 7/26/2012 at 8:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.)(KFZ) (Entered: 07/25/2012) |

| 07/26/2012 | 552 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 4) held on 7/26/2012. Bench Trial continued to 7/31/2012 at 8:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (Court Reporter Gary Moll.)(KFZ) (Entered: 07/26/2012) |
|---|---|---|
| 07/31/2012 | 553 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 5) held on 7/31/2012. Defendants' oral Rule 52(c) motion is denied. Bench Trial continued to 8/1/2012 at 8:30 AM in Courtroom 602. (Court Reporter Gary Moll.)(KFZ) (Entered: 07/31/2012) |
| 08/01/2012 | 554 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 6) held on 8/1/2012. Bench Trial continued to 8/2/2012 at 8:30 AM in Courtroom 602. (Court Reporter Gary Moll.)(KFZ) (Entered: 08/01/2012) |
| 08/02/2012 | 555 | Minute Entry for proceedings held before Judge G Murray Snow: Bench Trial (Day 7) completed on 8/2/2012. Defendants' renewed oral Rule 52(c) motion is denied. Simultaneous briefing limited to 35 pages is due by 8/9/12, with simultaneous responses limited to 17 pages are due by 8/16/12, at which time the matter will be deemed submitted to the Court. (Court Reporter Gary Moll.)(KFZ) (Entered: 08/02/2012) |
| 08/02/2012 | 556 | Witness List by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (KMG) (Entered: 08/06/2012) |
| 08/02/2012 | 557 | Witness List by Joseph M Arpaio, Maricopa County Sheriff's Office. (KMG) (Entered: 08/06/2012) |
| 08/02/2012 | 558 | Exhibit List by Joseph M Arpaio, Maricopa County Sheriff's Office.. (KMG) (Entered: 08/06/2012) |
| 08/02/2012 | 559 | Exhibit List by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America.. (KMG) (Entered: 08/06/2012) |
| 08/02/2012 | 560 | Minute Order re: Exhibits − IT IS HEREBY ORDERED that the exhibits marked, whether or not received as evidence, in the above−entitled case at the time of the Bench Trial which concluded on August 2,2012, are returned to respective counsel. Counsel are directed to retain custody of the exhibits until the case has been completely terminated, including all appeals, pursuant to LRCiv 79.1. (KMG) (Entered: 08/06/2012) |
| 08/07/2012 | 561 | MOTION to Intervene, alternatively, MOTION to File Amicus Curiae by Scott Huminski. (KMG) (Entered: 08/08/2012) |
| 08/09/2012 | 562 | TRIAL BRIEF *Defendants' Post−Trial Brief Re Legal Issues Requested by the Court and Closing Argument* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 08/09/2012) |
| 08/09/2012 | 563 | TRIAL BRIEF by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Hults, David) (Entered: 08/09/2012) |
| 08/09/2012 | 564 | *TRIAL BRIEF by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) *Document duplicate of entry of (doc.#563). Modified on 8/10/2012 (KMG). (Entered: 08/09/2012) |
| 08/10/2012 | 565 | STIPULATION *Regarding Documents in Evidence Containing Arrest Information* by Joseph M Arpaio, Maricopa County Sheriff's Office, Maricopa, County of, Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Gallagher, Lesli) (Entered: 08/10/2012) |
| 08/13/2012 | 566 | ORDER Pursuant to the parties' Stipulation Regarding Documents in Evidence Containing Arrest Information (Doc. 565 ), the Court will accept the Stipulation. Accordingly, IT IS ORDERED granting the Stipulation. Signed by Judge G Murray Snow on 8/13/2012. (KMG) (Entered: 08/13/2012) |
| 08/15/2012 | 567 | ORDER denying the Motion 561 . IT IS FURTHER ORDERED directing the Clerk of Court to terminate Scott Huminski from this action. Signed by Judge G Murray |

| | | |
|---|---|---|
| | | Snow on 8/15/2012.(KMG) (Entered: 08/15/2012) |
| 08/16/2012 | <u>568</u> | *Defendants' RESPONSE in Rebuttal to <u>563</u> Plaintiffs' Post Trial Brief by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) *Modified to correct event type and to add document number on 8/17/2012 (LSP). (Entered: 08/16/2012) |
| 08/16/2012 | <u>569</u> | *Plaintiffs' RESPONSE to <u>562</u> Defendants' Post−Trial Brief by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) *Modified to correct event type and to add document number on 8/17/2012 (LSP). (Entered: 08/16/2012) |
| 09/20/2012 | <u>570</u> | NOTICE OF ATTORNEY SUBSTITUTION: Edward G. Caspar appearing for United States of America. Attorney Winsome Gayle terminated. . (Caspar, Edward) (Entered: 09/20/2012) |
| 10/09/2012 | <u>571</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 1 Proceedings held on 7/19/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>572</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 2 Proceedings held on 7/24/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>573</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 3 Proceedings held on 7/25/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>574</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 4 Proceedings held on 7/26/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>575</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 5 Proceedings held on 7/31/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>576</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 6 Proceedings held on 8/1/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
| 10/09/2012 | <u>577</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Bench Trial Day 7 Proceedings held on 8/2/2012, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. |

| | | After that date it may be obtained through PACER.. Redaction Request due 10/30/2012. Redacted Transcript Deadline set for 11/9/2012. Release of Transcript Restriction set for 1/7/2013. (VAR) (Entered: 10/12/2012) |
|---|---|---|
| 10/23/2012 | 578 | MANDATE of USCA, affirming the decision of the District Court, re: 12−15098 500 Notice of Interlocutory Appeal. (Attachments: # 1 Opinion, # 2 NDA)(REW) (Entered: 10/23/2012) |
| 05/24/2013 | 579 | FINDINGS OF FACT AND CONCLUSIONS OF LAW − that Plaintiffs are entitled to injunctive relief necessary to remedy the Fourth and Fourteenth Amendment violations caused by MCSO's past and continuing operations. The MCSO is thus permanently enjoined from: 1. Detaining, holding or arresting Latino occupants of vehicles in Maricopa County based on a reasonable belief, without more, that such persons are in the country without authorization. 2. Following or enforcing its LEAR policy against any Latino occupant of a vehicle in Maricopa County. 3. Using race or Latino ancestry as a factor in determining to stop any vehicle in Maricopa County with a Latino occupant. 4. Using race or Latino ancestry as a factor in making law enforcement decisions with respect to whether any Latino occupant of a vehicle in Maricopa County may be in the country without authorization. 5. Detaining Latino occupants of vehicles stopped for traffic violations for a period longer than reasonably necessary to resolve the traffic violation in the absence of reasonable suspicion that any of them have committed or are committing a violation of federal or state criminal law. 6. Detaining, holding or arresting Latino occupants of a vehicle in Maricopa County for violations of the Arizona Human Smuggling Act without a reasonable basis for believing that, under all the circumstances, the necessary elements of the crime are present. 7. Detaining, arresting or holding persons based on a reasonable suspicion that they are conspiring with their employer to violate the Arizona Employer Sanctions Act. IT IS FURTHER ORDERED setting a hearing at which the above matters will be discussed for Friday, June 14, 2013 at 9:30 a.m. in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. Signed by Judge G Murray Snow on 5/24/2013. (KMG) (Entered: 05/24/2013) |
| 06/13/2013 | 580 | STATEMENT of Interest by Amicus United States of America. (Attachments: # 1 Exhibit A part1, # 2 Exhibit A part 2, # 3 Exhibit B, # 4 Exhibit C)(Caspar, Edward) (Entered: 06/13/2013) |
| 06/14/2013 | 581 | Minute Entry for proceedings held before Judge G Murray Snow: Status Conference held on 6/14/2013. Order to follow.<br><br>APPEARANCES: Stanley Young, Cecillia Wang, Andre Segura, Daniel Pochoda, Nancy Ramirez, Anne Lai, David Hults, and Andrew Byrnes for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. (Court Reporter Gary Moll.) Hearing held 9:31 AM to 10:24 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 06/14/2013) |
| 06/14/2013 | 582 | ORDER: On June 14, 2013, the Court held a Status Hearing with counsel for Plaintiffs and Defendants. Pursuant to discussions at the hearing, IT IS ORDERED setting a subsequent Status Conference on 8/30/2013 at 9:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. FURTHER ORDERED that the parties file a joint memorandum on the status of their agreement on a consent decree and lodge the consent decree on or before August 16, 2013. If the parties need to supplement the memorandum, they may do so no later than August 28, 2013. Signed by Judge G Murray Snow on 6/14/2013. (KFZ) (Entered: 06/14/2013) |
| 06/18/2013 | 583 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 06/14/2013 before Judge Hon. Murray Snow.. (Casey, Timothy) (Entered: 06/18/2013) |
| 06/18/2013 | 584 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 6/14/2013 before Judge Hon. G. Murray Snow.. (Young, Stanley) (Entered: 06/18/2013) |

| 06/18/2013 | [585](#) | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 6/14/2013 before Judge G. Murray Snow.. (Masterson, John) (Entered: 06/18/2013) |
|---|---|---|
| 06/18/2013 | [586](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 6/14/2013, before Judge G. Murray Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/9/2013. Redacted Transcript Deadline set for 7/19/2013. Release of Transcript Restriction set for 9/16/2013. (VAR) (Entered: 06/19/2013) |
| 06/21/2013 | [587](#) | NOTICE OF APPEAL to 9th Circuit, as to [493](#) Order on Motion for Sanctions, [60](#) Order on Motion to Dismiss, Order on Motion for Hearing, [579](#) Findings of Fact & Conclusions of Law, by Joseph M Arpaio, Maricopa County Sheriff's Office. Filing fee received: $ 455.00, receipt number 0970−9299151. (Attachments: # [1](#) Appeal Information Docketing Statement, # [2](#) Appeal Information 02−10−09 Order, # [3](#) Appeal Information 12−23−11 Order, # [4](#) Appeal Information Findings of Fact and Conclusions of Law, # [5](#) Appeal Information Representation Statement)(Casey, Timothy) (Entered: 06/21/2013) |
| 06/24/2013 | [588](#) | Ninth Circuit Court of Appeals Case Number 13−16285 for [587](#) Notice of Appeal. (LAD) (Entered: 06/24/2013) |
| 07/18/2013 | [589](#) | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 01/14/09 before Judge Hon. Murray Snow.. (Casey, Timothy) (Entered: 07/18/2013) |
| 08/07/2013 | [590](#) | NOTICE of Change of Address by Anne Lai. (Lai, Anne) (Entered: 08/07/2013) |
| 08/08/2013 | [591](#) | NOTICE re OF WITHDRAWAL OF ASSOCIATE COUNSEL ANDREW C. BYRNES by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Byrnes, Andrew) (Entered: 08/08/2013) |
| 08/16/2013 | [592](#) | STATUS REPORT − *Parties Joint Report Regarding Status of Consent Decree Negotiations* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # [1](#) Exhibit A (Proposed Consent Order))(Gallagher, Lesli) (Entered: 08/16/2013) |
| 08/19/2013 | [593](#) | ORDER that the parties are authorized to separately file supplemental briefs by 5:00 PM on Friday, August 23, 2013. These briefs shall be limited to a concise discussion of the parties' justifications for their competing positions on the terms of the Proposed Consent Decree and shall be no longer than 25 pages, excluding any exhibits. Signed by Judge G Murray Snow on 8/19/2013. (KFZ) (Entered: 08/19/2013) |
| 08/20/2013 | [594](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion to Dismiss for dates of 1/14/2009 before Judge Murguia re: [587](#) Notice of Appeal. Court Reporter Merilyn Sanchez. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/10/2013. Redacted Transcript Deadline set for 9/20/2013. Release of Transcript Restriction set for 11/18/2013. (VPB) (Entered: 08/20/2013) |
| 08/23/2013 | [595](#) | SUPPLEMENT Defendants' Brief Re Justifications for Competing Positions on the Terms of the Proposed Consent Decree re [592](#) Report − Status, by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # [1](#) Exhibit)(Casey, Timothy) (Entered: 08/23/2013) |
| 08/23/2013 | [596](#) | SUPPLEMENT PLAINTIFFS MEMORANDUM REGARDING CONTESTED PROVISIONS FOR THE COURTS REMEDIAL ORDER re [592](#) Report − Status, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # [1](#) Exhibit Index, # [2](#) Exhibit A, B, C)(Young, Stanley) (Entered: 08/23/2013) |
| 08/23/2013 | [597](#) | Additional Attachments to Main Document re [596](#) Supplement, *EXHIBIT D* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 08/23/2013) |

| 08/23/2013 | 598 | Additional Attachments to Main Document re 596 Supplement, *EXHIBITS E, F, G, H* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 08/23/2013) |
|---|---|---|
| 08/30/2013 | 599 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 8/30/13. Defendants' supplemental 3−page brief, excluding attachments, is due by 9/11/13. Plaintiffs' 3−page response, excluding attachments, is due by 9/18/13.<br><br>APPEARANCES: Stanley Young, Cecillia Wang, Daniel Pochoda, Nancy Ramirez, and Lesli Gallagher for Plaintiffs. Timothy Casey, Thomas Liddy, James Williams, and Ann Uglietta for Defendants. Maricopa County Sheriff's Office Chief Deputy, Jerry Sheridan, is also present. (Court Reporter Gary Moll.) Hearing held 9:31 AM to 1:02 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/30/2013) |
| 09/09/2013 | 600 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 08/30/2013 before Judge G. Murray Snow.. (Casey, Timothy) (Entered: 09/09/2013) |
| 09/10/2013 | 601 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 08/30/2013 before Judge Snow.. (Young, Stanley) (Entered: 09/10/2013) |
| 09/10/2013 | 602 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 8/30/2013 before Judge G. Murray Snow.. (Masterson, John) (Entered: 09/10/2013) |
| 09/10/2013 | 603 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 8/30/2013, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/1/2013. Redacted Transcript Deadline set for 10/11/2013. Release of Transcript Restriction set for 12/9/2013. (VPB) (Entered: 09/10/2013) |
| 09/11/2013 | 604 | SUPPLEMENT Defendants' Brief Re Court's Proposal to Require MCSO Deputies to Announce Basis for Each Traffic Stop Over Radio re 599 Status Conference, Common Prompts (Text Only),,,, by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Affidavit of Gerard Sheridan)(Casey, Timothy) (Entered: 09/11/2013) |
| 09/18/2013 | 605 | SUPPLEMENT PLAINTIFFS MEMORANDUM IN RESPONSE TO DEFENDANTS BRIEF REGARDING COURTS PROPOSAL TO REQUIRE MCSO DEPUTIES TO ANNOUNCE BASIS FOR EACH TRAFFIC STOP OVER RADIO re 599 Status Conference,,, Common Prompts (Text Only),, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit of Robert L. Stewart)(Young, Stanley) (Entered: 09/18/2013) |
| 10/02/2013 | 606 | AMENDED at doc.# 670 and 1270 ... SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER − that the Court's injunction of December 23, 2011 is made permanent. The Court's injunction of May 24, 2013 shall remain permanent. For removal of doubt, both the December 23, 2011 injunction and the May 24, 2013 injunction shall survive the termination of this Order until and unless specifically dissolved or modified by the Court or an appellate court of competent jurisdiction. IT IS FURTHER ORDERED that this Order is an appealable final judgment. The Clerk of Court is directed to enter judgment accordingly. IT IS FURTHER ORDERED that this Court retains jurisdiction over this case for the purposes of implementing this Order. Signed by Judge G Murray Snow on 10/2/2013. (See PDF for full details.)(KMG) Modified on 4/16/2014 (KMG). Modified on 8/26/2015 (KFZ). (Entered: 10/02/2013) |
| 10/16/2013 | 607 | BILL OF COSTS by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Itemization for Bill of Costs, # 2 Tab 01 − Documentation, # 3 Tab 02 − |

| | | Documentation, # 4 Tab 03 − Documentation, # 5 Tab 04 − Documentation, # 6 Tab 05 − Documentation)(Young, Stanley) (Entered: 10/16/2013) |
|---|---|---|
| 10/16/2013 | 608 | MOTION for Attorney Fees *AND RELATED NON−TAXABLE EXPENSES* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituguα Rodriguez, Somos America. (Young, Stanley) (Entered: 10/16/2013) |
| 10/17/2013 | 609 | MOTION to Seal Document by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 10/17/2013) |
| 10/17/2013 | 610 | * (Filed at 615 ) SEALED LODGED Proposed Written Protocol for a Significant Operation by MCSO re: 609 MOTION to Seal Document . Document to be filed by Clerk if Motion to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) Modified on 10/22/2013 (LAD). (Entered: 10/17/2013) |
| 10/17/2013 | 611 | STATEMENT of REGARDING MCSO's PLANNED SIGNIFICANT OPERATION re 610 Sealed Lodged Proposed Document, by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituguα Rodriguez, Somos America. (Young, Stanley) (Entered: 10/17/2013) |
| 10/21/2013 | 612 | RESPONSE in Opposition re 608 MOTION for Attorney Fees *AND RELATED NON−TAXABLE EXPENSES* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 10/21/2013) |
| 10/21/2013 | 613 | RESPONSE re 607 Bill of Costs, by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 10/21/2013) |
| 10/22/2013 | 614 | ORDER granting 609 Motion to Seal Document. IT IS FURTHER ORDERED that in light of the period for temporarily filing the written protocol under seal has lapsed, the Clerk of Court is directed to file the lodged written protocol (Doc. 610 ) in the public record. Signed by Judge G Murray Snow on 10/22/13. (LAD) (Entered: 10/22/2013) |
| 10/22/2013 | 615 | Written Protocol for a Significant Opperation by MCSO by Joseph M. Arpaio and Maricopa County Sheriff's Office. (LAD) (Entered: 10/22/2013) |
| 10/31/2013 | 616 | NOTICE OF APPEAL to 9th Circuit Court of Appeals re: 606 Permanent Injunction, Judgment, by Joseph M Arpaio, Maricopa County Sheriff's Office. Filing fee received: $ 455.00, receipt number 0970−9780648. (Attachments: # 1 Representation Statement)(Casey, Timothy) (Entered: 10/31/2013) |
| 11/01/2013 | 617 | USCA Case Number re: 616 Notice of Appeal. Case number 13−17238, Ninth Circuit. (copies sent by the Ninth Circuit) (REW) (Entered: 11/01/2013) |
| 11/05/2013 | 618 | Taxation Judgment in amount of $18,688.24 against defendant. Signed by Chief Deputy Clerk Michael O'Brien on 11/5/13. (CSL) (Entered: 11/05/2013) |
| 11/07/2013 | 619 | STIPULATION *TO EXTEND TIME FOR FILING ATTORNEYS FEES MEMORANDA* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituguα Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Young, Stanley) (Entered: 11/07/2013) |
| 11/08/2013 | 620 | ORDER that pursuant to the parties' 619 Stipulation: The time for Plaintiffs to file the memorandum in support of the motion for award of attorneys' fees and all supporting documentation is extended until and including December 20, 2013. The time for Defendants to file a responsive memorandum to the motion for award of attorneys' fees is extended until and including January 24, 2014. The time for Plaintiffs to file a reply memorandum to the motion for award of attorneys' fees is extended until and including February 14, 2014. Signed by Judge G Murray Snow on 11/8/2013. (KMG) (Entered: 11/08/2013) |
| 11/22/2013 | 621 | MOTION for Extension of Time To File With the Court an Agreed Upon Name of a Monitor for Appointment or the Parties' Respective Slates of Candidates for the Court's Selection of a Monitor by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 11/22/2013) |

| | | |
|---|---|---|
| 11/25/2013 | 622 | ORDER granting 621 Motion and Stipulation to Extend by One Week the Deadline to File With the Court an Agreed Upon Name of a Monitor for Appointment or the Parties' Respective Slates of Candidates for the Court's Selection of a Monitor. The parties may have through and until Monday, December 9, 2013 to file their mutual agreed−upon monitor or their respective slates of candidates for monitor to be selected by the Court. No further extensions shall be granted. Signed by Judge G Murray Snow on 11/25/2013.(KFZ) (Entered: 11/25/2013) |
| 12/02/2013 | 623 | NOTICE re Defendants' Notice of Filing a Written Protocol for MCSO Participation in a Holiday DUI Task Force that may, on Occastion, Constitute a Significant Operation Under the Order by Joseph M Arpaio, Maricopa County Sheriff's Office . (Attachments: # 1 Exhibit DUI Written Protocol)(Casey, Timothy) (Entered: 12/02/2013) |
| 12/09/2013 | 624 | STIPULATION *TO EXTEND TIME FOR FILING ATTORNEYS FEES AND NON−TAXABLE EXPENSES MEMORANDA* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Young, Stanley) (Entered: 12/09/2013) |
| 12/09/2013 | 625 | NOTICE re Plaintiffs' Noice of Filing Candidates for Monitor by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re 622 Order on Motion for Extension of Time,, . (Attachments: # 1 Exhibit A−Robert Warshaw, # 2 Exhibit B−Joseph Brann, # 3 Exhibit C−Timothy Nelson)(Pochoda, Daniel) (Entered: 12/09/2013) |
| 12/09/2013 | 626 | NOTICE re Defendants' Slate of Three Candidates for the Position of Monitor Pursuant to Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re 622 Order on Motion for Extension of Time,, . (Attachments: # 1 Exhibit Exhibits 1−3)(Casey, Timothy) (Entered: 12/09/2013) |
| 12/10/2013 | 627 | NOTICE re PLAINTIFFS NOTICE OF FILING SUPPLEMENT TO CANDIDATES FOR MONITOR by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re 625 Notice (Other), . (Attachments: # 1 Exhibit A − Joseph Brann Proposal)(Pochoda, Daniel) (Entered: 12/10/2013) |
| 12/10/2013 | 628 | IT IS ORDERED denying 624 the Stipulation to Extend Time for Filing Attorneys' Fees and Non−Taxable Expenses Memoranda. Signed by Judge G. Murray Snow on 12/10/13. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS, ag) (Entered: 12/10/2013) |
| 12/10/2013 | 629 | OBJECTION re 625 Notice (Other), by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibit 1)(Casey, Timothy) (Entered: 12/10/2013) |
| 12/13/2013 | 630 | First MOTION for Leave to File Motion for Leave to File Response to Defendants' Objections to Plaintiffs' Monitor Nominees and Response to Defendants' Nominations of Monitor Candidates by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Pochoda, Daniel) (Entered: 12/13/2013) |
| 12/13/2013 | 631 | (Filed at doc.# 634 ) LODGED Proposed Response to Defendants' Objections to Plaintiffs' Monitor Nominees and Response to Defendants' Nominatoins of Monitor Candidates re: 630 First MOTION for Leave to File Motion for Leave to File Response to Defendants' Objections to Plaintiffs' Monitor Nominees and Response to Defendants' Nominations of Monitor Candidates . Document to be filed by Clerk if Motion or Stipulation for Leave to File or Amend is granted. Filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pochoda, Daniel) Modified on 12/17/2013 (KMG). (Entered: 12/13/2013) |
| 12/16/2013 | 632 | NOTICE re Filing Supplement to Slate of Three Candidates for the Position of Monitor by Joseph M Arpaio, Maricopa County Sheriff's Office re 626 Notice (Other), . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 12/16/2013) |
| 12/17/2013 | 633 | ORDER granting Plaintiffs' Motion for Leave to File Response to Defendants' Objections (Doc. 630 ). The Clerk of Court is directed to file the lodged Response |

| | | (Doc. 631 ). Signed by Judge G Murray Snow on 12/17/2013.(KMG) (Entered: 12/17/2013) |
|---|---|---|
| 12/17/2013 | 634 | RESPONSE to Defendants' 629 Objections to Plaintiffs' Monitor Nominees and RESPONSE to Defendants' Nominations of Monitor Candidates by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (KMG) (Entered: 12/17/2013) |
| 12/17/2013 | 635 | ORDER − The Court has reviewed the materials pertaining to the six candidates for monitor that have been submitted by the parties. Absent objection the Court shall proceed as follows: 1. Each side has provided the Court with motions which indicate their respective positions concerning the monitor candidates nominated by the opposing side. Unless the Court specifically asks the parties for additional information with respect to the monitor candidates, or unless it is otherwise specified below in this order, the parties need file no further papers concerning their views of the respective merits of the various monitor candidates. 2. Any of the monitor candidates that has additional materials it would like the Court to consider shall submit such materials to the Court, through the party that nominated them, no later than 5:00 p.m. on December 20, 2013. 3. The Court will thereafter contact references or conduct its own inquiry into the suitability and desirability of the various monitor candidates submitted by the parties.This follow−up inquiry may include, but will not be limited to, contacting the persons identified in the submissions as having experience with the various candidates, otherwise researching the credentials and reputation of the various persons designated in the submissions, researching the reputation for expertise, fairness, clarity, efficiency and expense of the various monitor candidates, and contacting the candidates directly should the Court desire to have follow−up interviews with any or all of the candidates or clarify their written submissions. Signed by Judge G Murray Snow on 12/17/2013. (See PDF for full details.)(KMG) (Entered: 12/17/2013) |
| 12/20/2013 | 636 | NOTICE re Plaintiffs' Notice of Filing Additional Information for Candidate for Monitor by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re 635 Order . (Attachments: # 1 Exhibit A − Brann References)(Pochoda, Daniel) (Entered: 12/20/2013) |
| 12/20/2013 | 637 | NOTICE re Defendants' Notice of December 20, 2013 Supplemental Information Re Candidates for the Position of Monitor by Joseph M Arpaio, Maricopa County Sheriff's Office re 635 Order . (Attachments: # 1 Exhibit Exhibits 1−7)(Casey, Timothy) (Entered: 12/20/2013) |
| 12/20/2013 | 638 | RESPONSE re 637 Notice (Other) *Plaintiffs' Response to Defendants' Allegations re Potential Monitor Robert Warshaw* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Somos America. (Pochoda, Daniel) (Entered: 12/20/2013) |
| 12/20/2013 | 639 | MEMORANDUM in Support of 608 MOTION for Attorney Fees *AND RELATED NON−TAXABLE EXPENSES* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Statement of Consultation, # 2 Text of Proposed Order, # 3 Affidavit of Priscilla Taylor, # 4 Exhibit 1 − 7 to Taylor Declaration, # 5 Affidavit of Stanley Young, # 6 Exhibit Index and Exhibits A−F to Young Declaration, # 7 Exhibit G−H to Young Declaration, # 8 Exhibit I (Part 1), # 9 Exhibit I (Part 2), # 10 Exhibit I (Part 3))(Young, Stanley) (Entered: 12/20/2013) |
| 12/20/2013 | 640 | AFFIDAVIT of Daniel J. Pochoda re 639 Memorandum *in Support of 608 MOTION for Attorney Fees AND RELATED NON−TAXABLE EXPENSES* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit Index and Exhibits A−E)(Pochoda, Daniel) (Entered: 12/20/2013) |
| 12/20/2013 | 641 | AFFIDAVIT of Nancy Ramirez re 639 Memorandum *in Support of 608 MOTION for Attorney Fees AND RELATED NON−TAXABLE EXPENSES* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 1−3)(Ramirez, Nancy) (Entered: 12/20/2013) |

| 12/20/2013 | 642 | AFFIDAVIT of Cecillia D. Wang re 639 Memorandum *in Support of 608 MOTION for Attorney Fees AND RELATED NON−TAXABLE EXPENSES* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A−E to Wang Declaration, # 2 Affidavit of Elizabeth S. Saylor, # 3 Affidavit of Richard M. Pearl, # 4 Exhibit A−I to Pearl Declaration, # 5 Affidavit of Amitai Schwartz)(Young, Stanley) (Entered: 12/20/2013) |
|---|---|---|
| 12/31/2013 | 643 | NOTICE re Defendants' Notice of Filing Compliance Materials Pursuant to 10/02/2013 Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re 606 Permanent Injunction, Judgment . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Casey, Timothy) (Entered: 12/31/2013) |
| 01/08/2014 | 644 | MOTION for Extension of Time to File *(JOINT MOTION TO EXTEND TIME TO COMMENT ON DEFENDANTSCOMPLIANCE MATERIALS FILED ON DECEMBER 31, 2013)* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Young, Stanley) (Entered: 01/08/2014) |
| 01/09/2014 | 645 | ORDER re 644 Motion to Extend Time to Comment on Defendants' Compliance Materials. The time for Plaintiffs to provide comments on the materials submitted to the Court with Defendants' Notice of Filing Compliance Materials (Doc. 643 ), is extended until and including January 28, 2014. Signed by Judge G Murray Snow on 1/9/2014.(ALS) (Entered: 01/09/2014) |
| 01/09/2014 | 646 | ORDER − Status Conference is set for 1/17/2014 at 10:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Signed by Judge G Murray Snow on 1/9/2014. (KFZ) (Entered: 01/09/2014) |
| 01/09/2014 | 647 | NOTICE of Appearance by Eileen Dennis GilBride on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office, Maricopa, County of. (GilBride, Eileen) (Entered: 01/09/2014) |
| 01/10/2014 | 648 | IT IS ORDERED that the Status Conference, presently set for 1/17/14 at 10:30 a.m. before Judge Snow is VACATED. Ordered by Judge G. Murray Snow. (GMS, ag)(This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry.) (Entered: 01/10/2014) |
| 01/17/2014 | 649 | ORDER APPOINTING MONITOR that Robert Warshaw of Warshaw and Associates, Inc. is appointed as Monitor in this matter. The parties have his contact information and are directed to contact him directly to proceed with the implementation of the Order(s). Signed by Judge G Murray Snow on 1/17/2014. (See PDF for full details.)(KMG) Modified on 1/17/2014 (KMG). (Entered: 01/17/2014) |
| 01/17/2014 | 650 | MOTION to Withdraw as Attorney *Kelly J. Flood* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Flood, Kelly) (Entered: 01/17/2014) |
| 01/21/2014 | 651 | ORDER that the Motion 650 is granted. Kelly J. Flood is allowed to withdraw as attorney of record for Plaintiffs. Signed by Judge G Murray Snow on 1/21/2014.(KMG) (Entered: 01/21/2014) |
| 01/24/2014 | 652 | RESPONSE in Opposition re 608 MOTION for Attorney Fees *AND RELATED NON−TAXABLE EXPENSES* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibits B−F, # 3 Exhibit Exhibits G−L)(Casey, Timothy) (Entered: 01/24/2014) |
| 01/30/2014 | 653 | NOTICE re Filing Compliance Materials Pursuant to 10/02/13 Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re 606 Permanent Injunction, Judgment . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 01/30/2014) |
| 01/31/2014 | 654 | *Satisfaction of Judgment for Taxable Costs by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 618 Costs Taxed . (Young, Stanley) *Modified to correct event type on 2/3/2014 (ALS). (Entered: 01/31/2014) |

| 02/14/2014 | 655 | REPLY to Response to Motion re: 608 MOTION for Attorney Fees *AND RELATED NON−TAXABLE EXPENSES* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit of Stanley Young, # 2 Affidavit of Gislaine Williams, # 3 Exhibit A to Williams Decl)(Young, Stanley) (Entered: 02/14/2014) |
|---|---|---|
| 03/17/2014 | 656 | ORDER setting a Status Conference for **March 24, 2014 at 9:00 AM** in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Counsel for **all** parties are required to attend as are Sheriff Arpaio and Chief Deputy Sheridan. Signed by Judge G Murray Snow on 3/17/2014. (LFIG) (Entered: 03/17/2014) |
| 03/19/2014 | 657 | NOTICE re: Defendants' Notice of Filing Excerpts of the Deposition of Deputy Hector Martinez from the DOJ Litigation Pursuant to the 03/17/2014 Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re: 656 Order, Set/Reset Hearings . (Attachments: # 1 Exhibit 1)(Casey, Timothy) (Entered: 03/19/2014) |
| 03/24/2014 | 658 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 03/24/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 03/24/2014) |
| 03/24/2014 | 659 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 03/24/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 03/24/2014) |
| 03/24/2014 | 660 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 3/24/2014. Order to follow.<br><br>APPEARANCES: Cecilia Wang, Stanley Young, Andre Segura, Daniel Pochoda, and Lesli Gallagher for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. Sheriff Joseph M. Arpaio and Chief Deputy Jerry Sheridan are also present. (Court Reporter Gary Moll.) Hearing held 9:04 AM to 10:40 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 03/24/2014) |
| 03/26/2014 | 661 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 03/24/14, Judge G Murray Snow hearing judge(s). (Masterson, John) (Entered: 03/26/2014) |
| 03/26/2014 | 662 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 3/24/2014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/16/2014. Redacted Transcript Deadline set for 4/28/2014. Release of Transcript Restriction set for 6/24/2014. (VPB) (Entered: 03/27/2014) |
| 03/27/2014 | 663 | ORDER, Status Conference set for 4/3/2014 at 02:00 PM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow (see order for complete details). Signed by Judge G Murray Snow on 3/27/14. (REW) (Entered: 03/27/2014) |
| 03/27/2014 | 664 | NOTICE re: Defendants' Notice of Lodging DVD of MCSO Presentation to a Community Group on March 15, 2014 by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 03/27/2014) |
| 03/28/2014 | 665 | ORDER, Deputy Chief David Trombi shall attend and testify at the Status Conference on 4/3/14 at 2:00 p.m. in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. Signed by Judge G Murray Snow on 3/28/14. (REW) (Entered: 03/28/2014) |
| 04/02/2014 | 666 | NOTICE re: Defendants' Notice of Positions and Objections to Appendix A of the Court's Order Dated March 27, 2014 and to Deadline Dates by Joseph M Arpaio, Maricopa County Sheriff's Office re: 663 Order, Set/Reset Hearings . (Casey, Timothy) (Entered: 04/02/2014) |

| 04/03/2014 | 667 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 4/3/2014. Deputy Chief David Trombi is sworn, examined, and excused. |
| | | APPEARANCES: Cecillia Wang and Stanley Young, telephonically, and Daniel Pochoda for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. Chief Deputy Jerry Sheridan and Deputy Chief David Trombi are also present. Chief Raul Martinez, monitor staff, is also present telephonically. (Court Reporter Gary Moll.) Hearing held 2:07 PM to 3:56 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 04/03/2014) |
| 04/04/2014 | 668 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on April 3, 2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 04/04/2014) |
| 04/04/2014 | 669 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on April 3, 2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 04/04/2014) |
| 04/04/2014 | 670 | AMENDMENTS TO THE SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER − At the status conference held on March 24, 2014, and in a previous order (Doc. 663 App. A) this Court proposed amendments to the Supplemental Permanent Injunction/Judgment Order (Doc. 606 ). The parties were given an opportunity to respond in writing and at the April 2, 2014, status conference. As a result of those conferences, the Court orders the following amendments to the Supplemental Permanent Injunction/Judgment Order (Doc. 606). Signed by Judge G Murray Snow on 4/4/2014. (See Document for full details.)(KMG) (Entered: 04/04/2014) |
| 04/04/2014 | 671 | ORDER that Defendants shall submit a proposed training schedule within seven days of April 3, 2014. IT IS FURTHER ORDERED that Plaintiffs shall submit any proposed amendments to Defendants' schedule within fourteen days of April 3, 2014. Signed by Judge G Murray Snow on 4/4/2014. (KMG) (Entered: 04/04/2014) |
| 04/04/2014 | 672 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 4/3/3014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/25/2014. Redacted Transcript Deadline set for 5/5/2014. Release of Transcript Restriction set for 7/3/2014. (VPB) (Entered: 04/07/2014) |
| 04/07/2014 | 673 | NOTICE re: Defendants' Notice of Lodging the First Comprehensive Internal Assessment by the Maricopa County Sheriff's Office by Joseph M Arpaio, Maricopa County Sheriff's Office re: 606 Permanent Injunction, Judgment . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 04/07/2014) |
| 04/10/2014 | 674 | NOTICE re: Defendants' Notice of Lodging the Parties' Counsels' Agreed Upon Draft Corrective Statement by Joseph M Arpaio, Maricopa County Sheriff's Office re: 663 Order, Set/Reset Hearings . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 04/10/2014) |
| 04/10/2014 | 675 | NOTICE re: Defendants' Notice of Lodging its Proposed Training Schedule by Joseph M Arpaio, Maricopa County Sheriff's Office re: 671 Order . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 04/10/2014) |
| 04/15/2014 | 676 | NOTICE re: Defendants' Amended Notice Re the April 10, 2014 Lodging of the Parties' Counsels' Agreed Upon Draft Corrective Statement and Defendants' New Revised Unilateral Draft Corrective Statement Dated April 15, 2014 by Joseph M Arpaio, Maricopa County Sheriff's Office re: 674 Notice (Other) . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 04/15/2014) |
| 04/15/2014 | 677 | AMENDED NOTICE OF APPEAL to 9th Circuit Court of Appeals re: 670 Permanent Injunction by Joseph M Arpaio, Maricopa County Sheriff's Office . (GilBride, Eileen) (Entered: 04/15/2014) |

| 04/15/2014 | <u>678</u> | NOTICE re: Plaintiffs' Response to Defendants' Unilateral Amended Notice re Corrective Statement by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: <u>676</u> Notice (Other) . (Wang, Cecillia) (Entered: 04/15/2014) |
|---|---|---|
| 04/17/2014 | <u>679</u> | NOTICE re: Plaintiffs' Response to Defendants' Notice re Training Schedule by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: <u>675</u> Notice (Other) . (Wang, Cecillia) (Entered: 04/17/2014) |
| 04/17/2014 | <u>680</u> | ENFORCEMENT ORDER: The Sheriff need not sign, but will immediately disseminate the summary attached as Exhibit A to this Order to all MCSO personnel. IT IS FURTHER ORDERED setting a Status Conference for May 7, 2014 at 10:00 a.m. in Courtroom 602, Sandra Day OConnor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003−2151. If this Order has not been fully implemented, Sheriff Arpaio's attendance will be required and he may be subject to questioning by the Court. Signed by Judge G Murray Snow on 4/17/2014. (See attached Order for details) (ALS) (Entered: 04/17/2014) |
| 04/23/2014 | <u>681</u> | MOTION Clarify/Modify April 17th Order re: <u>680</u> Order, Set/Reset Deadlines/Hearings by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # <u>1</u> Exhibit)(GilBride, Eileen) (Entered: 04/23/2014) |
| 04/24/2014 | <u>682</u> | RESPONSE to Motion re: <u>681</u> MOTION Clarify/Modify April 17th Order re: <u>680</u> Order, Set/Reset Deadlines/Hearings filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # <u>1</u> Exhibit A)(Young, Stanley) (Entered: 04/24/2014) |
| 04/24/2014 | <u>683</u> | REPLY to Response to Motion re: <u>681</u> MOTION Clarify/Modify April 17th Order re: <u>680</u> Order, Set/Reset Deadlines/Hearings filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (GilBride, Eileen) (Entered: 04/24/2014) |
| 04/29/2014 | <u>684</u> | ORDER granting <u>681</u> Defendants' Request to Clarify/Modify Order of April 17, 2014. Signed by Judge G Murray Snow on 4/29/2014. (See Order for details)(ALS) (Entered: 04/29/2014) |
| 05/01/2014 | <u>685</u> | NOTICE re: Plaintiffs' Notice of Community Advisory Board Members by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: <u>670</u> Permanent Injunction . (Attachments: # <u>1</u> Exhibit Community Advisory Board Members)(Pochoda, Daniel) (Entered: 05/01/2014) |
| 05/02/2014 | <u>686</u> | ORDER: The Court will set a status conference and require that Douglas Irish and Sandi Wilson be in attendance. ORDERED setting a Status Conference for **May 14, 2014 at 9:00 AM** in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Signed by Judge G Murray Snow on 5/2/2014. (See Order for details.)(LFIG) (Entered: 05/02/2014) |
| 05/06/2014 | <u>687</u> | MOTION for Admission Pro Hac Vice as to attorney Patrick M Malgieri on behalf of Robert Warshaw. (BAS) (Entered: 05/06/2014) |
| 05/06/2014 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX145786 as to Patrick M Malgieri. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 05/06/2014) |
| 05/06/2014 | 688 | ORDER pursuant to General Order 09−08 granting <u>687</u> Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 05/06/2014) |
| 05/07/2014 | 689 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 5/7/2014. Larry Farnsworth is sworn, testifies and excused. Court's exhibit 1 marked for identification. THE COURT FINDS that the Maricopa County Sheriff's Office is in compliance with the Court's Enforcement Order <u>680</u> dated 4/17/2014. |

| | | APPEARANCES: Cecilia Wang and Daniel Pochoda for Plaintiffs. Timothy Casey and Thomas Liddy for Defendants. Chief Deputy Jerry Sheridan, Larry Farnsworth, and Russ Skinner are also present. Chief Raul Martinez, monitor staff, is also present telephonically. (Court Reporter Gary Moll.) Hearing held 10:05 AM to 11:03 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/07/2014) |
|---|---|---|
| 05/14/2014 | 690 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office, Maricopa, County of for proceedings held on 5−14−2014, Judge G Murray Snow hearing judge(s). (Irish, Douglas) (Entered: 05/14/2014) |
| 05/14/2014 | 691 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on May 7, 2014 and May 14, 2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/14/2014) |
| 05/14/2014 | 692 | MINUTE ENTRY for proceedings held before Judge G Murray Snow. Status Conference held on 5/14/2014. Order to follow. <br><br> APPEARANCES: Patrick Malgieri for Monitor, Robert Warshaw, who is also present. Doug Irish for Maricopa County. Deputy County Manager, Sandi Wilson, is also present. The Court notes Timothy Casey for defendants, and Daniel Pochoda and Cecilia Wang for plaintiffs, are also present. (Court Reporter Gary Moll.) Hearing held 9:11 AM to 9:51 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/14/2014) |
| 05/14/2014 | 699 | *MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 5/14/2014. (Court Reporter Gary Moll.) Hearing held 10:02 AM to 12/05 PM. (cc: T. Casey/T. Liddy/D. Pochoda/C. Wang).(MAP) *Modified on 5/16/2014 to Unseal Pursuant to Order 706 (MAP)*. (Entered: 05/16/2014) |
| 05/14/2014 | 700 | *TRANSCRIPT for proceedings held on 5/14/14, Status Conference before Judge G. Murray Snow. (Pages 35−104) (MAP) *Modified on 5/16/2014 to Unseal Pursuant to Order 706 (MAP)*. (Entered: 05/16/2014) |
| 05/15/2014 | 693 | *ORDER. Setting Hearing to Determine Why the Seal on this Matter Should Not be Lifted. Signed by Judge G Murray Snow on 5/15/14. (cc: C. Wang/D. Pochoda/T. Casey/T. Liddy). (MAP) *Modified on 5/16/2014 to Unseal Pursuant to Order 706 (MAP)*. (Entered: 05/15/2014) |
| 05/15/2014 | 694 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 5/14/2014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/5/2014. Redacted Transcript Deadline set for 6/16/2014. Release of Transcript Restriction set for 8/13/2014. (VPB) (Entered: 05/15/2014) |
| 05/15/2014 | 695 | *ORDER resetting the time only for the Telephonic Conference currently set for May 16, 2014 from 3:00 p.m. to noon. Signed by Judge G Murray Snow on 5/15/14. (cc: Wang/Pochoda/Casey/Liddy)(REW) *Modified on 5/16/2014 to Unseal Pursuant to Order 706 (MAP)*. (Entered: 05/15/2014) |
| 05/15/2014 | 696 | AMENDED by Court Order doc.# 1065 ... ORDER that for all future months the Monitor will submit both public bills to Maricopa County and more detailed bills to this Court for review in camera and under seal as provided herein. Sandi Wilson will review those bills and may raise any dispute in the manner detailed in this Order. ORDERED that Maricopa County will pay the Monitor's bills that the Monitor has already submitted for services in March and April 2014. Signed by Judge G Murray Snow on 5/15/2014. (See Order for details.)(LFIG) Modified on 5/12/2015 (KMG). (Entered: 05/15/2014) |
| 05/15/2014 | 697 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 5/7/2014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/5/2014. Redacted Transcript Deadline set for 6/16/2014. Release of Transcript Restriction set for 8/13/2014. (VPB) (Entered: 05/16/2014) |
|---|---|---|
| 05/16/2014 | 698 | SEALED LODGED PROPOSED NOTICE re: Defendans' Notice of Stipulation and Agreement to Unseal 5/14/14 Court Hearing and Court Order of May 15, 2014 by Joseph M Arpaio, Maricopa County Sheriff's Office re: 693 Order, Set/Reset Hearings . (Casey, Timothy) *Modified on 5/16/2014 to change from filed to Sealed Lodged Pursuant to GMS Chambers (MAP)*. Modified on 5/16/2014 (MAP). (Entered: 05/16/2014) |
| 05/16/2014 | 701 | *TRANSCRIPT of Proceedings held on 5/7/14, Status Conference Excerpt before Judge G. Murray Snow. (Page 37, Line 2, through Page 46, Line 18). (MAP) *Modified on 5/16/2014 to Unseal Pursuant to Order 706 (MAP)*. (Entered: 05/16/2014) |
| 05/16/2014 | 702 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/07/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) Cancelled by Doc. 708 Modified on 5/19/2014 (VPB). (Entered: 05/16/2014) |
| 05/16/2014 | 703 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/07/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) Cancelled by Doc. 708 Modified on 5/19/2014 (VPB). (Entered: 05/16/2014) |
| 05/16/2014 | 704 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/14/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) Cancelled by 708 Modified on 5/19/2014 (VPB). (Entered: 05/16/2014) |
| 05/16/2014 | 705 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephone Conference held on 5/16/2014. Order to follow. TELEPHONIC APPEARANCES: Daniel Pochoda, Cecillia Wang, and Stanley Young for Plaintiffs. Thomas Liddy and Timothy Casey for Defendants. Monitor, Robert Warshaw, and Chief Raul Martinez, monitor staff also present. (Court Reporter Gary Moll.) Hearing held 12:01 PM to 12:47 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/16/2014) |
| 05/16/2014 | 706 | ORDER Lifting the sealed portions of this matter and/or sidebar discussions of the May 7, 14, and 16, 2014 hearings, the May 15, 2014 Orders, the Notice re: Defendants' Notice of Stipulation and Agreement, and the Sealed Transcripts (Docs. 693 , 694 , 695 , 699 , [700−01], 705 ). FURTHER ORDERED that the Defendants will provide the transcripts of the Court's May, 7, 14 and 161, 2014 hearings, and a copy of the May 15, 2014 report prepared by Chief Deputy Sheridan for Chief Robert Warshaw to Maricopa County Attorney Bill Montgomery and United States Attorney John S. Leonardo by May 19, 2014. SEE ORDER FOR COMPLETE DETAILS. Signed by Judge G Murray Snow on 5/16/14. (MAP) (Entered: 05/16/2014) |
| 05/19/2014 | 707 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/16/14, Judge G Murray Snow hearing judge(s). (Casey, Timothy) Cancelled by 708 Modified on 5/19/2014 (VPB). (Entered: 05/19/2014) |
| 05/19/2014 | 708 | TRANSCRIPT REQUEST *Amended* by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/07/14; 05/1414; 05/16/14, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 05/19/2014) |
| 05/19/2014 | 709 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 5/16/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/19/2014) |
| 05/19/2014 | 710 | MOTION for Extension of Time Defendants' Motion for Additional Time to Submit Materials to Maricopa County Attorney and United States Attorney by Joseph M |

| | | Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order Proposed Order re Defendants' Motion for Additional Time to Submit Materials to Maricopa County Attorney and United States Attorney)(Casey, Timothy) (Entered: 05/19/2014) |
|---|---|---|
| 05/20/2014 | 711 | ORDER granting the Motion 710 . The Defendants shall submit to Messrs. Montgomery and Leonard the required materials within 24 hours of defense counsel Timothy J. Casey receiving the required Court Hearing Transcripts. Signed by Judge G Murray Snow on 5/20/2014.(KMG) (Entered: 05/20/2014) |
| 05/20/2014 | 712 | NOTICE re: Defendants' Notice of Their Compliance with the Order Dated May 16, 2014 (DKT#706) re Page 2, Lines 3−6 by Joseph M Arpaio, Maricopa County Sheriff's Office re: 706 Order . (Casey, Timothy) (Entered: 05/20/2014) |
| 05/21/2014 | 713 | TRANSCRIPT REQUEST by Paul Charlton for proceedings held on 5/14/2014, Judge G Murray Snow hearing judge. (VPB) (Entered: 05/21/2014) |
| 05/21/2014 | 714 | TRANSCRIPT REQUEST by Paul Charlton for proceedings held on 5/16/2014, Judge G Murray Snow hearing judge. (VPB) (Entered: 05/21/2014) |
| 05/21/2014 | 715 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Telephone conference Proceedings held on 5/16/2014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2014. Redacted Transcript Deadline set for 6/23/2014. Release of Transcript Restriction set for 8/19/2014. (VPB) (Entered: 05/21/2014) |
| 05/22/2014 | 716 | TRANSCRIPT REQUEST by Paul Charlton for proceedings held on 5/7/2014, Judge G Murray Snow hearing judge. (VPB) (Entered: 05/22/2014) |
| 05/22/2014 | 717 | TRANSCRIPT REQUEST by Paul Charlton for proceedings held on 5/14/2014, Judge Roger G Strand hearing judge. (VPB) (Entered: 05/22/2014) |
| 05/22/2014 | 718 | NOTICE re: Defendants' Notice of Their Compliance with the Order Dated May 16, 2014 (DKT#706) re Section Page 1, Lines 21−25 by Joseph M Arpaio, Maricopa County Sheriff's Office re: 706 Order . (Casey, Timothy) (Entered: 05/22/2014) |
| 05/28/2014 | 719 | ORDER that the Parties shall be provided with the Monitor's May 28, 2014 Review of MCSO's Investigative Plan. As this report discusses an ongoing investigation, it is provided to the Parties under seal. The Defendants are authorized to discuss the report and its contents with Sheriff Arpaio, Chief Deputy Sheridan, Chief Trombi, Captain Farnsworth, and Captain Holmes, but may not otherwise discuss or characterize the report or its contents. FURTHER ORDERED that either party may address the matters set forth in the Monitor's report in a filing under seal to the Court. SEE ORDER FOR FURTHER DETAILS. Signed by Judge G Murray Snow on 5/28/14. (MAP) (Additional attachment(s) added on 5/28/2014: # 1 Monitor's Review) (MAP). (Entered: 05/28/2014) |
| 05/30/2014 | 720 | *NOTICE of Appearance re: Notice of Appointment of Outside Counsel by Maricopa, County of . (Baker, Katherine) *Modified to correct event type on 6/2/2014 (LSP). (Entered: 05/30/2014) |
| 06/09/2014 | 721 | NOTICE re: Defendants' Notice of Personnel Change by Joseph M Arpaio, Maricopa County Sheriff's Office re: 719 Order . (Casey, Timothy) (Entered: 06/09/2014) |
| 06/26/2014 | 722 | NOTICE of Attorney Substitution by Nancy Anne Ramirez. (Ramirez, Nancy) (Entered: 06/26/2014) |
| 06/27/2014 | 723 | NOTICE of Attorney Withdrawal *of Lesli R Gallagher* filed by Lesli Rawles Gallagher. (Gallagher, Lesli) (Entered: 06/27/2014) |
| 07/01/2014 | 724 | MOTION for Admission Pro Hac Vice as to attorney Jorge Castillo on behalf of Manuel de Jesus Ortega Melendres. (BAS) (Entered: 07/01/2014) |
| 07/01/2014 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX147804 as to Jorge Martin Castillo. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 07/01/2014) |

| 07/01/2014 | 725 | ORDER pursuant to General Order 09−08 granting 724 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/01/2014) |
|---|---|---|
| 07/03/2014 | 726 | NOTICE of Attorney Withdrawal *of David Hults* filed by David Hults. (Hults, David) (Entered: 07/03/2014) |
| 07/11/2014 | 727 | NOTICE re: Defendants' Notice of Personnel Change by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 07/11/2014) |
| 07/14/2014 | 728 | STIPULATION *re: Protective Order* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit)(Wang, Cecillia) (Entered: 07/14/2014) |
| 07/18/2014 | 729 | STIPULATED PROTECTIVE ORDER pursuant to the parties' 728 Stipulation. Signed by Judge G Murray Snow on 7/18/2014. (LFIG) (Entered: 07/18/2014) |
| 07/23/2014 | 730 | SEALED ORDER Re In Camera Submission Under Seal − ORDERED That the parties are directed as follows: Within two weeks of the date of this Order Sandi Wilson shall submit under seal a memorandum identifying each of the following: See Order for Details. FURTHER ORDERED directing the Clerk of Court to send a copyof this Order only to: (1) Sandi Wilson c/o her attorney, Katherine Baker, Green & Baker; and (2) Robert Warshaw. Signed by Judge G Murray Snow on 7/22/14. (MAP) (Entered: 07/23/2014) |
| 08/07/2014 | 731 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Sealed Telephone Conference held on 8/7/2014. Order to follow.<br><br>APPEARANCES: Cecillia Wang, Andrew Segura, and Jorge Castillo for Plaintiffs. James Williams, Thomas Liddy, and Timothy Casey for Defendants. Chief Robert Warshaw and Deputy Monitors John Girvin and Raul Martinez. Captain Steve Bailey, Maricopa County Sheriff's Office. Christine Stutz and Vanessa Losicco, Maricopa County Attorneys Office. (Court Reporter Gary Moll.) Hearing held 10:04 AM to 10:42 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/07/2014) |
| 08/07/2014 | 732 | ORDER re discovery requests, see PDF document for details. Signed by Judge G Murray Snow on 8/7/14. (LSP) (Entered: 08/07/2014) |
| 08/08/2014 | 733 | NOTICE re: Notice of Filing Compliance Materials Pursuant to 10/02/2013 Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re: 606 Permanent Injunction, Judgment . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 08/08/2014) |
| 08/08/2014 | 734 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 08−07−14, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 08/08/2014) |
| 08/11/2014 | 735 | SEALED TRANSCRIPT of Proceedings held on 8/7/14 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Telephonic Conference. (MAP) (Entered: 08/11/2014) |
| 08/15/2014 | 736 | ORDER re 608 Motion for Attorney Fees *and Related Non−Taxable Expenses*: Oral Argument is set for 8/26/2014 at 10:00 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Each side will be given a maximum of twenty minutes to present their arguments and answer the Court's questions. Signed by Judge G Murray Snow on 8/15/2014. (KFZ) (Entered: 08/15/2014) |
| 08/15/2014 | 737 | MOTION Clairify August 7, 2014 Order re: 732 Order by Joseph M Arpaio, Maricopa County Sheriff's Office. (GilBride, Eileen) (Entered: 08/15/2014) |
| 08/26/2014 | 738 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Motion Hearing held on 8/26/2014. IT IS ORDERED taking under advisement 608 Motion |

| | | for Attorney Fees. |
| | | APPEARANCES: Stanley Young, Cecilia Wang, and Daniel Pochoda for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. (Court Reporter Gary Moll.) Hearing held 10:04 AM to 10:50 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/26/2014) |
| 08/27/2014 | 739 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 08/26/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 08/27/2014) |
| 08/27/2014 | 740 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Oral Argument Proceedings held on 8/26/2014, before Judge Snow. Court Reporter Gary Moll. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/17/2014. Redacted Transcript Deadline set for 9/29/2014. Release of Transcript Restriction set for 11/25/2014. (VPB) (Entered: 08/27/2014) |
| 09/11/2014 | 741 | ORDER that the County shall pay the Monitor's bill with exceptions as noted in this Order. ORDERED that the Monitor shall conform its future billing to the guidance provided. IT IS FURTHER ORDERED that the County and the Monitor shall work to resolve the outstanding issues with this bill and reconsider any disputes under the bill for July 2014 which was generated and reviewed before the clarification provided herein to both sides. Signed by Judge G Murray Snow on 9/11/2014. (LFIG) (Entered: 09/11/2014) |
| 09/11/2014 | 742 | ORDER granting the 608 Motion for Attorney Fees and Non−Taxable Expenses and awarding Plaintiffs' counsel the following: 1. Covington & Burling, $3,304,038.80 in attorney's fees and $150,036.16 in non−taxable expenses for a total of $3,454,074.96; 2. The Project, $420,331.92 in attorney's fees and $8,954.78 in non−taxable expenses for a total of $429,286.70; 3. MALDEF, $159,678.00 in attorney's fees and $7,670.62 in non−taxable expenses for a total of $167,348.62; 4. ACLU of Arizona, $383,356.40 in attorney's fees and $5,174.98 in nontaxable expenses for a total of $388,531.38. Signed by Judge G Murray Snow on 9/14/2014.(LFIG) (Entered: 09/11/2014) |
| 09/17/2014 | 743 | ORDER denying 737 Motion for Clarification. Signed by Judge G Murray Snow on 9/17/2014.(KFZ) (Entered: 09/17/2014) |
| 09/18/2014 | 744 | *FIRST QUARTERLY REPORT from Independent Monitor for the Maricopa County Sheriff's Office. (LSP) *Modified to attach corrected PDF; NEF regenerated on 09/18/2014 (APJ) (CEI). (Entered: 09/18/2014) |
| 10/01/2014 | 745 | NOTICE re: Appointment of Wilson Stand−In/Representative for Maricopa County re Monitor Billing Review by Maricopa County Administration . (Attachments: # 1 Exhibit A)(Baker, Katherine) (Entered: 10/01/2014) |
| 10/07/2014 | 746 | ORDER − IT IS HEREBY ORDERED setting a Status Conference in this matter for Tuesday, October 28, 2014 at 3:00 p.m. in Courtroom 602 of the Sandra Day O'Connor Courthouse at 401 W. Washington Street, Phoenix, Arizona, 85003. FURTHER ORDERED directing the Clerk of Court to send a copy of this Order to the following: 1. The Maricopa County Board of Supervisors and Tom Manos, Maricopa County Manager at 301 West Jefferson, 10th Floor, Phoenix, AZ 85003. 2. Bill Montgomery, Maricopa County Attorney at 301 West Jefferson, Suite800, Phoenix, AZ 85003. 3. John S. Leonardo, United States Attorney, District of Arizona at Two Renaissance Square, 40 N. Central Ave., Suite 1200, Phoenix, AZ 85004. Signed by Judge G Murray Snow on 10/7/2014. (See Order for full details.)(KMG) (Entered: 10/07/2014) |
| 10/09/2014 | 747 | STIPULATION re: 606 Permanent Injunction, Judgment by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Casey, Timothy) (Entered: 10/09/2014) |

| 10/10/2014 | 748 | ORDER GRANTING STIPULATION TO AMEND SUPPLEMENTAL/PERMANENT INJUNCTION/JUDGMENT ORDER − The Court, having reviewed the Stipulation to Amend Supplemental/ Permanent Injunction/Judgment Order (Doc. 747 ) and good cause appearing, IT IS HEREBY ORDERED that the Stipulation is granted. Signed by Judge G Murray Snow on 10/10/2014. (See Order for full details.)(KMG) (Entered: 10/10/2014) |
| 10/13/2014 | 749 | *OBJECTION/RESPONSE re: 746 Court Order *Status Conference* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) *Modified to correct event on 10/14/2014 (KMG). (Entered: 10/13/2014) |
| 10/16/2014 | 750 | RESPONSE re: 749 Response */Objection by Defendants to Status Conference* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 10/16/2014) |
| 10/17/2014 | 751 | REPLY re: 749 Response by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 10/17/2014) |
| 10/21/2014 | 752 | RESPONSE *Defendants' Response Brief Regarding Monitor's October 8, 2014 Memorandum to the Court Regarding Meeting With County Officials* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibits A−G)(Casey, Timothy) (Entered: 10/21/2014) |
| 10/21/2014 | 753 | *Response to Monitor's Report on Armendariz Investigation filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) *Modified on 10/29/2014 to Unseal Pursuant to Order 764 (MAP)*. (Entered: 10/21/2014) |
| 10/21/2014 | 754 | NOTICE re: Notice of Lodging Under Seal of Plaintiffs' Response to Monitor's Report on Armendariz Investigation by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 753 Sealed Lodged Proposed Document . (Wang, Cecillia) (Entered: 10/21/2014) |
| 10/21/2014 | 755 | BRIEF *Defendants' Response Brief Regarding Monitor's September 28, 2014 Update and ASsessment of MCSO's Armendariz and Related Investigations* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 10/21/2014) |
| 10/22/2014 | 756 | ORDER That by noon on 10/24/14, Defendants shall file with this Court an in camera briefing in which Defendants fully and completely identify the names, case numbers and nature of the investigation for each of these additional investigations. In addition to this information, Defendants shall also identify for each such investigation: See Order for Complete Details. Signed by Judge G Murray Snow on 10/22/14. (MAP) (Entered: 10/22/2014) |
| 10/23/2014 | | NOTICE of request for e−notices by Larry J. Wulkan. (Wulkan, Lawrence) (Entered: 10/23/2014) |
| 10/24/2014 | 757 | NOTICE re: Notice of Providing In Camera Review Brief by Joseph M Arpaio, Maricopa County Sheriff's Office re: 756 Order . (Casey, Timothy) (Entered: 10/24/2014) |
| 10/27/2014 | 758 | *AMENDED By Order 758 *ORDER Pending before the Court is Defendant's Objection/Response re Status Conference (Doc. 749 ). After having reviewed the briefing on this question as well as the in camera materials provided to the Court, the public hearing will go forward as follows: SEE ORDER FOR COMPLETE DETAILS. Signed by Judge G Murray Snow on 10/27/14. (MAP) *Modified on 10/27/2014 (MAP)*. (Entered: 10/27/2014) |
| 10/27/2014 | 759 | AMENDED ORDER Pending before the Court is Defendant's Objection/Response re Status Conference (Doc. 749 ). After having reviewed the briefing on this question as well as the in camera materials provided to the Court, the public hearing will go forward as follows: SEE ORDER FOR COMPLETE DETAILS. Signed by Judge G Murray Snow on 10/27/14. (MAP) (Entered: 10/27/2014) |

| 10/28/2014 | 760 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 10/28/2014. IT IS ORDERED directing Sheriff Arpaio to take the mandatory training as set forth on the record. Following the status conference, a sealed conference is held with the parties and counsel.<br><br>APPEARANCES: Cecilia Wang and Andre Segura for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. Chief Deputy Jerry Sheridan, Sergeant David Tennyson, Captain Steve Bailey, and Chief Scott Freeman, Maricopa County Sheriff's Office. Christine Stutz and Doug Irish, Maricopa County Attorney's Office. Katherine Baker for Deputy County Manager Sandi Wilson, who is also present. Chief Robert Warshaw and Deputy Monitors Raul Martinez, Alfred Peters, and Sherry Kiyler. (Court Reporter Gary Moll.) Hearing held 3:04 PM to 4:45 PM and 4:47 PM to 5:33 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/29/2014) |
| 10/29/2014 | 761 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10/28/2014, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: 10/29/2014) |
| 10/29/2014 | 762 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 10/28/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 10/29/2014) |
| 10/29/2014 | 763 | NOTICE re: Defendants' Notice of Submission of Redacted Monitor Report Dated September 28, 2014 by Joseph M Arpaio, Maricopa County Sheriff's Office . (Attachments: # 1 Exhibit)(Casey, Timothy) (Entered: 10/29/2014) |
| 10/29/2014 | 764 | ORDER unsealing Plaintiffs' Response to Monitor's Report on Armendariz Investigation 753 . Entered by Judge G Murray Snow on 10/29/2014. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/29/2014) |
| 10/29/2014 | 765 | TRANSCRIPT REQUEST by Larry Wulkan for proceedings held on 10/28/2014, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/30/2014) |
| 10/30/2014 | 766 | MOTION for Admission Pro Hac Vice as to attorney Priscilla G Dodson on behalf of Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 10/30/2014) |
| 10/30/2014 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX151859 as to Priscilla G Dodson. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/30/2014) |
| 10/30/2014 | 767 | ORDER pursuant to General Order 09−08 granting 766 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 10/30/2014) |
| 10/30/2014 | 768 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 10/28/2014, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/30/2014) |
| 10/30/2014 | 769 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 10/28/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/30/2014) |
| 10/31/2014 | 770 | MOTION for Admission Pro Hac Vice as to attorney Hyun S Byun on behalf of plaintiffs Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 10/31/2014) |
| 10/31/2014 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX151892 as to Hyun S Byun. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/31/2014) |

| 10/31/2014 | 771 | ORDER pursuant to General Order 09−08 granting <u>770</u> Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 10/31/2014) |
|---|---|---|
| 10/31/2014 | <u>772</u> | RESPONSE re: <u>763</u> Notice (Other) *re: Defendants' Notice of Submission of Redacted Monitor Report* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 10/31/2014) |
| 10/31/2014 | <u>773</u> | * MOTION to Withdraw as Attorney by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # <u>1</u> Text of Proposed Order)(Casey, Timothy) *Document is not in compliance with LRCiv 7.1(c); Attorney notified on 11/3/2014 (KMG). (Entered: 10/31/2014) |
| 11/03/2014 | <u>774</u> | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 10/28/14, Judge G Murray Snow hearing judge(s). (GilBride, Eileen) (Entered: 11/03/2014) |
| 11/03/2014 | <u>775</u> | TRANSCRIPT REQUEST *Amended* by Joseph M Arpaio for proceedings held on 10/28/14, Judge G Murray Snow hearing judge(s). (GilBride, Eileen) (Entered: 11/03/2014) |
| 11/03/2014 | <u>776</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings (Pages 1−80, Sealed Proceedings Omitted) held on 10/28/2014, before Judge G. Murray Snow. Court Reporter: Gary Moll. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2014. Redacted Transcript Deadline set for 12/4/2014. Release of Transcript Restriction set for 2/2/2015. (RAP) (Entered: 11/03/2014) |
| 11/03/2014 | <u>777</u> | RESPONSE to Motion re: <u>773</u> MOTION to Withdraw as Attorney filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 11/03/2014) |
| 11/04/2014 | <u>778</u> | ORDER that Defendants' Redacted Monitor Report (Doc. <u>763</u> , Ex. 1) is DENIED WITHOUT PREJUDICE. Signed by Judge G Murray Snow on 11/4/2014. (KMG) (Entered: 11/04/2014) |
| 11/05/2014 | <u>779</u> | NOTICE re: Defendants' Notice of Submitting the Unredacted Interview Transcripts of Sgt. M. Trowbridge to the Monitor by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 11/05/2014) |
| 11/05/2014 | <u>780</u> | SEALED TRANSCRIPT of Proceedings held on 10/28/14 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: (Volume 2) Status Conference (Pages 81−119) (MAP) (Entered: 11/05/2014) |
| 11/07/2014 | <u>781</u> | NOTICE re: Notice of Their Compliance with the Directive/Order Given Orally at Court Hearing Dated October 28, 2014 by Joseph M Arpaio, Maricopa County Sheriff's Office . (Casey, Timothy) (Entered: 11/07/2014) |
| 11/07/2014 | <u>782</u> | NOTICE re: Defendants' Notice of Filing Compliance Materials Pursuant to 10/02/2013 Court Order by Joseph M Arpaio, Maricopa County Sheriff's Office re: <u>606</u> Permanent Injunction, Judgment . (Attachments: # <u>1</u> Exhibit)(Casey, Timothy) (Entered: 11/07/2014) |
| 11/07/2014 | <u>783</u> | *SEALED Defendants' Brief Regarding Redactions to Monitor Report filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B)(Casey, Timothy) *Modified on 11/10/2014 to change from lodged to filed pursuant to Order <u>778</u> (MAP)*. (Entered: 11/07/2014) |
| 11/07/2014 | <u>784</u> | NOTICE re: Notice of Lodging Under Seal Defendants' Brief Regarding Redactions to Monitor Report by Joseph M Arpaio, Maricopa County Sheriff's Office re: <u>783</u> |

| | | Sealed Lodged Proposed Document . (Casey, Timothy) (Entered: 11/07/2014) |
|---|---|---|
| 11/14/2014 | 785 | ORDER setting a hearing in this matter for Thursday, November 20, 2014 at 1:30 p.m. in Courtroom 602 of the Sandra Day O'Connor Courthouse at 401 W. Washington Street, Phoenix, Arizona 85003. At that time, the Parties shall be prepared to discuss the Motion to Withdraw (Doc. 773) recently filed by counsel for the Defendants and MCSO's recent discovery of additional materials to the extent that counsel moving to withdraw may be able to shed light on some or all of those materials. FURTHER ORDERED that Defendants lodge under seal any matters previously submitted in camera, such as the filing noticed on October 24, 2014, with notice of the date of original submission, not to be unsealed without further order of the Court. Signed by Judge G Murray Snow on 11/14/2014. (KMG) (Entered: 11/14/2014) |
| 11/17/2014 | 786 | SEALED LODGED Proposed Defendants' October 24, 2014 Brief for In Camera Review Regarding Investigations. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 11/17/2014) |
| 11/17/2014 | 787 | NOTICE re: Notice of Lodging Under Seal Defendants' October 24, 2014 Brief for In Camera Review Regarding Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 786 Sealed Lodged Proposed Document . (Casey, Timothy) (Entered: 11/17/2014) |
| 11/17/2014 | 788 | SEALED LODGED Proposed Defendants' November 7, 2014 In Camera E-Mail Notification to the Court. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) (Entered: 11/17/2014) |
| 11/17/2014 | 789 | NOTICE re: Notice of Lodging Under Seal Defendants' November 7, 2014 In Camera E-Mail Notification to the Court by Joseph M Arpaio, Maricopa County Sheriff's Office re: 788 Sealed Lodged Proposed Document . (Casey, Timothy) (Entered: 11/17/2014) |
| 11/17/2014 | 790 | *RESPONSE BRIEF by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Pochoda, Daniel) *Modified on 11/18/2014 to Seal Pursuant to Order 792 (MAP)*. (Entered: 11/17/2014) |
| 11/17/2014 | 791 | MOTION to Seal Document 784 Notice (Other), 790 Brief – Response by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Pochoda, Daniel) (Entered: 11/17/2014) |
| 11/18/2014 | 792 | ORDER granting 791 Motion to Seal Plaintiffs' Response to Defendants' Brief regarding Redactions to Monitor Report. Signed by Judge G Murray Snow on 11/18/14.(MAP) (Entered: 11/18/2014) |
| 11/18/2014 | 793 | *REPLY to Response to Motion re: 777 MOTION to Withdraw as Attorney *Defendants' Reply to Plaintiffs' Response to Application to Withdraw as Counsel of Record for Defendants* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Casey, Timothy) *Modified to correct event on 11/19/2014 (KMG). (Entered: 11/18/2014) |
| 11/20/2014 | 794 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Motion Hearing held on 11/20/2014. Order to follow. Following the motion hearing, a sealed conference is held with the parties and counsel.<br><br>APPEARANCES: Anne Lai and Andre Segura (both telephonically), and Daniel Pochoda for Plaintiffs. Timothy Casey, Thomas Liddy, and James Williams for Defendants. Chief Deputy Jerry Sheridan. County Attorney, William Montgomery. Christine Stutz, Maricopa County Attorney's Office, and Sergeant Steve Fax also present. Chief Robert Warshaw and Deputy Monitors Raul Martinez and John Girbin present telephonically. (Court Reporter Gary Moll.) Hearing held 1:35 PM to 3:34 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/20/2014) |

| 11/20/2014 | <u>795</u> | *AMENDED By Order <u>825</u> *ORDER the Defendants' Redactions to the Monitor's Report are ACCEPTED IN PART and DENIED IN PART. ORDERED granting the <u>773</u> MOTION to Withdraw as Attorney subject to the conditions set forth on the record. ORDERED setting an Evidentiary Hearing for **Thursday, December 4, 2014 at 8:30 AM** in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. The Court may, upon further notice require MCSO command staff and other personnel to be present to respond to inquiries concerning their compliance with the Court's orders on this date. IT IS FURTHER ORDERED that a copy of this Order shall be delivered to the Maricopa County Administrative Offices to the extent that it may require the augmentation of the Monitors' investigative staff. Signed by Judge G Murray Snow on 11/20/2014. (Attachments: # <u>1</u> Report)(LFIG) *Modified on 12/9/2014 (MAP)*. (Entered: 11/20/2014) |
|---|---|---|
| 11/21/2014 | <u>796</u> | NOTICE of Appearance by Michele Marie Iafrate on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 11/21/2014) |
| 11/24/2014 | <u>797</u> | ORDER So long as Sheriff Arpaio agrees to be bound by the Court's Order to not disclose to any other person or in any other fashion any portion of the sealed hearing that occurred on November 20, 2014 unless and until the Court declares otherwise, Counsel can share the complete contents of this hearing with Sheriff Arpaio. If Defendants continue to believe that there are compelling reasons for that hearing to remain under seal, they shall file with this Court under seal a memorandum demonstrating the compelling reasons that would justify a continuing seal by 5:00 p.m. on December 1, 2014. They shall immediately hand−deliver or electronically copy Plaintiffs with such a motion. Plaintiffs may file a Response by 5:00 p.m. on December 3, 2014. The time for the hearing set for December 4, at which parties may be heard on the procedures set forth in the Court's November 20 Order, is reset for 1:30 p.m. At the hearing the Court will discuss possible additional proceedings, and depending upon the Court's other rulings and inquiries, portions of that hearing may be under seal. As is the case with any hearing in this matter, Sheriff Arpaio is welcome to attend. Nevertheless, any potential testimony by Sheriff Arpaio shall be deferred. The Defendants will provide and assist the Monitor as directed with all his inquiries and investigations. The Clerk of Court shall provide a copy of this Order to Chief Assistant United States Attorney Elizabeth Strange. A representative of the United States Attorney's office is requested to attend the December 4, 2014 hearing. Signed by Judge G Murray Snow on 11/24/2014. (KMG) (Entered: 11/24/2014) |
| 11/24/2014 | <u>798</u> | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/20/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/24/2014) |
| 11/25/2014 | <u>799</u> | TRANSCRIPT REQUEST by Leon B. Silver for *Status Hearing* proceedings held on 11/20/2014, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 11/25/2014) |
| 11/25/2014 | <u>800</u> | ORDER directing the Defendants to file notice no later than November 26, 2014 at 10:00 a.m., if they have any objections to the Court allowing all counsel for Plaintiffs access to the transcript of the sealed portion of the hearing held on November 20, 2014, with the same confidentiality requirements as stated on the record. IT IS FURTHER ORDERED that if Defendants have no objections, Plaintiffs may have access to the sealed portion of the transcript and shall be bound by the Court's Order to not disclose to any other person or in any other fashion any portion of the sealed hearing, unless and until the Court declares otherwise. Signed by Judge G Murray Snow on 11/25/2014. (KMG) (Entered: 11/25/2014) |
| 11/25/2014 | <u>801</u> | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 11/20/2014, Judge G Murray Snow hearing judge(s). (Casey, Timothy) (Entered: 11/25/2014) |
| 11/25/2014 | <u>802</u> | NOTICE re: No Objection to Plaintiffs' Transcript Order by Joseph M Arpaio, Maricopa County Sheriff's Office . (Iafrate, Michele) (Entered: 11/25/2014) |
| 11/25/2014 | <u>803</u> | *NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference − Sealed Proceedings Omitted* held on 11/20/2014, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order |

| | | Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/16/2014. Redacted Transcript Deadline set for 12/26/2014. Release of Transcript Restriction set for 2/23/2015. (RAP) *Modified on 1/14/2015 to correct date of status conference hearing; NEF regenerated (SJF)(CEI). (Entered: 11/26/2014) |
|---|---|---|
| 11/25/2014 | 804 | ** UNSEALED PER ORDER 809 ** SEALED TRANSCRIPT of Proceedings held on 11/20/14 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Status Conference (Page 65, Line 20, through Page 77, Line 15) (MAP) Modified on 12/2/2014 (LAD). (Entered: 11/26/2014) |
| 12/01/2014 | 805 | NOTICE re: Filing Compliance Material regarding Paragraph 61 by Joseph M Arpaio, Maricopa County Sheriff's Office re: 606 Permanent Injunction, Judgment, 670 Permanent Injunction . (Iafrate, Michele) (Entered: 12/01/2014) |
| 12/01/2014 | 806 | MOTION for Determination of Counsel by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Cover, 1−3, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 12/01/2014) |
| 12/01/2014 | 807 | MEMORANDUM Regarding Keeping Transcript of November 20, 2014 Hearing Under Seal 797 Order, Set/Reset Hearings by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 12/01/2014) |
| 12/02/2014 | 808 | ORDER granting the 806 Motion for Determination of Counsel. Sheriff Arpaio is entitled to have separate counsel represent him in all matters related to possible proceedings for criminal contempt. Signed by Judge G Murray Snow on 12/2/2014.(LFIG) (Entered: 12/02/2014) |
| 12/02/2014 | 809 | *AMENDED By Order 811 * ORDER re: 797 Order and 807 Memorandum − IT IS HEREBY ORDERED unsealing the Transcript of Proceedings held on November 20, 2013. (Doc. 804 .) Signed by Judge G Murray Snow on 12/2/14. (LAD) *Modified on 12/3/2014 (MAP)*. (Entered: 12/02/2014) |
| 12/03/2014 | 810 | TRANSCRIPT REQUEST by United States of America for proceedings held on 11/20/2014, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: 12/03/2014) |
| 12/03/2014 | 811 | AMENDED ORDER Re 797 Order and 807 Memorandum − IT IS HEREBY ORDERED Unsealing the Transcript of Proceedings held on November 20, 2014. (Doc. 804 .) Signed by Judge G Murray Snow on 12/3/14. (MAP) (Entered: 12/03/2014) |
| 12/04/2014 | 812 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: This is the time set for Evidentiary Hearing. No evidence presented. Status Conference held on 12/4/2014. Simultaneous briefing (limited to 30 pages) regarding issues raised by the Court due by 1/8/15. A. Melvin McDonald shall file a Notice of Appearance.<br><br>APPEARANCES: Andre Segura, Anne Lai, and Jorge Castillo (telephonically), Cecillia Wang and Stanley Young for plaintiffs. Michele Iafrate and Thomas Liddy for defendants. Sheriff Joseph M. Arpaio and Chief Deputy Jerry Sheridan are also present. Chief Robert Warshaw and Deputy Monitors Noel Rojas, Don Anders, John Girvin, and Sherry Kiyler. Chief Assistant United States Attorney Elizabeth Strange and A. Melvin McDonald are also present. (Court Reporter Gary Moll.) Hearing held 1:31 PM to 2:20 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 12/04/2014) |
| 12/04/2014 | 813 | MOTION to Seal Document *pursuant to Court's Order (Doc. 756)* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Iafrate, Michele) (Entered: 12/04/2014) |
| 12/04/2014 | 814 | *FILED at Doc. 826 *SEALED LODGED Proposed Exhibit 1 re: 813 MOTION to Seal Document *pursuant to Court's Order (Doc. 756)*. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified on 12/9/2014 (MAP)*. (Entered: 12/04/2014) |
| 12/05/2014 | 815 | TRANSCRIPT REQUEST by United States of America for proceedings held on 12/04/2014, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: |

| | | 12/05/2014) |
|---|---|---|
| 12/05/2014 | 816 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 12/04/2014, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 12/05/2014) |
| 12/05/2014 | 817 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing* Proceedings held on 12/04/2014, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/26/2014. Redacted Transcript Deadline set for 1/5/2015. Release of Transcript Restriction set for 3/5/2015. (RAP) (Entered: 12/05/2014) |
| 12/05/2014 | 818 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 12/04/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 12/05/2014) |
| 12/05/2014 | 819 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Conference held on 12/5/2014. Discussion is held regarding monitors' access to all MCSO employees and documents. The Court orders such access, acknowledging defendants' rights to representation and to invoke Fifth Amendment or other rights on a question by question basis. Written order to follow.<br><br>APPEARANCES: Cecilia Wang, Andre Segura and Daniel Pochoda (telephonically) for Plaintiffs. Michele Iafrate (telephonically) for Defendants. Chief Robert Warshaw and Deputy Monitor John Girvin are also present. (Court Reporter Gary Moll.) Hearing held 4:48 PM to 5:02 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LMR) (Entered: 12/05/2014) |
| 12/08/2014 | 820 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 12/05/2014, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 12/08/2014) |
| 12/08/2014 | 821 | NOTICE of Appearance by Andrew Melvin McDonald, Jr on behalf of Joseph M Arpaio. (McDonald, Andrew) (Entered: 12/08/2014) |
| 12/08/2014 | 822 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 12−04−14, Judge G Murray Snow hearing judge(s). (GilBride, Eileen) (Entered: 12/08/2014) |
| 12/08/2014 | 828 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference Hearing* Proceedings held on 12/05/2014, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/29/2014. Redacted Transcript Deadline set for 1/8/2015. Release of Transcript Restriction set for 3/9/2015. (RAP) (Entered: 12/09/2014) |
| 12/09/2014 | 823 | *FILED at Doc. 827 *SEALED LODGED Proposed December 9, 2014 In Camera E−Mail Notification to the Court. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified on 12/9/2014 (MAP)*. (Entered: 12/09/2014) |
| 12/09/2014 | 824 | NOTICE re: Lodging Under Seal December 9, 2014 In Camera E−Mail Notification to the Court by Joseph M Arpaio, Maricopa County Sheriff's Office re: 823 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 12/09/2014) |
| 12/09/2014 | 825 | ORDER AMENDING MONITOR'S INDEPENDENT INVESTIGATIVE AUTHORITY. THEREFORE ORDERED That this Court's Order at 11/20/14 (Doc. 795 ) is hereby amended to incorporate the aforementioned alterations. See Order for Details. FURTHER ORDERED granting 813 Motion to Seal Pursuant to Court's Order at Doc. 756 . The Clerk of Court is directed to file under seal the |

| | | document(s) lodged at Docs. 814 and 823 . Signed by Judge G Murray Snow on 12/9/14.(MAP) (Entered: 12/09/2014) |
|---|---|---|
| 12/09/2014 | 826 | Sealed Exhibit 1 Pursuant to Court's Order 756 filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (MAP) (Entered: 12/09/2014) |
| 12/09/2014 | 827 | SEALED December 9, 2014 In Camera E−Mail Notification to the Court filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (MAP) (Entered: 12/09/2014) |
| 12/09/2014 | 829 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 12/05/2014, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 12/09/2014) |
| 12/11/2014 | 830 | *FILED at Doc. 833 *SEALED LODGED Proposed Defendants' Information Regarding Armedariz Investigations. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified on 12/12/2014 (MAP)*. (Entered: 12/11/2014) |
| 12/11/2014 | 831 | NOTICE re: Lodging Under Seal Information Regarding Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 830 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 12/11/2014) |
| 12/12/2014 | 832 | ORDER Directing the Clerk of Court to file under seal Defendants' Information Regarding Investigations lodged at Doc. 830 . Signed by Judge G Murray Snow on 12/12/14. (MAP) (Entered: 12/12/2014) |
| 12/12/2014 | 833 | Sealed Defendants' Information Regarding Armedariz Investigations filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (MAP) (Entered: 12/12/2014) |
| 12/15/2014 | 834 | SECOND QUARTERLY REPORT from Independent Monitor for the Maricopa County Sheriff's Office. (KMG) (Entered: 12/15/2014) |
| 12/18/2014 | 835 | TRANSCRIPT REQUEST *Hearing on December 4, 2014* by United States of America for proceedings held on December 4, 2014, Judge G Murray Snow hearing judge(s). (Strange, Elizabeth) (Entered: 12/18/2014) |
| 01/07/2015 | 836 | NOTICE of Appearance by David J Ouimette on behalf of John MacIntyre. (Ouimette, David) (Entered: 01/07/2015) |
| 01/08/2015 | 837 | NOTICE of Appearance by Lee David Stein on behalf of Unknown Parties. (Stein, Lee) (Entered: 01/08/2015) |
| 01/08/2015 | 838 | Joinder *Partial Joinder and Separate Memorandum of Deputy Chief John ("Jack") MacIntyre* by Respondent John MacIntyre. (Attachments: # 1 Exhibit)(Ouimette, David) (Entered: 01/08/2015) |
| 01/08/2015 | 839 | DECLARATION of John ("Jack") MacIntyre re: 838 Joinder *Partial Joinder and Separate Memorandum of Deputy Chief John ("Jack") MacIntyre* by Respondent John MacIntyre. (Attachments: # 1 Exhibit, # 2 Exhibit)(Ouimette, David) (Entered: 01/08/2015) |
| 01/08/2015 | 840 | MEMORANDUM Memorandum re Criminal Contempt of Chief Deputy Gerard Sheridan by Defendant Unknown Parties. (Stein, Lee) (Entered: 01/08/2015) |
| 01/08/2015 | 841 | MEMORANDUM Memorandum in Support of Sheriff Arpaio's Declaration of Compliance with Court Orders and Opposing the Imposition of a Criminal Contempt Referral by Defendant Joseph M Arpaio. (Attachments: # 1 Affidavit Sheriff Arpaio's Declaration of Compliance with Court Orders)(McDonald, Andrew) (Entered: 01/08/2015) |
| 01/08/2015 | 842 | MEMORANDUM Pursuant to Court's December 4, 2014 Order 812 Status Conference, Common Prompts (Text Only) by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Cover, 1−11)(Iafrate, Michele) (Entered: 01/08/2015) |
| 01/08/2015 | 843 | MEMORANDUM of Law and Facts re Contempt Proceedings and Request for Order to Show Cause by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. |

| | | (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit)(Wang, Cecilia) (Entered: 01/08/2015) |
|---|---|---|
| 01/09/2015 | 844 | Joinder re: 840 Memorandum, 841 Memorandum, 839 Declaration, 838 Joinder by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 01/09/2015) |
| 01/09/2015 | 845 | *Re−filed at Doc. 848 SEALED Defendants' Information Regarding Armendariz Investigations. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified from lodged to filed per Order 756 on 1/12/2015 (SSU). Modified on 1/13/2015 (SSU). (Entered: 01/09/2015) |
| 01/09/2015 | 846 | NOTICE re: Lodging Under Seal Information Regarding Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 845 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 01/09/2015) |
| 01/12/2015 | 847 | NOTICE re: Plaintiffs Notice Re Withdrawal Of Member Of Community Advisory Board by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Pochoda, Daniel) (Entered: 01/12/2015) |
| 01/12/2015 | 848 | *SEALED Information Regarding Armendariz Investigations. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified from lodged to filed per Order 851 on 1/13/2015 (MAP). (Entered: 01/12/2015) |
| 01/12/2015 | 849 | NOTICE of Errata re: 845 Sealed Lodged Proposed Document *corrected document lodged at 848* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office.. (Iafrate, Michele) (Entered: 01/12/2015) |
| 01/12/2015 | 850 | ORDER setting a Telephonic Status Conference for 1/15/2015 at 3:00 PM before Judge G Murray Snow. The parties are directed to call (877) 807−5706, participant code 549741. Signed by Judge G Murray Snow on 1/12/2015. (KFZ) (Entered: 01/12/2015) |
| 01/13/2015 | 851 | ORDER Directing the Clerk of Court to file under seal Defendants' Information Regarding Armendariz Investigations lodged at Doc. 848 . Signed by Judge G Murray Snow on 1/13/15. (MAP) (Entered: 01/13/2015) |
| 01/13/2015 | 852 | *Information Regarding Investigations that Findings have been Completed and Corresponding Discipline. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified entry from lodged to filed per Order 756 on 1/14/2015 (SSU). *Modified on 3/3/2015 to Unseal Pursuant to Order 913 (MAP)*. (Entered: 01/13/2015) |
| 01/13/2015 | 853 | NOTICE re: Lodging Under Seal Information Regarding Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 852 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 01/13/2015) |
| 01/15/2015 | 854 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Status Conference held on 1/15/2015. Order to follow.<br><br>APPEARANCES: Cecilia Wang, Jorge Castillo, Daniel Pochoda, and Andre Segura for Plaintiffs. Michele Iafrate and Thomas Liddy for Defendants. Lee Stein and Barry Mitchell for Chief Deputy Sheridan. Chief Assistant United States Attorney Elizabeth Strange. Rosaleen O'Gara and Lynnette Kimmins also present. Gary Birnbaum for Deputy Chief McIntyre, who is also present. A. Melvin McDonald, Jr. for Sheriff Joseph M. Arpaio. Chief Robert Warshaw. (Court Reporter Gary Moll.) Hearing held 3:03 PM to 4:01 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 01/15/2015) |
| 01/16/2015 | 855 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 01/15/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 01/16/2015) |
| 01/16/2015 | 856 | ORDER re: 854 Telephone Conference − The parties may file responses to the briefs submitted last week regarding the appropriateness of civil and criminal contempt charges by Friday, January 23, 2015. Plaintiffs are ordered to file separately a motion for expedited discovery as to the documents, interrogatories, depositions, and other |

| | | |
|---|---|---|
| | | evidence requested in their Request for an Order to Show Case and associated Memorandum of Law and Facts (Doc. 843 ) by Friday, January 23, 2015. (See document for full details). Signed by Judge G Murray Snow on 1/16/15. (LAD) (Entered: 01/16/2015) |
| 01/16/2015 | 857 | TRANSCRIPT REQUEST by Leon Silver for *Telephonic Status Conference* proceedings held on 01/15/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 01/16/2015) |
| 01/16/2015 | 858 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Status Conference* Proceedings held on 01/15/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/6/2015. Redacted Transcript Deadline set for 2/17/2015. Release of Transcript Restriction set for 4/16/2015. (RAP) (Entered: 01/20/2015) |
| 01/21/2015 | 859 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 1/15/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 01/21/2015) |
| 01/23/2015 | 860 | RESPONSE re: 843 Memorandum by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 01/23/2015) |
| 01/23/2015 | 861 | RESPONSE re: 840 Memorandum, 841 Memorandum, 839 Declaration, 838 Joinder, 842 Memorandum *re Contempt Proceedings* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecilia) (Entered: 01/23/2015) |
| 01/23/2015 | 862 | MOTION for Discovery by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Wang, Cecilia) (Entered: 01/23/2015) |
| 01/26/2015 | 863 | First MOTION for Extension of Time to File Notice of Estimated Timeline for Completing the Outstanding Internal Investigation by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Iafrate, Michele) (Entered: 01/26/2015) |
| 01/26/2015 | 864 | NOTICE re: Estimated Timeline for Completing the Outstanding Internal Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 863 First MOTION for Extension of Time to File Notice of Estimated Timeline for Completing the Outstanding Internal Investigation . (Iafrate, Michele) (Entered: 01/26/2015) |
| 01/27/2015 | 865 | NOTICE re: Documents Provided to Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office . (Iafrate, Michele) (Entered: 01/27/2015) |
| 01/27/2015 | 866 | ORDER granting Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office's Motion 863 and Defendants Notice of Estimated Timeline for Completing the Outstanding Internal Investigations (Doc. 864 ) is considered timely filed. Signed by Judge G Murray Snow on 1/27/2015.(KMG) (Entered: 01/27/2015) |
| 01/30/2015 | 867 | MOTION Set Rule 16 Settlement Conference by Joseph M Arpaio. (Attachments: # 1 Text of Proposed Order Order Setting Rule 16 Settlement Conference)(McDonald, Andrew) (Entered: 01/30/2015) |
| 02/02/2015 | 868 | RESPONSE to Motion re: 867 MOTION Set Rule 16 Settlement Conference *Plaintiffs' Response to Defendants Maricopa County and Arpaio's Request for Settlement Conference* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pochoda, Daniel) (Entered: 02/02/2015) |
| 02/03/2015 | 869 | REPLY to Response to Motion re: 867 MOTION Set Rule 16 Settlement Conference filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (McDonald, Andrew) (Entered: 02/03/2015) |

| 02/04/2015 | 870 | NOTICE of Appearance by Dennis Ira Wilenchik on behalf of Unknown Parties. (Wilenchik, Dennis) (Entered: 02/04/2015) |
|---|---|---|
| 02/04/2015 | 871 | ORDER directing the Monitor to disclose the transcripts of all interviews conducted by the monitoring team, for which the names of the subjects interviewed were previously disclosed, to Plaintiffs, Defendants, and the United States Attorney. The specially appearing non−parties may also petition the Court to authorize the Monitor to disclose such transcripts to them upon payment of reasonable duplication costs. To the extent that additional interviews are conducted by the Monitor, the parties will be updated and may file objections to disclosure in the manner specified in this Court's Order re: Telephonic Status Conference on January 15, 2015 (Id.). If no objections to disclosure are timely filed with the Court, the Monitor will release the transcripts of the interviews to the Plaintiffs, Defendants, and the United States Attorney no later than two weeks after the deadline for filing any such objections has passed. Signed by Judge G Murray Snow on 2/4/2015. (KMG) (Entered: 02/04/2015) |
| 02/04/2015 | 872 | RESPONSE re: 865 Notice (Other) *Regarding Documents Provided to Plaintiffs* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 02/04/2015) |
| 02/05/2015 | 873 | NOTICE OF COMPLIANCE BY MONITOR John M Girvin pursuant to Court's Order re: 871 . (KMG) (Entered: 02/05/2015) |
| 02/06/2015 | 874 | *SEALED Information Regarding Investigations. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified entry from lodged to filed per 756 Order on 2/9/2015 (SCH). (Entered: 02/06/2015) |
| 02/06/2015 | 875 | NOTICE re: Loding Under Seal Information Regarding Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 874 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 02/06/2015) |
| 02/06/2015 | 876 | RESPONSE in Opposition re: 862 MOTION for Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 02/06/2015) |
| 02/10/2015 | 877 | NOTICE re: Documents Provided to Plaintiffs Amended by Joseph M Arpaio, Maricopa County Sheriff's Office re: 865 Notice (Other) . (Iafrate, Michele) (Entered: 02/10/2015) |
| 02/11/2015 | 878 | NOTICE of Appearance by Gregory Stephen Como on behalf of Brian Sands. (Como, Gregory) (Entered: 02/11/2015) |
| 02/12/2015 | 879 | MOTION re: 856 Order *Request by Non−Party Deputy Chief John "Jack" MacIntyre for Determination that Criminal Contempt Charges Will Not Be Pursued/Referred Against Him Personally* by David Ouimette. (Attachments: # 1 Exhibit A−Excerpt of Transcript of Proceedings, # 2 Exhibit B−Birnbaum Letter 01−22−15, # 3 Exhibit C−Wang Letter 01−28−15)(Ouimette, David) (Entered: 02/12/2015) |
| 02/12/2015 | 880 | ORDER TO SHOW CAUSE setting an evidentiary hearing for April 21, 22, 23, and 24, 2015. Proceedings will begin daily at 9:00 a.m. in Courtroom 602 of the Sandra Day O'Connor Courthouse at 401 W. Washington Street, Phoenix, Arizona 85003. IT IS FURTHER ORDERED that the following parties are to appear before the Court and show cause, as indicated, why the Court should not impose sanctions on them pursuant to 18 U.S.C. § 401 and/or Federal Rule of Civil Procedure 37(d): the Maricopa County Sheriff's Office, Sheriff Joseph Arpaio, Chief Deputy Gerald Sheridan, Executive Chief (ret.) Brian Sands, Deputy Chief John MacIntyre, Lieutenant Joseph Sousa. FURTHER ORDERED that the Clerk of the Court is DIRECTED to submit a copy of this Order to Show Cause to the United States Marshal for service upon the following: the Maricopa County Sheriff's Office, Joseph Arpaio, Gerald Sheridan, Brian Sands, John MacIntyre, and Joseph Sousa. A copy of this Order shall also be provided to the United States Attorney for the District of Arizona. Signed by Judge G Murray Snow on 2/12/2015. (KMG) (Entered: 02/12/2015) |
| 02/12/2015 | 881 | ORDER Plaintiffs' Motion (Doc. 862 ) is GRANTED. Defendants' Motion (Doc. 867 ) is GRANTED in part and DENIED in part. The Court ORDERS the Parties and specially appearing non−parties to appear for a pre−trial conference on Thursday, February 26, 2015 at 1:30 p.m. At this time, the Court will address the matters alluded |

| | | |
|---|---|---|
| | | to in Defendants' Motion to Set a Rule 16 Settlement Conference as well as any other issues or discovery disputes that require the Court's attention. The Clerk of the Court is DIRECTED to provide a copy of this Order to the United States Attorney. Signed by Judge G Murray Snow on 2/12/2015.(See Order for complete details.)(KMG) (Entered: 02/12/2015) |
| 02/17/2015 | 882 | *NOTICE of Appearance by Douglas A. Schwab on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office. (Liddy, Thomas) *Modified to correct text and add attorney on 2/18/2015 (KMG). (Entered: 02/17/2015) |
| 02/17/2015 | 883 | NOTICE re: in Response by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituga Rodriguez, Somos America re: 877 Notice (Other) *[Amended] to Court Regarding Documents Provided to Plaintiffs*. (Wang, Cecillia) (Entered: 02/17/2015) |
| 02/18/2015 | 884 | MOTION for Discovery *(by Specially Appearing Non−Party Brian Sands)* by Brian Sands. (Como, Gregory) (Entered: 02/18/2015) |
| 02/19/2015 | 885 | RESPONSE to Motion re: 879 MOTION re: 856 Order *Request by Non−Party Deputy Chief John "Jack" MacIntyre for Determination that Criminal Contempt Charges Will Not Be Pursued/Referred Against Him Personally* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituga Rodriguez, Somos America. (Wang, Cecillia) (Entered: 02/19/2015) |
| 02/20/2015 | 886 | SERVICE EXECUTED : USMS Process Receipt and Return re: Court Order doc.#880 upon Joseph Sousa on 2/18/2015. (KMG) (Entered: 02/23/2015) |
| 02/20/2015 | 887 | SERVICE EXECUTED : USMS Process Receipt and Return re: Court Order doc.#880 upon John "Jack" MacIntyre on 2/18/2015. (KMG) (Entered: 02/23/2015) |
| 02/20/2015 | 888 | SERVICE EXECUTED : USMS Process Receipt and Return re: Court Order doc.#880 upon Brian Sands on 2/18/2015. (KMG) (Entered: 02/23/2015) |
| 02/20/2015 | 889 | SERVICE EXECUTED : USMS Process Receipt and Return re: Court Order doc.#880 upon Maricopa County Sheriff's Office on 2/18/2015. (KMG) (Entered: 02/23/2015) |
| 02/20/2015 | 890 | *SERVICE EXECUTED : USMS Process Receipt and Return re: Court Order doc. #880 upon Joseph Arpaio on 2/18/2015. (ACL) *Modified to correct file date on 2/23/2015 (ACL). (Entered: 02/23/2015) |
| 02/20/2015 | 891 | SERVICE EXECUTED: USMS Process Receipt and Return re: Court Order (Doc. 880) upon Gerard Sheridan on 2/18/2015. (ACL) (Entered: 02/23/2015) |
| 02/24/2015 | 892 | TRANSCRIPT REQUEST *re: Telephonic Status Conference* by United States of America for proceedings held on 15 Jan 2015, Judge G Murray Snow hearing judge(s). (OGara, Rosaleen) (Entered: 02/24/2015) |
| 02/24/2015 | 893 | NOTICE OF DEFICIENCY: Pursuant to the Federal Rules of Civil Procedure, and the General Orders, Local Rules, and CM/ECF Administrative Policies and Procedures Manual of this Court, the following deficiencies have been found with the electronically filed document, *Transcript Request Doc. #892* filed by *Rosaleen OGara*: 1) AO435 form, box 18 (category) Realtime is no longer available because the official transcript has already been filed on 16Jan2015. 2) AO435 form, box 18 (delivery instructions) requested email delivery, but an email address was not provided. 3) AO435 form, box 19 is missing an official ink or electronic signature. 4) AO435 form, box 20 is missing the date. **ACTION REQUIRED BY THE REQUESTOR**: The deficiencies must be corrected within one (1) business day of this notice. The requestor must re−file the entire corrected document AO435 Transcript Order form as an ***AMENDED*** Transcript Request. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (RAP) (Entered: 02/24/2015) |
| 02/25/2015 | 894 | NOTICE of Appearance by Joshua David R Bendor on behalf of Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quituga Rodriguez, Somos America. (Bendor, Joshua) (Entered: 02/25/2015) |

| 02/25/2015 | 895 | SUPPLEMENT SUPPLEMENTAL MEMORANDUM OF DEPUTY CHIEF JOHN MACINTYRE (IN SUPPORT OF REQUEST BY NON−PARTY DEPUTY CHIEF JOHN 'JACK' MACINTYRE FOR DETERMINATION THAT CRIMINAL CONTEMPT CHARGES WILL NOT BE PURSUED/REFERRED AGAINST HIM PERSONALLY (DOC. 879)) by Interested Party John MacIntyre. (Ouimette, David) (Entered: 02/25/2015) |
|---|---|---|
| 02/25/2015 | 896 | SUPPLEMENT SUPPLEMENTAL DECLARATION OF DEPUTY CHIEF JOHN ("JACK") MACINTYRE *(DOC. 879)* by Interested Party John MacIntyre. (Ouimette, David) (Entered: 02/25/2015) |
| 02/25/2015 | 897 | NOTICE re: Filing Third Quarterly Compliance Report by Joseph M Arpaio, Maricopa County Sheriff's Office . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 02/25/2015) |
| 02/26/2015 | 898 | NOTICE re: Plaintiffs' Notice of Intent to Serve Subpoena Upon Elizabeth Strange by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Bendor, Joshua) (Entered: 02/26/2015) |
| 02/26/2015 | 899 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Pretrial Conference held on 2/26/2015. Order to follow.<br><br>APPEARANCES: Cecillia Wang, Stanley Young, Daniel Pochoda and Josh Bender for Plaintiffs. Michele Iafrate, Thomas Liddy and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio, who is also present, and Maricopa County Sheriff's Office. Lee Stein and Barry Mitchell for Chief Deputy Sheridan, who is also present. David Ouimette for Deputy Chief MacIntyre, who is also present. Gregory Como, Dennis Wilenchik and John D. Wilenchik for Brian Sands. Also present: Chief Assistant United States Attorney Elizabeth Strange, Lieutenant Jospeh Sousa, Chief Robert Warshaw and Deputy Monitors John Girvin and Raul Martinez, and Karen Clark. (Court Reporter Gary Moll.) Hearing held 1:34 PM to 2:59 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 02/26/2015) |
| 02/26/2015 | 900 | AMENDED by Doc. 901 ORDER, In accordance with its directions at the status conference on Thursday, February 26, 2015, the Court hereby ORDERS the following: 1. Specially appearing party Brian Sands' Motion for Discovery (Doc. 884 ) is GRANTED. Executive Chief (Ret.) Sands may serve up to seven requests for production in connection with the forthcoming civil contempt hearing. All such requests shall be served no later than Tuesday, March 3, 2015. 2. Plaintiffs shall serve a Notice of Deposition on former counsel Timothy Casey by Tuesday, March 3, 2015. 3. Any appropriate briefing and/or motions for a protective order in response to the aforementioned discovery requests shall be filed by Tuesday, March 17, 2015. Thereafter, any reply briefs are to be filed by March 24, 2015. 4. Defendants Maricopa County Sheriffs Office and Sheriff Joseph Arpaio shall file a memorandum regarding the maintenance of the information regarding MCSO's completed internal investigations and any corresponding employee discipline (Doc. 852 ) under seal by Thursday, March 6, 2015. 5. A hearing on any requests for protective order is set for Friday, March 27, 2015 at 2:00 p.m. Signed by Judge G Murray Snow on 2/26/2015. (KMG) Modified on 2/26/2015 (LFIG). (Entered: 02/26/2015) |
| 02/26/2015 | 901 | AMENDED ORDER: Specially−appearing party Brian Sands' 884 Motion for Discovery is GRANTED. Sands may serve up to seven requests for production in connection with the forthcoming civil contempt hearing. All such requests shall be served no later than Tuesday, **March 3, 2015.** Plaintiffs shall serve a Notice of Deposition on former counsel Timothy Casey by Tuesday, **March 3, 2015.** Any appropriate briefing and/or motions for a protective order in response to the aforementioned discovery requests shall be filed by Tuesday, **March 17, 2015.** Thereafter, any reply briefs are to be filed by **March 24, 2015.** Defendants Maricopa County Sheriff's Office and Sheriff Joseph Arpaio shall file a memorandum regarding the maintenance of the information regarding MCSO's completed internal investigations and any corresponding employee discipline under seal by Thursday, **March 6, 2015.** A hearing on any requests for protective order is set for **Friday, March 27, 2015 at 2:00 p.m.** Signed by Judge G Murray Snow on 2/26/2015. (LFIG) (Entered: 02/26/2015) |

| 02/27/2015 | 902 | NOTICE OF ATTORNEY'S CHANGE OF ADDRESS/FIRM NAME by Katherine Elizabeth Baker. (Baker, Katherine) (Entered: 02/27/2015) |
|---|---|---|
| 02/27/2015 | 903 | NOTICE of Deposition of Timothy J. Casey, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 02/27/2015) |
| 03/02/2015 | 904 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 02/26/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 03/02/2015) |
| 03/02/2015 | 905 | NOTICE re: Documents Provided to Plaintiffs by Joseph M Arpaio, Maricopa County Sheriff's Office . (Iafrate, Michele) (Entered: 03/02/2015) |
| 03/02/2015 | 906 | REQUEST re: Request to Reschedule Hearing on Protective Order or, Alternatively, to Allow Counsel to Appear By Telephone by Interested Party Brian Sands. (Como, Gregory) (Entered: 03/02/2015) |
| 03/02/2015 | 907 | NOTICE of Deposition of Joseph M. Arpaio, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/02/2015) |
| 03/02/2015 | 908 | NOTICE of Deposition of Gerard Sheridan, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/02/2015) |
| 03/02/2015 | 909 | NOTICE of Service of Discovery filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/02/2015) |
| 03/02/2015 | 910 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 02/26/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 03/02/2015) |
| 03/03/2015 | 911 | NOTICE re: Investigations May Be Unsealed by Joseph M Arpaio, Maricopa County Sheriff's Office re: 852 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 03/03/2015) |
| 03/03/2015 | 912 | NOTICE re: Defendant Sands First Set of RFP to J Arpaio and MCSO by Brian Sands . (Como, Gregory) (Entered: 03/03/2015) |
| 03/03/2015 | 913 | ORDER Directing the Clerk of Court to unseal document 852 . Signed by Judge G Murray Snow on 3/3/15. (MAP) (Entered: 03/03/2015) |
| 03/03/2015 | 914 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 907 Notice of Deposition *of Joseph M. Arpaio*. (Wang, Cecillia) (Entered: 03/03/2015) |
| 03/03/2015 | 915 | ORDER that Greg Como, counsel for Brian Sands, may appear telephonically for the March 27, 2015 hearing. Mr. Como is directed to call chambers five minutes before the hearing is set to begin. Signed by Judge G Murray Snow on 3/3/2015. (KMG) (Entered: 03/03/2015) |
| 03/04/2015 | 916 | NOTICE re: PLAINTIFFS' NOTICE REGARDING COMMUNITY ADVISORY BOARD MEMBERS by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 670 Permanent Injunction . (Bendor, Joshua) (Entered: 03/04/2015) |
| 03/04/2015 | 917 | TRANSCRIPT REQUEST by United States of America for proceedings held on January 15, 2015 and February 26, 2015, Judge G Murray Snow hearing judge(s). (Strange, Elizabeth) (Entered: 03/04/2015) |
| 03/04/2015 | 918 | *TRANSCRIPT REQUEST − AMENDED by United States of America. Amendment to 917 Transcript Request . (Strange, Elizabeth) *Modified to correct event docket text; NEF regenerated on 3/11/2015 (CEI). (Entered: 03/04/2015) |

| 03/05/2015 | 919 | NOTICE of Deposition of John (Jack) MacIntyre, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pochoda, Daniel) (Entered: 03/05/2015) |
|---|---|---|
| 03/05/2015 | 920 | NOTICE of Deposition of David Trombi, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pochoda, Daniel) (Entered: 03/05/2015) |
| 03/05/2015 | 921 | NOTICE of Deposition of Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 03/05/2015) |
| 03/06/2015 | 922 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 903 Notice of Deposition . (Wang, Cecilia) (Entered: 03/06/2015) |
| 03/09/2015 | 923 | NOTICE re: Second Estimated Timeline for Completing the Outstanding Internal Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office . (Iafrate, Michele) (Entered: 03/09/2015) |
| 03/09/2015 | 926 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 02/26/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/30/2015. Redacted Transcript Deadline set for 4/9/2015. Release of Transcript Restriction set for 6/8/2015. (RAP) (Entered: 03/11/2015) |
| 03/10/2015 | 924 | NOTICE re: Participation in Settlement Negotiations by United States of America . (Strange, Elizabeth) (Entered: 03/10/2015) |
| 03/11/2015 | 925 | AMENDED/CORRECTED at doc.# 928 ... MOTION for Extension of Time Extend Deadlines by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Bendor, Joshua) Modified on 3/11/2015 (KMG). (Entered: 03/11/2015) |
| 03/11/2015 | 927 | NOTICE of Errata re: 925 MOTION for Extension of Time Extend Deadlines by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America.. (Bendor, Joshua) (Entered: 03/11/2015) |
| 03/11/2015 | 928 | *Joint (Amended/Corrected) MOTION for Extension of Time Extend Deadlines by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Bendor, Joshua) *Modified to include text on 3/11/2015 (KMG). (Entered: 03/11/2015) |
| 03/11/2015 | 929 | ORDER granting 928 Motion for Extension of Deadlines − the deadline for witness disclosure is extended to April 1, 2015. IT IS FURTHER ORDERED the deadline for depositions is extended to April 10, 2015. Signed by Judge G Murray Snow on 3/11/2015.(KMG) (Entered: 03/11/2015) |
| 03/11/2015 | 930 | NOTICE of Deposition of Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 03/11/2015) |
| 03/12/2015 | 931 | TRANSCRIPT REQUEST by *Leon Silver* for *Status Conference* proceedings held on 02/26/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 03/12/2015) |
| 03/13/2015 | 932 | ORDER setting a Status Conference for 3/20/2015 at 3:30 PM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. All parties and individuals who are the subject of the contempt hearing are directed to be present. Signed by Judge G Murray Snow on 3/13/2015. (KFZ) (Entered: 03/13/2015) |

| 03/13/2015 | 933 | NOTICE of Deposition of Brett Palmer, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/13/2015) |
| --- | --- | --- |
| 03/13/2015 | 934 | NOTICE of Service of Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 03/13/2015) |
| 03/13/2015 | 935 | NOTICE of Service of Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 03/13/2015) |
| 03/13/2015 | 936 | NOTICE of Deposition of BRIAN JAKOWINICZ, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/13/2015) |
| 03/13/2015 | 937 | NOTICE of Deposition of Carlos Rangel, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Gerard Sheridan, Somos America. (Bendor, Joshua) (Entered: 03/13/2015) |
| 03/16/2015 | 938 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 908 Notice of Deposition *of Gerard Sheridan*. (Wang, Cecillia) (Entered: 03/16/2015) |
| 03/16/2015 | 939 | COURT'S NOTICE RE STATUS HEARING MARCH 20, 2015 The topics which the Court intends to discuss at the status hearing on Friday, March 20, 2015 include, but may not be limited to, the following: 1. Defendants' Notice concerning the postponement of the date for completing their internal investigations (Doc. 923 ). 2. The merits of scheduling a supplemental hearing or hearings subsequent to the April proceedings in light of such postponement. 3. Whether any privilege attaches to Defendants internal investigations, and, if so, which aspects of the internal investigation process it applies to. 4. Discovery requests for the work product of the Monitor. 5. Whether the compensatory aspect of civil contempt, if such a remedy is deemed appropriate, should be resolved in April or in separate proceedings, with attention to the following concerns: a. Providing notice to potential victims and an opportunity for them to opt in or out of any settlement or compensation award. b. The class definition (see Doc. 494 ) and the remunerability of injuries to victims who are not members of the Plaintiff class. c. The risk of continuing liability for Maricopa County in the absence of provisions terminating the rights of victims to seek individual relief, or as a consequence of problems in estimating compensation. d. Whether Maricopa County needs to be separately represented insuch proceedings. 6. The appropriateness of appointing a special prosecutor in light of the United States Attorney's declination to participate in settlement discussions with the named contemnors concerning their potential criminal contempt liability (see Doc. 924 ), and considerations related to such an appointment. Signed by Judge G Murray Snow on 3/16/2015. (KMG) (Entered: 03/16/2015) |
| 03/17/2015 | 940 | NOTICE re: Amended Notice of Deposition of David Trombi by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 920 Notice of Deposition . (Pochoda, Daniel) (Entered: 03/17/2015) |
| 03/17/2015 | 941 | NOTICE re: Amended Notice of Deposition of Carlos Rangel by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 937 Notice of Deposition . (Pochoda, Daniel) (Entered: 03/17/2015) |
| 03/17/2015 | 942 | MOTION for Protective Order *regarding Brian Sands's Discovery Requests* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 03/17/2015) |
| 03/17/2015 | 943 | MOTION to Quash Plaintiffs' Subpoena to Tim Casey *or in the Alternative, Motion for Protective Order* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Iafrate, Michele) (Entered: 03/17/2015) |
| 03/17/2015 | 944 | NOTICE re: Amended Notice of Deposition of Joseph M. Arpaio by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Gerard Sheridan, Somos America re: 907 Notice of Deposition . (Pochoda, Daniel) (Entered: 03/17/2015) |

| 03/17/2015 | 945 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 938 Amended Document (NOT Motion/Complaint) *Second Amended Notice of Deposition of Gerard Sheridan.* (Wang, Cecilia) (Entered: 03/17/2015) |
| 03/17/2015 | 946 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 936 Notice of Deposition *of Brian Jakowinicz.* (Wang, Cecilia) (Entered: 03/17/2015) |
| 03/17/2015 | 947 | NOTICE re: Second Amended Notice of Deposition of Joseph M. Arpaio by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 944 Notice (Other) . (Pochoda, Daniel) (Entered: 03/17/2015) |
| 03/17/2015 | 948 | MOTION to Vacate 880 Order, Set/Reset Hearings *and Request for Entry of Judgment* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit A−B, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 03/17/2015) |
| 03/17/2015 | 949 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 933 Notice of Deposition *of Brett Palmer.* (Wang, Cecilia) (Entered: 03/17/2015) |
| 03/18/2015 | 950 | NOTICE of Deposition of Mike Trowbridge, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecilia) (Entered: 03/18/2015) |
| 03/19/2015 | 951 | NOTICE OF ATTORNEY APPEARANCE: David Eisenberg appearing for Joseph Sousa. . (Eisenberg, David) (Entered: 03/19/2015) |
| 03/19/2015 | 952 | RESPONSE in Opposition re: 948 MOTION to Vacate 880 Order, Set/Reset Hearings *and Request for Entry of Judgment* , RESPONSE to Motion re: 948 MOTION to Vacate 880 Order, Set/Reset Hearings *and Request for Entry of Judgment* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecilia) (Entered: 03/19/2015) |
| 03/19/2015 | 953 | DECLARATION of Stanley Young re: 952 Response in Opposition to Motion, Response to Motion . filed by Manuel de Jesus Ortega Melendres, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A − C)(Young, Stanley) (Entered: 03/19/2015) |
| 03/20/2015 | 954 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 3/20/2015. Discussion is held regarding matters raised by the Court and the parties' various positions. The Court affirms the schedule set forth in the contempt matter.

APPEARANCES: Cecilia Wang, Stanley Young, Daniel Pochoda, Josh Bender, Tammy Albarran (telephonically), Andre Segura (telephonically), Hyun Byun (telephonically) Jorge Castillo (telephonically) and Lauren Pedley (telephonically) for Plaintiffs. Michele Iafrate, Thomas Liddy and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio, who is also present, and Maricopa County Sheriff's Office. Gary Birnbaum for Deputy Chief MacIntyre, who is also present. Gregory Como, Dennis Wilenchik and John D. Wilenchik for Brian Sands, who is also present. Lee Stein and Barry Mitchell for Chief Deputy Sheridan, who is also present. Also present: David Eisenberg for Lieutenant Joseph Sousa, who is also present. Doug Irish for Maricopa County. Lynnette Kimmins and Rosaleen O'Gara for the United States. Deputy Monitors John Girvin (telephonically) and Raul Martinez (telephonically). (Court Reporter Gary Moll.) Hearing held 3:33 PM to 5:00 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LMR) (Entered: 03/20/2015) |
| 03/23/2015 | 955 | REQUEST re: to Modify the Court's Feburary 12, 2015 Order [Doc. 906] as to Specially Appearing Non−Party John MacIntyre by Interested Party John MacIntyre. (Iafrate, Michele) (Entered: 03/23/2015) |
| 03/23/2015 | 956 | RESPONSE to Motion re: 943 MOTION to Quash Plaintiffs' Subpoena to Tim Casey *or in the Alternative, Motion for Protective Order* filed by Manuel de Jesus Ortega |

| | | |
|---|---|---|
| | | Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 03/23/2015) |
| 03/23/2015 | 957 | NOTICE of Deposition of Joseph Sousa, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/23/2015) |
| 03/23/2015 | 958 | NOTICE of Deposition of Gerard Sheridan (Continued), filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 03/23/2015) |
| 03/24/2015 | 959 | TRANSCRIPT REQUEST by United States of America for proceedings held on 03/20/2015, Judge G Murray Snow hearing judge(s). (Cheema, Puneet) (Entered: 03/24/2015) |
| 03/24/2015 | 960 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 03/20/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 03/24/2015) |
| 03/24/2015 | 961 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 03/20/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 03/24/2015) |
| 03/24/2015 | 962 | TRANSCRIPT REQUEST by *Leon Silver* for *Status Conference* proceedings held on 03/20/2015, Judge G. Murray Snow hearing judge(s). (RAP) (Entered: 03/24/2015) |
| 03/24/2015 | 963 | RESPONSE to Motion re: 942 MOTION for Protective Order *regarding Brian Sands's Discovery Requests* filed by Brian Sands. (Attachments: # 1 Exhibit)(Como, Gregory) (Entered: 03/24/2015) |
| 03/24/2015 | 964 | *JOINDER re 943 MOTION to Quash Subpoena by Timothy J Casey. (Clark, Karen) *Modified to correct event type and filer on 3/25/2015 (LSP). (Entered: 03/24/2015) |
| 03/24/2015 | 965 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Hearing* Proceedings held on 03/20/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/14/2015. Redacted Transcript Deadline set for 4/24/2015. Release of Transcript Restriction set for 6/22/2015. (RAP) (Entered: 03/24/2015) |
| 03/25/2015 | 966 | TRANSCRIPT REQUEST *03−20−2015 status conference* by United States of America for proceedings held on 03/20/2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 03/25/2015) |
| 03/26/2015 | 967 | NOTICE of Deposition of Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 03/26/2015) |
| 03/26/2015 | 968 | *NOTICE re: Exhibits 1 and 2 for (Doc. 964 ) by Timothy J Casey . (Attachments: # 1 Exhibit)(Clark, Karen) *Modified to correct document number on 3/26/2015 (LSP). (Entered: 03/26/2015) |
| 03/26/2015 | 969 | NOTICE of Appearance by M Craig Murdy on behalf of Brian Sands. (Murdy, M) (Entered: 03/26/2015) |
| 03/26/2015 | 970 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 949 Amended Document (NOT Motion/Complaint) *Notice of Deposition of Brett Palmer.* (Wang, Cecillia) (Entered: 03/26/2015) |
| 03/27/2015 | 971 | REPLY to Response to Motion re: 942 MOTION for Protective Order *regarding Brian Sands's Discovery Requests* filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 03/27/2015) |

| 03/27/2015 | 972 | NOTICE of Appearance by Christopher Thomas Rapp on behalf of Brett Palmer. (Rapp, Christopher) (Entered: 03/27/2015) |
|---|---|---|
| 03/27/2015 | 973 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: In−Court Hearing held on 3/27/2015. Order to follow.<br><br>APPEARANCES: Cecilia Wang, Stanley Young, Daniel Pochoda, Josh Bendor, Jorge Castillo, Andre Segura, Anne Lai (telephonically) and Hyun Byun (telephonically) for Plaintiffs. Michele Iafrate, Thomas Liddy and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio, who is also present, and Maricopa County Sheriff's Office. Lee Stein and Barry Mitchell for Chief Deputy Sheridan, who is also present. Gary Birnbaum for Deputy Chief MacIntyre. Craig McMurdy, Dennis Wilenchik and John D. Wilenchik for Brian Sands. Also present: David Eisenberg for Lieutenant Joseph Sousa. Deputy Monitors John Girvin and Raul Martinez (both telephonically). (Court Reporter Gary Moll.) Hearing held 2:01 PM to 2:44 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 03/27/2015) |
| 03/30/2015 | 974 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 03/27/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 03/30/2015) |
| 03/30/2015 | 975 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 03/27/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 03/30/2015) |
| 03/30/2015 | 976 | NOTICE of Service of Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 03/30/2015) |
| 03/31/2015 | 977 | TRANSCRIPT REQUEST by United States of America for proceedings held on 03/27/2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 03/31/2015) |
| 03/31/2015 | 978 | MOTION for Reconsideration re: 973 In−Court Hearing, Common Prompts (Text Only) *denying the attorney−client privilege to electronic mail communications that copies Deputy Chief John MacIntyre* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Cover, 1−2, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 03/31/2015) |
| 03/31/2015 | 979 | ORDER that Defendants are to file a memorandum on the aforementioned issues by **Friday, April 3, 2015.** Plaintiffs are further ORDERED to file a responsive memorandum no later than **Tuesday, April 7, 2015.** To the extent that specially appearing party Brian Sands wishes to be heard on issue (3), above, insofar as it relates to his outstanding document production requests, he is also ORDERED to file a responsive memorandum by **April 7.** Signed by Judge G Murray Snow on 3/31/2015. (KFZ) (Entered: 03/31/2015) |
| 03/31/2015 | 980 | SUPPLEMENT Briefing for a Protective Order regarding Privileged Communications re: 942 MOTION for Protective Order *regarding Brian Sands's Discovery Requests* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 03/31/2015) |
| 04/01/2015 | 981 | TRANSCRIPT REQUEST *Re 03/27/2015 Status Hearing* by Brian Sands for proceedings held on 03/27/15, Judge G Murray Snow hearing judge(s). (Como, Gregory) (Entered: 04/01/2015) |
| 04/01/2015 | 982 | TRANSCRIPT REQUEST by *Leon Silver* for *Status Conference* proceedings held on 03/27/2015, Judge G. Murray Snow, hearing judge. (RAP) (Entered: 04/01/2015) |
| 04/01/2015 | 983 | Witness List by Brian Sands. (Como, Gregory) (Entered: 04/01/2015) |
| 04/01/2015 | 984 | Witness List by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/01/2015) |
| 04/01/2015 | 985 | Witness List by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 04/01/2015) |

| 04/01/2015 | 989 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 03/27/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/22/2015. Redacted Transcript Deadline set for 5/4/2015. Release of Transcript Restriction set for 6/30/2015. (RAP) (Entered: 04/03/2015) |
|---|---|---|
| 04/02/2015 | 986 | ORDER: Defendants' Motion for a Protective Order 942 is denied in part and referred in part for further consideration. Discovery matters are referred to United States Magistrate Judge John Z. Boyle for in camera review. Defendants are directed to contact Judge Boyle's chambers at (602) 322−7670 no later than 4/3/2015 to submit the documents for in camera review. Defendants' Motion to Quash 943 is denied as moot. Defendants' Motion for Reconsideration 978 is denied. Non−party Deputy Chief John MacIntyre's Request for Determination that Criminal Contempt Charges Will Not Be Pursued/Referred Against Him Personally 879 is denied. To the extent that specially appearing non−party John MacIntyre wishes to waive his right to be present on 4/21 and 4/22/2015 for the civil contempt proceedings without objection from Plaintiffs, his Request to Modify the Court's Order to Show Cause setting an evidentiary hearing 955 is granted. See order for additional details. Signed by Judge G Murray Snow on 4/2/2015. (Attachments: # 1 Appendix)(LMR) (Entered: 04/02/2015) |
| 04/02/2015 | 987 | MEMORANDUM *Pursuant to the Court's Order* 979 Order by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/02/2015) |
| 04/02/2015 | 988 | ORDER. Earlier today the Court filed a comprehensive order (Doc. 986) resolving Defendant's Motion for Protective Order (Doc. 942). Part of that order was based on the erroneous assumption that Defendant failed to timely assert any "clawback" rights. Doc 986 p. 10 n. 6. The Court, in fact, had earlier set a schedule in which it permitted the Defendants to assert such "clawback" rights by Friday, April 3, and Defendants did timely assert such clawback rights in a filing entered right after the Court entered Doc. 986. Thus the Court's determination in that order that Defendants had waived their clawback rights as to documents 4, 15 and 16 is erroneous. Therefore, Defendants need not presently disclose such documents to either Sands or the Plaintiff but should immediately provide them in camera to Magistrate Judge Boyle for his review as to whether the documents comply with the requirements of the attorney−client privilege, work−product immunity, or whether Sands or the Plaintiff have established a right to obtain such documents. Nevertheless, in the March 27 hearing, Plaintiffs counsel pointed out that some or all of these documents (privilege log documents 4, 15 and 16 and perhaps the document earlier identified to Defendants that is not on the privilege log) were addressed or forwarded by email chains to multiple persons who were not identified on the privilege log. Defense counsel agreed to provide a comprehensive list of all persons who would have been sent or forwarded these documents by March 31. The Court cannot find that counsel has complied. Obviously, the number and identity of the persons to whom these emails were sent or forwarded is relevant to whether any privilege or immunity exists or was preserved. Defense counsel will immediately provide such a list for Magistrate Judge Boyle together with a copy of the actual email chains showing all persons to whom the documents were forwarded or sent for his evaluation. Signed by Judge G Murray Snow on April 2, 2015. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 04/02/2015) |
| 04/03/2015 | 990 | ORDER: Plaintiffs and Brian Sands are directed to file by 4/7/2015 responsive memoranda to Defendants' 4/2/2015 Memorandum ([Doc. 987]). See order for additional details. Signed by Judge G Murray Snow on 4/3/2015. (LMR) (Entered: 04/03/2015) |
| 04/03/2015 | 991 | *NOTICE OF SUBMISSION FOR IN CAMERA REVIEW BY MAGISTRATE JUDGE JOHN Z. BOYLE by Joseph M Arpaio, Maricopa County Sheriff's Office . (Liddy, Thomas) *Modified to remove text on 4/3/2015 (KMG). (Entered: 04/03/2015) |

| 04/06/2015 | 992 | ORDER re 942 Motion for Protective Order, the Court grants Defendants' Motion as to documents 5, 6, and the redacted portions of document 15. The Court denies Defendants' Motion as to documents 4 and 6A, and the unredacted portions of document 15. The Court will issue a supplemental order under seal with documents 4 and 6A, and the redacted version of document 15. Unless the Court receives objections regarding lifting the seal by Defendants by Friday, April 10, 2015 at 5:00 P.M., the Court will unseal the supplemental order, the appended documents 4, 6A, and the appended redacted document 15. Signed by Magistrate Judge John Z Boyle on 4/6/2015.(KMG) (Entered: 04/06/2015) |
|---|---|---|
| 04/07/2015 | 993 | ORDER that Defendants shall provide Judge Boyle with Documents 1, 2, 3, 7, 8, 9, 10, and 11 of their privilege log no later than April 7, 2015 at 5:00 P.M. Signed by Magistrate Judge John Z Boyle on 4/7/2015. (KMG) (Entered: 04/07/2015) |
| 04/07/2015 | 994 | SEALED ORDER Pursuant to the Court's April 6, 2015 Order (Doc. 992 ), the Court hereby files this Order and the documents appended to this Order under seal. This Order and the appended documents shall remain under seal until otherwise ordered by the Court. Signed by Magistrate Judge John Z Boyle on 4/6/15. (cc: Michele Iafrate, defense counsel; Greg Como, Dane Dodd, and M. Craig Murdy, counsel for Brian Sands)(MAP) (Entered: 04/07/2015) |
| 04/07/2015 | 995 | ORDER. The Court met with the parties telephonically to resolve certain issues pertaining to outstanding discovery and scheduling. First, as it pertains to this Court's discovery order of February 12, 2015, Defendants shall disclose in detail to all parties the process by which MCSO sought to ascertain and obtain such information, including the method used to solicit responsive information from within the MCSO, the information requested, and the specific persons who were requested to provide or search for such information. Defendants shall also disclose all responses to this request and the specific persons who provided any responses. In light of Lieutenant Sousa's deposition testimony that he was aware of receiving no such requests, the parties will agree on a follow−up process to ensure that the request is received, acknowledged, and responded to by all pertinent and appropriate MCSO personnel in a timely manner. If the parties cannot agree on such a procedure they may promptly raise the matter with the Court in a subsequent telephonic conference tomorrow afternoon, April 8. Second, Defendants avow that Sheriff Arpaio's complete personal immigration file is being provided to the Plaintiffs. Defendants' counsel further avows that that file contains all immigration−related press releases for the relevant period. Third, Defendants shall immediately provide the Plaintiffs with all responsive shift summaries, incident reports, and CAD data. Fourth, to the extent that Counsel have prepared and reviewed with witnesses documents that the witnesses testified refreshed their recollection, the interests of justice in insuring the fairness and accuracy of such information requires that those documents also be disclosed to the Plaintiffs. See Fed. R. Evid. 612. Fifth, the Court also discussed with counsel the need to submit to Magistrate Judge Boyle the documents that it had not previously submitted unless Defendants inform Magistrate Judge Boyle that they no longer claim any privilege or immunity in the documents and have provided them to the parties. Sixth, the Court further discussed the need to set possible supplemental hearing dates to the extent that MCSO's relevant self−investigative and disciplinary processes have not yet been completed but may be relevant to any appropriate remedy implicated by the April 21−24 hearings. Counsel for Defendant acknowledges that she will promptly ascertain and inform the Court and its monitor concerning the dates for completion of these investigations and the imposition of discipline, if any, by the MCSO. Parties acknowledge their availability for such possibly necessary supplemental hearings on June 16−19, 2015 and are directed to keep these dates clear for possible hearings. Signed by Judge G Murray Snow on April 7, 2015. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 04/07/2015) |
| 04/07/2015 | 996 | RESPONSE re: 987 Memorandum *Pursuant to Court's March 31, 2015 Order* by Interested Party Brian Sands. (Attachments: # 1 Exhibit)(Como, Gregory) (Entered: 04/07/2015) |
| 04/07/2015 | 997 | NOTICE re: Submission for In Camera Review by Magistrate Judge John Z. Boyle by Joseph M Arpaio, Maricopa County Sheriff's Office re: 993 Order, 995 Order . (Iafrate, Michele) (Entered: 04/07/2015) |

| 04/07/2015 | 998 | RESPONSE re: 979 Order, 990 Order *Plaintiffs' Response re Privilege and Internal Affairs Issues Pursuant to the Court's Orders* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez. (Attachments: # 1 Affidavit Declaration of Joshua Bendor with Exhibits A−J)(Bendor, Joshua) (Entered: 04/07/2015) |
|---|---|---|
| 04/08/2015 | 999 | Additional Attachments to Main Document re: 987 Memorandum by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/08/2015) |
| 04/08/2015 | 1000 | ORDER: the Court will grant Defendants' Motion for a Protective Order as to the first two emails in document 2, and as to documents 3, 7, 8, 9, 10, and 11. See Order for details. Signed by Magistrate Judge John Z Boyle on 4/8/15. (SJF) (Entered: 04/08/2015) |
| 04/08/2015 | 1001 | ORDER re: 987 Memorandum filed by Maricopa County Sheriff's Office, Joseph M Arpaio. Defendants must produce documents 1, 4, 6A, 12, 14, 15, and16 because they do not fall within the scope of either attorney−client privilege or the work−product doctrine. Pursuant to Judge Boyle's Order, Documents 5 and 13 are privileged. The Court is awaiting Judge Boyle's conclusions as to the remaining communications identified on Defendants' privilege log. See Order for details. Signed by Judge G Murray Snow on 4/8/2015. (KFZ) (Entered: 04/08/2015) |
| 04/09/2015 | 1002 | ORDER. The Court met this morning on a telephonic status conference at which all parties were represented. Outside defense counsel shall review the discovery requests with all noticed possible contemnors in an attempt to ascertain and discover documents that may be responsive to the Court's February 12 Order. She will take other reasonable steps the parties deem necessary to ensure adequate compliance with the discovery requests. The MCSO will also provide the Sheriff's immigration file from 2011 through 2013 which has not yet been provided. In the event that late−disclosed discovery reveals information or issues not disclosed prior to the April hearings, or to the extent that such matters arise due to MCSO's failure to complete its relevant investigations or otherwise between the April hearing and the June dates set for the supplemental hearing, those matters may be raised in any supplemental hearing that proves necessary. Signed by Judge G Murray Snow on April 9, 2015. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 04/09/2015) |
| 04/10/2015 | 1003 | MOTION to Supplement *Motion to Vacate Hearing and Request for Entry of Judgment* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit Exhibits A−B, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 04/10/2015) |
| 04/13/2015 | 1004 | RESPONSE in Opposition re: 1003 MOTION to Supplement *Motion to Vacate Hearing and Request for Entry of Judgment* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 04/13/2015) |
| 04/13/2015 | 1005 | MOTION for Hearing on Motion *Request for Expedited Oral Argument on Defendants' Arpaio and Sheridan Supplemental Motion to Vacate Hearing and Request for Entry of Judgment* by Joseph M Arpaio. (McDonald, Andrew) (Entered: 04/13/2015) |
| 04/14/2015 | 1006 | NOTICE of Service of Discovery filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/14/2015) |
| 04/14/2015 | 1007 | ORDER that Defendants' Motions to Vacate (Docs. 948 , 1003 ) are DENIED without prejudice. Because oral argument is unlikely to materially add to the Parties' briefs, Defendants' Motion for a Hearing (Doc. 1005 ) is also DENIED. Signed by Judge G Murray Snow on 4/14/2015.(KMG) (Entered: 04/14/2015) |
| 04/15/2015 | 1008 | TRANSCRIPT REQUEST *and Realtime Request* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 4/21/2015−4/24/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 04/15/2015) |
| 04/16/2015 | 1009 | Witness List by Brian Sands. (Como, Gregory) (Entered: 04/16/2015) |

| 04/16/2015 | [1010](#) | THIRD QUARTERLY REPORT from Independent Monitor Robert Warshaw for the Maricopa County Sheriff's Office.(KMG) (Entered: 04/17/2015) |
| 04/17/2015 | [1011](#) | NOTICE re: of Appearance of Counsel for Defendant Maricopa County, Arizona by Maricopa, County of . (Walker, Richard) (Entered: 04/17/2015) |
| 04/20/2015 | [1012](#) | TRIAL BRIEF − *Bench Memorandum for Order to Show Cause Hearing* by Brian Sands. (Como, Gregory) (Entered: 04/20/2015) |
| 04/20/2015 | 1013 | ORDER. The Court met telephonically with the parties this afternoon regarding documents that are responsive to the Court's February 12 order that either still have not been provided by the MCSO or were provided by deposition witnesses after the second time that their depositions were re−opened. The Plaintiffs request that document production be completed and supervised by the Monitor and the supplemental hearing be firmly scheduled to account for this failure to timely produce documents. Defendants raise some objections, while not contesting that responsive documents were not timely provided by the MCSO and may not yet be completely provided. The Court will address the requested relief at the beginning of tomorrow's hearing. The parties further discussed procedural matters, Maricopa County's status as a party to this matter as well as MCSO's not−yet−terminated internal investigations and matters presented by the Ninth Circuit's recent opinion. These matters will also be placed on the record at the beginning of tomorrow's hearing. Plaintiff estimates that despite the need to continue the hearing to the June dates reserved by the Court, the Plaintiff will have four full days of testimony to present this week given the time likely involved in cross−examination. Signed by Judge G Murray Snow on April 20, 2015. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (GMS) (Entered: 04/20/2015) |
| 04/21/2015 | [1014](#) | MINUTE ENTRY for proceedings held before Judge G. Murray Snow: Evidentiary Hearing (Day One) held on 04/21/15. Without objection, the Court orders Maricopa County as a named party. Defendants' counsel make an oral motion for a continuance of today's hearing. Motion argued. Motion denied. Court stands in recess until 8:30 AM on 04/22/15. See minutes for details. (Court Reporter Gary Moll.) Hearing held 9:00 a.m. to 5:07 p.m. (NKS) (Entered: 04/21/2015) |
| 04/21/2015 | [1015](#) | MOTION to Withdraw as Attorney *Motion to Withdraw as Counsel of Record for Defendants* by Maricopa County Sheriff's Office. (Attachments: # [1](#) Text of Proposed Order, # [2](#) Exhibit)(Liddy, Thomas) (Entered: 04/21/2015) |
| 04/22/2015 | [1016](#) | TRANSCRIPT REQUEST *re Contempt Hearing* by Brian Sands for proceedings held on 4/21/2015−4/24/2015, Judge G Murray Snow hearing judge(s). (Como, Gregory) (Entered: 04/22/2015) |
| 04/22/2015 | [1017](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing* Proceedings held on 04/21/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/13/2015. Redacted Transcript Deadline set for 5/26/2015. Release of Transcript Restriction set for 7/21/2015. (RAP) (Entered: 04/22/2015) |
| 04/22/2015 | [1018](#) | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 04/21/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 04/22/2015) |
| 04/22/2015 | [1019](#) | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on 4/21/2015 through 4/24/2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 04/22/2015) |
| 04/22/2015 | [1020](#) | MINUTE ENTRY for proceedings held before Judge G. Murray Snow: Evidentiary Hearing (Day Two) held on 04/22/15. Court stands in recess until 8:30 AM on 04/23/15. See minutes for details. (Court Reporter Gary Moll.) Hearing held 8:36 a.m. to 5:05 p.m. (NKS) (Entered: 04/22/2015) |
| 04/23/2015 | [1021](#) | *NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 2 (Pages 286 − 511)* Proceedings held on 04/22/2015, before Judge G. Murray Snow. |

| | | (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/14/2015. Redacted Transcript Deadline set for 5/26/2015. Release of Transcript Restriction set for 7/22/2015. (RAP) *Modified on 5/4/2015 to Seal Pursuant to Order 1046 (MAP)*. (Entered: 04/23/2015) |
| 04/23/2015 | 1022 | TRANSCRIPT REQUEST by United States of America for proceedings held on 04/21/15 through 04/24/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 04/23/2015) |
| 04/23/2015 | 1023 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 4/22/2015 through 4/24/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 04/23/2015) |
| 04/23/2015 | 1024 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 04/21/2015, 04/22/2015, Judge G Murray Snow hearing judge(s). (Liddy, Thomas) (Entered: 04/23/2015) |
| 04/23/2015 | 1025 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 3) held on 4/23/2015. Maricopa County reserves its right to contest its status as a party. Court stands in recess until 8:30 AM on 4/24/15. See minutes for details. (Court Reporter Gary Moll.) Hearing held 8:34 AM to 5:25 PM.(KFZ) (Entered: 04/23/2015) |
| 04/24/2015 | 1026 | TRANSCRIPT REQUEST by United States of America for proceedings held on 04/21/2015 to 04/24/2015, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: 04/24/2015) |
| 04/24/2015 | 1027 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 3 (Pages 512 − 817)* Proceedings held on 04/23/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/15/2015. Redacted Transcript Deadline set for 5/26/2015. Release of Transcript Restriction set for 7/23/2015. (RAP) (Entered: 04/24/2015) |
| 04/24/2015 | 1028 | *AMENDED MOTION to Withdraw as Attorney *AMENDED AND SUPPLEMENTAL APPLICATION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Liddy, Thomas) *Modified to correct event on 4/24/2015 (KMG). (Entered: 04/24/2015) |
| 04/24/2015 | | NOTICE of request for e−notices by Stephen Montoya. (Montoya, Stephen) (Entered: 04/24/2015) |
| 04/24/2015 | 1029 | TRANSCRIPT REQUEST by Shawn Thompson for KTVK for proceedings held on 04/23/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 04/24/2015) |
| 04/24/2015 | 1031 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 4) held on 4/24/2015. ORDERED that Plaintiffs' brief regarding attorney/client privilege due by April 30, 2015. Responses due by May 7, 2015. Objections, if any to 1028 Motion to Withdraw as Attorney due by May 6, 2015. Status Conference is set for 5/8/2015 at 9:00 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Evidentiary hearing to resume on a date to be determined in June 2015. See minutes for details. (Court Reporter Gary Moll.) Hearing held 8:41 AM to 5:56 PM.(KFZ) (Entered: 04/27/2015) |
| 04/25/2015 | 1030 | (Amended by Doc. 1043) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 4 (Pages 818 − 1030)* Proceedings held on 04/24/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the |

| | | transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/18/2015. Redacted Transcript Deadline set for 5/26/2015. Release of Transcript Restriction set for 7/24/2015. (RAP) Modified on 4/29/2015 (KAR). (Entered: 04/27/2015) |
|---|---|---|
| 04/25/2015 | 1043 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *Evidentiary Hearing − Day 4 (Pages 818 − 1018)* Proceedings held on 04/24/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/18/2015. Redacted Transcript Deadline set for 5/26/2015. Release of Transcript Restriction set for 7/24/2015. (RAP) Modified on 4/29/2015 to reflect transcript amended to correct page numbering.(KAR). (Entered: 04/29/2015) |
| 04/27/2015 | 1032 | ORDER During the evidentiary hearing on April 23, 2015, the Court ordered the MCSO Defendants to immediately disclose certain materials discussed in the Court's colloquy with Sheriff Arpaio. Because of the need for the disclosure to occur on an expedited basis, the documents were not initially Bates stamped for control purposes. Attorney review for privilege was conducted contemporaneously with this production, and dual copies of the documents were made, one of which was provided to the Monitor and the other which was retained by the MCSO Defendants. The MCSO is still in the process of producing some such documents. The MCSO Defendants shall promptly affix Bates numbers to the documents disclosed to the Monitor and, as soon as is reasonably possible, transmit copies of the Bates−stamped materials, along with a detailed privilege log for any documents withheld, to Plaintiffs, the Monitor, specially appearing party Brian Sands, and Maricopa County, which has been reinstated as a party to this action. The Monitor will compare the Bates stamped documents provided by the MCSO defendants with the set of documents provided by the MCSO Defendants without bates numbers to verify that the two sets of documents are identical. The Monitor will inform the Court as soon as possible as to any lack of identity of the documents sets, and the particulars of such apparent discrepancies. Any issues that arise will be resolved by the Court. Objections to the aforementioned procedure must be raised with the Court no later than April 28, 2015. Signed by Judge G Murray Snow on 4/27/2015. (KMG) (Entered: 04/27/2015) |
| 04/27/2015 | 1033 | SEALED ORDER re 1031 − IT IS THEREFORE ORDERED that Ms. Clark and Mr. Liddy submit the aforementioned letters under seal to Magistrate Judge John Z. Boyle no later than 5:00p.m. on April 29, 2015. (See document for further details). Signed by Judge G Murray Snow on 4/27/15. (LAD) cc: Counsel for Plaintiffs, Counsel for Defendants, Karen Clark, Lee David Stein, Gregory Stephen Como, Melvin McDonald, Gary Birnbaum, David Eisenberg, Robert Warshaw) (Entered: 04/27/2015) |
| 04/27/2015 | 1041 | *SEALED TRANSCRIPT EXCERPT of Proceedings held on 4/24/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: (Evidentiary Hearing Day 4, pages 1019−1035). (MAP) *Modified text; modified file date from 4/24/2015 to 4/27/2015 on 4/29/2015 (KAR)(CEI). (Entered: 04/29/2015) |
| 04/28/2015 | 1034 | TRANSCRIPT REQUEST by Leon Silver for Evidentiary Hearing proceedings held on 04/21−24/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 04/28/2015) |
| 04/28/2015 | 1035 | OBJECTION *to Court−Ordered Disclosure Procedure* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/28/2015) |
| 04/29/2015 | 1036 | NOTICE of Appearance by Michele Marie Iafrate on behalf of Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 04/29/2015) |
| 04/29/2015 | 1037 | TRANSCRIPT REQUEST by Timothy J Casey for proceedings held on 04/23/15, 04/24/15, Judge G Murray Snow hearing judge(s). (Clark, Karen) (Entered: 04/29/2015) |

| 04/29/2015 | 1038 | MOTION to Seal Document 1021 Transcript *portion of* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Iafrate, Michele) (Entered: 04/29/2015) |
| 04/29/2015 | 1039 | RESPONSE re: 1035 Objection by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 04/29/2015) |
| 04/29/2015 | 1040 | NOTICE re: NOTICE TO THE COURT REGARDING COMPLIANCE WITH ORDER AT DOC. 1033 AND SEALED ORDER AT DOC.1033−1 by Joseph M Arpaio, Maricopa County Sheriff's Office . (Liddy, Thomas) (Entered: 04/29/2015) |
| 04/29/2015 | 1042 | TRANSCRIPT REQUEST by Adam Longo for CBS5 News KPHO−TV for Testimony of Jerry Sheridan proceedings held on 04/24/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 04/29/2015) |
| 04/30/2015 | 1044 | NOTICE re: Compliance by Timothy J Casey . (Clark, Karen) (Entered: 04/30/2015) |
| 04/30/2015 | 1045 | MOTION for Discovery *of Attorney−Client and Work Production Information* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit Declaration of Joshua Bendor, # 2 Exhibit Index and Exhibits A−E to Declaration of Joshua Bendor, # 3 Exhibit Exhibits F−S to Declaration of Joshua Bendor, # 4 Text of Proposed Order)(Bendor, Joshua) (Entered: 04/30/2015) |
| 05/04/2015 | 1046 | ORDER granting 1038 Motion to Seal Transcript. The Court directs the Clerk of the Court to seal the transcript of the April 22, 2015 Evidentiary Hearing (Doc. 1021 ) to preserve the privileged nature of the information communicated to the Court by Thomas Liddy, of the Maricopa County Attorney's Office, regarding the nature of his ethical conflict and pending Motion to Withdraw. A version of the transcript that omits the challenged sidebar discussion will be refiled and available for order shortly thereafter. The privileged excerpt of the April 22, 2015 hearing transcript, page 307, line 23 to page 311, line 16, shall be maintained under seal. Signed by Judge G Murray Snow on 5/4/15. (MAP) (Entered: 05/04/2015) |
| 05/05/2015 | 1047 | TRANSCRIPT REQUEST *RE BENCH TRIAL* by Brian Sands for proceedings held on 7−19, 24, 25, 26, 31 and 8/1, 2012, Judge G Murray Snow hearing judge(s). (Como, Gregory) (Entered: 05/05/2015) |
| 05/05/2015 | 1048 | ORDER that the procedure set forth under Order 696 is temporarily suspended. Ms. Wilson is directed to authorize payment of the Monitor's April invoice. Ms. Wilson and her counsel remain under the confidentiality obligations set forth under Order 696 for those reviews that they have conducted to date. See Order for details. Signed by Judge G Murray Snow on 5/5/2015. (KFZ) (Entered: 05/05/2015) |
| 05/05/2015 | 1049 | ORDER: A Status Conference is set for May 8, 2015. The parties are to be prepared to discuss various matters (see attached Order for details). Continued/supplemental Contempt Hearing is set for June 16−19, 2015 at 9:00 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. Signed by Judge G Murray Snow on 5/5/2015. (KFZ) (Entered: 05/05/2015) |
| 05/05/2015 | 1051 | NOTICE OF FILING OF OFFICIAL REDACTED TRANSCRIPT of *Evidentiary Hearing − Day 2 (Pages 286 − 511) − Redacted − Sealed Proceedings Omitted* Proceedings held on 04/22/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Filed pursuant to Order 1046 . The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/26/2015. Redacted Transcript Deadline set for 6/5/2015. Release of Transcript Restriction set for 8/3/2015. (RAP) (Entered: 05/06/2015) |
| 05/06/2015 | 1050 | TRANSCRIPT REQUEST *(AMENDED)* by Brian Sands for proceedings held on 7/19, 7/24−26, 7/31, 8/1−2/2012, Judge G Murray Snow hearing judge(s). (Como, Gregory) (Entered: 05/06/2015) |
| 05/07/2015 | 1052 | NOTICE re: Completion of Internal Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office . (Iafrate, Michele) (Entered: 05/07/2015) |

| 05/07/2015 | 1053 | *ORDER Re Determination Whether Documents are Protected from Disclosure by the Attorney−Client Privilege and/or Work−Product Immunity. See Order for Details. Signed by Magistrate Judge John Z Boyle on 5/7/15. (cc: AUSA/Dft's Cnsl/Karen Clark/ Lee David Stein/ Gregory Stephen Como/ Melvin McDonald/ Gary Birnbaum/ David Eisenberg/ Robert Warshaw)(MAP) *Modified on 5/13/2015 to Unseal Pursuant to Order 1082 (MAP)*. (Entered: 05/07/2015) |
| --- | --- | --- |
| 05/07/2015 | 1054 | OBJECTION re: 1048 Order , and Motion for Rescission or Modification of, Order re Payment of Monitor Billings by Defendant Maricopa, County of. (Attachments: # 1 Exhibit)(Walker, Richard) (Entered: 05/07/2015) |
| 05/07/2015 | 1055 | *NOTICE of Appearance by Terrence P Woods on behalf of Interested Parties Tom Liddy, Ann Uglietta and Douglas Schwab. (Woods, Terrence) *Modified to add filers on 5/8/2015 (KMG). (Entered: 05/07/2015) |
| 05/07/2015 | 1056 | RESPONSE in Opposition re: 1045 MOTION for Discovery of Attorney−Client and Work Production Information filed by Joseph M Arpaio. (Iafrate, Michele) (Entered: 05/07/2015) |
| 05/07/2015 | 1057 | *STRICKEN by Doc. 1093 — MOTION to Intervene by Dennis L Montgomery. (submitted by Jonathon A Moseley) (Attachments: # 1 Proposed Order)(KMG) Modified on 5/14/2015 (KFZ). (Entered: 05/08/2015) |
| 05/07/2015 | 1058 | *MEMORANDUM in Support of 1057 MOTION to Intervene and 1067 Motion to Disqualify Judge Snow by Intervenor Dennis L Montgomery. (submitted by Jonathon A Moseley) (KMG) *Modified to include document linkage on 5/8/2015 (KMG). (Entered: 05/08/2015) |
| 05/07/2015 | 1067 | *STRICKEN by Doc. 1093 — MOTION to Disqualify Judge Under 28:144 by Intervenor Dennis L Montgomery. (submitted by Jonathon Moseley) (KMG) Modified on 5/14/2015 (KFZ). (Entered: 05/08/2015) |
| 05/08/2015 | 1059 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 5/8/2015. Order to follow. <br><br> APPEARANCES: Cecillia Wang, Andre Segura and Hyun Byun (telephonically), Stanley Young, Daniel Pochoda and Josh Bendor for Plaintiffs. Michele Iafrate and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. David Eisenberg (telephonically) for Lieutenant Joseph Sousa. Gary Birnbaum for Deputy Chief MacIntyre. Barry Mitchell for Chief Deputy Sheridan, who is also present. Gregory Como for Brian Sands. Terrence Woods for Thomas Liddy, Ann Uglietta and Douglas Schwab. Karen Clark for Tim Casey. Chief Robert Warshaw, Deputy Monitors John Girvin and Raul Martinez, and Sandi Wilson also present. (Court Reporter Gary Moll.) Hearing held 9:01 AM to 10:22 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/08/2015) |
| 05/08/2015 | 1060 | ORDER Re Application of Attorney for Admission to Practice Pro Hac Vice from Mr. Jonathon A. Moseley. ORDERED directing the Clerk of Court to send a copy of this Order to: Jonathon A. Moseley. FURTHER ORDERED directing the Clerk of Court to send a copy of the dditional Information by mail to all Plaintiffs' Counsel and Defense Counsel of record. Signed by Judge G Murray Snow on 5/8/15. (MAP) (Entered: 05/08/2015) |
| 05/08/2015 | 1061 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 5/8/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/08/2015) |
| 05/08/2015 | 1062 | Sealed Additional Attachment to Order 1060 . (cc: Plaintiffs' Cnsl/Dfts' Cnsl) (MAP) (Entered: 05/08/2015) |
| 05/08/2015 | 1063 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 5/8/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 05/08/2015) |
| 05/08/2015 | 1064 | ORDER Deputy County Attorneys Thomas Liddy, Ann Thompson Uglietta, and Douglas Schwab's Amended and Supplemental Application to Withdraw as Counsel |

| | | |
|---|---|---|
| | | of Record for Defendants (Doc. 1028 ) is GRANTED. The Court will hold weekly status conferences according to the schedule set forth below, at which out−of−state counsel may appear telephonically: Thursday, May 14, 2015 at 9:30 a.m.; Friday, May 22, 2015 at 9:30 a.m.; Friday, May 29, 2015 at 10:00 a.m.; Friday, June 5, 2015 at 9:30 a.m.; Friday, June 12, 2015 at 9:30 a.m. The Parties shall hold the dates of June 2326, 2015 to follow the resumption of the show cause proceedings on June 16−19, 2015. The hearings will be continued as follows:Tuesday, June 23, 2015 at 1:30 p.m.; Wednesday, June 24, 2015 at 9:00 a.m.; Thursday, June 25, 2015 at 1:30 p.m.; Friday, June 26, 2015 at 9:00 a.m. Signed by Judge G Murray Snow on 5/8/2015. (See Order for complete details.)(KMG) (Entered: 05/08/2015) |
| 05/08/2015 | 1065 | AMENDED ORDER − Previously the parties agreed to a confidential procedure in which Sandi Wilson, Deputy County Manager for Maricopa County, and her attorney reviewed on a monthly and confidential basis the detailed billings of the monitor prior to authorizing payment. The details of that arrangement and the required confidentiality procedures were set forth in the Court's Order (Doc. 696 ). Recently, Maricopa County has separately re−entered this action to assert rights that it claims to be separate from the interests of Sheriff Arpaio and/or the MCSO. In light of that independent representation which may well encompass Ms. Wilson's interests, the Court is uncomfortable authorizing this continued review without reconsidering the matter with the parties. Therefore, pending reconsideration of this matter with all parties, the procedure set forth under the Order (Doc. 696 ) is at least temporarily suspended. Maricopa County is directed to authorize payment of the Monitor's April invoice. Ms. Wilson and her counsel remain under the confidentiality obligations set forth under the Order (Doc. 696 ) for those reviews that they have conducted to date. Signed by Judge G Murray Snow on 5/8/2015. (KMG) (Entered: 05/08/2015) |
| 05/08/2015 | 1066 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on May 8, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 05/08/2015) |
| 05/08/2015 | 1068 | TRANSCRIPT REQUEST by Fernanda Santos for The New York Times for entire transcript for Evidentiary Hearing proceedings held April 21−24, 2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/08/2015) |
| 05/08/2015 | 1086 | *(AMENDED BY DOC. 1464 ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Proceedings held on 05/08/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/29/2015. Redacted Transcript Deadline set for 6/8/2015. Release of Transcript Restriction set for 8/6/2015. (RAP) *Modified on 10/14/2015 (RAP). (Entered: 05/14/2015) |
| 05/11/2015 | 1069 | TRANSCRIPT REQUEST by United States of America for proceedings held on 05−08−2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 05/11/2015) |
| 05/11/2015 | 1070 | NOTICE re: Correspondence Sent to Central Intelligence Agency by Joseph M Arpaio . (Iafrate, Michele) (Entered: 05/11/2015) |
| 05/12/2015 | 1071 | TRANSCRIPT REQUEST by Leon B. Silver for Status Conference proceedings held on 05/08/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/12/2015) |
| 05/12/2015 | 1072 | *AMENDED at Doc. 1073 SEALED Objection to Unsealing of Order and Documents filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified on 5/13/2015 (SCH). *Modified on 5/13/2015 to change from lodged to filed pursuant to JZB Chambers (MAP)*. (Entered: 05/12/2015) |
| 05/12/2015 | 1073 | *SEALED Amended Objection to Unsealing of Order and Document−Cover Sheet Added filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) *Modified on 5/13/2015 to change from lodged to filed pursuant to JZB Chambers (MAP)*. (Entered: 05/12/2015) |
| 05/12/2015 | 1074 | NOTICE re: Lodging Under Seal Objection to Unsealing of Order and Documents by Joseph M Arpaio, Maricopa County Sheriff's Office re: 1073 Sealed Lodged Proposed |

| | | Document . (Iafrate, Michele) (Entered: 05/12/2015) |
|---|---|---|
| 05/13/2015 | 1075 | NOTICE re: Lodging by Timothy J Casey . (Clark, Karen) (Entered: 05/13/2015) |
| 05/13/2015 | 1076 | NOTICE re: Supplement to Notice Regarding Completion of Internal Investigations by Joseph M Arpaio, Maricopa County Sheriff's Office re: 1052 Notice (Other) . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 05/13/2015) |
| 05/13/2015 | 1077 | *SEALED Non−Party Casey's Objection To Magistrate Judge Boyle's Sealed Order Dated May 7, 2015 − Filed Under Seal filed by Timothy J Casey. (Clark, Karen) *Modified on 5/13/2015 to change from lodgedto filed pursuant to JZB Chambers (MAP)*. (Entered: 05/13/2015) |
| 05/13/2015 | 1078 | REPLY to Response to Motion re: 1045 MOTION for Discovery *of Attorney−Client and Work Production Information* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Bendor, Joshua) (Entered: 05/13/2015) |
| 05/13/2015 | 1079 | ORDER: A Status Conference is set for May 14, 2015 at 9:30 a.m. The parties are to be prepared to discuss various matters (see attached Order for details). Signed by Judge G Murray Snow on 5/13/2015. (KFZ) (Entered: 05/13/2015) |
| 05/13/2015 | 1080 | NOTICE of Clarification of Motion for Admittance Pro Hac Vice of Jonathon A Moseley by Dennis L Montgomery. (KMG) (Entered: 05/13/2015) |
| 05/13/2015 | 1081 | NOTICE of SUPPLEMENTAL Memorandum in Support of Motion re: 1057 MOTION to Intervene by Intervenor Dennis L Montgomery. (KMG) (Entered: 05/13/2015) |
| 05/13/2015 | 1082 | ORDER That the Clerk shall unseal Doc. 1053 and the appended documents. The objections (Docs. 1072 , 1073 , and 1077 ) shall remain under seal. Signed by Magistrate Judge John Z Boyle on 5/13/15. (MAP) (Entered: 05/13/2015) |
| 05/13/2015 | 1083 | RESPONSE *to Court's Inquiry Regarding Ethical Rule 3.3(a)(3)* by Defendant Joseph M Arpaio. (Attachments: # 1 Exhibit Cover, 1−2)(Iafrate, Michele) (Entered: 05/13/2015) |
| 05/13/2015 | 1084 | SEALED ORDER Re Unsealing of Court's Order and Documents. See Order for Details. Signed by Magistrate Judge John Z Boyle on 5/13/15. (cc: Cnsl for Plas, Dfts/Karen Clark/ Lee David Stein/ Gregory Stephen Como/ Melvin McDonald/ Gary Birnbaum/ David Eisenberg/ Robert Warshaw)(MAP) (Entered: 05/13/2015) |
| 05/13/2015 | 1085 | MOTION to Compel Production of Internal Affairs Reports by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Segura, Andre) (Entered: 05/13/2015) |
| 05/14/2015 | 1087 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on May 14, 2015 Status Conference, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 05/14/2015) |
| 05/14/2015 | 1088 | MINUTE ENTRY for proceedings held before Judge G Murray Snow. Status Conference held on 5/14/2015. Order to follow.<br><br>APPEARANCES: Andre Segura and Tammy Albarran (telephonically), Cecilia Wang, Stanley Young, Daniel Pochoda and Joshua Bendor for Plaintiffs. Michele Iafrate and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio, who is also present, and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. David Eisenberg for Lieutenant Joseph Sousa. Gary Birnbaum for Deputy Chief MacIntyre. Barry Mitchell for Chief Deputy Sheridan, who is also present. Gregory Como for Brian Sands. Karen Clark for Tim Casey. Chief Robert Warshaw, Deputy Monitors John Girvin, Sherry Kiyler, and Raul Martinez (telephonically). (Court Reporter Gary Moll.) Hearing held 9:34 AM to 10:59 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/14/2015) |
| 05/14/2015 | 1089 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/14/2015, Judge G Murray Snow hearing judge(s). (Iafrate, |

| | | Michele) (Entered: 05/14/2015) |
|---|---|---|
| 05/14/2015 | 1090 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 05/14/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/14/2015) |
| 05/14/2015 | 1091 | TRANSCRIPT REQUEST by Tom Liddy for proceedings held on 05−14−15, Judge G Murray Snow hearing judge(s). (Woods, Terrence) (Entered: 05/14/2015) |
| 05/14/2015 | 1092 | OBJECTION *to the Court's Expansion of Plaintiff Class* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 05/14/2015) |
| 05/14/2015 | 1093 | ORDER that this matter is referred back to Judge Boyle for re−evaluation on discovery matters; Jonathon A. Moseley's Application of Attorney for Admission to Practice Pro Hac Vice is denied; 1057 Motion to Intervene is stricken; 1067 Motion to Disqualify Judge is stricken. The Court orders that the parties proceed to effectively manage discovery. See attached Order for details. Signed by Judge G Murray Snow on 5/14/2015.(KFZ) (Entered: 05/14/2015) |
| 05/14/2015 | 1094 | ORDER granting in part and denying in part 1045 Plaintiffs' Motion for Discovery. See attached Order for details. Signed by Judge G Murray Snow on 5/14/2015.(KFZ) (Entered: 05/14/2015) |
| 05/15/2015 | 1095 | ORDER of USCA (re 15−71433 ) − Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. Accordingly, the emergency petition is denied. No further filings will be entertained in this closed case. (LAD) (Distributed by the Ninth Circuit) (Entered: 05/15/2015) |
| 05/15/2015 | 1096 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 05/14/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/15/2015) |
| 05/15/2015 | 1097 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 05/14/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/5/2015. Redacted Transcript Deadline set for 6/15/2015. Release of Transcript Restriction set for 8/13/2015. (RAP) (Entered: 05/15/2015) |
| 05/15/2015 | 1098 | TRANSCRIPT REQUEST by Adam Longo of KPHO−TV for Status Conference proceedings held on 05/14/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/15/2015) |
| 05/15/2015 | 1099 | TRANSCRIPT REQUEST by United States of America for proceedings held on 05−14−2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 05/15/2015) |
| 05/15/2015 | 1100 | ORDER: On May 14, 2015, District Judge G. Murray Snow referred to this Court an evaluation of whether the work−product immunity continues to apply to the redacted materials appended to Doc. 1053 , in light of statements made by Chief Deputy Sheridan to the press. (Doc. 1093 .) Pursuant to Judge Snow's Order, if the parties wish to submit briefing to Magistrate Judge Boyle on this issue, they must do so no later than Tuesday, May 19, 2015 at 5:00 P.M. Signed by Magistrate Judge John Z Boyle on 5/15/2015. (REK) (Entered: 05/15/2015) |
| 05/15/2015 | 1101 | TRANSCRIPT REQUEST by Jonathon Moseley for Status Conference proceedings held on 05/08/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/15/2015) |
| 05/15/2015 | 1102 | TRANSCRIPT REQUEST by Jonathon Moseley for Status Conference proceedings held on 05/14/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/15/2015) |

| 05/15/2015 | 1103 | *OBJECTION *to and* MOTION to Limit Expansion of, or Inclusion into, Plaintiff Class Designation of Persons Placed into, or Transported in, Vehicles as a Result of Sheriff's "Worksite Operations", and to Discovery Related Thereto by Defendant Maricopa, County of. (Walker, Richard) *Modified ti include Motion on 5/18/2015 (KMG). (Entered: 05/15/2015) |
|---|---|---|
| 05/15/2015 | 1104 | NOTICE OF APPEAL to 9th Circuit Court of Appeals re: 606 Permanent Injunction, Judgment, 579 Findings of Fact & Conclusions of Law, 494 Order on Motion for Summary Judgment, Order on Motion to Certify Class, Order on Motion for Partial Summary Judgment, Order on Motion for Leave to File, 670 Permanent Injunction by Maricopa, County of. Filing fee received: $ 505.00, receipt number 0970−11686464. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Walker, Richard) (Entered: 05/15/2015) |
| 05/18/2015 | 1105 | USCA Case Number re: 1104 Notice of Appeal. Case number 15−15996, Ninth Circuit. (copies sent by the Ninth Circuit) (REW) (Entered: 05/18/2015) |
| 05/19/2015 | 1106 | TRANSCRIPT REQUEST by United States of America for proceedings held on May 14, 2015, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: 05/19/2015) |
| 05/19/2015 | 1107 | SEALED LODGED Proposed Objection to Re−Evaluation of Disclosures Made on Behalf of Tim Casey. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 05/19/2015) |
| 05/19/2015 | 1108 | NOTICE re: Lodging Under Seal Objection to Re−Evaluation of Disclosures Made on Behalf of Tim Casey by Joseph M Arpaio, Maricopa County Sheriff's Office re: 1107 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 05/19/2015) |
| 05/19/2015 | 1112 | MOTION for Reconsideration re: 1093 Order on Motion for Admittance Pro Hac Vice of Jonathon A. Moseley on behalf of Dennis L Montgomery. (33 pages) (KMG) (Entered: 05/20/2015) |
| 05/20/2015 | 1109 | MOTION for Leave to Appear By Telephone by Joseph Sousa. (Attachments: # 1 Text of Proposed Order)(Eisenberg, David) Modified on 5/20/2015 (KFZ). (Entered: 05/20/2015) |
| 05/20/2015 | 1110 | AMENDED MOTION for Leave to Appear by Telephone by Joseph Sousa . (Attachments: # 1 Text of Proposed Order)(Eisenberg, David) Modified on 5/20/2015 (KFZ). (Entered: 05/20/2015) |
| 05/20/2015 | 1111 | IT IS ORDERED granting 1110 Mr. Eisenberg's Motion for Leave to Appear Telephonically for the Status Conference on 5/22/15 at 9:30 a.m. Ordered by Judge G. Murray Snow. (GMS, ag) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 05/20/2015) |
| 05/20/2015 | 1113 | RESPONSE re: 1092 Objection *to and the Purported "Expansion" of the Plaintiff Class* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Albarran, Tammy) (Entered: 05/20/2015) |
| 05/20/2015 | 1114 | RESPONSE to Motion re: 1085 MOTION to Compel Production of Internal Affairs Reports filed by Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 05/20/2015) |
| 05/21/2015 | 1115 | ORDER For the reasons discussed (see Order for complete details,) the Court finds that Chief Deputy Sheridan's statements to the press waived the work−product protections as to the redacted portions of the November 6, 2013 letter that are specifically addressed in those statements. The waiver, however, does not extend to the other redacted portions of the letter that were not discussed by Chief Deputy Sheridan in the interview. A copy of the newly redacted November 6, 2013 letter is attached to this Order. Signed by Magistrate Judge John Z Boyle on 5/21/2015. (KMG) (Entered: 05/21/2015) |
| 05/21/2015 | 1116 | NOTICE re: of Filing Petition for Panel Rehearing and En Banc Determination Recently Filed in U.S. Court of Appeals for the Ninth Circuit by Maricopa, County of . (Attachments: # 1 Exhibit)(Walker, Richard) (Entered: 05/21/2015) |

| 05/22/2015 | 1117 | MOTION for Recusal , MOTION to Disqualify Judge by Joseph M Arpaio, Gerard Sheridan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Certificate of Good Faith, # 12 Certificate of Good Faith, # 13 Certificate of Good Faith)(McDonald, Andrew) (Entered: 05/22/2015) |
| 05/22/2015 | 1118 | MINUTE ORDER: IT IS ORDERED that Terrence Woods shall immediately file a Notice of Appearance on behalf of Christine Stutz. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/22/2015) |
| 05/22/2015 | 1119 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 5/22/2015. Order to follow. APPEARANCES: Andre Segura, Stanley Young and Tammy Albarran (telephonically), Cecillia Wang and Daniel Pochoda for Plaintiffs. Michele Iafrate and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. David Eisenberg (telephonically) for Lieutenant Joseph Sousa. Gary Birnbaum for Deputy Chief MacIntyre, who is also present. Barry Mitchell for Chief Deputy Sheridan, who is also present. M. Craig Murdy for Brian Sands. Terrence Woods for Thomas Liddy and Christine Stutz. Karen Clark for Timothy Casey. Deputy Monitors John Girvin and Raul Martinez (telephonically). (Court Reporter Candy Potter.) Hearing held 9:37 AM to 9:49 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 05/22/2015) |
| 05/22/2015 | 1120 | ORDER: In light of the Motion for Recusal or Motion to Disqualify 1117 filed this morning, IT IS HEREBY ORDERED vacating the Status Conferences set for May 29, June 5 and June 12, 2015. The Court shall issue no further orders until the Motion is fully briefed and/or a ruling has been issued. FURTHER ORDERED directing the parties to continue to hold the dates in June for the continued civil contempt hearings or for discovery, until further notice of the Court. FURTHER ORDERED directing the parties to inform the Court of their intention to file responses to the Motion on or before May 29, 2015 and submit a joint expedited schedule for responses and/or replies. Signed by Judge G Murray Snow on 5/22/2015. (KFZ) (Entered: 05/22/2015) |
| 05/22/2015 | 1121 | NOTICE of Appearance by Terrence P Woods on behalf of Christine Stutz. (Woods, Terrence) (Entered: 05/22/2015) |
| 05/22/2015 | 1122 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on May 22, 2015 Status Conference, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 05/22/2015) |
| 05/22/2015 | 1123 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 05/22/2015, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 05/22/2015) |
| 05/22/2015 | 1124 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez for proceedings held on 05/22/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/22/2015) |
| 05/26/2015 | 1125 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 05/22/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 05/26/2015) |
| 05/26/2015 | 1127 | MOTION for Admission Pro Hac Vice as to attorney Lauren E Pedley on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 05/27/2015) |
| 05/26/2015 | 1130 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 05/22/2015, before Judge G. Murray Snow. (Court Reporter: Candy L. Potter). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/16/2015. Redacted Transcript Deadline set for 6/26/2015. Release of Transcript Restriction set for 8/24/2015. (RAP) (Entered: 05/27/2015) |

| 05/27/2015 | 1126 | TRANSCRIPT REQUEST *for Status Conference* by United States of America for proceedings held on 05−22−2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 05/27/2015) |
|---|---|---|
| 05/27/2015 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX158940 as to Lauren E Pedley. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 05/27/2015) |
| 05/27/2015 | 1128 | ORDER pursuant to General Order 09−08 granting 1127 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 05/27/2015) |
| 05/27/2015 | 1129 | NOTICE re: of its Position re Pending Motion for Recusal or Disqualification by Maricopa, County of . (Walker, Richard) (Entered: 05/27/2015) |
| 05/27/2015 | 1131 | NOTICE of Appearance by Ernest Calderon on behalf of William Montgomery, Maricopa County Attorney's Office. (Calderon, Ernest) (Entered: 05/27/2015) |
| 05/29/2015 | 1132 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 06/29/2012, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 05/29/2015) |
| 05/29/2015 | 1133 | *Amended by Doc. 1134 − NOTICE re: Document Request by the U.S. Department of Justice. Earlier this week, the Court−appointed Monitor received a request from the United States Department of Justice to copy the hard drives containing the documents that Dennis Montgomery delivered to the Maricopa County Sheriff's Office, and that were allegedly harvested from the Central Intelligence Agency. The Department of Justice has requested to copy these hard drives on Tuesday, June 2, 2015 under the supervision of a court−appointed security officer. Should any Party wish to be heard regarding this request or procedure, it should immediately notify the Court with its comments or objections and the reasons therefore. Signed by Judge G Murray Snow on 5/29/2015. (KFZ) Modified on 5/29/2015 (KFZ). (Entered: 05/29/2015) |
| 05/29/2015 | 1134 | AMENDED NOTICE re: Document Request by the U.S. Department of Justice. Earlier this week, the Court−appointed Monitor received a request from the United States Department of Justice to copy the documents and hard drives containing materials that Dennis Montgomery delivered to the Maricopa County Sheriff's Office and that were allegedly harvested from the Central Intelligence Agency. The Department of Justice has requested to copy these hard drives on Tuesday, June 2, 2015 under the supervision of a court−appointed security officer. Should any Party wish to be heard regarding this request or procedure, it should immediately notify the Court with its comments or objections and the reasons therefore. Signed by Judge G Murray Snow on 5/29/2015 (KFZ) (Entered: 05/29/2015) |
| 05/29/2015 | 1135 | *NOTICE re: Response to Court Order 1120 regarding 1117 MOTION for Recusal or MOTION to Disqualify Judge by Joseph Sousa . (Eisenberg, David) *Modified to include document relationship on 6/1/2015 (KMG). (Entered: 05/29/2015) |
| 05/29/2015 | 1136 | NOTICE re: Brian Sands' Response to Order Dated May 22, 2015 by Brian Sands re: 1120 Order, Terminate Hearings . (Como, Gregory) (Entered: 05/29/2015) |
| 05/29/2015 | 1137 | *NOTICE re: Notice of Response to Order Dated May 22, 2015 re 1117 by Tom Liddy . (Woods, Terrence) *Modified to include document relationship on 6/1/2015 (KMG). (Entered: 05/29/2015) |
| 05/29/2015 | 1138 | OBJECTION re: 1134 Notice (Other) *to Procedure Set Forth by Court* by Defendants Joseph M Arpaio, Maricopa County Sheriff's Office. (Iafrate, Michele) (Entered: 05/29/2015) |
| 05/29/2015 | 1139 | NOTICE re: Joint Briefing Schedule for Response and Reply regarding Defendants' Motion for Recusal by Joseph M Arpaio, Maricopa County Sheriff's Office re: 1120 Order, Terminate Hearings . (Iafrate, Michele) (Entered: 05/29/2015) |

| 05/30/2015 | 1149 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 06/29/2012, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/22/2015. Redacted Transcript Deadline set for 6/30/2015. Release of Transcript Restriction set for 8/28/2015. (RAP) (Entered: 06/08/2015) |
|---|---|---|
| 06/01/2015 | 1140 | SUPPLEMENT to 1112 MOTION for Reconsideration and OBJECTION to Procedure Set Forth by the Court's 1134 Amended Notice re Document Request by the US Department of Justice by Intervenor Dennis L Montgomery. (LAD) (6 pages) (Entered: 06/01/2015) |
| 06/01/2015 | 1141 | CLARIFICATION Re Documents 1117 and 1120 and VACATING Evidentiary Hearing of June 16−19; 23−26, 2015. See attachment for details. Signed by Judge G Murray Snow on 6/1/2015. (KFZ) (Entered: 06/01/2015) |
| 06/02/2015 | 1142 | TRANSCRIPT REQUEST by Joseph M Arpaio, Maricopa County Sheriff's Office for proceedings held on 06/29/2012, Judge G Murray Snow hearing judge(s). (Iafrate, Michele) (Entered: 06/02/2015) |
| 06/02/2015 | 1143 | NOTICE of Appearance by John T Masterson on behalf of Joseph M Arpaio. (Masterson, John) (Entered: 06/02/2015) |
| 06/02/2015 | 1144 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 06/29/2012, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 06/02/2015) |
| 06/03/2015 | 1145 | RESPONSE to Motion re: 1112 MOTION for Reconsideration re: 1093 Order on Motion to Intervene, Order on Motion to Disqualify Judge *Sheriff Joseph Arpaio and Chief Deputy Gerard Sheridan's Response to Putative Intervenor Dennis Montgomery's Supplement to Motion for Reconsideration* filed by Joseph M Arpaio. (McDonald, Andrew) (Entered: 06/03/2015) |
| 06/03/2015 | 1146 | MOTION to Withdraw as Attorney *Deborah L. Garner* by Joseph M Arpaio, Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order)(Iafrate, Michele) (Entered: 06/03/2015) |
| 06/05/2015 | 1147 | ORDER: The Court directs that Ms. Wilson electronically file her May 7 objections and May 28 submission in accordance with the procedures utilized in the District of Arizona, so that all parties may have access therefrom. If Ms. Wilson objects to the documents being filed publicly, she is directed to lodge the filings under seal along with any objections within five days. See order for additional details. Signed by Judge G Murray Snow on 6/5/2015. (LMR) (Entered: 06/05/2015) |
| 06/08/2015 | 1148 | NOTICE re: Submission of Documents Previously Filed In Camera Under Seal by Maricopa County Administration . (Attachments: # 1 Exhibit Exhibits 1−2)(Baker, Katherine) (Entered: 06/08/2015) |
| 06/12/2015 | 1150 | RESPONSE in Opposition re: 1117 MOTION for Recusal MOTION to Disqualify Judge filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit, # 2 Affidavit)(Wang, Cecillia) (Entered: 06/12/2015) |
| 06/12/2015 | 1151 | NOTICE re: of Lodging Under Seal by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Wang, Cecillia) (Entered: 06/12/2015) |
| 06/12/2015 | 1152 | MOTION to Seal Document *(Unopposed)* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Wang, Cecillia) (Entered: 06/12/2015) |
| 06/15/2015 | 1153 | *FILED at Doc. 1166 −−SEALED LODGED Proposed Sealed Declaration of Cecillia Wang in Support of Plaintiffs' Opposition to Motion for Recusal or Disqualification of the Court re: 1152 MOTION to Seal Document *(Unopposed)*. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Manuel de Jesus Ortega |

| | | |
|---|---|---|
| | | Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) Modified on 7/10/2015 (SJF). (Entered: 06/15/2015) |
| 06/15/2015 | 1154 | NOTICE re: of Service by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 1153 Sealed Lodged Proposed Document . (Wang, Cecillia) (Entered: 06/15/2015) |
| 06/15/2015 | 1155 | ORDER regarding Clarification dated June 1, 2015 Doc. 1141 . The Court has received and reviewed the Monitor's invoice dated June 2, 2015 for services rendered by the Monitor in May 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice. Signed by Judge G Murray Snow on 6/15/2015. (KFZ) (Entered: 06/15/2015) |
| 06/15/2015 | 1156 | NOTICE of FOURTH QUARTERLY COMPLIANCE REPORT by Joseph M Arpaio, Maricopa County Sheriff's Office . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) Modified on 6/16/2015 (KMG). (Entered: 06/15/2015) |
| 06/17/2015 | 1157 | STATUS REPORT *re Payment of Monitor's May 2015 Bill; Personnel to Perform In−Camera Review Procedure for June 2015 Bill; Lack of Contract Amendment between Monitor and Maricopa County* by Maricopa County Administration. (Baker, Katherine) (Entered: 06/17/2015) |
| 06/22/2015 | 1158 | REPLY to Response to Motion re: 1117 MOTION for Recusal MOTION to Disqualify Judge filed by Joseph M Arpaio. (Attachments: # 1 Exhibit Declaration Supplement)(Masterson, John) (Entered: 06/22/2015) |
| 06/23/2015 | 1159 | NOTICE of Errata re: 1158 Reply to Response to Motion *for Recusal or Disqualification on Judge Snow* by Defendant Joseph M Arpaio.. (Masterson, John) (Entered: 06/23/2015) |
| 06/24/2015 | 1160 | REPLY/Supplement to Motion re: 1112 MOTION for Reconsideration re: 1093 Order on Motion to Intervene, Order on Motion to Disqualify Judge filed by Dennis L Montgomery. (KMG) (Entered: 06/25/2015) |
| 07/08/2015 | 1161 | SUPPLEMENT (Fourth) to Motion re: 1112 MOTION for Reconsideration re: 1093 Order on Motion to Intervene, Order on Motion to Disqualify Judge by Intervenor Dennis L Montgomery. (Attachments: # 1 Continued)(KMG) (Entered: 07/08/2015) |
| 07/08/2015 | 1162 | NOTICE re: of Appearance of Co−Counsel for Defendant Maricopa County, Arizona by Maricopa, County of . (Walker, Richard) (Entered: 07/08/2015) |
| 07/09/2015 | 1163 | MANDATE of USCA, affirmed in part, vacated and remanded in part; each party shall bear its own costs on appeal, re: 13−16285 and 13−17238 587 , 616 , 677 Notices of Appeal. (Attachments: # 1 Order, # 2 Opinion, # 3 NDA) (copies sent by the Ninth Circuit)(REW) (Entered: 07/09/2015) |
| 07/10/2015 | 1164 | ORDER that Sheriff Arpaio and Chief Deputy Sheridan's Motion for Recusal/Disqualification (Doc. 1117 ) is DENIED. FURTHER ORDERED that any stay on pre−hearing discovery and/or the activities of the Monitor related to the resumption of the show−cause hearings is lifted. FURTHER ORDERED setting a status conference in these matters for Monday, 07/20/15, at 11:00 AM in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. All parties and specially appearing non−parties are required to attend. The parties shall be prepared to discuss: (1) Defendants' Motion relating to the definition of the Plaintiff Class (Doc. 1103 ); (2) Plaintiffs' Motion to Compel (Doc. 1085 ); (3) the status of MCSO's remaining internal investigations; (4) the Department of Justice's request to see the database of documents given by Montgomery to the MCSO, which he claims to have taken from the CIA; (5) the procedures pertaining to Maricopa County's independent review of the Monitor's billing; (6) whether Maricopa County is entitled to representation in this litigation separate from Sheriff Arpaio; and (7) the scheduling of the second phase of the civil contempt hearings. See order for complete details. Signed by Judge G. Murray Snow on 7/10/15. (NKS) (Entered: 07/10/2015) |
| 07/10/2015 | 1165 | ORDER denying 1152 Motion to Seal Document 1153 . FURTHER ORDERED directing the Clerk of the Court to file the lodged document as a public record. Signed by Judge G Murray Snow on 7/10/15.(SJF) (Entered: 07/10/2015) |

| | | |
|---|---|---|
| 07/10/2015 | 1166 | DECLARATION of Cecilia Wang re: 1150 Response in Opposition to Motion by Plaintiffs. (SJF) (Entered: 07/10/2015) |
| 07/10/2015 | 1167 | ORDER denying 1112 Mr. Moseley's Motion for Reconsideration. Signed by Judge G Murray Snow on 7/10/15.(SJF) (Entered: 07/10/2015) |
| 07/10/2015 | 1168 | ORDER granting 1146 Motion to Withdraw Deborah L. Garner as Counsel of Record for Defendants Joseph M. Arpaio and Maricopa CountySheriff's Office. Signed by Judge G Murray Snow on 7/10/15.(SJF) (Entered: 07/10/2015) |
| 07/10/2015 | 1169 | NOTICE re: Monitor's Billing Procedures re: County's Status Report Re: Retention of Accountant for Bill Review (Doc. 1148 , Ex. 2) and the Wilson Status Report (Doc. 1157 ). (SJF) (Entered: 07/10/2015) |
| 07/14/2015 | 1170 | FOURTH QUARTERLY REPORT from Independent Monitor Robert Warshaw for the Maricopa County Sheriff's Office. (Attachments: # 1 Plaintiffs' Comments, # 2 Defendant's Comments)(KFZ) (Entered: 07/14/2015) |
| 07/14/2015 | 1171 | MOTION to Stay by Joseph M Arpaio. (Attachments: # 1 Text of Proposed Order Order Regarding Motion to Stay)(Popolizio, Joseph) (Entered: 07/14/2015) |
| 07/14/2015 | 1172 | NOTICE of Errata re: 1171 MOTION to Stay by Defendant Joseph M Arpaio.. (Attachments: # 1 Exhibit Exhibit 1)(Popolizio, Joseph) (Entered: 07/14/2015) |
| 07/15/2015 | 1173 | NOTICE OF APPEAL to 9th Circuit Court of Appeals re: 1167 Order on Motion for Reconsideration, 1164 Order on Motion for Recusal, Order on Motion to Disqualify Judge, and 1093 Order on Motion to Intervene, Order on Motion to Disqualify Judge by Dennis L Montgomery. Filing fee DUE. (LSP) (Entered: 07/15/2015) |
| 07/15/2015 | 1174 | USCA Appeal Fees received re: 1173 Notice of Appeal filed by Dennis L Montgomery. Filing Fee $ 505.00, receipt number PHX160708. (LSP) (Entered: 07/15/2015) |
| 07/16/2015 | 1175 | RESPONSE in Opposition re: 1171 MOTION to Stay filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Bendor, Joshua) (Entered: 07/16/2015) |
| 07/17/2015 | 1176 | REPLY to Response to Motion re: 1171 MOTION to Stay *Reply in Support of Motion to Stay* filed by Joseph M Arpaio. (Popolizio, Joseph) (Entered: 07/17/2015) |
| 07/20/2015 | 1177 | MOTION to Intervene by United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Caspar, Edward) (Entered: 07/20/2015) |
| 07/20/2015 | 1178 | Mail Returned as Undeliverable. Mail sent to Scott Huminski. Reason for return: Attempted − Not Known. Document number 1173 . (KGM) (Entered: 07/20/2015) |
| 07/20/2015 | 1179 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 7/20/2015. IT IS ORDERED denying 1171 Motion to Stay. Status Conference set for 7/31/2015 at 2:00 PM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. By **July 29, 2015**, Parties are ordered to file (1) suggested revisions to the Supplemental Permanent Injunction in light of the recent Mandate of the Ninth Circuit Court of Appeals (see Doc. 1163 ); (2) schedules for the completion of outstanding internal investigations, document production requests, and/or other discovery; and (3) responses to Larry Klayman's Motion for Admission Pro Hac Vice. <br><br> APPEARANCES: Andre Segura, Cecillia Wang and Jorge Castillo (all telephonically), Stanley Young, Daniel Pochoda and Joshua Bendor and for Plaintiffs. Michele Iafrate, John Masterson, Joseph Popolizio and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio, who is also present, and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Lee Stein and Barry Mitchell for Chief Deputy Gerard Sheridan, who is also present. Gregory Como for Brian Sands, who is also present. Terrence Woods for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. David Ouimette for Deputy Chief John MacIntyre, who is also present. David Eisenberg for Lieutenant Joseph Sousa. Karen Clark for Tim Casey. Raphael Gomez for United States of America. Chief Robert Warshaw, Deputy Monitors John |

| | | Girvin and Raul Martinez, and monitor team. Rosaleen O'Gara and Lynnette Kimmins also present telephonically. Larry Klayman for Dennis Montgomery. (Court Reporter Gary Moll.) Hearing held 11:03 AM to 12:31 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 07/20/2015) |
|---|---|---|
| 07/20/2015 | 1180 | TRANSCRIPT REQUEST by Larry Klayman for *Status Hearing* proceedings held on 07/20/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 07/20/2015) |
| 07/21/2015 | 1181 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on July 20, 2015 Status Conference, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 07/21/2015) |
| 07/21/2015 | 1182 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 07/20/15, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 07/21/2015) |
| 07/21/2015 | 1183 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 07/20/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 07/21/2015) |
| 07/21/2015 | 1184 | NOTICE re: Trial Conflict by Brian Sands . (Como, Gregory) (Entered: 07/21/2015) |
| 07/21/2015 | 1185 | TRANSCRIPT REQUEST by Leon Silver for *Status Conference* proceedings held on 07/20/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 07/21/2015) |
| 07/21/2015 | 1186 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* Proceedings held on 07/20/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2015. Redacted Transcript Deadline set for 8/21/2015. Release of Transcript Restriction set for 10/19/2015. (RAP) (Entered: 07/22/2015) |
| 07/22/2015 | 1187 | ORDER: The Court has received and reviewed the Monitor's invoice dated July 2, 2015 for services rendered by the Monitor in June 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice. Signed by Judge G Murray Snow on 7/22/2015. (KFZ) (Entered: 07/22/2015) |
| 07/22/2015 | 1188 | USCA Case Number re: 1173 Notice of Appeal. Case number 15−16440, Ninth Circuit. (Copies sent by the Ninth Circuit.) (KMG) (Entered: 07/22/2015) |
| 07/22/2015 | 1189 | TRANSCRIPT REQUEST by United States of America for proceedings held on 07/20/2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 07/22/2015) |
| 07/24/2015 | 1190 | ORDER setting In−Court Hearing for **7/24/2015 at 03:00 PM** in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. See attached Order for details. Signed by Judge G Murray Snow on 7/24/2015. (KFZ) (Entered: 07/24/2015) |
| 07/24/2015 | 1191 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: In−Court Hearing held on 7/24/2015. Order to follow.<br><br>APPEARANCES: Andre Segura, Cecillia Wang and Stanley Young (all telephonically), Daniel Pochoda and Joshua Bendor and for Plaintiffs. A. Melvin McDonald, Jr. (telephonically), Michele Iafrate, John Masterson and Joseph Popolizio for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Charles Jirauch (telephonically) and Richard Walker for Maricopa County. Barry Mitchell for Chief Deputy Gerard Sheridan. Gregory Como (telephonically) for Brian Sands. Terrence Woods (telephonically) for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. David Ouimette (telephonically) for Deputy Chief John MacIntyre. Karen Clark (telephonically) for Tim Casey. Chief Robert Warshaw, Deputy Monitors John Girvin and Raul Martinez, and monitor team. (Court Reporter Gary Moll.) Hearing held 3:04 PM to 3:47 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this |

| | | entry. (KFZ) (Entered: 07/24/2015) |
|---|---|---|
| 07/24/2015 | 1192 | ORDER: Defendants are hereby ordered to turn over all items of evidence associated with DR 14−007250. Defendants are further ordered to produce to the Marshals the 1,459 identifications that lack an associated DR number. See Order for details. Signed by Judge G Murray Snow on 7/24/2015. (KFZ) (Entered: 07/24/2015) |
| 07/24/2015 | 1193 | TRANSCRIPT REQUEST *(3:00 PM In−Court Hearing)* by Joseph M Arpaio for proceedings held on 7/24/2015, Judge G Murray Snow hearing judge(s). (Ackerman, Justin) (Entered: 07/24/2015) |
| 07/25/2015 | 1194 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *In−Court Hearing* proceedings held on 07/24/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/17/2015. Redacted Transcript Deadline set for 8/25/2015. Release of Transcript Restriction set for 10/23/2015. (RAP) (Entered: 07/27/2015) |
| 07/27/2015 | 1195 | STATEMENT of Non−Opposition to United States' Motion To Intervene re: 1177 MOTION to Intervene by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 07/27/2015) |
| 07/27/2015 | 1196 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 07/24/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 07/27/2015) |
| 07/27/2015 | 1197 | TRANSCRIPT REQUEST by Leon Silver for *In−Court Hearing* proceedings held on 07/24/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 07/27/2015) |
| 07/28/2015 | 1198 | RESPONSE *in Opposition to Motion for Admission Pro Hac Vice of Larry Klayman* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Young, Stanley) (Entered: 07/28/2015) |
| 07/28/2015 | 1199 | ORDER re DR files DR 15−14899 and DR 15−011082: Defendants are hereby ordered to turn over each of these Departmental Reports and all items of evidence associated with those DR files to the custody of the United States Marshal. Representatives of the Marshal shall contact the MCSO to coordinate such transfer which shall be timely and efficiently accomplished by the MCSO. See Order for details. Signed by Judge G Murray Snow on 7/28/2015. (KFZ) (Entered: 07/28/2015) |
| 07/29/2015 | 1200 | TRANSCRIPT REQUEST by United States of America for proceedings held on 07/24/2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 07/29/2015) |
| 07/29/2015 | 1201 | NOTICE re: Plaintiffs' Proposed Revisions to Supplemental Permanent Injunction/Judgment Order by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 1179 Order on Motion to Stay, Status Conference, Set/Reset Hearings, Common Prompts (Text Only) . (Attachments: # 1 Text of Proposed Order)(Segura, Andre) (Entered: 07/29/2015) |
| 07/29/2015 | 1202 | RESPONSE *in Opposition to Motion for Admission Pro Hac Vice of Larry Klayman* by Defendant Maricopa, County of. (Walker, Richard) (Entered: 07/29/2015) |
| 07/29/2015 | 1203 | STATEMENT of Proposed Deadlines for Document Production by Defendants Joseph M Arpaio, Maricopa, County of. (Iafrate, Michele) (Entered: 07/29/2015) |
| 07/29/2015 | 1204 | RESPONSE re: 1179 Order on Motion to Stay, Status Conference, Set/Reset Hearings, Common Prompts (Text Only) *Response to Motion for Pro Hac Vice* by Defendant Joseph M Arpaio. (Masterson, John) (Entered: 07/29/2015) |

| 07/29/2015 | 1205 | *Proposed Revisions to the Supplemental Permanent Injunction/Judgment Order re: 1179 Order on Motion to Stay, Status Conference, Set/Reset Hearings, Common Prompts (Text Only) *(Defendant Arpaio and Maricopa County's Proposed Revisions to the Supplemental Permanent Injunction/Judgment Order)* by Joseph M Arpaio. (Attachments: # 1 Text of Proposed Order)(Masterson, John) Modified on 8/27/2015 (KMG). (Entered: 07/29/2015) |
|---|---|---|
| 07/30/2015 | 1206 | *OBJECTION *To Def. Arpaio's/MCSO Statement 1203 Re Proposed Deadline for Document Production* by Interested Party Timothy J Casey. (Attachments: # 1 Exhibit Exhibits 1 to 8)(Clark, Karen) *Modified to include document linkage on 7/31/2015 (KMG). (Entered: 07/30/2015) |
| 07/31/2015 | 1207 | **AMENDED by Doc. 1257** MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 7/31/2015. Order to follow. <br><br> APPEARANCES: Andre Segura and Tammy Albarran (telephonically), Cecilia Wang, Stanley Young, Joshua Bendor, Danial Pochoda, and Lauren Pedley for Plaintiffs. Michele Iafrate, Melvin McDonald, Jr., and Joseph Popolizio for Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office. Charles Jirauch and Richard Walker for Maricopa County. Gregory Como for Brian Sands. Lee stein for Chief Deputy Gerard Sheridan, who is also present. Gary Birnbaum for Deputy Chief John MacIntyre, who is also present. David Eisenberg for Lieutenant Joseph Sousa, who is also present. Jake McLaughlin for for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. Karen Clark for Timothy Casey. Deputy Monitors John Girvin and Raul Martinez (telephonically). (Court Reporter Gary Moll.) Hearing held 2:01 PM to 3:37 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MMO) Modified on 8/20/2015 (MMO). (Entered: 07/31/2015) |
| 07/31/2015 | 1208 | *AMENDED by Doc. 1274 (Page 3, lines 3−5 only) − ORDER: IT IS HEREBY ORDERED that Defendants are to turn over to the United States Marshal Service the items stated herein. IT IS FURTHER ORDERED that the Defendant shall provide the Monitor with the access and materials discussed in the sealed portion of the hearing pursuant to the previous orders of the Court relating to such matters. IT IS FURTHER ORDERED that the parties shall hold open the following dates for the resumption of the contempt hearing: September 22−25, September 29−October 2, October 8−9, 13−14, 27−30, November 2−6, 10, 12−13, 2015. IT IS FURTHER ORDERED that Defendants shall provide to the Parties the documents provided for herein pursuant to the deadlines established herein. IT IS FURTHER ORDERED setting weekly Status Conferences for the following dates and times: 8/11/2015 at 09:00 AM, 8/21/2015 at 10:00 AM, 8/28/2015 at 09:30 AM, 9/4/2015 at 09:00 AM, 9/10/2015 at 09:00 AM, and 9/18/2015 at 10:30 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (See Order for complete details.) Signed by Judge G Murray Snow on 7/31/2015. (MMO) Modified on 8/28/2015 (KFZ). (Entered: 07/31/2015) |
| 07/31/2015 | 1257 | AMENDED MINUTE ENTRY for proceedings held before Judge G Murray Snow: Amending Doc. 1207 MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 7/31/2015. Order to follow. At 3:30 PM, the public was excused from the courtroom and the Court held sealed discussion with parties, counsel, specially appearing non−parties, and monitors. <br><br> APPEARANCES: Andre Segura and Tammy Albarran (telephonically), Cecilia Wang, Stanley Young, Joshua Bendor, Danial Pochoda, and Lauren Pedley for Plaintiffs. Michele Iafrate, Melvin McDonald, Jr., and Joseph Popolizio for Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office. Charles Jirauch and Richard Walker for Maricopa County. Gregory Como for Brian Sands. Lee stein for Chief Deputy Gerard Sheridan, who is also present. Gary Birnbaum for Deputy Chief John MacIntyre, who is also present. David Eisenberg for Lieutenant Joseph Sousa, who is also present. Jake McLaughlin for for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. Karen Clark for Timothy Casey. Deputy Monitors John Girvin and Raul Martinez (telephonically). (Court Reporter Gary Moll.) Hearing held 2:01 PM to 3:37 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MMO) |

| | | Reason for Amendment: to reflect sealed discussion held. (MMO) (Entered: 08/20/2015) |
|---|---|---|
| 08/03/2015 | 1209 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on July 31, 2015 Status Conference, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 08/03/2015) |
| 08/03/2015 | 1210 | REQUEST re: Brian Sands' Request to be Excused from Status Conferences by Interested Party Brian Sands. (Como, Gregory) (Entered: 08/03/2015) |
| 08/03/2015 | 1229 | *(AMENDED BY DOC. 1230 ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference Volume 1, Pages 1−70 (Sealed Proceedings Omitted) proceedings held on 07/31/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/24/2015. Redacted Transcript Deadline set for 9/3/2015. Release of Transcript Restriction set for 11/2/2015. (RAP) *Modified on 8/11/2015 (RAP). (Entered: 08/11/2015) |
| 08/04/2015 | 1211 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 07/31/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 08/04/2015) |
| 08/05/2015 | 1212 | TRANSCRIPT REQUEST Unsealed portion by United States of America for proceedings held on Vol I − 07/31/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 08/05/2015) |
| 08/05/2015 | 1213 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 07/31/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/05/2015) |
| 08/06/2015 | 1214 | MOTION for Summary Judgment by Brian Sands. (Como, Gregory) (Entered: 08/06/2015) |
| 08/06/2015 | 1215 | STATEMENT OF FACTS re: 1214 MOTION for Summary Judgment by Interested Party Brian Sands. (Attachments: # 1 Exhibit 1−7, # 2 Exhibit 8−14, # 3 Exhibit 15−19, # 4 Exhibit 20−21)(Como, Gregory) (Entered: 08/06/2015) |
| 08/06/2015 | 1216 | ORDER: IT IS HEREBY ORDERED that a hearing on this matter is set for tomorrow, **August 7, 2015 at 1:00 p.m.** in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. See attached Order for details. Signed by Judge G Murray Snow on 8/6/2015. (KFZ) (Entered: 08/06/2015) |
| 08/06/2015 | 1217 | RESPONSE to Motion re: 1177 MOTION to Intervene (Defendant Arpaio's Response to United States' Motion to Intervene and Memorandum in Support) filed by Joseph M Arpaio. (Masterson, John) (Entered: 08/06/2015) |
| 08/06/2015 | 1218 | RESPONSE to Motion re: 1177 MOTION to Intervene filed by Maricopa, County of. (Attachments: # 1 Exhibit)(Walker, Richard) (Entered: 08/06/2015) |
| 08/07/2015 | 1219 | NOTICE re: Materials Discussed in Sealed Portion of Hearing Provided to the Monitor by Joseph M Arpaio re: 1208 Order, Set/Reset Hearings . (Iafrate, Michele) (Entered: 08/07/2015) |
| 08/07/2015 | 1220 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: In−Court Hearing held on 8/7/2015. Initial portion of proceedings held under seal, with the parties and counsel. |
| | | APPEARANCES: Cecilia Wang, Andre Segura, Lauren Pedley, Jorge Castillo and Michelle Morin (all telephonically), and Joshua Bendor for Plaintiffs. Michele Iafrate, John Masterson, Joseph Popolizio and Linda Tivorsak for A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Barry Mitchell for Chief Deputy Gerard Sheridan, who is also present. Gregory Como and John D. Wilenchik for Brian Sands. Terrence Woods (telephonically) for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa. Chief Robert Warshaw and Deputy Monitor |

| | | Raul Martinez (both telephonically). Captain Steve Bailey, Maricopa County Sheriffs Office. (Court Reporter Gary Moll.) Hearing held 1:02 PM to 1:40 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/07/2015) |
|---|---|---|
| 08/07/2015 | 1230 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *Status Conference Volume 1, Pages 1−70 (Sealed Proceedings Omitted)* proceedings held on 07/31/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Added missing court reporter information on cover page. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/28/2015. Redacted Transcript Deadline set for 9/8/2015. Release of Transcript Restriction set for 11/5/2015. (RAP) (Entered: 08/11/2015) |
| 08/10/2015 | 1221 | REPLY to Response to Motion re: 1177 MOTION to Intervene filed by United States of America. (Caspar, Edward) (Entered: 08/10/2015) |
| 08/10/2015 | 1222 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on August 7, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 08/10/2015) |
| 08/10/2015 | 1223 | REPLY to Response to Motion to Appear Pro Hac Vice re: 1057 MOTION to Intervene filed by Dennis L Montgomery. (Attachments: # 1 continued) (submitted by Larry Klayman)(KMG) (Entered: 08/10/2015) |
| 08/10/2015 | 1231 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *In−Court Hearing (Volume 2, Pages 25−39)* proceedings held on 08/07/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2015. Redacted Transcript Deadline set for 9/10/2015. Release of Transcript Restriction set for 11/9/2015. (RAP) (Entered: 08/11/2015) |
| 08/10/2015 | 1232 | *SEALED TRANSCRIPT of Proceedings held on 8/7/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: In−Court Hearing (Volume 1, Pages 1−24). (MAP) *Modified on 8/14/2015 Unsealed Pursuant to GMS Chambers (MAP)*. (Entered: 08/12/2015) |
| 08/11/2015 | 1224 | TRANSCRIPT REQUEST by United States of America for proceedings held on 08/07/2015, Judge G Murray Snow hearing judge(s). (Caspar, Edward) (Entered: 08/11/2015) |
| 08/11/2015 | 1225 | NOTICE re: Documents Provided Pursuant to Court Orders by Joseph M Arpaio re: 1208 Order, Set/Reset Hearings, 1192 Order . (Iafrate, Michele) (Entered: 08/11/2015) |
| 08/11/2015 | 1226 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 8/11/2015.<br><br>APPEARANCES: Andre Segura and Michelle Morin (both telephonically), Cecilia Wang and Joshua Bendor for Plaintiffs. Michele Iafrate, John Masterson, Joseph Popolizio and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Lee Stein for Chief Deputy Gerard Sheridan. Dane Dodd for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa, who is also present. Gary Birnbaum for Deputy Chief John MacIntyre, who is also present. Ernest Calderon for Maricopa County Attorney's Office and William Montgomery. Edward Caspar and Paul Killebrew for United States of America. Deputy Monitor Raul Martinez (telephonically). (Court Reporter Gary Moll.) Hearing held 9:03 AM to 10:37 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/11/2015) |

| 08/11/2015 | 1227 | MOTION for Admission Pro Hac Vice as to attorney Michelle L Morin on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 08/11/2015) |
|---|---|---|
| 08/11/2015 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX161616 as to Michelle L Morin. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 08/11/2015) |
| 08/11/2015 | 1228 | ORDER pursuant to General Order 09−08 granting 1227 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 08/11/2015) |
| 08/12/2015 | 1233 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 8/7/2015, 8/11/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 08/12/2015) |
| 08/12/2015 | 1234 | NOTICE OF WAIVER OF ELECTRONIC SERVICE by Charitie L Hartsig, counsel for Defendant Maricopa, County of. (Fry, John) (Entered: 08/12/2015) |
| 08/12/2015 | 1235 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on August 11, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 08/12/2015) |
| 08/12/2015 | 1236 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 07/31/2015 and 08/07/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/12/2015) |
| 08/12/2015 | 1237 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 08/11/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/2/2015. Redacted Transcript Deadline set for 9/14/2015. Release of Transcript Restriction set for 11/10/2015. (RAP) (Entered: 08/13/2015) |
| 08/12/2015 | 1238 | NOTICE OF INTERLOCUTORY APPEAL to 9th Circuit Court of Appeals re: 1167 Order on Motion for Reconsideration, 1093 Order on Motion to Intervene, Order on Motion to Disqualify Judge by Dennis L Montgomery. Filing fee received: $ 505.00, receipt number PHX161632. (Attachments: # 1 Appeal Filing Fee)(KMG) Modified on 9/2/2015 (REW). (Entered: 08/13/2015) |
| 08/13/2015 | 1239 | ORDER that the United States' Motion to Intervene (Doc. 1177 ) is hereby GRANTED. Signed by Judge G Murray Snow on 8/13/2015.(KMG) (Entered: 08/13/2015) |
| 08/13/2015 | 1240 | NOTICE OF ATTORNEY APPEARANCE: Paul Killebrew appearing for United States of America. . (Killebrew, Paul) (Entered: 08/13/2015) |
| 08/13/2015 | 1241 | TRANSCRIPT REQUEST by Megan Cassidy with the Arizona Republic for proceedings held on 08/07/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/13/2015) |
| 08/13/2015 | 1242 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 08/11/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/13/2015) |
| 08/13/2015 | 1246 | *SEALED TRANSCRIPT of Proceedings held on 7/31/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Status Conference (Volume 2, Pages 71−81). (MAP) *Modified on 8/17/2015 to Unseal Pursuant to GMS Chambers (MAP)*. (Entered: 08/17/2015) |

| 08/14/2015 | 1243 | TRANSCRIPT REQUEST by Jude Joffe−Block of KJZZ Public Radio for Sealed portion of Status Conference proceedings held on 07/31/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/14/2015) |
| 08/14/2015 | 1244 | TRANSCRIPT REQUEST by Larry Klayman for Status Conference proceedings held on 08/11/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/14/2015) |
| 08/14/2015 | 1245 | TRANSCRIPT REQUEST *AMENDED* by Larry Klayman for Status Conference proceedings held on 08/11/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/14/2015) |
| 08/17/2015 | 1247 | *MOTION to be Excused from Status Conferences and Contempt Hearings from October 11 − 23, 2015 by Interested Party Gerard Sheridan. (Attachments: # 1 Text of Proposed Order)(Stein, Lee) *Modified to correct event on 8/17/2015 (KMG). (Entered: 08/17/2015) |
| 08/17/2015 | 1248 | USCA Case Number re: 1238 Notice of Appeal. Case number 15−16626, Ninth Circuit. (Copies sent by the Ninth Circuit.) (KMG) (Entered: 08/17/2015) |
| 08/18/2015 | 1249 | ORDER: The seal is lifted on those portions of the Court's hearings in this matter on 7/31/2015 and 8/7/2015 that were held under seal. The parties and represented non−parties are authorized to work out the terms of an appropriate protective order to further implement the terms of this Order. See order for additional details. Signed by Judge G Murray Snow on 8/18/2015. (LMR) (Entered: 08/18/2015) |
| 08/19/2015 | 1250 | STIPULATION *to Entry of Protective Order* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Segura, Andre) (Entered: 08/19/2015) |
| 08/20/2015 | 1251 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 04/20/15, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 08/20/2015) |
| 08/20/2015 | 1252 | NOTICE OF DEFICIENCY re: 1251 Transcript Request filed by Joseph M Arpaio. Description of deficiency: Pursuant to the Federal Rules of Civil Procedure, and the General Orders, Local Rules, and CM/ECF Administrative Policies and Procedures Manual of this Court, the following deficiency has been identified with the electronically filed document: 1) AO435 Transcript Order form, box #11 − No court proceedings were transcribed/recorded on 20April2015. **ACTION REQUIRED BY THE REQUESTER:** The deficiency must be corrected within one (1) business day of this notice. Please provide a valid date of proceeding for transcription. The requester must re−file the entire document, AO435 Transcript Order form, as a Transcript Request *AMENDED*. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (RAP) (Entered: 08/20/2015) |
| 08/20/2015 | 1253 | ORDER: The Court has received and reviewed the Monitor's invoice dated August 3, 2015 for services rendered by the Monitor in July 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice. Signed by Judge G Murray Snow on 8/20/2015. (LMR) (Entered: 08/20/2015) |
| 08/20/2015 | 1254 | REQUEST re: Defense Counsel Michele M. Iafrate to be Excused from August 21, 2015 Status Conference due to Trial by Defendant Joseph M Arpaio. (Iafrate, Michele) (Entered: 08/20/2015) |
| 08/20/2015 | 1255 | NOTICE re: Documents provided re No. 8 by Joseph M Arpaio re: 1208 Order, Set/Reset Hearings . (Iafrate, Michele) (Entered: 08/20/2015) |
| 08/20/2015 | 1256 | MOTION for Extension of Time to Disclose E−mails by Joseph M Arpaio. (Attachments: # 1 Text of Proposed Order)(Iafrate, Michele) (Entered: 08/20/2015) |
| 08/21/2015 | 1258 | NOTICE re: Documents Provided re numbers 4 and 5 by Joseph M Arpaio re: 1208 Order, Set/Reset Hearings . (Iafrate, Michele) (Entered: 08/21/2015) |
| 08/21/2015 | 1259 | *SEALED Motion to Seal Motion and Motion for the Appointment of Counsel filed by Joseph Sousa. (Attachments: # 1 Text of Proposed Order)(Eisenberg, David) *Modified on 8/21/2015 to change from lodged to filed (MAP)*. (Entered: 08/21/2015) |

| 08/21/2015 | 1260 | *FILED at Doc. 1313 *SEALED LODGED Proposed Motion to Appoint Counsel re: 1259 SEALED MOTION to Seal Document. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph Sousa. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Eisenberg, David) *Modified on 9/8/2015 (MAP)*. (Entered: 08/21/2015) |
|---|---|---|
| 08/21/2015 | 1261 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 8/21/2015. Separate order to issue.<br><br>APPEARANCES: Andre Segura, Cecillia Wang, Joshua Bendor, Stanley Young, Michelle Morin (telephonically), Tammy Albarran (telephonically) and Lauren Pedley (telephonically) for Plaintiffs. Michele Iafrate, John Masterson, Joseph Popolizio and A. Melvin McDonald, Jr. (telephonically) for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Barry Mitchell for Chief Deputy Gerard Sheridan, who is also present. Gregory Como for Brian Sands. Terrence Woods (telephonically) for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa, who is also present. David Ouimette for Deputy Chief John MacIntyre. April Hamilton for Maricopa County Attorney's Office and William Montgomery. Paul Killebrew and Puneet Cheema (both telephonically) for United States of America. Chief Robert Warshaw, Deputy Monitor John Girvin and Deputy Monitor Raul Martinez (all telephonically). (Court Reporter Gary Moll.) Hearing held 10:03 AM to 11:30 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (LMR) (Entered: 08/21/2015) |
| 08/21/2015 | 1262 | STIPULATED PROTECTIVE ORDER pursuant to the parties' 1250 Stipulation. Signed by Judge G Murray Snow on 8/21/2015. (LMR) (Entered: 08/21/2015) |
| 08/21/2015 | 1263 | MOTION to Withdraw as Attorney *Joshua Bendor* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Bendor, Joshua) (Entered: 08/21/2015) |
| 08/22/2015 | 1264 | NOTICE of Appearance by Puneet Cheema on behalf of United States of America. (Cheema, Puneet) (Entered: 08/22/2015) |
| 08/24/2015 | 1265 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 08/21/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 08/24/2015) |
| 08/24/2015 | 1266 | ORDER granting 1263 Motion to Withdraw as Counsel of Record and allowing Joshua Bendor to withdraw as counsel of record for the Plaintiffs. Signed by Judge G Murray Snow on 8/24/2015.(KFZ) (Entered: 08/24/2015) |
| 08/24/2015 | 1267 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on August 21, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 08/24/2015) |
| 08/24/2015 | 1275 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 08/21/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/14/2015. Redacted Transcript Deadline set for 9/24/2015. Release of Transcript Restriction set for 11/23/2015. (RAP) (Entered: 08/28/2015) |
| 08/26/2015 | 1268 | NOTICE of Deposition of Timothy J. Casey, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 08/26/2015) |
| 08/26/2015 | 1269 | NOTICE of Deposition of Gerard Sheridan, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 08/26/2015) |

| 08/26/2015 | [1270](#) | ORDER AMENDING SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER (Doc. 606). See attached Order for details. Signed by Judge G Murray Snow on 8/26/2015. (KFZ) (Entered: 08/26/2015) |
| 08/26/2015 | [1271](#) | ORDER GRANTING [1247](#) Chief Deputy Gerard Sheridan's Motion to be Excused; and DENYING [1256](#) Defendants' Motion for Extension of Time to Disclose E−mails. Documents to be provided to all parties and non−parties named in the Order to Show Cause by August 28, 2015. See attached Order for details. Signed by Judge G Murray Snow on 8/26/2015.(KFZ) (Entered: 08/26/2015) |
| 08/28/2015 | [1272](#) | MOTION Recognition of its Rights as a Party Litigant by Maricopa, County of. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Text of Proposed Order)(Walker, Richard) (Entered: 08/28/2015) |
| 08/28/2015 | 1273 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 8/28/2015. Order to follow. |
| | | APPEARANCES: Andre Segura, Tammy Albarran, Lauren Pedley and Michelle Morin (all telephonically), Cecillia Wang and Stanley Young for Plaintiffs. A. Melvin McDonald, Jr. (telephonically), Michele Iafrate, John Masterson and Joseph Popolizio and for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Lee Stein for Chief Deputy Gerard Sheridan, who is also present. Gregory Como for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa. Mitesh Patel for Gary Birnbaum for Deputy Chief John MacIntyre. Ernest Calderon for Maricopa County Attorney's Office and William Montgomery. Paul Killebrew and Edward Caspar (both telephonically) for United States of America. Raphael Gomez (telephonically) for United States Department of Justice. Chief Robert Warshaw and Deputy Monitors Raul Martinez and John Girvin (all telephonically). (Court Reporter Gary Moll.) Hearing held 9:37 AM to 10:23 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 08/28/2015) |
| 08/28/2015 | [1274](#) | ORDER that the Court's Order dated July 31, 2015 [1208](#) shall be amended as follows: On page 3 of the order, lines 3−5, the text of the fifth document production date duplicates verbatim the text of the fourth document production date. This text should be eliminated. FURTHER ORDERED that the Department of Justice file the complaint in intervention. Signed by Judge G Murray Snow on 8/28/2015. (KFZ) (Entered: 08/28/2015) |
| 08/28/2015 | [1276](#) | NOTICE of Service of Discovery filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 08/28/2015) |
| 08/31/2015 | [1277](#) | INTERVENOR COMPLAINT filed by United States of America. (Attachments: # [1](#) Exhibit A)(Caspar, Edward) (Entered: 08/31/2015) |
| 08/31/2015 | [1278](#) | NOTICE of Deposition of David Tennyson, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 08/31/2015) |
| 08/31/2015 | [1279](#) | NOTICE of Deposition of Suzanne Kimberly Seagraves−Young, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 08/31/2015) |
| 08/31/2015 | [1280](#) | NOTICE of Service of Discovery filed by United States of America. (Killebrew, Paul) (Entered: 08/31/2015) |
| 08/31/2015 | [1281](#) | NOTICE of Deposition of Don Vogel, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 08/31/2015) |
| 08/31/2015 | [1282](#) | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 08/21/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 08/31/2015) |
| 08/31/2015 | [1283](#) | NOTICE of Deposition of Steve Bailey, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 08/31/2015) |

| 08/31/2015 | 1284 | NOTICE of Deposition of Edward Patrick Lopez, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 08/31/2015) |
|---|---|---|
| 09/01/2015 | 1285 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on August 28, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/01/2015) |
| 09/01/2015 | 1286 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 8/28/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 09/01/2015) |
| 09/01/2015 | 1287 | NOTICE of Deposition of Bill Knight, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1288 | NOTICE of Deposition of Travis Anglin, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1289 | NOTICE of Deposition of Stephen Fax, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1290 | NOTICE of Deposition of John ("Jack") MacIntyre, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1291 | NOTICE of Deposition of Jonathan Knapp, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1292 | NOTICE of Deposition of Joseph M. Arpaio, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1293 | NOTICE of Deposition of Brett Palmer, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1294 | NOTICE of Deposition of Mike Olson, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1295 | NOTICE of Deposition of Joseph Sousa, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1296 | NOTICE of Deposition of Brian Sands, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1297 | NOTICE of Deposition of Brian Mackiewicz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/01/2015 | 1298 | NOTICE of Deposition of Michael Zullo, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/01/2015) |
| 09/02/2015 | 1299 | NOTICE OF ATTORNEY APPEARANCE: Cynthia Coe appearing for United States of America. . (Coe, Cynthia) (Entered: 09/02/2015) |
| 09/02/2015 | 1300 | TRANSCRIPT REQUEST by United States of America for proceedings held on 08/21/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/02/2015) |

| 09/02/2015 | 1301 | TRANSCRIPT REQUEST by United States of America for proceedings held on 08/28/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/02/2015) |
|---|---|---|
| 09/02/2015 | 1302 | TRANSCRIPT REQUEST by Leon Silver for Status Conference proceedings held on 08/28/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/02/2015) |
| 09/02/2015 | 1310 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 08/28/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/23/2015. Redacted Transcript Deadline set for 10/5/2015. Release of Transcript Restriction set for 12/1/2015. (RAP) (Entered: 09/04/2015) |
| 09/03/2015 | 1303 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1278 Notice of Deposition *of David Tennyson*. (Segura, Andre) (Entered: 09/03/2015) |
| 09/03/2015 | 1304 | NOTICE of Deposition of Thomas P. Liddy, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/03/2015) |
| 09/03/2015 | 1305 | NOTICE of Deposition of Christine Bailey Stutz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/03/2015) |
| 09/03/2015 | 1306 | NOTICE re: Non−Party Timothy J. Casey's Notice of Position Re His Deposition by Timothy J Casey . (Clark, Karen) (Entered: 09/03/2015) |
| 09/03/2015 | 1307 | REQUEST re: to be Excused from September 10, 2015 Status Conference by Defendant Joseph M Arpaio. (Iafrate, Michele) (Entered: 09/03/2015) |
| 09/04/2015 | 1308 | TRANSCRIPT REQUEST by United States of America for proceedings held on 07/31/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/04/2015) |
| 09/04/2015 | 1309 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 9/4/2015. Order to follow.<br><br>APPEARANCES: Cecilia Wang, Andre Segura, Michelle Morin and Jorge Castillo (all telephonically), Stanley Young and Anne Lai for Plaintiffs. A. Melvin McDonald, Jr. (telephonically), Michele Iafrate, John Masterson and Joseph Popolizio for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. A. Melvin McDonald, Jr. (telephonically) for Lee Stein and Barry Mitchell for Chief Deputy Gerard Sheridan, who is also present. Gregory Como for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa. Gary Birnbaum and David Ouimette for Deputy Chief John MacIntyre. Ernest Calderon for Maricopa County Attorney's Office and William Montgomery. Paul Killebrew, Cynthia Coe and Puneet Cheema (all telephonically) for United States of America. Raphael Gomez (telephonically) for United States Department of Justice. Karen Clark (telephonically) for Tim Casey. Chief Robert Warshaw and Deputy Monitors Raul Martinez and John Girvin (all telephonically). (Court Reporter Gary Moll.) Hearing held 9:06 AM to 10:36 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/04/2015) |
| 09/08/2015 | 1311 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1289 Notice of Deposition *of Stephen Fax*. (Morin, Michelle) (Entered: 09/08/2015) |
| 09/08/2015 | 1312 | ORDER that counsel for Defendants shall review the client file that Timothy Casey provided to the Maricopa County Sheriff's Office and produce the documents requested in Plaintiff's subpoena duces tecum to Mr. Casey. FURTHER ORDERED |

| | | that the Parties comply with the procedure suggested by Mr. Gomez, counsel for the United States, for the examination of the fifty hard drives. FURTHER ORDERED that the deadline for responses to pending interrogatories and requests for admissions shall be September 15, 2015. See attached Order for details. Signed by Judge G Murray Snow on 9/8/2015. (KFZ) (Entered: 09/08/2015) |
|---|---|---|
| 09/08/2015 | 1315 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 09/04/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 09/08/2015) |
| 09/09/2015 | 1316 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on 9/4/2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/09/2015) |
| 09/09/2015 | 1317 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1290 Notice of Deposition *of John ("Jack") MacIntyre*. (Wang, Cecillia) (Entered: 09/09/2015) |
| 09/09/2015 | 1318 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1281 Notice of Deposition *of Don Vogel*. (Wang, Cecillia) (Entered: 09/09/2015) |
| 09/09/2015 | 1353 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 09/04/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/30/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/8/2015. (RAP) (Entered: 09/15/2015) |
| 09/10/2015 | 1319 | MOTION to Compel Testimony Re: July 17, 2015 Meeting and MCSOs Nondisclosure of the 1500 IDs by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit of Anne Lai with Exhibits, # 2 Text of Proposed Order)(Lai, Anne) (Entered: 09/10/2015) |
| 09/10/2015 | 1320 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Status Conference proceedings held on 08/28/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/10/2015) |
| 09/10/2015 | 1321 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 9/10/2015. The Court sets expedited briefing on 1319 Motion to Compel Testimony Re: July 17, 2015 Meeting and MCSOs Nondisclosure of the 1500 IDs. Response is due by 10:00 AM on 9/17/2015; Reply is due by 12:00 PM on 9/18/2015. <br><br> APPEARANCES: Stanley Young, Andre Segura, and Jorge Castillo (all telephonically), Cecillia Wang and Michelle Morin for Plaintiffs. A. Melvin McDonald, Jr. (telephonically) and John Masterson for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch (late) for Maricopa County. A. Melvin McDonald, Jr. (telephonically) for Lee Stein and Barry Mitchell for Chief Deputy Gerard Sheridan, who is also present. Dane Dodd for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant Joseph Sousa. Gary Birnbaum for Deputy Chief John MacIntyre. Ernest Calderon for Maricopa County Attorney's Office and William Montgomery. Cynthia Coe and Puneet Cheema (both telephonically) for United States of America. Raphael Gomez (telephonically) for United States Department of Justice. Chief Robert Warshaw and Deputy Monitor John Girvin (both telephonically). (Court Reporter Gary Moll.) Hearing held 9:05 AM to 9:53 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/10/2015) |
| 09/10/2015 | 1322 | MINUTE ORDER setting a Telephone Conference for 9/10/2015 at 3:30 PM before Judge G Murray Snow. The parties may appear in person or appear telephonically by |

| | | calling the number and participant code provided via e−mail. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/10/2015) |
|---|---|---|
| 09/10/2015 | 1323 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing (Day 3) proceedings held on 04/23/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/10/2015) |
| 09/10/2015 | 1324 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 9/10/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 09/10/2015) |
| 09/10/2015 | 1325 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephone Conference held on 9/10/2015. Order to follow. <br><br> APPEARANCES: Stanley Young and Cecillia Wang for Plaintiffs. John Masterson (in person), Michele Iafrate and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. A. Melvin McDonald, Jr. for Lee Stein and Barry Mitchell for Chief Deputy Gerard Sheridan. Dane Dodd for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. Cynthia Coe and Puneet Cheema for United States of America. Chief Robert Warshaw and Deputy Monitor John Girvin. (Court Reporter Gary Moll.) Hearing held 3:35 PM to 3:53 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/10/2015) |
| 09/10/2015 | 1326 | ORDER that counsel for Defendants shall produce all materials contained in the client file Timothy Casey provided to counsel, requested in Plaintiff's subpoena duces tecum to Mr. Casey, and consistent with the previous orders of this Court. FURTHER ORDERED that Richard Walker shall confer with all parties requesting the designated archived Maricopa County files to ascertain the most appropriate and workable production format that includes all relevant text, meta data, and attachments. See attached Order for details. Signed by Judge G Murray Snow on 9/10/2015. (KFZ) (Entered: 09/10/2015) |
| 09/10/2015 | 1327 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Status Conference proceedings held on 09/04/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/11/2015) |
| 09/11/2015 | 1328 | TRANSCRIPT REQUEST *all volumes* by United States of America for proceedings held on 8/7/15; 8/11/15; 8/21/15; 8/28/15; 9/4/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 09/11/2015) |
| 09/11/2015 | 1329 | TRANSCRIPT REQUEST by Larry Klayman for Status Conference/In−Court Hearing proceedings held on 05/22/2015, 07/31/2015 (Volumes 1 & 2), and 08/07/2015 (Volumes 1 & 2), Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/11/2015) |
| 09/11/2015 | 1330 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for proceedings held on 09/10/2015 (Volumes 1 and 2), Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/11/2015) |
| 09/11/2015 | 1331 | NOTICE re: Filing Fifth Quarterly Compliance Report by Joseph M Arpaio . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 09/11/2015) |
| 09/11/2015 | 1332 | RESPONSE to Motion re: 1214 MOTION for Summary Judgment filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Albarran, Tammy) (Entered: 09/11/2015) |
| 09/11/2015 | 1333 | STATEMENT of FACTS re: 1332 Response to Motion for Summary Judgment by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit 1−16)(Albarran, Tammy) (Entered: 09/11/2015) |
| 09/11/2015 | 1334 | MOTION to Seal Document *Exhibits 8−11 and 13−16 of Plaintiffs' Rule 56.1(B) Statement of Facts and Rule 56(D) Statement of Unavailable Facts in Opposition to Sands' Motion for Summary Judgment* by Manuel de Jesus Ortega Melendres, Velia |

| | | |
|---|---|---|
| | | Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Text of Proposed Order)(Albarran, Tammy) (Entered: 09/11/2015) |
| 09/11/2015 | 1335 | SEALED LODGED Proposed Exhibits to Motion to Seal re: 1334 MOTION to Seal Document *Exhibits 8−11 and 13−16 of Plaintiffs' Rule 56.1(B) Statement of Facts and Rule 56(D) Statement of Unavailable Facts in Opposition to Sands' Motion for Summary Judgment*. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Albarran, Tammy) (Entered: 09/11/2015) |
| 09/12/2015 | 1354 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 09/10/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/5/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/11/2015. (RAP) (Entered: 09/15/2015) |
| 09/12/2015 | 1355 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 09/10/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/5/2015. Redacted Transcript Deadline set for 10/13/2015. Release of Transcript Restriction set for 12/11/2015. (RAP) (Entered: 09/15/2015) |
| 09/14/2015 | 1336 | RESPONSE in Opposition re: 1272 MOTION Recognition of its Rights as a Party Litigant filed by United States of America. (Coe, Cynthia) (Entered: 09/14/2015) |
| 09/14/2015 | 1337 | MINUTE ORDER setting a Telephonic Status Conference for 9/14/2015 at 1:45 PM before Judge G Murray Snow. Plaintiffs' counsel shall provide the call−in number via e−mail. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/14/2015) |
| 09/14/2015 | 1338 | NOTICE re: Documents Provided by Joseph M Arpaio re: 1326 Order . (Iafrate, Michele) (Entered: 09/14/2015) |
| 09/14/2015 | 1339 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/10/15 AM and PM proceedings, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 09/14/2015) |
| 09/14/2015 | 1340 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 10, 2015 at 9:00 am, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/14/2015) |
| 09/14/2015 | 1341 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 10, 2015 at 3:30 pm, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/14/2015) |
| 09/14/2015 | 1342 | NOTICE re: of Service of Electronically Stored Information by Maricopa, County of . (Walker, Richard) (Entered: 09/14/2015) |
| 09/14/2015 | 1343 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1268 Notice of Deposition of *Timothy J. Casey*. (Wang, Cecillia) (Entered: 09/14/2015) |
| 09/14/2015 | 1344 | RESPONSE in Opposition re: 1272 MOTION Recognition of its Rights as a Party Litigant filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Albarran, Tammy) (Entered: 09/14/2015) |

| 09/14/2015 | 1345 | TRANSCRIPT REQUEST *and Realtime Request* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 9/22/2015 − 10/2/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 09/14/2015) |
|---|---|---|
| 09/14/2015 | 1346 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Status Conference held on 9/14/2015. APPEARANCES: Cecilia Wang and Michelle Morin for Plaintiffs. Michele Iafrate, Joseph Popolizio and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. A. Melvin McDonald, Jr. for Lee Stein and Barry Mitchell for Chief Deputy Gerard Sheridan. Terrence Woods for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. David Ouimette for Deputy Chief John MacIntyre. Gregory Como for Brian Sands. Karen Clark for Tim Casey. Paul Killebrew for United States of America. (Court Reporter Gary Moll.) Hearing held 1:52 PM to 2:09 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/14/2015) |
| 09/15/2015 | 1347 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/10/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/15/2015) |
| 09/15/2015 | 1348 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 14, 2015 at 1:45 pm, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/15/2015) |
| 09/15/2015 | 1349 | ORDER On September 14, 2015, District Judge G. Murray Snow referred to this Court an in camera review of certain emails to determine whether they are protected from disclosure by the attorney−client privilege and/or work−product doctrine. Accordingly, the Court concludes that the documents Bates numbered MELC1397334, MELC1397335, and MELC1397336 are protected from disclosure by the attorney−client privilege and the work−product doctrine, and those protections have not been waived. The document Bates numbered CaseySub000166 relates to compliance with the Court's Preliminary Injunction and, therefore, any attorney −client or work product protections as to that document have been waived. Signed by Magistrate Judge John Z Boyle on 9/15/2015. (See Order for complete details.)(KMG) (Entered: 09/15/2015) |
| 09/15/2015 | 1350 | AMENDED DOCUMENT by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. Amendment to 1291 Notice of Deposition *of Jonathan Knapp.* (Albarran, Tammy) (Entered: 09/15/2015) |
| 09/15/2015 | 1351 | NOTICE re: Filing Annual Compliance Report by Joseph M Arpaio . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 09/15/2015) |
| 09/15/2015 | 1352 | NOTICE re: Document Provided by Joseph M Arpaio re: 1349 Order . (Iafrate, Michele) (Entered: 09/15/2015) |
| 09/15/2015 | 1356 | NOTICE of Service of Discovery filed by Joseph M Arpaio. (Popolizio, Joseph) (Entered: 09/15/2015) |
| 09/16/2015 | 1357 | ORDER on September 15, 2015, District Judge G. Murray Snow referred to this Court an in camera review of certain documents to determine whether they are protected from disclosure by the attorney−client privilege and/or work−product doctrine. On the same day, counsel for Maricopa County Attorney William Montgomery and the Maricopa County Attorney's Office (MCAO) provided this Court with a privilege log and documents potentially responsive to a May 26, 2015 subpoena. Based on the above, the Court finds that the document Bates numbered MCAO00572 is protected from disclosure by the attorney−client privilege and work product doctrine, and falls outside the subject−matter waiver identified in the Court's May 14, 2015 Order at Doc. 1094. The Court finds that the documents Bates numbered MCAO00640, MCAO00650, MCAO00573−76, and MCAO00626−29 fall within the subject−matter waiver. However, if Mr. Montgomery/MCAO or Defendant Arpaio wishes to object to disclosure of these documents, they must do so no later than 5:00 P.M. on Friday, September 18, 2015. Finally, the Court finds that the |

| | | remaining documents that appear on the privilege log and were provided to the Court, even if covered by the attorney−client privilege or work−product doctrine, fall within the subject matter waiver identified by the Court in Doc. 1094. Therefore, Defendants must disclose these documents immediately. Signed by Magistrate Judge John Z Boyle on 9/16/2015. (See Order for complete details.)(KMG) (Entered: 09/16/2015) |
|---|---|---|
| 09/16/2015 | 1366 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Status Conference* proceedings held on 09/14/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/7/2015. Redacted Transcript Deadline set for 10/19/2015. Release of Transcript Restriction set for 12/15/2015. (RAP) (Entered: 09/18/2015) |
| 09/17/2015 | 1358 | RESPONSE in Opposition re: 1319 MOTION to Compel Testimony Re: July 17, 2015 Meeting and MCSOs Nondisclosure of the 1500 IDs filed by Joseph M Arpaio. (Attachments: # 1 Exhibit Part 1 of 2, # 2 Exhibit Part 2 of 2)(Masterson, John) (Entered: 09/17/2015) |
| 09/17/2015 | 1359 | NOTICE of Deposition of Rollie Seebert, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Segura, Andre) (Entered: 09/17/2015) |
| 09/17/2015 | 1360 | NOTICE re: Authorities by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Morin, Michelle) (Entered: 09/17/2015) |
| 09/17/2015 | 1361 | NOTICE re: Documents Provided by Joseph M Arpaio re: 1357 Order . (Iafrate, Michele) (Entered: 09/17/2015) |
| 09/17/2015 | 1362 | NOTICE re: Defendant Arpaio's Notice of Authorities by Joseph M Arpaio . (Masterson, John) (Entered: 09/17/2015) |
| 09/17/2015 | 1363 | NOTICE of Errata re: 1362 Notice (Other) *(Defendant Arpaio's Notice of Errata Regarding Defendant Arpaio's Notice of Authorities)* by Defendant Joseph M Arpaio.. (Masterson, John) (Entered: 09/17/2015) |
| 09/18/2015 | 1364 | REPLY to Response to Motion re: 1319 MOTION to Compel Testimony Re: July 17, 2015 Meeting and MCSOs Nondisclosure of the 1500 IDs filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Affidavit of Anne Lai with Exhibits)(Lai, Anne) (Entered: 09/18/2015) |
| 09/18/2015 | 1365 | NOTICE re: Authorities by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Morin, Michelle) (Entered: 09/18/2015) |
| 09/18/2015 | 1367 | * OBJECTION to Disclosure by Maricopa County Attorney's Office, William Montgomery re: 1357 Order. (Calderon, Ernest) * Modified to correct event on 9/18/2015 (LAD). (Entered: 09/18/2015) |
| 09/18/2015 | 1368 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Status Conference held on 9/18/2015. The continued Evidentiary Hearing shall resume on 9/24/2015 at 9:00 a.m., before Judge G. Murray Snow, in Courtroom 602, Phoenix, AZ. Order to follow.<br><br>APPEARANCES: Andre Segura, Jorge Castillo, Michelle Morin (all telephonically), Stanley Young, Cecillia Wang, Daniel Pochoda and Anne Lai for Plaintiffs. A. Melvin McDonald, Jr. and Joseph Popolizio (both telephonically), Michele Iafrate, John Masterson and Justin Ackerman for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Charles Jirauch (telephonically) and Richard Walker for Maricopa County. Lee Stein (telephonically) for Chief Deputy Gerard Sheridan, who is also present. Gregory Como (telephonically) for Brian Sands. Terrence Woods (telephonically) for Tom Liddy and Christine Stutz. David Eisenberg for Lieutenant |

| | | |
|---|---|---|
| | | Joseph Sousa, who is also present. Mitesh Patel for Gary Birnbaum for Deputy Chief John MacIntyre. April Hamilton (telephonically) and Ernest Calderon for Maricopa County Attorney's Office and William Montgomery. Cynthia Coe (telephonically) and Puneet Cheema for United States of America. Paul Killebrew for United States Department of Justice. Karen Clark for Tim Casey. Deputy Monitors John Girvin and Raul Martinez (both telephonically). (Court Reporter Gary Moll.) Hearing held 10:34 AM to 12:04 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) Modified on 9/18/2015 (KFZ). (Entered: 09/18/2015) |
| 09/18/2015 | 1369 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: In−Court Hearing held on 9/18/2015. The Court has reviewed the excerpts provided pursuant to the agreement of the parties. THE COURT FINDS that there is a subject matter privilege waiver with respect to the January 2, 2014 meeting.<br><br>APPEARANCES: Cecilia Wang for Plaintiffs. John Masterson and Justin Ackerman for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. Paul Killebrew for United States Department of Justice. Karen Clark for Tim Casey. (Court Reporter Gary Moll.) Hearing held 12:48 PM to 12:51 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/18/2015) |
| 09/18/2015 | 1370 | ORDER that the Monitor Team shall send to the Parties the tally of the 1500 identifications belonging to members of the Plaintiff Class. FURTHER ORDERED that a subject matter waiver exists regarding the approximately 1,459 identification documents (see attached Order for details). FURTHER ORDERED that a subject matter waiver exists regarding communications between MCSO employees and counsel at the January 2, 2014 meeting. FURTHER ORDERED that Magistrate Judge Boyle will attend the deposition of Tom Liddy on Monday, September 21, 2015. FURTHER ORDERED that the deposition of Tim Casey will continue on Tuesday, September 22, 2015. The Court will be available via telephone. Signed by Judge G Murray Snow on 9/18/2015. (KFZ) (Entered: 09/18/2015) |
| 09/18/2015 | 1371 | NOTICE of Deposition of Timothy J. Casey, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/18/2015) |
| 09/21/2015 | 1372 | ORDER − The Court has received and reviewed Maricopa County Attorney William Montgomery and Maricopa County Attorney's Office's (MCAO) Objection to Disclosure of MCAO00640 and MCAO00650. (Doc. 1367 .) The Court finds that the portions of MCAO00640 and MCAO00650 to which Mr. Montgomery and MCAO assert the work product doctrine applies are protected from disclosure and fall outside the subject−matter waiver found by the Court in its May 14, 2015 Order. Therefore, the Court sustains the objection. The discoverable portions of MCAO00640 and MCAO00650 have already been disclosed by Defendants. (See Doc. 1361 .) The Court has not received any objection to the disclosure of the documents Bates numbered MCAO00573−76 and MCAO00626−29. If they haven't done so already, Defendants shall disclose those documents immediately. Signed by Magistrate Judge John Z Boyle on 9/21/2015. (KMG) (Entered: 09/21/2015) |
| 09/21/2015 | 1373 | TRANSCRIPT REQUEST by Maricopa County Attorney's Office, William Montgomery for proceedings held on 09−18−2015, Judge G Murray Snow hearing judge(s). (Hamilton, April) (Entered: 09/21/2015) |
| 09/21/2015 | 1374 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 18, 2015 Status Conference, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/21/2015) |
| 09/21/2015 | 1375 | NOTICE of Deposition of Gerard Sheridan, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/21/2015) |
| 09/21/2015 | 1376 | NOTICE of Deposition of Steve Bailey, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/21/2015) |

| 09/21/2015 | 1377 | NOTICE of Deposition of Suzanne Kimberly Seagraves−Young, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/21/2015) |
|---|---|---|
| 09/21/2015 | 1378 | NOTICE of Deposition of Stephen Fax, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/21/2015) |
| 09/21/2015 | 1379 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 09/18/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 09/21/2015) |
| 09/21/2015 | 1380 | MOTION for Extension of Time to Respond to the United States' Complaint in Intervention by Joseph M Arpaio, Maricopa, County of. (Attachments: # 1 Text of Proposed Order Proposed Order)(Ackerman, Justin) (Entered: 09/21/2015) |
| 09/21/2015 | 1381 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Status Conference* proceedings held on 09/18/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/13/2015. Redacted Transcript Deadline set for 10/22/2015. Release of Transcript Restriction set for 12/21/2015. (RAP) (Entered: 09/22/2015) |
| 09/22/2015 | 1382 | ORDER granting 1380 Defendants' request to extend time to file their responsive pleading to the United States' Complaint in Intervention (Doc. 1277 ) by 30 days, to October 21, 2015. Signed by Judge G Murray Snow on 9/22/2015.(KFZ) (Entered: 09/22/2015) |
| 09/23/2015 | 1383 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Status Conference proceedings held on 09/14/2015 and 09/18/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/23/2015) |
| 09/23/2015 | 1384 | First MOTION for Reconsideration *Motion to Quash Trial Subpoena* by Timothy J Casey. (Attachments: # 1 Exhibit Proposed Order)(Clark, Karen) (Entered: 09/23/2015) |
| 09/23/2015 | 1385 | MOTION in Limine re: Re: Montgomery Investigation by Joseph M Arpaio. (Attachments: # 1 Text of Proposed Order Proposed Order)(Masterson, John) (Entered: 09/23/2015) |
| 09/23/2015 | 1386 | MOTION in Limine re: Re: Testimony of Don Vogel and IA 542 and 543 by Joseph M Arpaio. (Attachments: # 1 Exhibit A and B, # 2 Text of Proposed Order Proposed Order)(Masterson, John) (Entered: 09/23/2015) |
| 09/23/2015 | 1387 | REPLY to Response to Motion re: 1272 MOTION Recognition of its Rights as a Party Litigant filed by Maricopa, County of. (Walker, Richard) (Entered: 09/23/2015) |
| 09/24/2015 | 1393 | MINUTE ENTRY for proceedings held on 9/24/2015 before Judge G Murray Snow: Evidentiary Hearing (Day 5) continued from 4/24/2015. The Court denies Motion for Reconsideration 1384 and grants Motion for Permission to Make Objections; denies 1385 Motion in Limine; and grants 1386 Motion in Limine. Court stands in recess until 9:00 AM on 9/25/2015. See minutes for details. (Court Reporter Gary Moll.) Hearing held 9:03 AM to 4:59 PM.(KFZ) (Entered: 09/25/2015) |
| 09/25/2015 | 1388 | NOTICE of Service of Discovery filed by United States of America. (Killebrew, Paul) (Entered: 09/25/2015) |
| 09/25/2015 | 1389 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 5 (Pages 1036 − 1278)* proceedings held on 09/24/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due |

| | | 10/16/2015. Redacted Transcript Deadline set for 10/26/2015. Release of Transcript Restriction set for 12/24/2015. (RAP) (Entered: 09/25/2015) |
|---|---|---|
| 09/25/2015 | 1390 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/14/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/25/2015) |
| 09/25/2015 | 1391 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09−14−15 and 09−18−15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 09/25/2015) |
| 09/25/2015 | 1392 | *TRANSCRIPT REQUEST re: Request for Transcript of 9/24/15 Evidentiary Hearing, Judge G Murray Snow hearing judge(s). (Masterson, John) *Modified to indicate transcript request event; NEF regenerated on 9/25/2015 (CEI). (Entered: 09/25/2015) |
| 09/25/2015 | 1394 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 24, 2015, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/25/2015) |
| 09/25/2015 | 1395 | NOTICE re: Service of Subpoena Commanding the Production of Documents on Level 3 Communications LLC by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Morin, Michelle) (Entered: 09/25/2015) |
| 09/25/2015 | 1396 | NOTICE re: Service of Subpoena Commanding Deposition Testimony and Production of Documents to Michael Zullo by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Morin, Michelle) (Entered: 09/25/2015) |
| 09/25/2015 | 1397 | MOTION for Admission Pro Hac Vice as to attorney Rebecca A Jacobs on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 09/25/2015) |
| 09/25/2015 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX163222 as to Rebecca A Jacobs. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/25/2015) |
| 09/25/2015 | 1398 | ORDER pursuant to General Order 09−08 granting 1397 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/25/2015) |
| 09/25/2015 | 1399 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Day 5 proceedings held on 09/24/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/25/2015) |
| 09/25/2015 | 1400 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 6) held on 9/25/2015. IT IS ORDERED directing the Monitor to provide plaintiffs' with a complete copy of all of the IA investigations and results that it has been provided by the Maricopa County Sheriff's Office. See minutes for details. Court stands in recess until 9:00 AM on 9/29/2015 and shall continue through 10/2/2015. (Court Reporter Gary Moll.) Hearing held 9:03 AM to 4:59 PM.(KFZ) (Entered: 09/25/2015) |
| 09/26/2015 | 1401 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 9/25/15, 9/29/15, 9/30/15, 10/1/15, 10/2/15, Judge G Murray Snow hearing judge(s). (Masterson, John) (Entered: 09/26/2015) |
| 09/26/2015 | 1410 | *(*AMENDED BY DOC. 1465* ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 6 (Pages 1279 − 1487)* proceedings held on 09/25/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through |

| | | the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/19/2015. Redacted Transcript Deadline set for 10/27/2015. Release of Transcript Restriction set for 12/28/2015. (RAP) *Modified on 10/14/2015 (RAP). (Entered: 09/29/2015) |
|---|---|---|
| 09/27/2015 | [1402](#) | NOTICE of Deposition of David Tennyson (Second Notice), filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 09/27/2015) |
| 09/28/2015 | [1403](#) | NOTICE OF DEFICIENCY re: [1401](#) Transcript Request filed by Joseph M Arpaio. Description of deficiency: Pursuant to the Federal Rules of Civil Procedure, and the General Orders, Local Rules, and CM/ECF Administrative Policies and Procedures Manual of this Court, the following deficiencies have been found with the electronically filed document: 1) AO435, Box 17 is missing specific portions and specific dates of proceedings to be produced. 2) AO435, Box 18 (CATEGORY) no return deadline selected. 3) AO435, Box 18 (Delivery Instructions) no delivery format selected. **ACTION REQUIRED BY THE REQUESTER**: The deficiencies must be corrected within one (1) business day of this notice. The requester must re−file the entire corrected document AO435 Transcript Order form as a Transcript Request *AMENDED*.. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (RAP) (Entered: 09/28/2015) |
| 09/28/2015 | [1404](#) | ORDER: The Court has received and reviewed the Monitor's invoice dated September 1, 2015 for services rendered by the Monitor in August 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice. Signed by Judge G Murray Snow on 9/28/2015. (KFZ) (Entered: 09/28/2015) |
| 09/28/2015 | [1405](#) | TRANSCRIPT REQUEST *Amended* by Joseph M Arpaio for proceedings held on 9/29/15, 9/30/15, 10/1/15, 10/2/15, Judge G Murray Snow hearing judge(s). (Masterson, John) (Entered: 09/28/2015) |
| 09/28/2015 | 1406 | ORDER clarifying that pursuant to the Court's ruling from the bench and the Order issued on September 18, 2015 Doc. [1370](#) , IT IS ORDERED granting [1319](#) Motion to Compel. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 09/28/2015) |
| 09/28/2015 | [1407](#) | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 25, 2015 − Contempt Hearing Day 2, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/28/2015) |
| 09/28/2015 | [1408](#) | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing proceedings held on 09/25/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/28/2015) |
| 09/28/2015 | [1409](#) | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/24/15 and 09/25/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 09/28/2015) |
| 09/29/2015 | [1411](#) | MOTION to Quash Partially Quash Plaintiffs' Subpoena to Produce Documents, Information, or Objects Re: Michael Zullo by Joseph M Arpaio. (Attachments: # [1](#) Text of Proposed Order Proposed Order)(Masterson, John) (Entered: 09/29/2015) |
| 09/29/2015 | [1412](#) | STIPULATION *to Extend the Deadline to Reply in Support of His Motion for Summary Judgment by Plaintiffs and* by Brian Sands. (Attachments: # [1](#) Text of Proposed Order Deadline to Reply in Support of Motion for Summary Judgment)(Dodd, Dane) (Entered: 09/29/2015) |
| 09/29/2015 | [1413](#) | ORDER granting [1412](#) Stipulation. The deadline for Retired Chief Brian Sands to Reply in Support of His Motion for Summary Judgment (Doc. [1214](#) ) is extended from October 1, 2015 to October 9, 2015. Signed by Judge G Murray Snow on 9/29/2015. (KFZ) (Entered: 09/29/2015) |
| 09/29/2015 | [1414](#) | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 7) held on 9/29/2015. See minutes for details. Court stands in recess until 8:45 AM on 9/30/2015. (Court Reporter Gary Moll.) Hearing held 9:05 AM to 4:49 PM.(KFZ) (Entered: 09/29/2015) |

| 09/29/2015 | 1415 | RESPONSE to Motion re: 1411 MOTION to Quash Partially Quash Plaintiffs' Subpoena to Produce Documents, Information, or Objects Re: Michael Zullo filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Morin, Michelle) (Entered: 09/29/2015) |
|---|---|---|
| 09/30/2015 | 1416 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 29, 2015 Contempt Hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 09/30/2015) |
| 09/30/2015 | 1417 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 7 (Pages 1488 − 1734)* proceedings held on 09/29/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/21/2015. Redacted Transcript Deadline set for 11/2/2015. Release of Transcript Restriction set for 12/29/2015. (RAP) (Entered: 09/30/2015) |
| 09/30/2015 | 1418 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/18/2015, 09/24/2015, 09/25/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 09/30/2015) |
| 09/30/2015 | 1419 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Day 7 proceedings held on 09/29/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 09/30/2015) |
| 09/30/2015 | 1420 | SEALED LODGED Proposed Information Regarding Investigations. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Joseph M Arpaio. (Iafrate, Michele) (Entered: 09/30/2015) |
| 09/30/2015 | 1421 | NOTICE re: Lodging Under Seal Information Regarding Investigations by Joseph M Arpaio re: 1420 Sealed Lodged Proposed Document . (Iafrate, Michele) (Entered: 09/30/2015) |
| 09/30/2015 | 1425 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 8) held on 9/30/2015. IT IS ORDERED denying in part and granting in part 1411 Motion to Quash. See minutes for details. Court stands in recess until 9:00 AM on 10/1/2015. (Court Reporter Gary Moll.) Hearing held 8:49 AM to 5:06 PM.(KFZ) (Entered: 10/01/2015) |
| 10/01/2015 | 1422 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 8 (Pages 1735 − 2006)* proceedings held on 09/30/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/22/2015. Redacted Transcript Deadline set for 11/2/2015. Release of Transcript Restriction set for 12/30/2015. (RAP) (Entered: 10/01/2015) |
| 10/01/2015 | 1423 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on September 30, 2015 Contempt Hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 10/01/2015) |
| 10/01/2015 | 1424 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Day 8 proceedings held on 09/30/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/01/2015) |
| 10/01/2015 | 1428 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 9) held on 10/1/2015. A portion of the hearing is sealed. IT IS ORDERED that a portion of the transcript remain sealed pending further order of the Court. Ms. Mijares−Nash shall file a notice of special appearance. See minutes for details. Court stands in recess until 9:00 AM on 10/2/2015 (Court Reporter Gary Moll.) Hearing held 9:00 AM to 5:01 PM.(KFZ) (Entered: 10/02/2015) |

| 10/02/2015 | 1426 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on October 1, 2015 Contempt Hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 10/02/2015) |
|---|---|---|
| 10/02/2015 | 1427 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Day 9 proceedings held on 10/1/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/02/2015) |
| 10/02/2015 | 1429 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 10) held on 10/2/2015. See minutes for details. Court stands in recess until 9:00 AM on 10/8/2015 and shall continue on 10/9/2015. (Court Reporter Gary Moll.) Hearing held 9:09 AM to 5:06 PM.(KFZ) (Entered: 10/02/2015) |
| 10/02/2015 | 1455 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 9 (Pages 2007 − 2247)* proceedings held on 10/01/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/23/2015. Redacted Transcript Deadline set for 11/2/2015. Release of Transcript Restriction set for 12/31/2015. (RAP) (Entered: 10/09/2015) |
| 10/02/2015 | 1456 | SEALED TRANSCRIPT of Proceedings held on 10/1/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Evidentiary Hearing, Day 9. (MAP) (Entered: 10/09/2015) |
| 10/03/2015 | 1457 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 10 (Pages 2248 − 2470)* proceedings held on 10/02/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/26/2015. Redacted Transcript Deadline set for 11/3/2015. Release of Transcript Restriction set for 1/4/2016. (RAP) (Entered: 10/09/2015) |
| 10/05/2015 | 1430 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/29/15 and 09/30/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 10/05/2015) |
| 10/05/2015 | 1431 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on October 2, 2015, Contempt Hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 10/05/2015) |
| 10/05/2015 | 1432 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Day 10 proceedings held on 10/2/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
| 10/05/2015 | 1433 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 5 proceedings held on 9/24/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
| 10/05/2015 | 1434 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 6 proceedings held on 9/25/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
| 10/05/2015 | 1435 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 7 proceedings held on 9/29/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
| 10/05/2015 | 1436 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 8 proceedings held on 9/30/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
| 10/05/2015 | 1437 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 9 proceedings held on 10/1/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |

| 10/05/2015 | 1438 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing − Day 10 proceedings held on 10/2/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 10/05/2015) |
|---|---|---|
| 10/05/2015 | 1439 | NOTICE re: Service of Subpoena Commanding Deposition and Trial Testimony of Brian Mackiewicz by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Young, Stanley) (Entered: 10/05/2015) |
| 10/06/2015 | 1440 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephone Conference held on 10/6/2015. Mr. Zullo has until 10/16/2015 to respond to the subpoena as narrowed by plaintiffs. Defendants will immediately provide to Plaintiffs all documents that are not subject to review for attorney−client or other privilege. They shall, as they conduct privilege review, provide all non−privilege or redacted documents on a rolling basis. Defendant shall complete their privilege review and provide all other parties with all responsive documents and a complete privilege log by 10/20/2015. Mr. Zullo's deposition shall then proceed on 10/23/2015.

APPEARANCES: Stanley Young, Cecillia Wang and Michelle Morin for plaintiffs. Joseph Popolizio for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Gregory Como for Brian Sands. Paul Killebrew for United States Department of Justice. Richard Walker for Maricopa County. (Court Reporter Gary Moll.) Hearing held 11:01 AM to 11:19 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/06/2015) |
| 10/06/2015 | 1441 | NOTICE re: Notice of Special Appearance for State of Arizona by Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens . (Conrad, Donald) (Entered: 10/06/2015) |
| 10/06/2015 | 1442 | MOTION to Seal Document by Donald E Conrad. (Attachments: # 1 Text of Proposed Order)(Conrad, Donald) (Entered: 10/06/2015) |
| 10/06/2015 | 1443 | * (Filed at Doc. 1529 ) SEALED LODGED Proposed Response to Court's Inquiry of AGO re: 1442 MOTION to Seal Document . Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Donald E Conrad. (Conrad, Donald) Modified on 11/9/2015 (LAD). (Entered: 10/06/2015) |
| 10/06/2015 | 1444 | NOTICE of Appearance by Alexandra Mijares Nash on behalf of Brian Mackiewicz. (Nash, Alexandra) (Entered: 10/06/2015) |
| 10/07/2015 | 1445 | TRANSCRIPT REQUEST by United States of America for proceedings held on 09/29/2015, 9/30/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 10/07/2015) |
| 10/07/2015 | 1446 | NOTICE re: Service of Amended Subpoena Commanding Deposition Testimony of Michael Zullo by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 1396 Notice (Other) . (Morin, Michelle) (Entered: 10/07/2015) |
| 10/07/2015 | 1447 | TRANSCRIPT REQUEST *and Realtime Request* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on October 8 and 9, 2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/07/2015) |
| 10/07/2015 | 1448 | TRANSCRIPT REQUEST *and Realtime Request* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on October 13−14, 2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/07/2015) |
| 10/07/2015 | 1464 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *Status Conference* proceedings held on 05/08/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Correction made to page 24, line 23, MR. SCHWAB: corrected to THE COURT: at the beginning of the sentence. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/28/2015. Redacted Transcript Deadline |

| | | set for 11/9/2015. Release of Transcript Restriction set for 1/5/2016. (RAP) (Entered: 10/14/2015) |
|---|---|---|
| 10/07/2015 | 1465 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *Evidentiary Hearing − Day 6 (Pages 1279 − 1487)* proceedings held on 09/25/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Correction made to page 1342, line 20, "personnel" changed to "personal". The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/28/2015. Redacted Transcript Deadline set for 11/9/2015. Release of Transcript Restriction set for 1/5/2016. (RAP) (Entered: 10/14/2015) |
| 10/08/2015 | 1449 | NOTICE re: of Filing Petition for Writ of Certiorari in the United States Supreme Court by Maricopa, County of . (Attachments: # 1 Exhibit, # 2 Exhibit)(Walker, Richard) (Entered: 10/08/2015) |
| 10/08/2015 | 1450 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on October 8, 2015 Contempt Hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 10/08/2015) |
| 10/08/2015 | 1451 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 10/13, 10/14, 10/27, 10/28, 10/29, and 10/30/15, Judge G Murray Snow hearing judge(s). (Masterson, John) (Entered: 10/08/2015) |
| 10/08/2015 | 1452 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 11) held on 10/8/2015. See minutes for details. Court stands in recess until 9:00 AM on 10/9/2015. (Court Reporter Gary Moll.) Hearing held 9:03 AM to 4:55 PM.(LMR) (Entered: 10/08/2015) |
| 10/09/2015 | 1453 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10−01−15 and 10−02−15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 10/09/2015) |
| 10/09/2015 | 1454 | TRANSCRIPT REQUEST by Maricopa, County of for proceedings held on October 9, 2015 Contempt hearing, Judge G Murray Snow hearing judge(s). (Walker, Richard) (Entered: 10/09/2015) |
| 10/09/2015 | 1458 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 11 (Pages 2471 − 2711)* proceedings held on 10/08/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/30/2015. Redacted Transcript Deadline set for 11/9/2015. Release of Transcript Restriction set for 1/7/2016. (RAP) (Entered: 10/09/2015) |
| 10/09/2015 | 1459 | REPLY to Response to Motion re: 1214 MOTION for Summary Judgment filed by Brian Sands. (Dodd, Dane) (Entered: 10/09/2015) |
| 10/09/2015 | 1460 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing − Days 11 and 12 proceedings held on 10/08−09/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/09/2015) |
| 10/09/2015 | 1461 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 12) held on 10/9/2015. See minutes for details. Court stands in recess until 9:00 AM on 10/13/2015. (Court Reporter Gary Moll.) Hearing held 9:03 AM to 5:01 PM.(LMR) (Entered: 10/09/2015) |
| 10/09/2015 | 1472 | SEALED TRANSCRIPT of Proceedings held on 10/8/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Evidentiary Hearing, Day 11. (LAD) (Entered: 10/15/2015) |
| 10/10/2015 | 1466 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 12 (Pages 2712 − 2962)* proceedings held on 10/09/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to |

| | | the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/2/2015. Redacted Transcript Deadline set for 11/10/2015. Release of Transcript Restriction set for 1/8/2016. (RAP) (Entered: 10/14/2015) |
|---|---|---|
| 10/12/2015 | 1462 | *NOTICE − *[Combinded Proposed Statement of Issues for Continued Contempt Hearing]* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America (Attachments: # 1 PROPOSED STIPULATION OF EXHIBITS)(Young, Stanley) *Modified to correct event on 10/13/2015 (KMG) (Entered: 10/12/2015) |
| 10/13/2015 | 1463 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 13) held on 10/13/2015. See attached Minute Entry for details. Court stands in recess until 9:00 AM on 10/14/2015. (Court Reporter Gary Moll.) Hearing held 9:03 AM to 5:20 PM.(MMO) (Entered: 10/13/2015) |
| 10/14/2015 | 1467 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 13 (Pages 2963 − 3219)* proceedings held on 10/13/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/4/2015. Redacted Transcript Deadline set for 11/16/2015. Release of Transcript Restriction set for 1/12/2016. (RAP) (Entered: 10/14/2015) |
| 10/14/2015 | 1468 | MOTION for Protective Order *RE: Documents from the U.S. Department of Homeland Security* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Lai, Anne) (Entered: 10/14/2015) |
| 10/14/2015 | 1469 | MOTION to Supplement *and Admit Certain Deposition Testimony of Rollie Seebert* by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Lai, Anne) (Entered: 10/14/2015) |
| 10/14/2015 | 1470 | MINUTE ENTRY for proceedings held before Judge G. Murray Snow: Evidentiary Hearing (Day 14) held on 10/14/15. The Court anticipates hearing argument from counsel on the morning of Tuesday, 11/10/15 (this may change). Court stands in recess in this matter until 9:00 AM on Tuesday, 10/27/15. See minutes for details. (Court Reporter Gary Moll.) Hearing held 9:04 a.m. to 5:19 p.m. (NKS) (Entered: 10/15/2015) |
| 10/15/2015 | 1471 | *(*AMENDED BY DOC. 1556* ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 14 (Pages 3220 − 3462)* proceedings held on 10/14/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/5/2015. Redacted Transcript Deadline set for 11/16/2015. Release of Transcript Restriction set for 1/13/2016. (RAP) *Modified on 11/19/2015 (RAP). (Entered: 10/15/2015) |
| 10/15/2015 | 1473 | NOTICE of Errata re: 1469 MOTION to Supplement *and Admit Certain Deposition Testimony of Rollie Seebert* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America.. (Attachments: # 1 Exhibit Exhibit A)(Lai, Anne) (Entered: 10/15/2015) |
| 10/16/2015 | 1474 | FIFTH QUARTERLY REPORT from Independent Monitor Robert Warshaw for the Maricopa County Sheriff's Office. (Attachments: # 1 Plaintiffs' Comments, # 2 MCSO Comments, # 3 USDOJ Comments)(MMO) (Entered: 10/16/2015) |

| 10/16/2015 | 1475 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing proceedings held on 10/13−14/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/16/2015) |
|---|---|---|
| 10/20/2015 | 1476 | NOTICE of Deposition of Russ Skinner, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Pedley, Lauren) (Entered: 10/20/2015) |
| 10/20/2015 | 1477 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10/08/15; 10/09/15; 10/13/15; 10/14/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 10/20/2015) |
| 10/20/2015 | 1478 | NOTICE re: of Partial Compliance with Subpoena Served on and Lack of Authority to Accomplish Additional Production from Michael Zullo by Joseph M Arpaio . (Popolizio, Joseph) (Entered: 10/20/2015) |
| 10/21/2015 | 1479 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearing proceedings held on 10/08/15, 10/09/15, and 10/13/15, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 10/21/2015) |
| 10/21/2015 | 1480 | TRANSCRIPT REQUEST and Realtime Request by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 10/27−10/30 and 11/2−11/3/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/21/2015) |
| 10/21/2015 | 1481 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 10/06/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/21/2015) |
| 10/21/2015 | 1482 | NOTICE re: Subpoena to Jones, Skelton & Hochuli, P.L.C. and Joseph J. Popolizio by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Morin, Michelle) (Entered: 10/21/2015) |
| 10/21/2015 | 1483 | *Defendant Arpaio's* ANSWER to Complaint *in Intervention of United States* by Joseph M Arpaio.(Masterson, John) (Entered: 10/21/2015) |
| 10/21/2015 | 1484 | *Defendant Maricopa County's* ANSWER to Complaint *in Intervention of United States* by Maricopa, County of.(Walker, Richard) (Entered: 10/21/2015) |
| 10/21/2015 | 1485 | *MOTION to Withdraw as Attorney (Edward Caspar)* by United States of America. (Attachments: # 1 Text of Proposed Order)(Coe, Cynthia) *Modified to remove "Ex Parte" Designation on 10/22/2015 (KMG). (Entered: 10/21/2015) |
| 10/21/2015 | 1504 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 10/06/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/12/2015. Redacted Transcript Deadline set for 11/23/2015. Release of Transcript Restriction set for 1/19/2016. (RAP) (Entered: 10/30/2015) |
| 10/22/2015 | 1486 | NOTICE of Errata re: 1483 Answer to Complaint by Defendant Joseph M Arpaio.. (Attachments: # 1 Exhibit A)(Ackerman, Justin) (Entered: 10/22/2015) |
| 10/26/2015 | 1487 | MINUTE ORDER setting at Telephonic discovery conference for 10/26/2015 at 11:00 AM before Judge G Murray Snow. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/26/2015) |
| 10/26/2015 | 1488 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic discovery conference held on 10/26/2015. Order to follow.

APPEARANCES: Stanley Young and Cecillia Wang for Plaintiffs. John Masterson, Joseph Popolizio, and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. Dane Dodd |

| | | |
|---|---|---|
| | | for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. April Hamilton for Maricopa County Attorney's Office and William Montgomery. Cynthia Coe and Paul Killebrew for United States of America. (Court Reporter Gary Moll.) Hearing held 11:09 AM to 11:44 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 10/26/2015) |
| 10/26/2015 | 1489 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 10/26/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 10/26/2015) |
| 10/26/2015 | 1490 | ORDER − Counsel for Sheriff Arpaio shall make a privilege log identifying any documents that should be withheld from Plaintiffs due to privilege, maintain copies of all privileged documents, and provide the log to Plaintiffs by October 28. IT IS FURTHER ORDERED that if Mr. Michael Zullo wishes to file a motion for a protective order asserting Fourth and/or Fifth Amendment defenses to the production of those documents, he must do so by October 30, 2015. If he fails to file such a motion, the Court will order production of all documents to Plaintiffs. Mr. Mel McDonald will communicate with the attorney in Atlanta with whom he has corresponded via email to inform him of these deadlines. Mr. Joe Popolizio will communicate with Mr. Zullo to inform him of these deadlines. Mr. Popolizio must inform the Court within a day if he intends to take the position that he represents Mr. Zullo. Signed by Judge G Murray Snow on 10/26/15. (ATD) (Entered: 10/26/2015) |
| 10/26/2015 | 1491 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 10/26/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2015. Redacted Transcript Deadline set for 11/27/2015. Release of Transcript Restriction set for 1/25/2016. (RAP) (Entered: 10/27/2015) |
| 10/27/2015 | 1492 | ORDER − The Court has received and reviewed the Monitor's invoice dated October 5, 2015 for services rendered by the Monitor in September 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice in full. Signed by Judge G Murray Snow on 10/27/15. (ATD) (Entered: 10/27/2015) |
| 10/27/2015 | 1493 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 15) held on 10/27/2015. See minutes for details. Court stands in recess until 9:00 AM on 10/28/2015. (Court Reporter Gary Moll.) Hearing held 9:05 AM to 5:03 PM.(KFZ) (Entered: 10/28/2015) |
| 10/28/2015 | 1494 | NOTICE of Attorney Withdrawal *re Greg Como Only* filed by Gregory Stephen Como. (Como, Gregory) (Entered: 10/28/2015) |
| 10/28/2015 | 1495 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 15 (Pages 3463 − 3697)* proceedings held on 10/27/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/18/2015. Redacted Transcript Deadline set for 11/30/2015. Release of Transcript Restriction set for 1/26/2016. (RAP) (Entered: 10/28/2015) |
| 10/28/2015 | 1496 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10−26−15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 10/28/2015) |
| 10/28/2015 | 1497 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 10/6/2015, Judge G Murray Snow hearing judge(s). (Masterson, John) (Entered: 10/28/2015) |
| 10/28/2015 | 1499 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 16) held on 10/28/2015. See minutes for details. Court stands in recess |

| | | until 9:00 AM on 10/29/2015. (Court Reporter Gary Moll.) Hearing held 9:02 AM to 5:13 PM.(KFZ) (Entered: 10/29/2015) |
|---|---|---|
| 10/28/2015 | 1501 | MOTION for Extension of Time to Retain Counsel by Michael Zullo. (ATD) Added MOTION for Protective Order on 10/30/2015 (KFZ). (Entered: 10/29/2015) |
| 10/29/2015 | 1498 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 16 (Pages 3698 − 3970)* proceedings held on 10/28/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/19/2015. Redacted Transcript Deadline set for 11/30/2015. Release of Transcript Restriction set for 1/27/2016. (RAP) (Entered: 10/29/2015) |
| 10/29/2015 | 1500 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 17) held on 10/29/2015. See minutes for details. Court stands in recess until a date to be determined. (Court Reporter Gary Moll.) Hearing held 9:05 AM to 11:21 AM.(KFZ) (Entered: 10/29/2015) |
| 10/30/2015 | 1502 | ORDER: Pending before the Court is the Motion for Extension of Time to Retain Counsel by Michael Zullo, filed on October 28, 2015 Doc. 1501 . IT IS HEREBY ORDERED that if any party wishes to respond, the Court requires an expedited response by the end of the business day today. Signed by Judge G Murray Snow on 10/30/2015. (KFZ) (Entered: 10/30/2015) |
| 10/30/2015 | 1503 | RESPONSE to Motion re: 1501 MOTION for Extension of Time to Retain Counsel filed by Maricopa, County of. (Walker, Richard) (Entered: 10/30/2015) |
| 10/30/2015 | 1505 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 17 (Pages 3971 − 4063)* proceedings held on 10/29/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/20/2015. Redacted Transcript Deadline set for 11/30/2015. Release of Transcript Restriction set for 1/28/2016. (RAP) (Entered: 10/30/2015) |
| 10/30/2015 | 1506 | ORDER denying 1501 Motion for Extension of Time to Retain Counsel. The Court will treat it as a Motion for Protective Order. FURTHER ORDERED that parties may respond to the question of whether the Fifth Amendment privilege against testimonial incrimination extends to the documents at issue by November 2, 2015. FURTHER ORDERED that a copy of this order be mailed to Mr. Zullo at the address which he has provided the Court. See Order for details. Signed by Judge G Murray Snow on 10/30/2015.(KFZ) (Entered: 10/30/2015) |
| 10/30/2015 | 1507 | RESPONSE in Opposition re: 1501 MOTION for Extension of Time to Retain Counsel MOTION for Protective Order filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Declaration of Stanley Young, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Young, Stanley) (Entered: 10/30/2015) |
| 10/30/2015 | 1508 | MOTION for Protective Order by Michael Zullo. (Prose filing.) (KMG) (Entered: 11/02/2015) |
| 10/30/2015 | 1509 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for proceedings held on 10/06/15, 10/26/15, 10/27/15, 10/28/15, and 10/29/15, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 11/02/2015) |
| 11/02/2015 | 1510 | MOTION to Stay Court Orders Requiring Testimony and NOTICE of Intent to Appeal to the Ninth Circuit Court of Appeals by Michael Zullo. (KMG) (Entered: 11/02/2015) |
| 11/02/2015 | 1511 | RESPONSE in Opposition re: 1508 MOTION for Protective Order filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica |

| | | |
|---|---|---|
| | | Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 11/02/2015) |
| 11/02/2015 | 1512 | MINUTE ORDER setting a Telephonic Status Conference for 11/3/2015 at 3:00 PM before Judge G Murray Snow. Counsel should be prepared to discuss scheduling. Plaintiffs' counsel shall provide the call−in number via e−mail. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/02/2015) |
| 11/02/2015 | 1513 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10/27/15; 10/28/15; 10/29/15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 11/02/2015) |
| 11/03/2015 | 1514 | NOTICE OF ATTORNEY APPEARANCE: Maureen Johnston appearing for United States of America. . (Johnston, Maureen) (Entered: 11/03/2015) |
| 11/03/2015 | 1515 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Conference held on 11/3/2015.<br><br>APPEARANCES: Stanley Young, Cecillia Wang, Daniel Pochoda, Andre Segura, Jorge Castillo and Michelle Morin for Plaintiffs. Michele Iafrate, John Masterson, Joseph Popolizio and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker for Maricopa County. Lee Stein for Chief Deputy Gerard Sheridan. M. Craig Murdy for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. David Eisenberg (in person) for Lieutenant Joseph Sousa. David Ouimette for Deputy Chief John MacIntyre. Cynthia Coe for United States of America. Michael Zullo is also present on his own behalf.<br><br>Telephonic Conference is set for 11/5/2015 at 10:00 AM regarding disputed redactions to admitted exhibits. Counsel are to advise the Court if no dispute exists and the hearing will be vacated. Mr. Zullo's reply to Plaintiffs' response to his Motion for Protective Order 1501 and 1508 is due by 12:00 PM on 11/6/2015. Oral Argument on Mr. Zullo's Motion for Protective Order is set for 11/6/2015 at 3:30 PM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. If parties wish to appear telephonically they must advise the Courtroom Deputy prior to the hearing. Unless the parties otherwise notify the Court, the continued Evidentiary Hearing will resume on 11/10/2015 at 9:00 AM (Court Reporter Gary Moll.) Hearing held 3:07 PM to 3:43 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/03/2015) |
| 11/03/2015 | 1516 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/03/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/03/2015) |
| 11/03/2015 | 1517 | NOTICE re: Service of Second Amended Subpoena Commanding Deposition Testimony to Michael Zullo by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America re: 1446 Notice (Other) . (Young, Stanley) (Entered: 11/03/2015) |
| 11/03/2015 | 1522 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 11/03/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2015. Redacted Transcript Deadline set for 12/4/2015. Release of Transcript Restriction set for 2/1/2016. (RAP) (Entered: 11/05/2015) |
| 11/04/2015 | 1518 | MOTION for Admission Pro Hac Vice as to attorney James B Chanin on behalf of plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, and Somos America. (BAS) (Entered: 11/04/2015) |
| 11/04/2015 | | PRO HAC VICE FEE PAID. $ 35, receipt number PHX164726 as to James B Chanin. This is a TEXT ENTRY ONLY. There is no PDF document associated with |

| | | |
|---|---|---|
| | | this entry. (BAS) (Entered: 11/04/2015) |
| 11/04/2015 | 1519 | ORDER pursuant to General Order 09−08 granting 1518 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. Counsel is advised that they are limited to two (2) additional e−mail addresses in their District of Arizona User Account. (BAS) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 11/04/2015) |
| 11/05/2015 | 1520 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Conference held on 11/5/2015. Order to follow. |
| | | APPEARANCES: Stanley Young, Cecillia Wang and Michelle Morin for Plaintiffs. Michele Iafrate, Joseph Popolizio and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriffs Office. Richard Walker for Maricopa County. M. Craig Murdy for Brian Sands. Maureen Johnston for United States of America. (Court Reporter Gary Moll.) Hearing held 10:03 AM to 10:33 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/05/2015) |
| 11/05/2015 | 1521 | ORDER that Mr. Popolizio will confirm that the investigation discussed in Exhibit 2799 is still ongoing. Assuming that it is, the parties are ordered to stipulate to redactions or to bring them before the Court. FURTHER ORDERED that Defense counsel has not met its burden of establishing compelling reasons for the sealing or redaction of Exhibits 2842, 2843, or 2894, as counsel failed to point to any specific information that is subject to any privilege and is not already available to the public. See Order for details. Signed by Judge G Murray Snow on 11/5/2015. (KFZ) (Entered: 11/05/2015) |
| 11/05/2015 | 1523 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/5/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/05/2015) |
| 11/05/2015 | 1524 | TRANSCRIPT REQUEST and Realtime Request by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/10/2015 and 11/12−13/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/05/2015) |
| 11/06/2015 | 1525 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Motion Hearing held on 11/6/2015 re Motions for Protective Order 1501 , 1508 and Motion for Stay 1510 . Order to follow. |
| | | APPEARANCES: Cecillia Wang, Michelle Morin (both telephonically), Stanley Young and Daniel Pochoda for Plaintiffs. John Masterson, Joseph Popolizio, A. Melvin McDonald, Jr. (all telephonically) and Michele Iafrate for Defendant Joseph M. Arpaio and Maricopa County Sheriffs Office. Richard Walker for Maricopa County. M. Craig Murdy for Brian Sands. Terrence Woods for Tom Liddy and Christine Stutz. Maureen Johnston for United States of America. Michael Zullo is also present on his own behalf. (Court Reporter Gary Moll.) Hearing held 3:34 PM to 4:07 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/06/2015) |
| 11/06/2015 | 1526 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/6/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/06/2015) |
| 11/06/2015 | 1527 | ORDER that the Motion for Protective Order (Docs. 1501 and 1508 ) is DENIED. FURTHER ORDERED that the Motion to Stay Court Orders Requiring Testimony and Notice of Intent to Appeal of Michael Zullo 1510 makes no separate legal argument and is thus also DENIED. FURTHER ORDERED that Jones, Skelton, & Hochuli produce to the Court and to all Parties the documents given to its attorneys by Zullo that are responsive to the subpoena. Signed by Judge G Murray Snow on 11/6/2015.(KFZ) (Entered: 11/06/2015) |

| 11/09/2015 | 1528 | ORDER granting 1442 Motion to Seal Pleading. Signed by Judge G Murray Snow on 11/9/15. (LAD) (Entered: 11/09/2015) |
|---|---|---|
| 11/09/2015 | 1529 | SEALED RESPONSE to Inquiry of Arizona Attorney General filed by Arizona, State of. (LAD) (Entered: 11/09/2015) |
| 11/09/2015 | 1530 | ORDER that the Motion for Withdrawal of Counsel, Edward Caspar, as attorney of record for Plaintiff−Intervenor the United States (Doc. 1485 ) is granted. Signed by Judge G Murray Snow on 11/9/2015.(KMG) (Entered: 11/09/2015) |
| 11/09/2015 | 1531 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephonic Conference held on 11/9/2015. Matters are raised relating to the testimony of Michael Zullo, scheduling and exhibits which the County desires to admit into evidence. The Court discussed and refined the issues with the parties but no rulings were made.<br><br>APPEARANCES: Stanley Young and Michelle Morin for Plaintiffs. John Masterson and Joseph Popolizio for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Paul Killebrew and Maureen Johnston for United States of America. M. Craig Murdy for Brian Sands (at 3:42 PM). (Court Reporter Gary Moll.) Hearing held 3:32 PM to 4:18 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/09/2015) |
| 11/09/2015 | 1539 | NOTICE OF INTERLOCUTORY APPEAL to 9th Circuit Court of Appeals re: 1527 Order on Motion for Protective Order, Order on Motion to Stay, 1506 Order on Motion for Extension of Time by Michael Zullo. (KMG) (Entered: 11/12/2015) |
| 11/10/2015 | 1532 | *WITHDRAWN by Doc. 1543 − MOTION TO ADMIT CERTAIN EXHIBITS BASED ON MICHAEL ZULLOS INVOCATION OF HIS FIFTH AMENDMENT RIGHT NOT TO TESTIFY by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Morin, Michelle) Modified on 11/13/2015 (KFZ). (Entered: 11/10/2015) |
| 11/10/2015 | 1533 | NOTICE of Deposition of Cynthia A. Goelz, filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Morin, Michelle) (Entered: 11/10/2015) |
| 11/10/2015 | 1534 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 18) held on 11/10/2015. See minutes for details. Court stands in recess until 11/12/2015 at 9:00 AM. (Court Reporter Gary Moll.) Hearing held 9:02 AM to 5:04 PM.(KFZ) (Entered: 11/10/2015) |
| 11/11/2015 | 1535 | MOTION Re Objection to Admission of Exhibits 2947 and 2948 by Joseph M Arpaio. (Popolizio, Joseph) (Entered: 11/11/2015) |
| 11/11/2015 | 1536 | RESPONSE to Motion re: 1535 MOTION Re Objection to Admission of Exhibits 2947 and 2948 filed by Manuel de Jesus Ortega Melendres, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 11/11/2015) |
| 11/11/2015 | 1537 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/09/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/11/2015) |
| 11/11/2015 | 1544 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 18 (Pages 4064 − 4297)* proceedings held on 11/10/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/2/2015. Redacted Transcript Deadline set for 12/14/2015. Release of Transcript Restriction set for 2/9/2016. (RAP) (Entered: 11/16/2015) |
| 11/11/2015 | 1545 | *(*AMENDED BY DOC. 1557* ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 10/05/2015, before Judge G. Murray |

| | | |
|---|---|---|
| | | Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/2/2015. Redacted Transcript Deadline set for 12/14/2015. Release of Transcript Restriction set for 2/9/2016. (RAP) *Modified on 11/19/2015 (RAP). (Entered: 11/16/2015) |
| 11/11/2015 | 1546 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Motion Hearing* proceedings held on 11/06/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/2/2015. Redacted Transcript Deadline set for 12/14/2015. Release of Transcript Restriction set for 2/9/2016. (RAP) (Entered: 11/16/2015) |
| 11/11/2015 | 1547 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Telephonic Conference* proceedings held on 11/09/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/2/2015. Redacted Transcript Deadline set for 12/14/2015. Release of Transcript Restriction set for 2/9/2016. (RAP) (Entered: 11/16/2015) |
| 11/12/2015 | 1538 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for proceedings held on 11/03/15, 11/05/15, 11/06/15, and 11/09/15, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 11/12/2015) |
| 11/12/2015 | 1540 | MEMORANDUM Trial Memorandum RE Non_party Zullo's Waiver of Fifth Amendment Privilege by Defendant Joseph M Arpaio. (Popolizio, Joseph) (Entered: 11/12/2015) |
| 11/12/2015 | 1542 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 19) held on 11/12/2015. Defendant Arpaio's Motion Re: Objection to Admission of Exhibits 2947 and 2948 1535 is MOOT. See minutes for details. Court stands in recess until 11/13/2015 at 9:00 AM. (Court Reporter Gary Moll.) Hearing held 9:06 AM to 5:17 PM.(KFZ) (Entered: 11/13/2015) |
| 11/13/2015 | 1541 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 11/10/2015, 11/12/2015 and 11/13/2015, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 11/13/2015) |
| 11/13/2015 | 1543 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Evidentiary Hearing (Day 20) held on 11/13/2015. Plaintiffs' Motion to Admit Certain Exhibits based on Michael Zullo's Invocation of his Fifth Amendment Right not to testify 1532 is withdrawn. Maricopa County's Motion for Judicial Notice shall be filed no later than the morning of 11/17/2015. See minutes for details. Oral argument will commence on 11/20/2015 at 9:00 a.m. (Court Reporter Gary Moll.) Hearing held 9:06 AM to 10:51 AM.(KFZ) (Entered: 11/13/2015) |
| 11/13/2015 | 1548 | *(*AMENDED BY DOC. 1558* ) NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 19 (Pages 4298 − 4503)* proceedings held on 11/12/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/4/2015. Redacted Transcript Deadline set for 12/14/2015. Release of Transcript Restriction set for 2/11/2016. (RAP) *Modified on 11/19/2015 (RAP). (Entered: 11/16/2015) |

| 11/13/2015 | 1550 | USCA Appeal Fees received re: 1539 Notice of Interlocutory Appeal filed by Michael Zullo. Filing Fee $ 505, receipt number PHX165032. (ATD) (Entered: 11/16/2015) |
|---|---|---|
| 11/14/2015 | 1549 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *Evidentiary Hearing − Day 20 (Pages 4504 − 4580)* proceedings held on 11/13/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2015. Redacted Transcript Deadline set for 12/15/2015. Release of Transcript Restriction set for 2/12/2016. (RAP) (Entered: 11/16/2015) |
| 11/16/2015 | 1551 | TRANSCRIPT REQUEST by United States of America for proceedings held on 11−06−15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 11/16/2015) |
| 11/16/2015 | 1552 | TRANSCRIPT REQUEST by United States of America for proceedings held on 11−10−15 and 11−12−15, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 11/16/2015) |
| 11/16/2015 | 1553 | MOTION for Judicial Notice of Costs Incurred by Maricopa, County of. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Walker, Richard) (Entered: 11/16/2015) |
| 11/16/2015 | 1556 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *EVIDENTIARY HEARING − DAY 14 (PAGES 3220 − 3462)* proceedings held on 10/14/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Amended to add Exhibit 2784 to the Exhibits index on page 3227. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2015. Redacted Transcript Deadline set for 12/17/2015. Release of Transcript Restriction set for 2/16/2016. (RAP) (Entered: 11/17/2015) |
| 11/16/2015 | 1557 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *TELEPHONIC CONFERENCE* proceedings held on 11/05/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Amended to change "October" to "November" on page 1, line 7. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2015. Redacted Transcript Deadline set for 12/17/2015. Release of Transcript Restriction set for 2/16/2016. (RAP) (Entered: 11/17/2015) |
| 11/16/2015 | 1558 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of *EVIDENTIARY HEARING − DAY 19 (PAGES 4298 − 4503)* proceedings held on 11/12/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). Amended to add Exhibits 2977, 2979, and 2981B to the Exhibits Index on page 4303. The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2015. Redacted Transcript Deadline set for 12/17/2015. Release of Transcript Restriction set for 2/16/2016. (RAP) (Entered: 11/17/2015) |
| 11/17/2015 | 1554 | USCA Case Number re: 1539 Notice of Interlocutory Appeal; Ninth Circuit Case number 15−17269. (LSP) (Copies sent by the Ninth Circuit). Modified on 11/17/2015 (LSP). (Entered: 11/17/2015) |
| 11/17/2015 | 1555 | NOTICE re: (Joint) of Factual Stipulation by Parties by Maricopa, County of . (Walker, Richard) (Entered: 11/17/2015) |

| 11/17/2015 | 1559 | * Notice of Attorney Withdrawal (No Longer with Firm Only)/Notice of Waiver of Electronic Service by Maricopa, County of. (Stack, Thomas) * Modified to correct event; attorney notified on 11/18/2015 (LAD). (Entered: 11/17/2015) |
|---|---|---|
| 11/17/2015 | 1560 | * MOTION for Reconsideration *Regarding Admissibility of Dennis Montgomery's Hearsay Statements Under Rule 801(d)(2)(D)* by Joseph M Arpaio and Maricopa County Sheriff's Office. (Attachments: # 1 Text of Proposed Order Proposed Order)(Masterson, John) * Modified to add additional filer on 11/18/2015 (LAD). (Entered: 11/17/2015) |
| 11/17/2015 | 1561 | RESPONSE to Motion re: 1553 MOTION for Judicial Notice of Costs Incurred filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Morin, Michelle) (Entered: 11/17/2015) |
| 11/18/2015 | 1562 | TRANSCRIPT REQUEST by United States of America for proceedings held on 10/1−2, 8−9, 13−14, 27−29/2015; 11/10, 12−13/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 11/18/2015) |
| 11/18/2015 | 1563 | SEALED TRANSCRIPT of Proceedings held on 10/2/15 before Judge G. Murray Snow. Court Reporter: Gary Moll. Type of Hearing: Evidentiary Hearing, Day 10. (MAP) (Entered: 11/18/2015) |
| 11/18/2015 | 1564 | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for Evidentiary Hearing proceedings held on 11/10/15, 11/12/15, and 11/13/15, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 11/18/2015) |
| 11/18/2015 | 1565 | RESPONSE to Motion re: 1560 MOTION for Reconsideration *Regarding Admissibility of Dennis Montgomery's Hearsay Statements Under Rule 801(d)(2)(D)* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Morin, Michelle) (Entered: 11/18/2015) |
| 11/18/2015 | 1566 | ORDER: The topics which the Court requests the Parties to address at the hearing on Friday, November 20, 2015 are set forth in the attached Order. Signed by Judge G Murray Snow on 11/18/2015. (KFZ) (Entered: 11/18/2015) |
| 11/19/2015 | 1567 | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 08/7/14 and 04/22/15 and 11/6/15, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 11/19/2015) |
| 11/19/2015 | 1568 | * MOTION (Renewed Request) By Non−Party Deputy Chief John "Jack" MacIntyre For Determination That Criminal Contempt Charges Will Not Be Pursued/Referred Against Him Personally by Interested Party John MacIntyre. (Attachments: # 1 Appendix)(Birnbaum, Gary) * Modified to correct event; attorney noticed on 11/20/2015 (LAD). (Entered: 11/19/2015) |
| 11/19/2015 | 1569 | Joinder re: 1459 Reply to Response to Motion *for Summary Judgment and Associated Reply filed by Retired Chief Brian Sands* by Defendant Joseph M Arpaio, Interested Parties John MacIntyre, Gerard Sheridan, Joseph Sousa. (Masterson, John) (Entered: 11/19/2015) |
| 11/19/2015 | 1570 | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Telephone Conference held on 11/19/2015.<br><br>APPEARANCES: Cecillia Wang, Michelle Morin and Daniel Pochoda for Plaintiffs. Joseph Popolizio, John Masterson and A. Melvin McDonald, Jr. for Defendant Joseph M. Arpaio and Maricopa County Sheriff's Office. Richard Walker and Charles Jirauch for Maricopa County. Gary Birnbaum and David Ouimette for Deputy Chief John MacIntyre. M. Craig Murdy for Brian Sands. Lee Stein for Chief Deputy Gerard Sheridan. Maureen Johnston for United States of America. (Court Reporter Gary Moll.) Hearing held 11:52 AM to 12:24 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KFZ) (Entered: 11/19/2015) |
| 11/19/2015 | 1571 | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 8/7/2014 and 11/19/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/19/2015) |

| 11/19/2015 | <u>1572</u> | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 11/19/2015, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 11/19/2015) |
| 11/20/2015 | <u>1573</u> | MEMORANDUM Respondent Brian Sands' Memorandum Regarding Order to Show Cause Closing Argument <u>880</u> Order, Set/Reset Hearings by Interested Party Brian Sands. (Murdy, M) (Entered: 11/20/2015) |
| 11/20/2015 | <u>1574</u> | MINUTE ENTRY for proceedings held before Judge G Murray Snow: Oral Argument held on 11/20/2015. Written submissions as set forth on the record due by December 4, 2015. (Court Reporter Gary Moll.) Hearing held 9:00 AM to 4:46 PM.(KFZ) (Entered: 11/20/2015) |
| 11/20/2015 | <u>1575</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *TELEPHONIC CONFERENCE* proceedings held on 11/19/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/11/2015. Redacted Transcript Deadline set for 12/21/2015. Release of Transcript Restriction set for 2/18/2016. (RAP) (Entered: 11/20/2015) |
| 11/23/2015 | <u>1576</u> | TRANSCRIPT REQUEST by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America for proceedings held on 11/20/2015, Judge G Murray Snow hearing judge(s). (Young, Stanley) (Entered: 11/23/2015) |
| 11/23/2015 | <u>1577</u> | TRANSCRIPT REQUEST by Joseph M Arpaio for proceedings held on 11/20/2015, Judge G Murray Snow hearing judge(s). (Popolizio, Joseph) (Entered: 11/23/2015) |
| 11/23/2015 | <u>1583</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of *EVIDENTIARY HEARING − DAY 21 (PAGES 4581 − 4820)* proceedings held on 11/20/2015, before Judge G. Murray Snow. (Court Reporter: Gary Moll). The ordering party will have electronic access to the transcript immediately. All others may view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/14/2015. Redacted Transcript Deadline set for 12/24/2015. Release of Transcript Restriction set for 2/22/2016. (RAP) (Entered: 11/25/2015) |
| 11/24/2015 | <u>1578</u> | ORDER The Court has received and reviewed the Monitor's invoice dated November 2, 2015 for services rendered by the Monitor in October 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice in full, including any past due balance. Signed by Judge G Murray Snow on 11/24/2015. (KMG) (Entered: 11/24/2015) |
| 11/24/2015 | <u>1579</u> | TRANSCRIPT REQUEST by Leon Silver of Gordon & Rees for proceedings held on 11/19/2015 and 11/20/2015, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 11/24/2015) |
| 11/24/2015 | <u>1580</u> | NOTICE of Attorney Withdrawal *Notice of Withdrawal of April Marie Hamilton as Counsel* filed by April Marie Hamilton. (Hamilton, April) (Entered: 11/24/2015) |
| 11/25/2015 | <u>1581</u> | PROTECTIVE ORDER granting <u>1468</u> MOTION for Protective Order. (See document for further details). Signed by Judge G Murray Snow on 11/24/15. (LAD) (Entered: 11/25/2015) |
| 11/25/2015 | <u>1582</u> | ORDER granting <u>1469</u> Stipulated Motion to Admit Certain Deposition Testimony of Rollie Seebert. (See document for further details). Signed by Judge G Murray Snow on 11/24/15. (LAD) (Entered: 11/25/2015) |
| 11/25/2015 | <u>1584</u> | TRANSCRIPT REQUEST by United States of America for proceedings held on November 13, 19, and 20, 2015, Judge G Murray Snow hearing judge(s). (Kimmins, Lynnette) (Entered: 11/25/2015) |
| 12/02/2015 | <u>1585</u> | TRANSCRIPT REQUEST by United States of America for proceedings held on 11/20/2015, Judge G Murray Snow hearing judge(s). (Killebrew, Paul) (Entered: 12/02/2015) |

| 12/04/2015 | 1586 | STATEMENT of Discrepancies in Court's Exhibit List by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 12/04/2015) |
|---|---|---|
| 12/04/2015 | 1587 | *REPLY to Response to Motion − SUPPLEMENT Brief in Support of Motion for Judicial Notice of Costs Incurred re: 1553 MOTION for Judicial Notice of Costs Incurred by Defendant Maricopa, County of. (Attachments: # 1 Exhibit)(Walker, Richard) *Modified to correct event type on 12/7/2015 (LSP). (Entered: 12/04/2015) |
| 12/04/2015 | 1588 | RESPONSE re: 1566 Order *of November 18, 2015* by Defendant Joseph M Arpaio. (Masterson, John) (Entered: 12/04/2015) |
| 12/04/2015 | 1589 | RESPONSE re: 1573 Memorandum *in Opposition to Chief Sands Memorandum re Order to Show Cause* by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 12/04/2015) |
| 12/04/2015 | 1590 | NOTICE re: Notice of Authorities by United States of America . (Attachments: # 1 Exhibit 1 − Cleveland Consent Decree, # 2 Exhibit 2 − Albuquerque Consent Decree, # 3 Exhibit 3 − Puerto Rico Consent Decree, # 4 Exhibit 4 − New Orleans Consent Decree Part 1, # 5 Exhibit 4 − New Orleans Consent Decree Part 2)(Johnston, Maureen) (Entered: 12/04/2015) |
| 12/04/2015 | 1591 | RESPONSE re: 1566 Order by Plaintiffs Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Wang, Cecillia) (Entered: 12/04/2015) |
| 12/04/2015 | 1592 | RESPONSE re: 1566 Order *of November 18, 2015,* by Interested Party Brian Sands. (Murdy, M) (Entered: 12/04/2015) |
| 12/04/2015 | 1593 | RESPONSE re: 1566 Order *to Questions Posed in Court's Order of November 18, 2015* by Defendant Maricopa, County of. (Attachments: # 1 Exhibit)(Walker, Richard) (Entered: 12/04/2015) |
| 12/07/2015 | 1594 | ORDER − The Court has received and reviewed the Monitor's invoice dated December 1, 2015 for services rendered by the Monitor in November 2015. The Court finds the invoice and charges to be reasonable and directs Maricopa County to authorize payment of the Monitor's invoice in full, including any past due balance. Signed by Judge G Murray Snow on 12/7/15. (LSP) (Entered: 12/07/2015) |
| 12/07/2015 | 1595 | TRANSCRIPT REQUEST by Michael Zullo (ProSe) for proceedings held on 11/06/15, 11/10/15, 11/12/15, & 11/13/15, Judge G Murray Snow hearing judge(s). (RAP) (Entered: 12/07/2015) |
| 12/10/2015 | 1596 | MOTION for Leave to File Motion *Post−Hearing Brief or, in the Alternative, to Respond to Plaintiff's Response in Opposition to Chief Sands' Nov 20th Memorandum (doc 1589)* by Brian Sands. (Attachments: # 1 Text of Proposed Order)(Dodd, Dane) (Entered: 12/10/2015) |
| 12/10/2015 | 1597 | NOTICE re: Plaintiffs' Filing Opposition to Maricopa County's Petition for Writ of Certiorari in the United States Supreme Court by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America . (Attachments: # 1 Exhibit A)(Morin, Michelle) (Entered: 12/10/2015) |
| 12/14/2015 | 1598 | RESPONSE to Motion re: 1596 MOTION for Leave to File Motion *Post−Hearing Brief or, in the Alternative, to Respond to Plaintiff's Response in Opposition to Chief Sands' Nov 20th Memorandum (doc 1589)* filed by Manuel de Jesus Ortega Melendres, Velia Meraz, Manuel Nieto, Jr, David Rodriguez, Jessica Quitugua Rodriguez, Somos America. (Young, Stanley) (Entered: 12/14/2015) |
| 12/17/2015 | 1599 | NOTICE OF ATTORNEY'S CHANGE OF ADDRESS/FIRM NAME by Ernest Calderon. (Calderon, Ernest) (Entered: 12/17/2015) |
| 12/24/2015 | 1600 | REPLY to Response to Motion re: 1596 MOTION for Leave to File Motion *Post−Hearing Brief or, in the Alternative, to Respond to Plaintiff's Response in Opposition to Chief Sands' Nov 20th Memorandum (doc 1589)* filed by Brian Sands. (Dodd, Dane) (Entered: 12/24/2015) |

| 12/29/2015 | 1601 | TRANSCRIPT REQUEST by Marni Shapiro of Davis Wright Tremaine LLP for Evidentiary Hearings proceedings held on 10/27/2015 and 11/12/2015, Judge G Murray Snow hearing judge(s). (RCO) (Entered: 12/29/2015) |
| 01/05/2016 | 1602 | ORDER granting the Motion 1596 and Sands has leave to file a reply to Plaintiffs' response to his memorandum, not to exceed ten pages, to be filed within seven days of the date of this Order. Signed by Judge G Murray Snow on 1/5/2016.(KMG) (Entered: 01/05/2016) |
| 01/05/2016 | 1603 | ORDER that the Motion for Summary Judgment of Retired Executive Chief Brian Sands (Doc. 1214 ) is DENIED. Signed by Judge G Murray Snow on 1/5/2016.(KMG) (Entered: 01/05/2016) |
| 01/05/2016 | 1604 | NOTICE re: Filing Sixth Quarterly Compliance Report by Joseph M Arpaio . (Attachments: # 1 Exhibit 1)(Iafrate, Michele) (Entered: 01/05/2016) |

# EXHIBIT 31

1          UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF ARIZONA

3

4   Manuel de Jesus Ortega            )
    Melendres, et al.,                )
5                                     )
              Plaintiffs,             )   CV 07-2513-PHX-GMS
6                                     )
              vs.                     )   Phoenix, Arizona
7                                     )   April 23, 2015
    Joseph M. Arpaio, et al.,         )   8:34 a.m.
8                                     )
              Defendants.             )
9   _____  )

10

11

12

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16        BEFORE THE HONORABLE G. MURRAY SNOW

17     (Evidentiary Hearing Day 3, pages 512-817)

18

19

20

21

22  Court Reporter:            Gary Moll
                               401 W. Washington Street, SPC #38
23                             Phoenix, Arizona  85003
                               (602) 322-7263
24

    Proceedings taken by stenographic court reporter
25  Transcript prepared by computer-aided transcription

1                          A P P E A R A N C E S

2

3   For the Plaintiffs:          Cecillia D. Wang, Esq.
                                  AMERICAN CIVIL LIBERTIES UNION
4                                 FOUNDATION
                                  Immigrants' Rights Project
5                                 39 Drumm Street
                                  San Francisco, California  94111
6                                 (415) 343-0775

7                                 Stanley Young, Esq.
                                  Hyun S. Byun, Esq.
8                                 COVINGTON & BURLING, L.L.P.
                                  333 Twin Dolphin Drive, Suite 700
9                                 Redwood Shores, California  94065
                                  (650) 632-4700

10
                                  Daniel J. Pochoda, Esq.
11                                Joshua D. Bendor, Esq.
                                  AMERICAN CIVIL LIBERTIES
12                                FOUNDATION OF ARIZONA
                                  3707 N. 7th St., Suite 235
13                                Phoenix, Arizona  85014
                                  (602) 650-1854

14
                                  Andre I. Segura, Esq.
15                                AMERICAN CIVIL LIBERTIES UNION
                                  FOUNDATION
16                                Immigrants' Rights Project
                                  125 Broad Street, 17th Floor
17                                New York, New York  10004
                                  (212) 549-2676

18
    For the Defendants:          Michele M. Iafrate, Esq.
19                                IAFRATE & ASSOCIATES
                                  649 N. 2nd Avenue
20                                Phoenix, Arizona  85003
                                  (602) 234-9775

21
    For the Defendant Maricopa County:
22
                                  Richard K. Walker, Esq.
23                                WALKER & PESKIND, P.L.L.C.
                                  16100 N. 71st Street
24                                Suite 140
                                  Scottsdale, Arizona  85254
25                                (480) 483-6336

1                          A P P E A R A N C E S

2

3    For the Defendant Arpaio:   A. Melvin McDonald, Esq.
                                 JONES, SKELTON & HOCHULI, P.L.C.
4                                2901 N. Central Avenue, Suite 800
                                 Phoenix, Arizona  85012
5                                (602) 263-1700

6    For Chief Deputy Sheridan: Lee D. Stein, Esq.
                                 MITCHELL STEIN CAREY
7                                One Renaissance Square
                                 2 North Central Avenue
8                                Suite 1900
                                 Phoenix, Arizona  85004
9                                (602) 358-0290

10   For Executive Chief Sands:  Greg S. Como, Esq.
                                 LEWIS BRISBOIS BISGAARD
11                               & SMITH, L.L.P.
                                 Phoenix Plaza Tower II
12                               2929 N. Central Avenue
                                 Suite 1700
13                               Phoenix, Arizona  85012-2761
                                 (602) 385-1040

14

     For Deputy Chief MacIntyre: Gary L. Birnbaum, Esq.
15                               DICKINSON WRIGHT, P.L.L.C.
                                 Attorneys at Law
16                               1850 N. Central Avenue, Suite 1400
                                 Phoenix, Arizona  85004
17                               (602) 285-5000

18   For Lieutenant Sousa:       David S. Eisenberg, Esq.
                                 DAVID EISENBERG, P.L.C.
19                               2702 N. 3rd Street
                                 Suite 4003
20                               Phoenix, Arizona  85004
                                 (602) 237-5076

21

     ALSO PRESENT:               Chief Robert Warshaw
22                               Chief John Girvin
                                 Chief Raul Martinez

23

24

25

1                          I N D E X

2   Witness:                                            Page

3   JOSEPH M. ARPAIO

4   Direct Examination Continued by Mr. Young            518
    Cross-Examination by Ms. Iafrate                     587
5   Redirect Examination by Mr. Young                    614
    Examination by the Court                             625
6
    JOSEPH SOUSA
7
    Direct Examination by Ms. Wang                       661
8   Cross-Examination by Ms. Iafrate                     757
    Cross-Examination by Mr. Como                        779
9   Redirect Examination by Ms. Wang                     789
    Recross-Examination by Ms. Iafrate                   797
10

11

12                        E X H I B I T S

13
    No.       Description                           Admitted
14
    78        MCSO News Release, *Sheriffs Deputies Raid*    561
15            *Phoenix Business for Employees using False ID,*
              *All Arrested Suspected of Being in US Illegally*
16            dated 9/20/2012

17  84        MCSO News Release, *Sheriffs Deputies Execute*  565
              *Search Warrant at Concrete Company in Glendale*
18            dated 10/18/2012

19  85        MCSO Shift Summary (Sonoran Concrete)     565
              DR 12-156907 dated 10/18/2012
20            (MELC157123 - MELC156125)

21  87        MCSO News Release, *72st Operation Targeting*   570
              *False Identifications Used to Gain Employment*
22            dated 3/14/2013

23

24

25

1                          E X H I B I T S

2    No.      Description                                    Admitted

3    88       MCSO Shift Summary (America's Taco Shop)          571
             DR 12-108378, DOJ Ex. 284 dated 3/14/2013
4            (MCS001291219 - MCS001291221)

5    132      E-mail chain from Sousa re "FW: Updated stats"  756
             and attaching "Criminal Employments stats
6            03-28-12.doc; 03-28-12.doc" dated 3/28/2012
             (MELCl14928 - MELCl 14931)
7
     168      MCSO Memorandum from Sousa re "Document          706
8            Production Request Regarding Request IAM-22"
             dated 1/12/2015 (MELC 114948)
9
     169      E-mail chain from Sousa re "Current HSU Ops      677
10           Manual" originally dated March 27, 2012, then
             January 13, 2015, and attaching HSU ops manual
11           (MELCl14960 - MELCl14967)

12   180      MCSO News Release, *West Valley*                 568
             *Asian/International Supermarket Under*
13           *Investigation by Sheriff's Office, Arpaio*
             *Says* dated 1/17/2013 (MELC109370 - MELC109371)
14
     182      MCSO News Release, *6 Adults and One Juvenile*   572
15           *Detained in Human Smuggling Operation* dated
             5/18/2013 (MELC167859 - MELC167860)
16
     193A     A Video Clip 1 of Story re Crime Sweep,          580
17           October 19, 2013

18   193B     Video Clip 2 of Story re Crime Sweep,            582
             October 19, 2013
19
     193C     Video Clip 3 of Story re Crime Sweep,            582
20           October 19, 2013

21   195A     Video Clip 1 of KNVX after 1070 Decision,        527
             June 25, 2012
22
     196A     Video Clip 1 of Fox Latino at Republican         545
23           Convention, August 31, 2012

24

25

1                          E X H I B I T S

2    No.      Description                                  Admitted

3    196C     Video Clip 3 of Fox Latino at Republican       547
              Convention, August 31, 2012
4
     196D     Video Clip 4 of Fox Latino at Republican       548
5            Convention, August 31, 2012

6    196E     Video Clip 5 of Fox Latino at Republican       550
              Convention, August 31, 2012
7
     197A     Video Clip 1 of Fox News after after 1070      536
8            Decision, June 26, 2012

9    198A     Video Clip 1 of Univision after 1070 Decision, 529
              June 25, 2012
10
     198B     Video Clip 2 of Univision after 1070 Decision, 530
11           June 25, 2012

12   199A     Video Clip 1 of CNN June 25, 2012              533

13   199B     Video Clip 2 of CNN June 25, 2012              534

14   200A     Video Clip 1 of Fox Cavuto June 25, 2012       539

15   201A     Video Clip 1 of Maldonado Interview published  521
              April 13, 2012
16
     201B     Video Clip 2 of Maldonado Interview published  524
17           April 13, 2012

18   203      Video Excerpt from The Joe Show, released      585
              February 26, 2014
19
     212`     Email Chain from J. Sousa to J. Spurgin, et.   725
20           al., re "Master Stat Sheet for Op Desert Sky"
              dated March 31, 2011 (MELC172485 - MELC172503)
21           Sousa Depo Exhibit 192

22   216      Email from J. Sousa to M. Trowbridge, et al.,  668
              re "The Saving of Emails for Ongoing Lawsuits
23           per Att Tim Casey" dated March 27, 2012
              (MELC173868 - MELC173870)
24

25

1    and some of the things that it states.

2              I recognize, and I believe Mr. Lemons does in the

3    article, too, that he can't personally vouch for everything

4    that the article says, it's just what he's had some sources

5    tell him.                                                        11:57:10

6              So I don't mean to suggest one way or another that the

7    article is accurate.  I just want to ask about some of the

8    things that it says so I understand them.  And I trust that

9    you'll tell me the truth, and you understand you're under oath,

10   correct?                                                         11:57:24

11             Did you detail some of your personnel to conduct

12   investigations that resulted in their frequent trips and stays

13   in the Washington state area beginning in 2013 or 2014?

14   A.  We had a couple investigations -- investigators go up

15   there, yes.                                                      11:57:40

16   Q.  And who were those investigators?

17   A.  I think it was Zullo and Brian Mackiewicz.

18   Q.  And Mackiewicz is --

19   A.  A detective.

20   Q.  Is he in your -- is he assigned to you personally, your     11:57:52

21   risk detail?

22   A.  Well, we had a lot of threats on me and --

23   Q.  I understand that.  Is that generally his assignment, to

24   protect you and assess risks that come against you?

25   A.  Yes.                                                         11:58:09

 1   Q.  And so you were aware when he was gone to the Seattle area?

 2   A.  Yes.

 3   Q.  And what about -- I think there's a Mr. Anglin mentioned in

 4   the article.  Was he also an officer that was assigned to go to

 5   Seattle as well?                                              11:58:23

 6   A.  I think for a short period of time he did.

 7   Q.  And is zoo -- did you say Zulu?  Zullo.  Is he a posse

 8   member?

 9   A.  Yes.

10   Q.  And did you pay funds from Maricopa County for Mr. Zullo to  11:58:33

11   go to the Washington area?

12   A.  Yes.

13   Q.  And then I assume you paid Anglin and Mackiewicz their

14   travel costs?

15   A.  We don't pay for Zullo, but --                            11:58:47

16   Q.  But you paid Mackiewicz and Anglin.

17   A.  Yes.

18   Q.  And did you also hire a consultant in the Washington state

19   area to help you with this investigation or investigations that

20   Mackiewicz and Zullo were working with?                       11:59:02

21   A.  Not that I know of.  May have.

22   Q.  Did you have a confidential informant in the Washington

23   area that they were working with?

24   A.  Yes.

25   Q.  And does the article accurately identify who that          11:59:12

 1    confidential informant was?

 2           It says the name is Dennis Montgomery.  Is that the

 3    confidential informant?

 4    A.  Yes.

 5    Q.  And so when Mr. Montgomery was a confidential informant, he    11:59:38

 6    was some sort of a computer consultant?

 7    A.  Yes.

 8    Q.  And as a confidential informant, his fees would have to be

 9    paid, or approved, if in fact it was before the transfer of

10    Captain Bailey, his fees would have had to have been approved    11:59:57

11    by Captain Bailey, or any payments to him would have had to

12    have been approved by Captain Bailey?

13    A.  I'm not sure at the time period, Your Honor.

14    Q.  Now, the article says that you were personally conducting

15    these investigations and personally aware of them.    12:00:14

16           Were you?

17    A.  Well, on a certain issue I was.

18    Q.  And what issue was that?

19    A.  It was the president's birth certificate.

20    Q.  Okay.  So you were -- Mr. Montgomery was doing research    12:00:25

21    into the president's birth certificate.  Did Mr. Montgomery

22    ever tell you -- or, well, did you ever use Mr. Montgomery to

23    investigate anything about the Department of Justice?

24    A.  I don't believe that Montgomery was involved in the birth

25    certificate.  It was other violations that he was looking into.    12:00:46

1    Q.  And what were those?

2    A.  Had to do with computer tampering and also bank fraud, that

3    type of thing.

4    Q.  Did you ever -- you see that the article says that what

5    Montgomery was actually doing was investigating me.                    12:01:12

6            You see that that's what the article says?

7    A.  It's not true.

8    Q.  All right.  Are you aware that I've ever been investigated

9    by anyone?

10   A.  You investigated?                                                   12:01:24

11   Q.  Yes.

12   A.  No.  No.

13   Q.  Any of my activities?

14   A.  No.

15   Q.  Any of my family members?                                          12:01:31

16   A.  That have been investigated?

17   Q.  Yes.

18   A.  Not by our office.

19   Q.  Are you aware of anybody who's investigated any of my

20   family members by any -- any office.  Or anybody.                      12:01:52

21   A.  I believe there was an issue, but once again, it wasn't my

22   office.

23   Q.  Well, whose office was it?

24   A.  It was an outside investigator not hired by us.

25   Q.  Who hired the outside investigator?                                 12:02:12

1    A.   Could have been counsel.

2    Q.   "Counsel" meaning your counsel?

3    A.   Yes.

4    Q.   And would that have been Mr. Casey or Ms. Iafrate?

5    A.   I believe it would have been Mr. Casey.                    12:02:30

6    Q.   And who did he hire?

7    A.   It was the counsel.

8    Q.   I'm sorry?

9    A.   Mr. Casey.

10   Q.   Mr. Casey.  Who did Mr. Casey hire?                        12:02:42

11   A.   Pardon?

12   Q.   Who did Mr. Casey hire?  To investigate me or a member of

13   my family, or members of my family.

14   A.   We weren't investigating you, Your Honor.

15   Q.   Well, who were you investigating?                          12:02:56

16   A.   We were investigating some comments that came to our

17   attention.

18   Q.   Okay.  And how did they come to your attention?

19   A.   Through e-mail.

20   Q.   And do you know who the author of the e-mail was?          12:03:10

21   A.   I don't have the name right now.

22   Q.   Okay.  Let me ask, in his article Mr. Lemons indicates --

23   well, let me get -- let me get this clear.  Your testimony is

24   that Mr. Mackiewicz, Mr. Anglin, Mr. Zullo, never were involved

25   in any investigation of the Department of Justice or of me, is  12:03:33

1  that correct?

2  A.  Not -- no, not of you.

3  Q.  Well, were they involved in an investigation of the

4  Department of Justice?

5  A.  I'm not sure.                                                    12:03:55

6  Q.  Were they trying to determine whether the Department of

7  Justice had contacted me in any way?

8  A.  I'm not sure about that.

9  Q.  You're not sure about that?

10  A.  No.                                                             12:04:09

11  Q.  And would Mr. Montgomery have been involved in assisting

12  them to determine whether the Department of Justice had

13  contacted me in any way?

14  A.  No.  I believe there was information about many judges

15  being infiltrated or wiretaps and that type of thing.  That's      12:04:29

16  what the informer said that right now we don't have much

17  confidence in.

18  Q.  Well, who was the informer and what did the informer say?

19  A.  We're speaking about Montgomery.

20  Q.  All right.  Montgomery said that judges had been                12:04:50

21  infiltrated?

22  A.  That many judges -- if I recall, that they're wire -- their

23  phones were tapped, e-mails, that type of thing.

24  Q.  By the Department of Justice?

25  A.  By someone.                                                     12:05:08

1   Q.  And so Mr. Montgomery proposed to -- who did he propose to

2   at the MCSO that the DOJ was inappropriately --

3           I assume it was of interest to you if they were

4   wiretapping my phone, among others?

5   A.  Yes.  And mine, too.                                    12:05:33

6   Q.  And yours, too.

7           And so were you conducting this investigation?

8   A.  No.

9   Q.  Who was in your department?

10  A.  This is Zullo and I think Mackiewicz.                   12:05:40

11  Q.  What rank does Mackiewicz have?

12  A.  He's a detective.

13  Q.  Who did he report to about this investigation?

14  A.  I think he and Zullo worked together.

15  Q.  And who did they report to?                             12:05:52

16  A.  And Jerry Sheridan.

17  Q.  They reported to Deputy Chief Sheridan?

18  A.  At one time, but let me just say that the information

19  we're -- we've been getting is the informer's not very viable.

20  Q.  Well, I understand that, I think the article itself says, 12:06:11

21  that you became aware after a considerable amount of time that

22  the reporter was giving you junk.  Is that fair to say?

23  A.  Yes.

24  Q.  Or the informer was giving you junk?

25  A.  Yes.                                                    12:06:24

1    Q.  How much money did you spend on the informant?

2    A.  I don't recall.

3    Q.  How much money did you spend on the investigation?

4    A.  I don't have the figures.

5    Q.  Do you -- does the -- I guess I want to straighten some          12:06:35

6    things out to make sure that I understand them.

7           It's typical that confidential informants get control

8    numbers?

9    A.  I believe so.

10   Q.  And that they are maintained in a confidential informant         12:06:56

11   log and monitored by the Special Investigations Division

12   commander or his designee?

13   A.  I believe so.

14   Q.  And that for the time that this matter was going to be

15   investigated, or was being investigated, that would have been       12:07:14

16   Captain Bailey, correct?

17   A.  I'm still not sure on the time -- time frame, or whether he

18   knew about it.

19   Q.  Well, I will tell you that the article suggests that the

20   investigation began in October of 2013.  And Mr. Lemons, in the     12:07:29

21   article, says that as of January 2015 he kept making document

22   requests to the MCSO, and the MCSO continued to say this is an

23   ongoing investigation, we're not going to give you anything.

24          So is this investigation still ongoing, or have you

25   determined pretty much that the informant was unreliable and        12:07:51

1  it's not worth proceeding?

2  A.  Well, it's almost finished.

3  Q.  I'm sorry?

4  A.  It's almost finished on -- especially on his reliability.

5  Q.  All right.  Are you investigating him now?          12:08:06

6  A.  I'm not sure.

7  Q.  Well, I want to understand exactly what it is that

8  Mr. Mont -- your understanding of what it is that

9  Mr. Montgomery told you DOJ was doing that you were

10 investigating.                                          12:08:23

11 A.  Once again, he seemed to indicate that someone was

12 penetrating in the e-mails of our local attorneys and others,

13 judges, that type of thing, which we can't prove.

14 Q.  All right.  And was I one of those judges?

15 A.  I think you were one of the judges.                 12:08:50

16 Q.  And were you concerned then that that might be affecting my

17 judgment or neutrality in this lawsuit?

18 A.  No.

19 Q.  Who else was named by Mr. Montgomery as being targets of

20 this DOJ investigation?                                 12:09:08

21 A.  I believe the -- our local law firm, the attorneys working

22 for us on the Department of Justice lawsuit.

23 Q.  Who else?

24 A.  You mean other judges around -- I don't remember.

25 Q.  Anybody that Mr. Montgomery said that -- that the DOJ was   12:09:34

 1   bugging their phones, or otherwise intruding into their private

 2   communications.

 3   A.  Well, I know I was.

 4   Q.  You were one.  Your law firm was one.

 5   A.  Jerry Sheridan, I believe.  And there's other local          12:09:53

 6   officials.

 7   Q.  And I was?

 8   A.  You -- yes.

 9   Q.  Did you keep any of the materials that Mr. Montgomery has

10   provided you?                                                    12:10:03

11   A.  I don't have them.

12   Q.  Who does?

13   A.  I believe Zullo does.

14   Q.  And is he subject to your control --

15   A.  Yes.                                                         12:10:13

16   Q.  -- as a member of your posse?

17   A.  Yes.

18   Q.  I'm going to direct you that you tell Mr. Zullo that he

19   keep all those documents.  All right?

20   A.  He what?                                                     12:10:22

21   Q.  He keep and maintain all of those documents.

22   A.  Yes.

23   Q.  I'm going to direct you that nothing pertaining to any of

24   this investigation be destroyed, including confidential

25   informant numbers.                                               12:10:32

1

2                    C E R T I F I C A T E

3

4

5

6

7         I, GARY MOLL, do hereby certify that I am duly

8  appointed and qualified to act as Official Court Reporter for

9  the United States District Court for the District of Arizona.

10         I FURTHER CERTIFY that the foregoing pages constitute

11  a full, true, and accurate transcript of all of that portion of

12  the proceedings contained herein, had in the above-entitled

13  cause on the date specified therein, and that said transcript

14  was prepared under my direction and control.

15

16

17         DATED at Phoenix, Arizona, this 24th day of April,

18  2015.

19

20

21                          s/Gary Moll
                        _____

22

23

24

25

# EXHIBIT 32

1                UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF ARIZONA

3

4  Manuel de Jesus Ortega Melendres,    )
   et al.,                             )
5                                      )
                Plaintiffs,            )  No. CV 07-2513-PHX-GMS
6                                      )
                vs.                    )  Phoenix, Arizona
7                                      )  October 26, 2015
   Joseph M. Arpaio, et al.,           )  11:10 a.m.
8                                      )
                Defendants.            )
9  _____ )

10

11

12

13

14

15             REPORTER'S TRANSCRIPT OF PROCEEDINGS

16        BEFORE THE HONORABLE G. MURRAY SNOW

17                 (Telephonic Conference)

18

19

20

21

22  Court Reporter:            Gary Moll
                               401 W. Washington Street, SPC #38
23                             Phoenix, Arizona  85003
                               (602) 322-7263
24

25  Proceedings taken by stenographic court reporter
    Transcript prepared by computer-aided transcription

1                          A P P E A R A N C E S

2

3    For the Plaintiffs:
             American Civil Liberties Union Foundation
4            Immigrants' Rights Project
             By:  Cecillia D. Wang, Esq.
5            39 Drumm Street
             San Francisco, California  94111
6
             Covington & Burling, LLP
7            By:  Stanley Young, Esq.
             333 Twin Dolphin Drive, Suite 700
8            Redwood Shores, California  94065

9    For the Defendant Maricopa County:
             Walker & Peskind, PLLC
10           By:  Richard K. Walker, Esq.
             SGA Corporate Center
11           16100 N. 7th Street, Suite 140
             Phoenix, Arizona  85254
12
             Jones, Skelton & Hochuli, PLC
13           By:  A. Melvin McDonald, Jr., Esq.
             By:  John T. Masterson, Esq.
14           By:  Joseph T. Popolizio, Esq.
             2901 N. Central Avenue, Suite 800
15           Phoenix, Arizona  85012

16   For the Movants Christine Stutz and Thomas P. Liddy:
             Broening, Oberg, Woods & Wilson, PC
17           By:  Terrence P. Woods, Esq.
             P.O. Box 20527
18           Phoenix, Arizona  85036

19   For the Movants Maricopa County Attorney's Office and Maricopa
     County Attorney William Montgomery:
20           Ridenour Hienton, PLLC
             By:  April M. Hamilton, Esq.
21           Chase Tower
             201 N. Central Avenue, Suite 3300
22           Phoenix, Arizona  85004

23

24

25

 1                    A P P E A R A N C E S

 2


 3   For the Intervenor United States of America:
              U.S. Department of Justice - Civil Rights Division
 4            By:  Paul Killebrew, Esq.
              950 Pennsylvania Avenue NW, 5th Floor
 5            Washington, D.C.  20530

 6            U.S. Department of Justice - Civil Rights Division
              By:  Cynthia Coe, Esq.
 7            601 D. Street NW, #5011
              Washington, D.C.  20004

 8
     For Executive Chief Brian Sands:
 9            Lewis, Brisbois, Bisgaard & Smith, LLP
              By:  Dane A. Dodd, Esq.
10            2929 N. Central Avenue, Suite 1700
              Phoenix, Arizona  85012

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      P R O C E E D I N G S

2

3          THE COURT:  Please be seated.

4          THE CLERK:  This is civil case number 07-2513,

5    Melendres, et al., v. Arpaio, et al., on for telephonic          11:10:44

6    conference.

7          Counsel, please announce your appearances.

8          MR. YOUNG:  Good morning, Your Honor.  Stanley Young,

9    Covington Burling, for plaintiffs.

10         THE COURT:  Good morning.                                  11:10:54

11         MS. WANG:  Good morning, Your Honor.  Cecillia Wang of

12   the ACLU for plaintiff.

13         THE COURT:  Good morning.

14         MR. POPOLIZIO:  Good morning, Your Honor.  Joe

15   Popolizio on behalf of Sheriff Arpaio.                           11:11:06

16         MR. MASTERSON:  Good morning, Judge.  John Masterson

17   for Sheriff Arpaio.

18         THE COURT:  Good morning to you both.

19         MR. McDONALD:  Good morning, Your Honor.  Mel McDonald

20   making a special appearance for Sheriff Joe Arpaio.              11:11:14

21         THE COURT:  Good morning.

22         MR. WOODS:  Good morning, Judge.  Terry Woods for

23   Stutz and Liddy.

24         THE COURT:  Good morning.

25         MS. HAMILTON:  Good morning, Your Honor.  April           11:11:23

 1   Hamilton for the Maricopa County Attorney's Office and Maricopa

 2   County Attorney William Montgomery.

 3           THE COURT:  Good morning.

 4           MR. WALKER:  Good morning, Judge.  Richard Walker on

 5   behalf of Maricopa County.                                    11:11:33

 6           THE COURT:  Good morning.

 7           MS. COE:  Good morning, Your Honor.  Cynthia Coe on

 8   behalf of the United States.

 9           THE COURT:  Good morning.

10           MR. KILLEBREW:  Good morning, Your Honor.  Paul        11:11:42

11   Killebrew for the United States.

12           THE COURT:  Good morning.

13           MR. DODD:  Good morning, Your Honor.  Dane Dodd on

14   behalf of former Chief Brian Sands.

15           THE COURT:  Good morning.  Do we have anybody else?    11:11:54

16           All right.  I'm here at the request of the parties.

17   Apparently, we've hit a snag in what I had hoped had been an

18   understood schedule for discovery?

19           MR. YOUNG:  Yes, Your Honor.  This is Stanley Young.

20   Let me start off, since I asked for the call.  Thank you very  11:12:16

21   much.

22           We did have a schedule for document production by

23   Mr. Zullo that would be completed on October 20 followed by a

24   deposition that was scheduled for October 23.

25           We did receive a number of documents actually before  11:12:35

1    the 20th.  Thank you to Mr. Popolizio and his office for that.

2             THE COURT:  Do you know, Mr. Young, you're very

3    difficult to hear.  Could you please speak up?  We do have

4    persons in the courtroom who may wish to hear you.

5             MR. YOUNG:  Yes.  I apologize.  I'll start over again.    11:12:51

6             Is this better if I speak at this volume?

7             THE COURT:  Yes, you can be heard.

8             MR. YOUNG:  Okay.  Thank you.

9             We had a schedule that called for document production

10   by Mr. Zullo that would be completed on October 20th followed    11:13:04

11   by a deposition on October 23.  We did receive a number of

12   documents before the 20th.  However, Mr. Popolizio filed a

13   document last week stating that there were additional documents

14   that he would -- that were in his possession that would not be

15   produced --                                                      11:13:31

16            THE COURT:  Yes, I have read that.

17            MR. YOUNG:  Yes.  We filed and then served a subpoena

18   on the Jones, Skelton firm.  Subsequently, there's been an

19   objection to that that cites the same concerns by Mr. Zullo

20   that were reflected in the filing.                               11:13:49

21            We then had a deposition, or a start of a

22   deposition --

23            THE COURT:  Can I interrupt?  Can I interrupt,

24   Mr. Young?

25            MR. YOUNG:  Yes.                                        11:13:58

1        THE COURT:  Did you have the deposition without

2   receiving the documents?

3        MR. YOUNG:  We received some documents but --

4        THE COURT:  No, no, no.  I understood you received

5   some documents, but I'm talking about the documents that          11:14:07

6   Mr. Masterson and Mr. Popolizio indicated they would not

7   produce because of Mr. Zullo's instruction not to do so.

8        MR. YOUNG:  We have not received those documents

9   yet --

10        THE COURT:  All right.  Thank you.                           11:14:22

11        MR. YOUNG:  -- so we started the deposition without

12   those documents.

13        I did send to your assistant, Your Honor, with copies

14   to the parties, the transcript of what took place on Friday.

15   Basically, Mr. Zullo refused to answer substantive questions,    11:14:34

16   saying that he wanted to talk to an attorney and have the

17   advice of an attorney before he did so.

18        He said that prior to two days before the deposition,

19   he had understood that the Jones, Skelton firm would be

20   representing him; that some issue arose as to that that caused   11:14:52

21   him some concern.  He indicated that he would attempt yesterday

22   to meet with an attorney who might represent him in this

23   matter; that he did intend to answer questions, but just was

24   not able to on Friday.

25        So I don't know whether there's any information among       11:15:12

1    any of the other participants on this call as to that.  We

2    obviously have a concern about the effect on the schedule of

3    this development, and because it does affect the schedule, we

4    wanted to inform the Court of what is happening and get the

5    Court's guidance.                                              11:15:30

6            THE COURT:  Very good.

7            Mr. Masterson and Mr. Popolizio, who's speaking?

8            MR. POPOLIZIO:  I'll speak, Your Honor.  This is Joe

9    Popolizio.

10           THE COURT:  Well, Mr. Popolizio, you represented to me  11:15:44

11   that you were representing Mr. Zullo, at least for purposes of

12   Lang and 4.2, and so, I mean, it's kind of like being -- you

13   can't be half in or half out: you're either representing him or

14   you're not representing him.  And I assume that you were

15   representing him on the basis that Mr. Zullo's statements       11:16:09

16   and/or admissions could be imputed to the organization.

17           Have you reversed field on that?

18           MR. POPOLIZIO:  Well, Your Honor, no, because I

19   specifically stated that I represent Sheriff Arpaio, and

20   inasmuch -- I would represent Mr. Zullo inasmuch as I protect   11:16:25

21   the privilege Sheriff Arpaio is a holder of.  He wished to

22   comply with the subpoena --

23           THE COURT:  Now, wait a minute.  I asked you

24   specifically for Lang purposes and you said yes, right?

25           MR. POPOLIZIO:  For Lang, it's about ex parte           11:16:46

1   communications, I believe, Your Honor.

2         THE COURT:  It is.  And it is because -- as I

3   understood Lang, at least in shorthand -- Mr. Young couldn't

4   speak with Mr. Zullo if in fact his statements or admissions

5   could be imputed to the organization.                        11:17:04

6         Is it now your position that they cannot be imputed to

7   the organization?

8         MR. POPOLIZIO:  I cannot take that position.

9         THE COURT:  All right.  Then you're representing

10  Mr. Zullo, are you not?                                       11:17:14

11        MR. POPOLIZIO:  My understanding is that I am not,

12  Your Honor.

13        THE COURT:  Well, where do you get that understanding

14  from?  Can I have the authority, please?

15        MR. POPOLIZIO:  Well, from my understanding of how it   11:17:28

16  works, and --

17        THE COURT:  With all due respect, Mr. Popolizio, I

18  don't mean to make light of your understanding, I want to

19  understand it completely, but as I sometimes tell my law

20  clerks, it's not that I'm uninterested if their impressions; I 11:17:39

21  want legal authority to back it up, and so I want your legal

22  authority.

23        MR. POPOLIZIO:  Well, the legal authority that I

24  would -- I would cite, or at least what I thought was

25  controlling, Your Honor, would be --                         11:17:52

 1          THE COURT:  Well, let's look at 4.2.  Do you have it

 2   in front of you?

 3          MR. POPOLIZIO:  I do not, Your Honor.

 4          THE COURT:  Well, why don't you pull it?  It won't be

 5   hard for you to find.  Are you in your law office?          11:18:02

 6          MR. POPOLIZIO:  I am not.

 7          THE COURT:  Where are you?

 8          MR. POPOLIZIO:  I am at a client's office, Your Honor.

 9   I don't have that with me.  That's why I wanted to do this at

10   1:00, but that wasn't a possibility.                        11:18:15

11          THE COURT:  Oh, I'm sorry, but I have sentencing all

12   day.  I'll read it to you.

13          MR. POPOLIZIO:  I understand that.

14          THE COURT:  It says:  "In representing a client, a

15   lawyer shall not communicate about the subject of the       11:18:23

16   representation with a party the lawyer knows to be represented

17   by another lawyer in the matter unless the lawyer has the

18   consent of the other lawyer or is authorized by law to do so."

19          And then the comment goes into whether or not

20   statements can be attributed to the party by -- statements of 11:18:40

21   the person can be attributed to the party; I'll be glad to read

22   those to you.

23          "In the case of an organization, this rule prohibits

24   communications by a lawyer for one party concerning the matter

25   and representation with persons having managerial           11:18:57

1   responsibility on behalf of the organization and with any

2   person whose act or omission in connection with that matter may

3   be imputed to the organization for purposes of civil or

4   criminal liability, or whose statement may constitute an

5   admission on the part of the organization.  If an agent or          11:19:13

6   employee of the organization is represented in the matter by

7   counsel, the consent by that counsel to communication will be

8   sufficient for purposes of this rule."

9           And so I must say that I assumed that what you were

10  telling me is that because that was the case with Mr. Zullo,        11:19:26

11  you were asserting the representational rights with respect to

12  Mr. Zullo, and you're telling me now that's not what you were

13  saying.

14          MR. POPOLIZIO:  I'm telling you, Your Honor, that

15  that's not what I was saying.  I've explained, no matter right      11:19:41

16  or wrong, what I meant when I stated what I stated last time we

17  were on the phone.

18          THE COURT:  Well, let me have a full understanding of

19  that so -- so I cut you off a little bit because I wanted legal

20  authority, and if you don't have any, then let me understand        11:19:58

21  what your understanding is of what you were doing.

22          MR. POPOLIZIO:  My understanding of what I was doing,

23  Your Honor, is that I represent Sheriff Arpaio.  To the extent

24  that Mr. Zullo was served the subpoena, that I was going to

25  review whatever he produced in response to the subpoena for         11:20:18

1   privilege, work product, and then produce it on a rolling basis

2   to the plaintiffs instead of waiting until the 20th, which we

3   did.  And at some point during our rolling out documents to

4   plaintiffs in response to the subpoena, the authority to do

5   that was revoked by Mr. Zullo and he did not want those to go,    11:20:45

6   and he cited Fourth Amendment, Fifth Amendment, and due process

7   protections that he claimed that he has, and he is, as of -- as

8   late as last night had asserted that also.  He is not

9   available, I know, to participate in this, because he is --

10  right now I believe he is on a plane.  So I inform the Court of   11:21:19

11  that, but --

12          THE COURT:  Where is he on a plane to or from?

13          MR. POPOLIZIO:  To Phoenix, Your Honor.

14          THE COURT:  From where?

15          MR. POPOLIZIO:  I believe Georgia.                        11:21:33

16          THE COURT:  And he was seeking counsel in Georgia?

17          MR. POPOLIZIO:  That is my understanding.

18          THE COURT:  All right.  So let me just clarify what

19  you're telling -- what you were trying to tell me and what I

20  misunderstood before.                                            11:21:48

21          You don't claim any right to represent Mr. Zullo.  Is

22  that correct?

23          MR. POPOLIZIO:  Your Honor, I did not, and my

24  reservation is if I was wrong, then I don't want to do anything

25  to jeopardize anything.  I did not claim that I was              11:22:02

 1   representing Mr. Zullo.

 2          THE COURT:  All right.  Apparently, then, you have

 3   reviewed for privilege certain materials, and you have withheld

 4   some materials from Mr. Young based on the instruction you

 5   received from Mr. Zullo but not based on your conclusion that      11:22:20

 6   they were attorney-client privileged, is that correct?

 7          MR. POPOLIZIO:  Yes.

 8          THE COURT:  All right.  I would like you to make a

 9   privilege log and identify every communication or document

10   which you're claiming is privileged and maintain copies of       11:22:36

11   those documents and provide a copy of the privilege log to all

12   parties.  All right?

13          MR. POPOLIZIO:  Yes, sir.

14          MR. YOUNG:  Your Honor, may I be heard on that issue?

15          We did receive a privilege log that had one document       11:22:55

16   on it that states it's in between Ms. Iafrate's office and the

17   MCSO.  The other documents that Mr. Popolizio referred to in

18   his filing with the Court, which he was withholding based on

19   Mr. Zullo's objection, are not on that log --

20          THE COURT:  Well, that's what I just told him he has       11:23:16

21   to identify on a docu- -- or communication-by-communication

22   basis.

23          MR. YOUNG:  Yes.  Thank you.

24          THE COURT:  All right.  And are you clear what I'm

25   directing you to do, Mr. Popolizio?                               11:23:27

 1          MR. POPOLIZIO:  Yes, Your Honor.

 2          THE COURT:  All right.  So I'm going to ask you to do

 3    that.

 4          And then if Mr. Zullo's taking the position that he's

 5    not representing Mr. Zullo, then I think you can re-notice up     11:23:36

 6    his deposition.  I will say the last I looked at this, and it's

 7    been quite a while ago, there is no assertion that the Fifth

 8    Amendment applies to documents.  But I'm willing to provide

 9    Mr. Zullo a chance to say that the Fifth Amendment applies to

10    document production.                                             11:23:56

11          I can't imagine how the Fourth Amendment applies, I've

12    already looked at this for narrowed scope, but I will give him

13    a chance to make that assertion as well, but I'm not going to

14    give him very long.

15          MR. YOUNG:  Yes, Your Honor.  I would note one -- if I     11:24:11

16    may -- one additional thing, which is that the documents in the

17    hands of the Jones, Skelton law firm, I don't believe their

18    production via our subpoena would implicate a Fifth Amendment

19    concern, and I would cite Fisher versus United States in that

20    regard, which is --                                              11:24:33

21          THE COURT:  You're being very faint again, Mr. Young.

22          MR. YOUNG:  Oh, I apologize.  Let me start all over

23    again.  The documents that are currently in the hands of the

24    Jones, Skelton law firm which we have now subpoenaed, I don't

25    think those, the production of those documents from the Jones,   11:24:53

1    Skelton law firm would implicate Mr. Zullo's Fifth Amendment

2    concerns.  And I would refer the Court and the parties to

3    Fisher versus United States, 425 U.S. 391 (1976).

4           THE COURT:  Okay.  Well, I will take a look at that.

5    And then if you want -- I don't know that you're going to          11:25:13

6    respond, Mr. Popolizio.  It's my understanding that you won't

7    because you're not representing Mr. Zullo, is that correct?

8           MR. POPOLIZIO:  My understanding -- that was my

9    understanding, Your Honor, but I also just stated that if I was

10   wrong -- I'm going to have to confer with my co-counsels in       11:25:29

11   this to determine where I'm going from here.  I know that

12   you've stated to do the privilege log and to provide these, but

13   I need to speak with my partners on this.

14          THE COURT:  All right.  I'm also directing you to

15   maintain copies of all communications that you've been provided   11:25:45

16   by Mr. Zullo.

17          I guess I'm going to -- what do I need to do, then?  I

18   guess what I will say is, Mr. Young, it seems to me that you

19   can re-notice up the deposition of Mr. Zullo, and he doesn't

20   have any basis on refusing to be imposed because he's not         11:26:03

21   represented, and he's been well aware that he was going to be

22   deposed in this matter and that subpoenas were going to be

23   requested, that subpoenas were issued for his information.

24          And I will say, Mr. Popolizio, that I did read the

25   transcript of the deposition.  I gather that he made some         11:26:26

1  objection that he was under the impression that he was going to

2  be provided representation by the County and that he wasn't

3  aware of that until two days before.  I don't know,

4  Mr. Popolizio, if you want to address that.

5       MR. POPOLIZIO:  I was not at the deposition, Your      11:26:44

6  Honor, and I did not see the transcript.

7       MR. YOUNG:  Actually, Your Honor, if I could -- this

8  is Stanley Young.  I believe what Mr. Zullo said was that until

9  two days before the deposition, he thought that he would be

10 provided counsel, and then that was either with Jones, Skelton   11:27:05

11 directly or otherwise through the County, and that he found out

12 to his surprise two days before the deposition that in fact he

13 was not being provided counsel, and that's why he went to

14 Georgia to seek out counsel.

15      THE COURT:  All right.  Well, nothing is going to        11:27:21

16 prevent you, then, from re-noticing his deposition and taking

17 it.  Whether he has counsel or whether he doesn't, of course,

18 I'll expect you to comply with ethical rules, which I am sure

19 you will, in taking that deposition.

20      But let's talk about when that would be best and most    11:27:34

21 appropriately noticed, given the current schedule.

22      MR. YOUNG:  We tried to do that on Friday, Your Honor,

23 and -- now, I don't know whether he has succeeded in retaining

24 counsel.  If he has not, then I think that having him come for

25 deposition again would give us the same result, which he would  11:27:55

 1  refuse to answer questions based on his concern about possible

 2  criminal issues.  So we do have that issue.

 3         We also have, as plaintiffs, Your Honor, a concern

 4  about the schedule in the case.  We don't really want this to

 5  hold up the conclusion of the current order to show cause                    11:28:18

 6  proceeding.  We do have some remedy issues that we think the

 7  Court has and will have plenty of information on which to

 8  proceed.  We do think that Mr. Zullo's testimony will be

 9  useful, and it may be that it is relevant to some other things

10  that we may need to do or see fit to ask the Court to do                     11:28:43

11  subsequently.

12         But if it takes a while for Mr. Zullo to obtain

13  counsel and therefore there's a delay in any deposition where

14  he will answer questions, I'm not sure we would want that to

15  unduly delay the conclusion of the current OSC proceeding.                   11:29:02

16         So that is an issue on which we do seek the Court's

17  guidance, and I don't have any information from Mr. Zullo now

18  as to whether he has succeeded in obtaining counsel, and if so,

19  when he would be willing to come in for a deposition.  And I

20  don't really think that a repetition of Friday where he is                   11:29:25

21  subpoenaed in -- he's actually under a subpoena now, and he's

22  under a trial subpoena as well, and he simply refuses to answer

23  questions, I don't know -- well, it won't give the Court any

24  more information; it won't give us any more information.

25         THE COURT:  Well --                                                   11:29:43

1        MR. McDONALD:  Your Honor?  Your Honor, this is

2   Mel McDonald.  Can I address this issue briefly?

3        THE COURT:  You may.

4        MR. McDONALD:  I conferred by e-mail with an attorney

5   in Atlanta, Georgia, who Mr. Zullo apparently met with                11:29:54

6   yesterday.  I had encouraged him to join this conference call

7   and indicated to him that I would share the call-in information

8   if he was going to be involved.  I got an e-mail back this

9   morning that indicated that -- my understanding is that he

10  would not be joining the call, and it was my impression that he      11:30:20

11  has not been retained by Mr. Zullo.

12        I know that his interest, his desire, was to have the

13  Court order Mr. Zullo to testify under 18 U.S.C. 6002, use

14  immunity grant.  And I just wanted to share with the Court that

15  I did converse by e-mail, not in person, with this attorney in      11:30:49

16  Georgia.  And I don't know whether he will be coming on board

17  or not, but I do know that he had an interest in this, which

18  makes sense to me.  I think the sheriff would like Mr. Zullo's

19  testimony, and the court order requiring him to testify would

20  eliminate any objection that he could possibly have.                 11:31:16

21        THE COURT:  Well, thank you, Mr. McDonald.

22        I'll tell you, this is what I'm inclined to do.  I

23  believe that Mr. Zullo has had plenty of opportunity to obtain

24  counsel if he wants it, and so I'm disinclined -- while I am

25  inclined to give him reasonable opportunity to obtain counsel,       11:31:36

1    I'm disinclined to give him much more than that.

2            And so if you feel like, Mr. Young, you're not going

3    to get anything other than an invocation of the Fifth Amendment

4    to your question, then you can decide whether or not you want

5    to take his deposition or not.                                   11:31:54

6            I will note that it's my understanding that I can draw

7    a negative inference in civil proceedings to an invocation of

8    the Fifth Amendment in civil proceedings.  And while I'm not

9    going to sit there -- while I'm not going to require Mr. Zullo

10   to repeatedly invoke the Fifth Amendment, I think that certain   11:32:09

11   questions can be asked to Mr. Zullo in which -- which may be

12   relevant to whatever you want to establish through his

13   testimony, which would allow me then to draw a negative

14   inference if he invokes the Fifth Amendment, or otherwise gives

15   him the opportunity to answer the question.                      11:32:28

16           I haven't looked at the use immunity grant statute,

17   and I may do that; but I'm unlikely to grant use immunity in a

18   proceeding that isn't criminal without the input of the

19   prosecutors, and they have not -- I mean, while I invited them

20   to be involved in this proceeding if they wish to be, just as    11:32:50

21   I've invited Mr. McDonald and others to be involved if they

22   wish to be, they haven't been present, and I don't think

23   they're really much interested in this case unless and until I

24   do a criminal referral, so I'm unlikely to grant any sort of

25   use immunity for testimony.  I mean, if you're asking my         11:33:07

 1   guidance, those are my inclinations as I sit here as to how to

 2   proceed.

 3         MR. YOUNG:  Yes, Your Honor.  Thank you.

 4         Well, as to timing -- and Mr. McDonald, thank you for

 5   that information -- we can certainly notice up his deposition          11:33:27

 6   again.  It may be -- well, we could do it any time, we were

 7   prepared to do it on Friday, and then we would call him in.

 8         There is a witness scheduling issue since I think we

 9   might be poised to complete our case for plaintiffs -- and I

10   would invite Ms. Wang to speak on this -- on Wednesday.  We           11:33:50

11   have, I think, Olson, Mackiewicz, and the completion of Bailey

12   left, and with that we may be done.

13         So it may be that we would need to have Mr. Zullo

14   testify at the hearing out of order or do something, because

15   I'm not sure we'll be able to squeeze in a deposition and also        11:34:16

16   then bring him in to testify at the hearing for Wednesday.

17         THE COURT:  Well --

18         MS. WANG:  All right.  Just to -- sorry, Your Honor.

19   Go ahead.

20         THE COURT:  Who is this?                                        11:34:29

21         MS. WANG:  This is Cecillia Wang.  I was just going to

22   flesh out what Mr. Young said.

23         We advised the plaintiff last week that we do not

24   intend to call Deputy Garcia or Mr. Soto Gonzalez.  Those were

25   two of the last witnesses in plaintiffs' case in chief.  We've       11:34:50

 1   decided not to call them, and that's why we do anticipate that

 2   we will be resting earlier, about a day earlier than we

 3   anticipated.

 4          THE COURT:  All right.  Well, it does seem to me that

 5   there isn't any -- I mean, Mr. Popolizio, I'll allow you to          11:35:03

 6   think about this, but it doesn't seem to me, in the interest of

 7   allowing Mr. Zullo a few additional days if he needs it to try

 8   to arrange counsel, but not many, it doesn't seem to me to harm

 9   your case.  At least much of your rebuttal case doesn't have

10   anything to do -- or much of your case; I shouldn't say              11:35:22

11   "rebuttal case" -- doesn't seem to me to have anything to do

12   with Mr. Zullo, but it was designed to demonstrate the

13   MCSO's -- the extent to which it's gone to comply with the

14   Court's order.  I'm not sure that any of that really bears on

15   Mr. Zullo's testimony, so I don't know why we couldn't take him     11:35:39

16   out of order in light of the circumstances.

17          Do you have any immediate reaction to that?

18          MR. POPOLIZIO:  No, Your Honor, I don't.

19          THE COURT:  Okay.  Well, it seems to me that

20   plaintiffs could rest their case and then defendants could         11:35:53

21   begin their case and we can take Mr. Zullo out of order, if

22   that's what needs to happen.

23          MR. McDONALD:  Judge, Mel McDonald again, just one

24   other comment.  It was my impression that Mr. Zullo is going to

25   invoke.  When you speak about the negative inference, I'm          11:36:11

 1  hoping that you're interpreting that as only against Mr. Zullo,

 2  not against the sheriff, because the sheriff actually wants his

 3  testimony, and the way to get that is through the order of the

 4  Court under use immunity to go forward.

 5          If the government really isn't interested in a          11:36:30

 6  prosecution, anyway, the whole thing that triggered this was a

 7  footnote in the memorandum from the plaintiffs that gave all of

 8  these potential crimes that he might be facing, and it would, I

 9  think, go a long way to solving everybody's problem if he

10  appeared and you ordered him to testify.                        11:36:49

11          I don't think the Department of Justice has a real

12  interest in pursuing Zullo.  And this way, we get the benefit

13  of his testimony.  There's no negative inferences to anybody

14  and he's compelled to answer.

15          THE COURT:  Well, you can -- I mean, we've got the      11:37:04

16  Department of Justice on the line; you can discuss that with

17  them and I'll certainly consider that option.  I'll take a look

18  at the statute in the meantime and we can discuss that first

19  thing tomorrow morning if you wish to.

20          But otherwise, you know, I think -- I'm not sure that   11:37:20

21  the negative inference is limited, although I certainly welcome

22  your briefing on the issue of how far the negative inference

23  can go.  But in terms of -- it seems to me that whatever the

24  question posed presents is an inference that I can draw, but

25  I'm not -- you know, I'm not interested in drawing any more     11:37:45

1   negative inferences than are necessary, if any.

2          MR. McDONALD:  Judge, it's my understanding that the

3   fear of Zullo is the potential criminal liability relating to

4   his relationships with Montgomery, not the sheriff, and that's

5   why on the negative inference I was concerned that if he -- if        11:38:02

6   you don't order him to testify and you do a negative inference,

7   that I felt it would be unfair to draw it against the sheriff,

8   because the sheriff has authorized me to ask you to order him

9   to testify --

10         THE COURT:  Well --                                            11:38:20

11         MR. McDONALD:  -- because he would want the testimony

12  out.

13         THE COURT:  Well, I mean, we can wait and see how this

14  all rolls out; it may not be an issue.  But in the meantime,

15  you can discuss that with the Department of Justice, whose        11:38:33

16  representatives are on the line, and see if you can arrive at

17  some sort of understanding about whether or not they have any

18  desire to pursue Mr. Zullo.

19         I certainly haven't noticed him up as a possible

20  person for criminal contempt; nor, at least to date, in the        11:38:51

21  testimony has testimony developed, as it has with some others,

22  that they may be subject to a criminal contempt notice.  But of

23  course, I haven't heard his testimony yet, so I'm really

24  reluctant in this case to proceed on facts that I just do not

25  know.                                                               11:39:11

 1          And I certainly understand Mr. Zullo's desire to

 2    proceed cautiously, and I'm willing to accommodate that within

 3    limits.  But I'm not going to necessarily make any decisions

 4    about use immunity unless and until you've discussed that with

 5    the Department of Justice and I've looked at it myself.  So as        11:39:28

 6    I said, we can discuss that if you wish tomorrow morning.

 7          MR. YOUNG:  Your Honor, this is Stanley Young.  We

 8    would certainly like the opportunity at some appropriate time

 9    to address negative inferences, should the need for that or the

10    occasion for that arise.                                             11:39:47

11          THE COURT:  Well, and certainly there will be

12    occasion, probably there will be an occasion if in fact anybody

13    ever invokes the Fifth Amendment.  It has not yet been invoked.

14          MR. YOUNG:  Yes, Your Honor.

15          On the issue of scheduling, obviously we would like to         11:40:01

16    have the documents that we have not yet received prior to the

17    deposition.  That would be the most efficient way.  So I wonder

18    whether there could be a schedule for the log that

19    Mr. Popolizio's office will prepare, and then for any motion

20    relating to the production of those documents.                      11:40:25

21          THE COURT:  Well, I'm going to make it a very

22    expedited schedule.

23          How many documents are there, Mr. Popolizio?

24          MR. POPOLIZIO:  I have no idea, Your Honor.  There

25    are -- it's a substantial amount, I believe.                        11:40:36

1      THE COURT:  So how long is it going to take you to

2  prepare that privilege log?  Two days?

3      MR. POPOLIZIO:  Sure.  I don't think it will take

4  long, Your Honor.

5      THE COURT:  All right.  So I'll give you --                    11:40:49

6      MR. POPOLIZIO:  We're in trial, and I understand it

7  goes both ways also.  I will endeavor to get it done.

8      THE COURT:  Okay.  I'll give you two days to give the

9  privilege log to all parties.  So what is today, the 26th?

10 I'll have you have that privilege log to them by the 28th.        11:41:06

11     And I will direct Mr. Zullo's attorney, if he's got

12 one, to assert any Fourth or Fifth Amendment privileges that

13 apply to those documents by the 30th.  And then the responses

14 will be due by the 3rd of November.

15     MR. McDONALD:  Judge, to communicate -- this is           11:41:38

16 Mel McDonald.  To communicate that, do you want me to reach out

17 to the Atlanta attorney?  I don't even have Zullo's phone

18 number, but I want to make sure, because you've given him a

19 deadline, and I want to make sure Zullo gets that information.

20     Would you like me to reach out to the Atlanta              11:41:54

21 attorney?

22     THE COURT:  That would be great.

23     MR. McDONALD:  What would you like me to do?

24     THE COURT:  Go ahead and communicate that to the

25 Atlanta attorney.  And Mr. Zullo, it is my understanding,        11:42:03

1  remains the director of the Cold Case Posse at MCSO, and so I

2  imagine that you can communicate with him through the MCSO.

3           And I'll direct you to do that as well, Mr. Popolizio.

4  Communicate those deadlines to Mr. Zullo.

5           MR. POPOLIZIO:  Absolutely.                           11:42:27

6           THE COURT:  Mr. Zullo, if you're going to take the

7  position that you do represent -- Mr. Popolizio, I might be

8  mixing up my names here -- if you're going to take the position

9  now that you do represent Mr. Zullo, I'm going to require you

10 to tell me that within today.                                  11:42:43

11          MR. POPOLIZIO:  Yes, Your Honor.

12          THE COURT:  Anything else that we need to address

13 today?

14          MR. YOUNG:  Yes, for plaintiffs, just to clarify, the

15 November 3rd date for response that you mentioned, Judge, is    11:42:55

16 that a deadline for a motion to compel, or -- and then how do

17 we --

18          THE COURT:  Well, it seems to me that the subpoena

19 already requires production, right?  So if they're going to

20 request that there be some sort of protective order, I'm giving 11:43:12

21 them till October 30th to file such a motion for protective

22 order.  If they don't file a motion for protective order, then

23 the documents will be order -- I will order the documents to be

24 provided to you.  So it will be a response to the motion for

25 protective order.                                               11:43:34

1           MR. YOUNG:  Thank you.

2           MS. WANG:  Your Honor, it's Cecillia Wang.  Just two

3    other issues, briefly.  First, just a minor correction.  I

4    think I stated a few minutes ago that we advised defendants of

5    our withdrawal of the two witnesses, Garcia and Soto Gonzalez,        11:43:52

6    last week.  It was actually, I think, the week before.

7           Second, Your Honor, it has come to our attention

8    recently that there are some documents relating to spreadsheets

9    prepared by Lieutenant Jakowinicz noting people who were

10   detained and not charged with any state crime during worksite        11:44:14

11   raids by the Criminal Enforcement Unit.  Those were documents

12   that Your Honor ordered to be produced on July 20th.

13          We've corresponded with defendants repeatedly since

14   then to try to get those particular spreadsheets to no avail,

15   and I understand that Ms. Iafrate is the one who will address        11:44:40

16   that for defendants.  She is not on this call so we hope to

17   raise that with the Court first thing tomorrow morning.

18          THE COURT:  All right.

19          MS. WANG:  Thank you.

20          THE COURT:  I will expect that, then.  Anything else?        11:44:54

21          MR. POPOLIZIO:  No, Your Honor.

22          MR. YOUNG:  Not from plaintiffs, Your Honor.

23          THE COURT:  Hearing nothing else, I'll see you all

24   tomorrow morning.

25          (Proceedings concluded at 11:45 a.m.)

1

2                    C E R T I F I C A T E

3

4

5

6

7        I, GARY MOLL, do hereby certify that I am duly

8    appointed and qualified to act as Official Court Reporter for

9    the United States District Court for the District of Arizona.

10        I FURTHER CERTIFY that the foregoing pages constitute

11   a full, true, and accurate transcript of all of that portion of

12   the proceedings contained herein, had in the above-entitled

13   cause on the date specified therein, and that said transcript

14   was prepared under my direction and control.

15

16

17        DATED at Phoenix, Arizona, this 26th day of October,

18   2015.

19

20

21                         s/Gary Moll

22   _____

23

24

25

# EXHIBIT 33

1                    UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF ARIZONA

3

4   Manuel de Jesus Ortega Melendres,    )
    et al.,                              )
5                                        )
                  Plaintiffs,            ) No. CV 07-2513-PHX-GMS
6                                        )
                  vs.                    ) Phoenix, Arizona
7                                        ) October 28, 2015
    Joseph M. Arpaio, et al.,            ) 9:03 a.m.
8                                        )
                  Defendants.            )
9   _____)

10

11

12

13

14

                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                 BEFORE THE HONORABLE G. MURRAY SNOW
16
            (Evidentiary Hearing Day 16, Pages 3698-3970)
17

18

19

20

21

22  Court Reporter:              Gary Moll
                                 401 W. Washington Street, SPC #38
23                               Phoenix, Arizona  85003
                                 (602) 322-7263
24
    Proceedings taken by stenographic court reporter
25  Transcript prepared by computer-aided transcription

1                    A P P E A R A N C E S

2

3   For the Plaintiffs:
            American Civil Liberties Union Foundation
4           Immigrants' Rights Project
            By:  Cecillia D. Wang, Esq.
5           39 Drumm Street
            San Francisco, California  94111
6
            American Civil Liberties Union Foundation
7           Immigrants' Rights Project
            By:  Andre Segura, Esq.
8           125 Broad Street, 18th Floor
            New York, New York  10004
9
            American Civil Liberties Union of Arizona
10          By:  Daniel J. Pochoda, Esq.
            P.O. Box 17148
11          Phoenix, Arizona  85011

12  For the Defendant Maricopa County:
            Walker & Peskind, PLLC
13          By:  Richard K. Walker, Esq.
            SGA Corporate Center
14          16100 N. 7th Street, Suite 140
            Phoenix, Arizona  85254
15
    For the Defendant Joseph M. Arpaio and Maricopa County
16  Sheriff's Office:
            Iafrate & Associates
17          By:  Michele M. Iafrate, Esq.
            649 N. 2nd Avenue
18          Phoenix, Arizona  85003

19          Jones, Skelton & Hochuli, PLC
            By:  A. Melvin McDonald, Jr., Esq.
20          By:  John T. Masterson, Esq.
            By:  Joseph T. Popolizio, Esq.
21          2901 N. Central Avenue, Suite 800
            Phoenix, Arizona  85012
22

23

24

25

1                      A P P E A R A N C E S

2


3   For the Movants Christine Stutz and Thomas P. Liddy:
            Broening, Oberg, Woods & Wilson, PC
4           By:  Terrence P. Woods, Esq.
            P.O. Box 20527
5           Phoenix, Arizona  85036

6   For the Intervenor United States of America:
            U.S. Department of Justice - Civil Rights Division
7           By:  Paul Killebrew, Esq.
            950 Pennsylvania Avenue NW, 5th Floor
8           Washington, D.C.  20530

9           U.S. Department of Justice - Civil Rights Division
            By:  Cynthia Coe, Esq.
10          601 D. Street NW, #5011
            Washington, D.C.  20004

11
    For Executive Chief Brian Sands:
12          Lewis, Brisbois, Bisgaard & Smith, LLP
            By:  M. Craig Murdy, Esq.
13          2929 N. Central Avenue, Suite 1700
            Phoenix, Arizona  85012

14
    For Brian Mackiewicz:
15          Sitton Nash
            By:  Alexandra Mijares Nash, Esq.
16          301 W. Warner Road, Suite 133
            Tempe, Arizona  85284

17
    Also present:
18          Sheriff Joseph M. Arpaio
            Executive Chief Brian Sands
19          Lieutenant Joseph Sousa

20

21

22

23

24

25

1                      I N D E X

2   Witness:                                          Page

3   BRIAN MACKIEWICZ

4   Direct Examination Continued by Ms. Morin        3713
    Cross-Examination by Mr. Popolizio               3749
5   Redirect Examination by Ms. Morin                3784
    Examination by the Court                         3786

6

7   STEVE BAILEY

    Direct Examination Continued by Ms. Wang         3798
8   Cross-Examination by Mr. Masterson               3915

9

10                     E X H I B I T S

11  No.      Description                          Admitted

12  1000     Memorandum from Detective Frei to Steve Bailey  3855
             dated 5/23/14 and attached incident report

13

    2050     MCSO Memorandum from Deputy Cosme to Captain    3897
14           Bailey re Video/Audio re Melendres Court Order
             dated 5/21/2014 (MELC098062-MELC098110)

15

    2051     MCSO Memorandum from Lt. Seagraves (on behalf   3898
16           of Captain Bailey) to Chief Lopez re Video/Audio
             re Melendres Court Order dated 5/21/2014
17           (MELC004088)

18  2068     Documents from IA 14-0564                       3841
             (MELC160986-MELC161056)

19

    2085     Document created to keep track of various       3720
20           expenditures (MELC199632-33)

21  2104     Findings of MCSO IA 2014-0547 (MELC160761-985)  3841

22  2263     E-mail from Brian Mackiewicz to Larry Klayman   3741
             copying Michael Zullo, David Webb, and Dina
23           James Re: DC dated 11/7/2014 (MELC202173-75)

24

25

1                        E X H I B I T S

2    No.      Description                                   Admitted

3    2266     E-mail from Brian Mackiewicz to Michael Zullo    3742
              FW: Response dated 11/14/2014 (MELC198226)
4
     2757     Memorandum to Steve Bailey from Stephen Fax      3909
5             Re: Documenting all personnel in HSU by year
              and identifying the chain of command dated
6             6/21/2014 (MELC010882-MELC010883)

7    2772     MCSO Professional Standards Bureau IA            3825
              # 2014-0546 dated 11/12/2014
8             (MELC158578-MELC158624)

9    2775     Memorandum to Clint Doyle from Brian Mackiewicz 3887
              re: Investigative Trip dated 10/25/2013
10            (MELC187301)

11   2776     Memorandum to Steven Bailey from Travis Anglin  3888
              re: Investigative Trip dated 1/16/2014
12            (MELC198476-MELC198477)

13   2799     Memorandum to S. Bailey from K. Seagraves Re:   3894
              Action Plan - Reference to allegation of
14            Anabolic Steroids purchase(s) made by Deputies
              Brian Mackiewicz and James Kempher dated
15            3/26/2015 (MELC186297-MELC186300)

16   2820     Revised Call Signs dated 11/22/2013             3910
              (MELC112957)
17
     2860     Video Arpaio Thomas Hearing                     3839
18
     2901     E-mail from Brian Mackiewicz to Mike Re:        3734
19            Updated Rev 3A dated 9/21/2014 (MELC202277)

20   2904     E-mail from Brian Mackiewicz to Jenise Moreno   3729
              Re: Confidential dated 1/9/2014 (MELC1386579)
21
     2906     MCSO Memo from Travis Anglin to Brian           3723
22            Mackiewicz re: Confidential Informant Payment
              dated 8/12/2014 (MELC198465-MELC198466)
23

24

25

1                           E X H I B I T S

2    No.      Description                                    Admitted

3    2907     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
4             dated 8/27/2014 (MELC198467-MELC198468)

5    2908     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
6             dated 7/24/2014 (MELC198463-MELC198464)

7    2909     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
8             dated 7/24/2014 (MELC198461-MELC198462)

9    2910     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
10            dated 6/25/2014 (MELC198457-MELC198458)

11   2911     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
12            dated 6/9/2014 (MELC198455-MELC198446)

13   2912     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
14            dated 5/19/2014 (MELC198453-MELC198454)

15   2913     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
16            dated 5/16/2014 (MELC198451-MELC198452)

17   2914     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
18            dated 4/16/2014 (MELC198449-MELC198450)

19   2915     MCSO Memo from Travis Anglin to Brian            3723
              Mackiewicz re: Confidential Informant Payment
20            dated 3/29/2014 (MELC198448)

21   2917     Excerpt of PX 2082 - Document 1: "Joe Arpaio     3727
              Brief" Timeline dated 1/1/2014
22
     2918     Excerpt of PX 2082 - Document 2: "Arpaio         3728
23            Brief" Schematic dated 1/1/2014

24   2919     Excerpt of PX 2082 - Document 3:                 3732
              "Whisleblower Chronicles" (CIA Chronicles)
25

1                           E X H I B I T S

2   No.       Description                                    Admitted

3   2920      Excerpt of PX 2082 - Document 4: "Names of      3717
              People Involved" dated 2/17/2014
4
    2921      Excerpt of PX 2082 - Document 5: "Check List     3726
5             for Elmer" (Check List for Dennis) dated
              3/27/2014
6
    2922      Excerpt of PX 2082 - Document 6: "List 2"        3727
7             Dated 3/27/2014

8   2923      Excerpt of PX 2082 - Document 7: "DOJ / Arpaio   3733
              Timeline" dated 12/4/2013
9
    2927      MCSO Internal Affairs Division IA #13-0000,      3716
10            Interview Confidential Informant dated
              12/14/2013 (MELC185036 - MELC185144)
11
    2930      E-mail from Steve Bailey to Benjamin Armer re    3915
12            Briefing dated 4/23/2014 (MELC677919-
              MELC677920)
13
    2935      E-mail from Mike Zullo to Brian Mackiewicz re    3743
14            Arpaio dated 12/16/2014
              (ZULLO_001131-ZULLO_001135)
15
    2937      E-mail from Brian Mackiewicz to Larry Klayman    3738
16            and Mike Zullo re Sheriff dated 11/5/2014
              (ZULLO_001479-ZULLO_001480)
17
    2938      E-mail from Brian Mackiewicz to Larry Klayman    3736
18            et al., re DC dated 11/3/2014
              (ZULLO_002656-ZULLO_002663)
19
    2940      E-mail from David Webb to Mike Zullo cc Brian    3740
20            Mackiewicz re Work dated 11/6/2014
              (ZULLO_003232-ZULLO_003233)
21
    2943      Spreadsheet summarizing the status of           3802
22            Armendariz spin-off investigations as of
              9/30/2015
23

24

25

1          THE COURT:  Exhibit 2920 is admitted.

2          (Exhibit No. 2920 is admitted into evidence.)

3          THE WITNESS:  Ma'am, I'd like to add one thing.  Some

4    of the names were also derived from some of the e-mails of

5    information Dennis Montgomery gave us.  So some of the names on      09:17:49

6    this list were actually names within the e-mails he provided

7    that came from multiple sources.

8          MS. MORIN:  Fair enough.  Thank you for that

9    clarification.

10          THE WITNESS:  Thank you.                                     09:18:00

11   BY MS. MORIN:

12   Q.  And if you turn to the second page of your list, Judge

13   Murray Snow appeared on that second page.

14          You see that?

15   A.  Yes, I do.                                                      09:18:06

16   Q.  And you put Judge Snow's name on this list because Dennis

17   Montgomery mentioned Judge Snow's name frequently, is that

18   correct?

19   A.  Yes, he did.

20   Q.  Now, during the time you were in Seattle in late 2013, you      09:18:18

21   communicated with Chief Deputy Sheridan regularly, correct?

22   A.  Yes, I did.

23   Q.  Approximately once a week?

24   A.  It was probably a little bit more than that, but yeah, at

25   least once a week.                                                  09:18:32

1    Q.  And you communicated with Sheriff Arpaio as well, correct?

2    A.  Yes, I did.

3    Q.  About twice a month with Sheriff Arpaio?

4    A.  I communicated with Sheriff Arpaio less than I did with

5    Chief Sheridan.                                                      09:18:44

6    Q.  Was it --

7    A.  I couldn't -- I couldn't put a figure on it.  It was less

8    than Chief Deputy Sheridan.

9    Q.  So less than once a week?

10   A.  Yes.                                                             09:18:53

11   Q.  And do you recall testifying at your deposition that you

12   probably talked with Sheriff Arpaio about twice a month?

13   A.  That would probably be about accurate.

14   Q.  Okay.  And you continued to talk with and keep Chief Deputy

15   Sheridan updated in 2014 as well, correct?                          09:19:10

16   A.  Yes, I did.

17   Q.  Same with Sheriff Arpaio?

18   A.  Not so much Sheriff Arpaio.  I mostly talked to

19   Chief Deputy Sheridan until about middle of February, and

20   then -- or, I'm sorry, before the second week of January, and       09:19:29

21   then everything went through Travis Anglin.

22   Q.  And you kept Sergeant Anglin updated as well, correct?

23   A.  Yes, I did.

24   Q.  And in late 2013 or early 2014, you participated in a

25   meeting about the Seattle investigation by speakerphone with        09:19:46

1    several people in Phoenix, correct?

2    A.  Yes, I did.

3    Q.  And that meeting was called to discuss the information that

4    Dennis Montgomery was providing you in that investigation,

5    right?                                                        09:20:00

6    A.  Yes, it was.

7    Q.  Mike Zullo was on the call as well?

8    A.  Yes, he was.

9    Q.  Was the sheriff on the line?

10   A.  I can't be certain who was on the line; I was actually in  09:20:07

11   Seattle at the time.  And I knew that there was a bunch of

12   people on the phone in Phoenix.  I couldn't tell you exactly

13   who was on the phone or who wasn't on the phone.

14   Q.  Could you tell us if Chief Deputy Sheridan was online?

15   A.  I believe he was, but I can't say for certain.            09:20:22

16   Q.  And Mr. Montgomery did not participate, correct?

17   A.  No, he did not.

18   Q.  And you gave your update about what was going on in Seattle

19   and about Mr. Montgomery's information, correct?

20   A.  Yes, ma'am.                                               09:20:36

21   Q.  Turn to Exhibit 2085, please, sir.

22        Do you recognize this as a document that you created?

23   A.  Yes, I do.

24   Q.  And you wrote this to try to keep an accounting of how much

25   money you were spending, or the Sheriff's Office was spending   09:21:00

1    on Mr. Montgomery, correct?

2    A.  Yes, I do.

3    Q.  And you created this in the ordinary course of your work on

4    the investigation?

5    A.  Yes, I did.                                                    09:21:12

6    Q.  You had firsthand knowledge of the payments that you

7    recorded here, correct?

8    A.  Yes, I did.

9    Q.  And these payments that are listed in Exhibit 2085 all

10   occurred, correct?                                                 09:21:23

11   A.  Yes, they did.

12          MS. MORIN:  Your Honor, we move for the admission of

13   Exhibit 2085.

14          MR. POPOLIZIO:  Objection, Your Honor, relevance, 403.

15          MR. WALKER:  Join.                                          09:21:30

16          THE COURT:  Overruled.  Exhibit 205 is admitted.

17          Is it 2085?

18          MS. MORIN:  Correct, 2085.  Thank you, Your Honor.

19          (Exhibit No. 2085 is admitted into evidence.)

20   BY MS. MORIN:                                                      09:21:45

21   Q.  And on the first page of the --

22          MS. MORIN:  Your Honor, could this be published?

23          THE COURT:  Yes, it may.

24          MS. MORIN:  Thank you.

25   BY MS. MORIN:                                                      09:21:52

1   Q.  So on the first page of the list of expenditures, do you

2   see where it says December 6th, 2014, $2100 for video

3   processing card?

4   A.  Yes, I do.

5   Q.  Sir, should that be December 6, 2013?  Is that a typo?        09:22:01

6   A.  Yes, it is.  I'm sorry about that.

7   Q.  Thank you, sir.

8           And that $2100 was spent on a video processing card

9   for Mr. Montgomery's computer, correct?

10  A.  Yes, it was.                                                  09:22:13

11  Q.  And that came from Posse funds, correct?

12  A.  Yes, it did.

13  Q.  And on the second page you listed a total of approximately

14  $6700 in equipment at the bottom of the page.

15          Do you see that?                                          09:22:28

16  A.  Yes, I do.

17  Q.  That's also equipment for Mr. Montgomery?

18  A.  Yes, it is.

19  Q.  And this equipment represents a portion of -- or at least

20  some of this equipment, it represents a portion of the cost of   09:22:44

21  the 50 hard drives that were purchased for Mr. Montgomery, is

22  that correct?

23  A.  I can't tell you exactly how many hard drives were bought,

24  but several hard drives were bought in the course of the

25  investigation.                                                    09:22:57

1   Q.  And this is a part of that money, correct?

2   A.  Correct.

3   Q.  Thank you, sir.

4           And Mr. Montgomery was paid as a confidential

5   informant by the Sheriff's Office about twice a month, correct?   09:23:08

6   A.  Thereabout.

7   Q.  And that continued through September-October of 2014, is

8   that right?

9   A.  I believe end of September was the last payment.

10  Q.  Sir, if you could look at Exhibit 2906, please.  And you   09:23:21

11  might want to pull out also 2907 through 29015.  We'll be

12  looking at some of those.

13          THE COURT:  Was that 2906?

14          MS. MORIN:  Yes, Your Honor, I apologize.  2906 is the

15  one that we will look at for the time being.   09:23:55

16          THE WITNESS:  I have 2906.

17  BY MS. MORIN:

18  Q.  And, sir, do you recognize this as one of the Maricopa

19  County Sheriff's Office memoranda that you wrote relating to

20  and recording a confidential informant payment to   09:24:20

21  Mr. Montgomery?

22  A.  Yes, I do.

23  Q.  And along with the first page memo, there's also a copy of

24  a handwritten receipt.  And you wrote that receipt, right?

25  A.  Yes, I did.   09:24:33

1    Q.  You signed it?

2    A.  Yes, I did.

3    Q.  And there's a -- is there a witness signature as well?

4    A.  Yes, ma'am.

5    Q.  Is that Mr. Zullo's signature?                          09:24:40

6    A.  I believe so.

7    Q.  Okay.  And I mentioned 2907 through 2915.  If you could

8    take a look at those, please, sir, and just confirm that those

9    are also copies of spending memoranda that you wrote, similar

10   to 2906.                                                     09:25:01

11   A.  Yes.

12        I'd just like to add on 2915 there is no handwritten

13   receipt, and there would have had to have been a handwritten

14   receipt attached with that.  I don't know where that went, but

15   there would have had to been one produced to turn in the memo  09:25:23

16   in the first place.

17   Q.  Okay.  Thank you, sir.

18   A.  You're welcome.

19        MS. MORIN:  Your Honor, we move for the admission of

20   Exhibit 2906 through 2915.                                   09:25:33

21        MR. POPOLIZIO:  Objection, relevance, 403.

22        MR. WALKER:  Join.

23        THE COURT:  Overruled.  Exhibit 2906 through 2915 are

24   admitted.

25        (Exhibits Nos. 2906 - 2915 are admitted in evidence.)  09:25:45

1

2                    C E R T I F I C A T E

3

4

5

6

7         I, GARY MOLL, do hereby certify that I am duly

8  appointed and qualified to act as Official Court Reporter for

9  the United States District Court for the District of Arizona.

10        I FURTHER CERTIFY that the foregoing pages constitute

11 a full, true, and accurate transcript of all of that portion of

12 the proceedings contained herein, had in the above-entitled

13 cause on the date specified therein, and that said transcript

14 was prepared under my direction and control.

15

16

17        DATED at Phoenix, Arizona, this 29th day of October,

18 2015.

19

20

21                      s/Gary Moll
                   _____

22

23

24

25

# EXHIBIT 34

1                    UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF ARIZONA

3

4    Manuel de Jesus Ortega Melendres,    )
     et al.,                              )
5                                         )
                    Plaintiffs,           )  No. CV 07-2513-PHX-GMS
6                                         )
                    vs.                   )  Phoenix, Arizona
7                                         )  November 3, 2015
     Joseph M. Arpaio, et al.,            )  3:08 p.m.
8                                         )
                    Defendants.           )
9    _____ )

10

11

12

13

14               REPORTER'S TRANSCRIPT OF PROCEEDINGS

15              BEFORE THE HONORABLE G. MURRAY SNOW

16                    (Telephonic Conference)

17

18

19

20

21

22   Court Reporter:           Gary Moll
                               401 W. Washington Street, SPC #38
23                             Phoenix, Arizona  85003
                               (602) 322-7263
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription

1                        A P P E A R A N C E S

2

3    For the Plaintiffs:
              American Civil Liberties Union Foundation
4             Immigrants' Rights Project
              By:  Cecillia D. Wang, Esq.
5             39 Drumm Street
              San Francisco, California  94111
6
              American Civil Liberties Union Foundation
7             Immigrants' Rights Project
              By:  Andre Segura, Esq.
8             125 Broad Street, 18th Floor
              New York, New York  10004
9
              American Civil Liberties Union of Arizona
10            By:  Daniel J. Pochoda, Esq.
              P.O. Box 17148
11            Phoenix, Arizona  85011

12            Covington & Burling, LLP
              By:  Stanley Young, Esq.
13            By:  Michelle L. Morin, Esq.
              333 Twin Dolphin Drive, Suite 700
14            Redwood Shores, California  94065

15            Mexican American Legal Defense and Educational Fund
              By:  Jorge M. Castillo, Esq.
16            634 S. Spring Street, 11th Floor
              Los Angeles, California  90014

17   For the Defendant Maricopa County:
18            Walker & Peskind, PLLC
              By:  Richard K. Walker, Esq.
19            SGA Corporate Center
              16100 N. 7th Street, Suite 140
20            Phoenix, Arizona  85254

21   For Chief Deputy Gerard Sheridan:
              Mitchell Stein Carey, PC
22            By:  Lee D. Stein, Esq.
              1 Renaissance Square
23            2 North Central Avenue, Suite 1900
              Phoenix, Arizona  85004

24

25

```
 1                       A P P E A R A N C E S

 2

 3    For the Intervenor United States of America:
               U.S. Department of Justice - Civil Rights Division
 4             By:  Cynthia Coe, Esq.
               601 D. Street NW, #5011
 5             Washington, D.C.  20004

 6    For the Defendant Joseph M. Arpaio and Maricopa County
      Sheriff's Office:
 7             Iafrate & Associates
               By:  Michele M. Iafrate, Esq.
 8             649 N. 2nd Avenue
               Phoenix, Arizona  85003
 9
               Jones, Skelton & Hochuli, PLC
10             By:  A. Melvin McDonald, Jr., Esq.
               By:  John T. Masterson, Esq.
11             By:  Joseph T. Popolizio, Esq.
               2901 N. Central Avenue, Suite 800
12             Phoenix, Arizona  85012

13    For the Movants Christine Stutz and Thomas P. Liddy:
               Broening, Oberg, Woods & Wilson, PC
14             By:  Terrence P. Woods, Esq.
               P.O. Box 20527
15             Phoenix, Arizona  85036

16    For Deputy Chief Jack MacIntyre:
               Dickinson Wright, PLLC
17             By:  David J. Ouimette, Esq.
               1850 North Central Avenue, Suite 1400
18             Phoenix, Arizona  85004

19    For Executive Chief Brian Sands:
               Lewis, Brisbois, Bisgaard & Smith, LLP
20             By:  M. Craig Murdy, Esq.
               2929 N. Central Avenue, Suite 1700
21             Phoenix, Arizona  85012

22    For Lieutenant Joseph Sousa:
               David Eisenberg, PLC - Appearing in person
23             By:  David Eisenberg, Esq.
               2702 N. 3rd Street, Suite 4003
24             Phoenix, Arizona  85004

25    Also present:  Mr. Michael Zullo
```

1                        P R O C E E D I N G S

2

3              THE CLERK:  This is civil case number 07-2513,

4    Melendres, et al., v. Arpaio, et al., on for telephonic

5    conference.                                                    15:08:14

6              Counsel, please announce your appearances.

7              MR. YOUNG:  Good afternoon, Your Honor.  Stanley Young

8    and Michelle Morin, Covington & Burling, for plaintiffs.

9              MR. POCHODA:  Dan Pochoda, ACLU of Arizona, for

10   plaintiffs.                                                    15:08:29

11             MS. WANG:  Cecillia Wang and Andre Segura of the ACLU

12   for plaintiff.

13             MS. COE:  Cynthia Coe --

14             MR. CASTILLO:  Jorge --

15             MS. COE:  Sorry.  Cynthia Coe for the United States.   15:08:35

16             MR. CASTILLO:  Jorge Castillo for MALDEF on behalf of

17   plaintiffs.

18             MR. MASTERSON:  John Masterson and Joe Popolizio for

19   Sheriff Arpaio and the individual contemnors.

20             MR. WALKER:  Richard Walker --                       15:08:55

21             MR. McDONALD:  Mel McDonald -- I'm sorry.

22   Mel McDonald making a special appearance for Sheriff Joe

23   Arpaio.

24             MR. WALKER:  Richard Walker appearing on behalf of

25   Maricopa County.                                               15:09:05

1        MR. MURDY:  Craig Murdy on behalf of retired Chief

2    Brian Sands.

3        MR. OUIMETTE:  David Ouimette, specially appearing for

4    Deputy Chief MacIntyre.

5        MS. IAFRATE:  Michele Iafrate on behalf of Sheriff          15:09:26

6    Arpaio and the alleged nonparty contemnors.

7        MR. STEIN:  Lee Stein, specially appearing for Chief

8    Deputy Sheridan.

9        MR. EISENBERG:  David Eisenberg, Your Honor, specially

10   appearing on behalf of Lieutenant Joseph Sousa.              15:09:47

11       THE COURT:  Mr. Zullo, are you present?

12       MR. ZULLO:  Yes, sir.  I'm present without counsel.

13       THE COURT:  Do you know, Mr. Zullo, I heard you say,

14   "Yes, sir," but I didn't hear anything after that.  So could

15   you get closer --                                            15:10:08

16       MR. ZULLO:  Yes.

17       THE COURT:  -- to your phone and speak as distinctly

18   and loudly as you can?

19       MR. ZULLO:  Yes, sir.  I am present without counsel.

20   I have no representation.                                    15:10:16

21       THE COURT:  Okay.  You're present representing

22   yourself, then, sir.  Is that --

23       MR. ZULLO:  Well, not that I really want to.  I'm just

24   invited to a conference call.  I really just want counsel.

25       THE COURT:  I understand that you want counsel, and      15:10:28

1    we're going to take that up first.

2            As you noticed, I denied your motion for an extension

3    of time to negotiate with the County to provide you counsel,

4    and I wanted to explain to you why, and what is left to do on

5    your motion, what I've designated to be treated as your motion        15:10:46

6    for protective order.

7            I don't know if you got served by the County with

8    document 1503.

9            Mr. Walker, did you arrange for Mr. Zullo to get a

10   copy of that document?                                                 15:11:02

11           MR. WALKER:  I did not, Your Honor.

12           THE COURT:  All right.  Well, Mr. Zullo, before I

13   ruled on your motion for extension, the County filed a response

14   to your motion for extension, and in that response they

15   indicated that they are not going to fund separate counsel for        15:11:18

16   you.

17           Now, I realize by dint of what you've said that you

18   believe that they have funded, the County has funded, separate

19   counsel for other persons involved in this case.  It is true

20   that they have funded separate representation for Chief Sands,        15:11:35

21   but that is, in my understanding, because Chief Sands is a

22   separately named possible contemnor, separately named in my

23   order to show cause.

24           You've also asserted that they have provided

25   representation for -- separate representation for Mackiewicz          15:11:55

1    and Anglin.  I must tell you that the record does not reflect

2    that.  It is true that Detective Mackiewicz did appear with

3    separate counsel, but I have no knowledge that the County

4    funded that counsel.

5          Mr. Walker, do you care to address that?                  15:12:16

6          MR. WALKER:  Yes, Your Honor.  Thank you.

7          The County is not providing counsel to

8    Detective Mackiewicz.

9          THE COURT:  All right.  So I heard somebody drop off

10   the call or add to the call.  Is somebody new on the call?      15:12:31

11         Mr. Zullo, are you still on the call?

12         MR. ZULLO:  Yes, sir.

13         THE COURT:  All right.  And so I really didn't see any

14   purpose, Mr. Zullo, in extending time for you to negotiate with

15   the County to obtain the new counsel when the County is not     15:12:51

16   going to fund new counsel for you.  And by virtue of the

17   pleadings that I'd received in this case, it was my

18   understanding that you were aware as early as October 20th that

19   Mr. Popolizio and Mr. Masterson had informed you that they were

20   representing your interests.                                     15:13:12

21         And so I feel like, in light of the fact that the

22   County is not going to fund for you to obtain separate counsel

23   and we're in the middle of this proceeding, you were either

24   going to get your own counsel at your own expense or you

25   weren't, and there wasn't any reason to prolong this matter.    15:13:27

1    And I understand that you don't necessarily agree with

2   my ruling and that you moved to stay it, but do you at least

3   understand why I've ruled the way I've ruled?

4    MR. ZULLO:  Sir, I just need to know if I can respond

5   to you but I want to make sure I'm not waiving any privilege in    15:13:44

6   doing so.

7    THE COURT:  Do you know, Mr. Zullo, again, you're

8   fading away and I can't hear you.  So are you speaking on a

9   speakerphone or something?

10    MR. ZULLO:  I have it on my iPhone so I could take    15:14:02

11   some notes at the same time.

12    Is this any better for you?

13    THE COURT:  It's a little bit better but you're still

14   pretty faint.  Could you speak up?

15    MR. ZULLO:  All right.  I'm going to change it.    15:14:12

16    How is this now, sir?

17    THE COURT:  It's much better.  Thank you.

18    MR. ZULLO:  Okay.  I apologize.

19    THE COURT:  No problem.

20    MR. ZULLO:  My question was is if I can respond to    15:14:18

21   you, but I don't want to waive any privilege in doing so.

22    THE COURT:  Well, you can respond to me, and to the

23   extent that you're asserting a Fifth Amendment privilege, which

24   I've recognized by directing the parties to respond to it,

25   you're not going to waive your Fifth Amendment privilege by    15:14:33

1   responding to me.  I don't know what other privilege you would

2   be concerned about waiving.

3           MR. ZULLO:  Well, that's -- that's what I'm concerned

4   about.  So to respond to you, and as I stated in my deposition,

5   I had fully intended to appear in my deposition and cooperate        15:14:44

6   with your request in this proceeding, and it was two days prior

7   that I was notified that I had no counsel, and that is

8   contradictory to months of different representation.

9           It put me in a quandary, and I immediately left town

10  seeking to remedy that.  As far as the issues with the County,       15:15:06

11  I have not formally approached the County yet and I was looking

12  for time to do so.  I am caught here now under a direct threat

13  that I made well known months ago to Mr. Popolizio that it was

14  very concerning to me, and that matter should have been

15  addressed at some point and it wasn't, and the notification         15:15:34

16  that I had no counsel was two days before when I brought the

17  issue up again.

18          So I'm kind of in a quandary here.  I'm out in limbo.

19  I've basically been abandoned as far as, you know, I am

20  concerned.                                                            15:15:50

21          THE COURT:  Mr. Popo- -- oh, I'm sorry.

22          MR. ZULLO:  And it's unnerving -- excuse me, sir?

23          THE COURT:  Go ahead.  I thought you were finished.

24  Please finish.

25          MR. ZULLO:  It's unnerving to be, especially even on          15:15:58

1   this telephone call, with lawyers of the caliber that are here,

2   just wanting to protect my rights.  That's all I'm looking to

3   do.

4          THE COURT:  All right.  Mr. Popolizio or

5   Mr. Masterson, do you wish to say anything?                    15:16:14

6          MR. MASTERSON:  Well, Judge, I mean, we disagree with

7   statements made by Mr. Zullo with respect to any --

8          THE COURT:  You know, Mr. Masterson, I can barely hear

9   you, too.  Could you please start over again and speak more

10  loudly?                                                        15:16:34

11         MR. MASTERSON:  Okay.  Is this a little better, Judge?

12         THE COURT:  It is better.  Thank you.

13         MR. MASTERSON:  Okay.  We certainly disagree with

14  statements made by Mr. Zullo concerning representation, but I

15  don't know that that adds anything to the issues being         15:16:48

16  considered by the Court at this point.  And if you want to get

17  into that, I can certainly address them further, but I don't

18  know that that clarifies any issues for you that need to be

19  considered with respect to moving forward.

20         THE COURT:  All right.  Well, thank you.                15:17:05

21         Let me tell you, Mr. Zullo, it seems to me pretty

22  clear that if you are going to have a lawyer in this action,

23  you're going to have to hire and pay for that lawyer yourself,

24  and I think that my rulings have made that pretty clear.

25         But the one thing I wanted to make sure that you did    15:17:20

1   know, because you may have not received it, and Mr. Walker

2   confirms that you did not, is that last -- was it Friday,

3   Mr. Walker? -- before I denied your request for an extension,

4   Mr. Walker filed with this Court a statement that is quite

5   clear that the County is not going to pay for your retention of      15:17:43

6   a separate lawyer.

7           And I am disinclined, when we are in the middle of

8   this action, to give you 30 days to find a lawyer, and you've

9   already known since October 20th that you'd have to find a

10  lawyer.  And so here we are on November 3rd, which is two weeks      15:17:59

11  later, and you still don't have a lawyer.

12          There has been, and I have treated your request for

13  motion for extension as a request for protective order based on

14  the Fifth Amendment, and the plaintiffs have now responded to

15  that motion.  If you're going to get a lawyer, I'm inclined to      15:18:18

16  give you a few extra days so that they can reply if they wish.

17  But I will give you till -- I'm inclined to give you until

18  Friday at noon to reply to the response.  And if you wish to

19  hire a lawyer, you can hire a lawyer, and they have until

20  Friday at noon to reply and put whatever they wish in that         15:18:40

21  reply.

22          If the parties want oral argument on the motion I am

23  busy all day on Friday but I have a brief window at 3 o'clock

24  in the afternoon, so I will schedule 3 o'clock in the afternoon

25  this Friday for an oral argument on Mr. Zullo's motion for         15:18:56

 1    protective order.

 2              Does anybody object to proceeding in that fashion?

 3              MR. YOUNG:  This is Stanley Young, Your Honor, for

 4    plaintiffs.  No, we do not.

 5              MR. MASTERSON:  John Masterson, Judge.  No objection.     15:19:16

 6              MR. WALKER:  Richard Walker, Your Honor.  No

 7    objection.

 8              MS. COE:  Cynthia Coe --

 9              MR. MURDY:  Craig Murdy, Your Honor.  No objections.

10              MS. COE:  Cynthia Coe.  No objection.     15:19:28

11              THE COURT:  All right.  Then that is how we are going

12    to proceed.

13              Mr. Zullo, did you understand my ruling?

14              MR. ZULLO:  I do, sir, and do I get a copy of some of

15    his -- of Mr. Popolizio's response?  I don't have that.     15:19:41

16              THE COURT:  Do you know, Mr. Popolizio did not

17    respond, but Mr. Young -- I think it was you, Mr. Young; I

18    can't remember whether it was you or Ms. Wang -- but plaintiffs

19    have responded to your motion.

20              Did plaintiffs send a copy of the response to     15:19:55

21    Mr. Zullo?

22              MR. YOUNG:  This is Stanley Young, Your Honor.  We

23    have filed two papers, I think one on Friday and one yesterday,

24    and I will e-mail those to you, Mr. Zullo.

25              You have e-mailed to attorneys several things from     15:20:11

1  your 1tick e-mail and we will use that e-mail address.

2          Is that okay?

3          MR. ZULLO:  Yes, that will be fine.  Thank you, sir.

4          MR. YOUNG:  Sure.

5          THE COURT:  All right.  Now, Mr. Zullo, you are          15:20:28

6  entitled, of course, to be heard at 3 o'clock on Friday, so if

7  you wish to be here, please be here.

8          One moment.  My clerk is looking at my crossly, so

9  maybe I did something wrong here.

10         (Off-the-record discussion between the Court and the     15:20:43

11 clerk.)

12         THE COURT:  All right.  So I'm going to move oral

13 argument to 3:30.  Is that still workable for everybody?

14         Wait a minute.

15         MR. YOUNG:  Yes, Your Honor.          15:20:58

16         (Off-the-record discussion between the Court and the

17 clerk.)

18         THE COURT:  We're going to move the oral argument to

19 3:30.  And Mr. Zullo, you have a right to be here and be heard

20 if you wish to be here and be heard.          15:21:11

21         MR. ZULLO:  Yes, sir, I understand.

22         THE COURT:  And I am treating it, Mr. Zullo, as your

23 motion, okay?

24         MR. ZULLO:  Yes, sir.

25         THE COURT:  Okay.  That's how we'll proceed on that     15:21:20

 1  matter.

 2           As it pertains to the rest of the scheduling, if I

 3  hear this matter at 3 o'clock -- or 3:30, I will be able to

 4  rule, and I will rule promptly after I hear the arguments.

 5           If I rule in favor of releasing the documents,                    15:21:37

 6  Mr. Masterson, are you going to have any problem providing them

 7  to plaintiffs that Friday?

 8           MR. MASTERSON:  We will not, Judge.

 9           THE COURT:  All right.  And if I rule that they are

10  protected, then they're protected.  But it seems to me that it            15:21:51

11  gives rise to the following presumptive schedule:  On the 9th

12  I'll make my ruling.  Then, if in fact I rule that the

13  documents are to be released, it seems to me --

14           It's not the 9th, is it?  It's the -- it's the 6th.

15           If the documents are going to be released, didn't you            15:22:12

16  represent to me, Mr. Young, that there were 80 some-odd

17  documents that you've not yet seen?

18           MR. YOUNG:  Approximately 87, if I counted right.

19           THE COURT:  All right.  So that would give you the

20  7th, 8th, and 9th to review those documents.                              15:22:25

21           Then I was going to ask you, Mr. Masterson -- I don't

22  know how the parties want to proceed, but I have the 10th, the

23  12th, and the 13th still reserved for this matter.  We have

24  maybe Chief Deputy Sheridan, or his designee, that still must

25  testify in the defense case, and we had Captain Skinner that              15:22:46

 1   was going to still testify in the defense case, is that right?

 2          MR. MASTERSON:  Yes, Your Honor, that's correct.

 3          THE COURT:  I'm wondering, if any deposition is going

 4   to take place of Mr. Zullo, it seems to me that could take

 5   place on the 11th.  We could resume on the 10th with the          15:23:05

 6   defense case of Chief Deputy Sheridan, if he is available to

 7   testify, and Captain Skinner on the 10th.

 8          Mr. Zullo's deposition, to the extent that the

 9   plaintiffs wish to re-notice it, could be taken on the 11th.

10   Then we could resume matters on the 12th and/or 13th if that      15:23:26

11   was necessary.

12          Does that work for everyone?

13          MR. YOUNG:  Stanley Young for plaintiffs.  Yes, it

14   does, Your Honor.

15          MR. MASTERSON:  Judge, this is John Masterson.  Let me      15:23:41

16   give the Court the latest information that I have, and I hope

17   to have a little additional information --

18          THE COURT:  Let me just indicate to you,

19   Mr. Masterson, before you do that, you did give us information

20   at sidebar that related to personal matters.                      15:23:58

21          MR. MASTERSON:  Yes.

22          THE COURT:  There is a public audience in the court

23   here, just so you're aware.

24          MR. MASTERSON:  Okay.  Well, I apologize if I'm a bit

25   cryptic, then, on what I'm going to say.                          15:24:11

1       The witness is having a procedure, probably as we

2  speak, and is under general anesthesia.  I hope to get an

3  update probably tonight.  I provided information to all the

4  parties yesterday concerning what I saw going forward, and my

5  projection was possibly we could have that witness testify      15:24:40

6  toward the end of next week, and if we could go forward with

7  Mr. Zullo's deposition, if it is in fact going forward, we

8  could do that earlier in the week.

9       And then my suggestion, I think, and unfortunately, my

10  computer just shut down while we're sitting here so I can't see      15:24:57

11  exactly what I said yesterday, but I think I suggested that we

12  start with Captain Skinner on Thursday and then the final

13  witness that we anticipated on Friday.  And that was just me

14  being cautious with respect to the anticipated physical

15  condition of the final witness.      15:25:20

16       THE COURT:  Well, I guess I get that, and there may be

17  various things that might be workable with Mr. Zullo and with

18  the other parties.  For instance, Mr. Zullo might have his

19  deposition taken on the 10th.

20       Unfortunately, however, the 11th is a federal holiday.      15:25:32

21  I am available and will be working anyway, but I don't have the

22  staff to conduct a court session on the 11th, even though I

23  realize that probably all of you are working.

24       So I'm amenable to work out something on the 10th,

25  11th, 12th, and 13th, but I would like to finish the hearing      15:25:52

1   that week, and then we're going to have to -- we're going to

2   have to juggle the schedule to hear oral argument on -- well,

3   you know, as we've discussed, oral argument on my findings of

4   fact, and on whether or not there will be a criminal referral,

5   before we move on to the next stage of the process.  We'll have        15:26:14

6   to figure a date that works out for everybody.

7          But do you think it's possible, Mr. Masterson, that

8   you and the plaintiffs, given those four days, together with

9   Mr. Zullo, can work out a time?  I suppose you could do

10  Mr. Zullo on the 9th if Mr. Young thinks he could be ready, and        15:26:30

11  then we could hear Mr. Zullo on the 10th, but I don't know

12  whether that works for plaintiffs, defendants, or Mr. Zullo.

13         Do you think that the parties could get together with

14  Mr. Zullo on this phone call and work out something with

15  respect to those days that would make that workable?                   15:26:48

16         I will just add, in case you thought that I was

17  available on the 9th, I'm not.  I have proceedings all day.  I

18  have another trial the next week, which will make it very

19  difficult for me to do much, if anything, the next week, except

20  for by hook and by crook we might be able to schedule something        15:27:04

21  in if we can get all the testimony finished on that second

22  week.

23         MR. YOUNG:  Your Honor, this is Stanley Young for

24  plaintiffs.  We would certainly try to do it on the 9th.  It

25  depends, but depending on what happens with the other                  15:27:23

1    witnesses, I could see the benefit of that for the schedule, so

2    we would be open to that if others are available that day.

3              THE COURT:  Mr. Zullo, are you available on the 9th?

4              MR. ZULLO:  Yes.  I would make my schedule --

5    accommodate it to you, whatever needs to be done here, Your          15:27:43

6    Honor.  And if I could add something --

7              THE COURT:  Yes, you can, Mr. Zullo, but again, would

8    you get closer to your telephone?

9              MR. ZULLO:  I'm sorry, sir.  I am unfamiliar with the

10   document that the County has put forth.  I still would like the      15:27:57

11   opportunity to address the County on this matter.

12             In addition, Mr. Popolizio has some 87 documents that

13   he put down into a list, and I would like to get copies of

14   those so I could at least know what he held back so I know what

15   I'm talking about.  I have no idea what's still, you know, in        15:28:20

16   his reservoir of documents.

17             THE COURT:  All right.  Mr. Popolizio, assuming at

18   this point that I were to order production of the documents,

19   can you get -- in addition to the other parties, could you get

20   copies of those documents to Mr. Zullo on Friday?                   15:28:35

21             MR. MASTERSON:  Your Honor, this is Masterson.  We'll

22   do that.

23             THE COURT:  All right.  Thank you.

24             I'm sorry, Mr. Masterson.  I knew you were speaking.

25             MR. WALKER:  Your Honor, this is Richard Walker.  With    15:28:47

 1   respect to Mr. Zullo's first point, as soon as we get off of

 2   this call we will e-mail the document that we filed on Friday.

 3          THE COURT:  All right.  I would appreciate that very

 4   much.

 5          Is there anything else you wanted, Mr. Zullo, that      15:29:02

 6   would assist you?

 7          MR. ZULLO:  No, sir, I am satisfied right now.  Thank

 8   you.

 9          THE COURT:  All right.  So I guess, then, it will be

10   my presumption that we will be holding the hearing next week.   15:29:16

11   I will ask the parties to work that out as soon as they're off

12   the call.  And then get back to my courtroom deputy, Kathleen,

13   and tell her which days we will be holding hearing.

14          Keep in mind that I'm not available either on the 9th

15   or the 11th.  So I will presume that we are going to be doing   15:29:32

16   10, 12, and 13, but I'd like to know the order in which things

17   are going to be going.

18          Any objection to that?

19          MR. YOUNG:  For plaintiffs, Your Honor, no.

20          MR. MASTERSON:  Masterson, Judge.  No objection.        15:29:51

21          THE COURT:  All right.  Then I wanted to raise two

22   other quick issues with you while I have you on the line.

23          The clerk of the court informed me that we have

24   received a request from the press to access exhibits.  I have

25   done some preliminary research into the matter just this       15:30:13

 1   afternoon, and it does look to me like the press has a right to

 2   have access to exhibits that have been admitted into evidence.

 3        That creates a little bit of an issue in terms of

 4   control of the evidence to make sure that the exhibits remain

 5   in the control of the court while accessible to the public; and   15:30:34

 6   it also creates a little bit of an issue, Mr. Masterson, with

 7   respect to whether or not you're going to assert that any of

 8   the line items on that exhibit that we discussed last week

 9   justify being redacted.  And I'm not sure whether there are any

10   other exhibits -- I don't recall admitting any other exhibits    15:30:52

11   subject to protective order.

12        But I would ask the parties to address that.  It's

13   obviously going to be easier for the court clerk to make

14   available admitted exhibits to the press, if they want to see

15   them, sometime this week while trial is not in session, so that  15:31:08

16   she can control access; make sure that the integrity of the

17   exhibits remains in place.

18        But I wanted to give the parties a chance to comment

19   on acceptable procedures, such as, you know, requests -- I

20   would allow any of the parties to be here, if they have          15:31:27

21   concerns, while the press reviews the exhibits.  I would

22   probably require the press to submit in advance the exhibits in

23   which they're interested, so that such exhibits be shown one at

24   a time in order to control their production, and I'm willing to

25   hear the parties -- any other concerns the parties have about    15:31:47

1   providing press access to the exhibits.

2            There are some exceptions to press access, and I'll

3   just give the parties the legal authority which entitles that

4   access and sets forth some of the exceptions so you can look at

5   it.  It's San Jose Mercury News, 187 F.3d, 1096, 1103, Ninth          15:32:02

6   Circuit (1999) as well as Valley Broad. Company, 798 F.2d 1289,

7   1290, and 1293 and 94.  If you want to take a look at those,

8   and if you have any issues regarding providing the press access

9   to the exhibits, then you need to let me know.

10           And Mr. Masterson, if you're going to assert that any       15:32:32

11  of the lines in that one exhibit need to be redacted, you're

12  going to have to make the justification pretty quickly.

13           Any comments with respect to that?

14           MR. MASTERSON:  Judge, this is Masterson.  We'll take

15  a look at the cases the Court just cited, and also the exhibits      15:32:47

16  that you're referencing, and figure out how we're going to --

17  how we're going to handle that.

18           MR. YOUNG:  Your Honor, this is Stanley Young.  We

19  generally, for plaintiffs, do not have an objection.  I will

20  observe, and will remind Mr. Masterson, we did have a               15:33:07

21  discussion about Exhibit 2072.  And I think Mr. Masterson had

22  proposed some redactions which we believe to be too extensive,

23  and we would certainly agree to a redaction of the phone

24  numbers of the sheriff and chief deputy, which is what was

25  redacted on a different exhibit.                                    15:33:34

1             There is also another exhibit which was admitted which

2    is 2900A that does seem to have some personal information of

3    some other people, potentially, and I suppose I would invite

4    Mr. Masterson's attention to that exhibit as well.

5             THE COURT:  All right.  Well, I'm going to ask all the    15:33:52

6    parties to confer the rest of today and tomorrow to determine

7    what, if any, exhibits need to be redacted, or the parties are

8    going to assert some interest in redaction if they've been

9    publicly admitted.

10            And if you have such exhibits, I'm going to ask you to    15:34:06

11   raise these matters prior to Thursday morning at 10 o'clock

12   with the Court.  I will hold that open to hear from you either

13   through telephonic conference or otherwise.  But we may, if it

14   otherwise works out, provide the exhibits on Thursday afternoon

15   or on Friday --                                                   15:34:27

16            (Off-the-record discussion between the Court and the

17   clerk.)

18            THE COURT:  -- for the press who may have interest in

19   specific exhibits.  In any case, I'm going to require that you,

20   by Thursday morning at 10 o'clock, get back to me and be        15:34:47

21   prepared to make any arguments with respect to matters that you

22   think meet the standard to be left under seal or redacted.

23            Any issues with that?

24            MR. YOUNG:  No, Your Honor, for plaintiffs.

25            MR. MASTERSON:  John Masterson.  No issues, Judge.       15:35:09

1          THE COURT:  All right.  Anybody else have any issues

2     to raise or matters to raise at this point?

3          MR. STEIN:  Yes, thank you.  Your Honor, this is Lee

4     Stein.  I just want to make sure I understand that the Court

5     intends to hear oral argument on the matter of a criminal          15:35:30

6     referral before making findings on civil contempt and remedies?

7          THE COURT:  Yeah, I haven't -- I guess I haven't made

8     the final determination on that, Mr. Masterson -- or Mr. Stein.

9     But it does seem to me to maybe be logical there.  If you think

10    that I ought to take it up after I make findings of fact, I'll     15:35:50

11    hear what you have to say on that point.  But I'll let you say

12    it maybe when we reconvene, unless you're ready to speak now.

13         MR. STEIN:  Okay, that's fine.

14         THE COURT:  I'm sorry.  I couldn't hear you,

15    Mr. Stein.                                                         15:36:05

16         MR. STEIN:  Yeah.  No, I -- I guess it seems to me --

17    I'm happy to address it any time you want me to.

18         It seems to me that one of the considerations for the

19    Court is whether the remedies for civil contempt are sufficient

20    and appropriate and therefore criminal contempt is not            15:36:21

21    necessary.  And so it seems to me that making a determination

22    on the criminal contempt before going through the process of

23    evaluating the civil remedies is premature.

24         THE COURT:  Well, I do agree that -- it does seem to

25    me that the remedy -- the remedies are relevant, so I'll           15:36:36

1    consider that, Mr. Stein, and maybe put -- put forth, or

2    postpone oral argument until I've implemented remedies.

3            MR. STEIN:  Thank you, Your Honor.

4            MR. EISENBERG:  Your Honor, may I be heard on the

5    procedures that the Court will follow with respect to criminal          15:36:57

6    contempt?

7            THE COURT:  Yes.

8            MR. EISENBERG:  I suggest that the Court first enter

9    findings of fact on the matter of civil contempt so that it

10   gives those who are specially representing defendants an idea          15:37:06

11   where the Court is headed with respect to findings of fact and,

12   of course, conclusions of law.  It would tend to hone in our

13   arguments as to why the Court should not make a referral for

14   criminal contempt purposes.

15           THE COURT:  All right.                                          15:37:24

16           MR. McDONALD:  Judge, this is Mel McDonald.  I'd just

17   like to indicate that I join Mr. Stein.  I think -- and we

18   could provide that to you -- early on in April when we

19   discussed this issue you had indicated that the criminal

20   contempt issue would only come into play once the remedies had        15:37:40

21   been addressed, and we can give you something in writing to

22   refresh your recollection.  I think it would --

23           THE COURT:  You know what?  I don't -- I don't think

24   you need to, Mr. McDonald.  When Mr. Stein raised the issue, I

25   agree with him.  That I --                                             15:37:57

```
1              MR. McDONALD:  Yes.

2              THE COURT:  -- do --

3              MR. McDONALD:  Thank you.

4              THE COURT:  -- do recall that remedy -- that one of

5    the issues about criminal contempt is whether or not there's a       15:38:02

6    suitable remedy under civil contempt.  And I guess it's -- I

7    have to allow the parties, to the extent they might want to

8    avoid the possibility of criminal contempt, to take that into

9    account to the extent they think it's necessary, especially the

10   specially appearing parties, in whatever remedy is imposed.          15:38:22

11   That does make sense to me.

12             MR. MURDY:  Your Honor, this is Craig Murdy on behalf

13   of Brian Sands.  Do we have a date scheduled at this point in

14   time for oral argument at the conclusion of the hearing?

15             THE COURT:  Well, we did have a date scheduled.  It's      15:38:42

16   November 10th.  Obviously, that date is no longer valid.

17             And so what I'm going to have to do, and I will do, is

18   look -- I have three final pretrial conferences on Friday.  I

19   will, of course, know if I'm going to have some -- I will know

20   my trial schedule on Friday once I do those.                         15:38:59

21             And so as soon as we can convene on I assume it will

22   be Tuesday, I'll tell the parties the available dates that I

23   have in which I can hear oral argument that I intend to hear

24   prior to making findings of fact.

25             MR. MURDY:  Thank you.                                     15:39:20
```

 1           THE COURT:  And we'll try and work out a time that's

 2     convenient for all parties.

 3           I am somewhat inclined towards Mr. Masterson's point

 4     that I'm not going to -- I mean, I'm not going to give you

 5     forever, but this has been a long hearing, and I do want to          15:39:32

 6     give you ample time to make the points that you wish to make,

 7     and as I've indicated, I may have some specific questions for

 8     the parties which I want to let you answer.

 9           MR. WALKER:  Your Honor, this is Richard Walker.  I

10     just wanted to alert the Court to the fact that I have been in       15:39:53

11     discussions with plaintiffs' counsel about a couple of

12     evidentiary matters on behalf of the County, and I'm hoping

13     that we're going to be able to resolve that through the

14     submission of a couple of documentary exhibits, but if we're

15     unable to get stipulations, we may need to put some witnesses        15:40:15

16     on, but I would expect them to be very, very brief.

17           THE COURT:  Would they be on the order of, what,

18     custodian of records, or something like that, Mr. Walker?

19           MR. WALKER:  In one case it would be an employee from

20     the Office of Management and Budget who was involved in the          15:40:30

21     creation of the document; and in the other case, it's someone

22     from the Office of Enterprise Technology who was involved in

23     trying to provide information sought by Detective Vogel.

24           THE COURT:  All right.  I appreciate you alerting me

25     to that.                                                             15:40:51

1          Do you think that it's likely to extend the hearings

2    beyond the schedule that I've suggested today?

3          MR. WALKER:  I would think it highly unlikely.  In

4    fact, I would think if we do have to put these two witnesses

5    on, I doubt they will take more than an hour.                15:41:05

6          THE COURT:  All right.  Thank you for advising me of

7    it in advance.

8          Anybody else have anything that needs to be raised?

9          MS. WANG:  Yes, Your Honor.  Cecillia Wang for

10   plaintiffs.                                                  15:41:18

11         To go back briefly to the issue of publicizing

12   exhibits to the press, I should disclose that I have gotten a

13   couple of individual requests for exhibits from reporters and I

14   have provided copies of exhibits that were admitted into

15   evidence without restriction and that were published during the  15:41:35

16   hearing to reporters, and I apologize to the Court if I did so

17   without following the necessary procedures to seek leave.  I

18   did not think there was any legal impediment to my providing

19   those exhibits to the press.

20         THE COURT:  Well, I think in general there is not, and  15:41:54

21   in fact, if you want to proceed in that way, if the parties

22   agreed to proceed in that way, that either party can provide

23   exhibits that have been admitted into evidence to the press, I

24   have no objection unless any party has an objection to the

25   provision of an exhibit and they want to raise it with another  15:42:14

1    party, and then I can only decide -- then I will only have to

2    decide those matters in lieu of making available the record to

3    everybody on request here.

4            Mr. Masterson, what's your pleasure with respect to

5    that?                                                          15:42:31

6            MR. MASTERSON:  Well, I guess my pleasure is I'm

7    concerned about documents that may be subject to redaction that

8    we discussed a little bit ago, so --

9            THE COURT:  Yeah, I agree that -- but why don't you

10   discuss -- let me ask:  Other than those documents, do you have  15:42:46

11   any objection if the press seeks directly from plaintiffs, or

12   from you, exhibits that have been admitted into evidence?

13           MR. MASTERSON:  I really don't.

14           THE COURT:  All right.  So why don't we do this?  Why

15   don't we amend what I just said so that if you have              15:43:01

16   disagreements about redactions, you raise those with me by

17   10 o'clock on Thursday morning, exhibits that need to be

18   redacted.

19           I'll set a hearing.  I'll set a hearing date Thursday

20   at 10 o'clock.                                                   15:43:20

21           And it can be telephonic, so that I can take up any

22   matters.  And if you don't have any matters, just let us know

23   and we'll cancel the hearing.

24           MS. WANG:  Thank you, Your Honor.  That's fine for

25   plaintiffs.                                                      15:43:39

 1             THE COURT:  Mr. Masterson?

 2             MR. MASTERSON:  Oh, sorry, Judge.  That's fine with

 3     me, too.

 4             THE COURT:  Mr. Walker?

 5             MR. WALKER:  That's fine, Your Honor.                    15:43:48

 6             THE COURT:  Mr. Murdy?

 7             MR. MURDY:  That's fine, Your Honor.

 8             THE COURT:  All right.  So I may see you at 10 o'clock

 9     on Thursday morning.

10             (Off-the-record discussion between the Court and the    15:43:55

11     clerk.)

12             THE COURT:  If you need to appear telephonically on

13     Friday, please advise my courtroom deputy.  I realize that some

14     of you from San Francisco may well wish to do so.  But that

15     does not preclude, for example, Mr. Zullo, or Mr. Masterson, or  15:44:07

16     others, if they want to be here in person, from being here in

17     person.

18             All right.  Unless there's anything else, I will see

19     you, perhaps, Thursday, and definitely Friday.

20             (Proceedings concluded at 3:44 p.m.)

21

22

23

24

25

 1

 2                    C E R T I F I C A T E

 3

 4

 5

 6

 7          I, GARY MOLL, do hereby certify that I am duly

 8     appointed and qualified to act as Official Court Reporter for

 9     the United States District Court for the District of Arizona.

10          I FURTHER CERTIFY that the foregoing pages constitute

11     a full, true, and accurate transcript of all of that portion of

12     the proceedings contained herein, had in the above-entitled

13     cause on the date specified therein, and that said transcript

14     was prepared under my direction and control.

15

16

17          DATED at Phoenix, Arizona, this 3rd day of November,

18     2015.

19

20

21                         s/Gary Moll

22     _____

23

24

25

# EXHIBIT 35

1                    UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF ARIZONA

3

4    Manuel de Jesus Ortega Melendres,    )
     et al.,                              )
5                                         )
                   Plaintiffs,            )  No. CV 07-2513-PHX-GMS
6                                         )
                   vs.                    )  Phoenix, Arizona
7                                         )  November 6, 2015
     Joseph M. Arpaio, et al.,            )  3:35 p.m.
8                                         )
                   Defendants.            )
9    _____)

10

11

12

13

14
                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                    BEFORE THE HONORABLE G. MURRAY SNOW
16
                           (Motion Hearing)
17

18

19

20

21

22   Court Reporter:              Gary Moll
                                  401 W. Washington Street, SPC #38
23                                Phoenix, Arizona  85003
                                  (602) 322-7263
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription

1                         A P P E A R A N C E S

2

3    For the Plaintiffs:
              American Civil Liberties Union Foundation
4             Immigrants' Rights Project
              By:  Cecillia D. Wang, Esq.
5             39 Drumm Street
              San Francisco, California  94111
6
              American Civil Liberties Union of Arizona
7             By:  Daniel J. Pochoda, Esq.
              P.O. Box 17148
8             Phoenix, Arizona  85011

9             Covington & Burling, LLP
              By:  Stanley Young, Esq.
10            By:  Michelle L. Morin, Esq.
              333 Twin Dolphin Drive, Suite 700
11            Redwood Shores, California  94065

12   For the Defendant Maricopa County:
              Walker & Peskind, PLLC
13            By:  Richard K. Walker, Esq.
              SGA Corporate Center
14            16100 N. 7th Street, Suite 140
              Phoenix, Arizona  85254

15
     For the Defendant Joseph M. Arpaio and Maricopa County
16   Sheriff's Office:
              Iafrate & Associates
17            By:  Michele M. Iafrate, Esq.
              649 N. 2nd Avenue
18            Phoenix, Arizona  85003

19            Jones, Skelton & Hochuli, PLC
              By:  A. Melvin McDonald, Jr., Esq.
20            By:  John T. Masterson, Esq.
              By:  Joseph T. Popolizio, Esq.
21            2901 N. Central Avenue, Suite 800
              Phoenix, Arizona  85012

22
     For the Movants Christine Stutz and Thomas P. Liddy:
23            Broening, Oberg, Woods & Wilson, PC
              By:  Terrence P. Woods, Esq.
24            P.O. Box 20527
              Phoenix, Arizona  85036

25

1                    A P P E A R A N C E S

2


3    For the Intervenor United States of America:
             U.S. Department of Justice - Civil Rights Division
4            By:  Maureen Johnston, Esq.
             601 D. Street NW, #5011
5            Washington, D.C.  20004

6    For Executive Chief Brian Sands:
             Lewis, Brisbois, Bisgaard & Smith, LLP
7            By:  M. Craig Murdy, Esq.
             2929 N. Central Avenue, Suite 1700
8            Phoenix, Arizona  85012

9    Also present:
             Mr. Michael Zullo

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2

3          THE COURT:  Please be seated.

4          THE CLERK:  This is CV 07-2513, Melendres, et al., v.

5   Arpaio, et al., on for oral argument.                        15:35:08

6          Counsel, please announce your appearances.

7          MR. YOUNG:  Good afternoon, Your Honor.  Stanley

8   Young, Covington & Burling, for plaintiffs.

9          THE COURT:  Good afternoon.

10         MR. POCHODA:  Dan Pochoda, ACLU of Arizona, for        15:35:16

11  plaintiffs.

12         MR. ZULLO:  Michael Zullo representing Michael Zullo.

13         THE COURT:  Good afternoon, Mr. Zullo.

14         MS. IAFRATE:  Good afternoon, Your Honor.  Michele

15  Iafrate on behalf of Sheriff Arpaio and the alleged nonparty  15:35:28

16  contemnors.

17         MR. WOODS:  Your Honor, I'm Terry Woods.  I'm

18  representing nonparties Stutz and Liddy.

19         MR. MURDY:  Good afternoon, Your Honor.  Craig Murdy

20  on behalf of retired Chief Sands.                            15:35:41

21         THE COURT:  Good afternoon.

22         MS. JOHNSTON:  Good afternoon, Your Honor.  Maureen

23  Johnston on behalf of the United States.

24         THE COURT:  Good afternoon.

25         MR. WALKER:  Good afternoon, Your Honor.  This is      15:35:52

1    Richard Walker on behalf of Maricopa County.

2              THE COURT:  Good afternoon, Mr. Walker.

3              Do we have anybody else on the line?

4              MS. WANG:  Yes, Your Honor.  It's Cecillia Wang from

5    the ACLU for plaintiffs.  Good afternoon.                    15:36:02

6              THE COURT:  Good afternoon.

7              MR. McDONALD:  Your Honor, Mel McDonald making a

8    special appearance for Sheriff Joe Arpaio.

9              MR. MASTERSON:  Good afternoon, Judge.  John

10   Masterson, Joe Popolizio for Sheriff Arpaio and the individual   15:36:17

11   contemnors.

12             THE COURT:  Good afternoon.

13             MS. MORIN:  Good afternoon.  This is Michelle Morin

14   with Covington for plaintiffs.

15             THE COURT:  Good afternoon.                         15:36:30

16             Do we have everybody who's on the phone?

17             All right.  Mr. Zullo, you've been in court before?

18             MR. ZULLO:  Yes, sir.

19             THE COURT:  Okay.  I usually have folks come up right

20   here to this podium to address me.  And as I said, this is your   15:36:41

21   motion for protective order, so you get the first and the last

22   chance to address me, so please -- please do so.

23             MR. ZULLO:  This it?  This one?

24             THE COURT:  It is.  Thank you.

25             MR. ZULLO:  Your Honor, obviously, I'm not an       15:36:59

1   attorney.  Obviously, there is probably little chance that I'm

2   going to win against arguing those guys.

3          And also, at the risk of at this juncture having to

4   represent myself, I don't want to venture off into that gray

5   area of testifying and not knowing I'm testifying, so what I'd          15:37:17

6   like to do is just read a statement --

7          THE COURT:  You may do so.

8          MR. ZULLO:  -- to the Court.  Thank you.

9          Your Honor, this Court has said a number of times on

10  the record that the Court is considering referencing this          15:37:30

11  matter to the U.S. Attorney, and even has gone as far as

12  inviting them into the courtroom.

13         The Court has invited Raphael Gomez into this

14  courtroom, someone intimately familiar with Mr. Montgomery.

15  Couple that with the ACLU's threatening claims; the          15:37:45

16  U.S. Attorney, to my understanding, not interested in giving me

17  even a hint of immunity, even though I didn't make that

18  request; you, yourself, Your Honor, stating on the record that

19  you're not inclined to grant me any type of immunity, I believe

20  I have some serious, legitimate Fifth Amendment and due-process          15:38:03

21  concerns.

22         In accordance with the ruling by the Supreme Court

23  in U.S. versus Hubbell, even turning over a list that

24  identifies, even with reasonable particularity, which is what I

25  would testify to if I was compelled to testify, if forced to          15:38:21

1    testify, would be a violation of my Fifth Amendment rights.

2    Just the production of a list has already violated my

3    constitutional rights under Hubbell.

4         The Court has already violated U.S. v. Hubbell by

5    instructing lawyers who do not represent me, and knowing they          15:38:37

6    do not represent me, as the record will show, instructing them

7    to compile and turn over a list of documents that, in effect,

8    may be used against me.

9         In light of this fact, I am asking the Court to please

10   stay my portion of this proceeding until I can secure competent       15:38:53

11   counsel to address this very complex matter before any other

12   violations of my due process rights may occur.

13        I met with counsel, Your Honor, within 72 hours of

14   finding out I didn't have counsel.  I have been forced to take

15   a pro se position because I've learned I have no                       15:39:12

16   representation.

17        It should also be noted that Mr. Tim Casey has

18   submitted a bill to Maricopa County in the sum of $116,000 for

19   legal expense reimbursement for the cost incurred by him as

20   merely being a witness and merely testifying in this case.            15:39:30

21   Mr. Casey is a lawyer, one who I'm sure is able to defend

22   himself; I'm not.  I simply cannot afford the cost of this type

23   of complex representation.  I have asked the County to provide

24   me counsel, to their defense yesterday at around noon,

25   informal, written form, and I had not heard back from them with      15:39:50

1   their decision.

2          The situation has been created by the hands of the

3   ACLU and their attorneys.  Your Honor, I would also like to

4   point out that the measure set for me and others contained in

5   the ACLU's threatening footnote that's at the issue of this,          15:40:07

6   they have in fact ensnared themselves and every other lawyer in

7   the courtroom.  They, too, along with every other lawyer in

8   this courtroom, would have to be held to the same standard of

9   violation that the ACLU wishes to affix to me and the Maricopa

10  County Sheriff's Office.          15:40:25

11         Your Honor, I see no harm in proceeding with your case

12  and at least holding my testimony in abeyance until I'm allowed

13  ample time to get this matter under control.  I have just not

14  been afforded adequate time.

15         Your Honor, the least you can do is grant me 21 more          15:40:40

16  days to secure counsel and please stay your decision, and not

17  require me to be deposed or testify until I could secure

18  adequate representation and get a full understanding of the

19  circumstances.

20         Should you decide today, Your Honor, to rule against          15:40:56

21  me, I'm going to find myself thrust again into a situation that

22  I don't want to be in and one not of my making where I'm going

23  to have no other option but to appeal pro se, pro se to the

24  Ninth Circuit asking for an emergency stay on the matter,

25  something I don't want to do.          15:41:15

 1              I have due process rights, and I think I have grave

 2     concerns, and I think my rights need to be recognized and

 3     abided by.  Thank you.

 4              THE COURT:  Thank you, Mr. Zullo.

 5              Does anybody from plaintiffs wish to respond?                    15:41:26

 6              MR. YOUNG:  Your Honor, I think we've said everything

 7     we want or need to say in our previous papers, which I did

 8     e-mail to Mr. Zullo on Tuesday.  We think that the Court needs

 9     to proceed.  Mr. Zullo is a witness, not a party in this

10     action, and in order to complete the proceeding that the Court            15:41:46

11     is in the middle of, I think we need to proceed.

12              THE COURT:  Thank you.

13              Does any other party have anything they wish to say?

14              MR. WALKER:  Your Honor, this is Richard Walker.  I

15     just wanted to advise the Court that Mr. Zullo is correct:  He            15:42:02

16     sent a letter requesting that the County provide counsel to me

17     yesterday.

18              I responded to that letter -- it was probably around

19     1 o'clock or 1:30, so Mr. Zullo had probably left his

20     computer -- and tried to explain in some considerable detail             15:42:24

21     why the County does not believe he is entitled to be provided

22     counsel at taxpayer expense.

23              THE COURT:  Do you want to summarize that for us here

24     today, Mr. Walker, please.

25              MR. WALKER:  Certainly, Your Honor.                             15:42:45

1        I think that the key issues are, first of all, as

2    things presently stand, Mr. Zullo is not -- has no civil claim

3    asserted against him, and that also distinguishes him from the

4    named contemnors, who have been threatened with the possibility

5    of civil contempt.                                             15:43:15

6        And the institutional representation that Jones,

7    Skelton provides, from the County's perspective, provides

8    representation of employees, and under certain circumstances,

9    including ones applicable to Mr. Zullo, agents of MCSO, for

10   purposes of the institutional interest, but not as individuals.  15:43:46

11       And my letter also explains that he may have been led

12   to a misconception by the fact that the alleged contemnors have

13   individual counsel.  To the extent that those attorneys have

14   been retained to provide advice on potential criminal issues,

15   however, they have not been provided by the County; those       15:44:21

16   attorneys have been retained by the individuals themselves at

17   their expense.  And that is a standard policy of the County:

18   not to provide counsel for purposes of advice on potential

19   criminal matters.

20       With respect to Mr. Zullo's comments about Mr. Casey's  15:44:46

21   bill, it is true, I learned, I think it was either yesterday or

22   maybe even this morning, that Mr. Casey had submitted a bill

23   seeking reimbursement for the ethics counsel he retained in

24   connection with his appearance as a witness in this case.

25       I can inform the Court that this was in the wake of      15:45:15

1    his having been informed by the Maricopa County Attorney's

2    Office that his request for reimbursement was being denied, and

3    my understanding of his letter is essentially that he's

4    appealing that decision to the Board of Supervisors.

5          THE COURT:  All right.  Thank you, Mr. Walker.                15:45:39

6          Does anybody else, any other party or specially

7    appearing nonparty, have anything they wish to say?

8          I take it by the silence the answer is no.

9          Now, Mr. Zullo, it's your motion, so as I explained at

10   the start, you get the opportunity first to speak and you get    15:45:58

11   the opportunity last to speak, and so I'll hear from you again

12   if you wish to say something.

13         MR. ZULLO:  Thank you, Your Honor.

14         I am -- I'm not a naive guy.  I was a sworn police

15   officer at one time in my life.  I've testified in courts; I've   15:46:16

16   testified before grand juries; I've put people in prison.  I'm

17   not stupid.  I didn't get anything wrong in representations

18   made to me.  I understand the splitting hairs.  Before I turned

19   over what's at issue today, I made it emphatically clear I

20   needed to know who was representing me and what was going to be   15:46:34

21   done with it, and I was told.  It wasn't followed through.

22         I find myself in a position where I don't want to hold

23   your court up.  It's not that I don't want to cooperate; I just

24   have some very serious, serious concerns.  And I don't believe

25   that footnote should have ever been entered into this             15:46:54

1    proceeding, but it has been, and I'm very concerned about it;

2    personally, I am very concerned about it.  I'm concerned about

3    it for my family.

4          And Your Honor, I want to make sure that I'm not

5    wandering off here, so if I am I'm going to ask you to please          15:47:11

6    corral me.  But I don't want to mislead this Court.  My

7    testimony will not support the Court's hypothesis.  It just

8    will not.

9          So there's no delaying tactic here.  I just want my

10   rights protected.  Thank you.                                         15:47:29

11         THE COURT:  Thank you.

12         Mr. Zullo, I am going to deny your motion for

13   protective order.  Let me explain why.  And I'm also going to

14   deny your motion for a stay.  You've kind of mixed the two,

15   it's completely understandable.  I'm going to explain why in         15:47:47

16   both cases.  I've already denied your motion for a stay once,

17   but I'll explain it again why I'm doing that.

18         First, as it pertains to your motion for protective

19   order, you did cite some good law, and let me just say that

20   you've done a very fine job in terms -- I mean, I'm not saying        15:48:03

21   that you shouldn't get a lawyer, lawyers are always better, but

22   you've done a fine job in putting forth your legal argument and

23   you even, I think, put forth the appropriate case to make the

24   best claim.  And the case is the Hubbell case.  And what the

25   Hubbell case says is that even the act of producing documents,       15:48:24

1    to the extent that you're acknowledging that you had the

2    documents, to the extent that that suggests that you had the

3    documents and you created them, there is at least some aspect

4    of that that could be incriminating.  And that is what the case

5    says, and you were right to cite it in terms of the facts of          15:48:45

6    this case.

7              There are a couple of exceptions to Hubbell, though,

8    and I think that they both apply here, and I'll give you a

9    brief explanation and then I'm going to file a written order

10   today that will explain my explanation, and that will assist        15:48:56

11   you to the extent that you may seek emergency relief.  You

12   indicated you don't want to do that.  I understand you don't

13   want to do it.  But to the extent that a written explanation of

14   my order is set forth, that may help you in doing it.

15             The first is even if Mr. Masterson and Mr. Popolizio       15:49:15

16   were your lawyers, even if they were your lawyers, when you

17   turn the documents over to them and they are subpoenaed, and

18   they are the ones who have to produce them, you lose any sort

19   of testimonial aspect because you're not the ones that's

20   producing them, and that's set forth in the Fisher case.  So        15:49:40

21   even if they were your lawyers when you turned the documents

22   over to them, because they're being subpoenaed for them, there

23   is no criminal aspect -- or no self-incriminating aspect to it

24   because they're the ones that's producing them, not you.

25             The second reason you'll see that I'm going to deny        15:49:57

1    your order is even though persons have a right to say, My mere

2    production of these documents incriminates me, they don't when

3    they are people who are working for a recognized organization.

4    And it is my ruling, and I'm basing it on some responses that

5    you gave to document production requests, that I think the term          15:50:18

6    you used was that you were individually activated, not as a

7    member of the Cold -- you know, not the whole Cold Case --

8              MR. ZULLO:  Um-hum.

9              THE COURT:  -- Posse was individually activated, but

10   that you personally were individually activated by the Maricopa          15:50:30

11   County Sheriff's Office when you went to Seattle.

12             And so the things that you have done and the documents

13   you've created in pursuit of the Seattle investigation are

14   documents that are created for the MCSO, and that doesn't give

15   you a personal right to claim self-incrimination as a result of          15:50:49

16   them, at least those are going to be my two rulings, and I'm

17   going to -- as I said, I'm going to set that forth in writing

18   so that you can have it in pursuing whatever emergency relief

19   you feel like you need to pursue.  I hope that will assist you.

20             I'm also going to deny your request for a stay.  And          15:51:07

21   even though I understand, and, to some extent, have sympathy

22   for the situation you're in, it looks to me like you became

23   aware even -- and I realize that there may be a factual dispute

24   between you and Mr. Masterson and Mr. Popolizio about what you

25   may have been told or what your understanding was, but even          15:51:26

1  accepting your version of events, you were told unequivocally

2  that you weren't represented by them on October 20th or 21st,

3  so I've already kind of postponed the proceeding to allow you

4  to seek to obtain an attorney.  We're now, what?  It's the 6th

5  of November.  You are not a party to this case, meaning that I          15:51:44

6  haven't indicated that I have any civil contempt contentions

7  against you, let alone any criminal contempt assertions against

8  you.

9         Now, that does not mean -- and you're perfectly

10  correct -- that doesn't mean that the United States Government          15:52:01

11  may not choose to prosecute you.  I can't say that; I don't

12  know that.  But I also feel, after looking at the statutes at

13  issue, that I don't just have free-form ability to go around

14  granting immunity to people.  There has to be a motion from the

15  United States Government; they have to go through a whole          15:52:20

16  process to do that; they've indicated they're not going to do

17  that.

18         You indicated you wanted counsel from Maricopa County.

19  But Maricopa County has indicated now for some time, and

20  they've just reiterated, that they are not going to pay for you          15:52:31

21  to have counsel because you're not -- I haven't noticed you as

22  somebody who I'm interested in any sort of criminal referral

23  and you're not a subject of the civil contempt motion, and so

24  you're really not a party to this case.

25         You suggested that I have a hypothesis, and I          15:52:49

1    understand that you may feel that way.  But what I'm really

2    trying to do is hold a hearing where I can have all the facts

3    and from those facts determine what happened, and sometimes

4    maybe what happened isn't even really relevant to what I'm

5    really looking at, which is remedies -- which is whether or not          15:53:11

6    there's a contempt, and what the remedies need to be.

7          Again, it seems to me that you have relevant

8    information that may cut one way or the other, and if it

9    doesn't cut the way that you perceive that I want it to cut,

10   that doesn't matter.  It is relevant information and I'm going          15:53:29

11   to listen to it; I'm going to give it as much credence as I

12   give everybody else's.

13         That being said, that does not mean that you still

14   don't have your Fifth Amendment rights, and whether or not you

15   have an attorney you can invoke those rights, and I'm not          15:53:45

16   trying to suggest that you can't invoke those rights, and it's

17   up to you and/or your counsel to determine whether or not you

18   should invoke those rights in any given circumstance, and so

19   I'm going to leave that to you.  I do believe that we've

20   already -- and so I'm going to order --          15:54:04

21         Mr. Masterson, Mr. Popolizio, are you there?

22         MR. MASTERSON:  This is John Masterson, Judge.  We're

23   here.

24         THE COURT:  All right.  I am going to order you to

25   turn over the documents that you've been holding today, as you          15:54:15

1    indicated you would, to all other parties in this action.

2          Mr. Zullo, I think you've already indicated that you

3    had Monday free to be deposed.  Is that the date that we've set

4    for the deposition?

5          MR. YOUNG:  We have noticed that date, Your Honor, and    15:54:27

6    we do intend to take it starting at 9:00 a.m. on Monday.

7          THE COURT:  All right.  That doesn't present you,

8    Mr. Zullo, if you want, from having an attorney to represent

9    you there.  It doesn't prevent you from having an attorney to

10   represent you here.  As I've indicated, whether or not you feel    15:54:38

11   like you're able to hire an attorney, that also does not

12   prevent your invocation, in appropriate circumstances, of your

13   Fifth Amendment rights.

14         Fifth Amendment rights do have to implicate -- do have

15   to be related to some sort of legitimate concern of criminal    15:54:52

16   prosecution.  But you've already set forth the footnote which

17   you've indicated causes you concern, and I understand that it

18   does cause you concern.  I am aware that the United States has

19   not -- has indicated that it has no intention of granting you

20   any immunity, so I understand that concern.  But beyond that,    15:55:10

21   you need do make that decision yourself or you need to make it

22   in conjunction with an attorney.

23         Do you understand what I'm --

24         MR. ZULLO:  Yes, sir.

25         THE COURT:  -- saying?    15:55:23

 1         MR. ZULLO:  I do understand.

 2         THE COURT:  All right.  Do you have any other

 3   questions that other counsel here might assist you in

 4   answering?

 5         MR. ZULLO:  It's very difficult, Your Honor, for me to    15:55:30

 6   communicate anywhere, because I don't have an attorney.  So I'm

 7   going to ask you a question and if you can't answer it, I

 8   understand.

 9         THE COURT:  All right.  I'm not going to prevent you

10   from asking me a question, but I am going to tell you that as a    15:55:44

11   judge I'm prohibited from practicing law, meaning that I won't

12   be able to give you legal advice.

13         MR. ZULLO:  Okay.

14         THE COURT:  But, you know, I will try to make things

15   as clear to you as I can within the realm of that limitation.    15:55:55

16         MR. ZULLO:  As far as my deposition is concerned, is

17   there a process or a negotiation that could take place that

18   would streamline that deposition to the relevant matters that

19   are before you and not a broad-based fishing expedition?

20         THE COURT:  Well, I think what you can do is raise    15:56:16

21   your concerns with the parties and/or your objections with the

22   parties.  If I have to rule on objections, I have sentencings

23   all day on Monday but I can try to take any objections or

24   concerns and rule on them either at the end of the day or at

25   noon; or, if we need to, first thing on Tuesday morning, to    15:56:34

1    resume the deposition.

2          But my suggestion to you, Mr. Zullo, would be if you

3    have concerns of that nature, and if you're comfortable doing

4    so, you can explain them to the parties who are at your

5    deposition and see if they will agree to streamline their          15:56:48

6    questions in a way that you anticipate; and if they won't, then

7    you can take appropriate action based on the individual

8    questions that you're asked.

9          But even though it's always better to have an

10   attorney -- and I'm not trying to suggest that it isn't, for          15:57:03

11   reasons that I think you already know -- simply because you

12   don't have an attorney does not mean that you don't have

13   constitutional rights.

14          MR. ZULLO:  Oh, I understand that, sir.

15          THE COURT:  All right.  And you do have the right to          15:57:16

16   assert those in appropriate circumstances.

17          MR. ZULLO:  Yes, sir.

18          THE COURT:  All right.  Anything else that anybody

19   would like to bring up?

20          MR. WOODS:  Briefly, Your Honor.  Your Honor, the          15:57:28

21   parties have indicated that they're not going to call either of

22   my clients as witnesses in this hearing, and so while I want to

23   remain on the mailing list, you won't be seeing me any more,

24   for that reason.

25          THE COURT:  All right.  Thank you for letting me know          15:57:43

1  that, Mr. Woods.

2           MR. WOODS:  Thank you, Your Honor.

3           THE COURT:  Mr. Young?

4           MR. YOUNG:  Yes, Your Honor.  We do have a scheduling

5  issue, and it relates to the discussion we've had as to the        15:57:55

6  sequence of witnesses.  We have three witnesses left, to my

7  knowledge: Captain Skinner, Chief Sheridan, and Mr. Zullo.

8           Because we are planning to take Mr. Zullo's deposition

9  on Monday and his deposition transcript, which hopefully would

10 speed things along, I don't think is going to be ready on        15:58:14

11 Tuesday morning, it would be our proposal that Captain Skinner

12 and Chief Sheridan, in whatever order defendants want, testify,

13 and then we have Mr. Zullo after them.

14          We did ask Ms. Iafrate earlier this afternoon about

15 Chief Sheridan's condition, and I'm not sure about that at this        15:58:35

16 point, so I think I would perhaps ask counsel for defendants

17 whether that would be acceptable to them and ask the Court

18 whether it would be acceptable for the Court to proceed in that

19 sequence.

20          THE COURT:  All right.  I'll indicate that it is        15:58:54

21 acceptable to the Court to proceed in that sequence -- I

22 believe I raised it as a possibility -- recognizing that there

23 may be other obstacles to it that the parties might work out.

24          Mr. Masterson, Mr. Popolizio, do you have any

25 concerns?        15:59:09

1      MR. MASTERSON:  Well, Judge, I do have a concern.

2  We're going to be prepared to have Captain Skinner testify as

3  early as Tuesday, but I think that the plaintiffs are going to

4  have the transcript of that deposition.  We've been getting

5  them the same day, as I recall, that the depositions are taken,          15:59:26

6  we get them late in the day, and certainly no later than the

7  following morning.

8      So I don't want to have another gap, but I want to

9  give as much time for Chief Sheridan to testify as possible.

10 So we were looking at Chief Sheridan late Thursday or possibly          15:59:42

11 on Friday, so I think Mr. Zullo ought to be able to testify

12 between Captain Skinner and Chief Sheridan.

13     THE COURT:  Well, it doesn't seem to me to be --

14 Mr. Young's request that they have an ability to get the

15 deposition back and look at it doesn't seem to me to be          16:00:03

16 unreasonable.  Of course, to the extent that there are issues

17 pertaining to the availability of Chief Sheridan, those don't

18 seem to me to be unreasonable, either, at least on their face,

19 if you're representing to me that they in fact do exist.  So

20 maybe what we better do is plan to proceed with Captain Skinner          16:00:22

21 first thing Tuesday morning and then see where we're at when

22 Captain Skinner's testimony is over.

23     You indicated that you thought he might take up to

24 three hours, Mr. Masterson?

25     MR. MASTERSON:  I think that's right, Judge.  Probably          16:00:36

```
1   not more than that.  We're still going over outlines and such,
2   and I think we've -- we're probably somewhere in the vicinity
3   of between two and three right now.
4           THE COURT:  All right.  Well, I would ask you to do
5   this, then.  I'm going to ask you to do something; I'm going to      16:00:51
6   ask Mr. Young to do something.
7           I'm going to ask you, Mr. Masterson, to check with
8   Chief Deputy Sheridan, see if there is any possibility that he
9   would be able to proceed Tuesday afternoon if we're available
10  and then reconvene Thursday morning.                                 16:01:09
11          If that is possible, that's what I would like to do.
12  If it's not possible, I'm going to ask you, Mr. Young, to check
13  and see if Mr. Zullo would be available to come in Tuesday
14  afternoon, and if that's going to at all be possible for you,
15  if you can make arrangements to do that.                            16:01:28
16          So the first order of business is Mr. Masterson, you
17  check with Chief Deputy Sheridan to ascertain his availability
18  for Tuesday afternoon.  If he's not available, Mr. Young, check
19  with Mr. Zullo and with the court reporter to see if it's
20  available physically and otherwise for you to proceed with         16:01:45
21  Mr. Zullo Tuesday afternoon.
22          If that's not available, then we'll just have to
23  proceed with one or the other on Thursday morning and proceed
24  as that goes on Friday.  And if we have to go on Saturday, I'll
25  see if I can make arrangements to go on Saturday, so that we       16:01:57
```

1   can be as efficient as possible.

2          Any concerns about that proceeding?

3          MS. WANG:  No, Your Honor.  We'll try our best.

4          THE COURT:  Mr. Masterson?

5          MR. MASTERSON:  No concerns, Judge.                      16:02:10

6          THE COURT:  All right.

7          MR. YOUNG:  We have another issue, which is exhibits.

8          We have inquired repeatedly of defendants whether

9   there are any exhibits that they plan to introduce as part of

10  their case, since I think we would be entitled to get a list   16:02:24

11  and to get copies of them.  We have not received a response.

12  Our assumption based on that is that there are no exhibits that

13  defendants intend to produce and we would seek the Court's

14  guidance on that, and obviously an answer from defendants as

15  well.                                                          16:02:42

16          THE COURT:  Mr. Masterson.

17          MR. MASTERSON:  Judge, I'm just sitting here looking

18  across the room, and I thought we had sent them but we're

19  poised to send exhibits out right now, so we're going to be

20  sending some their way here as soon as we get off the phone.   16:02:58

21          MR. WALKER:  Your Honor, this --

22          MR. MASTERSON:  And I'll tell you, there's not a whole

23  bunch of them.

24          MR. WALKER:  Your Honor, this is Richard Walker.

25          I anticipate having two exhibits on behalf of the      16:03:09

```
 1    County, and I should be able to send those out by tomorrow.

 2            THE COURT:  All right.  Mr. Walker, you indicated that

 3    you may or may not call witnesses.  Have you been able to

 4    arrive at any determination with the plaintiffs as to whether

 5    or not that's going to be necessary?                        16:03:26

 6            MR. WALKER:  No, I haven't, Your Honor, and I wouldn't

 7    expect that.  I'm sure they -- they will want to see these

 8    exhibits first.  And once they see them, I'm hopeful that they

 9    will give me the stipulations I need so that I don't have to

10    call the witnesses.                                         16:03:43

11            THE COURT:  All right.  Well, I'm really going to be

12    very pinched, as I've indicated, on Monday; you're going to be

13    in deposition, anyway.  But if there are matters that need to

14    be raised, I should be available around noon and after 5:00, so

15    we can take up matters then, or, if need be, Tuesday morning.  16:03:58

16    But otherwise, I'm going to expect that in any event, we are

17    going to be begin with Captain Skinner first thing on Tuesday

18    morning.

19            Anything else?

20            MR. YOUNG:  Yes, Your Honor.                        16:04:12

21            MS. WANG:  Your Honor, this is --

22            MR. YOUNG:  Ms. Wang has a point that she will raise.

23            THE COURT:  All right.  Ms. Wang?

24            MS. WANG:  Thank you, Your Honor.  On October 9th

25    during court we raised a few issues about the proposed subject  16:04:25
```

1   matters for Chief Sheridan's testimony in defendants' case in

2   chief, and specifically we discussed first the relevance of any

3   testimony by Chief Deputy Sheridan on training provided by the

4   United States Government to MCSO deputies back when they were

5   certified under the 287(g) program.                                    16:04:50

6          And secondly, Your Honor, we also raised an objection

7   to defendants putting on any duplicative testimony by Chief

8   Sheridan.  Many of the topics that they described in the joint

9   pretrial statement are matters on which there was already

10  comprehensive testimony by Chief Sheridan during our case in          16:05:11

11  chief.

12         So Your Honor, I've written to defendants to try to

13  seek clarification on whether they have revised their

14  intentions on Chief Sheridan's testimony, I have not heard back

15  from them, and so I would seek the Court's guidance as to             16:05:27

16  whether Your Honor would entertain a motion in limine or

17  whether you would prefer that we raise objections as we go

18  along during the direct examination of Chief Sheridan.

19         THE COURT:  Well, I think we have killed a lot of

20  trees in this case; we'll probably kill more.  I don't think we      16:05:44

21  need a new motion in limine.  I think I indicated that I don't

22  see the relevance of Chief Deputy Sheridan's attempts to

23  testify that the United States Government instructed them

24  concerning the ability to use race as one factor among others

25  in their 287(g) training.                                            16:06:06

 1          That being said, I have always said, and so found in

 2     my original findings of fact and conclusions of law -- about

 3     which, by the way, I already have entered the findings of fact

 4     and conclusions of law, which have been affirmed by the Ninth

 5     Circuit -- that such training was provided by Immigration and          16:06:22

 6     Customs Enforcement to the Maricopa County Sheriff's Office,

 7     and that they followed and promulgated such training in their

 8     subsequent instructions to their own patrol deputies personnel.

 9          So Mr. Masterson, I'm not really going to be willing

10     to entertain a lot on this.  If you feel like fairness requires          16:06:45

11     that it be brought out, it can be brought out about to the

12     extent I've just bought it out.  But this matter has already

13     been litigated; there have already been findings of fact; those

14     findings of fact have been affirmed by the Ninth Circuit.

15          Do you intend to dwell on it very long, Mr. Masterson?          16:06:59

16          MR. MASTERSON:  Judge, I don't intend to dwell on it

17     very long, and in fact, I'm really happy right now this is kind

18     of the first time that anybody's said that out loud for

19     everyone to hear.  And so I do not intend to dwell on it, and I

20     think we can -- and we're certainly not going to try to          16:07:18

21     duplicate testimony that we've already brought forward through

22     Chief Sheridan or other witnesses.

23          THE COURT:  All right.  So I guess in answer to your

24     question, Ms. Wang:  Why don't we save trees?  If you have

25     objections, you can make them during Chief Deputy Sheridan's          16:07:37

1   testimony.

2           MS. WANG:  Thank you, Your Honor.  We'll go forward

3   that way.

4           THE COURT:  Anything else that anybody needs to raise?

5           All right.  I'll see you Tuesday morning.                16:07:48

6           (Proceedings concluded at 4:07 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                        C E R T I F I C A T E

3

4

5

6

7         I, GARY MOLL, do hereby certify that I am duly

8    appointed and qualified to act as Official Court Reporter for

9    the United States District Court for the District of Arizona.

10         I FURTHER CERTIFY that the foregoing pages constitute

11   a full, true, and accurate transcript of all of that portion of

12   the proceedings contained herein, had in the above-entitled

13   cause on the date specified therein, and that said transcript

14   was prepared under my direction and control.

15

16

17         DATED at Phoenix, Arizona, this 11th day of November,

18   2015.

19

20

21                             s/Gary Moll

22                        _____

23

24

25

# EXHIBIT 36

1                    UNITED STATES DISTRICT COURT

2                   FOR THE DISTRICT OF ARIZONA

3

4    Manuel de Jesus Ortega Melendres,      )
     et al.,                                )
5                                           )
                     Plaintiffs,            )  No. CV 07-2513-PHX-GMS
6                                           )
                     vs.                    )  Phoenix, Arizona
7                                           )  November 10, 2015
     Joseph M. Arpaio, et al.,              )  9:03 a.m.
8                                           )
                     Defendants.            )
9    _____)

10

11

12

13

14
                    REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                   BEFORE THE HONORABLE G. MURRAY SNOW
16
              (Evidentiary Hearing Day 18, Pages 4064-4297)
17

18

19

20

21

22   Court Reporter:              Gary Moll
                                  401 W. Washington Street, SPC #38
23                                Phoenix, Arizona   85003
                                  (602) 322-7263
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription

```
1                    A P P E A R A N C E S

2

3   For the Plaintiffs:
            American Civil Liberties Union Foundation
4           Immigrants' Rights Project
            By: Cecillia D. Wang, Esq.
5           39 Drumm Street
            San Francisco, California  94111
6
            Covington & Burling, LLP
7           By: Stanley Young, Esq.
            By: Michelle L. Morin, Esq.
8           333 Twin Dolphin Drive, Suite 700
            Redwood Shores, California  94065
9
    For the Defendant Maricopa County:
10          Walker & Peskind, PLLC
            By: Richard K. Walker, Esq.
11          By: Charles W. Jirauch, Esq.
            SGA Corporate Center
12          16100 N. 7th Street, Suite 140
            Phoenix, Arizona  85254
13
    For the Defendant Joseph M. Arpaio and Maricopa County
14  Sheriff's Office:
            Iafrate & Associates
15          By: Michele M. Iafrate, Esq.
            649 N. 2nd Avenue
16          Phoenix, Arizona  85003

17          Jones, Skelton & Hochuli, PLC
            By: A. Melvin McDonald, Jr., Esq.
18          By: John T. Masterson, Esq.
            By: Joseph T. Popolizio, Esq.
19          2901 N. Central Avenue, Suite 800
            Phoenix, Arizona  85012
20
    For Deputy Chief Jack MacIntyre:
21          Dickinson Wright, PLLC
            By: Gary L. Birnbaum, Esq.
22          1850 North Central Avenue, Suite 1400
            Phoenix, Arizona  85004
23

24

25
```

1                    A P P E A R A N C E S

2

3   For the Intervenor United States of America:
            U.S. Department of Justice - Civil Rights Division
4           By:  Paul Killebrew, Esq.
            950 Pennsylvania Avenue NW, 5th Floor
5           Washington, D.C.  20530

6           U.S. Department of Justice - Civil Rights Division
            By:  Cynthia Coe, Esq.
7           By:  Maureen Johnston, Esq.
            601 D. Street NW, #5011
8           Washington, D.C.  20004

9   For Executive Chief Brian Sands:
            Lewis, Brisbois, Bisgaard & Smith, LLP
10          By:  M. Craig Murdy, Esq.
            2929 N. Central Avenue, Suite 1700
11          Phoenix, Arizona  85012

12  Also present:
            Sheriff Joseph M. Arpaio
13          Executive Chief Brian Sands
            Lieutenant Joseph Sousa

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2    Witness:                                            Page

3    RUSSELL SKINNER

4    Direct Examination by Mr. Popolizio                 4076
     Cross-Examination by Mr. Young                      4170
5    Cross-Examination by Mr. Killebrew                  4252
     Redirect Examination by Mr. Popolizio              4257
6    Examination by the Court                            4264

7    MICHAEL ZULLO

8    Direct Examination by Mr. Young                     4283

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                         E X H I B I T S

2    No.     Description                                    Admitted

3    2945    MCSO Memorandum to Captain Skinner from           4232
             Michael Zullo re Response to Document Request
4            Regarding ITR 79 dated 8/5/2015
             (MELC677737)
5
     2946    MCSO Memorandum to Captain Skinner re             4236
6            Response to Document Request Regarding ITR
             80 dated 8/2015 (MELC662482 - MELC662484)
7
     2947    E-mail chain re Arpaio/Melendres litigation       4224
8            hold dated April 24, 2015
             (MELC199344 - MELC199345)
9
     2948    Letter from M. Iafrate re litigation hold         4226
10           dated 4.24.2015 (MELC199311 - MELC199313)

11   2949    MCSO Memorandum to Captain Skinner from           4234
             Michael Zullo re Response to Document Request
12           Regarding ITR 8 dated August 5, 2015
             (MELC677718)
13
     2950    E-mail chain re M. Zullo response to ITR 51       4231
14           (MELC1338964 - MELC1338966)

15   2973    MCSO Memorandum to Captain Skinner from           4235
             Michael Zullo re Response to Document Request
16           Regarding ITR 63 dated 6/29/2015
             (MELC662480)
17
     2984    E-mail from Russ Skinner to Michael Zullo         4229
18           (redacted) [Skinner Depo Ex. 2931] dated
             4/27/2014 (MELC1241293 - MELC1241294)
19

20

21

22

23

24

25

 1            MR. YOUNG:  Oh.  Thank you.

 2            MR. JIRAUCH:  I served an e-mail.

 3            (Pause in proceedings.)

 4            THE CLERK:  Please come right up here, sir.

 5            Can you please state and spell your first and last          16:46:02

 6    name for the record.

 7            THE WITNESS:  Michael Zullo, Z-u-l-l-o.

 8            THE COURT:  Please raise your right hand.

 9            (Michael Zullo is duly sworn as a witness.)

10            THE CLERK:  Please take our witness stand.          16:46:34

11                        DIRECT EXAMINATION

12    BY MR. YOUNG:

13    Q.  Good afternoon, Mr. Zullo.

14    A.  Good afternoon, sir.

15    Q.  Could you state your name for the record.          16:46:46

16    A.  Michael Zullo.

17    Q.  We met earlier, but I'm Stan Young.  I'm one of the

18    plaintiffs' counsel in this case.

19            Did you discuss your intention to invoke the Fifth

20    Amendment with any attorneys at Jones, Skelton?          16:47:03

21            MR. MASTERSON:  Hold on.  Objection, Your Honor.  We

22    do not represent this witness civilly or criminally in this

23    matter.  However, we have had conversations with this witness,

24    and those conversations are protected due to our representation

25    of Sheriff Arpaio in this matter.          16:47:33

1          Sheriff Arpaio holds that privilege, and Mr. Zullo, as

2     a Posse member, in speaking to us, can speak freely to us, and

3     the conversations are privileged by virtue of the

4     attorney-client privilege that is held by Sheriff Arpaio.

5          THE COURT:  I'm not going to allow you to play fish or    16:47:54

6     fowl.  I mean, either you represent this witness in his

7     capacity as an operative of the MCSO, or you do not.

8          Which is it?

9          MR. MASTERSON:  We do not represent the witness, but

10    we do have the ability to have privileged conversations with    16:48:14

11    the witness because of our representation of Sheriff Arpaio.

12         THE COURT:  As it relates to whether or not the

13    witness is going to invoke the Fifth Amendment you're claiming

14    that?

15         MR. MASTERSON:  No, sir.  No, sir.                         16:48:26

16         THE COURT:  Well, that was the question.

17         MR. MASTERSON:  Okay.  But I just wanted to make it

18    clear that there are communications this witness can have and

19    has had with us that will be protected.

20         THE COURT:  All right.  To the extent that you're         16:48:35

21    advising me that you may make such objections in the future, I

22    am forewarned.  But I do not believe the question as posed

23    implicates that, and so I'm overruling the objection.

24         MR. MASTERSON:  Thank you, Judge.

25         THE COURT:  You may answer, Mr. Zullo.                    16:48:53

 1            THE WITNESS:  Yes, I did.

 2    BY MR. YOUNG:

 3    Q.  What have you discussed with anyone at the Jones, Skelton

 4    firm about whether you would invoke the Fifth Amendment?

 5    A.  Mr. Young, I'm not represented by counsel, and I do invoke          16:49:03

 6    my Fifth Amendment privilege.  I don't know if I'm waiving that

 7    by answering these questions.

 8    Q.  Who were the lawyers or lawyer that you spoke to at Jones,

 9    Skelton about whether you would invoke the Fifth Amendment?

10    A.  Both Mr. Popolizio and Mr. Masterson.                               16:49:17

11    Q.  When did you have any such conversations?

12    A.  Months back.  And current, and right about couple days

13    before my deposition.

14    Q.  Did Mr. Popolizio or Mr. Masterson ask you to invoke the

15    Fifth Amendment?                                                        16:49:38

16    A.  Counsel, like I said, I'm not represented, and you're

17    having me testify here.

18            I want to make sure I'm not waiving my privilege, Your

19    Honor.  I don't know what's really going on at this point.

20            THE COURT:  Do you want to be heard on if there's any           16:49:52

21    possible incriminating -- anything incriminating to Mr. Zullo

22    in answering that question?

23            Would you read back the question for me, Gary, please.

24            (The record was read by the court reporter as follows:

25    Did Mr. Popolizio or Mr. Masterson ask you to invoke the Fifth          16:49:34

 1   Amendment?)

 2        THE COURT:  I am having a hard time seeing that there

 3   would be any incriminating aspect to Mr. Zullo by answering

 4   that question.  Do you want to be heard on that?

 5        MR. MASTERSON:  I do not see any incrimination, any          16:50:27

 6   incriminating nature of that, if he answers this question.

 7        THE COURT:  Any other counsel see any concern for

 8   incrimination?

 9        I am going to direct you to answer that question,

10   then, Mr. Zullo, please.                                          16:50:45

11        THE WITNESS:  If I understood the question, is it

12   "they" instructed me?

13   BY MR. YOUNG:

14   Q.  Well, I didn't use that phrase.

15   A.  Could you repeat it, then, sir?                               16:50:53

16   Q.  Yeah.  Why don't I withdraw the question.

17   A.  Okay.

18   Q.  You participated in an investigation involving Dennis

19   Montgomery, and at various times Detective Mackiewicz and

20   Sergeant Anglin, that we'll call the Seattle investigation, is    16:51:10

21   that correct?

22   A.  Sir, I invoked my Fifth Amendment privileges yesterday

23   during deposition, and I am invoking them here today.

24   Q.  Did Sheriff Arpaio ask you to work on that investigation?

25   A.  I invoke my Fifth Amendment privileges, sir.                  16:51:28

Zullo - DX Young, 11/10/15 Evidentiary Hearing      4287

1    Q.  Did you stay in communication with Sheriff Arpaio

2    throughout the course of that investigation?

3    A.  I'm taking the Fifth, sir.

4    Q.  Did you stay in communication with chief dep- -- Chief

5    Sheridan with respect to that investigation throughout its      16:51:47

6    course?

7    A.  I am taking the Fifth, sir.

8    Q.  Are you still in communication with Sheriff Arpaio and

9    Chief Sheridan about the Seattle investigation?

10   A.  I am taking the Fifth, sir.      16:52:00

11   Q.  Did Sheriff Arpaio ask you to have Dennis Montgomery search

12   for information on Judge Snow?

13   A.  I am taking the Fifth, sir.

14   Q.  Detective Mackiewicz testified that you had Dennis

15   Montgomery look for information about Judge Snow, is that      16:52:23

16   correct?

17   A.  I am taking the Fifth, sir.

18   Q.  Did you discuss with Sheriff Arpaio having Dennis

19   Montgomery look for information about Judge Snow?

20   A.  Taking the Fifth, sir.      16:52:36

21   Q.  Did you tell Sheriff Arpaio that Mr. Montgomery and you had

22   found information relating to Judge Snow?

23   A.  Taking the Fifth, sir.

24   Q.  Did you have Mr. Montgomery search for information about

25   Earl Wilcox?      16:53:03

1   A.  Taking the Fifth, sir.

2   Q.  Did you talk to Sheriff Arpaio about such information?

3   A.  Taking the Fifth, sir.

4   Q.  In early 2013 and -- actually, sorry.  In late 2013 and

5   early 2014, was Sheriff Arpaio calling you almost every day          16:53:24

6   asking for updates on what you were doing with --

7   A.  Taking the --

8   Q.  -- Dennis Montgomery?

9   A.  Taking the Fifth, sir.

10  Q.  Did you make some audio recordings during the course of          16:53:38

11  your investigation with Dennis Montgomery?

12  A.  Taking the Fifth, sir.

13  Q.  Did you use a cell phone to make those audio recordings?

14  A.  Taking the Fifth, sir.

15          MR. YOUNG:  I'm going to ask that the first couple           16:54:03

16  minutes of Exhibit 2978 be played.  We heard them a little bit

17  earlier today, but I'll ask for that.

18          Actually, Your Honor, in fact, before we -- it occurs

19  to me, we had a conference yesterday and Your Honor asked about

20  transcripts of those sound recordings.  I understand we have        16:54:31

21  just gotten transcripts.  So perhaps, given that we're at the

22  end of the day, it would make sense for me to defer questions

23  on the sound recordings until Thursday, which I think is

24  consistent with some requests I've gotten from defense counsel.

25  So I'll move to another area of questions.                          16:54:49

1          THE COURT:  Yeah.  You got about five minutes,

2     Mr. Young.

3          MR. YOUNG:  Understood.  I'll try to use them

4     usefully.

5     BY MR. YOUNG:                                            16:54:59

6     Q.  Let's take a look at Exhibit 2074A.

7          Mr. Zullo, you'll see a screen in front of you on

8     which the exhibits will appear.  Did you have Dennis Montgomery

9     send this fax to Sheriff Arpaio?

10    A.  Taking the Fifth, sir.                               16:55:23

11    Q.  Did Sheriff Arpaio request that you have Dennis Montgomery

12    send this information to him?

13    A.  Taking the Fifth, sir.

14    Q.  Did you discuss this information with Sheriff Arpaio?

15    A.  Taking the Fifth, sir.                               16:55:37

16    Q.  Did you discuss this information with Chief Sheridan?

17    A.  Taking the Fifth, sir.

18    Q.  Did you give Sheriff Arpaio's and Chief Sheridan's

19    cell phone numbers to Mr. Montgomery for him to use to

20    determine whether there were any wiretaps associated with those  16:55:57

21    numbers?

22    A.  Taking the Fifth, sir.

23    Q.  Let's take a look at Exhibit 2074B.

24          There's some discussion on this memo of Judge Snow's

25    family members, his sister-in-law in handwriting at the top and  16:56:20

1    his wife in the typewritten bottom paragraph.

2            Did you ever discuss with Sheriff Arpaio whether

3    either of those people worked for the Covington & Burling law

4    firm?

5    A.  Taking the Fifth, sir.                                     16:56:32

6    Q.  Did you ever discuss with Sheriff Arpaio senator -- or

7    former Senator Jon Kyle?

8    A.  Taking the Fifth, sir.

9    Q.  Did you assist Sheriff Arpaio in investigating suspected

10   wiretapping of his or his wife's phones?                       16:56:53

11   A.  Taking the Fifth, sir.

12   Q.  You had some meetings with Dennis Montgomery, or involving

13   him with Judge Royce Lamberth in Washington, D.C., correct?

14   A.  Taking the Fifth, sir.

15   Q.  Did you discuss information that Dennis Montgomery had      16:57:15

16   provided to you with Judge Lamberth?

17   A.  Taking the Fifth, sir.

18   Q.  Did you discuss with Judge Lamberth potential wiretaps of

19   the sheriff by either the Department of Justice or ordered by

20   Judge Snow?                                                    16:57:32

21   A.  Taking the Fifth, sir.

22   Q.  Did you later realize that the information that you had

23   presented, along with Mr. Montgomery, to Judge Lamberth was

24   incorrect?

25   A.  Taking the Fifth, sir.                                     16:57:44

1   Q.  Did you ever have an argument or disagreement with either

2   Larry Klayman or Mr. Montgomery about whether you should go

3   back to Judge Lamberth and correct the information that you had

4   provided to him?

5   A.  Taking the Fifth, sir.                                    16:58:01

6   Q.  Did you ever go back to Judge Lamberth to correct the

7   information that had been given to him that was incorrect?

8   A.  Taking the Fifth, sir.

9   Q.  You discussed the issue of immunity for Mr. Montgomery with

10  a number of people, correct?                                  16:58:29

11  A.  Taking the Fifth, sir.

12  Q.  Among those people were Sheriff Arpaio and also the Arizona

13  attorney general, correct?

14  A.  Taking the Fifth, sir.

15  Q.  You knew that if what Mr. Montgomery had told you was true,  16:58:41

16  that he would have been involved and would be involved in

17  potentially a crime and would want immunity, correct?

18  A.  Taking the Fifth, sir.

19  Q.  Let's look at Exhibit 2079.  Now, that's a series of text

20  messages that's been admitted into evidence.                  16:59:22

21          In the first text message on the first page, you sent

22  a message to Sergeant Anglin referring to Mr. Montgomery, code

23  name Oz, who had been, quote, mapping out cell phone calls and

24  then line calls back to 2009 involving Judge Snow, end quote,

25  correct?                                                      16:59:46

Zullo - DX Young, 11/10/15 Evidentiary Hearing      4292

1   A.  Taking the Fifth, sir.

2   Q.  Okay.  You had been discussing that work with

3   Mr. Montgomery, correct?

4   A.  Taking the Fifth, sir.

5   Q.  Okay.  Your view was that the work and the stuff -- well,      16:59:55

6   I'll just quote it:  The stuff looks promising.  That's what

7   your view at the time was, correct?

8   A.  Taking the Fifth, sir.

9           THE COURT:  Are we at a good stopping point here?

10          MR. YOUNG:  If I could ask a couple more questions and      17:00:12

11  be done with this exhibit, Your Honor, that would be convenient

12  to me.

13          THE COURT:  You may.

14          MR. YOUNG:  Thank you.

15  BY MR. YOUNG:      17:00:19

16  Q.  Let's go to the sixth page of Exhibit 2079.

17          Actually, how about the fifth page, the previous page.

18          In the message that's shown on that page, you said

19  that you just got off the phone with the sheriff, is that

20  right?      17:00:53

21  A.  Taking the Fifth, sir.

22  Q.  That was New Year's Day 2014, correct?

23  A.  Taking the Fifth, sir.

24  Q.  And you were keeping the sheriff closely informed of what

25  you and Mr. Montgomery were discussing, correct?      17:01:11

1    A.  Taking the Fifth, sir.

2    Q.  Then you arranged with Sergeant Anglin for a meeting

3    involving the sheriff on January 2 at 3 p.m. to talk about the

4    information that Mr. Montgomery was providing, is that right?

5    A.  Taking the Fifth, sir.                                    17:01:30

6    Q.  Going to the next page of the text message string, you

7    concede that you told Sergeant Anglin that you had told

8    Mr. Montgomery that he would be on a speakerphone so that he

9    could discuss the work that he was doing with the various

10   people, including attorneys, who would be at that meeting,     17:01:47

11   correct?

12   A.  Taking the Fifth, sir.

13            MR. YOUNG:  Your Honor, thank you for your indulgence.

14   This would be a convenient breaking time.

15            THE COURT:  All right.                                17:01:58

16            Now, Mr. Zullo, we have you back on Thursday morning.

17            THE WITNESS:  Sure.

18            THE COURT:  I have exacted from the parties, who want

19   to make sure that you're asked specific questions, that you're

20   not asked any more specific questions than are necessary --    17:02:12

21            THE WITNESS:  Thank you.

22            THE COURT:  -- so that it doesn't overly implicate

23   your Fifth Amendment rights.  I'm going to hold the parties to

24   that, even though they do have a right to ask you questions.

25            THE WITNESS:  Um-hum.  I understand.                  17:02:24

1        THE COURT:  But we'll resume again Thursday morning.

2        THE WITNESS:  What time?

3        THE COURT:  We will resume here at 9 o'clock.

4        THE WITNESS:  I'll be here.

5        THE COURT:  Thank you.                                    17:02:32

6        THE WITNESS:  Thank you, sir.

7        THE COURT:  You may step down.

8        Oh, did you have something you wanted to say?

9        MR. MASTERSON:  An objection to Mr. Young's last

10   question, and he was reading from the exhibit.               17:02:39

11       THE COURT:  I think that exhibit's been admitted into

12   evidence.

13       MR. MASTERSON:  Well, it is.  It is admitted into

14   evidence.  I just wish he would read it correctly.  He read

15   there's going to be some conversation on a speakerphone       17:02:50

16   involving attorneys, and I don't see a single word there about

17   attorneys, so...

18       THE COURT:  You can correct it when we resume on

19   Thursday morning.

20       MR. YOUNG:  I wasn't meaning at that moment, and I        17:03:06

21   hope I didn't give the wrong impression, to quote that exact

22   language.  I was referring generally to the text message

23   string, and there is another place, the previous page, which

24   does refer to a couple of attorneys being at that meeting, so

25   that's what I was referring to.                              17:03:21

1          THE COURT:  All right.  I will see the parties here

2     Thursday morning in time to resume at 9 o'clock.

3          Yes, Ms. Wang.

4          MR. WANG:  Your Honor, we would request an update on

5     whether defendants intend to call Chief Deputy Sheridan.                17:03:32

6          MR. MASTERSON:  That has not changed since yesterday,

7     Judge, and I think it's going to depend on what we -- what

8     decisions are made with respect to Mr. Zullo's testimony, and

9     any inferences that may be drawn from his testimony or lack

10    thereof.                                                               17:03:51

11         THE COURT:  If you're going to call Chief Deputy

12    Sheridan, is he going to be available on Thursday?  Because I

13    don't anticipate, at least, that you're going to have a whole

14    lot more questions -- well, you may have some more questions,

15    but I anticipate they'll go rather rapidly with Mr. Zullo.              17:04:04

16         MR. YOUNG:  As I mentioned yesterday, I think because

17    in particular the sound recordings -- well, actually, I'm not

18    sure about the sound recordings.  It may still take a couple of

19    hours, but it won't take the whole day.

20         THE COURT:  All right.                                           17:04:21

21         MS. WANG:  Your Honor --

22         THE COURT:  I'd just like to know whether we're going

23    to have Chief Deputy Sheridan here, if he's going to testify.

24         MR. MASTERSON:  As of yesterday, Chief Deputy Sheridan

25    was intending to be here Thursday and Friday.                          17:04:34

1           THE COURT:  All right.  Thank you.

2           MS. WANG:  Your Honor, in the joint pretrial

3   statement, defendants indicated that they would call

4   Chief Deputy Sheridan on a number of topics.

5           THE COURT:  Yes.                                    17:04:44

6           MR. WANG:  I would infer from Mr. Masterson's

7   statement that they're withdrawing him on all topics other than

8   those on which Mr. Zullo is testifying, is that correct?

9           MR. MASTERSON:  That is the appropriate inference at

10  this moment.  May I have until tomorrow afternoon to advise      17:05:03

11  Ms. Wang whether that changes?

12          THE COURT:  How about early afternoon?

13          MR. MASTERSON:  That is fine with me, Judge.

14          THE COURT:  All right.

15          MS. WANG:  I appreciate that.  Thank you.             17:05:15

16          THE COURT:  All right.  We'll see you Thursday

17  morning, 9 o'clock.

18          MR. YOUNG:  Thank you, Your Honor.

19          (Proceedings recessed at 5:05 p.m.)

20

21

22

23

24

25

C E R T I F I C A T E

I, GARY MOLL, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 11th day of November, 2015.

s/Gary Moll

# EXHIBIT 37

4298

1                    UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF ARIZONA

3

4   Manuel de Jesus Ortega Melendres,    )
    et al.,                              )
5                                        )
                     Plaintiffs,         ) No. CV 07-2513-PHX-GMS
6                                        )
                     vs.                 ) Phoenix, Arizona
7                                        ) November 12, 2015
    Joseph M. Arpaio, et al.,            ) 9:07 a.m.
8                                        )
                     Defendants.         )
9   _____ )

10

11

12

13

14
                   REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                   BEFORE THE HONORABLE G. MURRAY SNOW
16
               (Evidentiary Hearing Day 19, Pages 4298-4503)
17

18

19

20

21

22  Court Reporter:              Gary Moll
                                 401 W. Washington Street, SPC #38
23                               Phoenix, Arizona   85003
                                 (602) 322-7263
24
    Proceedings taken by stenographic court reporter
25  Transcript prepared by computer-aided transcription

1                      A P P E A R A N C E S

2

3   For the Plaintiffs:
              American Civil Liberties Union Foundation
4             Immigrants' Rights Project
              By:  Cecillia D. Wang, Esq.
5             39 Drumm Street
              San Francisco, California  94111
6
              American Civil Liberties Union of Arizona
7             By:  Daniel J. Pochoda, Esq.
              P.O. Box 17148
8             Phoenix, Arizona  85011

9             Covington & Burling, LLP
              By:  Stanley Young, Esq.
10            By:  Michelle L. Morin, Esq.
              333 Twin Dolphin Drive, Suite 700
11            Redwood Shores, California  94065

12  For the Defendant Maricopa County:
              Walker & Peskind, PLLC
13            By:  Richard K. Walker, Esq.
              SGA Corporate Center
14            16100 N. 7th Street, Suite 140
              Phoenix, Arizona  85254

15
    For the Defendant Joseph M. Arpaio and Maricopa County
16  Sheriff's Office:
              Iafrate & Associates
17            By:  Michele M. Iafrate, Esq.
              649 N. 2nd Avenue
18            Phoenix, Arizona  85003

19            Jones, Skelton & Hochuli, PLC
              By:  A. Melvin McDonald, Jr., Esq.
20            By:  John T. Masterson, Esq.
              By:  Joseph T. Popolizio, Esq.
21            2901 N. Central Avenue, Suite 800
              Phoenix, Arizona  85012

22

23

24

25

1                        A P P E A R A N C E S

2

3    For the Movants Christine Stutz and Thomas P. Liddy:
     For the Intervenor United States of America:
4            U.S. Department of Justice - Civil Rights Division
             By:  Paul Killebrew, Esq.
5            950 Pennsylvania Avenue NW, 5th Floor
             Washington, D.C.  20530
6
             U.S. Department of Justice - Civil Rights Division
7            By:  Cynthia Coe, Esq.
             By:  Maureen Johnston, Esq.
8            601 D. Street NW, #5011
             Washington, D.C.  20004
9
     For Executive Chief Brian Sands:
10           Lewis, Brisbois, Bisgaard & Smith, LLP
             By:  M. Craig Murdy, Esq.
11           2929 N. Central Avenue, Suite 1700
             Phoenix, Arizona  85012
12
     Also present:
13           Sheriff Joseph M. Arpaio
             Executive Chief Brian Sands
14           Chief Deputy Gerard Sheridan

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2    Witness:                                          Page

3    JOSEPH SOUSA

4    Direct Examination by Ms. Wang                    4307

5    MICHAEL ZULLO

6    Direct Examination Continued by Mr. Young         4311
     Cross-Examination by Mr. Masterson                4393
7    Redirect Examination by Mr. Young                 4399

8

9

10                        E X H I B I T S

11   No.     Description                            Admitted

12

13   2090    E-mail chain between Dennis Montgomery to Mike  4437
             Zullo with a subject line "Judge Snow" dated
14           2/2/2015 (MELC202222-24)

15   2256    E-mail from David Webb to                   4415
             1tick@earthlink.net-PROJECT dated 6/29/2014
16           (MELC202132)

17   2258    E-mail from David Webb to "Mike" RE: Work dated 4417
             10/30/2014 (MELC202283) 2259 E-mail from David
18           Webb RE:DC dated 11/2/2014 (MELC198252)

19   2269    E-mail from David Webb to Mike Re: Lawsuit   4441
             dated 1/22/2015 (MELC200001-03)
20
     2271    E-mail from David Webb to Mike re: Work dated 4459
21           2/2/2015 (MELC202285-89)

22   2273    E-mail from David Webb to Mike Re: No Work    4438
             dated 2/11/2015 (MELC201828)
23

24

25

1                          E X H I B I T S

2     No.        Description                                  Admitted

3

      2274       E-mail from David Webb to Mike Re: Arpaio       4465
4                dated 2/27/2015 (MELC202148)

5     2278       E-mail from David Webb to Mike Re: Place yet    4465
                 dated 3/31/2015 (MELC202249-50)
6

      2279       E-mail from Larry Klayman to Mike Zullo copying 4466
7                David Webb and Dennis Re: 2nd Request dated
                 4/20/2015 (MELC202142-45)
8

      2873B      Audio Clip 2 from Audio Mike Zullo on Freedom   4467
9                Friday with Carl Gallups

10    2960       E-mail chain, last from Mike Zullo to David     4416
                 Webb re Work dated 7/8/2014 (ZULLO_002995)
11

      2964       E-mail chain, last from David Webb to Mike      4438
12               Zullo re Creditors scrutinize ex-billionaire's
                 assets dated 11/4/2014
13               (ZULLO_002647 - ZULLO_002648)

14    2965       E-mail chain, last from David Webb to Mike      4439
                 Zullo re Judge dated 11/5/2014
15               (ZULLO_002742 - ZULLO_002743)

16    2966       E-mail chain, last from Mike Zullo to David     4344
                 Webb re Sheriff dated 12/9/2014
17               (ZULLO_002875 - ZULLO_002876)

18    2967       E-mail chain, last from David Webb to Mike      4350
                 Zullo re Arpaio dated 12/16/2014
19               (ZULLO_000090 - ZULLO_000094)

20    2968       E-mail chain, last from Mike Zullo to David     4360
                 Webb re Good Call dated 1/6/2015
21               (ZULLO_002711)

22    2969A      Email chain, last from David Webb to Mike       4440
                 Zullo re Mike Flynn dated 1/7/2015
23               (ZULLO_001764 - ZULLO_001765) REDACTED

24

25

1                          E X H I B I T S

2      No.        Description                              Admitted

3
       2970       E-mail chain, last from Mike Zullo to David      4368
4                 Webb re Updates dated 1/19/2015
                  (ZULLO_002947 - ZULLO_002950)
5
       2971       E-mail chain, last from David Webb to Mike       4458
6                 Zullo re James Risen dated 1/26/2015
                  (ZULLO_001520 - ZULLO_001523)
7
       2972       E-mail chain, last from David Webb to Mike       4466
8                 Zullo re Arpaio dated 5/22/2015
                  (ZULLO_000125 - ZULLO_000128)
9
       2978       Audio File (ZULLO_003716)                        4469
10
       2980       Audio File (ZULLO_004644)                        4481
11
       2981A      Excerpt of PX 2981, Audio File                   4487
12
       2982       Photograph (ZULLO_004649)                        4468
13

14

15

16

17

18

19

20

21

22

23

24

25

1    on what was said on the transcripts, as I understand it.  I

2    certainly did not have any input into that.

3          THE COURT:  Okay.  So it's your understanding that

4    whoever transcribed them made that determination based on the

5    content of the recordings themselves?                    09:16:22

6          MR. YOUNG:  That is my belief.

7          MR. MASTERSON:  Judge, I'd prefer that the Court

8    didn't look at the transcript.

9          THE COURT:  All right.  I won't look at them.

10                      MICHAEL ZULLO,                         09:16:33

11   recalled as a witness herein, having been previously duly

12   sworn, was examined and testified further as follows:

13              DIRECT EXAMINATION CONTINUED

14   BY MR. YOUNG:

15   Q.  Good morning, Mr. Zullo.                              09:16:40

16   A.  Good morning, sir.

17         THE COURT:  Mr. Zullo, I understand you asked if

18   you're still under oath and I thank you for clarifying.  You

19   are still under oath, sir.

20         THE WITNESS:  Thank you, sir.                       09:16:48

21         THE COURT:  Thank you for seeking the clarification.

22   BY MR. YOUNG:

23   Q.  Mr. Zullo, in May 2015 you gave some materials relating to

24   the Seattle investigation to Chief Bill Knight of the Bureau of

25   Internal Oversight, correct?                              09:17:07

1   A.  Sir, I assert my Fifth Amendment.

2   Q.  Let's take a look at Exhibit 2985, which is not in

3   evidence, but I'm going to ask you some questions based on it.

4           On the page that ends in nine three zero, toward the

5   top there's a statement there, feel free to look at it if you          09:17:31

6   want, but my question is:  Is it correct that on May 7, 2015,

7   at 1330 hours, you delivered two portable thumb drives to the

8   office of Chief Knight?

9   A.  Assert my Fifth, sir.

10  Q.  Did you tell Chief Knight that files on the thumb drives          09:17:53

11  were responsive to certain requests made by the monitor

12  regarding the Seattle investigation?

13  A.  Assert my Fifth, sir.

14  Q.  Let's look at Exhibit 2256 now.

15          THE COURT:  Let me ask, I've forgotten:  Is 2985 in          09:18:06

16  evidence?

17          MR. YOUNG:  It is not, Your Honor.  Two nine -- yes,

18  it is not.

19  BY MR. YOUNG:

20  Q.  You have Exhibit 2256 on the screen in front of you.            09:18:23

21  That's a June 29, 2014 e-mail that Mr. Montgomery sent to you,

22  correct?

23  A.  Assert my Fifth, sir.

24  Q.  There's an e-mail address on it, 1tick@earthlink.net.

25          That's your e-mail address, correct?                        09:18:42

1   A.  Assert my Fifth, sir.

2   Q.  Mr. Montgomery forwarded you an e-mail that he had drafted

3   to himself, correct?

4   A.  Assert my Fifth, sir.

5   Q.  In that e-mail, Mr. Montgomery told you that Sergeant       09:18:59

6   Anglin and others had been trying to shut the project down, is

7   that right?

8   A.  Assert my Fifth, sir.

9   Q.  And that project is the one that was supposed to produce

10  information on Judge Snow, correct?                             09:19:14

11  A.  Assert my Fifth, sir.

12  Q.  You were told by Mr. Montgomery that Anglin had told

13  Mr. Montgomery not to produce information on Judge Snow, is

14  that right?

15  A.  Assert my Fifth, sir.                                       09:19:28

16  Q.  And that there were other people who were criticizing

17  Mr. Montgomery for not producing information on Judge Snow, is

18  that right?

19  A.  I assert my Fifth, sir.

20  Q.  Mr. Montgomery told you -- well, let me actually ask it     09:19:43

21  this way:  You understood that Chief Sheridan had said that he

22  did not want to go in front of Judge Snow and be accused of

23  retaliating against him, is that correct?

24  A.  I assert my Fifth.

25          MR. MASTERSON:  Objection, foundation.                  09:20:08

1          THE COURT:  Sustained.

2     BY MR. YOUNG:

3     Q.  Did you understand from any source that Chief Sheridan did

4     not want to go in front of Judge Snow and be accused of

5     retaliating against him?                                    09:20:31

6     A.  I assert my Fifth, sir.

7     Q.  You had a disagreement with Sergeant Anglin about whether

8     Mr. Montgomery should be working to find information on

9     Judge Snow, correct?

10    A.  I assert my Fifth, sir.                                 09:20:39

11    Q.  Sergeant Anglin actually tried to take you off the case, is

12    that right?

13    A.  I assert my Fifth, sir.

14    Q.  You spoke to Sheriff Arpaio about that, is that correct?

15    A.  I assert my Fifth, sir.                                 09:20:51

16    Q.  And then Sheriff Arpaio and Chief Sheridan took Sergeant

17    Anglin off the case and put you back on, correct?

18    A.  I assert my Fifth, sir.

19    Q.  Did you request that Sergeant Anglin be removed from the

20    case so that Mr. Montgomery would be allowed to continue      09:21:08

21    searching for information about Judge Snow?

22    A.  I assert my Fifth, sir.

23          MR. YOUNG:  Your Honor, we said this in our written

24    motion.  I am going to move for the admission of Exhibit 2256

25    based on the adverse inferences that we believe should be drawn  09:21:30

1   from Mr. Zullo's refusal to testify, and also based on the

2   earlier testimony from Detective Mackiewicz and Sergeant Anglin

3   about the 1tick@earthlink.net e-mail and the David Webb e-mail,

4   which is Dennis Montgomery.

5        THE COURT:  You're going to move for the admission of        09:21:57

6   2256, you said?

7        MR. YOUNG:  I do, Your Honor.

8        THE COURT:  All right.  I think as I indicated

9   yesterday, and maybe we need to be more precise about time

10  limits, but you did file the motion.  I appreciate it.           09:22:08

11  Mr. Masterson, I indicated I was going to give to Mr. Masterson

12  and any other parties who wished to a chance to respond to your

13  written motion, and it seemed to me that part of that, as it

14  relates to the admission -- I guess I want to clarify.

15        There are two parts to that motion.  One is, to the        09:22:25

16  extent that you are going to move exhibits, I appreciate you

17  clarifying that in Mr. Zullo's testimony.  I'm going to require

18  rather speedy written responses, and we can talk about what

19  amount of time you need if you want to respond, in light of the

20  questions to the admission of the exhibits.                      09:22:42

21        I would like to consider -- I guess I would like to

22  consider that separately from any adverse inferences that you

23  might want to assert should be drawn from Mr. Zullo's

24  testimony, if any, apart from the admission of exhibits.  That,

25  I think, we can handle in oral argument, or your final oral      09:23:03

1    presentations to the Court after testimony is through.

2           But as it pertains to whether or not I'm going to

3    admit certain exhibits, I would like to rule on that prior to

4    the final oral argument so you know what it is you're arguing

5    about.                                                        09:23:21

6           Does everybody understand what I just said?  Because

7    it may not have been the clearest.

8           MR. YOUNG:  Yes, Your Honor.

9           MR. MASTERSON:  I don't.

10          THE COURT:  Okay.                                      09:23:29

11          MR. MASTERSON:  And the part I don't understand is, do

12   you -- are you going to determine all objections to the

13   particular exhibit after written memoranda from the parties?

14          THE COURT:  I am.  That's my intent.

15          MR. MASTERSON:  So you don't want me -- I mean,        09:23:47

16   obviously, I would have a foundational objection here, but I

17   may have a hearsay objection, relevance objection, a 403

18   objection.

19          Do you want to have all those in writing --

20          THE COURT:  Well, why don't you make those now.  I'll  09:23:59

21   rule on those now.

22          MR. MASTERSON:  Okay.

23          THE COURT:  Just the adverse inference part.

24          In other words, to the extent -- I'll rule on all your

25   other objections to the extent I can.                        09:24:11

1          MR. MASTERSON:  Except for foundation.

2          THE COURT:  Except for the foundation, and on which --

3    yeah.  To the extent that the foundation objection may be

4    influenced by an adverse inference to be drawn by the

5    invocation of the Fifth Amendment.                              09:24:26

6          MR. MASTERSON:  Okay.  Got you.

7          THE COURT:  Okay.

8          MR. MASTERSON:  Then with respect to this one, I have

9    an objection on relevance, hearsay, 403.

10         THE COURT:  That is 2256?                                  09:24:35

11         MR. MASTERSON:  No, wait.  Isn't this 2985?

12         Sorry, Judge.  You're right.

13         THE COURT:  Okay.  Those objections are overruled.

14   Relevance, hearsay, and 403 are overruled.

15         MR. MASTERSON:  And foundation, separate and apart        09:25:01

16   from what will be decided later.

17         THE COURT:  Foundation, separate and apart from what

18   will be decided later, is overruled, and based on the testimony

19   that we've had about what Mr. Zullo's e-mail address was.

20         Mr. Walker.                                               09:25:30

21         MR. WALKER:  Yes, Your Honor.  Thank you.

22         I just want a little bit of clarification to be sure I

23   understand correctly.

24         So what you're looking for in the near term is

25   briefing on adverse inferences going to the admissibility of   09:25:40

1    the document.

2           THE COURT:  Yes.  Let me just restate it and see if

3    that helps you.  And we need to set a deadline.

4           Mr. Young, during his testimony today, is going to

5    move certain exhibits.  You're going to make all the objections    09:25:57

6    you have to those exhibits.

7           With respect to any foundational objections, or with

8    respect to any argument that Mr. Young might make, the

9    foundation is provided by an adverse inference coming from the

10   invocation of the Fifth Amendment.  I want that issue briefed.    09:26:14

11   And I'm going to hold in abeyance my final admission of any

12   documents allowing any party who wants to brief that question

13   to brief it in response to Mr. Young's motion already on file.

14          But I don't intend to give you a very long -- a super

15   long time to file it.  I want to rule on whether or not I'm    09:26:32

16   going to admit exhibits prior to having you make your final

17   oral presentations so you know what exhibits have been

18   introduced and what exhibits I'm going to consider.

19          That does not prevent you at that time from arguing

20   that I should or should not draw any other adverse inferences,    09:26:49

21   assuming that I've drawn any up to that point relating from his

22   testimony.

23          Does that help clarify it for you?

24          MR. WALKER:  Yes.  Thank you, Your Honor.

25          THE COURT:  All right.    09:27:02

1         Are you all right and understand what's going on here,

2    Mr. Murdy?

3         MR. MURDY:  I do, Your Honor.

4         THE COURT:  How about the Department of Justice?

5         MR. KILLEBREW:  Yes, Your Honor.                    09:27:11

6         THE COURT:  All right.  How much time do you want to

7    get this -- I realize that you're going to have to have the

8    questions, the specific questions, to be able to argue about

9    adverse inferences as it pertains to the admission --

10   admissibility of even evidentiary exhibits, so you can't have  09:27:19

11   that till you get the transcript.  I understand everybody's got

12   dailies, so you'll get the transcript tomorrow.

13        How much time do the parties want to file their

14   response to Mr. Young's motion?

15        MR. MASTERSON:  A week, Judge?                      09:27:36

16        THE COURT:  Well, let me ask this.  I see -- and I'm

17   glad to see that Chief Deputy Sheridan is able to be with us.

18   I assume we're going to have his testimony after we're through

19   with Mr. Zullo's?

20        MR. MASTERSON:  Not necessarily.                    09:27:54

21        MR. YOUNG:  Actually, Your Honor, we do plan to recall

22   Sheriff Arpaio to the stand, as I mentioned much earlier in the

23   hearing.  Based on subsequent discovery which was delivered

24   late from Mr. Zullo, we do now believe that we need to call

25   Sheriff Arpaio back to the stand.                       09:28:11

1           THE COURT:  All right.

2           MR. YOUNG:  So we'll have him after Mr. Zullo.

3           THE COURT:  All right.  And then we'll have, maybe,

4    Chief Deputy Sheridan, maybe not Chief Deputy Sheridan?

5           MR. MASTERSON:  That is correct.                    09:28:19

6           THE COURT:  Okay.

7           MR. MASTERSON:  And I brought Ms. Wang up to date on

8    the status of that.

9           THE COURT:  All right.  Do we have any other witnesses

10   other than possibly Chief Deputy Sheridan?                 09:28:26

11          MR. MASTERSON:  We do not.

12          THE COURT:  How about the County?

13          MR. WALKER:  Yes, Your Honor.  Cynthia Goelz will be

14   called.

15          THE COURT:  All right.  Do we think we can accomplish  09:28:34

16   that today and tomorrow?

17          MR. YOUNG:  Yes, from the plaintiffs' standpoint.

18          MR. MASTERSON:  Well, I -- I don't know how long the

19   plaintiffs are going to take --

20          THE COURT:  Okay.                                   09:28:53

21          MR. MASTERSON:  -- with their examinations.

22          THE COURT:  How long do you anticipate your testimony

23   taking?

24          MR. MASTERSON:  With Sheriff Arpaio?

25          THE COURT:  No, with Chief Deputy Sheridan.         09:28:59

1          MR. MASTERSON:  Right now, I do not anticipate calling

2    Chief Deputy Sheridan.

3          THE COURT:  Okay.  Well, I'll just say I don't intend

4    to allow plaintiffs to ask any questions of Sheriff Arpaio

5    except those that relate to newly discovered evidence since the        09:29:09

6    time he last testified, which hasn't been that long ago.  So

7    I -- I mean, I don't know the extent to which there is such

8    evidence.

9          How long do you anticipate having Sheriff Arpaio on

10   the stand?        09:29:22

11         MR. YOUNG:  Well, part of that depends on what happens

12   with Mr. Zullo.  We do have some audio that would probably take

13   perhaps an hour and a half.

14         THE COURT:  All right.  Well, I guess --

15         MR. YOUNG:  And there are some other questions, so        09:29:38

16   maybe two hours.  Two hours.

17         THE COURT:  All right.  I guess we'll just have to see

18   where we're going.  The reason why I asked is, I have next

19   Friday open, and I kind of thought we could schedule the

20   oral -- final oral presentations next Friday if we don't need        09:29:49

21   that for testimony.

22         So I would like to have you know what exhibits I'm

23   going to admit and what exhibits I'm not going to admit before

24   next Friday, so I'm thinking more like Wednesday.

25         MR. MASTERSON:  Here's the problem I have, Judge.  And        09:30:06

1    if I understood you correctly -- well, is the only briefing

2    we're going to be doing with respect to inferences, whether

3    it's next Wednesday or a week, is that going to be with respect

4    to the admission of documents based on the inference?

5            THE COURT:  Yes.                                          09:30:25

6            MR. MASTERSON:  So then I assume then they will -- my

7    assumption is plaintiffs will also be moving the Court for

8    inferences related to testimony, or questions asked of

9    Mr. Zullo for which he invokes his Fifth Amendment privilege.

10           THE COURT:  I presume they might.                         09:30:46

11           I don't know whether you intend to do that or not,

12   Mr. Young.

13           MR. YOUNG:  We do.  And we will do that in argument.

14           THE COURT:  That would be my preference.  Do you have

15   a preference to do it in writing?                                 09:30:55

16           MR. MASTERSON:  I do, yes.

17           THE COURT:  Well, I'll tell you what.  You can respond

18   in writing, if you wish.  And if you want to make the motion in

19   writing, I'll let you do that, but I'm not going to require you

20   to do that.  If you just want to make the motions as part of    09:31:12

21   your oral presentation, I'll let you respond in writing.  I'm

22   not going to give you a great deal of time to do that, but it

23   is going to take me some time to do findings of fact and

24   conclusions of law in this case.

25           Why don't we continue with the testimony of Mr. Zullo,  09:31:25

1   and why don't we handle this scheduling stuff when we're not

2   having him here sitting to us -- or listening to us do all

3   this.

4   BY MR. YOUNG:

5   Q.  Mr. Zullo, let's take a look at now at Exhibit 2960.          09:31:42

6   That's dated about a week later on July 8, 2014, a little more

7   than a week.  That's an e-mail exchange that you had with

8   Mr. Montgomery on July 8 at 8:55 a.m. is his e-mail to you, and

9   9:06 a.m. is your e-mail back to him, correct?

10  A.  I assert the Fifth, sir.                                      09:32:11

11  Q.  And that's part of the discussion that you were having with

12  Mr. Montgomery about Sergeant Anglin telling Mr. Montgomery

13  that Chief Sheridan didn't want Mr. Montgomery working to get

14  information on Judge Snow, correct?

15  A.  I assert the Fifth, sir.                                      09:32:28

16  Q.  Okay.  In fact, Mr. Montgomery told you that he had, in

17  response what Sergeant Anglin told him, dumped the information

18  he had accumulated about Judge Snow.

19          MR. MASTERSON:  Objection, foundation, hearsay.

20          MR. YOUNG:  Just asking about what he heard from          09:32:48

21  Mr. Montgomery; it's not for the truth of the matter asserted.

22          MR. MASTERSON:  What's it for, then?

23          THE COURT:  Give me one second.

24          (Pause in proceedings.)

25          THE COURT:  Well, I'm not sure it matters if it is for    09:33:25

1    the truth of the matter asserted.  The objection's overruled.

2              THE WITNESS:  Sir, could you repeat your question?

3              MR. YOUNG:  Yeah.  You -- actually, could we have the

4    question read back?

5              THE WITNESS:  I'm going to take the Fifth, anyway,      09:33:43

6    so -- if it's too much trouble.

7    BY MR. YOUNG:

8    Q.  Well, Mr. Zullo, you were concerned when you heard from

9    Mr. Montgomery that he had dumped the information relating to

10   Judge Snow, correct?                                            09:33:55

11   A.  I assert the Fifth, sir.

12   Q.  Now, you did understand that Mr. Montgomery was in the

13   process of redoing the original work in order to obtain the

14   information about Judge Snow that he had dumped in response to

15   what Sergeant Anglin told him, correct?                         09:34:11

16             MR. MASTERSON:  Objection, foundation.

17             THE COURT:  Gary, would you reread that question,

18   please.

19             (The question was read by the court reporter.)

20             THE COURT:  Overruled.                                09:34:43

21             THE WITNESS:  I assert the Fifth, sir.

22   BY MR. YOUNG:

23   Q.  The same is true with respect to the information relating

24   to the Department of Justice, Lanny Breuer, and Eric Holder,

25   right?  You were concerned that Sergeant Anglin had told        09:34:59

1    Mr. Montgomery to stop pursuing that information, correct?

2    A.  I assert the Fifth, sir.

3    Q.  In response to hearing that information, you asked

4    Mr. Montgomery when Sergeant Anglin told Mr. Montgomery to dump

5    that information and stop pursuing that information, is that        09:35:23

6    right?

7    A.  I assert the Fifth, sir.

8    Q.  You also asked whether Brian Mackiewicz was present when

9    Sergeant Anglin told this to Mr. Montgomery, is that right?

10   A.  I assert the Fifth, sir.                                        09:35:35

11   Q.  At this time, July 8, 2014, your desire was to have

12   Mr. Montgomery continue to search for information about

13   Judge Snow, the Department of Justice, Lanny Breuer, and Eric

14   Holder, correct?

15   A.  I assert the Fifth, sir.                                        09:35:56

16   Q.  You don't have any reason to doubt that this is an e-mail

17   that you sent and received from Mr. Montgomery during the

18   course of your work on the Seattle investigation, correct?

19   A.  I assert the Fifth, sir.

20         MR. YOUNG:  Okay.  Your Honor, I can do this with each        09:36:20

21   of the documents.  I do move for the admission of Exhibit 2960.

22         MR. MASTERSON:  Objection, foundation, hearsay,

23   relevance, 403.

24         THE COURT:  The latter three objections are overruled.

25         And I would like you to make a motion for each               09:36:37

 1   exhibit, even though I'm going to reserve on the foundational

 2   grounds, because that will give all parties a chance to make

 3   any other objections that they want to make and I can rule on

 4   those objections at this time, which will focus the remainder

 5   of the briefing.                                           09:36:52

 6          MR. YOUNG:  Understood, Your Honor.

 7          Your Honor, I'm going to ask that a video -- an audio,

 8   rather, be played.  It's Exhibit 2979.

 9          I'm going to ask you to listen to it, Mr. Zullo.  It's

10   about 11 minutes long.  And I'm going to ask you in particular  09:37:19

11   about some references at about a minute 30 and at about 8

12   minutes and 30 seconds.  And my question is going to be whether

13   those are references to Judge Snow.

14          So Mr. Klein, could you play Exhibit 29 --

15          THE COURT:  Let me just ask before it's played.  Is    09:37:42

16   there going to be any objection if I do not request the court

17   reporter to try to transcribe the text of the -- the text of

18   the recording?  Or are you going to request that he do that?

19          If so, you may come to realize, you're the one that

20   said you've already had difficulty getting an accurate        09:38:01

21   transcript from whoever you hired to do the transcript.  I'm

22   not sure that you -- I'm not sure whether it makes any sense to

23   ask my court reporter to do it on the fly just from listening.

24          Are you going to request that?  If you're going to

25   request that, you're going to have to take whatever he can give  09:38:15

1   you.

2         MR. YOUNG:  Well, I understand that, Your Honor, and

3   it seems to me that it's better to have what he can provide,

4   what he can do, than -- than not --

5         THE COURT:  All right.                                   09:38:30

6         MR. YOUNG:  -- have anything.

7         THE COURT:  Let just consult with him for a second,

8   please, before we play the exhibit.

9         MR. YOUNG:  Sure.

10        (Off-the-record discussion between the Court and the     09:38:51

11  court reporter.)

12        THE COURT:  All right.  Mr. Masterson, did you have

13  anything you wanted to say?  You were just reaching for the

14  mike.  I thought you were --

15        MR. MASTERSON:  I was actually just reaching for the     09:38:57

16  water.

17        THE COURT:  Oh, sorry.

18        All right.  Mr. Walker?

19        MR. WALKER:  Yes, Your Honor, just a question, and

20  that is I presume the court reporter's not going to be in a    09:39:06

21  position to draw conclusions in terms of attribution who the

22  speakers are, is that --

23        THE COURT:  I don't see how he can be.  So he's just

24  going to put "speaker," and I don't think he's going to

25  indicate who the speaker is, or if it's a different speaker, or 09:39:20

1    anybody else.

2            It seems to me that's one issue, and the other is,

3    you're just going to get what you get.  And I will consider the

4    recordings as the evidence if they are admitted into evidence,

5    and that will be based on who and what you may be able to          09:39:37

6    identify based on this or other testimony.

7            MR. YOUNG:  Well, given that, Your Honor, and if Your

8    Honor will be, as I suspect Your Honor will, be able simply to

9    listen to the recordings, then because if those do come in

10   evidence then perhaps it will not be necessary to have the        09:39:58

11   court reporter transcribe.

12           And there may be particular points when I will ask

13   questions of the witness, and obviously those will be based in

14   part on what at least I hear in the recordings, and those will

15   be transcribed, so perhaps we can have Mr. Moll --                09:40:15

16           THE COURT:  I'll say that if you interrupt the

17   recording --

18           MR. YOUNG:  Yes.

19           THE COURT:  -- I'll have the court reporter write down

20   whatever you say when you interrupt the recording and ask a       09:40:25

21   question based upon it.  All right?

22           MR. YOUNG:  Thank you, Your Honor.

23           THE COURT:  Then are we all right if the court

24   reporter does not otherwise attempt to transcribe the --

25   whatever is on the recording?                                     09:40:35

1          MR. MASTERSON:  I have no objection to that.

2          MR. WALKER:  No objection, Your Honor.

3          MR. MURDY:  No objection, Your Honor.

4          THE COURT:  All right.

5          MR. YOUNG:  All right.  Let's at least start the          09:40:46

6   recording of -- and that's Exhibit 2979.  I may stop it at a

7   certain point in order to ask a question about who the voices

8   are.

9          MR. KLEIN:  2980?

10          MR. YOUNG:  2979.  No, I'm actually going to go with          09:41:02

11   2979 first.

12          (Audio clip played.)

13          MR. YOUNG:  Stop it there.

14          (Audio clip stopped.)

15   BY MR. YOUNG:                                               09:42:00

16   Q.  Mr. Zullo, we just heard someone say, quote, They gave him

17   cash to go to Lockheed, end quote.

18          That's you, correct?

19   A.  Take the Fifth, sir.

20          MR. YOUNG:  Let's resume.                             09:42:15

21          (Audio clip played.)

22          (Audio clip stopped.)

23   BY MR. YOUNG:

24   Q.  Mr. Zullo, there was someone on the recording just now who

25   asked:  Why would they tell you to slow it down?          09:43:27

1              That's you asking that question, correct?

2    A.  Take the Fifth, sir.

3    Q.  Then there was someone in response who said:  Well, it's

4    because the time that they were asking at that time, I'm doing

5    Snow stuff.  That is Mr. Montgomery, correct?                    09:43:45

6    A.  Take the Fifth, sir.

7              MR. MASTERSON:  Objection.  Your Honor, I object to

8    Mr. Young guessing or identifying at the identity of persons on

9    there with respect to his questions.

10             THE COURT:  Overruled.                                 09:44:01

11   BY MR. YOUNG:

12   Q.  And then we heard a response to that which is, quote, son

13   of a bitch, end quote.

14             That was you, correct?

15   A.  Take the Fifth, sir.                                         09:44:13

16             MR. YOUNG:  All right.  Let's continue with the

17   recording.

18             (Audio clip played.)

19             (Audio clip stopped.)

20   BY MR. YOUNG:                                                    09:44:33

21   Q.  Now, you were talking to Mr. Montgomery in this recording

22   about information, or stuff, related to Judge Snow, correct?

23   A.  Take the Fifth, sir.

24   Q.  Did you make this recording of a conversation between you

25   and Mr. Montgomery during the course of your work on the        09:44:54

1    Seattle investigation?

2    A.  Take the Fifth, sir.

3    Q.  This was a recording that you made on either a cell phone

4    or some other recording device, correct?

5    A.  Take the Fifth, sir.                                    09:45:07

6           MR. YOUNG:  All right.  Let's continue with the

7    recording.

8           (Audio clip played.)

9           (Audio clip stopped.)

10   BY MR. YOUNG:                                               09:47:15

11   Q.  There was a reference there to the month being April.

12          This recording was made by you in April 2014, correct?

13   A.  Take the Fifth, sir.

14   Q.  This was at a time where you were having some dispute over

15   whether Mr. Montgomery ought to be allowed to continue        09:47:30

16   searching for information about Judge Snow, correct?

17   A.  Take the Fifth, sir.

18          MR. YOUNG:  Let's continue.

19          (Audio clip played.)

20          (Audio clip stopped.)                                09:48:16

21   BY MR. YOUNG:

22   Q.  So Mr. Zullo, you were talking to Mr. Montgomery about how

23   you found out about Brian Mackiewicz and Travis Anglin telling

24   Mr. Montgomery to stop investigating Judge Snow, and you found

25   it out through Dennis Montgomery's daughter, is that right?   09:48:36

 1   A.  I'm taking the Fifth, sir.

 2   Q.  And you were expressing to Mr. Montgomery amazement that

 3   you had found out in that way, and Mr. Montgomery responded to

 4   you that Detective Mackiewicz talked a lot to your daughter --

 5   A.  I am taking the Fifth, sir.                           09:48:55

 6   Q.  -- or his daughter, is that right?

 7           MR. MASTERSON:  Object.  Objection, hearsay.

 8           THE COURT:  Overruled.

 9           THE WITNESS:  Taking the Fifth, sir.

10           MR. YOUNG:  Let's continue.                       09:49:10

11           (Audio clip played.)

12           (Audio clip stopped.)

13   BY MR. YOUNG:

14   Q.  Now, you just referred to talking to Joe on Wednesday in

15   that recording.  That was Sheriff Arpaio, correct?         09:49:55

16   A.  Take the Fifth, sir.

17   Q.  Okay.  You were planning to talk to Sheriff Arpaio about

18   this issue of whether Mr. Montgomery would be allowed to

19   continue with his work, is that right?

20   A.  Take the Fifth.                                        09:50:07

21   Q.  You also referred in the conversation that we just heard

22   right now to Klayman.  That's Larry Klayman, correct?

23   A.  Take the Fifth, sir.

24           (Audio clip played.)

25           (Audio clip stopped.)                             09:51:38

1    BY MR. YOUNG:

2    Q.  The Tim that's referred to there, that's Tim Blixseth, is

3    that correct?

4    A.  Assert the Fifth, sir.

5    Q.  He was having some litigation issues at that time, is that        09:51:47

6    right?

7    A.  Assert the Fifth, sir.

8         MR. YOUNG:  Let's continue with the recording.

9         (Audio clip played.)

10        (Audio clip stopped.)                                            09:52:43

11   BY MR. YOUNG:

12   Q.  Now, you were talking to Mr. Montgomery at this point in

13   the conversation about the kind of information, whether it be

14   phone records, e-mails, financial data, as well as the

15   quantity, you know, a thousand versus 20 million, is that            09:52:57

16   right?

17   A.  Taking the Fifth, sir.

18   Q.  Mr. Montgomery was trying to explain to you why it couldn't

19   be done quickly the way you wanted it, is that right?

20        MR. MASTERSON:  Objection, foundation.                          09:53:11

21        THE WITNESS:  Taking the Fifth, sir.

22        THE COURT:  Wait a minute.  Let me rule on that.

23        (Pause in proceedings.)

24        THE COURT:  Sustained.

25        MR. YOUNG:  Let's continue with the -- actually, if we          09:53:35

 1   could back up a few seconds and then continue.

 2              (Audio clip played.)

 3              (Audio clip stopped.)

 4   BY MR. YOUNG:

 5   Q.  So you would hear from Mr. Montgomery that his work was      09:54:50

 6   going slowly in part because of his health problems, correct?

 7   A.  Taking the Fifth, sir.

 8   Q.  And Mr. Montgomery threatened to go to Sheriff Arpaio and

 9   to cut off Carl Cameron, is that right?

10   A.  Taking the Fifth, sir.                                       09:55:11

11   Q.  Carl Cameron was a Fox News network journalist who had been

12   talking to Mr. Montgomery and who, at least at one point, was

13   thinking about running a story about what Mr. Montgomery was

14   doing, correct?

15              MR. MASTERSON:  Objection, relevance, foundation.     09:55:28

16              THE COURT:  If you know the answer -- you know the

17   answer to the question, you may answer it.

18              THE WITNESS:  Could you state the question again,

19   please?

20              I want to clarify, Judge.  Are you telling me that I  09:55:47

21   can answer this question and not --

22              THE COURT:  No, I'm just -- I'm ruling on the

23   objection.

24              THE WITNESS:  Oh, I'm sorry.

25              THE COURT:  I'm not directing you --                  09:55:51

 1            THE WITNESS:  You're not directing?  Okay.  Don't even

 2    worry about it.  Taking the Fifth.

 3            MR. YOUNG:  We're going to continue with the recording

 4    now, and I'm going to ask you whether the references about for

 5    getting someone and hammering someone are references to Judge      09:56:04

 6    Snow.  So please listen to this, Mr. Zullo.

 7            (Audio clip played.)

 8            (Audio clip stopped.)

 9    BY MR. YOUNG:

10    Q.  Mr. Zullo, you were talking to Mr. Montgomery about someone    09:56:51

11    telling Mr. Montgomery that he should forget about Judge Snow,

12    correct?

13    A.  Taking the Fifth, sir.

14    Q.  And the reference to "hammer," when Mr. Montgomery says,

15    "He's the one guy you can hammer with," and I'm not saying         09:57:17

16    everything that he said, you understood that to be a reference

17    to Judge Snow, correct?

18    A.  Taking the Fifth, sir.

19            MR. YOUNG:  Let's continue.

20            (Audio clip played.)                                       09:57:32

21            (Audio clip stopped.)

22    BY MR. YOUNG:

23    Q.  So you told Mr. Montgomery that contrary to what

24    Detective Mackiewicz had said, Sheriff Arpaio, Joe, had not

25    thrown you out over this issue, is that correct?                   09:58:35

1  A.  Taking the Fifth, sir.

2  Q.  And then Mr. Montgomery went on to discuss a phone

3  conversation that he had with Sheriff Arpaio when he took the

4  phone away from Detective Mackiewicz during a call that

5  Detective Mackiewicz was having with Sheriff Arpaio, is that          09:58:54

6  right?

7  A.  Taking the Fifth, sir.

8           (Audio clip played.)

9           (Audio clip stopped.)

10          MR. YOUNG:  Your Honor, I move for the admission of        10:00:21

11  Exhibit 2979.

12          MR. MASTERSON:  Objection, foundation, relevance,

13  hearsay, 805, 403.

14          THE COURT:  Relevance is overruled.  Hearsay is

15  overruled.  403 is overruled.  805 I am taking under              10:00:44

16  advisement.  There may well be hearsay within hearsay.  I can't

17  really tell that until I can identify who the speakers are.

18          So I'm taking that under advisement, along with the

19  foundation objection.

20          MR. YOUNG:  Your Honor, will we have a chance to argue   10:01:18

21  that point?

22          THE COURT:  You will.

23          MR. YOUNG:  Well, let me simply say Rule 801(d)(2).

24          THE COURT:  801(d)(2)?

25          MR. YOUNG:  As to both participants --                    10:01:34

1        THE COURT:  Right.

2        MR. YOUNG:  -- in that conversation.

3        THE COURT:  Except for I have to know who the

4   participants are.  And that was the basis for my statement to

5   Mr. Masterson.  Unless I know that the participants were          10:01:45

6   involved in the Seattle operation, I can't determine whether or

7   not they're agents of the defendant.

8        MR. MASTERSON:  I also don't -- I don't want to

9   testify and try to identify anyone, so I'm not going to, but it

10  also sounded to me like there were more than two people          10:02:00

11  recorded.

12       THE COURT:  Yeah.  And that's going to pose an

13  interesting question, which I will address with the parties at

14  a later date.

15  BY MR. YOUNG:                                                    10:02:21

16  Q.  There's a location in that tape where you said, "My God,

17  Dennis," in response to something he said, is that right?

18  A.  Taking the Fifth, sir.

19  Q.  Wasn't that Dennis Montgomery?

20  A.  Taking the Fifth, sir.                                       10:02:37

21  Q.  You refer to Sheriff Arpaio occasionally as "the boss,"

22  correct?

23  A.  Taking the Fifth, sir.

24  Q.  That's who you're talking about when you use that term in

25  your discussion with Mr. Montgomery, correct?                    10:02:58

Zullo - DX Young, 11/12/15 Evidentiary Hearing     4338

1   A.  Taking the Fifth, sir.

2   Q.  Let's go on now to Exhibit 2258.

3        Actually, before we do that, I have another audio to

4   play.  Apologies to Mr. Klein for skipping around.

5        It's Exhibit 2980.  This is about 10 and a half          10:03:37

6   minutes long, but we'll just play the first couple of minutes

7   of it.

8        And Mr. Zullo, I'm going to ask you whether you can

9   identify that as the transcription of a telephone call that you

10  made to Mr. Montgomery.  So let's start with 2980.            10:03:56

11       (Audio clip played.)

12       (Audio clip stopped.)

13  BY MR. YOUNG:

14  Q.  So that's you talking to Mr. Montgomery, correct,

15  Mr. Zullo?                                                    10:05:26

16  A.  Taking the Fifth, sir.

17  Q.  Okay.  Mr. Montgomery was on a telephone, on the telephone,

18  and you were recording from wherever you were sitting at the

19  time, is that right?

20  A.  Taking the Fifth, sir.                                    10:05:38

21  Q.  And then you and Mr. Montgomery were talking about

22  something to the effect that's -- that "Sheridan said to go do

23  it, but they can't be involved in it," is that correct?

24  A.  Taking the Fifth, sir.

25  Q.  There was something that you were working on with          10:05:54

1   Mr. Montgomery that Sheridan -- that is, Chief Deputy

2   Sheridan -- said you should do, but that he, and maybe others,

3   can't be involved in it, is that right?

4   A.  Taking the Fifth.

5           MR. MASTERSON:  Objection, foundation.                    10:06:11

6           THE COURT:  Overruled.  Except to the extent that

7   you've otherwise preserved.

8           MR. YOUNG:  Your Honor, I'm not going to play all the

9   rest of it, but I will move for the admission of Exhibit 2980.

10          MR. MASTERSON:  Well, I'm going to object to            10:06:37

11  foundation, relevance, hearsay, 805, and 403 on the portion

12  that I heard, and reserve any other objections to the portion I

13  did not hear.  And 805.

14          THE COURT:  Well, the 805, my ruling's going to be the

15  same as before.  The other rulings are the same as before.     10:07:01

16          So I'm going to overrule -- I'm going to overrule

17  foundation, except to the extent you've preserved it.  Overrule

18  relevancy, and overrule 403.  Did you make that one?

19          MR. MASTERSON:  Yes.

20          THE COURT:  Okay.                                       10:07:17

21  BY MR. YOUNG:

22  Q.  Now let's go to Exhibit 2258, which is an October 30, 2014

23  e-mail.

24          MR. YOUNG:  Well, yeah, we don't need to publish it,

25  but I would like to have it on the screen so that the witness   10:07:40

1    can look at it.

2    BY MR. YOUNG:

3    Q.  Exhibit 2958 is an e-mail exchange that you had with

4    Mr. Montgomery on October 30, 2014, correct?

5    A.  Taking the Fifth, sir.                                   10:07:58

6    Q.  You have no questions about the genuineness of this e-mail,

7    correct?

8    A.  Taking the Fifth, sir.

9    Q.  In that e-mail string, at 11:35 a.m. Mr. Montgomery refers

10   to some work that he regrets that you will be unable to finish,  10:08:11

11   to work together to finish, correct?

12   A.  Taking the Fifth, sir.

13   Q.  Okay.  And then you disagreed with him, is that right?

14   A.  Taking the Fifth, sir.

15   Q.  And then Mr. Montgomery told you that he could see that the  10:08:27

16   sheriff was being pounded by the Court.  You understood that to

17   be this Court and Judge Snow, correct?

18   A.  Taking the Fifth, sir.

19   Q.  And then Mr. Montgomery told you that someone should have

20   let him help finish the work, is that right?                 10:08:50

21   A.  Taking the Fifth, sir.

22   Q.  That work related to Judge Snow, correct?

23   A.  Taking the Fifth, sir.

24        MR. YOUNG:  Your Honor, I move for the admission of

25   Exhibit 2258.                                                10:09:03

1        MR. MASTERSON:  Objection, foundation, hearsay,

2   relevance, 403.

3        THE COURT:  Overruled.  Except with respect to the

4   preserved objection.

5   BY MR. YOUNG:                                          10:09:38

6   Q.  Let's now go to Exhibit 2964.  The next exhibit is at 2964.

7   It's a November 4, 2014 e-mail.  This is an e-mail string you

8   had that date with Mr. Montgomery, correct, Mr. Zullo?

9   A.  Taking the Fifth, sir.

10  Q.  In your e-mail to Mr. Montgomery, with the time stamp       10:09:58

11  3:41 p.m., you refer to some software that you want

12  Mr. Zullo -- Mr. Montgomery to get you, correct?

13  A.  Taking the Fifth, sir.

14  Q.  You said -- actually, you had on that day, November 4,

15  2014, a two-hour meeting with Sheriff Arpaio as to which the    10:10:24

16  topic was the work that you were doing with Mr. Montgomery,

17  correct?

18  A.  Taking the Fifth, sir.

19  Q.  Sheriff Arpaio told you on that day, November 4, 2014, to

20  get -- to have Mr. Montgomery get him -- get you -- the         10:10:45

21  software, and that Mr. Montgomery will keep being paid, is that

22  right?  You received that instruction from Sheriff Arpaio on

23  that date, correct?

24  A.  Taking the Fifth, sir.

25  Q.  Do you have any reason to doubt the authenticity of the     10:11:06

1  exhibit, 2964?

2  A.  Taking the Fifth, sir.

3          MR. YOUNG:  Your Honor, I move for the admission of

4  that exhibit.

5          MR. MASTERSON:  Objection, foundation, relevance,                    10:11:22

6  hearsay, 805, 403.

7          THE COURT:  The objections are overruled.

8          MR. YOUNG:  Let's go to Exhibit 2965.

9          And Your Honor, my understanding, you've overruled the

10 objections that were just stated on the record here, but as        10:11:57

11 with all these exhibits that Mr. Zullo's refusing to testify as

12 to, the motion to admit them remains pending, pending the --

13         THE COURT:  Yes, I just don't want to keep saying it

14 every time, but you have a continuing -- I'm not going to admit

15 any exhibits at this point pending my determination as to the      10:12:17

16 adverse invocation for foundation.  I am ruling on the other

17 objections.

18 BY MR. YOUNG:

19 Q.  Looking at Exhibit 2965, that's an e-mail the next day that

20 you had with Mr. Montgomery, correct, Mr. Zullo?                    10:12:36

21 A.  Taking the Fifth, sir.

22 Q.  Okay.  You have no reason to doubt the authenticity of this

23 November 5, 2014 e-mail exchange that you had with

24 Mr. Montgomery, correct?

25 A.  Taking the Fifth, sir.                                          10:12:52

 1   Q.  On the second page of that exhibit, in the middle there's a

 2   12:28 November 5, 2014 e-mail in which you indicate that you're

 3   going to speak to the Sheriff Arpaio at 4 p.m. that day.

 4          You did speak with the sheriff that afternoon,

 5   correct?                                                   10:13:15

 6   A.  Taking the Fifth, sir.

 7   Q.  And that was about the software that you were discussing

 8   with Mr. Montgomery that you wanted him to supply, is that

 9   correct?

10   A.  Taking the Fifth, sir.                                 10:13:28

11   Q.  Then up above at the top of that page in your 1:02 p.m.

12   e-mail, you told Mr. Montgomery that you needed verification of

13   what he was doing, is that right?

14   A.  Taking the Fifth, sir.

15   Q.  Then going back to the first page at 2:40 p.m., about in     10:13:43

16   the middle of the page, you told Mr. Montgomery that you're not

17   going to discuss money with him without a verification, is that

18   right?

19   A.  Taking the Fifth, sir.

20   Q.  In early November 2014 you wanted Mr. Montgomery to provide   10:14:02

21   something to allow you to conclude that the information that

22   he'd previously provided was accurate, is that correct, sir?

23   A.  Taking the Fifth, sir.

24          MR. YOUNG:  Your Honor, I move for the admission of

25   2965.                                                      10:14:23

 1          MR. MASTERSON:  Objection, foundation, relevance,

 2   hearsay, 403.

 3          THE COURT:  Overruled.

 4   BY MR. YOUNG:

 5   Q.  Let's go to Exhibit 2966.                                    10:14:36

 6          2966, Mr. Zullo, is a December 9, 2014 e-mail exchange

 7   that you had with Mr. Montgomery, correct?

 8   A.  Taking the Fifth, sir.

 9   Q.  This e-mail string is authentic, correct?

10   A.  Taking the Fifth, sir.                                       10:14:58

11          MR. YOUNG:  Your Honor, I move for the admission of

12   Exhibit 2966.

13          MR. MASTERSON:  Just one second, Judge.

14          THE COURT:  Sure.

15          MR. MASTERSON:  No objection.                             10:15:21

16          MR. WALKER:  No objection.

17          THE COURT:  Is there no objection even as to the Fifth

18   Amendment?

19          MR. MASTERSON:  Even as to the Fifth Amendment.

20          THE COURT:  All right.  So this is 2966?  2966 is        10:15:32

21   admitted.

22          (Exhibit No. 2966 is admitted into evidence.)

23          MR. YOUNG:  Well, maybe we can publish that exhibit.

24          THE COURT:  Is that 2966?

25          MR. YOUNG:  Yes, Your Honor.                              10:15:49

1          THE COURT:  2966 is admitted.

2    BY MR. YOUNG:

3    Q.  So going to the bottom of the page --

4          MR. YOUNG:  And I suppose we can publish this exhibit

5    now, Your Honor.                                          10:16:06

6          THE COURT:  You may.

7    BY MR. YOUNG:

8    Q.  Going down to the bottom of the first page and the top of

9    the second, you told Mr. Montgomery that he had an extremely

10   short window of opportunity to work in, and that the choice was   10:16:24

11   his.  And all that he had to do was to produce what he said he

12   was going to produce in exchange for the dollars that he had

13   received, is that right?

14   A.  Taking the Fifth, sir.

15         MR. YOUNG:  Why don't we put up the top of the next    10:16:44

16   page as well.

17   BY MR. YOUNG:

18   Q.  You told Mr. Montgomery, you stressed to him, that time was

19   of the essence, is that right?

20   A.  I'm sorry, sir.  Was that --                           10:16:57

21   Q.  You told -- on December 9, 2014, you told Mr. Montgomery

22   that time was of the essence.

23   A.  Taking the Fifth, sir.

24   Q.  You also told him that you'd been instructed to write up a

25   final report to be ready to hand over to a different agency    10:17:14

1   regarding the work that he was doing, is that right?

2   A.  Taking the Fifth, sir.

3   Q.  Was that true?

4   A.  Taking the Fifth, sir.

5   Q.  You wanted Mr. Montgomery to accelerate his efforts,        10:17:28

6   correct?

7   A.  Taking the Fifth, sir.

8   Q.  Let's move to Exhibit 2967.

9        This is an e-mail string that you had with

10  Mr. Montgomery on December 16, 2014, correct?                   10:17:59

11        MR. YOUNG:  Your Honor, I think we need the screen

12  activated for the witness and counsel.

13  BY MR. YOUNG:

14  Q.  Exhibit 2967 is an e-mail exchange that you had with

15  Mr. Montgomery on December 16, 2014, correct?                   10:18:36

16  A.  Taking the Fifth, sir.

17  Q.  It's an authentic e-mail, isn't it?

18  A.  Taking the Fifth, sir.

19  Q.  The e-mail accurately summarizes what you were feeling at

20  that time as far as Mr. Montgomery was concerned, correct?      10:18:51

21  A.  Taking the Fifth, sir.

22  Q.  Mr. Zullo, I'm going to play a portion of the deposition

23  that you gave earlier this week, and it's going to be page 63,

24  line 8, to page 64, line 19.

25        MR. YOUNG:  And Your Honor, just to let you and          10:19:13

1    counsel know, I'm going to ask for admission of the deposition

2    testimony, in view of Mr. Zullo's refusal to testify and his

3    resulting unavailability.  And I believe that the testimony is

4    therefore admissible as prior testimony, given that

5    unavailability.  So I'm going to play the testimony and ask for          10:19:40

6    that admission.

7            Mr. Klein.

8            (Video deposition clip played as follows?

9            "Question:  Now, in a later e-mail on December 16, and

10   the time stamp on that is 1:54, it's at the bottom of page                10:19:57

11   Zullo 000090, you tell Mr. Montgomery, quote, LOL, exclamation

12   points, you mean the phony information you handed MCSO about

13   Snow... LOL.  Dennis, you don't fool me.  You think you do...

14   making up e-mails as you went along, please, exclamation

15   points, end quote, and it goes on.                                       10:20:28

16            "Was it your belief at that point that Mr. Montgomery

17   was and had been giving you false information about Judge Snow?

18            "Answer:  Taking the Fifth.

19            "Question:  Then Mr. Montgomery tells you, quote, Go

20   coerce someone else.  I'm tired of your threats and innuendos.           10:20:56

21   Go back to spying on Judge Snow and the court monitor.  Seems

22   like you have no regard for the law, end quote.

23            "Was Mr. Montgomery accurate when he said that you had

24   been spying on the court monitor as well as Judge Snow?

25            "MR. MASTERSON:  Form, foundation.                              10:21:19

1         "THE WITNESS:  I'm taking the Fifth.

2         "Excuse me.  I'm sorry.  It's just a joke.  I'm sorry.

3         "Question:  Well, I understand you're taking the

4    Fifth, but these are important questions --

5         "Answer:  I'm not talking about your question.  It's          10:21:34

6    just this whole e-mail chain is just bullshit.

7         "Question:  Well, then you responded to Mr. Montgomery

8    at 2:17 p.m., quote, LOL whatever.  You made it all up, Dennis.

9    We know it... Nite, end quote.

10        "Did that accurately reflect your view as to what          10:21:58

11   Mr. Montgomery had been giving you?

12        "Answer:  It is so hard for me to keep taking the

13   Fifth.

14        "I don't know where I put myself, Mr. Young, if I

15   answer anything on this.  I think that document pretty much          10:23:18

16   tells you where I was as far as he was concerned."

17        (Video deposition clip concluded.)

18        MR. YOUNG:  Your Honor, I'm going to move for

19   admission into evidence the deposition testimony we just heard.

20        THE COURT:  Any objection?          10:23:45

21        MR. MASTERSON:  No objection.

22        MR. WALKER:  No objection, Your Honor.

23        MR. MURDY:  No objection, Your Honor.

24        THE COURT:  The deposition testimony is admitted.

25        Are you going to mark it as an exhibit?          10:23:53

 1          MR. YOUNG:  Did the court reporter take it down as it

 2   was being played?

 3          THE COURT:  I'm sure he did.

 4          MR. YOUNG:  If Your Honor would like, we could put it

 5   in as an exhibit.                                          10:24:06

 6          Well, the deposition testimony, I was thinking of just

 7   relying on the transcript.

 8          THE COURT:  That's fine.

 9          MR. YOUNG:  I am now going to move as to Exhibit 2967,

10   which is what Mr. Zullo was talking about in his deposition, to   10:24:16

11   admit into evidence.

12          THE COURT:  All right.  Well, I'm going to accept into

13   evidence, then, the substantive nature of the deposition that's

14   just been transposed -- or just been transcribed by the court

15   reporter.                                                  10:24:33

16          MR. YOUNG:  Thank you.

17          Based on that testimony, we move the admission of

18   Exhibit 2967.

19          MR. MASTERSON:  Objection, foundation, relevance,

20   hearsay, 403.                                              10:24:46

21          THE COURT:  Overruled.

22          MR. YOUNG:  Your Honor, I know that's part of our

23   motion and Your Honor has not ruled on that motion.  At this

24   point, without prejudice to that motion, which we'll still have

25   pending if you deny my current motion, I do move for the   10:25:04

1  admission of 2967, not based on any adverse inference, but on

2  the testimony that Mr. Zullo gave during his deposition that

3  this document accurately summarized what he was feeling at that

4  time as far as Mr. Montgomery was concerned --

5          THE COURT:  I am going to admit the exhibit.  I will     10:25:24

6  hear from you, Mr. Masterson, before finally ruling.  But it

7  seems to me after admitting the deposition exhibit there is

8  foundation, there is authentication, and so I'm going to admit

9  the exhibit unless you can tell me why I shouldn't.

10         MR. MASTERSON:  Withdrawn.                                10:25:53

11         THE COURT:  Exhibit 2967 is admitted.

12         (Exhibit No. 2967 is admitted into evidence.)

13         MR. YOUNG:  May we publish the exhibit, Your Honor?

14         THE COURT:  You may do so.

15  BY MR. YOUNG:                                                   10:26:06

16  Q.  Now, Mr. Zullo, on the second page of that exhibit,

17  Mr. Montgomery, at 2:41 p.m., stated to you, quote:  "MCSO

18  pursued sensitive information against Judge Snow, and we both

19  know it."

20         That's a true statement, correct?                        10:26:22

21  A.  Taking the Fifth.

22  Q.  And then he says:  "In fact, you" -- that is you,

23  Mr. Zullo -- "produced some of that information to the D.C.

24  judge in August."

25         That's also a true statement, correct?                   10:26:41

1   A.  Taking the Fifth.

2   Q.  You did meet with Judge Lamberth in Washington, D.C., in

3   connection with your work with Mr. Montgomery, correct?

4   A.  Taking the Fifth.

5   Q.  And you gave Judge Lamberth information about Judge Snow          10:26:53

6   that you had obtained from Mr. Montgomery, correct?

7   A.  Taking the Fifth, sir.

8   Q.  That information related to an alleged wiretap that

9   Mr. Montgomery had told you about that Judge Snow had ordered

10  with respect to Sheriff Arpaio and Chief Sheridan, is that          10:27:13

11  correct?

12  A.  Taking the Fifth, sir.

13  Q.  Now, you responded to Mr. Montgomery by telling him that

14  you thought that the information that you had been giving --

15  and I'm going to actually look at the bottom of the first page      10:27:37

16  of the exhibit now --

17       This is your e-mail with the time stamp 1:54 p.m.  You

18  said some things about Mr. Montgomery in your first paragraph,

19  and then in your second paragraph you refer to, quote, the

20  phony information, end quote, that Mr. Montgomery had given to       10:28:00

21  you and MCSO about Judge Snow.

22       You felt that the information you'd gotten from

23  Mr. Montgomery, at least so far, was phony with respect to

24  Judge Snow, is that right?

25  A.  Taking the Fifth, sir.                                           10:28:20

1    Q.  You told him and you believed as of December 16, 2014, that

2    Mr. Montgomery had been making up e-mails as he went along, is

3    that right?

4    A.  Taking the Fifth, sir.

5    Q.  You thought that -- and I'm referring, again, to that          10:28:30

6    e-mail at the bottom of the page, and the e-mail continues on

7    the top of the next page of Exhibit 2967.

8             Let's put that up on the screen.

9             In your e-mail to Mr. Montgomery of 1:54 p.m. on

10   December 16, you told him that he had given you a cut-and-paste    10:29:01

11   crap -- or cut-and-paste crap on some worthless drives, is that

12   right?

13   A.  Taking the Fifth, sir.

14   Q.  You told Mr. Montgomery that he had just given you smoke

15   and mirrors, which sucked when all the smoke cleared, is that     10:29:22

16   right?

17   A.  Taking the Fifth, sir.

18   Q.  You also referred to some ex-NSA people, and those were

19   Mr. Drake and Mr. Wiebe, who exposed Mr. Montgomery's deception

20   in about 17 minutes, is that right?                              10:29:39

21   A.  Taking the Fifth, sir.

22   Q.  Then on December 16 at 3:05 p.m., going back to the first

23   page, Mr. Montgomery, the e-mail at 2:17 p.m. -- no, actually

24   3:05 p.m.  We do both of those -- let's look at both of those

25   on the screen: 3:05 p.m. and 2:17 p.m.                           10:30:04

1          And there may be a time zone difference here that

2    accounts for the time stamp sequence, but Mr. Montgomery told

3    you that he was tired of your threats and innuendos, and then

4    he said to you, quote:  Go back to spying on Judge Snow and the

5    court monitor.  Seems like you have no regard for the law, end          10:30:29

6    quote.

7          Mr. Montgomery told you that, right?

8    A.  Taking the Fifth, sir.

9    Q.  In fact, you and Detective Mackiewicz had talked to

10   Mr. Montgomery about having him obtain information about the          10:30:43

11   court monitors, correct?

12   A.  Taking the Fifth, sir.

13   Q.  And then you told Mr. Montgomery in response:  LOL,

14   whatever.  That stands for "lots of laughs," is that right?

15   A.  Taking the Fifth, sir.          10:31:03

16   Q.  You're not going to answer that question?

17   A.  I'm not answering any questions.

18   Q.  And then you told Mr. Montgomery that he had made it all

19   up, and that you and others knew that, is that right?

20   A.  Taking the Fifth, sir.          10:31:15

21          MR. MASTERSON:  Your Honor, could we have a sidebar,

22   please?

23          THE COURT:  Yeah.

24          (Bench conference on the record.)

25          MR. MASTERSON:  First off, Mr. Young just asked a          10:31:49

1    question along the lines of "You had conversations about with

2    the monitor" -- or, excuse me.  "You had conversations with

3    Mr. Montgomery about spying on the monitor."

4         Now, I know what that sentence says in that record,

5    but he's got to have a good faith basis to ask a question.  And    10:32:07

6    the question he asked was something about a conversation that

7    this witness or Mr. Montgomery had about spying on the

8    monitors.

9         There's nothing in the record about anybody, there's

10   no allegation about anybody spying, investigating anything with   10:32:23

11   the monitors.  He just made that up.  He has to have a good

12   faith basis to ask even a question of this witness, who he

13   knows is going to invoke the Fifth Amendment, about activities

14   such as spying on the monitors.

15        THE COURT:  I don't have a copy of the exhibit.            10:32:37

16        Do you have a hard copy --

17        MR. YOUNG:  It's not in that exhibit.  There will be a

18   subsequent exhibit.  I do have foundation for that question,

19   and I'll be happy to point that out once that other exhibit is

20   discussed.                                                       10:32:49

21        THE COURT:  All right.  I think you're going to need

22   to do that, because you do have to have a good faith basis to

23   be asking questions, particularly in a setting where you know

24   that the witness is likely to invoke the Fifth.

25        MR. YOUNG:  Understood, Your Honor.                        10:33:03

 1          THE COURT:  I'll ask you to do that.

 2          Do you want to do it now?

 3          MR. YOUNG:  Sure, if the Court would like.

 4          THE COURT:  Go ahead.

 5          MR. McDONALD:  Can we take a recess now?  It's 10:30.    10:33:10

 6          THE COURT:  Yeah.  Why don't we take a break, 15

 7  minutes.  And if you guys want to talk about it, we can do it

 8  now or we can do it later, depending on whether you come to an

 9  understanding and wish to withdraw whatever you have to say,

10  or --                                                           10:33:25

11          MR. MASTERSON:  Right.

12          THE COURT:  -- your objection or --

13          MR. MASTERSON:  Sounds good.

14          THE COURT:  -- whatever.  Okay.

15          MR. MASTERSON:  Thank you, Judge.                       10:33:26

16          THE COURT:  Thank you.

17          (Bench conference concluded.)

18          THE COURT:  We'll take the morning break for 15

19  minutes.  Thank you.

20          (Recess taken.)                                        10:50:09

21          THE COURT:  Please be seated.

22          Mr. Young.

23          MR. YOUNG:  Thank you, Your Honor.

24  BY MR. YOUNG:

25  Q.  So 2967, the e-mail exchange that you had with             10:50:18

1  Mr. Montgomery, Mr. Zullo, in that string Mr. Montgomery

2  mentioned something about spying on the court monitor.  And

3  I'll ask you again:  Did you in fact, along with

4  Detective Mackiewicz, have a discussion with Mr. Montgomery in

5  which the topic of Mr. Montgomery's collecting information on          10:50:40

6  the court monitors was at least mentioned?

7  A.  Taking the Fifth, sir.

8          MR. YOUNG:  Your Honor, I'm going to ask that an audio

9  clip be played.  It is 2981B.  It is a portion of Exhibit 2981,

10  which is a subject of our written motion.  It appears at these      10:51:02

11  approximate time stamps: 56 minutes and 30 seconds to 57

12  minutes 55 seconds.

13          Mr. Zullo, I'm going to ask you to listen to the

14  recording and tell me whether that's a conversation among you,

15  Detective Mackiewicz, and Mr. Montgomery.                            10:51:27

16          (Audio clip played.)

17          MR. YOUNG:  Stop there.

18          (Audio clip stopped.)

19  BY MR. YOUNG:

20  Q.  Mr. Zullo, you said to Mr. Montgomery in the clip that we        10:52:28

21  just heard "details on Arpaio's own would be interesting,"

22  correct?

23  A.  Taking the Fifth, sir.

24  Q.  Then Detective Mackiewicz said, quote, "monitors, Arpaio's,

25  whatever," end quote, correct?                                       10:52:47

1   A.  Taking the Fifth, sir.

2   Q.  Well, you didn't raise any objection when

3   Detective Mackiewicz raised the issue of having Mr. Montgomery

4   help obtain information about the monitors, is that right?

5   A.  Taking the Fifth, sir.                                          10:53:00

6   Q.  That recording is one that you made.  It's a portion of a

7   recording that you made involving a conversation between -- or

8   among -- you, Mr. Montgomery, and Detective Mackiewicz, is that

9   right?

10  A.  Taking the Fifth, sir.                                          10:53:20

11  Q.  You did that while you were meeting with Mr. Montgomery

12  during the course of the Seattle investigation?

13  A.  Taking the Fifth, sir.

14           MR. YOUNG:  Your Honor, I move for the admission of

15  Exhibit 2981B.                                                      10:53:31

16           MR. MASTERSON:  Objection, foundation, relevance,

17  hearsay, 805, 403.

18           THE COURT:  Foundation except as reserved is

19  overruled.  Relevance is overruled.  403 is overruled.  805 I

20  will take under advisement.                                         10:53:53

21           MR. MASTERSON:  Also, I just want to note that my

22  objections are to what I heard.  What else might be on the

23  audio, I'll reserve objection.

24           THE COURT:  We're just talking about 2981B, just to

25  make it clear.                                                      10:54:10

1        MR. MASTERSON:  I just don't know if that was all of

2    2981B.

3            THE COURT:  Is that all of 2981B?

4            MR. YOUNG:  No.  Actually, perhaps I better have

5    Mr. Klein play the whole thing again.  I did cut it off to ask          10:54:17

6    some questions about the reference to monitors.  I'm going to

7    now ask that the whole thing be played --

8            THE COURT:  All right.

9            MR. YOUNG:  -- for 2981B.

10           MR. KLEIN:  From the beginning?          10:54:31

11           MR. YOUNG:  From the beginning.

12           (Audio clip played.)

13           (Audio clip stopped.)

14    BY MR. YOUNG:

15    Q.  Mr. Zullo, you, in your conversation with Mr. Montgomery          10:56:07

16    and Detective Mackiewicz, said that the thought process behind

17    the whole thing, the whole project with Mr. Montgomery, was to

18    demonstrate to somebody else that you had information through

19    Mr. Montgomery that would show that the sheriff's rights had

20    been violated, and that would be a useful tool for the sheriff          10:56:24

21    to have.  That was what you were thinking, correct?

22    A.  I take the Fifth, sir.

23    Q.  Well, what did you mean when you said the thought

24    process -- that was the thought process behind the whole thing?

25    A.  I take the Fifth, sir.          10:56:49

1   Q.  Detective Mackiewicz, in that conversation that we just

2   heard a portion of, said that, quote, "Obviously, Mike and I

3   and the sheriff aren't terrorists."

4           That's a reference to you and Detective Mackiewicz and

5   Sheriff Arpaio, correct?                                    10:57:34

6   A.  Take the Fifth, sir.

7           MR. YOUNG:  Your Honor, I'm going to renew again or

8   restate my motion, which is also in the written document to

9   admit 2981B.  And I think Your Honor has already ruled on the

10  objections previously made, so we'll await the Court's ruling.   10:57:57

11          THE COURT:  Yes, unless you have any new ones to make,

12  Mr. -- based on hearing the entire tape, Mr. Masterson.

13          MR. MASTERSON:  No, they would be the same objections.

14          THE COURT:  All right.

15  BY MR. YOUNG:                                               10:58:19

16  Q.  Sir, we were looking at a December 16, 2014 e-mail,

17  Exhibit 2967, in which you and Mr. Montgomery were having a bit

18  of a dispute and in which you asserted that Mr. Montgomery had

19  been providing made-up, false, cut-and-paste crap, is that

20  right?                                                      10:58:39

21  A.  Taking the Fifth, sir.

22  Q.  Let's go to Exhibit 2968.  And since this is not in

23  evidence, we can just have it on the screen but not for the

24  gallery.

25          Mr. Zullo, this is a January 6, 2015 e-mail exchange   10:59:11

1   that you had with Mr. Montgomery, correct?

2   A.  Taking the Fifth, sir.

3   Q.  That's your e-mail address on that and that's

4   Mr. Montgomery's e-mail address, correct?

5   A.  Taking the Fifth, sir.                          10:59:26

6   Q.  You had this e-mail exchange in connection with your work

7   with Mr. Montgomery on the Seattle investigation, correct?

8   A.  Taking the Fifth, sir.

9           MR. YOUNG:  I move for the admission of 2968.

10          MR. MASTERSON:  No objection.                10:59:42

11          MR. WALKER:  No objection, Your Honor.

12          MR. MURDY:  No objection, Your Honor.

13          THE COURT:  Exhibit 2968 is admitted.

14          (Exhibit No. 2968 is admitted into evidence.)

15  BY MR. YOUNG:                                        10:59:51

16  Q.  So on January 6, as indicated in this e-mail, you had a

17  phone call with Mr. Montgomery, correct?

18  A.  Taking the Fifth, sir.

19  Q.  Okay.  And then you told him that you were glad the

20  fighting is over, correct?                           11:00:02

21  A.  Taking the Fifth, sir.

22  Q.  And then Mr. Montgomery agreed that the fighting was over,

23  and you said, Great, is that right?

24  A.  Taking the Fifth, sir.

25  Q.  So something happened in between your December 16 e-mail in   11:00:19

 1  which you were telling him that he had been giving you crap and

 2  your January 6 e-mail in which you said it was great that the

 3  fighting was over, is that right?

 4  A.  Taking the Fifth, sir.

 5  Q.  Are you going to tell us what that was that happened that          11:00:40

 6  caused that to happen?

 7  A.  Why don't you?  You've been telling me everything you think

 8  is going on.

 9  Q.  Well, I'm asking you, Mr. Zullo.  What happened --

10  A.  I'm taking the Fifth, sir.                                         11:00:51

11  Q.  Let's look at Exhibit 2969.

12        Now, at the bottom of the first page of that exhibit

13  you wrote an e-mail to Michael Flynn, correct?

14  A.  Taking the Fifth, sir.

15  Q.  Mr. Flynn had been a lawyer for Mr. Montgomery, correct?          11:01:23

16  A.  Taking the Fifth, sir.

17        MR. YOUNG:  Your Honor, I'm going to read a portion of

18  Mr. Zullo's deposition.  It's page 67, lines 17 through 20.

19  And based on Mr. Zullo's invocation of the Fifth, I'm going to

20  ask for the admission of this testimony from his deposition,          11:01:53

21  which was on November 9, 2015.  Again, page 67, lines 17

22  through 20.

23        "Question:  Now, in your January 7, 2015, 3:06 p.m.

24  Mountain Time e-mail to Mr. Flynn, actually Mr. Flynn had

25  previously been a lawyer for Mr. Montgomery, correct?                 11:02:10

1            "Answer:  Yes."

2            MR. YOUNG:  I move for the admission of that

3     testimony, Your Honor.

4            THE COURT:  Any objection?

5            MR. MASTERSON:  Objection, foundation, hearsay,     11:02:28

6     relevance, 403.

7            THE COURT:  Do you have any foundation?

8            MR. YOUNG:  Well, Your Honor, at least according to

9     this exhibit, which I recognize is not in evidence, Mr. Zullo

10    was e-mailing Mr. Flynn and would know who he was.     11:02:45

11           THE COURT:  Well, I'm going to defer any objection --

12    or any ruling on admitting this deposition testimony until I

13    determine whether there's an adequate basis for foundation.

14    BY MR. YOUNG:

15    Q.  So looking at that e-mail that you wrote to Mr. Flynn,     11:03:02

16    Mr. Zullo, you told him that Mr. Montgomery was continuing to

17    work with the Sheriff's Office at this time, and "this time"

18    being January 7, is that right?

19    A.  Taking the Fifth, sir.

20    Q.  Mr. Montgomery was continuing to work with the Sheriff's     11:03:19

21    Office and you at that time, correct?

22    A.  Taking the Fifth, sir.

23    Q.  Now, you forwarded that e-mail string to Larry Klayman and

24    Mr. Montgomery at 2:07 p.m., correct?

25    A.  Taking the Fifth, sir.     11:03:39

1  Q.  And then you had some discussion about Mr. Flynn with

2  Mr. Montgomery, correct, as shown in the rest of the e-mail

3  string?

4  A.  Taking the Fifth, sir.

5          MR. YOUNG:  Your Honor, I move for the admission of      11:03:52

6  2969.

7          MR. MASTERSON:  Objection, foundation, relevance,

8  hearsay, 403, and 805.

9          THE COURT:  I'm sorry, I just want to make sure that

10 I'm correct.  Is 2969 the exhibit that's still up on the      11:04:21

11 screen?

12         MR. YOUNG:  Yes.  It's a January 7, 2015 e-mail

13 exchange.

14         THE COURT:  All right.  805 is admitted.  Relevance is

15 admitted.  403 -- I'm sorry.  805 is overruled.  403 is      11:04:34

16 overruled.  Relevance is overruled.

17         MR. MASTERSON:  Judge, just so -- and I'm not

18 questioning the ruling, just does -- did the Court see page 2

19 of the exhibit that's not on the screen?

20         THE COURT:  I didn't see page 2.  I didn't know there      11:04:49

21 was a page 2.  I'll take a look at it.

22         (Pause in proceedings.)

23         THE COURT:  All right.  Do you want -- you've got page

24 2 up on the screen, so you can see it, Mr. Young?

25         MR. YOUNG:  Yes.                                          11:05:20

1           THE COURT:  Do you see the part where it talks about

2    what Tim told?

3           MR. YOUNG:  Yes.  And my motion for admission of

4    Exhibit 2969 can omit that initial e-mail, which is on the

5    second page of that exhibit.                              11:05:33

6           THE COURT:  So we're not going to consider the second

7    page of the exhibit?

8           MR. YOUNG:  Well, we should consider the part that

9    says "Mike" at the top of the second page, because that's the

10   end of the e-mail that's on the first page.  But the e-mail   11:05:45

11   that's below the line and the indication "sent from my iPhone

12   January 7, 2015, 2:54 p.m., e-mail from Michael Flynn" need not

13   be part of the motion.

14          THE COURT:  Well, then do you want to redact that from

15   the exhibit?                                              11:06:05

16          MR. YOUNG:  We can do that.

17          THE COURT:  And admit a separate exhibit that's had it

18   been redacted?

19          MR. MASTERSON:  Judge, and I believe the e-mail is not

20   from this witness; it's from a different Mike.            11:06:15

21          MR. YOUNG:  I agree with that.  That's the e-mail on

22   the second page.

23          THE COURT:  The e-mail on the second page --

24          MR. YOUNG:  Correct.

25          THE COURT:  -- is the one that I'm not going to        11:06:27

 1    consider.

 2          MR. MASTERSON:  Oh, okay.  I thought he was trying to

 3    say we were going to consider part of it and not part of it.

 4          THE COURT:  No.  I think all he was saying was that

 5    the top line on the second page belonged to the first page of      11:06:35

 6    the e-mail.

 7          MR. MASTERSON:  Understood.

 8          MR. YOUNG:  Your Honor --

 9          THE COURT:  So I am not going to admit 2969, I'm going

10    to require you to provide a redacted 2969A, and then I             11:06:45

11    will overrule the objections, except for as it pertains to page

12    2 that Mr. -- I'm sorry, that have been made, but those will be

13    redacted, and then you can reserve, as you have with the

14    others, foundation.

15          MR. YOUNG:  Your Honor, you've took under advisement        11:07:18

16    the motion to admit the deposition answer that I read.

17          THE COURT:  I did.

18          MR. YOUNG:  I'm going to make a further argument, with

19    your permission.

20          THE COURT:  All right.  But can we make it after -- I        11:07:30

21    mean, can we get through the testimony with Mr. Zullo and can

22    you make that -- or do you need that --

23          MR. YOUNG:  Be very short, Your Honor.

24          THE COURT:  All right.

25          MR. YOUNG:  The foundation argument was the one that        11:07:39

1   you reserved.  That was not made during the deposition, and

2   therefore has been waived.

3            THE COURT:  Mr. Masterson.

4            MR. MASTERSON:  Your Honor, could I have the page of

5   the deposition again, please?                              11:07:52

6            MR. YOUNG:  Page 67, lines 17 through 20.

7            MR. MASTERSON:  So is the only portion of the

8   deposition testimony being offered is page 67, lines 17 through

9   20?

10           THE COURT:  That was the only portion offered.      11:08:40

11           MR. MASTERSON:  No objection.

12           THE COURT:  All right.  Then that portion of the

13  deposition is admitted as substantive testimony.  But I'm still

14  going to require you to resubmit a 2969A.  And then that will

15  be in the same status as every other exhibit, except for those  11:09:01

16  that have been admitted without objection.

17           MR. YOUNG:  Thank you, Your Honor.

18  BY MR. YOUNG:

19  Q.  Let's look at Exhibit 2970.  Exhibit 2970 is a January 19,

20  2015 e-mail exchange between you and Mr. Montgomery, correct?   11:09:26

21  A.  Taking the Fifth, sir.

22  Q.  Okay.

23           THE COURT:  I'm sorry.  I didn't get the number on

24  this one.

25           MR. YOUNG:  2970.                                  11:09:35

1              THE COURT:  Thank you.

2    BY MR. YOUNG:

3    Q.  In the first e-mail at the top of the first page, you told

4    Mr. Montgomery that you were trying to protect him and get him

5    to the judge.  That judge was Judge Lamberth, correct?          11:09:59

6    A.  Taking the Fifth, sir.

7    Q.  Mr. Zullo, I'm going to play for you another portion of

8    your deposition.  It's page 68, line 21, through page 69, line

9    1.

10             MR. YOUNG:  And, Judge, I'm going to ask for the       11:10:32

11   admission of this deposition testimony that we're about to

12   hear, based on Mr. Zullo's invocation of the Fifth.

13             (Videotaped deposition played as follows:)

14             "Question:  At the top of the first page in the e-mail

15   that you wrote to Mr. Montgomery on January 19, 2015, at        11:11:01

16   12:57 p.m., you told Mr. Montgomery, quote, 'It was me who

17   tried to protect you and get you to the judge,' end quote.

18             "That's Judge Lamberth, correct?

19             "Answer:  Yes, sir."

20             MR. YOUNG:  Your Honor, I move for the admission of    11:11:24

21   that testimony.

22             MR. MASTERSON:  No objection.

23             MR. WALKER:  No objection.

24             MR. MURDY:  No objection, Your Honor.

25             THE COURT:  That deposition testimony is admitted.    11:11:31

1        MR. YOUNG:  Based on that testimony, I'd move for the

2    admission of Exhibit 2970.

3        MR. MASTERSON:  Objection, foundation, relevance,

4    hearsay, 403.

5        THE COURT:  I'm going to overrule the objections and        11:11:56

6    admit 2970.  I think the witness indicating that he did mean a

7    particular judge in reference to the e-mail provides both

8    authentication and foundation, and so the exhibit is admitted.

9        (Exhibit No. 2970 is admitted into evidence.)

10        MR. YOUNG:  Your Honor, may we publish that exhibit?        11:12:17

11        THE COURT:  You may.

12   BY MR. YOUNG:

13   Q.  We could look at the e-mail that you wrote.  It's at the

14   top of the first page.

15        Mr. Zullo, you were trying to protect Mr. Montgomery,        11:12:34

16   correct?

17   A.  Taking the Fifth, sir.

18   Q.  And you stopped somebody from going to the feds because it

19   would hurt Mr. Montgomery, is that right?

20   A.  Taking the Fifth, sir.        11:12:48

21   Q.  Who did you stop from going to the feds?

22   A.  Taking the Fifth, sir.

23   Q.  How did you stop them from going to the feds?

24   A.  Taking the Fifth, sir.

25   Q.  Now, you also told Mr. Montgomery that you wanted to get        11:13:01

1    this back on track.  That's the work that you were doing with

2    Mr. Montgomery, correct?

3    A.  Taking the Fifth, sir.

4    Q.  You wanted to protect Mr. Montgomery and stop others from

5    going to the feds about him, that is, federal law enforcement,                11:13:17

6    because you wanted to keep getting Mr. Montgomery's help, is

7    that right?

8    A.  Taking the Fifth, sir.

9    Q.  Let's move to Exhibit 2269.

10          This should not be published.                                           11:13:53

11          If we could show the bottom of the first page of

12   Exhibit -- well, let's actually ask about whole thing first.

13          Exhibit 2269 is an e-mail exchange you had with

14   Mr. Montgomery just a few days later on January 22, 2015,

15   correct?                                                                        11:14:18

16   A.  Taking the Fifth, sir.

17   Q.  You don't have any reason to doubt the authenticity of this

18   e-mail?

19   A.  Taking the Fifth, sir.

20          MR. YOUNG:  I move for the admission of the e-mail,                      11:14:25

21   Your Honor, 2269.

22          MR. MASTERSON:  Objection, foundation, relevance,

23   hearsay, 403.

24          THE COURT:  Relevance and 403 are overruled.

25   BY MR. YOUNG:                                                                   11:15:05

1    Q.  Mr. Zullo, down at the bottom of the first page, in the

2    1:12 p.m. e-mail that you wrote to Mr. Montgomery, you said

3    that you met with the sheriff yesterday, that is, January 21,

4    2015.  You did meet with the sheriff on that day, correct?

5    A.  Taking the Fifth, sir.                                    11:15:23

6    Q.  You met with him about the work that Mr. Montgomery was

7    doing, correct?

8    A.  Taking the Fifth, sir.

9    Q.  And you indicated to Mr. Montgomery that the sheriff was

10   hoping that you could get Mr. Montgomery where he needed to go,   11:15:32

11   correct?

12   A.  Taking the Fifth, sir.

13   Q.  That's a reference to the work that you were doing with

14   Mr. Montgomery, correct?

15   A.  Taking the Fifth, sir.                                    11:15:44

16   Q.  Let's go to Exhibit 2971.  This is a January 26 e-mail that

17   you wrote -- actually, Mr. Montgomery wrote to you in response

18   to an e-mail that you had written to him, is that right?

19   A.  Taking the Fifth, sir.

20   Q.  There's no question as to your authenticity of this       11:16:26

21   document, is that right?

22   A.  Taking the Fifth, sir.

23   Q.  Now, on January 26 at 10:28 a.m. -- this is the e-mail on

24   the second page of the exhibit -- you wrote that you were

25   waiting for a meeting with the sheriff to discuss some idea    11:16:48

1    relating to Mr. Montgomery, correct?

2    A.   Taking the Fifth, sir.

3    Q.   You in fact -- did you have such a meeting with the sheriff

4    on January 26?

5         MR. MASTERSON:  Your Honor, I'm going to object to          11:17:02

6    counsel testifying.  I'm looking at page 2 of the e-mail, and

7    he said the phrase "other idea," but then he adds words to it.

8         So if he can just read the e-mail, that's fine; if he

9    adds words, that's testifying.

10        THE COURT:  I'm going to overrule the objection to          11:17:20

11   the extent that it involved that particular question.

12   BY MR. YOUNG:

13   Q.   Did you have such a meeting, Mr. Zullo?

14   A.   Taking the Fifth, sir.

15   Q.   Now, going back to the first page of the e-mail, at         11:17:37

16   11:01 a.m. you told Mr. Montgomery that without the sheriff,

17   any hope of immunity -- that's immunity for Mr. Montgomery --

18   is dashed.  That was your view at the time, right?

19   A.   Taking the Fifth, sir.

20   Q.   You were dangling the hope of immunity for Mr. Montgomery   11:18:03

21   in order to entice him or incentivize him to continue to work

22   with you, is that right?

23   A.   Taking the Fifth, sir.

24        MR. YOUNG:  Your Honor, I move for the admission of

25   Exhibit 2971.                                                    11:18:16

1          THE COURT:  How many pages is the exhibit?

2          MR. YOUNG:  It is three pages long.

3          MR. MASTERSON:  Objection, foundation, relevance,

4     hearsay, 403.

5          THE COURT:  Relevance and hearsay are overruled.  And    11:18:34

6     the rest of 2971 is taken under advisement as the others have

7     been, unless otherwise specifically admitted.

8     BY MR. YOUNG:

9     Q.  Let's go to Exhibit 2271 now.

10          Exhibit 2271 is a set of e-mails that you exchanged    11:19:06

11    with Mr. Montgomery on February 2, 2015, correct?

12    A.  Taking the Fifth, sir.

13    Q.  These are e-mails that you exchanged with Mr. Montgomery

14    during the course of your work on the Seattle investigation?

15    A.  Taking the Fifth, sir.    11:19:24

16    Q.  There's no question as to authenticity, correct?

17    A.  Taking the Fifth, sir.

18          MR. YOUNG:  Your Honor, I move for the admission of

19    Exhibit 2271.

20          THE COURT:  How many pages?    11:19:45

21          MR. YOUNG:  The exhibit is five pages long.

22          MR. MASTERSON:  Objection -- I'm sorry.

23          MR. YOUNG:  We can flip through the rest of them on

24    the screen, Your Honor, if you'd like.

25          THE COURT:  Well, depending upon Mr. Masterson's    11:20:01

1    objection, I may have you do that.

2            MR. MASTERSON:  Foundation, relevance, hearsay, 403.

3            THE COURT:  Overruled.  Foundation is reserved.

4    BY MR. YOUNG:

5    Q.  Let's go to the fourth page of the exhibit, which is page          11:20:27

6    MELC202288.  And Mr. Montgomery wrote you an e-mail at

7    11:02 a.m. on February 2nd, 2015.  I want to focus on that.

8            Mr. Montgomery was doing two things for you as of

9    early February 2015, and one of those was the BC, or birth

10   certificate, is that correct?                                          11:20:58

11   A.  Taking the Fifth, sir.

12   Q.  Okay.  The other project, aside from the birth certificate,

13   that you were working on with Mr. Montgomery, was some data

14   mining project.  In fact, Mr. Montgomery says it's, quote,

15   "data mining data for Arpaio," end quote, is that correct?            11:21:14

16   A.  Taking the Fifth, sir.

17   Q.  That data related, at least in part, to the banking

18   investigation that you had tried to get help from

19   Mr. Montgomery, is that right?

20   A.  Taking the Fifth, sir.                                             11:21:31

21   Q.  Let's go to Exhibit 2090.  Exhibit 2090 is another e-mail

22   string that consists of e-mails that you exchanged with

23   Mr. Montgomery on February 2, 2015, correct?

24   A.  Taking the Fifth, sir.

25   Q.  This is a genuine copy of that e-mail exchange, is that           11:22:03

1    right?

2    A.  Taking the Fifth, sir.

3    Q.  Done in the pursuit of your Seattle investigation work,

4    correct?

5    A.  Taking the Fifth, sir.                                      11:22:17

6    Q.  Let's go to the back of that e-mail string.

7            And actually, if we could focus on the first -- the

8    bottom of the page that ends in 223 and the top of the page

9    that ends 224.

10           On February 2, 2015, at 6:41 p.m., Mr. Montgomery sent   11:22:53

11   you an e-mail attaching -- or linking to a story about the

12   contempt proceeding in this case, correct?

13   A.  Taking the Fifth, sir.

14   Q.  And he told you that it looked like perhaps Sheriff Arpaio

15   was trying to solve his differences with Judge Snow, is that   11:23:17

16   correct?

17   A.  Taking the Fifth, sir.

18   Q.  And then Mr. Montgomery asked you whether he should keep

19   processing the data, is that correct?

20   A.  Taking the Fifth, sir.                                      11:23:31

21   Q.  And he asked you whether it would just upset the judge more

22   if the work that he was doing with you was ever disclosed, is

23   that correct?

24   A.  Taking the Fifth, sir.

25   Q.  There was some data that you were having Mr. Montgomery     11:23:45

1  process that would become less useful if the contempt

2  proceeding were to disappear, is that correct?

3  A.  Taking the Fifth.

4          MR. MASTERSON:  Objection, foundation.

5          THE COURT:  Overruled.                              11:24:02

6          THE WITNESS:  I answered you:  Take the Fifth.

7  BY MR. YOUNG:

8  Q.  All right.  And then let's look at the top two-thirds of

9  that page ending in 223.  In response to Mr. Montgomery's

10 question about whether Sheriff Arpaio was trying to solve his   11:24:27

11 differences with Judge Snow, you responded to him that you were

12 sure he was, is that right?

13 A.  Taking the Fifth, sir.

14 Q.  And then he asked you for clarification whether you meant

15 he was solving his differences with Snow, is that correct?      11:24:43

16 A.  Taking the Fifth, sir.

17 Q.  And then at 6:21 p.m. on February 2, you said, and I'm not

18 going to repeat all of your language, but you said basically:

19 No, he's not solving it.  You said that they were looking to

20 get rid of the contempt charge, is that right?  You told        11:25:05

21 Mr. Montgomery that?

22 A.  Taking the Fifth, sir.

23 Q.  And then you told Mr. Montgomery that "this guy" is never

24 going to leave him alone.

25          You're referring to Judge Snow there, correct?        11:25:18

1   A.  Taking the Fifth, sir.

2   Q.  All right.  Well, let's go up to the next e-mail, which is

3   7:29 p.m. on February 2.  Mr. Montgomery then said that he

4   understood, and he asked you whether it was your desire for him

5   to keep processing the data, or should he just work on the          11:25:39

6   birth certificate, is that right?

7   A.  Taking the Fifth, sir.

8   Q.  Then going to the bottom of the first page of the exhibit,

9   you sent an e-mail back to Mr. Montgomery at 7:32 p.m. on

10  February 2nd, 2015, that he should work on the --                    11:25:58

11  Mr. Montgomery should work on the birth certificate first to

12  get the sheriff back, and then we will go for the data.

13          And then you told him that you would share your plan

14  with him, Mr. Montgomery, once you got the sheriff back in the

15  game, is that right?                                                 11:26:20

16  A.  Taking the Fifth, sir.

17  Q.  Then at 8:14 p.m., in the middle of the first page, you

18  told Mr. Montgomery that your plan was going to kill two birds

19  with one stone, is that right?

20  A.  Taking the Fifth, sir.                                           11:26:38

21  Q.  One of those stones was the birth certificate, correct?

22  A.  Taking the Fifth, sir.

23  Q.  The other stone -- well, the other bird, actually, forgive

24  me -- the other bird that you were going to kill with the stone

25  was Judge Snow, correct?                                             11:26:51

1    A.  Oh, Dear God.  Taking the Fifth, sir.

2    Q.  Well, are you willing to tell us what the birds were?

3    A.  Taking the Fifth, sir.

4          MR. YOUNG:  Your Honor, if I failed to do so before,

5    I'll do it now.  I move for the admission of Exhibit 2090.        11:27:11

6          MR. MASTERSON:  Objection, foundation, relevance,

7    hearsay, 805, 403.

8          THE COURT:  Where's the 805 material?

9          MR. MASTERSON:  Did you ask me where?

10         THE COURT:  Yeah.                                           11:27:29

11         MR. MASTERSON:  There's the reference, I don't know

12   what to call this, but www.rawstory, joe-arpaio-hope-to-dodge,

13   et cetera.

14         THE COURT:  Yeah.  I'm going to overrule that because

15   I don't think it's being admitted for the truth of the matter    11:27:38

16   asserted.  So everything's overruled, and you maintain your

17   foundation objection.

18   BY MR. YOUNG:

19   Q.  I'm now going to ask you to listen, Mr. Zullo, to

20   Exhibit 2981A.  And I'm going to ask you whether that's a        11:27:56

21   discussion that you had with Mr. Montgomery.

22         It's again part of a larger exhibit, 2981.  I'm going

23   to focus on a portion of that, which I'll say, for the benefit

24   of everyone, is starting at 8 minutes and 55 seconds, and it

25   goes to 10 minutes and 50 seconds of Exhibit 2981.               11:28:22

Zullo - DX Young, 11/12/15 Evidentiary Hearing      4378

```
 1              (Audio clip played.)

 2              (Audio clip stopped.)

 3    BY MR. YOUNG:

 4    Q.  Mr. Zullo, that was you talking to Mr. Montgomery, correct?

 5    A.  Taking the Fifth.                                      11:30:34

 6    Q.  Okay.  You asked Mr. Montgomery with respect to the

 7    information you were hoping that he would give you how you

 8    could destroy someone with that information, correct?

 9    A.  Taking the Fifth.

10    Q.  One of the things that Mr. Montgomery told you was that you  11:30:48

11    could destroy someone using the information that he was

12    promising you by uploading links to pornography that would get

13    them accused of child pornography, right?

14    A.  Taking the Fifth.

15    Q.  "Pedophile" actually is the word that Mr. Montgomery used,  11:31:08

16    right?

17    A.  Taking the Fifth.

18    Q.  You discussed that with Mr. Montgomery?

19    A.  You heard it.

20    Q.  And he said that in response to a question that you asked  11:31:18

21    him, correct?

22    A.  Taking the Fifth, sir.

23    Q.  You also asked Mr. Montgomery how you could financially

24    destroy someone with the information that you were asking

25    Mr. Montgomery to give you, correct?                        11:31:34
```

1    A.  Taking the Fifth, sir.

2    Q.  And he responded that he could get someone in trouble with

3    the IRS for tax evasion if he could get access to their bank

4    accounts, which is what you were hoping he would do, correct?

5    A.  Taking the Fifth, sir.                                          11:31:57

6          MR. MASTERSON:  Your Honor, I object to that last

7    question.  That's argumentative.  There's no basis in fact for

8    it.

9          THE COURT:  It is.  It's argumentative, and I won't

10   consider it.                                                        11:32:11

11   BY MR. YOUNG:

12   Q.  Now, Sheriff Arpaio testified that in early February 2015,

13   you were talking to him and he was talking to you about what

14   Mr. Montgomery was doing.

15         Do you have any basis for disagreeing with that?            11:32:31

16   A.  Taking the Fifth, sir.

17   Q.  In fact, Sheriff Arpaio admitted that in February 2015 he

18   was talking to you, or may have been talking to you, about

19   Judge Snow in connection with the banking investigation, and

20   that you were trying to track down information about that         11:32:50

21   matter.

22         Do you have any basis to disagree with Sheriff Arpaio

23   on that issue?

24   A.  Taking the Fifth, sir.

25   Q.  Let's look at Exhibit 2273.                                    11:33:06

1     MR. YOUNG:  Oh, actually, before we do that, Your

2  Honor, I move for the admission of Exhibit 2981A, based on

3  Mr. Zullo's testimony just now that we heard it.

4     THE COURT:  The question was:  You discussed that with

5  Mr. Montgomery?  And the answer was:  You heard it.          11:33:34

6     Mr. Masterson?

7     MR. MASTERSON:  Objection, foundation, relevance,

8  hearsay, 403.

9     THE COURT:  I'm going to take it under advisement as

10  to foundation.  I'm not -- I'm not sure whether, in isolation,  11:33:48

11  it's sufficient foundation.

12     I'm overruling the other objection.

13  BY MR. YOUNG:

14  Q.  Let's look at Exhibit 2273.  That's an e-mail a little

15  more -- about a week and a half later, February 11, 2015.      11:34:32

16  That's an e-mail exchange you had with Mr. Montgomery in

17  connection with your work on the Seattle investigation,

18  correct?

19  A.  Taking the Fifth, sir.

20  Q.  It's an authentic e-mail?                                  11:34:43

21  A.  Taking the Fifth, sir.

22  Q.  You were talking about what Mr. Montgomery should do, and

23  he asked you whether you were talking about the birth

24  certificate stuff and not Judge Snow info, is that right?

25  A.  Taking the Fifth, sir.                                     11:35:07

1  Q.  You knew what the Judge Snow info was when you got that

2  e-mail, correct?

3  A.  Taking the Fifth, sir.

4       MR. YOUNG:  Your Honor, I move for the admission of

5  Exhibit 2273.                                          11:35:20

6       MR. MASTERSON:  Objection, foundation, relevance,

7  hearsay, 403.

8       THE COURT:  Overruled, with the maintained reservation

9  as to foundation.

10 BY MR. YOUNG:                                          11:35:34

11 Q.  Let's go to Exhibit 2274.

12      Exhibit 2274 is also an e-mail exchange that you had

13 with Mr. Montgomery, this time on February 27, 2015, correct?

14 A.  Taking the Fifth, sir.

15 Q.  No question as to authenticity, correct?           11:35:52

16 A.  Taking the Fifth, sir.

17 Q.  You're continuing at that time to talk about whether the

18 contempt proceeding in this case could somehow be worked out,

19 is that right?

20 A.  Taking the Fifth, sir.                             11:36:04

21 Q.  Okay.

22      MR. YOUNG:  I move for the admission of Exhibit 2274.

23      MR. MASTERSON:  Objection, foundation, relevance,

24 hearsay, 805, 403.

25      THE COURT:  Is the 805 material referring to the news   11:36:16

1   article that's attached?

2          MR. MASTERSON:  Yes, sir.

3          THE COURT:  I'm going to -- I don't believe that's

4   being admitted for the truth of the matter, so I'm overruling

5   all objections except for the foundation one.                    11:36:27

6   BY MR. YOUNG:

7   Q.  Now turn to Exhibit 2278.  That's an e-mail exchange you

8   had with Mr. Montgomery on March 31, 2015, correct?

9   A.  Taking the Fifth, sir.

10  Q.  There's no question as to the authenticity or the fact that  11:36:47

11  you wrote that e-mail, or those e-mails, and Mr. Montgomery

12  wrote those e-mails to you during the Seattle investigation,

13  correct?

14  A.  Taking the Fifth, sir.

15         MR. YOUNG:  I move to admit Exhibit 2278.                  11:37:01

16         MR. MASTERSON:  Just one second, please, Judge.

17         (Pause in proceedings.)

18         MR. MASTERSON:  Objection, foundation, relevance,

19  hearsay, 403.

20         THE COURT:  Overruled, with a reservation as to           11:37:23

21  foundation.

22  BY MR. YOUNG:

23  Q.  Let's go to Exhibit 2279.

24         Exhibit 2279 is an April 20 -- at least at the top is

25  an April 20, 2015 e-mail that you sent to Larry Klayman and      11:37:46

1   Mr. Montgomery in response to an e-mail that he wrote to you

2   that same day -- well, actually -- yeah.  It's an e-mail

3   exchange that you had, at least on the first page, with Larry

4   Klayman, who was the lawyer for Mr. Montgomery, correct?

5   A.  Taking the Fifth.                                          11:38:08

6   Q.  And then it attaches some other e-mails that date back to

7   April 9, is that right?

8   A.  Taking the Fifth, sir.

9   Q.  Also among you and Mr. Klayman and Mr. Zullo, and also

10  Brian Mackiewicz, is that right?                              11:38:27

11  A.  Taking the Fifth, sir.

12  Q.  You were asking in your e-mail to Mr. Klayman for

13  Mr. Montgomery to finish his work, and you asked for a response

14  by close of business on Wednesday, April 22, 2015, correct?

15  A.  Taking the Fifth, sir.                                    11:38:45

16  Q.  You don't have any basis on which to question the

17  authenticity of this e-mail, is that right?

18  A.  Taking the Fifth, sir.

19        MR. YOUNG:  Your Honor, I move for the admission of

20  Exhibit 2279.                                                 11:39:02

21        MR. MASTERSON:  Objection, foundation, relevance,

22  hearsay, 403.

23        THE COURT:  Same ruling.  Those objections are

24  overruled.

25  BY MR. YOUNG:                                                 11:39:13

1    Q.  Let's look at Exhibit 2972.

2         Now, this is also an e-mail exchange, this time May

3    22, 2015, that you had with Mr. Montgomery, correct?

4    A.  Taking the Fifth, sir.

5    Q.  In that e-mail you discussed with Mr. Montgomery the        11:39:37

6    testimony that Sheriff Arpaio and Chief Sheridan had given in

7    this case about Mr. Montgomery's work, is that right?

8    A.  Taking the Fifth, sir.

9    Q.  Did Dennis Montgomery tell you he was upset that Sheriff

10   Arpaio and Chief Sheridan had called his information junk?      11:40:02

11   A.  Taking the Fifth, sir.

12   Q.  Did you tell Mr. Montgomery that you had talked to Sheriff

13   Arpaio and Chief Sheridan on May 21, 2015, and told them that

14   you would not be testifying to the same thing that they had

15   testified to with respect to that subject?                      11:40:24

16   A.  Taking the Fifth, sir.

17   Q.  Now, you were actually just saying that in order to keep

18   Mr. Montgomery working for you on the birth certificate,

19   correct?

20   A.  Taking the Fifth, sir.                                      11:40:40

21   Q.  You did not actually believe that as to Judge Snow -- well,

22   actually, let me ask you:  Did you actually believe as to Judge

23   Snow that Mr. Montgomery's information was not junk?

24   A.  I want to answer you so bad, Mr. Young.  I am taking the

25   Fifth.                                                          11:41:15

1    Q.  Did you actually have a discussion with Sheriff Arpaio and

2    Chief Sheridan on that subject?

3    A.  I'm taking the Fifth.

4            MR. YOUNG:  Your Honor, I move for the admission of

5    Exhibit 2972.                                                      11:41:39

6            MR. MASTERSON:  Objection, foundation, relevance,

7    hearsay, 805, 403.

8            THE COURT:  Can you point me out -- point out the 805

9    material?

10           MR. MASTERSON:  I'm looking on page 1, Judge, down        11:42:04

11   toward the bottom about a statement made by Arpaio and

12   Sheridan.  And then an implication, I guess, also from those

13   same two persons.

14           THE COURT:  Well, that wouldn't be hearsay, right?  So

15   I'm going to overrule the objection.  And you can reserve the     11:42:28

16   foundation.

17           MR. MASTERSON:  Thank you.

18   BY MR. YOUNG:

19   Q.  Mr. Zullo, you've talked with a radio personality named

20   Carl Gallups about the birth certificate investigation that you   11:42:49

21   have been working on, is that right?

22   A.  Taking the Fifth, sir.

23   Q.  I'm going to show you Exhibit 2823.  That is taken from a

24   YouTube website, and it discusses a live Q and A that you did

25   with Carl Gallups on July 14, 2015.                               11:43:18

1    Did you have such a discussion with Carl Gallups on

2  July 14, 2015?

3  A.  Taking the Fifth, sir.

4  Q.  And your interest, at least in Mr. Montgomery's work, was

5  in part to preserve the credibility of the work you were doing          11:43:39

6  with Mr. Montgomery on the birth certificate, correct?

7  A.  Taking the Fifth, sir.

8  Q.  It would be important for you not to allow critics of the

9  birth certificate investigation to undermine the credibility of

10  that investigation by attacks on Mr. Montgomery, correct?          11:43:58

11  A.  Taking the Fifth, sir.

12  Q.  I'm going to play Exhibit 2873B.  It's a sound file.  I'll

13  represent to you it's taken from YouTube.  And I'm going to ask

14  you whether that is part of your discussion on July 14, 2015,

15  with Mr. Gallups.          11:44:25

16          (Audio clip played.)

17          (Audio clip stopped.)

18  BY MR. YOUNG:

19  Q.  That's you talking to Carl Gallups, correct, Mr. Zullo?

20  A.  Taking the Fifth.          11:45:09

21          MR. YOUNG:  Your Honor, based on an adverse inference,

22  I'm going to move for the admission of Exhibit 2873B.  It is

23  not part of our written motion, so I'm going to make that

24  motion here.

25          THE COURT:  I'm going to still let Mr. Masterson          11:45:27

1    respond as part of -- in response to your written motion, to

2    the extent we're talking about adverse inferences for

3    foundation.

4          Do you have other objections, Mr. Masterson.

5          MR. MASTERSON:  Yes, Judge.  Foundation, relevance --    11:45:42

6    relevance, hearsay, 403.

7          THE COURT:  The others are overruled, but I'll let you

8    reserve as to foundation.

9    BY MR. YOUNG:

10   Q.  I'm going to go back now in time, back toward the beginning    11:45:55

11   of the work with Mr. Montgomery.

12          You were present during at least part of the meeting

13   that Sheriff Arpaio had with Mr. Montgomery at a hotel in

14   Phoenix on December 9, 2013, correct?

15   A.  Taking the Fifth, sir.    11:46:16

16   Q.  You took a photograph of the two of them during that

17   meeting, correct?

18   A.  Taking the Fifth, sir.

19   Q.  Okay.  I'm going to show you Exhibit 2982.

20          And we'll blow it up so that we focus on two people.    11:46:37

21          That's Sheriff Arpaio and Mr. Montgomery, correct?

22   A.  Taking the Fifth, sir.

23   Q.  You took that photo, correct?

24   A.  Taking the Fifth, sir.

25   Q.  In fact, you took it at 1:19 p.m. on December 9, 2013,    11:46:48

1    based on the metadata of the photograph that you handed over to

2    the Jones, Skelton law firm, correct?

3    A.  Taking the Fifth, sir.

4    Q.  Now, you also recorded some meetings in -- actually, a

5    meeting in October 2013 involving yourself,                    11:47:10

6    Detective Mackiewicz, Sheriff Arpaio, and Timothy Blixseth, is

7    that right?

8    A.  Taking the Fifth, sir.

9    Q.  That was the meeting where Timothy Blixseth introduced to

10   Sheriff Arpaio Dennis Montgomery, and what Mr. Blixseth said he   11:47:32

11   could do, is that right?

12   A.  Taking the Fifth, sir.

13   Q.  There are a couple of audio recordings, and those were

14   among the items you recently gave to the Jones, Skelton law

15   firm, correct?                                                 11:47:47

16   A.  Taking the Fifth, sir.

17        MR. YOUNG:  I'm going to ask that Exhibit 2978 be

18   played.  And it's about 20 minutes long, so I'm just going to

19   ask for it to be played.  And I'll ask you, Mr. Zullo, whether

20   that is a meeting in which you participated and as to which you   11:48:07

21   or someone else made a recording.

22        THE COURT:  That is exhibit what, again?

23        MR. YOUNG:  2978.

24        THE COURT:  All right.  That will take us through the

25   lunch break, and so is that a good point to break for lunch?   11:48:19

Zullo - DX Young, 11/12/15 Evidentiary Hearing      4389

```
 1              MR. YOUNG:  Yes, we can -- after we finish with that
 2     audio, we can break for lunch, Your Honor.
 3              THE COURT:  All right.
 4              (Audio clip played.)
 5              (Audio clip stopped.)                          11:48:43
 6     BY MR. YOUNG:
 7     Q.  Mr. Zullo, we just listened to just a bit of that at the
 8     beginning.  The first person to speak on Exhibit 2978, that's
 9     Timothy Blixseth, correct?
10     A.  Taking the Fifth.                                   11:48:52
11     Q.  Then the second person to speak was Sheriff Arpaio,
12     correct?
13     A.  Taking the Fifth, sir.
14     Q.  And then the third person to speak was Brian Mackiewicz, is
15     that right?                                             11:48:56
16     A.  Taking the Fifth, sir.
17              MR. YOUNG:  Let's keep playing the audio.
18              (Audio clip played.)
19              (Audio clip stopped.)
20     BY MR. YOUNG:                                           12:08:28
21     Q.  Mr. Zullo, that's an audio you made of part of the meeting
22     in which you participated with Sheriff Arpaio,
23     Detective Mackiewicz, and Timothy Blixseth, correct?
24     A.  Taking the Fifth, sir.
25     Q.  At the very end, that's Sheriff Arpaio who says, quote,    12:08:41
```

1   "We're experts at this shit," end quote, correct?

2   A.  Taking the Fifth, sir.

3        MR. YOUNG:  Your Honor, this would be a fine time for

4   a lunch break.

5        THE COURT:  All right.  Take a lunch break.  We'll be      12:08:55

6   back at 1:30.

7        (Lunch recess taken.)

8        THE COURT:  Please be seated.

9        Mr. Young, you ready to proceed?

10       MR. YOUNG:  Yes, Your Honor.      13:37:18

11       THE COURT:  Please do so.

12       MR. YOUNG:  Thank you.

13  BY MR. YOUNG:

14  Q.  Mr. Zullo, the audio recording we were listening to, 2978,

15  that was a meeting that occurred, that you were part of, that      13:37:28

16  Sheriff Arpaio and Detective Mackiewicz and Timothy Blixseth

17  were also in, that occurred in October 2013, correct?

18  A.  Taking the Fifth, sir.

19  Q.  I'll tell you that Sheriff Arpaio testified earlier that he

20  met once with Timothy Blixseth.      13:37:47

21       Do you have any reason to contradict that?

22  A.  Taking the Fifth.

23       MR. MASTERSON:  Objection, foundation.

24       THE COURT:  Overruled.

25       THE WITNESS:  Taking the Fifth, sir.      13:38:01

1   BY MR. YOUNG:

2   Q.  Based on some calendar -- well, one calendar entry, Sheriff

3   Arpaio testified that that meeting likely was on October 18,

4   2013.

5           Does that sound right to you?                          13:38:16

6   A.  Taking the Fifth, sir.

7           MR. YOUNG:  Your Honor, I move to admit Exhibit 2978.

8           MR. MASTERSON:  Objection, foundation, relevance,

9   hearsay, 403.

10          THE COURT:  Okay.  Foundation objection's preserved;    13:38:36

11  all the others are overruled.

12  BY MR. YOUNG:

13  Q.  I want to go back to the photograph we looked at earlier,

14  which is Exhibit 2982.  I did ask you some questions about it

15  earlier, Mr. Zullo.                                             13:38:49

16          MR. YOUNG:  And Your Honor, I would move to admit that

17  photograph.

18          MR. MASTERSON:  Objection, foundation.

19          THE COURT:  I'm going to -- I'm going to reserve the

20  foundational objection, as I did --                            13:39:22

21          I don't know, was that part of your motion?

22          MR. YOUNG:  I don't think it was part of our motion,

23  Your Honor.

24          THE COURT:  If it is, I'm going to just treat it with

25  the rest of the motion.                                        13:39:33

1        MR. YOUNG:  Yes.  Thank you, Your Honor.

2        Your Honor, I have another audio that I want to play

3   that's about an hour long.  I'm only going to play the first

4   portion of it for Mr. Zullo, and I'm going to ask him some

5   questions about it.  It is 2977.                              13:39:49

6        (Audio clip played.)

7        (Audio clip stopped.)

8   BY MR. YOUNG:

9   Q.  Mr. Zullo, this is the beginning of another sound recording

10  of the meeting that you were in along with Sheriff Arpaio,      13:40:36

11  Timothy Blixseth, and Detective Mackiewicz in October 2013,

12  correct?

13  A.  Taking the Fifth, sir.

14  Q.  The voice we just heard talking about possible indictment

15  of Mr. Montgomery, that was Timothy Blixseth, correct?          13:40:49

16  A.  Taking the Fifth, sir.

17        MR. YOUNG:  Okay.  Let's keep going with the

18  recording.

19        (Audio clip played.)

20        (Audio clip stopped.)                                    13:41:38

21  BY MR. YOUNG:

22  Q.  So the voice we just heard starting to ask some questions

23  of Mr. Blixseth, that was Detective Mackiewicz, correct?

24  A.  Taking the Fifth, sir.

25  Q.  And there was someone who said:  Don't count on Arizona.    13:41:48

1    There ain't no attorney general that would have the balls.

2           That was Sheriff Arpaio, correct?

3    A.  Taking the Fifth, sir.

4    Q.  That meeting was in Sheriff Arpaio's office, correct?

5    A.  Taking the Fifth, sir.                                      13:42:11

6           MR. YOUNG:  Your Honor, I move for the admission of

7    Exhibit 2977.

8           MR. MASTERSON:  Well, to the part I heard, objection,

9    foundation, relevance, hearsay, 403.

10          THE COURT:  The relevancy objection's preserved.  If    13:42:29

11   you have other objections to the remainder of the recording,

12   would you please put them in the written motion?

13          MR. MASTERSON:  Yes, sir.

14          THE COURT:  Thank you.

15          MR. YOUNG:  Your Honor, at this time I have no further   13:42:45

16   questions of Mr. Zullo.

17          Mr. Zullo, thank you very much for your time.

18          THE COURT:  Mr. Masterson.

19                    CROSS-EXAMINATION

20   BY MR. MASTERSON:                                              13:43:36

21   Q.  Good afternoon, Mr. Zullo.

22   A.  Good afternoon.

23   Q.  You have invoked your constitutional rights under the Fifth

24   Amendment several times, both yesterday and today.

25          Would you please tell us why you are doing that?        13:43:53

1    A.  As I put forth in a few motions, I just don't have adequate

2    time to secure competent counsel that understands the

3    complexity of this matter.  It was never my intention to take

4    the Fifth.  I have to now to protect myself.  I have no

5    representation.                                              13:44:18

6    Q.  Why do you feel at risk?

7    A.  In an earlier pleading, the ACLU and Covington put a

8    footnote in paying special attention to Judge Snow's mindset

9    that we may have violated certain espionage statutes, statutes

10   involving trying to disrupt a federal proceeding.  I mean, just  13:44:40

11   hellacious, hellacious accusation.  And that was my concern.

12   That was never the intention of what we were doing.

13   Q.  So are you invoking your constitutional rights under the

14   Fifth Amendment because of that document filed by the ACLU?

15   A.  Yes, sir.                                                13:45:07

16   Q.  Do you still have your deposition up there, sir?

17   A.  I don't know, sir.

18   Q.  Could you take a look, please?  Dated November 9, 2015.

19        I have one if you don't.

20   A.  I don't believe I have it.  I have a whole bunch of folders  13:45:34

21   here.  I don't know if --

22        MR. MASTERSON:  Judge, may I give the witness a copy

23   of his depo, please?

24        THE COURT:  You may.

25        (Pause in proceedings.)                                 13:46:10

1           MR. MASTERSON:  Here you go, sir.  (Handing).

2           THE WITNESS:  Thank you.

3  BY MR. MASTERSON:

4  Q.  Could you please turn to page 71, sir.

5           Are you there?                                    13:46:33

6  A.  Yes, sir, I'm sorry.

7  Q.  I'm looking at page -- or, excuse me, page 71, line 11,

8  Mr. Young asked you the question:  "In that investigation you

9  were hoping that Mr. Montgomery would find further verifiable

10 information about Judge Snow, is that correct?"               13:46:50

11          MR. YOUNG:  Your Honor, objection.

12          THE COURT:  What's the basis?

13          MR. YOUNG:  Hearsay.

14          THE COURT:  Do you have a response, Mr. Masterson?

15          MR. MASTERSON:  Well, the response is Rule 32.  I can   13:47:06

16 use -- use this question.  Mr. Young asked the question.

17 Certainly, Mr. Young didn't give any objection to the question.

18 I objected.  I'm withdrawing the objection.

19          It is also asking for the witness's present sense

20 impression or mental impression at the time the question was    13:47:31

21 asked.

22          THE COURT:  Show me in Rule 32 where --

23          MR. MASTERSON:  Well, it says I can use deposition

24 testimony for any purpose.

25          THE COURT:  I believe that's in the state rules.  Is    13:47:56

1    it in the federal rules?

2            MR. MASTERSON:  That's a good question.

3            THE COURT:  I'm looking for that now.  It says:  At a

4    hearing or a trial.  It says all or part of the deposition may

5    be used against a party on these conditions, and it lists three    13:48:07

6    conditions.  It doesn't say may be used for any purpose.

7            Now, I'm not saying it doesn't say that.  It might say

8    that somewhere in the rule.  But your citation to Rule 32

9    doesn't overcome, at least unless you can show me, the hearsay

10   exception.                                                          13:48:25

11           MR. MASTERSON:  Well, I think I have a hearsay

12   exception on 803(1) and (3).

13           THE COURT:  Eight oh --

14           MR. MASTERSON:  801 -- no, 803(1) and (3).

15           THE COURT:  Are you asking for a present sense           13:48:44

16   impression?

17           MR. MASTERSON:  At the time the question was asked.

18           THE COURT:  I'll hear the question.

19           MR. MASTERSON:  Excuse me?

20           THE COURT:  I didn't hear the whole question.           13:48:52

21           MR. MASTERSON:  Oh, the question is:  "In that

22   investigation you were hoping that Mr. Montgomery would find

23   further verifiable information about Judge Snow, is that

24   correct?"

25           THE COURT:  That's no present sense impression or        13:49:02

 1   existing mental condition.  Overrule -- or sustained.

 2   BY MR. MASTERSON:

 3   Q.  Mr. Zullo, let me ask you this way:  Do you remember your

 4   deposition on November 9, 2015?

 5   A.  Yes.                                                              13:49:49

 6   Q.  Do you remember Mr. Young asking you the question:  "In

 7   that investigation you were hoping that Mr. Montgomery would

 8   find further verifiable information about Judge Snow, is that

 9   correct?"

10          Do you recall that question?                                  13:50:06

11   A.  Yes.

12   Q.  Did you answer that question at your deposition?

13   A.  Yes.

14   Q.  What was your answer?

15   A.  "Hell, no."                                                      13:50:15

16   Q.  Did you say "no, no," twice more in response to that

17   question?

18   A.  I don't recall.  I may have.

19   Q.  Can you take a look at the deposition transcript, please,

20   line 16 --                                                           13:50:30

21   A.  I guess I did, yeah.

22          MR. YOUNG:  Your Honor, I'm going to renew the

23   objection.  Mr. Masterson has just had Mr. Zullo report what

24   Mr. Zullo supposedly said in the deposition.  That's just

25   having him repeat the hearsay, and I'll move for it to be           13:50:58

1    stricken.

2         MR. MASTERSON:  Your Honor, it refreshed his

3    recollection of his testimony at his deposition.  He testified

4    what he said at his deposition.

5         THE COURT:  It's stricken.  Objection sustained.          13:51:10

6    BY MR. MASTERSON:

7    Q.  Mr. Zullo, as you're sitting there right there, right now

8    today, in the investigation, the Seattle investigation, were

9    you hoping to find verifiable information about Judge Snow?

10   A.  No, sir.                                                  13:51:54

11        But, Your Honor, I need to ask -- I don't understand.

12   I've invoked my Fifth Amendment.  I don't understand what's

13   going on here at this point.

14        THE COURT:  Well, you are the one who chooses whether

15   you will invoke the Fifth Amendment or whether you will not    13:52:09

16   invoke the Fifth Amendment, so I can't give you legal advice on

17   that.

18        THE WITNESS:  I understand that, sir.

19        THE COURT:  But I will say that you have the right to

20   invoke the Fifth Amendment with respect to any question that   13:52:20

21   any party asks you.  And if you -- and there, you know, based

22   on how you choose and do not choose to invoke the Fifth

23   Amendment, there may be consequences to that as well.

24        THE WITNESS:  Um-hum.

25        THE COURT:  But I can't advise you on that, either.       13:52:35

1   Those have to be your choices.

2          THE WITNESS:  Okay.

3          MR. MASTERSON:  Judge, I'm not certain that I got an

4   answer.  Could I ask Mr. Moll to read back the question?  I

5   think I heard an answer before the witness's question to you.          13:52:49

6          THE COURT:  You may do that.

7          (The court reporter read the record as follows:)

8          "Question:  Mr. Zullo, as you're sitting there right

9   there, right now today, in the investigation, the Seattle

10  investigation, were you hoping to find verifiable information          13:51:47

11  about Judge Snow.

12          "Answer.  No, sir.

13          "But, Your Honor, I need to ask -- I don't

14  understand."

15          MR. MASTERSON:  Thank you, Mr. Zullo.  No further          13:53:32

16  questions.

17          THE COURT:  Mr. Walker?

18          MR. WALKER:  I have no questions, Your Honor.

19          THE COURT:  Mr. Murdy.

20          MR. MURDY:  No questions, Your Honor.          13:53:40

21          THE COURT:  Mr. Young.

22          MR. YOUNG:  Yes, Your Honor.

23                          REDIRECT EXAMINATION

24  BY MR. YOUNG:

25  Q.  Mr. Zullo, in response to Mr. Masterson's questions, you          13:53:54

1  referred to some hellacious accusations that you perceived to

2  have been leveled against yourself, is that right?

3  A.  Yes, sir, that's right.

4  Q.  Okay.  And those accusations were that you had been

5  investigating Judge Snow, among other things, correct?     13:54:10

6  A.  It's contained in that footnote, sir.

7  Q.  And then you said it was never your intention, or never the

8  intention of what you were doing, is that right?

9  A.  Correct.

10 Q.  Okay.  Let's go back to Exhibit 2079, which has been     13:54:26

11 admitted into evidence, so I'm going to ask that it be shown to

12 the gallery as well.

13        And at the first page, in your text message to

14 Sergeant Anglin on New Year's Day 2014, you referred to

15 Mr. Montgomery's mapping out of cell phone calls and line calls     13:54:54

16 back to 2009 involving Judge Snow, correct?

17 A.  Correct.

18 Q.  So you were hoping that Mr. Montgomery would provide

19 information about Judge Snow, is that right?

20 A.  No, sir.     13:55:12

21 Q.  Well, you knew that Mr. Montgomery was mapping out

22 cell phone calls and in line calls involving Judge Snow, is

23 that right?  At least that's what he told you.

24 A.  Yes.

25 Q.  Is that what you thought --     13:55:30

 1   A.  That's what he told us, yes.

 2   Q.  And you were talking to the sheriff almost every day

 3   because he was calling you wanting updates, right?

 4   A.  Yes, sir.

 5   Q.  Now, let's go back to Exhibit 2256, which is a June 29,        13:55:47

 6   2014 e-mail between you and Mr. Montgomery.  And there you talk

 7   about -- actually, Mr. Montgomery tells you:  On the one hand,

 8   Anglin tells him -- and I'm paraphrasing here -- not to produce

 9   information on Judge Snow.

10           You see that?                                             13:56:21

11   A.  Yes, sir.

12   Q.  And then he tells you that he's being attacked for not

13   producing information on Judge Snow, correct?

14           MR. MASTERSON:  Objection, beyond the scope of the

15   cross-examination.                                               13:56:34

16           THE COURT:  Overruled.

17           THE WITNESS:  That is what he is saying, sir.

18   BY MR. YOUNG:

19   Q.  Okay.  At least -- well, you were talking to Mr. Montgomery

20   about producing information on Judge Snow, correct?             13:56:49

21   A.  Mr. Young, Judge Snow was a victim.  In that database, like

22   I'm a victim, like Donald Trump is a victim, like Sheriff

23   Arpaio is a victim, like Michele Iafrate is a victim.

24           Judge Snow was in a database from 2009.  Had nothing

25   to do with this Melendres thing that I didn't know anything      13:57:07

1  about.  He was a victim, and he was one victim that

2  Mr. Montgomery identified as having sensitive information

3  believed to be obtained.  The judge's IRS information and the

4  judge's banking information.

5        Now, maybe you'll understand the crux of my question        13:57:24

6  to him that you tried to lambast me with and say I was trying

7  to destroy this man.  I have nothing against this man.  He was

8  a victim.  Like 151,000 other people in this county.  That's

9  what we were looking for.  All this CIA nonsense had no

10 interest for us.        13:57:45

11        My job was to befriend this guy.  Make him think we

12 cared.  All we cared about were 151,000 people in Maricopa

13 County, and quite honestly, if Sheriff Arpaio's phones were

14 tapped.  That was it.

15        Sir, you were a victim.  I never did anything to hurt        13:58:01

16 this man.

17 Q.  And the way you found out that he was a victim was that you

18 asked Mr. Montgomery to search his data to see whether Judge

19 Snow was there, is that right?

20 A.  Mr. Young, we were looking for high-profile people in        13:58:19

21 Phoenix, Arizona.  Mr. Montgomery represented to us that he had

22 judges, federal judges.  I asked him:  Federal judges in

23 Maricopa County?  He said:  Yes.

24        I don't know any federal judges.  As a matter of fact,

25 Judge Snow now is the only federal judge I know in Maricopa        13:58:35

1    County.

2         I asked Detective Mackiewicz a question:  Hey, who is

3    the federal judge with this Melendres thing?  Brian didn't

4    know.  I didn't know.  I attempted to look at it on my phone.

5    Unfortunately, I was a little stubborn.  I refused to believe I    13:58:52

6    needed these.  I couldn't really see.

7    Q.  You're talking about your glasses?

8    A.  Glasses, yes.  On an iPhone, the smaller one.  Believe me,

9    it was a bad day.

10        Montgomery found I believe originally Judge Silver.  I    13:59:04

11   didn't know.  Brian said:  No, that's not it.  We're looking

12   some more.  Montgomery finds Snow, Murray Snow.  I go:  Brian,

13   is that it?  He goes:  I don't know.

14        I'm looking around, looking around.  Finally I find an

15   article that says Murray Snow.  I go:  Yeah, I guess that's it.    13:59:24

16   He puts it into the machine and it doesn't really come back.

17   And he's still on the Internet looking around and he goes:  No,

18   it's not Murray, it's Gordon.  I had no idea.

19        He puts in Gordon Murray Snow, and within four

20   minutes -- and it took a while, it was longer than any other    13:59:46

21   one, it comes up four minutes, Gordon Murray Snow, a Phoenix

22   address unknown to me, a phone number unknown to me.

23        And I'm, like:  Okay, so you've got this Judge Snow in

24   your database.  He says:  Yeah, but there's more.  And he

25   showed me symbols on the side of this, and he says:  You're    14:00:02

1    going to see these.  When it says this, I don't remember what

2    they are.  Let's use "I" for IRS.  IRS.  And he said:  This is

3    for banking.

4              I asked him, I go:  Are you telling me that in your

5    database, these 425 hard drives, you have Judge Snow, a federal    14:00:18

6    judge's private, private information?  And he goes:  Yeah,

7    harvested by the government.  That's what the man told me.

8    That's what we were pursuing for over a year.

9    Q.  And did you tell Sheriff Arpaio that you'd found some

10   information in Mr. Montgomery's possession relating to            14:00:39

11   Judge Snow?

12   A.  Oh, it's even better that than.  I met with Sheriff Arpaio

13   and Chief Sheridan and we sat down.  And the plan was and the

14   decision was, not even talking about the flow chart -- which,

15   by the way, I got a direct stand-down order from the sheriff     14:00:52

16   twice, and Chief Sheridan, never to pursue this judge like you

17   so wrongly accuse me of.

18             The plan going forward was to get Montgomery to give

19   us this IRS information, this banking information on this

20   judge, walk across the street, go to his chambers, knock on his  14:01:08

21   door, and see if he could verify it.  Because if he could, it

22   opened up one hell of a door for us to go to the federal

23   government having Montgomery in possession of stuff that nobody

24   on this planet should have.  It would prove a breach of banks;

25   it would prove a breach of a government facility.                14:01:26

1              That's the nefarious stuff that you don't understand.

2    It wasn't happening the way you laid out here for four hours.

3    Nobody was trying to hurt this judge, including the sheriff.

4    So much to everyone's astonishment, he didn't do that.

5    Q.  So did you discuss with Sheriff Arpaio and Chief Deputy      14:01:46

6    Sheridan the plan to try to get Montgomery to give you the IRS

7    and banking information for Judge Snow so that you could

8    accomplish what you just described?

9    A.  Absolutely.

10   Q.  When did you first discuss this plan with Sheriff Arpaio     14:02:02

11   and Chief Sheridan?

12   A.  It had to be in the beginning, sir.  You know, I wasn't

13   involved the whole time.

14   Q.  Well, let me -- let me ask you this.  I'll show you an

15   exhibit we looked at yesterday briefly.  It's 2074.            14:02:17

16              And actually, I want to focus a little bit on the date

17   at the top as well.  It's at --

18              Have you seen this document, by the way?  It's on the

19   screen.  It's a list of information relating to the DOJ and

20   Arpaio and various people in the DOJ.                          14:02:43

21              Have you seen that document before?

22   A.  Yes, I believe I did, I believe I do.

23   Q.  I'll tell you that Sheriff Arpaio testified that Dennis

24   Montgomery faxed this to him on November 5th, 2013.

25   A.  Okay.                                                       14:03:03

1   Q.  Taking that date as the -- sort of a milestone or milepost,

2   did the plan to get the IRS and banking information relating to

3   Judge Snow in order to protect him arise before or after that

4   date?

5   A.  I can't be certain, sir, because this would have been about      14:03:20

6   four or five days into us originally meeting this guy.  I know

7   that the judge's information didn't come forth right away.

8   Neither did Sheriff Arpaio's out of that database, nor did

9   mine.  So I can't tell you.  I really -- I just -- I don't

10  know.  I don't know.      14:03:50

11  Q.  Well, how did the idea of finding the name of the judge who

12  was working on the Melendres case originally come up?

13  A.  I don't think it was so much an idea.  Like I said, it was

14  high-profile people.  This was a database that was in 2008.  I

15  think anything from 2007 to 2009.  There would be no      14:04:10

16  interaction between Arpaio or Judge Snow at that time.  It was

17  merely looking for a federal judge by name, which I didn't know

18  any.

19          I mean, this man represented a lot of things to us.

20  He represented that he had the information on Ruth Bader      14:04:29

21  Ginsburg.  He represented he had --

22  Q.  Wait.  When you say "he represented" --

23  A.  Mr. Montgomery represented.

24  Q.  Yes.  Thank you.

25  A.  That he had information on the chief justice of the Supreme      14:04:39

1   Court.  I mean, there was just a lot.  And, you know, he was --

2   he was telling us all these high-profile people that didn't

3   matter to us.

4        We were worried that this guy has identities --

5   actually, it's almost a half a million people in just the state    14:04:57

6   of Arizona.  And when I'm talking identities, I'm not talking

7   about little blips of pieces of information; full identities

8   and birth dates and Social Security numbers.

9        Which goes back to the question that you nefariously

10  pointed to me as if I was some kind of deviant, is what could    14:05:13

11  you do with that information?

12       He was in possession of that as far as I was

13  concerned.  That was very concerning to me, that he had this

14  kind of information.  So asking for the judge was nothing more

15  than an attempt to get high-profile people.  He had John    14:05:26

16  McCain's information.  And I don't remember if John McCain had

17  banking information attached to it or not.

18       But that was the only -- Judge Snow, for all intents

19  and purposes, with all due respect, Your Honor, you were a blip

20  on this radar screen of a year.  It was three weeks Montgomery    14:05:43

21  kept telling us:  Judge Snow, Judge Snow, Judge Snow.  We had

22  hands off, hands off, hands off.

23       And to your other point, why I said son of a bitch

24  when I learned of this thing that I hadn't been there, is

25  because I was so taken back by what Montgomery said, because we    14:05:58

1    had a stand-down, hands off on Judge Snow.  I didn't know what

2    was going on, I wasn't part of that investigation then, but I

3    wasn't going to blow up what they were doing, either.  I didn't

4    know what was happening.  I had to play the game.

5           But I was startled when he said Judge Snow.  Because I    14:06:14

6    knew we weren't supposed to do anything with Judge Snow.

7    You've got this so backwards.

8    Q.  Well, did the investigation into Judge Snow as a victim of

9    the banking breach ever come to an end?

10   A.  Sir, I don't believe we had information about Judge Snow as    14:06:31

11   a victim of the bank -- you know, as a matter of fact, sir, it

12   never dawned on me to even ask to look for Judge Snow and what

13   banking stuff MCSO had, because we weren't doing anything with

14   Judge Snow.

15          These were specific records that Montgomery asserted    14:06:49

16   to us that he had.  And in my mind, that would have taken care

17   of multitude of problems.  Having a sitting federal judge that

18   all of a sudden we have a guy in Seattle has his most sensitive

19   information.  I could -- especially now knowing this judge?  I

20   think the FBI probably would have walked in the door before we    14:07:08

21   would have left, once we went and verified if this is his

22   information.

23          The other thing I want you to understand is this was

24   always going to the FBI.  Always going to go to the FBI.  We

25   had a problem with Montgomery.  We needed Montgomery to go in a    14:07:23

1    cooperative state, because he holds the key to unlocking these

2    hard drives.  Without him, you can't uncrypt them.  Our goal

3    was to get Montgomery to the federal government in a

4    cooperative manner so the people that have the authority to

5    deal with this could.                                          14:07:42

6          It's not our fault the FBI falsely raided his house

7    and he doesn't want to work with them.  That wasn't our fault.

8    Hence is why we went to Judge Lamberth.  We didn't know what to

9    do with this man, knowing he may have this kind of information.

10         And there's things that I'm not going to talk about,    14:08:00

11   because I'm sure you've kept them out of this courtroom.  There

12   are some things this man said, I don't know if they're true; I

13   pray to God they're not true.  But we needed to get him

14   someplace where he would cooperate.  If that guy thinks he

15   could get immunity, have at it, 'cause somebody else is going  14:08:16

16   to have to do that, not us.

17         This was a brain damage dance for me to dance with

18   this guy for a year.  I don't get paid.  I don't make any money

19   doing this.  I did it because this is my community.  And you're

20   sitting here trying to paint me a criminal.  I need -- I need   14:08:36

21   to stop, sir.  I need to stop.

22   Q.  Well, this is not a criminal proceeding --

23   A.  You know what?  What is this, sir?  Come on.  What is it, a

24   star chamber?  What is it?  It's nothing.  Every time it's

25   something pertaining to my rights, it becomes nothing.  Don't   14:08:57

1  my rights matter?  Don't the rights of every person in this

2  room matter?  This judge's rights matter.  He was a victim as

3  far as we were concerned.

4  Q.  Okay.  Well, in your discussion with Mr. Montgomery I'm a

5  little bit confused, and maybe you can help me with it.                    14:09:15

6         Who was it, as between you and Mr. Montgomery, who

7  first raised Judge Snow's name?

8  A.  I was asking the name of the judge.  Montgomery came up

9  with the name.  I couldn't see my phone.  I didn't know Judge

10  Snow.  It had nothing to do with this.  I mean, I even saw -- I    14:09:33

11  think, you know, whatever the New Times writes, you're making

12  some allegation that we were pressing this guy right up until

13  two weeks before your contempt hearing.

14         Sir, I have to tell you, I didn't know when your

15  contempt hearing was.  I don't know who the monitors were.  I     14:09:49

16  know the names of the monitors now as a result of this.  And

17  Mackiewicz didn't say "monitors."  I think he meant

18  "monitored," monitoring the sheriff's phones.  'Cause that's

19  what Montgomery was talking to us about.

20         All these e-mails that you've taken out of context,    14:10:05

21  there were probably -- if you've got 735 e-mails, there were

22  probably 2,000 telephone calls.  I lived with this guy in my

23  head day in, day out.  Telephone calls at 7:00 in the morning,

24  11:00 o'clock in the morning, 2 o'clock in the morning,

25  8 o'clock at night, 9 o'clock at night.  That's all I had to     14:10:26

1   hear was this guy and his CIA tale of woe.

2          And my job was to do some research so I could converse

3   with him.  Because at any given time Detective Mackiewicz may

4   have to turn on this guy.  And I was the guy to befriend him.

5   I had to learn stuff I didn't want to know about, read stuff I        14:10:44

6   didn't care to know about and do it.  And that's what I did.

7          Nobody in this agency has used this database to hurt

8   anyone.  We don't even use the database.  Investigating it the

9   first four, five days we were up there, that's all we did.  We

10  didn't use it.  We didn't take it and go:  Ooh, look what could        14:11:04

11  we get?  We didn't use it at all.  It's just the information

12  he's giving us.

13         And what this is tantamount to, quite honestly, sir,

14  is like the sheriff is the bank teller who gets handed the

15  stickup note.  Because he gets handed the stickup note, all of        14:11:20

16  a sudden you're charging with facilitation and conspiracy to

17  commit bank robbery.  He's just a guy who got information.

18         You heard the first tape.  That's how this stuff came

19  in to us.  There's another tape that you didn't play where he's

20  telling us about -- and I didn't know who Lanny Breuer was or        14:11:35

21  Covington; I didn't know any further this.  He calls us in the

22  hotel.  And you could hear Detective Mackiewicz say:  We don't

23  know what he's talking about.  We had nothing to do with any of

24  this.  This was this guy's agenda.

25         So we had to take his agenda and try to utilize it to        14:11:51

1    get what we needed to protect our residents.  And that's all

2    this was.  This whole CIA stuff is this guy.  So if that meant

3    we had to get him someplace to some judge to further that

4    cause, I was willing to do it; the sheriff was willing to do

5    it; the chief deputy was willing to do it.                          14:12:11

6          The one thing the chief deputy said right away when he

7    saw that flowchart is he said:  No way.  We are not going down

8    this road.  And when the chief deputy gives you a direct order,

9    there's no doubting you got a direct order.  We were not going

10   down that road.                                                     14:12:30

11         We didn't know what to make of that stuff with

12   Montgomery.  We didn't know what to do with the phone calls.

13   That e-mail that you showed me, he was mapping out phone

14   numbers trying to find the breaches that he alleged took place

15   of the Maricopa County Sheriff's Office servers, the Attorney     14:12:44

16   General's Office servers, the county attorney general -- the

17   county attorney's servers.  I mean, he was telling us all kinds

18   of breaches.  And during the course of this he found breaches

19   of Phoenix, Arizona, the mayor's office.

20         Now, sir, I don't know if that's real.  Because we          14:13:00

21   didn't investigate it.  We were collecting and relieving him of

22   information.  The full intention was to bring it to the FBI.

23   As a matter of fact, those NSA guys, when we cracked open those

24   drives, the direct order from Chief Sheridan in Sheriff

25   Arpaio's office was:  You go over there.  If there is anything     14:13:21

1    that they remotely think is classified privilege, mark the

2    drive, seal the box, and go right to the FBI office and drop it

3    off, and don't leave there till you tell them exactly what is

4    going on.  That was the direct order we were under.

5         Those drives didn't contain anything.  And some other     14:13:40

6    day I'll tell you the story how I knew they were going to be a

7    bunch of bullshit before we went.

8    Q.  So going back to my earlier question, Mr. Zullo --

9    A.  You'll have to tell me what the question is, sir, 'cause --

10   Q.  Well, I'll just ask another question.                      14:13:58

11        So you were the one who first came up with the idea of

12   finding information about the judge in the Melendres case, you

13   talked about that to Mr. Montgomery, and then he's the one who

14   actually came up with the name through some search of the

15   Internet.  Is that what happened?                              14:14:15

16   A.  Sir, the way you're portraying it isn't the way it

17   happened.

18   Q.  Well, tell me how it happened.

19   A.  I just told you.  It wasn't looking for this particular

20   man.  I don't know any federal judges.  It's the one that came  14:14:26

21   to mind.  That was it.  I knew we had a federal judge with --

22   with Arpaio's problem.  I didn't know who it was.  I -- when he

23   told me the name Snow, I didn't even think that was the real

24   name.  I didn't know who it was.  It wasn't that we targeted

25   Judge Snow to target Judge Snow.  Judge Snow is not a target.  14:14:44

1    I didn't think his information was even going to be in there,

2    to be honest with you.

3    Q.  Well, you targeted the judge in the Melendres case, right?

4    I mean, that's --

5    A.  It is a judge for the reason why I'm telling you.  There      14:14:56

6    was no nefarious reason to ask about this judge.  I didn't know

7    enough to ask about him particularly.  It could have been some

8    other judge.  I didn't know who he is.  I don't know who he is.

9    Q.  All right.  Well, you found that Mr. Montgomery had

10   information about the judge in the Melendres case whose name     14:15:24

11   you realized was Judge Snow, is that right?

12   A.  Yes, sir.

13   Q.  Did you then tell that fact to Sheriff Arpaio and Chief

14   Sheridan?

15   A.  I believe the information was relayed originally by phone     14:15:36

16   saying:  You're not going to believe this.  Judge Snow is a

17   victim.

18   Q.  Okay.  And how -- can you tell me, in relation to November

19   5, 2013, when that would have been?

20   A.  Sir, I don't have a time line.  All I can tell you, it had   14:15:51

21   to be -- there was holidays involved here.  I don't know if it

22   was in November, December; I just don't remember.

23   Q.  Was it before a meeting, which is the one mentioned in your

24   text messages to Sergeant Anglin, where you were on the phone

25   with Detective Mackiewicz and Mr. Montgomery, and there were a   14:16:20

1  number of other people on the line including lawyers in

2  Phoenix?  Were you part of that call?

3  A.  I was.  I don't know if that information surfaced then.  I

4  don't -- I don't know.

5          We went out there originally for three days and stayed   14:16:38

6  something like 17, so I don't know exactly when that call went.

7          Judge Snow was not a big factor in everything we were

8  hearing.  He was just another victim like 151,000 other people

9  in this county.

10  Q.  Well, going back to Exhibit 2056, that is an e-mail that   14:17:01

11  you received from Mr. Montgomery, correct?

12          Let's give Mr. Klein a chance to pull it up.  2256.

13  A.  Yeah, Counselor, this is out of the mind of Mr. Montgomery.

14  I don't know what's reality and what isn't in a lot of these

15  things.  I have no idea.  And in June 29th, I don't believe I   14:17:43

16  was back in this, or just getting back into this, and this is

17  what he sends me.  I can't tell you if this happened or not.

18  Q.  Well, he did send it to you, right?

19  A.  Yes.

20          MR. YOUNG:  Okay.  Your Honor, I move for the   14:18:03

21  admission of Exhibit 2256.

22          THE COURT:  The exhibit is admitted.

23          (Exhibit No. 2256 is admitted into evidence.)

24          THE COURT:  Do you have an objection you want to make,

25  Mr. Masterson?   14:18:13

1      MR. MASTERSON:  I do not.

2      THE COURT:  The exhibit's admitted.

3   BY MR. YOUNG:

4   Q.  Then Exhibit 2960, that's another e-mail string that you

5   had with Mr. Montgomery on July 8, 2014, correct?                    14:18:26

6   A.  Yes, it is, sir.

7      MR. YOUNG:  I move for the admission of Exhibit 2960.

8      THE COURT:  Exhibit 2960 is admitted.

9      (Exhibit No. 2960 is admitted into evidence.)

10  BY MR. YOUNG:                                                        14:18:48

11  Q.  The next exhibit I'd like you to look at again, Mr. Zullo,

12  is Exhibit 2258.  Is that an e-mail exchange that you had with

13  Mr. Montgomery on October 30, 2014?

14  A.  It's an e-mail sent to me by Mr. Montgomery.

15  Q.  Right, which responded to an e-mail that you had sent to       14:19:20

16  him, correct?

17  A.  I don't think so, sir.  I don't know where that is.

18  Q.  Well, if you look at the middle e-mail of that string,

19  there's something --

20  A.  Well, I'm responding, sir -- excuse me.  11:35 a.m. he         14:19:32

21  sends me this bottom e-mail.  I don't see it till 12:14

22  unless -- yeah, it has to be 12:14 p.m., and then I just

23  responded "not true."  And then he sends me this other, this

24  other one up top there.  I don't know what this means.

25  Q.  Okay.  Well, that's a set of three e-mails that you            14:19:53

1   exchanged with Mr. Montgomery, correct?

2   A.  Yeah.  So what you'll find out, sir, and you'll see in

3   this, is the majority of e-mails are Mr. Montgomery e-mailing

4   me.

5         MR. YOUNG:  Your Honor, I move for the admission of      14:20:04

6   2258.

7         THE COURT:  Is that 2258?

8         MR. YOUNG:  Yes.  And I hope I'm not duplicating an

9   earlier admission.

10         THE COURT:  I thought it was -- I thought you said      14:20:15

11   2960, but if it's --

12         MR. YOUNG:  Oh, I apologize if I got the number wrong.

13   The one we're looking at on the screen is 2258.

14         THE COURT:  All right.  Thank you.

15         2258 --                                                 14:20:29

16         MR. MASTERSON:  No objection.

17         THE COURT:  -- is admitted.

18         (Exhibit No. 2258 is admitted into evidence.)

19   BY MR. YOUNG:

20   Q.  Now, earlier we listened to an audio, we can play it again    14:20:44

21   if you'd like, that perhaps you'll remember it.  It's

22   Exhibit 2979, where there's a reference to Mr. Montgomery.  He

23   says he's doing Snow stuff.

24         Do you recall that audio?

25   A.  Yes.                                                      14:21:06

1    Q.  That's a recording that you made of a discussion that you

2    had with Mr. Montgomery, correct?

3    A.  Yes.

4    Q.  Do you remember approximately when that was?

5    A.  Is that the April one?                                          14:21:19

6    Q.  Well, yeah.  Actually, there is a reference to April in

7    that.

8    A.  That's the one I'm referring to, if that's what you're

9    asking me.

10        MR. YOUNG:  Okay.  Your Honor, I move for the               14:21:32

11   admission of Exhibit 2979.

12        THE WITNESS:  But sir, for clarification, Snow stuff

13   is the same information I told you about.  There was nothing

14   else -- nobody was targeting this judge.  Nobody was -- we

15   didn't target anybody.  We didn't look into anybody's personal    14:21:48

16   life.  It was that information that was critical to us, and

17   especially the fact that he is a sitting judge, a federal

18   judge.  That had a lot of weight with us.

19   BY MR. YOUNG:

20   Q.  Okay.  Just to clarify, you referred to what you discussed    14:22:05

21   earlier.  The Snow stuff was the IRS --

22   A.  IRS, and he alleged that he had his banking information.

23        MR. YOUNG:  Your Honor, I move for the admission of

24   Exhibit 2979.

25        MR. MASTERSON:  I object to certain of the information       14:22:21

1    in that exhibit on the basis of hearsay.  And I believe I

2    already made a relevance objection to that which was overruled,

3    so I'm not going to remake that one.

4            THE COURT:  Yeah, the relevance objection's overruled.

5            The exhibit is going to be admitted to the extent that   14:22:38

6    Mr. Zullo has indicated he made it and what it was.

7            I don't know whether or not there are other

8    participants in that conversation and who they were, but I'm

9    going to admit the exhibit to the extent that I can understand

10   and have a basis for understanding -- well, I'm going to admit   14:22:59

11   the exhibit.  I'm not going to admit it all for the truth of

12   the matter asserted if I can't ascertain who's speaking.

13           MR. YOUNG:  Well, Your Honor, perhaps we should play

14   it again so that Mr. Zullo --

15           THE WITNESS:  Your Honor, I have to ask you, at some   14:23:14

16   point in time I really want to stop answering questions.  It's

17   like I'm going over stuff now that I don't -- I don't know what

18   I'm doing.

19           THE COURT:  Well, I appreciate the difficulty you're

20   in, Mr. Zullo, but you cannot invoke the Fifth and not invoke   14:23:24

21   the Fifth.  And once you begin discussing something, you've

22   discussed it.  And so --

23           THE WITNESS:  I thought it was a question-per-question

24   basis.  I thought that's what you just said to me.

25           THE COURT:  Well, sir, I'm not your legal counsel.   14:23:45

1          THE WITNESS:  Oh, I see.  Okay.  Well, I don't have

2     counsel.

3          THE COURT:  I know you don't.  And it is on a

4     question-by-question basis.  But you have to be consistent in

5     your invocation.  All right?                                    14:23:58

6          So do you want to play that again?

7          MR. YOUNG:  Yes, Your Honor.

8          And Mr. Zullo, I'm going to ask you to listen to

9     Exhibit 2979, and I'm going to ask you about who the

10    participants in that discussion were.                           14:24:14

11         So, Mr. Klein, if we could start from the beginning.

12         (Audio clip played.)

13         (Audio clip stopped.)

14    BY MR. YOUNG:

15    Q.  There was someone, Mr. Zullo, who asked:  When you went to  14:25:06

16    L.A. to do the -- do you want me to say where?  Who was that?

17    A.  That would have been Mr. Montgomery's son-in-law.

18    Q.  And what was his name?

19    A.  Ish something.  I don't remember his last name.

20    Q.  And what was his purpose in asking that, if you know?       14:25:28

21         MR. MASTERSON:  Objection, foundation.

22    BY MR. YOUNG:

23    Q.  What was going on in this conversation?

24         THE COURT:  Well, I'm going to overrule the objection

25    because he said "if you know."                                  14:25:41

1          Do you know?

2          THE WITNESS:  I don't even understand the question.

3   BY MR. YOUNG:

4   Q.  There's a reference to Lockheed in the discussion.  What

5   was that about?  What was the role of Lockheed in this                    14:25:54

6   discussion?

7   A.  My understanding was Mr. Montgomery had access to a

8   facility at Lockheed that had a supercomputer, that he could

9   take these drives that he was trying to decipher for us and do

10  it exponentially quicker, just because of the sheer horsepower           14:26:13

11  of this computer.  That's my understanding.

12  Q.  And there's a reference to the L.A. thing in that

13  discussion.  What was that?

14  A.  Well, I think that is the same thing.  I just categorized

15  it like that.                                                            14:26:29

16  Q.  And the purpose for having Mr. Montgomery have access to

17  this computing capacity was to facilitate the investigation

18  into the banking identity theft issue, is that right?

19  A.  No, sir.  You have to understand that the way

20  Mr. Montgomery was doing this, it was -- it's called packet             14:26:45

21  reconstruction.  And I don't know, I'm no computer science guy,

22  but my understanding is this information, once it's harvested,

23  it's harvested in packet form.  And those packets have to be

24  compiled back together.  And those packets could be on various

25  drives.  So my understanding is this computer would have               14:27:05

1    allowed him to do that a lot faster.

2            MR. YOUNG:  Your Honor, may I have a moment?

3            THE COURT:  You may.

4            (Pause in proceedings.)

5            MR. YOUNG:  Your Honor, may we have a sidebar?        14:27:33

6            THE COURT:  Yes.

7            (Bench conference on the record.)

8            MR. YOUNG:  Your Honor, obviously this is going to

9    take longer because there's been a change during the lunch

10   hour.  Mr. Zullo's now answering questions.                14:28:01

11           I would note that it's my understanding that Mr. Zullo

12   was doing -- is answering questions voluntarily.  Now, it is

13   our understanding that he does have the right to invoke the

14   Fifth Amendment as to any particular question, even if he's

15   answered previous questions on the same subject.  And I think  14:28:20

16   it would be our understanding that with each successive

17   question, he does have the right to invoke the Fifth, and if he

18   chooses not to, he's waived it as to that particular question.

19           THE COURT:  Well, that's what I -- did I not say that?

20           MR. YOUNG:  That's my understanding of the argument on  14:28:39

21   that, and I just want to make sure --

22           THE COURT:  Do you have a different view,

23   Mr. Masterson?

24           MR. MASTERSON:  Well, I have a different view on the

25   law as to --                                                14:28:51

1          THE COURT:  That's what I mean.

2          MR. MASTERSON:  Let me explain.  As to what it does

3    when he answers a question.  I do not disagree that he waives

4    as to that specific question.  I have no disagreement with

5    that.                                                            14:29:07

6          THE COURT:  Okay.

7          MR. MASTERSON:  I think -- I mean, in candor to the

8    Court, my opinion is that it's a broader waiver than even that.

9          THE COURT:  Yeah.  And it seems to me that in his

10   response, that was very lengthy, he did raise a number of the   14:29:23

11   tape recordings and exhibits that -- and he did refer to them

12   in that answer that he previously had invoked the Fifth with

13   respect to.

14          Do you disagree with that?

15          MR. MASTERSON:  No, Judge.  I'll just tell you what my   14:29:38

16   understanding of the law is and then you guys can disagree, or

17   certainly you can disagree with me.

18          My understanding of the law is that he is free to

19   invoke the Fifth Amendment as to any question he chooses.  If,

20   however, he answers a question, an incriminating question, then 14:29:56

21   it's my understanding -- or my opinion, anyway -- that he is

22   compelled to answer questions concerning the details of that

23   particular answer for which he waived his Fifth Amendment

24   right.

25          THE COURT:  Well, I think maybe what we ought to do is   14:30:18

1    take a break.  I'm going to go take a look at what the Fifth

2    Amendment waiver amounts to --

3              MR. MASTERSON:  You know what?  I have a -- I have a

4    trial memo I can get to you that might be of some assistance.

5              THE COURT:  Anybody object?                          14:30:30

6              MR. MASTERSON:  And I've got copies for everybody.

7              MR. YOUNG:  No.  And we do have a case which might be

8    illuminating which is United States versus Seifert, 648 F.2d

9    557 Ninth Circuit (1980).

10             THE COURT:  Is that in your trial memo?              14:30:44

11             MR. MASTERSON:  I don't know.

12             THE COURT:  Well, go get your trial memo.  Let's take

13   a look at it.

14             (Bench conference concluded.)

15             THE COURT:  Mr. Zullo, I'm going to take a break, and 14:30:59

16   I'm going to tell you why I'm going to take the break.  You do

17   have a right to invoke Fifth Amendment.  I'm not trying to

18   prevent you from invoking the Fifth Amendment any time you

19   wish.

20             But there is an effect, if you begin to answer       14:31:11

21   questions, on how much and what then you need to answer.  And

22   in light of your voluntary answers to the last number of

23   questions you've received, I think that that -- that I have a

24   question about how far I can go in compelling you to answer if

25   you get asked a follow-up question, and I want to just be sure 14:31:32

1    that I am comfortable with the contours of that, so I'm --

2            THE WITNESS:  Could I note, Your Honor, just for the

3    record, make sure I -- I probably misunderstood the prior

4    direction when I was advised by you that it was question upon

5    question.                                                          14:31:51

6            THE COURT:  Well, that means you can take the Fifth

7    with respect to every question that you're asked.

8            THE WITNESS:  I understand.  I don't think I

9    understood it.

10           THE COURT:  Well, now I'm going to tell you that           14:32:00

11   because you have voluntarily answered some of the questions,

12   then you may receive follow-up questions.  And I just want to

13   be comfortable that I'm correct in the law, or as correct as I

14   can be, in determining whether or not you're going to have to

15   answer those questions.                                            14:32:15

16           THE WITNESS:  Okay, sir.

17           THE COURT:  So I'm going to take about a -- I think

18   I'm going to take a half an hour break and we're going to

19   reconvene here at 3 o'clock.  All right?  Thank you.

20           THE WITNESS:  Thank you.                                   14:32:28

21           THE COURT:  Is this the authority, Mr. Masterson, that

22   you wanted to provide me?

23           MR. MASTERSON:  I did, yes.

24           THE COURT:  All right.  Mr. Young, you had a case you

25   wanted to provide me?                                              14:32:38

1          MR. YOUNG:  Yes, Your Honor.  And I haven't, I have to

2     say, done extensive research on this myself, so I don't know

3     whether this is complete or even -- well, I don't know whether

4     it's complete.  But the case I would cite is United States

5     versus Seifert, 648 F.2d 557, Ninth Circuit (1980).                     14:32:51

6          THE COURT:  648 F.2d?

7          MR. YOUNG:  648 F.2d 557.

8          THE COURT:  All right.  Thank you.

9          (Pause in proceedings.)

10         THE COURT:  Did you want to file this memorandum?                   14:33:36

11         MR. MASTERSON:  We can do it two ways, Judge.  I did

12    provide two copies, so we could file one of those, or we could

13    give a call back to the office and have them e-file it.

14         THE COURT:  I'll let you file this one.

15         MR. MASTERSON:  Thank you.                                          14:33:49

16         (Recess taken.)

17         THE COURT:  Please be seated.

18         All right.  Here's how we're going to proceed,

19    Mr. Zullo.

20         You're correct when you said --                                    15:05:49

21         MS. IAFRATE:  May I have a moment?

22         THE COURT:  Oh, I'm sorry.  I didn't realize everybody

23    wasn't here.  I apologize.

24         (Pause in proceedings.)

25         THE COURT:  I'm going to try to, in fairness, explain              15:06:15

1    some things to you without being your lawyer.

2         THE WITNESS:  Okay, sir.

3         THE COURT:  So if any of the attorneys object and

4    think I'm starting to cross the line, please stop me, or let me

5    know your objection.                                        15:06:27

6         You're correct that when you invoke the Fifth

7    Amendment, you invoke it on a question-by-question basis.

8    That's a basic rule.

9         THE WITNESS:  Um-hum.

10        THE COURT:  When you answer a question voluntarily     15:06:42

11   that is put to you, that may result in a waiver, to some extent

12   or to a larger extent, depending upon the question.  But that

13   does not prevent you from seeking to invoke the Fifth Amendment

14   on any further questions that you're asked.  Just the burden

15   falls to me to determine whether or not testimony that you've   15:07:10

16   already given allows the parties to ask -- to make further

17   inquiry about something that you've already said.

18        A second problem -- and so a second problem that has

19   arisen because of your testimony is this.  Normally, the party

20   who calls you gets to call you first.  Then the other parties    15:07:29

21   have a chance to cross-examine.  And then the party who called

22   you is given a chance to ask you questions on redirect just by

23   way of rebuttal.

24        What happened in this case, as far as I recollect, is

25   that it was actually on redirect -- you answered a few of        15:07:48

1    Mr. Masterson's questions, there weren't very many, but there

2    were a few on cross-examination.  No other party had any

3    questions for you.

4         Then on redirect -- as I recall, at least -- when

5    Mr. Young was asking you some questions in follow-up of what      15:08:04

6    Mr. Masterson was asking you, you volunteered a great deal of

7    information.

8         That information that you volunteered might have some

9    general implications for the investigation as a whole; it might

10   not.  And it also might have some specific implications for       15:08:19

11   some of the exhibits that you took the Fifth Amendment as to

12   this morning.

13        But I went -- I tried to, didn't have much time -- I

14   tried to go back briefly and look at everything that you said

15   in your answers to Mr. Young, and I can't really ascertain, I      15:08:35

16   have no degree of comfort that I could ascertain necessarily in

17   a general sense that I can tell you now:  You've waived this;

18   you haven't waived that.  So how we're going to proceed, I

19   believe, is this way.

20        I'm going to allow Mr. Young to ask you questions.           15:08:55

21   I'm going to remind you that you have a right to invoke the

22   Fifth Amendment as to any question he asked.

23        Then what I propose to do is when you've exhausted

24   your questions, Mr. Young, we'll see if any of other parties

25   have any follow-up questions they want to ask.  Again,            15:09:13

1    Mr. Zullo, you're entitled to invoke the Fifth Amendment as to

2    any question they ask.

3            Rather than try to decide on the fly whether or not

4    there has been a waiver -- either large or small, based on the

5    testimony that Mr. Zullo has given -- all parties are receiving      15:09:30

6    dailies, right?

7            All right.  So you can -- you can make application to

8    the Court that we recall Mr. Zullo, if he continues to invoke

9    the Fifth Amendment, based on the waiver on what he has already

10   testified to.      15:09:49

11           Now, that poses a few additional questions, or

12   problems, Mr. Young, because normally, he's answering now your

13   questions on redirect, and he's answered a great deal of them.

14   I'm not sure that I wouldn't entertain a motion by defendants,

15   in light of the fact that he's now coming forward with this on      15:10:05

16   redirect, to have -- it's one of those unusual circumstances

17   where I might give them recross, and then allow you final

18   redirect.

19           Unfortunately for you, Mr. Zullo, that may require you

20   to come back another day.      15:10:19

21           THE WITNESS:  I was almost out, Judge.

22           THE COURT:  Yeah, you almost were, but it's the

23   decision -- you understand --

24           THE WITNESS:  I do, sir.

25           THE COURT:  -- that I'm proceeding the way I'm      15:10:27

1   proceeding in order to protect, to the maximum extent possible,

2   your Fifth Amendment rights.

3              THE WITNESS:  I appreciate that, sir.  I understand.

4              THE COURT:  Do you have any questions about what I've

5   just said, or any objections, Mr. Young?                    15:10:40

6              MR. YOUNG:  None, Your Honor.  We agree with that, the

7   procedure.

8              THE COURT:  Mr. Masterson?

9              MR. MASTERSON:  I do have a question, Judge, but I --

10  I think we should do it at sidebar rather than discuss it in   15:10:47

11  front of the witness.

12             THE COURT:  That's all right.  Do you want to do it

13  now?  Would it be helpful to do it now?

14             MR. MASTERSON:  I think it would be.

15             THE COURT:  All right.  Let's do it, then.         15:10:55

16             (Off-the-record discussion between the Court and the

17  court reporter.)

18             (Bench conference on the record.)

19             THE COURT:  The court reporter just wanted me to tell

20  you a matter of business:  You don't have a daily order form   15:11:22

21  in.  If you want one, you'll need to put one in.

22             MR. MASTERSON:  Oh, okay.

23             THE COURT:  Okay.

24             MR. MASTERSON:  We'll do that.

25             THE COURT:  All right.                             15:11:29

1          MR. MASTERSON:  I thought we did, but something must

2     have changed.

3          Anyway, I took a look at the case that Mr. Young gave

4     you --

5          THE COURT:  Yeah.                                          15:11:36

6          MR. MASTERSON:  -- at our break.  I'm a little

7     concerned about the lawyers asking questions, and I know the

8     Court said you're going to make the ruling on each question,

9     but I looked at the case and the paragraph I'm talking about,

10    and I'm sure you just read it, is our rule is that whatever the  15:11:56

11    standard of waiver for defendants who voluntarily testify, an

12    ordinary witness may pick the point beyond which he will not

13    go --

14         THE COURT:  Right.

15         MR. MASTERSON:  -- and refuse to answer any questions     15:12:08

16    about a matter already discussed, even if the facts revealed

17    are incriminating, as long as the answer sought may tend to

18    further incriminate him.

19         THE COURT:  Right.

20         MR. MASTERSON:  I'm a little concerned about me asking    15:12:19

21    questions of him if he chooses -- if he invokes.  But it is my

22    understanding you're going to make the ruling, though?

23         THE COURT:  No.  Maybe I didn't explain it very well,

24    it's good to explain it.

25         What I'm going to do is I'm going to allow him to         15:12:36

 1  invoke.

 2          MR. MASTERSON:  Okay.

 3          THE COURT:  In large part, based on the paragraph you

 4  just read.

 5          MR. MASTERSON:  Okay.                               15:12:44

 6          THE COURT:  It seems to me he can still invoke.

 7          MR. MASTERSON:  Okay.

 8          THE COURT:  And if his answer in fact has any tendency

 9  to further incriminate him, then that invocation is

10  appropriate.                                                15:12:53

11          My concern is he already sort of went off on the

12  free-form answers, which everybody let him go off on earlier in

13  the redirect, and I am not going to be able to try to

14  reconstruct whether there's some sort of a waiver without

15  looking at what you're going to point to and say:  This        15:13:05

16  question is appropriate because he waives -- or he's going -- I

17  mean, this answer allows further inquiry.

18          So I'm actually, I'm sorry, going to ask you to

19  brief -- I'm going to ask you to state the -- I'm going to ask

20  Mr. Young first to state the questions he has now.  I'm going    15:13:19

21  to allow Mr. Zullo to invoke.  If Mr. Young -- and I'm going to

22  probably sustain his invocation today.

23          MR. MASTERSON:  Okay.

24          THE COURT:  Then if Mr. Young believes that he has

25  waived as to any particular question that I sustained, for, you  15:13:33

1    know, temporary purposes today, then I'm going to let Mr. Young

2    file a brief -- a pleading saying:  This is the question and

3    this, his answer here from the transcript, indicates that he

4    has waived and I should be allowed to ask this specific

5    question.                                                      15:13:54

6            MR. MASTERSON:  Okay.  I understand now.

7            THE COURT:  Okay.

8            MR. YOUNG:  Your Honor, I see an issue, which is that

9    I had a lot of questions this morning --

10           THE COURT:  Um-hum.                                    15:14:02

11           MR. YOUNG:  -- and I'm not sure that what I need to do

12   now is ask every one of those questions again.

13           THE COURT:  I don't think you need to ask every one.

14   I think we can shortcut this by if you start asking questions,

15   Mr. Zullo does not voluntarily answer, I think you can just    15:14:15

16   say:  Are you going to reinvoke as you did this morning?

17           Will that be acceptable to you?

18           MR. MASTERSON:  Yeah, that's fine with me, Judge.

19           THE COURT:  All right.  Is that fine with everybody

20   else here?                                                     15:14:29

21           THE COURT REPORTER:  I didn't hear that.

22           THE COURT:  All parties agreed that it's acceptable,

23   if Mr. Zullo indicates he's going to reinvoke to the same

24   extent he did this morning, that we won't -- Mr. Young won't be

25   required to re-ask every single question that he asked this    15:14:39

1    morning.

2         However, Mr. Young, just so you're aware, if you're

3    going to say that he waived based on what he said in redirect,

4    you're going to have to point to the specific question that you

5    did ask this morning, is that clear?                     15:14:53

6         MR. YOUNG:  Yes.

7         THE COURT:  All right.

8         MR. MASTERSON:  And just so everyone knows, I think

9    the case law does say that you can't blanket invoke the Fifth.

10        THE COURT:  It does say that.                        15:15:02

11        MR. MASTERSON:  So we're all understanding that we're

12   going to move past that rule.

13        THE COURT:  Yes.

14        MR. MASTERSON:  Okay.

15        THE COURT:  And I think that it's common sense that --  15:15:08

16        MR. MASTERSON:  I understand.

17        THE COURT:  -- we do that.

18        Now, I don't know -- I'm not going to require -- as I

19   said, I think it's only fairness to allow the defendants to

20   re-question based, to some extent, potentially, at least, on   15:15:20

21   the answer given, but I may allow re-redirect, too.  But if

22   you --

23        MR. YOUNG:  Did you mean plaintiffs, Your Honor?  I

24   mean, I can --

25        THE COURT:  Yes.  Yes.  That's what I meant.  Thank    15:15:34

1   you.  I'm sorry.  But if you have questions that you know

2   you're going to want to ask based on what Mr. Young has already

3   asked him, then I expect you to ask those today.  And if he

4   invokes the Fifth, the same procedure will go for you, which is

5   you will have to specify what he already said in his redirect,      15:15:51

6   Mr. Young, that allows you to ask the question you're asking.

7         MR. MASTERSON:  I've got that.  And then my

8   understanding would also be that if Mr. Young then -- well,

9   Mr. Young, I assume, will be filing a brief if he desires to

10  ask additional questions.                                          15:16:06

11        THE COURT:  Right.

12        MR. MASTERSON:  And the Court will rule whether

13  there's been a waiver on that question.

14        I assume that I could then follow up on -- where are

15  we?                                                                15:16:16

16        THE COURT:  The answer.

17        MR. MASTERSON:  -- recross.

18        THE COURT:  Yeah.  I think so.  But again, that's

19  going to be still a somewhat sensitive inquiry.

20        MR. MASTERSON:  Understood, yeah.                            15:16:24

21        THE COURT:  I think it will be more focused then, so I

22  think I'll probably be able to have more confidence doing it

23  from the bench at that time.  But the briefing will allow me to

24  focus on the question, focus on the answer, and the extent to

25  which I'm going to call allow you to cross-examine and             15:16:35

 1    determine whether or not it has any tendency to further

 2    incriminate Mr. Zullo.

 3              MR. MASTERSON:  Okay.

 4              THE COURT:  Okay?

 5              MR. YOUNG:  Thank you, Your Honor.                    15:16:46

 6              (Bench conference concluded.)

 7              THE COURT:  All right, Mr. Zullo.  I'm just going to

 8    repeat what I said to you earlier, make sure you understand.

 9              You have the right to voluntarily answer the questions

10    if you want, but you also have the right to invoke the Fifth     15:17:02

11    Amendment if you wish to do so.  If you do choose to invoke the

12    Fifth Amendment, I've just discussed with the parties what I

13    tried to discuss clearly in open court, which I'm going to

14    repeat again.

15              If you do invoke the Fifth, my tendency is going to be  15:17:17

16    to let that stand for today.  And then if the parties are going

17    to assert that they have a right to an answer to their specific

18    question in light of testimony that you've already voluntarily

19    given, they're going to file a brief with me, I'm going to make

20    a determination whether they can answer that question, and then  15:17:33

21    we'll have to have you back.

22              THE WITNESS:  Okay, sir.

23              THE COURT:  Do you understand that?

24              THE WITNESS:  I do, yes.

25              THE COURT:  All right.  Thank you.                    15:17:40

1          MR. YOUNG:  Thank you, Your Honor.

2    BY MR. YOUNG:

3    Q.  Let's take a look, Mr. Zullo, at Exhibit 2090, two zero

4    nine zero.  That's a February 2, 2015 e-mail string between you

5    and Mr. Montgomery, correct?                                    15:18:00

6    A.  Yes, sir.

7    Q.  That e-mail was written -- that e-mail string was written

8    by you and also Mr. Montgomery in the course of the Seattle

9    investigation, correct?

10   A.  Yes, sir.                                                    15:18:12

11          MR. YOUNG:  Your Honor, I move for the admission of

12   Exhibit 2090.

13          MR. MASTERSON:  Objection, founda- -- well, objection,

14   relevance, 403.

15          THE COURT:  Overruled.  The Exhibit 2090 will be         15:18:26

16   admitted.

17          (Exhibit No. 2090 is admitted into evidence.)

18   BY MR. YOUNG:

19   Q.  Let's turn now to Exhibit 2273.

20          Mr. Zullo, that's an e-mail string between you and       15:18:40

21   Mr. Montgomery dated February 11, 2015, correct?

22   A.  Yes, sir.

23   Q.  And that was written during the course of your work on the

24   Seattle investigation, correct?

25   A.  Yes, sir.                                                   15:19:00

1          MR. YOUNG:  I move for the admission of Exhibit 2273.

2          MR. MASTERSON:  Objection, relevance, 403.

3          THE COURT:  Overruled.  The exhibit is admitted.

4          (Exhibit No. 2273 is admitted into evidence.)

5    BY MR. YOUNG:                                              15:19:17

6    Q.  Let's go now to Exhibit 2964.

7          Mr. Zullo, Exhibit 2964 is an e-mail string dated

8    November 4, 2014, between you and Mr. Montgomery, correct?

9    A.  Yes, sir.

10   Q.  And that was done during the course of your work on the   15:19:51

11   Seattle investigation?

12   A.  Yes, sir.

13         MR. YOUNG:  I move for the admission of Exhibit 2964.

14         MR. MASTERSON:  Objection, relevance, 805, 403.

15         One second, Judge, please.                           15:20:15

16         (Pause in proceedings.)

17         MR. MASTERSON:  Withdraw the 805, so just relevancy

18   and 403.

19         THE COURT:  Overruled.  The exhibit is admitted.

20   Exhibit 2964 is admitted.                                 15:20:29

21         (Exhibit 2964 is admitted into evidence.)

22   BY MR. YOUNG:

23   Q.  Let's go to Exhibit 2965.  Exhibit 2965 is a November 5,

24   2014, e-mail string between you and Mr. Montgomery written

25   during the course of the Seattle investigation, correct?     15:20:46

1    A.  Yes, sir.

2            MR. YOUNG:  Your Honor, I move for the admission of

3    2965.

4            MR. MASTERSON:  Objection, relevance, 403.

5            THE COURT:  Overruled.  Exhibit 2965 is admitted.        15:21:05

6            (Exhibit No. 2965 is admitted into evidence.)

7    BY MR. YOUNG:

8    Q.  Let's go to Exhibit 2967.

9            Actually, I believe that one's admitted already.

10           Let's go to 2968.  That's a January 6, 2015 e-mail        15:21:27

11   exchange between you and Mr. Montgomery, correct?

12   A.  I don't know if that's the complete e-mail exchange, but

13   that portion does look correct.

14   Q.  Well, I'm actually told that 2968 has been admitted

15   already, so we'll go on to the next one.        15:21:56

16           2969.  That is a January 7, 2015 e-mail string between

17   you and Mr. Zullo at the top, and then there's an e-mail at the

18   bottom of the first page from you to Mr. Flynn.

19           And we're going to exclude the very last e-mail in the

20   string, which is a January 7, 2015 2:54 p.m. e-mail written by        15:22:28

21   Mike -- Michael Flynn.  But all the rest are e-mails that you

22   either wrote or received during the course of the Seattle

23   investigation, correct?

24   A.  Yes, sir.

25           MR. YOUNG:  I move for the admission of 2969.        15:22:43

1      MR. MASTERSON:  My understanding is that, as we

2  discussed last time, the second -- I don't know if it's the

3  whole page, but that bottom paragraph is being removed, so my

4  sole objection is relevance and 403.

5      MR. YOUNG:  I move, just to clarify, for admission of          15:23:00

6  the redacted version of that exhibit that we will submit.

7      THE COURT:  You move for the admission of 2969A, which

8  is going to be the redacted version, as Mr. Masterson just

9  explained.

10      MR. YOUNG:  I so move, Your Honor.                            15:23:17

11      THE COURT:  All right.  And you state your objections.

12      MR. MASTERSON:  Relevance, 403.

13      THE COURT:  Overruled.  Exhibit 2969A, as it has been

14  described to you, which is removing the last paragraph, is

15  admitted.                                                        15:23:29

16      (Exhibit No. 2969A is admitted into evidence.)

17  BY MR. YOUNG:

18  Q.  Let's go to Exhibit 2269.  Exhibit 2269 is a January 22

19  e-mail exchange between you and Mr. Montgomery, correct?

20  A.  Yes, sir.                                                    15:23:52

21  Q.  That was done during the Seattle investigation?

22  A.  You know, sir, you categorize it as the Seattle

23  investigation.  For all intents and purposes, the Seattle

24  investigation I believe ended almost a year to the day, I think

25  in October of '14.  What was going on with Mr. Montgomery at     15:24:21

1   that point in time was monitoring him based on some discussions

2   we had with Judge Lamberth and trying to propel Mr. Montgomery

3   forward.

4          This was really monitoring him and trying to get him

5   to ever produce what he had promised us.  There was really no      15:24:41

6   investigation going on at that time.

7   Q.  All right.  Well, let's -- it is an e-mail string between

8   you --

9   A.  Yeah, I just want to clarify that for you.

10  Q.  Understood.                                                     15:24:54

11         MR. YOUNG:  Your Honor, I move for the admission of

12  Exhibit 2269.

13         THE COURT:  2269?

14         MR. YOUNG:  Yes.

15         THE COURT:  I thought 2269 was just the exhibit we           15:25:03

16  decided that you were going to admit 2269A but not 2269.  Maybe

17  I -- oh, I'm sorry.  That was 2969.  I apologize.

18         2269?

19         MR. MASTERSON:  Objection, relevance, 403.

20         THE COURT:  Overruled.  Exhibit 2269 is admitted.           15:25:26

21         (Exhibit No. 2269 is admitted into evidence.)

22  BY MR. YOUNG:

23  Q.  So Mr. Zullo, you were just mentioning a monitoring project

24  relating to Judge Lamberth.

25         What was that?                                               15:25:39

1    A.  I didn't mention a monitoring project; we were monitoring

2    Mr. Montgomery --

3    Q.  Right.  Right.  What --

4    A.  -- trying to propel him forward.

5    Q.  That's what I was asking about.  What were you monitoring      15:25:49

6    Mr. Montgomery for, and how did that relate to Judge Lamberth?

7    A.  Mr. Montgomery -- this portion of what we were doing here

8    was basically starving out Mr. Montgomery.  Mr. Montgomery

9    obviously had no income, and we knew at some point in time he

10   was going to have to choose which way he was going to go:         15:26:07

11   working with the federal government or not.

12            Ultimately, we were hoping he was going to choose to

13   work with the FBI, which ultimately he did.  He got production

14   immunity on 600 million records.  That was just part of that

15   strategy of starving him out.  I was in contact with Larry        15:26:23

16   Klayman at that time, so I had some indication of where

17   Montgomery was headed, what he was thinking.

18            The whole purpose of this was to get him to the

19   federal government on some cooperative level.  It was a long

20   way around the mountain, but ultimately it worked.                15:26:40

21   Q.  What do you mean by starving him out?

22   A.  He has no income, and he wasn't going to get any other

23   revenue from the Maricopa County Sheriff's Office after

24   October.  So you'll see in some of these e-mails where he's

25   kind of begging and telling me that he's got no food, no          15:26:55

1    Internet or whatnot.  None of that was going to matter.  Nobody

2    was going to come to his aid.  Nobody was going to get back on

3    the bandwagon with him.  He was going to have to fend for

4    yourself.

5         And I don't care who you are.  After -- without ample    15:27:08

6    savings, after a while you have to make some touch decisions,

7    and I guess he made his.

8    Q.  What was the subject matter of the discussion with

9    Judge Lamberth and the cooperation with the FBI that you just

10   mentioned, if I'm not mistaken?                               15:27:22

11        THE WITNESS:  If I -- if I could ask you, Your Honor,

12   that conversation, that was in the judge's chambers.  I don't

13   know if that's privileged; I don't know what that is.

14        THE COURT:  Well, sir, you don't have a basis as far

15   as -- I mean, I think I'm going to -- you can choose whether or  15:27:35

16   not you're going to answer, but --

17        THE WITNESS:  Okay.

18        THE COURT:  -- if you're not going to answer, it has

19   to be on the basis of a privilege that belongs to you.

20        THE WITNESS:  I understand.                              15:27:48

21        I don't think I have that basis.  I don't think

22   there's anything the Fifth Amendment protects in that

23   conversation.

24        So I'm sorry, sir.  Could you ask me again?

25   BY MR. YOUNG:                                                 15:27:59

Zullo - RDX Young, 11/12/15 Evidentiary Hearing      4444

1    Q.  Yes.  You mentioned some discussion involving

2    Mr. Montgomery with Judge Lamberth, and some work that you

3    wanted to get Mr. Montgomery to do with the FBI.

4    A.  Okay.

5    Q.  Okay.  What was the subject of that --                         15:28:10

6    A.  Yeah, let me -- let me back up for you.

7           The Sheriff's Office was in a little bit of a quandary

8    as far as Montgomery was concerned.  Our intent was to

9    corroborate private parties' information to kind of validate

10   all this other I Spy stuff he was talking about, because we    15:28:28

11   don't have the ability to do that.

12          In that quandary, we didn't know where to turn with

13   him.  He would not cooperate.  He told us right up he would not

14   cooperate with the FBI because of what they did to him, he

15   would not cooperate with the Department of Justice because of   15:28:45

16   what they did to him, and he was always crying for this

17   immunity thing.  Well, we don't have the ability to guaranty

18   him -- or anyone -- any kind of immunity.

19          It was at that point in time, I think it was around

20   August, I was there unrelated.  It was on the birth certificate  15:28:58

21   issue.

22   Q.  August of 2014?

23   A.  Yes, I believe so, yeah.  These years blend in for me.

24          I was there, and basically the Sheriff's Office was

25   cutting him off and he was pretty much finished.  I had concern   15:29:16

1    with that, and my concern was based on a lot of representations

2    that Mr. Montgomery made, the information, such as the judge,

3    judge's information and many others being a victim in there, I

4    didn't know if it was a prudent idea for us just to kind of put

5    this thing in a box and just throw it to the FBI to get it off          15:29:38

6    our plate.

7            I went to see the sheriff and chief deputy, and I knew

8    that I had the ability to get Mr. Montgomery where he wanted to

9    go and that was before a federal judge.  And in my thought

10   process, if this guy is willing to sit in front of a federal          15:29:53

11   judge and throw this stuff up, let's see him do it.  That's how

12   Mr. Klayman got involved is I knew Mr. Klayman would have a

13   connection for us to take this guy there.

14           And please excuse me for using the term "this guy."

15   I'm from New Jersey; that's what we do.                                15:30:13

16           We made arrangements.  I believe we -- myself,

17   Detective Mackiewicz, and Mr. Klayman -- it took a prior

18   initial meeting with Judge Lamberth, explained to him what we

19   thought we had but we weren't sure.  There was a subsequent

20   meeting where we did bring Mr. Montgomery, who was recently out        15:30:34

21   of the hospital.  It was on recommendation from the Maricopa

22   County Sheriff's Office that he does not travel.

23           We were reluctant to put him in a plane.  He has a

24   brain aneurysm.  We didn't pay for it.  He found his own way

25   there.  We are basically carrying him through the metal                15:30:53

1    detectors out of his wheelchair.  I mean, he made a pretty big

2    endeavor to get there.

3          Once we get him there, he produces documents.  He took

4    documents.  We did not -- he alleges we gave stuff to the

5    judge; we didn't give anything to the judge.  He threw out his          15:31:07

6    story.  He threw out his documents.  I do believe that

7    flowchart was part of that.  And he, you know, said what he

8    said to say.

9          The understanding there was, with Judge Lamberth, that

10   Detective Mackiewicz and I and Mr. Klayman were going to come          15:31:23

11   back the following week and discuss what our options were.  We

12   went back that third time and we did tell Judge Lamberth that

13   we cannot vouch for Mr. Montgomery.  That we were at this point

14   in time unable to corroborate anything substantial outside of

15   some limited banking information, some limited passport          15:31:48

16   information, and complete identities.  And when I say that, I'm

17   talking about Social Security numbers and individuals all

18   coinciding with each other.

19         And we were not comfortable, quite honestly, at that

20   point.  We wanted time to go back and see what we could get          15:32:06

21   from Mr. Montgomery that might shore this up a little bit.

22         In the discussions, the judge basically told us:

23   Look, you've got three -- three places you could go: FBI, DOJ,

24   or a -- some kind of congressional committee, or something to

25   that effect.          15:32:29

1          Mr. Montgomery opted for the congressional committee,

2     which wasn't something that we actually believed was ever going

3     to happen, but it's something that he was looking for.  So if

4     he thought he had the potential for that, maybe he would

5     cooperate with us and finally give us something that we would          15:32:43

6     have enough credibility with to go to the FBI and go:  Whoa.

7     Take a look at this.  How do you guys, you know, want to play

8     this?  We never got that from Mr. Montgomery.

9          Subsequently, we were waiting for Mr. Montgomery to

10    basically come to the place where he had no roof over his head.        15:33:04

11    Mr. Flynn owned the house that Montgomery was in.  It is such a

12    convoluted story.  It was Montgomery's -- he lost it in a

13    bankruptcy.  Flynn buys the assets.  And then he buys this $3

14    million house in Yarrow Point for $20,000 in back taxes, and

15    he's got Montgomery is in there.  Flynn has been trying to            15:33:29

16    throw Montgomery out.  I had to, for three months, jockey these

17    players apart from each other and keep Montgomery in that house

18    so he can keep those machines going, and keep reducing the

19    stuff that the Sheriff's Office was looking for.  And I was

20    successful in keeping him in that house for about a year.             15:33:51

21         Eventually, we closed our end of this thing down after

22    discovering those 50 hard drives -- or whatever they were,

23    whatever number -- had actually no valuable information on them

24    whatsoever.  We closed our end down.  He was now with Larry

25    Klayman.  And let me -- let me back up a little.  I know it's a       15:34:12

1    little scattered.  I'm a little tired.

2         It was a calculated decision by the Maricopa County

3    Sheriff's Office that once we introduced Mr. Klayman, we would

4    lose control of this CI, because Mr. Klayman would take the

5    position as his attorney, and eventually we were going to                15:34:28

6    come -- become, you know, adversarial.

7         But it was a risk that we believed was worth it.

8    Because the big concern here was if this guy has the ability to

9    do what he is saying, if he is truly the individual that

10   created the hacking software -- not the harvesting, the hacking       15:34:45

11   software -- he truly would have ability to hack into any place

12   at will.  And we needed to get him, again, cooperatively to the

13   federal government.

14        We didn't have enough at that time to go to the FBI

15   and say:  Hey, guys, we got this.  What can we do?  There was          15:35:04

16   nothing.  There was nothing here.  It was so limited.

17        So that was the play was to try to get Mr. Montgomery

18   to cooperate, willingly turn over information.  He had

19   originally wanted to turn over I think it was 425 hard drives

20   to the Maricopa County Sheriff's Office.  I read in newspaper          15:35:26

21   articles where it was alleged we were buying information from

22   Montgomery.  That's not true.  Montgomery wanted to surrender

23   that information to us.  The information wasn't even usable in

24   the form it was; it's in this packet configuration and had to

25   be processed.                                                          15:35:45

1        So we weren't buying or utilizing Montgomery, quote,

2    for information that he was already giving us; we were

3    utilizing him for the processing of that information so it

4    could be in a readable form.  Much like on some of the small

5    amount of records on the little thumb drive I think you guys          15:36:02

6    have where you see the calls, the telephones, to, from, name,

7    address.  That's the way that we wanted to get this

8    information.  E-mails, from our understanding, could be

9    reconstructed to basically contain almost the complete e-mail.

10        Just to jump ahead for you so you understand the          15:36:19

11    mindset that was here, I located the NSA people that actually

12    built the harvesting software.  And what had happened was I was

13    out of this --

14   Q.  And who were they?

15   A.  That's Kurt Wiebe, Thomas Drake.  Thomas Drake I think was          15:36:42

16    prosecuted.  William Binney.  I was out of this from

17    February -- I want to say February 12th, I don't remember, to

18    just about the end of June, with one little spurt -- excuse me.

19    I think the end of July, with one little spurt --

20   Q.  That's 2014.          15:37:04

21   A.  Yeah, this is all '14.  So I was just monitoring

22    Montgomery, feeding information to the detectives and whatever

23    he was crying to me about during that time.

24        When I got back in, we did have a meeting with the

25    sheriff and the chief deputy, and I thought we needed to do          15:37:22

1    everything we could to try to corroborate the information that

2    Montgomery was giving us.  And part of that did include those

3    hard drives.

4         I sat down on a Sunday, I want to say it was September

5    20th or 21st, a Sunday afternoon.  I had a thumb drive that had     15:37:38

6    Mr. Montgomery's free talk on it with the AG's office.  I had

7    time lines that he had created.  We requested him to create

8    time lines of his CIA activity and his employment stuff,

9    because it was just so much.  There's no way for us to really

10   do it.                                                             15:38:01

11        I was looking at those, and I was looking at

12   especially his work flow, and it was starting to become

13   apparent to me that this guy was taking credit for building the

14   computer that did all the harvesting, but there was nothing in

15   there indicating he was the one that actually built the            15:38:22

16   harvesting program.  He does show that he built this program

17   that's -- that's apparently called the Medusa that I believe is

18   the breaching component to what's being -- or was utilized when

19   he was working for the government.

20        So in doing that, I just started to try to research,         15:38:39

21   you know -- well, let me back up.  I was listening to his free

22   talk, and he made one passing comment.  It said that there were

23   other whistle-blowers in 2002 but nothing came of it.  When he

24   said that, and I'm looking at the time line, something didn't

25   sit right with what he was doing and another whistle-blower.       15:39:08

1    He never told us about any other whistle-blower.

2          Subsequently, I do all these Google searches and I end

3    up finding Mr. Binney, I believe, was first one, Kurt Wiebe was

4    the second, and then Thomas Drake ultimately from there.

5    Q.  What is Mr. Binney's first name?                          15:39:26

6    A.  William.  These gentlemen, I believe, are all three ex-NSA

7    employees.  They actually did build the software that collected

8    bulk data.  I believe it was called Thin Thread.  It had a

9    Fourth Amendment protection in it.  In other words, the bulk

10   collection was all encrypted, and it would require then a FISA   15:39:49

11   court order to unencrypt it, and then they could access as much

12   information as they wanted to.

13         So I believe -- I believe that very evening I called

14   Detective Mackiewicz and I talked to Chief Sheridan on the

15   phone and I was trying to explain this to them.  I said:  We     15:40:09

16   need to get together and decide if we're going to do something

17   with this.  I believe the next morning we're -- myself,

18   Detective Mackiewicz, chief deputy, and the sheriff are in his

19   office, and I'm explaining to him what I found and what I think

20   we can do here.                                                 15:40:29

21         I did tell the sheriff that -- I wanted to brace him,

22   and I said:  Sheriff, I just want you to understand that this

23   could really blow up and this stuff could be nothing but

24   garbage, and we've wasted a lot of time if that's the case.

25   And the sheriff said:  You gotta do what you gotta do.  That's   15:40:46

1  when we got the order from the chief deputy that if there was

2  anything on these drives, that we needed to go right to the FBI

3  if we did locate them.

4  Q.  And when was that meeting that you just referenced?

5  A.  That had to be September, September 20 something.                15:41:00

6  Q.  Of 2014?

7  A.  Of '14.  Yeah, 'cause if this thing ended in October it

8  had to -- it was right around -- couple weeks right before that

9  ended.  Flew back out to Seattle -- no, excuse me, flew back

10 out to Washington, D.C., with Detective Mackiewicz.  We had      15:41:22

11 contacted I believe it was Kurt Binney, and they did agree to

12 meet with us.

13        Detective Mackiewicz and I met with them.  We told

14 them what we had, what we were working on, and we asked them,

15 said:  We don't want you to do anything that you don't want to     15:41:38

16 do, but we have this guy representing A, B, C, D, E.  We don't

17 know if we have anything on these drives.  We don't know if

18 there is really anything worth anything on these drives.  We've

19 just gotten through a year of basically him producing

20 information that had no variable origin whatsoever.  They         15:41:53

21 agreed to take a look at it.

22        My mind's a little fuzzy.  I don't know if we went

23 then or we flew back; I don't remember exactly how that

24 transpired.  But ultimately, detec- -- well, we had to come

25 back, because ultimately Detective Mackiewicz and I had to       15:42:11

1   transport 50 hard drives, and not have them leave our sight

2   because they were evidence, from the Sheriff's Office to

3   Seattle -- excuse me, to Washington.  I think we went back to

4   Seattle and then back to the Sheriff's Office.  I think that's

5   how we did it.                                        15:42:32

6         We took those hard drives.  The following morning

7   after our arrival we met with Mr. Binney, Mr. Drake, at the

8   airport coffee shop.  I think it was in Maryland.  And

9   ultimately we ended up at Mr. Wiebe's home and we started

10  plugging in the hard drives.                          15:42:56

11        Detective Mackiewicz, the night before, ate something

12  and had food poisoning.  He was really, really ill.  So he was

13  pretty much curled up on the couch kind of one-eyeing

14  everything that was going on.

15        And I opened up the box.  We took the drive.  I stood   15:43:10

16  there as we plugged every drive in, so these drives are never

17  out of our control.  And it didn't take them long to start

18  saying:  This is nonsense.  There's no origin.  There's no

19  nothing here.  You don't know what any of this is.  None of

20  this is worth anything.  And ultimately, that's how every      15:43:25

21  drive, it was determined there wasn't anything of any value on

22  the drive.

23  Q.  Are you finished with your answer?

24  A.  Well, I might as well just tell you the whole story so you

25  could just slay me later with it.                     15:43:41

1   Q.  I'm interested in the facts, Mr. Zullo.

2   A.  Well, it's the -- it's facts.  My memory's just kind of

3   getting a little clearer right here.

4            Prior we did -- we did go to Seattle first to see

5   Mr. Montgomery.  We had a meeting scheduled to go see                15:43:57

6   Mr. Binney.  Detective Mackiewicz and I used to take

7   Mr. Montgomery to a Mexican restaurant.  And we took him that

8   day, and he was, you know, in pretty bad shape.  He was

9   paralyzed almost on one side.  And we were sitting there, and I

10  was diagonally across from Mr. Montgomery, and he didn't know       15:44:25

11  anything about us locating the former NSA employees.

12           So as we were eating, I had told Brian before we went

13  in:  I want to spring this on him and see his reaction and see

14  what he does.  So as we're having lunch, again,

15  Detective Mackiewicz is directly across him but I'm diagonal,        15:44:43

16  and I tell him, I said:  Dennis, I think I have a great idea.

17  I think we could enlist the help of William Binney, yada, yada.

18  I told him who all these people were.  They've agreed to help

19  us.  I said:  I think what we could do is we can take you with

20  us to Maryland and we can open up these drives.  And once these     15:45:06

21  drives, anything on these drives point to what you're saying,

22  we're going to have a golden ticket in getting a judge to put

23  us in the right direction of where we have to go.

24           He nods yes, but I can see from the bottom of his

25  neck, the top of his ears to his temples, it goes cherry red.       15:45:24

1    And I know this guy is dying now that I did this.  I know he

2    was nervous about this.  As we were leaving the restaurant, we

3    dropped him off.

4         Once we dropped him off in the car, I said to

5    Detective Mackiewicz, I go:  Did you see that?  He goes:  I          15:45:44

6    couldn't see anything.  I just saw his face.  I described to

7    him what I saw, and I said:  Brian, he's going to pull a

8    diversion.  He's going to do anything he can to get out of

9    going with us to open up those drives.  Like clockwork, all of

10   a sudden:  My doctor won't let me go.  Or I'm too sick.  I          15:46:01

11   can't go.

12        Jumping ahead, once we open up the drives and realized

13   they were nothing -- there was nothing there, I got on the

14   phone with Mr. Montgomery and I made one statement to him.  I

15   said:  Dennis, today is a very, very bad day for you.  And his     15:46:18

16   reply to me was:  Can we work this out?

17        Now I knew that he had intentionally given the

18   Sheriff's Office 60 worthless drives.  There was just nothing

19   of value on those things.  Made it very difficult for us to do

20   anything with this guy.  Even though he's maintaining he has       15:46:42

21   all this information and he can prove it and he can prove it,

22   there was no real -- nowhere else for us to really go, except

23   the fact that he's got people's identities, and he's got a lot

24   of them.

25        You have to understand, sir, when we walked into this,        15:46:58

1  we don't know what we're dealing with, we don't know who he is.

2  Q.  How did you know that he had any identification information

3  at all if the information he had given you was worthless?

4  A.  I'm glad you ask.  When I was out of this, there were three

5  phone conversations I had with Detective Mackiewicz.  He had          15:47:14

6  called me up and he said:  Hey, I want to let you know, I did a

7  sampling of the identity information with the Social Security

8  numbers, and they're 100 percent accurate.  Now, I don't know

9  how large the sampling was.

10         I had another telephone call from Detective                   15:47:31

11  Mackiewicz, and he was working with some -- I think it was

12  banking or investment information that Montgomery had given

13  him.  And he called me up, he said:  Hey, you're not going to

14  believe this.  He goes:  I'm going through some of these

15  banking things, and these things are -- they're older.  So it's    15:47:51

16  very difficult to go back with people and ask:  Is this your

17  account, or whatnot?  He said:  I ran across three people in

18  Seattle that invested in a movie production.  The movie was

19  called Lord of the Protector, or something like that.  And he

20  said:  And there's a couple people in Arizona that had made the    15:48:11

21  same investment.  And this is in Dennis's database.

22         And I'm like:  Well, Brian, what does -- you know,

23  what does it really mean?  Aside from, okay, he's got some

24  things, but he doesn't have it the way he represented it to us.

25         And then there was another real interesting call.            15:48:29

1    Apparently, Detective Mackiewicz had information given to him

2    by Montgomery, and I -- I've never seen it.  I understand that

3    he went to see an executive at Microsoft, that Montgomery

4    had -- I'm assuming it's in a list of other things -- provided

5    him this individual's banking information.  And Detective        15:48:53

6    Mackiewicz made an appointment, went to see this executive.

7            Again, the information was older, but I believe the

8    way it -- it ran was the executive told him it's quite possible

9    that was his account.  It was a business account.  He said it

10   was quite possible he had that money, and I believe it was over  15:49:14

11   a million dollars.

12           But then Brian showed him his own password, and that

13   executive got extremely, extremely agitated and told Brian:

14   How did you get this?  Nobody could get this.  This thing is so

15   encrypted, nobody can get this.  How did you get this?          15:49:36

16           And that was something else that came back that

17   Montgomery said he had, people's passwords, and here was a very

18   encrypted password where somebody that obviously knows computer

19   stuff working for Microsoft truly believed that that password

20   was impenetrable.  And that was in some of the information.      15:49:55

21   Q.  Well, can you bring us to the end of the story as far as

22   Mr. Montgomery's concerned?  You mentioned that he had been

23   working or ended up working with the FBI?

24   A.  Yes.

25   Q.  How did he get there?                                        15:50:07

1   A.  My understanding is in August of this year, Mr. Montgomery,

2   through the assistance of his now-attorney, Mr. Klayman, had a

3   meeting with the FBI, and the FBI and DOJ have given

4   Mr. Montgomery, I don't know what it is, production immunity, I

5   don't know what that is, and he has turned over over 600          15:50:30

6   million records under the very same scenario that he told us

7   how he acquired them.  That's my understanding.

8   Q.  Okay.  All right.  Well, let's -- thank you very much,

9   Mr. Zullo.

10  A.  You take a lot of my time, so I'm going to take a little of  15:50:53

11  yours.

12  Q.  No, I appreciate it, but I realize it's probably going to

13  be not as exciting, but I'm going to ask you to look at

14  Exhibit 2971.

15  A.  Yeah.                                                        15:51:04

16  Q.  That's an e-mail string that consists of e-mails between

17  you and Mr. Montgomery dated January 25 and 26, 2015, correct?

18  A.  Yes, sir.

19          MR. YOUNG:  I move for the admission of 2971.

20          MR. MASTERSON:  Objection, relevance, 403.              15:51:40

21          THE COURT:  Overruled.  Exhibit 2971 is admitted.

22          (Exhibit No. 2971 is admitted into evidence.)

23  BY MR. YOUNG:

24  Q.  Next is Exhibit 2271.  That's a February 2, 2015 e-mail

25  exchange between you and Mr. Montgomery, correct?                15:51:54

1    A.  Yes, sir.

2            MR. YOUNG:  I move for the admission of Exhibit 2271.

3            MR. MASTERSON:  Objection, relevance, hearsay.

4            Oh, excuse me.  Withdraw hearsay.  Relevance, 403.

5            THE COURT:  Overruled.  The exhibit, Exhibit 2271, is     15:52:17

6    admitted.

7            (Exhibit No. 2271 is admitted into evidence.)

8    BY MR. YOUNG:

9    Q.  So if you look at the e-mail on 288, which is the

10   second-to-last page of the exhibit, Mr. Montgomery refers to a     15:52:31

11   data mining data for Arpaio.

12           Do you see that?

13   A.  Yes, sir.

14   Q.  What was that about?

15   A.  Data mining is a term Mr. Montgomery uses.  In the     15:52:44

16   representations to us, Mr. Montgomery had indicated that he

17   believed that Sheriff Arpaio's, and the Maricopa County

18   Sheriff's Office bank of phones, were illegally wiretapped.

19           He also told us that he believed he had voice packets

20   contained in that data.  And data mining was him trying to go     15:53:10

21   through the data to retrieve those voice packets.  He had told

22   the sheriff that he could hear his own voice if he recovered

23   these.  And that was something that was, I think, important to

24   the sheriff, because it was something the sheriff could get his

25   arms around.  The technology of this thing is so advanced, I     15:53:31

1    don't -- I don't understand it; I'm sure the sheriff doesn't.

2    That's the data mining that he was referring to.

3           I did confirm with Mr. Wiebe that, in fact, packets do

4    look and appear different if they are audio.  So there was

5    some -- some indication that Montgomery was being, you know,                    15:53:51

6    truthful with us about having different looking packets.

7    That's what he said.

8    Q.  Now, I want to go back, actually, to the -- the discussion

9    that you had with Judge Lamberth.  You mentioned that the

10   flowcharts were part of the meeting with Judge Lamberth.                        15:54:07

11          Are those the flowcharts that mention Judge Snow and

12   the Department of Justice and Covington & Burling and Jon Kyle?

13   A.  Yes, sir.  Those charts were created by Mr. Montgomery.

14   Q.  Okay.  Did you ever at any time learn of any information

15   that there was any truth or value in those charts?                             15:54:26

16   A.  No, we never did anything with it.  We were told, once we

17   produced those and we sat in the office with the chief deputy,

18   not to go near it.  We didn't look at it again.

19   Q.  Okay.

20   A.  He would send it, he would try to update it, and he would                  15:54:39

21   send them, but they just, you know, were just another piece of

22   information he was sending.

23   Q.  Are you still of the view that those are things that

24   Mr. Montgomery just made up?

25   A.  Sir, to be honest with you, I can't say that, 'cause we                    15:54:54

1   never looked into it; we never investigated it.

2   Q.  Well, we looked at an earlier e-mail where you told

3   Mr. Montgomery that he just made those things up.

4           Has anything changed in that view on your part?

5   A.  I don't have that e-mail in front of me, but what I think I     15:55:10

6   was referring to was the personal information, the sensitive

7   information that he told us he had on Judge Snow.  That was the

8   stuff.  I didn't care about that flowchart or those telephone

9   numbers.  I mean, what can you do with them?

10          But when he represented to us that he had that            15:55:27

11  information, I wasn't going to let that go.  You want to tell

12  us that you have this, you better be able to produce this.

13  Q.  Okay.  So you concluded at some point that the information

14  Mr. Montgomery said he had about Judge Snow's IRS and banking

15  information just was something that he'd made up, is that        15:55:43

16  right?

17  A.  I would at this point in time say that.  He never, ever

18  produced anything.

19  Q.  Okay.  When did you come to that conclusion?

20  A.  That conclusion was probably early on.  I didn't want to     15:55:56

21  take that off the table again for fear that he may -- might

22  have it.  You know, we just didn't know.

23          I can't tell you exactly when I came to that

24  conclusion.  I was not a proponent of just accepting things

25  from Mr. Montgomery.                                             15:56:20

1   Q.  What did you tell Sheriff Arpaio and/or Chief Sheridan

2   about your conclusion that the information that Mr. Montgomery

3   said he had about Judge Snow's IRS and banking information was

4   actually just made up?

5   A.  I don't have a recollection of when I would have done that.    15:56:37

6   I'm sure we had discussions about he doesn't have it.  I don't

7   know -- I don't know when that would have happened.

8            It had -- that had to have been -- you have to

9   understand, I was out for five months, so it had to be August,

10  September, October, I don't know.                                  15:57:07

11  Q.  Did you ever tell Sheriff Arpaio and/or Chief Sheridan

12  that, in fact, Mr. Montgomery was misleading you when he said

13  he had banking and IRS information?

14  A.  I wouldn't have used the word "misleading"; I would have

15  said he's never made -- he never produced it.  We don't think    15:57:22

16  he's got it.

17  Q.  Well, did you ever tell that to Sheriff Arpaio or Chief

18  Sheridan?

19  A.  I don't recall.  I may have, I don't recall.

20  Q.  When was the last time you spoke to either Sheriff Arpaio    15:57:33

21  or Chief Sheridan about any potential IRS or banking

22  information that Mr. Montgomery had pertaining to Judge Snow?

23  A.  Would have to be, I would assume, 214.

24  Q.  Approximately when?

25  A.  You know what, sir?  I don't -- I don't have an exact date,   15:57:57

1    I don't know.

2    Q.  What was their response, whenever it happened, to your

3    informing them that, in fact, Mr. Montgomery really did not

4    have any banking or IRS information relating to Judge Snow?

5    A.  I don't recall a specific response, because that                    15:58:16

6    information or that topic would have come up just during

7    general conversations about this.  It wasn't that we ran there

8    and said:  Oh, my God, Sheriff.  They don't have anything on

9    Judge Snow.  It wasn't like that.  He's never produced it.

10          The sheriff was very conscious of, you know:  He says         15:58:32

11   he has this and he doesn't give it to us.  He says he has this

12   and he doesn't give it to us.  The sheriff kind of would list

13   it in his mind.  But I don't recall any specific reaction to

14   him not having something.  It was kind of commonplace.

15   Q.  Can you tell me everything you can remember about any           15:58:50

16   discussion you had with Sheriff Arpaio or Chief Sheridan about

17   banking or IRS information relating to Judge Snow?

18   A.  That I told them that Mr. Montgomery had relayed to us that

19   he had Judge Snow.  Judge Snow was a victim in the database.

20   That he goes even beyond what normal victim, if you will, has       15:59:12

21   in there.  That he's one of many, but sporadic people, that it

22   indicates that they have harvested his IRS tax returns and his

23   banking information.  That would have been early on.  It had to

24   be before February, obviously.

25          In the course of things, I'm sure there was               15:59:36

1    discussions asking if he ever produced it, and I would just

2    keep telling them no.  You know, he's never produced it.  I

3    haven't stopped asking him for it but he's never produced it.

4    Just doesn't have it.

5    Q.  I think you said something to the effect that this was                15:59:48

6    an -- not -- beyond a normal victim.  Is that what you said?

7    A.  Yes.

8    Q.  What did you mean by that?

9    A.  Mr. Montgomery said not every person in that database had

10   IRS information taken.  You have in your possession a video,              16:00:03

11   short clips, that shows this machine running.  If you look at

12   the bottom, you'll see every -- and I don't know how many,

13   'cause it's happening so fast -- every once in a while you'll

14   see a dollar amount as far as IRS information.  And that's not

15   every one of these.  It could go for a little while and then              16:00:25

16   bang, you'll see one.

17          And it's -- what that's indicating, according to

18   Mr. Montgomery, is that's the information that was taken,

19   that's the dollar amount on a tax return or something to that

20   effect.  So it's not every specific person.                              16:00:40

21   Q.  Do you recall anything else that you discussed with either

22   Sheriff Arpaio or Chief Sheridan about any alleged banking or

23   IRS information that Mr. Montgomery said he had about

24   Judge Snow?

25   A.  No, there was -- there wasn't anything else.                         16:00:56

1          MR. YOUNG:  Excuse me, Your Honor.

2          (Pause in proceedings.)

3     BY MR. YOUNG:

4     Q.  Let's turn to Exhibit 2274.  That's an e-mail string

5     between you and Mr. Montgomery, correct, Mr. Zullo?                16:02:07

6     A.  Yes, Counsel.  Mr. Montgomery would monitor the news from

7     his residence in Seattle and send me the articles in these

8     little blurbs.  It's not me informing him; it's him informing

9     me.

10         MR. YOUNG:  I move for the admission of 2273 -- 74.          16:02:27

11         MR. MASTERSON:  Objection, relevance, 403.

12         THE COURT:  Overruled.  Exhibit 2274 is admitted.

13         (Exhibit No. 2274 is admitted into evidence.)

14    BY MR. YOUNG:

15    Q.  Let's look next to Exhibit 2278.  That's a March 31, 2015    16:02:42

16    e-mail exchange between you and Mr. Montgomery, correct?

17    A.  Yes, sir.

18         MR. YOUNG:  I move for the admission of Exhibit 2278.

19         MR. MASTERSON:  Objection, relevance, 403.

20         THE COURT:  Overruled.  Exhibit 2278 is admitted.          16:03:13

21         (Exhibit No. 2278 is admitted into evidence.)

22    BY MR. YOUNG:

23    Q.  Let's go next to Exhibit 2279.  That's an April 20, 2015

24    e-mail string involving you and Larry Klayman and Dennis

25    Montgomery, correct?                                             16:03:38

1    A.  Yes, sir.

2    Q.  And actually Brian Mackiewicz, further on down in the

3    string.

4            MR. YOUNG:  I move the admission of 2279.

5            MR. MASTERSON:  Objection, relevance, 403.                16:04:00

6            THE COURT:  Overruled.  Exhibit 2279 is admitted.

7            (Exhibit No. 2279 is admitted into evidence.)

8    BY MR. YOUNG:

9    Q.  Next is Exhibit 2972.  That's an e-mail exchange that you

10   had with Mr. Montgomery on May 22, 2015, correct?               16:04:24

11   A.  Yes, sir.

12           MR. YOUNG:  I move for the admission of 2972.

13           MR. MASTERSON:  Objection, relevance, 403.

14           THE COURT:  There are multiple pages to this exhibit?

15           MR. YOUNG:  Yes, Your Honor.  There are four pages to    16:04:52

16   it so far as I can tell.

17           THE COURT:  Overruled.  The exhibit is admitted.

18           (Exhibit No. 2972 is admitted into evidence.)

19   BY MR. YOUNG:

20   Q.  Now, you listened earlier, Mr. Zullo, to 2873B, which was   16:05:18

21   part of your discussion with Carl Gallups?

22   A.  Yes.

23   Q.  Do you recall that?

24   A.  Yes, sir.

25   Q.  That was you talking to Mr. Gallups?                        16:05:31

1   A.  Yes, sir, it was.

2   Q.  That was around July 15, 2015?

3   A.  I'll take your word for it; I don't know.

4   Q.  Actually, July 14.

5          MR. YOUNG:  Now, I move for the admission of 2873B.          16:05:41

6          MR. MASTERSON:  Objection, relevance, hearsay, 403.

7          THE COURT:  I'm not sure I remember the whole exhibit.

8   Hearsay involves what Mr. Gallup said?

9          MR. MASTERSON:  Yes, Judge.

10         THE COURT:  Okay.  I'm going to admit the exhibit, but   16:06:05

11  as it pertains to what Mr. Gallup said, I'm not going to admit

12  it for truth of the matter asserted.  I'm going to overrule the

13  other objection.

14         (Exhibit No. 2873B is admitted into evidence.)

15  BY MR. YOUNG:                                                   16:06:19

16  Q.  And then back to the photograph, 2982, Exhibit 2982.

17         Did you take that photograph, Mr. Zullo?

18  A.  Yeah, you have the metadata, came out of my phone.

19  Q.  And that was a photo with Sheriff Arpaio with

20  Mr. Montgomery at a hotel in Phoenix on December 9, 2013,       16:06:40

21  correct?

22  A.  Yes, sir.

23  Q.  Okay.

24         MR. YOUNG:  I move for the admission of Exhibit 2982.

25         MR. MASTERSON:  No objection.                            16:06:51

1              THE COURT:  2982 is admitted.

2              (Exhibit No. 2982 is admitted into evidence.)

3    BY MR. YOUNG:

4    Q.  Do you remember what hotel that was?

5    A.  The Carefree Conference Center.                    16:07:00

6    Q.  Now, we listened to a recording, and I'm going to refer to

7    Exhibit 2977.  It was about a 20-minute recording.

8              You recall we heard that this morning, Mr. Zullo?

9    A.  Yes, sir.

10   Q.  Okay.  That was a discussion involving mostly Mr. Blixseth.  16:07:18

11   The sheriff was there, Detective Mackiewicz was there, and you

12   were there, correct?

13   A.  Yes, sir.

14   Q.  Did you record that --

15   A.  Yes, sir.                                           16:07:32

16   Q.  -- meeting?

17             How did you record that meeting?

18   A.  Voice notes on an iPhone.

19   Q.  Did that meeting happen about October 18, 2013?

20   A.  Yeah, most likely.                                 16:07:43

21             MR. YOUNG:  Your Honor, I move for the admission of

22   Exhibit 2978.

23             Well, I'm first moving as to 2978, which is the

24   20-minute recording we heard the entirety of this morning.

25             THE COURT:  That's exhibit what?             16:08:12

1           MR. YOUNG:  2978.

2           THE COURT:  All right.

3           MR. MASTERSON:  That's the entire one we heard?  Is

4    that what you said?

5           MR. YOUNG:  Yeah, it's the 20-minute one we heard just    16:08:22

6    before the lunch break this morning.

7           MR. MASTERSON:  No objection.

8           THE COURT:  Exhibit 2978 is admitted.

9           (Exhibit No. 2978 is admitted into evidence.)

10   BY MR. YOUNG:                                                   16:08:37

11   Q.   Now, I'm going to ask you to listen to the next recording,

12   which is Exhibit 2977.  It -- actually, were you only in one

13   meeting involving both Mr. Blixseth and Sheriff Arpaio?

14   A.   Yes, sir.

15   Q.   Okay.  So if there were two recordings, and we're about to    16:08:58

16   listen to the second one --

17   A.   It's all the same.  That would all be the same.

18          MR. YOUNG:  All right.  Now, this meeting, this

19   recording actually goes on for about an hour, Your Honor, and

20   what I propose to do is to play almost all of it.  There are a    16:09:13

21   couple of portions where it seems that they're fixing the

22   computer machinery and we don't need to listen to those.  And

23   those are at about 13 minutes to 15 minutes and 40 seconds, and

24   then again at 16 minutes and 33 seconds to about 18 minutes.

25          So I'm going to ask Mr. Klein to play the recording,       16:09:40

 1    except for those portions.  Is that acceptable?

 2              MR. MASTERSON:  Sure.

 3              THE COURT:  Okay.  That will probably take us to the

 4    end of the day.

 5              MR. YOUNG:  Yes, Your Honor.                          16:09:56

 6              THE COURT:  Okay.

 7              MR. YOUNG:  Well, maybe what I'll do is I'll play a

 8    little bit and ask Mr. Zullo to identify it, have it admitted,

 9    and then there may be certain sections that I'll direct us to.

10    Maybe that will have a better chance of getting us to the end   16:10:17

11    of the day, because I do have some questions along the way.

12              So Mr. Klein, could you start playing 2977.

13              (Audio clip played.)

14              (Audio clip stopped.)

15    BY MR. YOUNG:                                                  16:10:57

16    Q.  The first voice that we just heard, Mr. Zullo, is Timothy

17    Blixseth, correct?

18    A.  Yes, sir.

19    Q.  He's talking about the fruit of the poisonous tree, and

20    what happens if the feds indict Mr. Montgomery, right?         16:11:05

21    A.  Yes, sir.

22    Q.  And then the second voice we hear, "Don't count on

23    Arizona," that's Sheriff Arpaio.

24    A.  Yes, sir.

25              MR. YOUNG:  Let's keep going.                        16:11:14

1              (Audio clip played.)

2              (Audio clip stopped.)

3    BY MR. YOUNG:

4    Q.  Now we've got someone asking Mr. Blixseth what he does for

5    a living to make all his money.  That's Detective Mackiewicz,          16:12:02

6    correct?

7    A.  Yes, sir.

8              (Audio clip played.)

9              (Audio clip stopped.)

10   BY MR. YOUNG:                                                          16:12:28

11   Q.  Is this the beginning of a recording that you made of a --

12   actually, another portion of the meeting on October 18, 2013,

13   among Sheriff Arpaio, Timothy Blixseth, yourself, and

14   Detective Mackiewicz?

15   A.  I would assume it's all the same meeting, sir, yes.                16:12:43

16        MR. YOUNG:  Your Honor, I move for the admission of

17   Exhibit 2977.

18        MR. MASTERSON:  Objection, relevance, 403, hearsay.

19        THE COURT:  I'm going to overrule the objections with

20   the understanding that as it pertains to anything said by              16:13:06

21   Mr. Blixseth, it's not being admitted for the truth of the

22   matter asserted.

23        MR. MASTERSON:  I'd also like to reserve -- if we're

24   going to listen to the whole thing, then, I may make additional

25   objections as we go, but --                                           16:13:19

1        THE COURT:  That's perfectly fine.

2        MR. MASTERSON:  If we don't listen to parts, then I'll

3  reserve objections as to those parts.

4        THE COURT:  All right.

5        MR. YOUNG:  So in the interest of trying to pick the      16:13:30

6  most interesting parts of this recording, I'm going to ask

7  Mr. Klein to play Exhibit 2977 starting at about 6 minutes and

8  44 seconds.

9        MR. MASTERSON:  I'm sorry, Counsel.  I'm sorry to

10  interrupt.                                                     16:13:46

11        Judge, a question, please.

12        THE COURT:  Sure.

13        MR. MASTERSON:  I just said I was going to object, but

14  that would probably really slow things down if I start to

15  object every time maybe some other person --                  16:13:55

16        THE COURT:  Can you make a notation?

17        MR. MASTERSON:  Yeah, and then can I maybe just raise

18  them tomorrow or whenever?

19        THE COURT:  Yes, you can.  And to the extent you want

20  to stop it -- I mean to the extent you want a cognizable ruling  16:14:06

21  on what is hearsay and what I'm going to consider for the truth

22  of the matter asserted and what I'm not, Mr. Young, you might

23  stop the recording and ask who's speaking so I can know.

24        MR. MASTERSON:  And if there's something glaring I

25  need to raise right then, I will do that, too.                16:14:23

1        THE COURT:  All right.  Thank you.

2        MR. YOUNG:  So let's play a little bit starting at 6

3   minutes and 44 seconds.

4        (Audio clip played.)

5        (Audio clip stopped.)                              16:15:42

6   BY MR. YOUNG:

7   Q.  Mr. Zullo, there was a link between these two things, what

8   Mr. Blixseth was bringing to the MCSO with respect to

9   Mr. Montgomery, and the birth certificate investigation the

10  sheriff was just talking about on this recording, in the sense  16:15:59

11  that the initial contact with Mr. Blixseth, at least in part,

12  derived from the birth certificate investigation, is that

13  correct?

14  A.  Yeah, but it was also more than that, sir.

15  Q.  And in what way?                                     16:16:11

16  A.  I was contacted by Mr. Blixseth prior to this meeting that

17  he had this type of information regarding residents of Maricopa

18  County.  And he had indicated, too, that this former contractor

19  for the CIA may have some information, too, as far as the birth

20  certificate was concerned.                              16:16:32

21  Q.  Okay.  And you later did work with Mr. Montgomery on the

22  birth certificate issue, correct?

23  A.  Yes.

24  Q.  Are you still working with him on that issue?

25  A.  No, sir.                                            16:16:41

1  Q.  Now, there's been a mention of Fox and Carl Cameron.  That

2  was someone, Carl Cameron, who was looking into the story

3  involving Mr. Montgomery, correct?

4  A.  Yes, sir.

5  Q.  He never did run a piece on this issue, is that right?          16:16:59

6  A.  No, sir.

7  Q.  In fact, you heard from him that he actually did not

8  believe Mr. Montgomery's story and, therefore, he was dropping

9  the idea of running the story on this issue, is that right?

10         MR. MASTERSON:  Objection, foundation, hearsay.             16:17:19

11         THE COURT:  I'm going to overrule the foundation, but

12  sustain the hearsay.

13         MR. YOUNG:  All right.  Let's start playing at about

14  15 minutes and 40 seconds.

15         (Audio clip played.)                                        16:18:10

16         (Audio clip stopped.)

17  BY MR. YOUNG:

18  Q.  So that's Mr. Blixseth telling Sheriff Arpaio that he's got

19  a fraud case with this information involving these 900 million

20  records, is that right?                                            16:19:15

21         MR. MASTERSON:  Objection, hearsay.

22         MR. YOUNG:  Not for the truth of the matter asserted.

23         THE COURT:  All right.  I'm going to overrule the

24  objection and not consider it for the truth of the matter.

25         THE WITNESS:  Yeah, pretty much appears that's what         16:19:26

1    he's saying.

2              THE COURT:  For what it's worth, I don't think I'm

3    going to consider what Mr. Blixseth says for the truth of the

4    matter unless there's some reason why -- Mr. Young establishes

5    why I should, but merely to provide context or whatever else.          16:19:45

6              Are you going to try and establish some sort of agency

7    relationship between the MCSO and Mr. Blixseth?

8              MR. YOUNG:  No, Your Honor.

9              THE COURT:  Okay.

10             MR. YOUNG:  Let's start again at 2745, and we're going       16:20:13

11   to let it run for a few minutes to about 30 minutes and 21

12   seconds.  So 2745.

13             (Audio clip played.)

14             (Audio clip stopped.)

15   BY MR. YOUNG:                                                           16:20:52

16   Q.  Okay.  Mr. Zullo, that's you saying that Trump's name is

17   all over this, is that correct?

18   A.  Yes, sir.

19             MR. YOUNG:  Actually, back up a little bit and keep

20   going.                                                                  16:21:04

21             (Audio clip played.)

22             (Audio clip stopped.)

23   BY MR. YOUNG:

24   Q.  Okay.  That's Sheriff Arpaio asking Timothy Blixseth about

25   whether he's got any advice from lawyers about the propriety of         16:23:00

1   what's being proposed, is that right?

2           MR. MASTERSON:  Objection, foundation.

3           THE COURT:  Overruled.

4           THE WITNESS:  I don't know what that really was.  A

5   lot of times the sheriff kind of breaks out into some kind of          16:23:10

6   levity.  I don't know if he was serious.  I don't know what

7   that was about.

8   BY MR. YOUNG:

9   Q.  Well, would you agree with me that it was Sheriff Arpaio's

10  voice who said, quote:  Are you getting advice from lawyers,          16:23:22

11  end quote?  That was Sheriff Arpaio.

12  A.  That was Sheriff Arpaio, yes.

13          MR. YOUNG:  Let's back up a little bit and keep going.

14          (Audio clip played.)

15          (Audio clip stopped.)          16:24:12

16          MR. MASTERSON:  Excuse me.  Let me interrupt.

17          I'm not sure it matters, because I think the Court

18  said it's not considering for the truth of the matter asserted,

19  but I want to throw in a foundational objection to what sounds

20  like legal opinions from a couple different folks.          16:24:25

21          THE COURT:  Yeah, I'm not going to -- I like my own

22  versions of the law.  Sometimes I'll listen to yours as well,

23  and sometimes to the plaintiffs', but I don't think there's any

24  foundation for legal opinions, and I'm not going to give them

25  any credence.          16:24:43

1   BY MR. YOUNG:

2   Q.  Well, before we pick up, we've now heard twice someone say

3   that the information from Mr. Montgomery apparently was

4   obtained through illegal means.

5           Now, that was Detective Mackiewicz, correct?                16:24:59

6           MR. MASTERSON:  Judge, that's one of the objections as

7   well, to the foundation of whether there's anything illegal

8   about --

9           THE COURT:  All I really want to know is if he can

10  identify who said it.                                              16:25:09

11          MR. YOUNG:  That's the question.

12          THE WITNESS:  Am I just answering, Judge, on who said

13  it --

14          THE COURT:  Yes.

15          THE WITNESS:  -- 'cause --                                 16:25:18

16          THE COURT:  Yes.

17          THE WITNESS:  That was Detective Mackiewicz.

18          MR. YOUNG:  Okay.  Let's continue from where we

19  stopped.

20          (Audio clip played.)                                      16:25:32

21          (Audio clip stopped.)

22  BY MR. YOUNG:

23  Q.  The sheriff just referred to the DOJ lawsuit, correct?  In

24  the segment that we just heard, relating to Carlotta Wells of

25  the Civil Division of the Department of Justice?                   16:27:26

1  A.  I don't believe that had to do with anything here.  I think

2  that had to do with Mr. Montgomery's legal woes with the DOJ

3  and Carlotta Wells.  I don't believe that had any inference to

4  what was going on.

5  Q.  Well, why don't we listen again, because I think -- and          16:27:39

6  it's my question to you -- it's the sheriff who says, quote:  I

7  think she was involved in our DOJ investigation.  And then she

8  divorced herself, and the other guy is now something, and I --

9  there's another question, I guess, we can listen to it again,

10 but I think there's a mention of Thomas Perez, who was the head   16:28:00

11 of the Civil Rights Division of the Justice Department.

12        So can we go back to 2934 and play that next minute or

13 so again?

14        (Audio clip played.)

15        (Audio clip stopped.)                                        16:28:29

16 BY MR. YOUNG:

17 Q.  So did you hear the reference there to the DOJ

18 investigation by Sheriff Arpaio?

19 A.  I heard reference to a DOJ investigation.  I don't know

20 which one he's talking about.                                       16:29:17

21 Q.  Okay.  Well, did you hear Sheriff Arpaio say, "Well,

22 Carlotta was my gal for a while," at the very end?

23 A.  Yes, I did.

24 Q.  Now let's go to 33 minutes, and we're going to go for about

25 three minutes to about 36 minutes.                                  16:29:40

1          (Audio clip played.)

2          (Audio clip stopped.)

3    BY MR. YOUNG:

4    Q.  So during the discussion that Mr. Blixseth had with you and

5    Detective Mackiewicz and Sheriff Arpaio, you heard Mr. Blixseth          16:32:54

6    say that -- and again, this is not for the truth of the matter

7    asserted -- but you heard him say that Dennis Montgomery had

8    hacked into the e-mails of Lanny Breuer and Eric Holder at the

9    Department of Justice, correct?

10   A.  Yes, that's what he says on that audiotape.                          16:33:12

11          MR. YOUNG:  Now let's keep going from that same point.

12          (Audio clip played.)

13          (Audio clip stopped.)

14   BY MR. YOUNG:

15   Q.  So there's some discussion among Sheriff Arpaio,                     16:36:30

16   Mr. Blixseth, and Detective Mackiewicz about what to do with

17   this information if the Sheriff's Office didn't want to handle

18   it, right?

19   A.  Yes.

20   Q.  And there are several suggestions: the feds, the attorney           16:36:44

21   general, Senator McCain, and those are shot down by the

22   sheriff, correct?

23   A.  I don't believe I agree with your characterization that

24   they're shot down by the sheriff.  As a matter of fact, the

25   sheriff was one that was always saying:  This has to go to the          16:37:04

1   feds.

2   Q.  And then at the end of the segment we just heard,

3   Detective Mackiewicz is again saying that, "Well, they're going

4   to say that Montgomery stole the information."

5           Did you hear that?                                    16:37:21

6   A.  I heard that.  I don't know the context that you're

7   describing it to me, but I did hear him say that, yeah.

8           MR. YOUNG:  Actually, I have another segment to play

9   that's a little farther back.  Starting at page -- actually,

10  it's 19 minutes and 30 seconds.  Could we go back to that?     16:37:45

11          (Pause in proceedings.)

12          MR. YOUNG:  How about 19 minutes and 13 seconds.

13          (Audio clip played.)

14          (Audio clip stopped.)

15  BY MR. YOUNG:                                                  16:38:41

16  Q.  Okay.  Sheriff Arpaio said during that meeting to all of

17  you who were at the MCSO that he wanted to keep this very

18  quiet, is that right?

19  A.  Yes, sir, but you have to understand the context of what

20  that meant.                                                    16:38:55

21  Q.  Well, what did that -- what was the context of what that

22  meant?

23  A.  Well, it was no secret to Maricopa County Sheriff's

24  higher-ups that we had a leak in our agency, and this kind of

25  information I don't think it was something the sheriff wanted   16:39:08

1  paraded around that we were working that way.  Ultimately,

2  that's how you found out about it.

3          MR. YOUNG:  All right.  So I want to go now to

4  Exhibit 2980.  And let's start off with the beginning of that.

5          (Audio clip played.)                              16:40:05

6          (Audio clip stopped.)

7  BY MR. YOUNG:

8  Q.  Mr. Zullo, that's a recording of a call that you made to

9  Mr. Montgomery, correct?

10 A.  Correct.                                               16:40:50

11 Q.  How did you make that recording?

12 A.  I don't know if I remember how I made it.  I don't -- I

13 don't remember.

14         MR. YOUNG:  Your Honor, I move to admit Exhibit 2980.

15         MR. MASTERSON:  Objection, relevance, hearsay, 403.   16:41:12

16         THE COURT:  What's the hearsay?

17         MR. MASTERSON:  I'm not arguing, but I disagree with

18 the Court's 801(d)(2), I think, decision --

19         THE COURT:  You're just preserving the objection?

20         MR. MASTERSON:  Correct.                           16:41:35

21         THE COURT:  Okay.  Overruled.  Exhibit 2980 is

22 admitted.

23         (Exhibit No. 2980 is admitted into evidence.)

24         MR. YOUNG:  Your Honor, I'm going to play the entirety

25 of that exhibit.  It's about 10 minutes long.  And I'll ask   16:41:46

1    Mr. Klein to start off from the point that we left off.

2              (Audio clip played.)

3              (Audio clip stopped.)

4    BY MR. YOUNG:

5    Q.  You're asking Mr. Montgomery about Sergeant Anglin, is that          16:46:48

6    right?  At this point was someone showing up late?

7    A.  Yes, Counsel, but let me -- before you go on with this,

8    it's not uncommon for Mr. Montgomery to spin up tales.  It's

9    not uncommon.  So in order to understand the context of what

10   he's saying later on, none of this bore any truth.          16:47:07

11             But it was getting to a place where you will see in

12   e-mails where he makes outlandish accusations when he gets

13   backed into a corner.  Obviously, he was mad at these people.

14   He was mad at these detectives.  I don't know why, 'cause I

15   wasn't there, but it's not unusual for him to take an element          16:47:27

16   of truth and spin a lot of nonsense around it.

17   Q.  Approximately when did this conversation that we're

18   listening to take place?

19   A.  I don't know.  You'll have to look on whenever that

20   recording was created, whatever date.          16:47:39

21   Q.  Well, it was during the time that Sergeant Anglin was

22   working on this matter, is that correct?

23   A.  He would have to be, yeah.

24   Q.  Okay.  So sometime in the first five months of 2014?

25   A.  It would have to be after February, 'cause I wasn't there.          16:47:52

1   Q.  Okay.  So assuming that Sergeant Anglin stopped working on

2   it in May, sometime approximately in the February to May

3   time frame 2014?

4   A.  No, I'm sorry.  No, I think it would actually have to be a

5   little after that, 'cause I was up there in April.  I don't          16:48:14

6   know, March, April, May, I don't know.

7           MR. YOUNG:  All right.  Let's keep playing.

8           (Audio clip played.)

9           (Audio clip stopped.)

10          MR. MASTERSON:  Objection, foundation.                        16:52:52

11          THE COURT:  Well, I believe he said "I don't know."

12   That's the last thing I heard, wasn't it?

13          MR. MASTERSON:  You're right.  I just was making my

14   objection when he said that, but the question --

15          THE COURT:  All right.  Well, I --                           16:53:36

16          MR. MASTERSON:  -- was:  Why did someone else do

17   something?

18          THE COURT:  Yeah.  And he said, "I don't know," and

19   that's the last thing I heard, and so I'm not sure that there's

20   any foundational objection to be made to the answer if the          16:53:47

21   witness answered -- or if Mr. Montgomery answered, I don't

22   know.

23          MR. MASTERSON:  I think you're right.  I just started

24   my objection before I heard the "I don't know" part.

25          THE COURT:  All right.                                       16:53:57

1     MR. YOUNG:  Can we back up a little bit and then start

2     playing and perhaps play to the end?

3          THE COURT:  Sure.

4          MR. YOUNG:  Not too far, just a second or two, if you

5     can do that, Mr. Klein.                                    16:54:07

6          (Audio clip played.)

7          (Audio clip stopped.)

8          MR. MASTERSON:  Judge, I think he says "I don't know,"

9     and then he says "I guess" and then gives some speculation.

10         THE COURT:  And then he speculates.                    16:54:30

11         MR. MASTERSON:  Yes.

12         THE COURT:  I'll treat it as speculation.

13         MR. YOUNG:  Well, as long as we're paused on this

14    point, may I ask the witness a question?

15         THE COURT:  You may.                                   16:54:42

16    BY MR. YOUNG:

17    Q.  There's some discussion there about Chief Sheridan,

18    Mr. Zullo.  Did you hear that?

19    A.  Yes, I did.

20    Q.  And then you were talking -- you were asking Mr. Montgomery  16:54:49

21    about something that somebody told, perhaps told Mr. Montgomery

22    that Sheridan said to do, and then you asked:  That doesn't

23    mean Sheridan knew.

24         What was that all about?

25    A.  It wasn't uncommon when we were up there to make          16:55:09

1    representations to Mr. Montgomery that the sheriff wanted

2    something, or the chief deputy wanted something, or the chief

3    deputy wasn't happy, and they would have no knowledge that we

4    were doing that.  We would do that as some type of leverage.

5          When Mr. Montgomery made the assertion to me that the       16:55:27

6    chief deputy knew, I don't believe that for one second.  But

7    that's what he was told.

8    Q.  Knew what?

9    A.  Knew that he was doing something in L.A. with this drive.

10   I didn't believe it for one -- that's why I went back at him,      16:55:41

11   and I asked him again:  Well, how do you know?  How do you

12   know?  How do you know?  He doesn't know.  You don't know what

13   he's telling you.

14   Q.  Did you ever talk to Chief Sheridan --

15   A.  I most certainly did, sir.                                     16:55:52

16   Q.  All right.  Well, let's play to the end.

17          (Audio clip played.)

18          (Audio clip stopped.)

19   BY MR. YOUNG:

20   Q.  Now, earlier in that audio, Mr. Zullo, there was a             16:56:53

21   discussion in which you repeated something that Mr. Montgomery

22   told you, which is:  Sheridan said to go do it, but they can't

23   be involved in it.  What was that about?

24   A.  I have no idea.

25   Q.  Now, earlier today we listened to Exhibit 2981A in which       16:57:10

1    you asked Mr. Montgomery how you could destroy someone using

2    information he had access to?

3    A.  Yes.

4    Q.  That was a question and answer that you had with

5    Mr. Montgomery, correct?                                    16:57:31

6    A.  Correct.

7            MR. YOUNG:  Okay.  I move for the admission of

8    Exhibit 2981A.

9            MR. MASTERSON:  Just give us one second, please,

10   Judge.                                                      16:57:44

11           (Pause in proceedings.)

12           MR. MASTERSON:  Objection, relevance, 403.

13           THE COURT:  Overruled.  Exhibit 2981A is admitted.

14           MR. MASTERSON:  And I'm assuming, Judge, that hearsay,

15   if -- the same rulings stand on hearsay statements made in   16:58:17

16   their -- I'm preserving the --

17           THE COURT:  Exactly.  To the extent -- we're not going

18   to have to listen to the whole exhibit for you to reserve any

19   hearsay objections if you think there are people in that -- in

20   that that are unidentified or that are not agents of the MCSO.  16:58:32

21           MR. MASTERSON:  Correct.  And then I have the -- my

22   respectful disagreement on the 81(d)(3) rulings.

23           THE COURT:  Yes, that you're preserving.

24           MR. MASTERSON:  Correct.

25           MR. YOUNG:  Now, let's play --                       16:58:47

1          THE COURT:  Is that (d)(3) or (d)(2)?  I think it's

2     (d)(2), I'm not sure, but whatever.

3          Go ahead.

4          MR. YOUNG:  Your Honor, I had moved for the admission

5     of Exhibit 2981A.                                              16:58:57

6          THE COURT:  And I believe I've admitted that.

7          MR. YOUNG:  Thank you.

8          THE COURT:  If I haven't, I admit it now.  2981A is

9     admitted.

10          (Exhibit No. 2981A is admitted into evidence.)          16:58:12

11     BY MR. YOUNG:

12     Q.  Now, you remember hearing another segment this morning as

13     part of the discussion between you and Mr. Montgomery in which

14     I thought I heard the word "monitors" and you disagreed.

15          Do you remember that clip?                              16:59:19

16     A.  Yes, I do.

17     Q.  That was part of a discussion between you and

18     Mr. Montgomery, correct?

19     A.  Yes.

20     Q.  Okay.                                                     16:59:26

21          MR. YOUNG:  I move for the admission of 2981B.

22          MR. MASTERSON:  Relevance, 403, hearsay.

23          THE COURT:  2981B is admitted with the previous

24     caveats.

25     BY MR. YOUNG:                                                 16:59:41

1   Q.  Going back to your phone discussion that we listened to,

2   which is 2980, Mr. Montgomery talked to you about something

3   relating to $50,000 and renting the computers.

4        Do you recall that?

5   A.  Yes, sir.                                                    17:00:06

6   Q.  What was that about?

7   A.  When he was processing this information, it was a very

8   laborious task, and he tried to convey to us that, you know,

9   for about $50,000, I could build a computer system that could

10  make this go a lot faster.                                       17:00:26

11  Q.  And what happened with that suggestion?

12  A.  Nothing, nobody -- we didn't buy him anything.

13       MR. YOUNG:  Your Honor, I have no further questions of

14  Mr. Zullo at this time.

15       THE COURT:  All right.  Looks like a good time to end       17:00:37

16  for the day.

17       Now, this is redirect of Mr. Zullo, but as I've

18  previously said, in light of his extensive testimony on

19  redirect, it seems to me to be only fair to give the defendants

20  an opportunity to do recross, and then I'll allow you, if you    17:00:49

21  wish, some additional redirect.  We'll begin that tomorrow

22  morning.

23       I take it -- and I don't know, I guess I'll just ask,

24  Mr. Young --

25       You'll be here tomorrow morning, Mr. Zullo?                 17:01:03

1          THE WITNESS:  I don't think I have a choice.

2          THE COURT:  Thank you.

3          Is there anything left to your motion?

4          MR. YOUNG:  I'll have to check it.  I think most of

5     the exhibits that are listed in our motion have now been          17:01:14

6     admitted.  I do think there are some additional documents that

7     I actually did not prepare today to ask Mr. Zullo about and I

8     was just going to rely on our written motion.  But I'll go back

9     and I can raise those --

10         THE COURT:  Well, let me suggest -- I don't know,          17:01:32

11    Mr. Masterson.  I don't want to be making suggestions to

12    parties about how they try their cases, but it seems to me that

13    if you have matters that you want to ask about Mr. Zullo that

14    pertain to exhibits that you want to have admitted based on

15    some sort of inference, I'm going to require you to ask him          17:01:50

16    about them now, so that if there's any follow-up questions,

17    Mr. Masterson can -- or any of the other parties, can ask some

18    follow-up questions on what you ask him.

19         So I'm going to allow you to reconsider that if you --

20    reconsider closing your questions to Mr. Zullo right now, but          17:02:07

21    if you do close those questions, as far as I'm concerned, I'm

22    not going to be drawing inferences about exhibits that you want

23    to have admitted after I close the testimony in this case.

24         MR. YOUNG:  Understood, Your Honor.  And in light -- I

25    do request the ability to continue asking Mr. Zullo questions          17:02:21

 1   tomorrow.  I will go back, in light of what's happened this

 2   afternoon, and make sure that I ask any questions I now think

 3   I'll get answers to with respect to those exhibits.

 4          THE COURT:  All right.  If you don't get answers, then

 5   we'll follow the procedure that I previously identified at        17:02:39

 6   sidebar.  If you do get an -- but I think that in light of the

 7   circumstances of this afternoon, you need to come prepared to

 8   ask any questions about any exhibits that you want.  So the

 9   motion's going to be -- the motion is potentially mooted,

10   because otherwise, we need to set a schedule so we can figure     17:02:57

11   out where we're going from here.

12          MR. YOUNG:  I understand, Your Honor.

13          THE COURT:  All right.  Anything further?

14          MR. MASTERSON:  Nothing from me, Judge.

15          THE COURT:  All right.  Please be here ready to --         17:03:07

16          Did you have something, Mr. Walker?

17          MR. WALKER:  No, Your Honor.

18          THE COURT:  Please be here ready to resume testimony

19   tomorrow at 9:00 a.m.  If we're close to the end of your

20   questioning of Mr. Zullo, you'll also have figured out what       17:03:19

21   kind of cross-examination you want to do?

22          MR. MASTERSON:  I will, Judge.

23          THE COURT:  Do you know if you're going to call any

24   other witnesses in your case at this point?

25          MR. MASTERSON:  I would like to have -- I will advise      17:03:31

1   the Court in the morning, but I want to let everyone know I'm

2   thinking right now no.

3            THE COURT:  All right.  And so that means --

4            And thank you.

5            Mr. Walker, that means if you're going to have                17:03:44

6   witnesses, you need to have them here, is it fair to say

7   sometime in the morning.

8            MR. YOUNG:  I think so.  We had indicated that we

9   would recall Sheriff Arpaio.  We will think about that a little

10  more.  I don't think if we do that it will be very long.        17:03:54

11           THE COURT:  All right.  And so maybe recalling Sheriff

12  Arpaio.

13           Maybe, but right now you're not thinking there will be

14  witnesses that you'll call, Mr. Masterson.

15           You were going to call one witness, I believe,            17:04:07

16  Mr. Walker?

17           MR. WALKER:  That's correct, Your Honor, but we're

18  rethinking that.  There was another witness that I had

19  mentioned where we were trying to work out a stipulation about

20  an affidavit.  I think Mr. Young and I are going to be able to    17:04:24

21  work out that stipulation, so the --

22           THE COURT:  So you're thinking not, too, but you're

23  still reserving the right.

24           MR. WALKER:  Yes, that's correct.

25           THE COURT:  Mr. McDonald.                                 17:04:37

1     MR. McDONALD:  Yes, Your Honor.

2     THE COURT:  Could you grab a microphone, just so that

3  everybody can hear you, please.

4     MR. McDONALD:  Mr. Birnbaum sent me an e-mail based

5  upon your conversation this morning about a possible date to     17:04:49

6  hear arguments.  Again, I don't know whether that would just be

7  for the civil contempt or whether the criminal contempt.

8     THE COURT:  Yes.  Here's the deal that I worked out, I

9  think, with Mr. Birnbaum.  Really, I'm just going to hear

10  comments, on the -- and right now it looks like it will     17:05:01

11  probably -- or at least it could potentially be next Friday,

12  the 20th.  I'll hold that open for the parties to come make

13  closing arguments in the civil case.

14     Mr. Stein and I believe you and I spoke some time

15  ago -- or not some time ago, about a week ago -- and I said     17:05:17

16  that I wasn't going to require you to make any sort of a motion

17  until after we started considering remedies as it pertained to

18  a possible referral in a criminal contempt matter.

19     Mr. Birnbaum said that as it pertained to Chief

20  MacIntyre, he would rather make that earlier than later, and I     17:05:36

21  gave him the option to do so.  So I may hear from Mr. Birnbaum

22  on the 20th.  You will not be forfeiting any rights to be heard

23  on some sort of criminal referral if you don't do that on the

24  20th.

25     But as I told Mr. Birnbaum, he's going to get one     17:05:49

1    opportunity, you'll get one opportunity; whenever you take it

2    you can take it, but you'll get one opportunity.

3           MR. McDONALD:  Mr. Birnbaum had sent me an e-mail

4    after you made that this morning.  I e-mailed him to say:

5    Circle the 20th.  He wrote me back and said:  Could you please          17:06:04

6    share with the judge that that's a date I couldn't be here.

7           THE COURT:  That he couldn't be here?

8           MR. McDONALD:  Mr. Birnbaum says he couldn't make it.

9    He has some other obligation.

10          THE COURT:  Well, if he can't make it on the 20th,          17:06:20

11   that doesn't mean if the rest of the parties can make it that

12   I'm not going to have closings on the 20th.

13          MR. McDONALD:  Sure.

14          THE COURT:  I'll just allow Mr. Birnbaum to appear

15   some other time proximate to the 20th and make whatever          17:06:29

16   argument he wants to make.

17          MR. McDONALD:  Yeah.  Maybe he could join us when we

18   make ours.

19          THE COURT:  Perhaps.

20          MR. McDONALD:  Thank you, Judge.          17:06:37

21          THE COURT:  That's his option.

22          MS. WANG:  Your Honor, two questions.  First is Your

23   Honor had said at some point during the proceedings that you

24   might pose some questions that you would like the parties to

25   focus on --          17:06:49

1          THE COURT:  Yes.

2          MS. WANG:  -- in closing arguments.

3          Is it still the Court's intent to do that?

4          THE COURT:  Well, the Court is beginning to doubt

5   whether the Court will have the organization necessary to do          17:06:56

6   that, but I'm certainly going to try, at least with larger

7   questions.

8          I have presumed from the beginning that you really

9   don't want to do so draft proposed findings of fact and

10  conclusions of law.  That may be incorrect.  Do you want to do        17:07:06

11  them?

12         MS. WANG:  Your Honor, whatever's most helpful to the

13  Court we are happy to do so.

14         THE COURT:  Well, to be honest, it's a huge labor in

15  this case where we've heard as much testimony as we've heard,        17:07:20

16  and that's why I was trying to keep up with it.  I have kept up

17  with it, but I've fallen a little bit behind, to be truthful

18  with you.  But in the past I have found that party submissions

19  are usually not very helpful, because I don't usually agree

20  with either party completely.  And so I've not found it              17:07:35

21  particularly helpful to try to wade through findings of fact

22  and conclusions of law to try and parse out what I agree with

23  and I just usually do my own.

24         That would probably be my preference, but it does

25  require quite a bit more work on my part rather than your part        17:07:51

1    and may require some more time.

2            Mr. Masterson, do you want to be heard on that?

3            MR. MASTERSON:  Not -- not on that, although I'd

4    rather not do findings of fact and conclusions of law if you're

5    asking me.  But what I wanted to bring up was again Rule 50,    17:08:05

6    and --

7            THE COURT:  Yeah, again, for the nth time, just to

8    make sure, you're not -- the Rule 50, because we have taken

9    witnesses of our order --

10           MR. MASTERSON:  Yeah.    17:08:18

11           THE COURT:  -- I'm not going to prevent you from

12   making your Rule 50 at the close of evidence or whenever you

13   need to make it.  You've not going to forfeit that right.

14           MR. MASTERSON:  And I'm not even sure it really makes

15   sense, due to how things have shaken out with the witnesses    17:08:29

16   so --

17           THE COURT:  I'm not, either, but that's up to you.

18           MR. MASTERSON:  Okay.

19           MS. WANG:  Your Honor, I had a second point which

20   actually relates to what Mr. Masterson just said.    17:08:36

21           I'm, frankly, puzzled by the mentions of Rule 50

22   motions in this case.  It is a hearing tried to the Court.  And

23   so I'm a little puzzled by the reference to Rule 50.

24           THE COURT:  Well, I will tell you how I've been

25   interpreting that, and it may not be strictly a Rule 50, but    17:08:53

1   he's just saying:  Dismiss my party before you proceed any

2   further because there hasn't been a case stated for civil

3   contempt on one or more of the three charges I issued.

4           But I will say, Mr. Masterson, as I said before -- and

5   I realize you came to this case late -- there are, I think,          17:09:07

6   what, five possible contemnors I've named in this case.  Not

7   all three counts relate to each of the contemnors.  So if I

8   didn't name a contemnor under a count, you don't need to worry

9   about making a motion.  I'm not going to find anybody in

10  contempt for something I didn't name them for in the original       17:09:25

11  notice of order to show cause.

12          MR. MASTERSON:  Okay, Judge.  And I'll go back and

13  take a look at all -- all of that.

14          THE COURT:  Okay.

15          MS. WANG:  Your Honor, just not to belabor it, but at        17:09:34

16  least two of the named contemnors admitted liability to civil

17  contempt.

18          THE COURT:  I am aware of that as well.

19          MS. WANG:  Right.  Finally, Your Honor, as to any

20  motions that will be filed by the criminal defense counsel in       17:09:47

21  this case on behalf of named contemnors --

22          THE COURT:  I haven't authorized any motions yet.

23          MS. WANG:  I'm sorry, not motions, but closing

24  arguments.

25          THE COURT:  Um-hum.                                          17:09:59

1    MS. WANG:  To the extent that there are going to be

2  arguments about whether or not --

3    THE COURT:  There's criminal contempt.  You've got

4  no --

5    Ms. Wang:  Referral for criminal contempt.  Your                    17:10:07

6  Honor, I think it's plaintiffs' preference that these issues be

7  kept separate.  They are in fact separate --

8    THE COURT:  Yeah.

9    MS. WANG:  -- and the Court is going to make its

10  decision about whether any referrals should be made.  We would      17:10:16

11  like to see the civil contempt proceedings come to a

12  conclusion.

13    THE COURT:  Well, I agree with that.  And to the

14  extent -- to the extent that I'm going to allow Mr. Birnbaum,

15  if he wants to earlier make his whatever argument he wants to       17:10:30

16  make on behalf of no criminal referral for Chief MacIntyre, to

17  the extent he wants to make that -- I appreciate your raising

18  it -- I want to make it very clear it isn't part of the civil

19  contempt hearing.

20    The only reason -- and this was my discussion with            17:10:49

21  Mr. McDonald and Mr. Stein a couple weeks ago -- is I did

22  mention, and I do think it is relevant to me, whether or not

23  the civil contempt hearing provides an adequate remedy is one

24  of the considerations I'm going to take into account when and

25  if I take up whether I'm going to refer this for criminal          17:11:05

1    contempt.

2          But just so that we're also clear, because it is

3    completely separate, I'm not going to give you time to respond

4    to Chief MacIntyre, because I don't think you have any stake in

5    it at all.  It is purely my discretionary decision, and I've          17:11:18

6    allowed special counsel to appear just to protect the rights

7    and make the arguments on behalf of possible people that I

8    might refer for criminal contempt.

9          MS. WANG:  Yes, Your Honor, and plaintiffs' concern is

10   that we get an adequate remedy for the civil contempt.                17:11:35

11         THE COURT:  Yeah, I understand that, so I think we're

12   on the same page.  You won't be heard on the criminal contempt

13   issues.

14         MS. WANG:  Thank you, Your Honor.

15         MR. McDONALD:  Judge, one other question based upon          17:11:46

16   what you've said.  For planning purposes, apparently the 20th

17   is when we have the civil contempt.

18         Do you envision the criminal arguments and

19   presentation being made that day, or are you --

20         THE COURT:  No, no, no, no.  They aren't going to be          17:11:57

21   made that day, because, as I indicated from the beginning, I'm

22   going to make all the findings of fact first.  We're then going

23   to determine, after I make findings of fact, the United States

24   Department of Justice wanted to introduce expert witness

25   testimony about standard of care on internal investigations, or     17:12:15

1  something like that.  If they did seek to introduce such an

2  expert, the defense had reserved the right to call their own

3  expert on that issue.

4       It just seems to me that whether or not there's going

5  to be an expert needed, and on what topic such testimony or          17:12:32

6  expert testimony might be appropriate, are not going to be

7  really clear until I make my findings of fact.  So I instructed

8  all parties to put in all the evidence they had relating to

9  remedies as well as facts in this hearing, so we weren't going

10 to reopen the hearing.  If we reopen any factual part of the         17:12:49

11 hearing after I make my findings of fact, it's only going to be

12 to hear the testimony of the experts of the two sides.  I

13 haven't yet determined.

14       As you know, Mr. McDonald, expert testimony's only

15 admissible if it's going to aid the finder fact.                     17:13:06

16       MR. McDONALD:  Right.

17       THE COURT:  And as I said at the time, I'm the

18 finder-of-fact in this case.  I can pretty much determine

19 whether there's going to be expert testimony that's going to

20 assist me, and that's going to -- that's going to depend on          17:13:17

21 when I sort through all this and make my findings whether or

22 not I'm going to even entertain it.

23       If I do, I'm going to specify what I want expert

24 testimony on with more specificity so that both sides can call

25 an expert if they really want to.                                    17:13:30

1          MR. McDONALD:  Thank you.

2          THE COURT:  And that is a remedies issue.  So I'm

3    going to make my remedies so not only am I going to make

4    findings of fact before I determine whether I make a criminal

5    referral; I'm going to make a remedies determination as to --          17:13:41

6    again, I think two of the parties here have admitted contempt,

7    so there's probably going to be some consideration of remedies.

8          MR. McDONALD:  On the remedies consideration, can

9    special appointed coun- -- or special counsel make suggestions

10   on remedies, too, or is it your vision that that comes from the          17:14:01

11   civil side and we remain silent?

12         THE COURT:  Well, I think there's every reason to keep

13   these two matters, even though there is obviously some

14   interface as it pertains to the facts, which is why you're

15   here, I think there's every reason to keep these matters          17:14:16

16   separate.

17         If you want to make suggestions, then my suggestion

18   would be you make them to your own counsel.  And if -- or it's

19   not your own counsel, but you make them to counsel who are

20   representing your clients in the civil case.  If they are          17:14:25

21   unresponsive in a way that you think would best serve the

22   interests of your client for the purposes for which you're

23   representing them, then I suggest you go to plaintiffs' counsel

24   and make your suggestions.

25         But do that with them, don't do it with me, because          17:14:38

 1    I'm only going to hear from them in terms of civil remedies.

 2              MR. McDONALD:  Thank you.

 3              THE COURT:  All right.

 4              MR. WALKER:  Your Honor, a question.  This colloquy

 5    has confused me a bit.  It sounds as though you're thinking          17:14:51

 6    that whether there's going to be further proceedings on

 7    remedies is going to have to await your findings of fact and

 8    conclusions of law.

 9              THE COURT:  It will be -- it seems to me it will be

10    greatly benefited by my findings of fact.                           17:15:09

11              MR. WALKER:  So my only question is:  For the oral

12    arguments that the Court contemplates coming up fairly soon

13    here, is that to be limited strictly to the issues --

14              THE COURT:  Now, if you want to raise -- I know that

15    you have been working with the plaintiffs on some sort of          17:15:29

16    possible remedies as pertains to Count 1 of the contempt.  And

17    frankly, although if you want to reserve it, I'll let you.  If

18    you want to make arguments concerning those remedies, I'd just

19    as soon hear them then if you're ready to make them so that we

20    could -- if there is in fact substantial agreement, as you've      17:15:44

21    suggested there might be, and if there are areas we can just

22    move off the table, I think it makes all the sense in the world

23    to move them off the table.

24              For that matter, as I think I've indicated before, if

25    there are remedies that I think that I can implement               17:15:59

1    immediately based on my findings of fact, even if I determine

2    that an expert's necessary, I'm going to implement those

3    remedies immediately.  And then we will deal with other expert

4    remedies.

5            But again, I'm not in a position to know that yet, and    17:16:10

6    the evidence hasn't -- or the, you know, the facts haven't

7    closed, and I haven't put everything together in a way I need

8    to to understand it.

9            MR. WALKER:  Just a couple follow-up points.

10           So I think with respect to the issue of remedies for    17:16:25

11   potential victims, it may be a little optimistic to expect that

12   we're going to be in a position to make presentations to the

13   Court by the 20th.  We may be, but that's a little uncertain at

14   this point.

15           So putting that to one side, would you want to hear    17:16:48

16   any other arguments we have about potential remedies --

17           THE COURT:  Yeah, I do.  I do, because that will

18   inform my factual findings, frankly.

19           MR. WALKER:  At the upcoming oral arguments.

20           THE COURT:  Yeah.    17:17:06

21           MR. WALKER:  Great.  Okay.  Thank you.

22           THE COURT:  Anything else?

23           See you tomorrow morning -- oh.  See you tomorrow

24   morning at 9 o'clock.

25           (Proceedings recessed at 5:17 p.m.)

1

2                    C E R T I F I C A T E

3

4

5

6

7          I, GARY MOLL, do hereby certify that I am duly

8    appointed and qualified to act as Official Court Reporter for

9    the United States District Court for the District of Arizona.

10         I FURTHER CERTIFY that the foregoing pages constitute

11   a full, true, and accurate transcript of all of that portion of

12   the proceedings contained herein, had in the above-entitled

13   cause on the date specified therein, and that said transcript

14   was prepared under my direction and control.

15

16

17         DATED at Phoenix, Arizona, this 13th day of November,

18   2015.

19

20

21                        s/Gary Moll

22         _____

23

24

25

1           UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF ARIZONA

3

4   Manuel de Jesus Ortega Melendres,    )
    et al.,                              )
5                                        )
                Plaintiffs,              )  No. CV 07-2513-PHX-GMS
6                                        )
                vs.                      )  Phoenix, Arizona
7                                        )  November 13, 2015
    Joseph M. Arpaio, et al.,            )  9:07 a.m.
8                                        )
                Defendants.              )
9   _____)

10

11

12

13

14

                REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                BEFORE THE HONORABLE G. MURRAY SNOW
16
           (Evidentiary Hearing Day 20, Pages 4504-4580)
17

18

19

20

21

22  Court Reporter:            Gary Moll
                               401 W. Washington Street, SPC #38
23                             Phoenix, Arizona  85003
                               (602) 322-7263
24
    Proceedings taken by stenographic court reporter
25  Transcript prepared by computer-aided transcription

1                    <u>A P P E A R A N C E S</u>

2

3   For the Plaintiffs:
                American Civil Liberties Union Foundation
4               Immigrants' Rights Project
                By:  Cecillia D. Wang, Esq.
5               39 Drumm Street
                San Francisco, California  94111
6
                American Civil Liberties Union of Arizona
7               By:  Daniel J. Pochoda, Esq.
                P.O. Box 17148
8               Phoenix, Arizona  85011

9               Covington & Burling, LLP
                By:  Stanley Young, Esq.
10              By:  Michelle L. Morin, Esq.
                333 Twin Dolphin Drive, Suite 700
11              Redwood Shores, California  94065

12  For the Defendant Maricopa County:
                Walker & Peskind, PLLC
13              By:  Richard K. Walker, Esq.
                SGA Corporate Center
14              16100 N. 7th Street, Suite 140
                Phoenix, Arizona  85254

15

16  For the Intervenor United States of America:
                U.S. Department of Justice - Civil Rights Division
                By:  Paul Killebrew, Esq.
17              950 Pennsylvania Avenue NW, 5th Floor
                Washington, D.C.  20530
18
                U.S. Department of Justice - Civil Rights Division
19              By:  Cynthia Coe, Esq.
                By:  Maureen Johnston, Esq.
20              601 D. Street NW, #5011
                Washington, D.C.  20004

21

22  For Executive Chief Brian Sands:
                Lewis, Brisbois, Bisgaard & Smith, LLP
                By:  M. Craig Murdy, Esq.
23              2929 N. Central Avenue, Suite 1700
                Phoenix, Arizona  85012

24

25

1                        A P P E A R A N C E S

2

3  For the Defendant Joseph M. Arpaio and Maricopa County
   Sheriff's Office:
4          Iafrate & Associates
           By:  Michele M. Iafrate, Esq.
5          649 N. 2nd Avenue
           Phoenix, Arizona  85003
6
           Jones, Skelton & Hochuli, PLC
7          By:  A. Melvin McDonald, Jr., Esq.
           By:  John T. Masterson, Esq.
8          By:  Joseph T. Popolizio, Esq.
           2901 N. Central Avenue, Suite 800
9          Phoenix, Arizona  85012

10 Also present:
           Sheriff Joseph M. Arpaio
11         Executive Chief Brian Sands
           Chief Deputy Gerard Sheridan
12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2    Witness:                                              Page

3    MICHAEL ZULLO

4    Direct Examination Continued by Mr. Young             4510
     Cross-Examination by Mr. Walker                       4554
5

6
                             E X H I B I T S
7
     No.      Description                              Admitted
8

9    2098     E-mail from Mike Zullo to Dennis Montgomery re   4515
              internet bill dated 1/5/2014 (MELC202272-74)
10
     2276     E-mail from Larry Klayman to Mike Re: Progress   4518
11            dated 3/4/2015 (MELC202254-55)

12   2939     E-mail from David Webb to Brian Mackiewicz cc    4519
              Mike Zullo re Timeline dated 8/24/2014
13            (ZULLO_003120-ULLO_003125)

14   2959A    (Exhibit 2959 redacted)                          4520
              E-mail from David Webb to Mike Zullo re John
15            Kyl, attaching JoeArpaio.rev2.0.pdf and
              JoeWeb.rev.2.0.pdf dated 1/2/2104
16            (ZULLO_001546 - ZULLO_001551)

17   2962     E-mail from B Mackiewicz to Mike Zullo re        4523
              elemers case summary.doc, with attachment
18            dated 9/4/2014 (ZULLO_000793 - ZULLO_000818)

19   2963A    (Exhibit 2963 redacted)                          4524
              E-mail from David Webb to Mike Zullo re
20            Timeline, with attachment Arpaio
              Timeline.3.0.pdf dated 9/10/2014
21            (ZULLO_003126 - ZULLO_003128)

22   2975     E-mail chain, last from Brian Mackiewicz to      4552
              Mike Zullo re You tell me dated 8/20/2015
23            (ZULLO002996)

24   2983     E-mail chain, last from Mike Zullo to Brian      4526
              Mackiewicz re Image dated 10/28/2014
25            (ZULLO_003874)

```
1                         P R O C E E D I N G S

2

3            THE COURT:  Please be seated.

4            THE CLERK:  This is CV 07-2513, Melendres, et al., v.

5    Arpaio, et al., on for continued evidentiary hearing.          09:07:35

6            Counsel, please announce your appearances.

7            MS. WANG:  Good morning, Your Honor.  Cecillia Wang of

8    the ACLU for plaintiffs.

9            THE COURT:  Good morning.

10           MR. YOUNG:  Good morning, Your Honor.  Stanley Young    09:07:45

11   and Michelle Morin, Covington & Burling, for plaintiffs.

12           THE COURT:  Good morning.

13           MR. POCHODA:  Good morning.  Dan Pochoda for the ACLU

14   of Arizona for plaintiffs.

15           THE COURT:  Good morning.                               09:07:51

16           MR. KILLEBREW:  Good morning, Your Honor.  Paul

17   Killebrew, Cynthia Coe, and Maureen Johnston for the United

18   States.

19           THE COURT:  Good morning.

20           MR. MASTERSON:  Good morning, Judge.  John Masterson,   09:07:59

21   Joe Popolizio for Sheriff Arpaio and the individual alleged

22   contemnors, and we have Holly McGee with us this morning.

23           THE COURT:  Good morning.

24           MR. WALKER:  Good morning, Your Honor.  Richard Walker

25   on behalf of Maricopa County.                                  09:08:10
```

1          THE COURT:  Good morning.

2          MR. McDONALD:  Good morning, Your Honor.  Mel McDonald

3   making a special appearance for Sheriff Joe Arpaio.

4          THE COURT:  Good morning.

5          MR. MURDY:  Good morning, Your Honor.  Craig Murdy on      09:08:19

6   behalf of retired Chief Brian Sands.

7          MS. IAFRATE:  Good morning, Your Honor.  Michele

8   Iafrate on behalf of Sheriff Arpaio and the alleged unnamed

9   contemnors.

10          THE COURT:  Good morning.                                 09:08:28

11          Any matters to raise before we resume with Mr. Zullo,

12   or do you wish to resume with Mr. Zullo?

13          MR. YOUNG:  I do, Your Honor.  Based on the change

14   yesterday afternoon, we do have further questions for

15   Mr. Zullo, so I ask to be allowed to continue with my          09:08:41

16   questions.

17          THE COURT:  All right.

18          Mr. Zullo, would you please take the stand, sir.

19          And I will remind you and clarify for you that you are

20   still under oath.                                               09:08:51

21          THE WITNESS:  Yes, sir.

22          (Pause in proceedings.)

23          MR. YOUNG:  Your Honor, there was some unclarity,

24   perhaps, yesterday.  Well, actually, I don't believe there's

25   unclarity.  On page 449 -- 4419 of the transcript, one of the  09:09:20

1    audio recordings, Exhibit 2979, was admitted, but I believe the

2    log may not reflect that fact, so I just want to clarify that,

3    that Exhibit 2979 is admitted.

4              (Pause in proceedings.)

5              THE COURT:  Kathleen.                                09:10:11

6              (Off-the-record discussion between the Court and the

7    clerk.)

8              THE COURT:  I'm just checking to make sure.

9              Do you have any objection to -- other than your

10   previous objection to 2979, or do you --                      09:10:35

11             MR. MASTERSON:  I don't think -- I think we have it

12   admitted, but we'll take a quick look here.

13             THE COURT:  Okay.  Just to be clear.  And then I'll

14   look at what the transcript says.

15             MR. MASTERSON:  We don't have -- we don't have any   09:10:53

16   objections other than as previously noted.

17             THE COURT:  I did previously admit it, according to

18   the transcript, and so it is admitted.

19             MR. YOUNG:  Thank you, Your Honor.

20                       MICHAEL ZULLO,                             09:11:14

21   recalled as a witness herein, having been previously duly

22   sworn, was examined and testified further as follows:

23                  REDIRECT EXAMINATION CONTINUED

24   BY MR. YOUNG:

25   Q.  Mr. Zullo, let's take a look at Exhibit 2098.  No, I'm     09:11:26

1    sorry.  Yeah, 2098.

2          That's on the screen in front of you.  And I realize I

3    did not give Ms. Zoratti a list of additional exhibits this

4    morning, so you may not have that on paper.  But if you could

5    take a look --                                          09:11:49

6    A.  There's nothing on the screen, sir.

7          THE CLERK:  Did you want me to bring up a hard copy of

8    the exhibit?

9          MR. YOUNG:  Sure, that might be beneficial if we could

10   do that.                                                09:11:58

11         THE CLERK:  I apologize, I didn't catch the number.

12         MR. YOUNG:  Actually, there's a string of them, if you

13   could -- and I apologize again.  I did not give --

14         Your Honor, may I hand Ms. Zoratti a list of exhibits?

15         THE COURT:  You may.                              09:12:13

16         MR. YOUNG:  Thank you.

17         (Pause in proceedings.)

18   BY MR. YOUNG:

19   Q.  While Ms. Zoratti is doing that, Mr. Zullo, I wonder if I

20   could go back to your testimony about having Mr. Montgomery do  09:13:51

21   the search for the name of the judge in the Melendres case.

22   A.  Um-hum.

23   Q.  You discussed yesterday how you were wondering what the

24   judge -- who the judge was in the Melendres case, is that

25   right?  You didn't know the name.                       09:14:10

1  A.  I didn't know who it was, no.

2  Q.  And you discussed it with Detective Mackiewicz, and

3  initially you came up with Judge Silver, but the two of you

4  concluded that was not the right name, is that right?

5  A.  Actually, Mr. Montgomery pulled it off the Internet, and     09:14:22

6  Detective Mackiewicz knew that wasn't the judge.  That was the

7  judge before, or something to that effect.

8  Q.  Right.  Right.  That was the judge in the DOJ case.

9  A.  I have no idea.

10  Q.  Had you heard about the Melendres case before then?     09:14:36

11  A.  Yes, um-hum.

12  Q.  Who had you heard of the Melendres case from?

13  A.  ABC 15 and my iPhone.

14  Q.  Before that time when you were together with Mr. Montgomery

15  and Detective Mackiewicz, had you ever talked to Sheriff Arpaio     09:14:58

16  or Chief Sheridan about the Melendres case?

17  A.  I don't believe so, sir.  It was never really a topic of

18  conversation.

19  Q.  While you were with Mr. Montgomery at any time did you ever

20  do a search for Earl Wilcox?     09:15:22

21  A.  No, we actually did a search for his wife, Mary Rose.

22  Q.  Did you do a search for Mary Rose Wilcox at about the same

23  time you did the search for the judge in the Melendres case?

24  A.  Yeah, they actually came -- that was the same day.

25  Q.  How did you come up with the idea of searching for Mary     09:15:44

1   Rose Wilcox?

2   A.  Same methodology as looking for any federal judge in

3   Arizona.  We were looking for high-profile people in Arizona.

4   Q.  And you found -- did you find Mary Rose Wilcox?

5   A.  No.                                                        09:16:05

6   Q.  But you found her husband?

7   A.  We didn't even realize it was her husband at the time when

8   it came up; it had connection to a business that they owned, a

9   restaurant.  And I believe Detective Mackiewicz recognized the

10  restaurant name, and that's how we put that connection          09:16:19

11  together.

12  Q.  I see.  Did you mention that you had found Earl Wilcox's

13  name to Sheriff Arpaio?

14  A.  To -- excuse me?

15  Q.  Yeah.  Well, you found Mary Rose Wilcox's restaurant's      09:16:30

16  name.

17  A.  Yes.

18  Q.  Right.  Did you mention that to Sheriff Arpaio?

19  A.  Yes, I believe so.

20  Q.  What was his reaction when you told him that you had found  09:16:45

21  these references to Mary Rose Wilcox and Judge G. Murray Snow?

22  A.  Well, his reaction to the judge was "he's a victim."  Those

23  were his words, "he's a victim," with a question mark.

24       Mary Rose not coming up, I explained to him that I was

25  actually relieved, in a sense, that she didn't come up.        09:17:06

1    Because what I was also checking for was to see if

2    Mr. Montgomery was somehow implanting information, maybe

3    looking on the Internet for enemies of the sheriff and trying

4    to put those, you know, names in there, and he didn't.  I know

5    I explained that to the sheriff.                              09:17:23

6            The restaurant coming up as a business, there were

7    other businesses.  I believe one of the sheriff's entities at

8    one point came up.  My own personal business came up in that

9    same data flow.

10   Q.  Did you tell the sheriff about Judge Snow and the Wilcox   09:17:37

11   business during the same phone conversation?

12   A.  I can't recall, sir.

13   Q.  Was it at approximately the same time?  If you did those

14   searches on the same day with Mr. Montgomery, did you --

15   A.  I -- you know, they very, you know, might very well be.  It  09:17:55

16   wasn't a big highlight.  The judge being a victim was because

17   of the other information that I testified to.

18   Q.  Okay.  And then that was the information relating to

19   penetration of the judge's financial information, such as

20   banking and IRS information?                                  09:18:12

21   A.  Yes, sir.  Alleged.

22           MR. YOUNG:  All right.  Ms. Zoratti, thank you for

23   gathering those exhibits.

24   BY MR. YOUNG:

25   Q.  Let's look now at Exhibit 2098.  That's an e-mail exchange  09:18:25

1   dated January 5th, 2014, between you and Mr. Montgomery,

2   correct?

3   A.  Yes, sir.

4   Q.  And you did that in the course of your investigation

5   involving Mr. Montgomery?                                    09:18:52

6   A.  Yes, sir.

7           MR. YOUNG:  I move for the admission of Exhibit 2098.

8           MR. MASTERSON:  Relevance, hearsay, 403.

9           THE COURT:  How many pages is this exhibit?

10          MR. YOUNG:  Three pages, Your Honor.                 09:19:22

11          THE COURT:  Can I see the pages, please.

12          (Pause in proceedings.)

13          THE COURT:  Overruled.  Exhibit 2098 is admitted.

14          (Exhibit No. 2098 is admitted into evidence.)

15  BY MR. YOUNG:                                               09:20:02

16  Q.  On the second page of Exhibit 2098, Mr. Zullo, you told

17  Mr. Montgomery, quote, "Sheriff really put his neck on the line

18  with Rand," end quote.

19          Do you see that?

20  A.  Yes, sir.                                               09:20:18

21  Q.  What were you talking about there?

22  A.  I believe the sheriff was to have a meeting with Rand Paul

23  when he came to town, and we were going to see if there was

24  some avenue we could get Mr. Montgomery to somebody in the

25  federal government to help us out with our problem.          09:20:38

1    Q.  Did that ever happen, to your knowledge?

2    A.  No, sir, it didn't.

3    Q.  Let's take a look at Exhibit 2276.

4            THE COURT:  Well, I want to understand that.

5            When you say "it didn't," you mean what didn't?            09:20:56

6            THE WITNESS:  Oh.  The meeting didn't happen.

7            THE COURT:  There was never any meeting with Rand

8    Paul.

9            THE WITNESS:  No, sir.

10           THE COURT:  But you recommended -- you represented to    09:21:06

11   Mr. Montgomery that there was such a meeting?

12           THE WITNESS:  I don't believe I represented that there

13   was.  It most likely was to happen in the future.

14           THE COURT:  When you say Rand, the sheriff really

15   stuck his neck out with you for Rand, or whatever it was --      09:21:20

16           THE WITNESS:  Well, going out on the line to try to

17   have a meeting to help him with his cause.

18           THE COURT:  "Sheriff really put his neck on the line

19   with Rand."  What were you trying to say?

20           THE WITNESS:  Not really anything, sir.  It was just     09:21:34

21   figure of speech.

22           THE COURT:  Thank you.

23           THE WITNESS:  Oh, you're welcome.

24   BY MR. YOUNG:

25   Q.  Well, actually, going back to that, Mr. Zullo, and later on  09:21:41

1   in that e-mail you mention a meeting with Rand on Friday, and

2   you say that for that reason, you will not be coming out before

3   then.

4           Do you see that?  It's at the bottom of page 273.

5   A.  Yes, sir.                                                    09:22:06

6   Q.  Did you have a meeting with Rand Paul?

7   A.  No.  No one had a meeting with Rand Paul, sir.

8   Q.  Let's go to Exhibit 2276.

9           No.  Yes, 2276.

10          This is a March 4, 2015 e-mail involving -- it's an      09:22:32

11  e-mail chain, really, involving you, Larry Klayman, and

12  Mr. Montgomery, correct?

13  A.  Yes, sir.

14          MR. YOUNG:  I move for the admission of 2276.

15          MR. MASTERSON:  Objection, foundation, relevance,        09:22:48

16  hearsay, 403.

17          THE COURT:  Does this contain e-mails from

18  Mr. Klayman, or statements by Mr. Klayman?

19          MR. YOUNG:  The top e-mail is a statement by

20  Mr. Klayman, so it appears.                                      09:23:10

21          THE COURT:  Are you offering that statement for the

22  truth of the matter asserted?

23          MR. YOUNG:  No, Your Honor.

24          THE COURT:  What are you offering it for?

25          MR. YOUNG:  I'm offering it to show the communication    09:23:23

1   that Mr. Zullo had relating to the Montgomery investigation.

2   And there are certainly statements by Mr. Zullo in it that I

3   again would offer to show not necessarily the truth of the

4   matters asserted, but at least what Mr. Zullo was communicating

5   to Mr. Montgomery and Mr. Montgomery's attorney.                    09:23:47

6          THE COURT:  All right.  Objection's overruled.

7   Exhibit 2276 is admitted.

8          (Exhibit No. 2276 is admitted into evidence.)

9   BY MR. YOUNG:

10  Q.  Let's go to Exhibit 2714.                                       09:23:59

11         Do you have that in front of you, Mr. Zullo?

12  A.  Yes.

13  Q.  This is a set of news articles that Sheriff Arpaio sent

14  you, correct?

15  A.  I've never seen these before, sir.                              09:24:23

16  Q.  Well, let's go on to the next exhibit.  It's 2939.

17         Exhibit 2939 is an e-mail that Mr. Montgomery sent to

18  Detective Mackiewicz and to you on August 24, 2014, attaching a

19  longer document with the label "Timeline," is that correct?

20  A.  Apparently, yes.                                                09:25:08

21  Q.  And that's information that Mr. Montgomery sent to you for

22  your and Detective Mackiewicz's benefit during the course of

23  your work with him, is that correct?

24  A.  Yes, it's authored by Mr. Montgomery.

25         MR. YOUNG:  I move for the admission of 2939, Your           09:25:28

1  Honor, again, not for the truth of the matter asserted, but to

2  show what communications were taking place.

3         MR. MASTERSON:  Objection, foundation, relevance,

4  hearsay, 403.

5         THE COURT:  Overruled.  Exhibit 2939 is admitted.         09:25:42

6         (Exhibit No. 2939 is admitted into evidence.)

7  BY MR. YOUNG:

8  Q.  Let's go to Exhibit 2959.

9         Do you have Exhibit 2959 in front of you, Mr. Zullo?

10  A.  Yes, I do.                                                   09:26:08

11  Q.  Exhibit 2959 is a document that Mr. Montgomery sent you on

12  January 2, 2014, correct?

13  A.  Yes, sir.

14         MR. YOUNG:  I move for the admission of Exhibit 2959.

15         MR. MASTERSON:  Objection, foundation, relevance,        09:26:34

16  hearsay, 403.

17         In addition, Judge, there's some redactions, I think,

18  that -- if this document is admitted, that need to occur.

19         MR. YOUNG:  Yeah.  The redactions, I believe, that

20  Mr. Masterson refers to, are the cell phone numbers of Sheriff  09:27:03

21  Arpaio and Chief Deputy Sheridan, and as with the previous

22  exhibits, we would agree to those redactions and would submit a

23  redacted copy of this exhibit.

24         THE COURT:  I'm going to overrule all of the

25  objections except for the redaction objection.  But I'm not     09:27:20

 1   going to exhibit -- I'm not going to admit Exhibit 2959 since

 2   it's already been submitted and marked.

 3          If you're going to redact it, then you -- then I'm

 4   going to admit a 2959A that contains the redactions that I

 5   believe all parties -- well, I'm not sure there's any objection    09:27:42

 6   by the County or Chief Sands.  If there is, say so.

 7          MR. WALKER:  No objection, Your Honor.

 8          MR. MURDY:  No objection, Your Honor.

 9          THE COURT:  Then 2959A is admitted, which will have

10   the redactions that you've just specified.                        09:27:56

11          (Exhibit No. 2959A is admitted into evidence.)

12          MR. YOUNG:  Thank you, Your Honor.

13   BY MR. YOUNG:

14   Q.  Well, let's look, Mr. Zullo, at the first page of what will

15   be 2959A, and it refers to a timeline that Mr. Montgomery had      09:28:09

16   prepared, correct?

17   A.  Yes, sir.

18   Q.  Okay.  And you received various versions of that timeline

19   from Mr. Montgomery during your work with him, correct?

20   A.  Yes, sir.                                                      09:28:29

21   Q.  This particular version referred to in this e-mail says,

22   quote, "updated to include calls to and from Jon Kyl and

23   Covington.

24          Do you see that?

25   A.  Yes, sir.                                                      09:28:42

1   Q.  Did you have any discussion with Mr. Montgomery about

2   updating his timeline to include Jon Kyl and Covington?

3   A.  No, sir.  Mr. Montgomery would just go on these tangents

4   and start updating things.  I think that's happened a couple

5   times in different various timelines.                          09:28:55

6   Q.  Did you ever discuss Jon Kyl or Covington with Sheriff

7   Arpaio or Chief Sheridan?

8   A.  Outside of how it might relate to this, no.

9   Q.  Well, how about as it relates to this exhibit or the work

10  that Mr. Montgomery was doing?  Did you ever discuss Jon Kyl or  09:29:16

11  Covington with Sheriff Arpaio or Chief Sheridan?

12  A.  Would have been bringing attention to the sheriff as to

13  what Mr. Montgomery has given us.

14  Q.  So did you inform the sheriff that Mr. Montgomery had given

15  you a timeline that that included Jon Kyl and Covington?       09:29:35

16  A.  Most likely.

17  Q.  What did Sheriff Arpaio say in reaction to that?

18  A.  Nothing that comes to my mind that stood out, nothing but a

19  normal conversation.

20  Q.  You don't remember the sheriff saying anything at all about  09:29:57

21  Jon Kyl in connection with the information you were getting

22  from Mr. Montgomery?

23  A.  I don't recall, no.

24  Q.  Was the sheriff interested in the fact that Mr. Montgomery

25  was giving you things that had Jon Kyl's name on them?         09:30:15

1            MR. MASTERSON:  Objection, foundation.

2            MR. YOUNG:  Well, let me raise -- let me revise the

3    question.

4    BY MR. YOUNG:

5    Q.  Did Sheriff Arpaio express to you any interest in any          09:30:23

6    information that Mr. Montgomery might provide relating to

7    Jon Kyl or Covington?

8    A.  I remember Jon Kyl.  I remember -- I remember the name when

9    we talked about Jon Kyl, and I think the sheriff said something

10   to the effect of:  Big deal.  Everybody knows he went to          09:30:42

11   Covington.  Something like that.

12   Q.  Did the sheriff express any desire to obtain more

13   information through Mr. Montgomery relating to either Jon Kyl

14   or Covington?

15   A.  No, sir.                                                      09:31:01

16   Q.  Let's go to Exhibit 2962.

17            Exhibit 2962 starts off with an e-mail from Detective

18   Mackiewicz to you dated September 4, 2014, is that correct?

19   A.  Yes, sir.

20   Q.  And the subject is "Elmer's case summary"?                   09:31:32

21   A.  Yes, sir.

22   Q.  The attachment is a summary of what was happening in your

23   work with Mr. Montgomery that you and Mr. Mackiewicz,

24   Detective Mackiewicz, co-authored, is that correct?

25   A.  Yes, sir.                                                     09:31:51

 1   Q.  Okay.  And that was your attempt to put together what you

 2   had found to that point with Mr. Montgomery, is that right?

 3   A.  We were instructed to start writing up a final report, and

 4   that's part of that project.

 5   Q.  Who instructed you to do that?                                    09:32:07

 6   A.  Chief Sheridan.

 7   Q.  Did you send this report, or any version of it, to Chief

 8   Sheridan?

 9   A.  No, sir.

10   Q.  In preparing Exhibit 2962, did you attempt to be as              09:32:17

11   accurate as you could be in summarizing the state of the

12   investigation to that point?

13   A.  I would certainly hope so.  It's a law enforcement

14   document.

15          MR. YOUNG:  Your Honor, I move for this admission of          09:32:35

16   Exhibit 2962.

17          MR. MASTERSON:  Objection, foundation, relevance,

18   hearsay, 403.

19          THE COURT:  Overruled.  Exhibit 2962 is admitted.

20          (Exhibit No. 2962 is admitted into evidence.)                09:32:51

21   BY MR. YOUNG:

22   Q.  Let's look now at Exhibit 2963.

23          Do you have that there in front of you, Mr. Zullo?

24   A.  Yes, sir.

25   Q.  Okay.  Now, that's another timeline document that               09:33:11

1    Mr. Montgomery sent you, correct?

2    A.  Yes, sir.

3    Q.  And it, as with some others, contains references to Judge

4    Snow and the Department of Justice, a former law clerk of Judge

5    Snow, Dennis Burke, the U.S. attorney general, Covington &         09:33:32

6    Burling, and Jon Kyl, correct?

7    A.  Yes, and some others, yes.

8    Q.  Um-hum.  The cover e-mail is dated September 10, 2014.

9          Did Mr. Montgomery send this timeline to you on that

10    date?                                                             09:33:56

11    A.  I would assume if that's what the header is, that's how he

12    sent it.

13          MR. YOUNG:  Your Honor, I move for the admission of

14    Exhibit 2963.

15          MR. MASTERSON:  Objection, foundation, relevance,          09:34:06

16    hearsay, 403, and again, there's some redaction issues here.

17          MR. YOUNG:  Again, we'll submit a redacted version of

18    this exhibit removing the phone numbers of Sheriff Arpaio and

19    Chief Sheridan.

20          THE COURT:  All right.  Then you're going to have to       09:34:25

21    mark it 2963A.  Admit 2963A.  I'm going to overrule all the

22    objections except for the agreed-upon redactions in 2963A

23    reflecting the redactions that you've just agreed to will be

24    admitted.

25          (Exhibit No. 2963A is admitted into evidence.)            09:34:52

1                MR. YOUNG:  Thank you, Your Honor.

2     BY MR. YOUNG:

3     Q.  Mr. Montgomery says to you on September 10, 2014, when he

4     sends you this timeline:  "Here it is."

5                Do you see that?                                      09:34:59

6     A.  Yes, sir.

7     Q.  You had discussed this with him before he sent it, correct?

8     A.  There was most likely telephone conversation in between all

9     these e-mails.

10    Q.  So when he e-mailed it to you, it wasn't a surprise to you,   09:35:11

11    is that right?

12    A.  No, he probably told me he did it.

13    Q.  Do you remember anything else being said in the

14    conversation in which he told you that he had done this

15    timeline and was going to send it to you?                         09:35:29

16               MR. MASTERSON:  Objection, hearsay.

17               THE COURT:  Overruled.  He merely asked him if he

18    remembered anything else.

19               THE WITNESS:  No, sir, I don't.

20    BY MR. YOUNG:                                                     09:35:52

21    Q.  Let's now look at Exhibit 2983.

22               Do you have Exhibit 2983 in front of you?

23    A.  Yes, sir.

24    Q.  That's an e-mail exchange that you had with

25    Detective Mackiewicz on October 28, 2014, correct?               09:36:13

 1   A.  Yes, sir.

 2           MR. YOUNG:  I move for the admission of Exhibit 2983.

 3           MR. MASTERSON:  Objection, relevance, hearsay, 403.

 4           THE COURT:  Overruled.  Exhibit 2983 is admitted.

 5           (Exhibit No. 2983 is admitted into evidence.)          09:36:36

 6   BY MR. YOUNG:

 7   Q.  So by this time, October 2014, if you look at the bottom of

 8   the e-mail, I take it that Mr. Montgomery and Mr. Blixseth were

 9   not on good terms then, is that correct?

10   A.  That's an understatement, sir.                            09:36:57

11   Q.  And then he says something about reverse engineering the

12   code.  What was he talking about, in your understanding?

13   A.  I'm not sure I even know, sir.  Mr. Montgomery would

14   exhibit these kind of paranoid behaviors and start accusing us

15   of doing things.  I believe at one point in time, according to  09:37:35

16   him -- actually, I think it was reported in the media -- the

17   federal government had sent a software package that he had

18   created to some French company, and they reverse engineered it

19   and said it didn't work, which Montgomery's always maintained

20   it worked.                                                    09:37:55

21           So I don't really know what he was talking about at

22   that point.  That was -- that would happen quite frequently.

23   Q.  Well, Mr. -- sorry, Detective Mackiewicz wrote to you at

24   7:32 p.m. about a threat that at least he perceived.

25           Do you see that?                                      09:38:13

Zullo - RDX Young, 11/13/15 Evidentiary Hearing    4527

1    A.  Yes, sir.

2    Q.  What was your understanding of -- well, and then you

3    responded that you knew?

4    A.  Yeah.

5    Q.  What sort of threat were you and he discussing?          09:38:23

6    A.  Sir, for the life of me, I can't tell you.  There were so

7    many instances like this where Mr. Montgomery would lash out

8    and level false accusations, I can't tell you.

9    Q.  Were you and Detective Mackiewicz talking about a threat

10   that Mr. Montgomery was making to stop working with you?     09:38:39

11   A.  Oh, I don't -- I don't think that would be it, no.

12   Q.  Well, in his e-mail down at the bottom of the exhibit,

13   Mr. Montgomery said, quote, "Obviously, you have no need of my

14   services," end quote.

15        What was he talking about there, in your               09:38:58

16   understanding?

17   A.  Mr. Montgomery's the type of individual that when he gets

18   angry with you, he likes to take his toys and leave the

19   playground.  This is his type of control.

20   Q.  Now, let's go back to Exhibit 2074A.  I think you said   09:39:15

21   yesterday that you had seen this before.

22        Can you tell me what context, or how and when you saw

23   it?

24   A.  I believe this timeline was created by Mr. Montgomery, and

25   it was in the morning of one of the first few days we were    09:39:47

1   there he presented this to us, telling us that he had this

2   information, or whatever he was saying.  That was the first

3   time I saw it.

4   Q.  Now, in the unredacted version of this sheet, the

5   cell phone numbers of Chief Sheridan and Sheriff Arpaio appear.     09:40:05

6         Do you know how Mr. Montgomery got those numbers?

7   A.  Are you talking about this bottom number?  'Cause I don't

8   even know whose number that is.

9   Q.  Well, I'll represent to you in the middle of the page --

10  A.  Oh, okay.     09:40:22

11  Q.  -- where it says "DOJ wiretap," and then there are --

12  A.  Yeah.

13  Q.  -- two numbers, the copy you're looking at on the screen

14  may not show this, but there used to be two phone numbers

15  there.     09:40:32

16  A.  Yes, I remember now, sir.

17  Q.  Okay.  Do you know where Mr. Montgomery got those phone

18  numbers?

19  A.  No.  That was the fascinating thing about this, is he

20  pulled up a block of telephone numbers that belonged to the     09:40:39

21  Sheriff's Office.

22  Q.  Okay.  Did you give those numbers to Mr. Montgomery?

23  A.  No, I didn't even know those cell phone numbers.

24  Q.  So Mr. Montgomery showed you this page at some point,

25  the --     09:40:55

1    A.  Yes.

2    Q.  -- during the first visit to you?

3    A.  Oh, yes.

4    Q.  What did you and he discuss about it?

5           MR. MASTERSON:  Objection, hearsay.                    09:41:10

6           THE COURT:  Overruled.

7           THE WITNESS:  If this is the same document that I

8    recall, I believe, after looking at this, I conferred with

9    Detective Mackiewicz, and we thought the best thing to do with

10   this thing was to fax it over to Sheriff Arpaio and Chief      09:41:25

11   Sheridan.  I think that's what we did with this one.

12   BY MR. YOUNG:

13   Q.  So you asked Mr. Montgomery to fax it to Sheriff Arpaio?

14   A.  Yes.

15   Q.  Did you and Sheriff Arpaio then discuss this document?     09:41:37

16   A.  Probably later on, a little bit on the phone.  We didn't

17   know, really, what to make of it.  We didn't know how he got

18   this.  We had more discussions about this when we got back into

19   town.

20   Q.  Please tell me what you discussed with Sheriff Arpaio or   09:41:58

21   Chief Sheridan with respect to this document at any time.

22   A.  Basically, we didn't know how he acquired this information.

23   He was representing to us that this information would have been

24   in the drives that he had from when he was a contractor working

25   for the government.                                            09:42:16

 1          We weren't there when he came up with this, we didn't

 2   attempt to verify any of it, with the exception of the

 3   cell phone numbers belonging to the Sheriff's Office.  That was

 4   pretty easy for us to figure out.

 5   Q.  Okay.  Did Sheriff Arpaio or Chief Sheridan ask you to look          09:42:29

 6   further into any of the issues raised by this document?

 7   A.  I don't believe they were asking us to look further into

 8   it.  Montgomery was processing information, so our objective

 9   there was to relieve him of as much information as he was going

10   to process for us.  So I don't believe there was any direction,          09:42:52

11   to my recollection.

12   Q.  Now, there's a fax number at the bottom of that page.

13          Did you provide that fax number to Mr. Montgomery so

14   he could send it to Sheriff Arpaio?

15   A.  If that's a fax number, most likely, yeah.                           09:43:08

16   Q.  So Mr. Montgomery didn't find the fax number on his own?

17   A.  No.  I don't know.  He probably could have, I don't know.

18   Q.  Now, you mentioned some flowcharts that had been given to

19   Judge Lamberth, and I'm going to show you Exhibit 2072.

20          Do you have that in front of you in paper form?                   09:43:52

21   A.  Yes, I'm looking at it here.

22   Q.  Please take a look at Exhibit 2072, and my question is:

23   How much of that information was provided to Judge Lamberth?

24   A.  Mr. Montgomery brought information with him; we didn't

25   bring any information with us.  I think I recall seeing the              09:44:17

 1   flowchart being handed; I don't know about any other

 2   information.

 3   Q.  What do you mean when you say "flowchart"?

 4   A.  The thing that's up on my screen right now.

 5   Q.  Okay.  So that's page MELC199933?  In the bottom right-hand   09:44:31

 6   corner it has a red 6 --

 7   A.  Oh, I'm sorry.  Yes.  Yes, it is.

 8   Q.  Okay.  It's a little hard to read on the screen, but it may

 9   be easier to read on the paper version.

10          You see in the upper right-hand corner there's a   09:44:56

11   reference to DOJ wiretap in the second box from the top?

12   A.  Yes, sir.

13   Q.  And it says underneath that in yellow font "G. Murray Snow

14   orders," or --

15   A.  Yes, sir, I see that.   09:45:16

16   Q.  Okay.  Did you discuss -- I think it says "orders" -- yes.

17          Did you discuss that aspect of this flowchart with

18   Judge Lamberth?

19   A.  No, sir.

20   Q.  Was there any mention of any alleged wiretap ordered by   09:45:30

21   Judge Snow in any of your discussions with Judge Lamberth?

22   A.  No, sir.  There -- I think if that conversation came up,

23   that would have been a pretty big red flag.  I don't believe

24   Judge Snow was ordering wiretaps.

25   Q.  Well, you knew that -- I mean, you had this information   09:45:51

1    yourself that Mr. Montgomery handed to Judge Lamberth, is that

2    right?  You had seen this before.

3    A.  Yeah, um-hum.

4    Q.  What was your understanding of why -- well, strike this.

5            Was there any discussion of the reason that                09:46:16

6    Mr. Montgomery's giving this information to Judge Lamberth?

7    Any of the information that's on this flowchart, not just the

8    wiretap reference, but any of it.

9    A.  Mr. Montgomery, from what we were able to verify, tried to

10   become a whistle-blower regarding his government issues I         09:46:32

11   believe it was either 14 or 18 different times.  Whatever he

12   was going to bring to Judge Lamberth I'm sure was going to be

13   that same type of information.  If this was something in his

14   reservoir of information, I guess he brought it.

15   Q.  Did you say anything to Judge Lamberth about any of the        09:46:56

16   information that's on this flowchart?

17   A.  I believe we had advised the judge that none of this had

18   been corroborated by us.

19   Q.  Okay.  Was there any other discussion with Judge Lamberth

20   about any of the information on this flowchart?                    09:47:10

21   A.  No, sir.

22   Q.  At some later point you came to the realization that you

23   could not verify any of the information on this flowchart,

24   correct?

25   A.  No.  We did not have any authority to try to verify any        09:47:26

1  information on this flowchart.

2  Q.  Did you at any time ever tell Judge Lamberth that any of

3  the information on the flowchart was incorrect?

4  A.  No, sir.

5  Q.  How many meetings with Judge Lamberth did you participate      09:47:47

6  in?

7  A.  There were three.

8  Q.  And when did those happen?

9  A.  I believe two were in the month of August, I -- either

10  August or September.  And one would have been a few weeks prior    09:48:09

11  to that of '14 -- I don't have exact dates.

12  Q.  Did you ever communicate again with Judge Lamberth, or to

13  your knowledge, did Detective Mackiewicz, or anyone else at the

14  MCSO, ever communicate with Judge Lamberth with respect to

15  Mr. Montgomery at any time after September 2014?                   09:48:30

16  A.  No, sir.

17  Q.  Let's look at Exhibit 2960.  Now, we looked at this briefly

18  yesterday.  This July 8, 2014 e-mail string shows that

19  Mr. Montgomery was talking to you about Travis Anglin and what

20  Sergeant Anglin had told Mr. Montgomery to do, correct?           09:49:25

21  A.  This was what -- what would have happened outside of my

22  presence, yeah, he's telling me that this is what happened.

23  Q.  You mentioned that you were gone from February to May, or

24  something like that?

25  A.  February to I believe almost the end of July.                 09:49:40

1    Q.  During that time you were not communicating with

2    Mr. Montgomery?

3    A.  I was communicating with Mr. Montgomery, but I wasn't

4    physically present --

5    Q.  I see.                                                          09:49:51

6    A.  -- during those months.

7    Q.  Okay.  Was Sergeant Anglin physically present there, in

8    your understanding?

9    A.  My understanding.

10   Q.  Okay.  So during the time that you were not in Seattle,        09:50:00

11   Mr. Montgomery was talking to Sergeant Anglin without you being

12   there, is that right?

13   A.  Yes, sir.

14   Q.  So at some point in July, you started to catch up with

15   Mr. Montgomery on what he'd been hearing from Sergeant Anglin,     09:50:15

16   is that correct?

17   A.  I don't know if that's the way it went, sir.  This was kind

18   of strange to me.  Going back, you have that audiotape of when

19   I was there in April, I believe it was, and he started to bring

20   this up all over again.  And when he wrote this out to me, it     09:50:34

21   started to look like some contradictions to what he actually

22   told me in April.

23         I don't know -- I don't know anything, really, about

24   this.  I don't know if this is real; I don't know if it's half

25   real; I don't know what this is.  This is what he was just        09:50:49

1    complaining about.  And like I said earlier, it's not unusual

2    for Mr. Montgomery, if he's upset with you, to start doing

3    things like this.  It's happened in the past.

4    Q.  What had he told you in April that this somehow

5    contradicted?                                                09:51:06

6    A.  I believe he's talking about Travis told me that Sheridan

7    wanted to take info on Judge Snow and told me to dump it, which

8    I did.  That's a contradiction to what he told me in April,

9    where he tried to tell me that he was working on this

10   information and had this information.  Now he's telling me that  09:51:24

11   he was told to dump it.

12           If you listen to the tape in April, he says he never

13   did anything to obtain that information.  It's a contradiction.

14   This is -- this is the kind of stuff that we would go through.

15   Q.  Well, he could have gotten something between April and July  09:51:39

16   and then dumped it, is that right?

17           MR. MASTERSON:  Objection, foundation, speculation.

18           MR. YOUNG:  Yeah, I'll withdraw that question.

19   BY MR. YOUNG:

20   Q.  So did Sergeant Anglin not want Mr. Montgomery to do       09:51:51

21   anything with respect to Judge Snow, in your knowledge?

22           MR. MASTERSON:  Objection, foundation.

23   BY MR. YOUNG:

24   Q.  Do you know one way or the other whether Sergeant Anglin

25   had a view on that question of whether Mr. Montgomery should be  09:52:09

 1   working on anything with respect to Judge Snow?

 2   A.  My understanding, up until the time I wasn't part of this,

 3   was that we were to do nothing on Judge Snow, with the

 4   exception of keep pressing the informant to provide

 5   Judge Snow's sensitive information like he said, from the very          09:52:26

 6   beginning.  Other than that, we had a completely hands-off

 7   anything to do with the judge.

 8   Q.  In response to Mr. Montgomery's e-mail at 9:06 a.m. on July

 9   8, you sent Mr. Montgomery a series of questions, correct?

10   A.  Yes, sir.                                                          09:52:45

11   Q.  Okay.  Did you ever get answers to any of those questions?

12   A.  I don't believe so, sir.

13   Q.  Okay.  Did you ever find out from any source any of the

14   answers to your questions that you asked to Mr. Montgomery

15   about what Sergeant Anglin had told Mr. Montgomery, et cetera?          09:53:05

16   A.  Well, the only thing that I knew to be accurate was Chief

17   Sheridan didn't want to do anything with that flowchart or

18   those lists of telephone numbers and whatever he had, because

19   when this information was first presented, the first thing the

20   chief said at the table was:  We're not going down this road,          09:53:26

21   'cause this judge will think that we're retaliating against

22   him.  We're not going there.  And that was bad.  So I know that

23   to be accurate.  Everything else about --

24   Q.  Excuse me.  Did Sheriff Arpaio ever say that to you?

25   A.  Yes, actually, he did.                                             09:53:40

1   Q.  Okay.

2   A.  Twice.

3   Q.  Okay.  When?

4   A.  At that same meeting he said it to me.  He goes:  We're not

5   going down here.  We're not going to do this.  And then he was          09:53:50

6   walking me out to the elevator and he wanted to make sure I

7   completely understood that we're not going anywhere near this.

8   Q.  I'm sorry, I interrupted your answer.

9   A.  Yeah, you interrupt -- I don't even know what I was --

10  Q.  Well, if you remember anything about what you were going to      09:54:09

11  say, please let me know.

12  A.  Oh, I'm sorry.  I do remember.  I was telling you that was

13  about the only thing on here that I knew was true.  I don't

14  know about anything else.

15  Q.  Well, you were interested in knowing why Sergeant Anglin        09:54:21

16  had told -- well, you were interested in the answers to these

17  questions, right?

18  A.  Yes, sir.

19  Q.  Okay.  Why were you interested in the answers to your

20  questions?                                                          09:54:38

21  A.  Because I wanted him to answer those questions so I could

22  see if there was any validity to what he was saying.

23  Q.  At this time, July 8, 2014, was Mr. Montgomery working on

24  the banking investigation information relating to Judge Snow,

25  in your knowledge and understanding?                                09:55:04

1  A.  I don't believe so, sir.

2  Q.  When did Mr. Montgomery start working on any information

3  relating to Judge Snow in the course of the banking identity

4  theft investigation?

5  A.  I don't truly believe he ever did.                    09:55:21

6  Q.  Well, what was your understanding as to when that began?

7  A.  That would have been within those first few days that we

8  were there where he identified the IRS and breach of the

9  judge's banking information.  He represented that he had that

10  information because that information comes up whenever        09:55:39

11  something was breached in that time frame, in that snapshot of

12  time, it should be on one of the drives that he's got out of

13  the 425.

14  Q.  Did Sheriff Arpaio or Chief Sheridan ever tell you, or

15  anyone else, to stop searching for that information relating to  09:55:55

16  the banking investigation?

17  A.  No, sir.

18        Sir, if I can clarify, you keep referring to "banking

19  information."  I don't know what you've heard prior.  I don't

20  know if the information pertaining to the judge in the banking  09:56:22

21  information that you're referring to are both the same things.

22  Q.  Well, what information were you and are you referring to

23  with respect to Judge Snow as a victim?

24  A.  It would have been his bank account, bank account balances,

25  dates, possibly transactions, passwords.  I don't -- I've never  09:56:44

1    seen any of that.

2    Q.  You mentioned IRS investigation?

3    A.  That would be something else that we have never seen, other

4    than what the computer indicates, IRS information was taken.

5    Q.  Well, you -- you believe that if Mr. Montgomery could show     09:57:00

6    access to Judge Snow's IRS information, that would also be a

7    situation where he would be potentially a victim, correct?

8    A.  My God, yes.

9    Q.  And that was something that you were trying to get

10   Mr. Montgomery to help look into?                                 09:57:20

11   A.  I don't believe I was asking him to help look into it.  He

12   represented to us that he had it; we were trying to get it.

13   Q.  Let's look at Exhibit 2090.  Now, at 6:41 p.m.

14   Mr. Montgomery refers to processing some data.

15          You see that at the bottom of the e-mail string?          09:57:54

16   A.  Yes, sir.

17   Q.  Okay.  And then there's some discussion of the contempt

18   proceeding in this case, correct?  At 6:21 p.m., you wrote an

19   e-mail to Mr. Montgomery in which you refer to the contempt

20   charge that was then possibly pending in this case, correct?      09:58:22

21   A.  I have to see it.  I don't remember.

22   Q.  Okay.  Well, let's look at page 223.

23          MR. YOUNG:  And actually, Your Honor, this exhibit has

24   been published.  May we -- has been admitted.

25          May we publish it?                                         09:58:40

1           THE COURT:  You may.

2   BY MR. YOUNG:

3   Q.  So let me start over again, just to make sure we're all

4   together, since I think I may have not been coordinated with

5   the screen.                                          09:58:50

6   A.  Okay.

7   Q.  So if we go to the end of the exhibit -- and we'll have

8   Mr. Klein go to the end of the exhibit -- you see there a

9   reference to an article to which Mr. Montgomery sent you a link

10  relating to -- well, I'll just read the title:  Quote, "Lawyers  09:59:04

11  for Arizona Sheriff Joe Arpaio hope to dodge contempt charges

12  in" -- and then -- and I think it refers to racial profiling

13  case, but you see that reference there, that page?

14  A.  Yes, I do.

15  Q.  So that was an article that Mr. Montgomery sent to you,   09:59:21

16  correct?

17  A.  Yes, sir.

18  Q.  Okay.  And then he asked you, quote, "Why keep processing

19  the data, then?" end quote.

20          You see that?                                09:59:36

21  A.  Yes, sir.

22  Q.  And then he says to you that it would seem that it would

23  upset the judge more if the work was ever disclosed.

24          Do you see that?

25  A.  Yes, sir.                                        09:59:44

1    Q.  Okay.  And then at the beginning of that e-mail -- so we

2    can go to the second page of the exhibit, 2090 --

3    Mr. Montgomery says to you:  It looks like Arpaio is trying to

4    solve his differences with Judge Snow.

5              Do you see that?                                    10:00:03

6    A.  Yes, sir.

7    Q.  Okay.  And then up above, at 5:46 p.m. on February 2, you

8    responded to Mr. Montgomery, "I'm sure he is," is that right?

9    A.  Yes, sir.

10   Q.  Then his response to you is a question about whether      10:00:19

11   Sheriff Arpaio was solving his differences with Judge Snow.

12             You see that?

13   A.  Yes, sir.

14   Q.  At 7:13 p.m.?

15   A.  Yes, sir.                                                 10:00:32

16   Q.  And then at 6:21 p.m. -- and there's probably a time zone

17   difference here that accounts for the dates, the time stamp,

18   but you respond to that, and basically you tell -- and I'm

19   paraphrasing broadly here -- you tell Mr. Montgomery that you

20   don't think that the contempt charge is going to be resolved. 10:00:52

21   A.  Yes, sir.

22   Q.  Okay.  Then at 7:29 p.m., up at the top of the second page

23   of the exhibit, Mr. Montgomery says:  All right.  He now

24   understands.  And then he asks you a question, which is whether

25   you wanted him to continue processing the data, or should he   10:01:15

1   just assume -- or assume just the BC.

2         Do you see that?

3   A.  Yes, sir.

4   Q.  "The BC" is the birth certificate, correct?

5   A.  Yes, sir.                                        10:01:28

6   Q.  So he was helping you with that?

7   A.  Yes, sir.

8   Q.  That was one of the things he was helping you with?

9   A.  Yes, sir.

10  Q.  The other thing he was helping you with was something   10:01:32

11  relating to data, is that right?

12  A.  Yes, sir.

13  Q.  And that data related to the investigation of the banking

14  information that we discussed earlier, is that correct?

15  A.  No, sir.                                          10:01:50

16  Q.  Okay.  What did it relate to?

17  A.  I think this goes back to the data mining.  Data mining was

18  where he told us or represented to us that he could have voice

19  of anything that was wiretapped.  So I believe that that's what

20  he was referring to.                                 10:02:04

21         Also, if you look at this e-mail chain, which there

22  are, I'm sure, out of the 700 and some odd that were provided,

23  Mr. Montgomery would try to use any opportunity he could to

24  stop doing something that we were pressing him for.  And when

25  he would represent something, we started to hold his feet to   10:02:18

1    the fire, and whatever excuse he could, he tried to get out of

2    doing it, or change course, or change direction.  And I think a

3    lot of that is what you see here.

4    Q.  Then at the bottom of the first page having the Bates

5    number 222, you respond to Mr. Montgomery by saying that          10:02:38

6    Mr. Montgomery should first work on the birth certificate,

7    right?

8    A.  Yes, sir.

9    Q.  Okay.  And then work on the data, is that right?

10   A.  Yes, sir.                                                     10:02:54

11   Q.  You said, quote, "BC to get sheriff back," end quote.

12          What did you mean by that?

13   A.  Mr. Montgomery had been promising us the software that he

14   was developing for us, and he never produced that, either.  Not

15   in its entirety.  There was portions of it that he was           10:03:10

16   constructing, and they did look valid.

17   Q.  That was software to help you in the birth certificate --

18   A.  Yes.

19   Q.  -- investigation?

20   A.  And I believe in this point, in February, we were not        10:03:21

21   paying him at all since October; he was trying to get back into

22   the game with us; and what I wanted from him is I wanted him to

23   build me something that I could say worked and that he created

24   it.  We had nothing verifiable from him.  So that was the whole

25   push to get him to build that software.                          10:03:43

Zullo - RDX Young, 11/13/15 Evidentiary Hearing      4544

1   Q.  Then at 8:46 p.m., Mr. Montgomery tells you about some

2   PDF-related software, is that right?

3   A.  Yes.

4   Q.  And that's on the birth certificate issue?

5   A.  Yes, sir.                                           10:04:07

6   Q.  And then you write back to him about the plan which you say

7   is going to, quote, "kill two birds with one stone," end quote?

8   A.  Yes, sir.

9   Q.  Okay.  Did either of those birds have anything to do with

10  Judge Snow?                                             10:04:25

11  A.  No, sir.

12  Q.  Okay.  Why didn't you say that to Mr. Montgomery?

13  A.  I probably was thinking of something to do to try to help

14  him along, to put him back on track to get him to produce

15  something; I don't even remember what that was.         10:04:38

16  Q.  Well, the strong implication of this e-mail string is that

17  at least Mr. Montgomery thought that the data he was working on

18  wouldn't be useful if the contempt charge was resolved.

19          MR. MASTERSON:  Objection, foundation, and counsel's

20  testifying as to Mr. Montgomery's thoughts.             10:04:57

21          MR. YOUNG:  I haven't asked my question yet, Your

22  Honor.

23          THE COURT:  There hasn't been a question.  There's no

24  question pending.

25  BY MR. YOUNG:                                           10:05:06

1    Q.  Did you ever discuss that issue with Mr. Montgomery?

2    A.  Could you repeat that?

3    Q.  Yeah.  I'll ask another slightly different question.

4          Did you ever discuss with Mr. Montgomery any thought

5    that any of the data work he was doing might not be useful any     10:05:18

6    more if the contempt charge was resolved?

7    A.  No, sir.  Again, it's what Mr. Montgomery does to try to

8    avoid having to do something.  You have to keep in mind he was

9    not being compensated for anything at this point.  So anything

10   he could do to get away with it, any garbage he could throw in     10:05:36

11   the -- in the cogs, he would do.

12         That made no sense to me.  I don't know what he was

13   talking about.  But he would take any opportunity to conflate

14   things and put them together so he didn't have to produce.

15   Q.  So you were just trying to get him to keep working for you,     10:05:54

16   is that right?

17   A.  Yeah.  He was on his own at this point, and as long as I

18   was monitoring him and his activities, I was going to keep

19   pressing him to produce something for us.

20   Q.  Was Mr. Montgomery, in February 2015, still -- or were you      10:06:09

21   trying to get him still to provide information relevant to the

22   investigation of the banking identity theft issue?

23   A.  I'm not so sure that's what it was.  The data mining and

24   producing those voice packets; that would have been pretty

25   compelling if he had it.  I think that's what we were more         10:06:36

1    focused on.

2    Q.  Did you ever tell Mr. Montgomery to stop working on the

3    banking identity theft issues?

4    A.  There may be -- there may have been -- come a point in time

5    where I said:  Don't even worry about this any more.  I don't          10:06:54

6    remember.

7    Q.  Going back to your 6:21 p.m. e-mail on February 2nd, which

8    is the top part of the second page of Exhibit 2096, you told

9    Mr. Montgomery, quote, "I think they're looking to get rid of

10   this bullshit contempt charge."                                        10:07:23

11           Do you see that?

12   A.  Yes, sir.

13   Q.  You thought that the contempt charge would not be going

14   away at that point, is that right?

15   A.  No, sir.                                                           10:07:40

16   Q.  What do you mean by "No, sir"?

17   A.  No, sir, I didn't think it was going to go away.

18   Q.  And the guy that you're referring to in that e-mail who is

19   never going to leave the sheriff alone, that's Judge Snow?

20   A.  Yes, sir.                                                         10:07:56

21   Q.  Okay.  In February 2015, at the time that you wrote this

22   set of e-mails to Mr. Montgomery, did you still think of

23   Judge Snow as potentially a victim of identity theft and

24   invasion of banking information?

25   A.  I believe till today he's still a victim of identity theft.      10:08:41

1   Q.  Did you ever stop your efforts to investigate that

2   potential crime?

3   A.   Identity theft?

4   Q.  As to Judge Snow, yes.  And anyone else.

5   A.  Well, we were told not to investigate anything on          10:08:55

6   Judge Snow, so we didn't pursue it.

7   Q.  How about the banking investigation as a general matter, is

8   that still going on?

9   A.  Not to my knowledge.

10  Q.  Is that because you realize that you couldn't verify any of   10:09:09

11  the information that Mr. Montgomery had provided?

12  A.  No, it's not my call.

13  Q.  Okay.  Whose call was it?

14  A.  It would have to be at this point in time it's either

15  Detective Sergeant Anglin or Brian Mackiewicz.             10:09:23

16  Q.  Well, I'll tell you that both of them have testified that

17  they're not working on at least any investigation involving

18  Mr. Montgomery.  To your knowledge, are they still working on

19  some other aspect of the banking investigation?

20  A.  No, sir.  I don't have any knowledge of that.           10:09:42

21  Q.  How about yourself?

22  A.  No, sir.  No.

23  Q.  Let's now look at Exhibit 2273.  At the bottom of that

24  e-mail, which you wrote on February 11 at 11:45 a.m., you asked

25  for some information from Mr. Montgomery, which was whether he   10:10:24

1    was going to follow through and finish the work that he had

2    told you he was going to do back in January.

3              Do you see that?

4    A.  Yes, sir.

5    Q.  What was the work that he had told you he was going to do     10:10:38

6    back in January?

7    A.  It has to be the data mining packages for the sheriff's

8    voice.  Because according to him, that was going to prove his

9    alleged wiretaps.

10   Q.  This is the wiretap that's referred to in the flowchart     10:10:56

11   that we looked at earlier?

12   A.  I would assume, yeah.

13   Q.  Did any of the work that you discussed with Mr. Montgomery

14   in January relate to the banking identity theft investigation?

15   A.  I don't believe so.     10:11:11

16   Q.  We listened to some recordings yesterday of the October

17   2013 involving Mr. Blixseth and Sheriff Arpaio, Exhibits 2977

18   and 2978.  Do you recall that?

19   A.  Yes, sir.

20   Q.  Just to clarify, did you yourself use some machinery to     10:11:36

21   record that meeting?

22   A.  Yeah, I think you actually told me I used my iPhone.

23   Q.  Okay.  And that is what happened?

24   A.  Yes.

25   Q.  Did you tell the other people in that meeting that you were     10:11:51

1   recording that meeting?

2           MR. MASTERSON:  Objection, relevance.

3           THE COURT:  Overruled.

4           THE WITNESS:  I took my phone after I picked up

5   Mr. Blixseth from the airport as we walked in.  As we were          10:12:03

6   driving, he was telling me this whole tale, this was going to

7   be very involved.

8           As we sat down I took my phone, I motioned it.  I

9   think -- I think Brian, and I know the sheriff saw it, but the

10  sheriff, I didn't realize he wouldn't know what this meant.  I      10:12:22

11  took the phone and I put it down.  That was the extent of that.

12  BY MR. YOUNG:

13  Q.  All right.  So by your motion, you indicated to

14  Detective Mackiewicz that you were recording the meeting, is

15  that right?                                                          10:12:35

16  A.  Yeah, but I don't know if he actually picked up on that.

17  Q.  All right.  Well, aside from wiggling your phone --

18  A.  That was it.  And then after it was over, I let them know

19  that I had the recording.

20  Q.  Okay.  So not during the meeting, but only after the            10:12:48

21  meeting did you say to anyone that you were re -- had recorded

22  the meeting.

23  A.  The meeting was going on, so I wasn't going to stand up and

24  go, Hey, I'm recording you.

25  Q.  So the things that Detective Mackiewicz and Sheriff Arpaio      10:13:01

1    and Mr. Blixseth said during those recordings were things that,

2    to your knowledge, they said without knowing that you were

3    recording the meeting, is that right?

4    A.  I don't think they would have picked up on it if they

5    didn't realize what that meant.                              10:13:16

6    Q.  Okay.  Did you ever tell Mr. Blixseth that you had recorded

7    the meeting?

8    A.  No, sir.

9    Q.  Did Sheriff Arpaio respond or react to you in any way after

10   you told him that you recorded the meeting?                  10:13:31

11   A.  No.  Actually, we kind of had a joke.  He didn't know what

12   that was, so -- when I put the phone down, so -- I think

13   somebody said, The sheriff's phone doesn't work like that.  I

14   don't remember how that went, but...

15   Q.  How about the discussions -- and there were several of     10:13:44

16   them; you can differentiate if you want, or I can ask you

17   separately as to each of them -- with Mr. Montgomery?

18         Did you inform Mr. Montgomery you were recording your

19   conversations with him?

20         MR. MASTERSON:  Objection, relevance.                    10:14:03

21         THE COURT:  Overruled.

22         THE WITNESS:  Mr. Montgomery was told when we went up

23   there that there would be intermittent times that we would be

24   recording some of the stuff that he was telling us or showing

25   us for our own edification, so we could go back and try to     10:14:15

1    digest it.

2         As to particular times if there's video there, you'd

3    see me with the camera, he knew I was videoing.  Sometimes if I

4    was recording I'd actually take my phone and I would hook my

5    phone up on the desk that he was speaking from.                    10:14:33

6    BY MR. YOUNG:

7    Q.  How about the phone conversation that we listened to part

8    of for most of yesterday with Mr. Montgomery, did you tell him

9    that you were recording that phone conversation?

10   A.  No, that's when I was back in Arizona.                         10:14:45

11         MR. MASTERSON:  Objection, relevance.

12         THE COURT:  Overruled.

13         THE WITNESS:  That's when I was back in Arizona.  I

14   didn't tell him.

15   BY MR. YOUNG:                                                      10:14:54

16   Q.  Over the lunch period yesterday, did you talk to anyone

17   about whether you should continue to invoke the Fifth

18   Amendment, to refuse to answer questions?

19   A.  I don't recall that.

20   Q.  Okay.  Did you have any discussion with anyone at any point   10:15:12

21   yesterday, aside from Judge Snow, about whether you should or

22   should not invoke the Fifth Amendment?

23   A.  Yeah, my wife.

24   Q.  No one else?

25   A.  I don't recall having any conversation.  I think I ate        10:15:31

1    lunch by myself.

2    Q.  Let's turn to Exhibit 2975.  Do you recognize Exhibit 2975?

3    A.  Oh, I most certainly do.

4    Q.  I'm sorry?

5    A.  I most certainly do.                                          10:16:02

6    Q.  Okay.  Exhibit 2975 is an e-mail exchange that you had with

7    Brian Mackiewicz on August 20, 2013, correct?

8    A.  Yes.

9           MR. YOUNG:  Your Honor, I move for the admission of

10   Exhibit 2975.                                                     10:16:20

11          MR. MASTERSON:  I'm looking at something else on the

12   screen.  Are we talking about -- Oh, oh.  I'm sorry.

13          No objection.

14          THE COURT:  Exhibit 2975 is admitted.

15          (Exhibit No. 2975 is admitted into evidence.)             10:16:40

16   BY MR. YOUNG:

17   Q.  Now, on August 20 you sent Mr. -- Detective Mackiewicz a

18   screenshot of a footnote of a brief filed in this case that

19   mentioned various criminal laws that possibly could have been

20   violated during the course of the Montgomery investigation,      10:16:59

21   correct?

22   A.  Yes.

23   Q.  Why did you send that to Detective Mackiewicz?

24   A.  Because I couldn't believe that.

25   Q.  Anything else?                                                10:17:12

1    A.  I couldn't believe it.

2    Q.  And then Detective Mackiewicz --

3          MR. YOUNG:  And may we publish this exhibit, Your

4    Honor?

5          THE COURT:  You may.                              10:17:24

6    BY MR. YOUNG:

7    Q.  Then Detective Mackiewicz wrote back to you, quote:  "God,

8    I love you, bro.  LOL.  Think that says it all!" exclamation

9    point, end quote.  You see that?

10   A.  Yes, I do.                                          10:17:44

11   Q.  Did you respond to Detective Mackiewicz further?

12   A.  I don't think so.

13   Q.  Did you have any disagreement with his sentiment there?

14   A.  I kind of hope he doesn't love me, but, no --

15         MR. MASTERSON:  Objection.                        10:17:55

16   A.  -- I mean, it's whatever it is.

17         MR. MASTERSON:  Withdrawn.

18         MR. YOUNG:  Your Honor, at this -- well, actually, I

19   do have one further questioning.

20   BY MR. YOUNG:                                           10:18:03

21   Q.  Did chief -- you had travel expenses in connection with

22   your work with Mr. Montgomery, correct?

23   A.  Yes.

24   Q.  Okay.  You traveled back and forth to Seattle, correct?

25   A.  Yes.                                                10:18:19

1   Q.  And you had lodging in Seattle, correct?

2   A.  Yes.

3   Q.  You went to Washington, D.C., three times to visit

4   Judge Lamberth, correct?

5   A.  Yes.                                                    10:18:29

6   Q.  Were those travel expenses paid for by the Sheriff's

7   Office?

8   A.  Yes.

9   Q.  Did Chief Sheridan approve the payment of those expenses?

10  A.  I wouldn't know who approves them, sir.                 10:18:40

11  Q.  Did you ever talk to Chief Sheridan about having your

12  expenses for the Montgomery work approved?

13  A.  No, sir.

14          MR. YOUNG:  Your Honor, at this time I have no further

15  questions of Mr. Zullo.  Obviously, I reserve I believe what we  10:18:55

16  discussed yesterday as additional redirect.

17          THE COURT:  Yes.

18          Cross-examination.

19          MR. MASTERSON:  No questions.

20          THE COURT:  Mr. Walker.                             10:19:22

21          MR. WALKER:  Very briefly, Your Honor.

22                    CROSS-EXAMINATION

23  BY MR. WALKER:

24  Q.  Mr. Zullo, at several points during Mr. Young's questioning

25  he referred to "Mr. Montgomery" and in your testimony you also  10:19:39

1   referred to "Mr. Montgomery."

2        Do you remember that?

3   A.  Yes, sir.

4   Q.  The Mr. Montgomery you were referring to was Dennis

5   Montgomery?                                              10:19:52

6   A.  Yes, sir.

7        MR. WALKER:  That's all I have, Your Honor.

8        MR. MURDY:  No questions, Your Honor.

9        THE COURT:  Any redirect?

10       MR. YOUNG:  No, Your Honor.                         10:20:01

11       THE COURT:  You may step down.

12       THE WITNESS:  Thank you, sir.

13       THE COURT:  Thank you.

14       Does the plaintiff have any more witnesses?

15       MS. WANG:  No, Your Honor.  Plaintiffs rest.       10:20:12

16       THE COURT:  Mr. Masterson.

17       MR. MASTERSON:  We do not have any witnesses, Judge,

18   but I have a question or two.

19       THE COURT:  Sure.  Do you mind if I see if see if --

20   and --                                                  10:20:39

21       MR. MASTERSON:  Oh.

22       THE COURT:  -- if your questions are going to require

23   that I do that before I talk to Mr. Walker --

24       MR. MASTERSON:  No.  No, go ahead and --

25       THE COURT:  Any other questions?  Or any other      10:20:47

1

2                            C E R T I F I C A T E

3

4

5

6

7           I, GARY MOLL, do hereby certify that I am duly

8    appointed and qualified to act as Official Court Reporter for

9    the United States District Court for the District of Arizona.

10          I FURTHER CERTIFY that the foregoing pages constitute

11   a full, true, and accurate transcript of all of that portion of

12   the proceedings contained herein, had in the above-entitled

13   cause on the date specified therein, and that said transcript

14   was prepared under my direction and control.

15

16

17          DATED at Phoenix, Arizona, this 14th day of November,

18   2015.

19

20

21                              s/Gary Moll

22                         _____

23

24

25